UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHY DREW KING, Regional Director of Region 29 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD<br><br>                        Petitioner<br><br>v.<br><br>AMAZON.COM SERVICES LLC<br><br>                        Respondent | PETITION FOR TEMPORARY INJUNCTION UNDER SECTION 10(J) OF THE NATIONAL LABOR RELATIONS ACT<br><br>22--CV-- |

To the Honorable Judges of the United States District Court for the Eastern District of New York:

    Comes now Kathy Drew King, Regional Director for Region 29 of the National Labor Relations Board (the Board), and petitions this Court for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended (the Act), (29 U.S.C. § 160(j)), for appropriate injunctive relief pending the disposition of the matters involved herein before the Board on the Complaint and Notice of Hearing of the General Counsel of the Board in Case No. 29-CA-261755, alleging that Amazon.com Services LLC (Respondent) has engaged in unfair labor practices in violation of Section 8(a)(1) of the Act (29 U.S.C. §158(a)(1)).

    In support of her Petition, Petitioner respectfully shows as follows:

    1.    Petitioner, the Regional Director of Region 29 of the Board, an agency of the United States Government, files this petition for and on behalf of the Board.

    2.    Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act. (29 U.S.C. § 160(j)).

1

3. On June 17, 2020, the Charging Party, Gerald Bryson (Bryson) filed an unfair labor practice charge with the Board in Case No. 29-CA-261755, alleging that Respondent suspended and subsequently discharged Bryson in violation of Section 8(a)(1) of the Act. A copy of the charge and corresponding affidavit of service is attached as Exhibit A.

4. On December 22, 2020, Petitioner issued a Complaint and Notice of Hearing (the Complaint) in Case No. 29-CA-261755, alleging that Respondent engaged in unfair labor practices within the meaning of Section 8(a)(1) of the Act. A copy of the Complaint and corresponding affidavit of service is attached as Exhibit B.

5. (a) A trial on the allegations contained in the Complaint in Case No. 29-CA-261755 was held before Administrative Law Judge Benjamin Green on various dates beginning March 29, 2021, and including May 4-5, May 10-11, May 13-14, May 17 and May 24-27, 2021, on which dates witness testimony on the merits was taken.

(b) On March 29, 2021, the Administrative Law Judge granted the General Counsel of the Board, by Petitioner's, oral motion to amend the Complaint.

6. There is reasonable cause to believe that the allegations set forth in the Complaint in Case No. 29-CA-261755, as amended, are true and that Respondent engaged in the unfair labor practices affecting commerce within the meaning of Section 8(a)(1) of the Act, as alleged therein. Specifically, there is reasonable cause to believe that Respondent suspended, discharged, and has been failing and refusing to reinstate Bryson, or offering to reinstate Bryson to his former position of employment in violation of Section 8(a)(1) of the Act. As such, Respondent is currently and actively depriving an employee of his rights guaranteed in Section 7 of the Act, such that injunctive relief is necessary. In support of this request for relief, Petitioner will show as follows:

(a) At all material times, Respondent, a Delaware limited liability company with a Fulfillment Center in Staten Island, New York (JFK8 Facility) has been engaged in providing online retail sales throughout the United States.

(b) During the past twelve-month period, which period is representative of its operations in general, Respondent, in conducting its business operations described above in subparagraph 5(a), derived gross revenues in excess of $500,000 and purchased and received at its JFK8 Facility goods valued in excess of $5,000 directly from points outside the State of New York.

(c) At all material times, Respondent has been an employment engaged in commerce within the meaning of Sections 2(2), (6), and (7) of the Act.

(d) At all material times, Tyler Grabowski held the position of Respondent's Human Resources Business Partner and has been a supervisor of Respondent within the meaning of Section 2(11) of the Act and an agent of Respondent within the meaning of Section 2(13) of the Act.

(e) On or about March 25, 2020, during Respondent's morning managers meeting, Bryson engaged in protected concerted activity by advocating, with his coworkers, for workplace health and safety protections in light of the COVID-19 pandemic and by protesting with his coworkers Respondent's failure to provide greater COVID-19 safety protections to employees.

(f) On or about March 30, 2020, during a demonstration at the JFK8 Facility, Bryson engaged in protected concerted activity by protesting with his coworkers Respondent's failure to provide greater COVID-19 safety protections to employees.

(g) On or about April 6, 2020, during a demonstration at the JFK8 Facility, Bryson engaged in protected concerted activity by protesting with coworkers Respondent's failure to provide greater COVID-19 safety protections to employees.

  (h) On or about April 10, 2020, Respondent suspended Bryson.

  (i) On or about April 17, 2020, Respondent discharged Bryson.

  (j) Since on or about April 10, 2020, Respondent has failed and refused to reinstate, or offer to reinstate, Bryson to his former position of employment.

  (k) Respondent engaged in the conduct described above in paragraphs 6(h), 6(i), and 6(j) because Bryson engaged in the conduct described above in paragraphs 6(e), 6(f), and 6(g), and to discourage employees from engaging in these or other concerted activities.

  (l) By the conduct described above in paragraphs 6(h), 6(i), and 6(j), Respondent has been interfering with, restraining and coercing employees in the exercise of rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

  (m) The unfair labor practices of Respondent, described above, affect commerce within the meaning of Sections 2(6) and (7) of the Act.

  7. (a) At the employee demonstration on March 30, 2020, Bryson became the public face of the organizing movement for improved COVID-19 health and safety practices at the JFK8 Facility.

  (b) In the time since Bryson's termination in April 2020, Respondent's employees have formed a union, the Amazon Labor Union (Union), and certain employees, including Bryson, engaged in protected union organizing activity among Respondent's employees.

  (c) On October 25, 2021, the Union filed with Region 29 of the Board a petition for a representation election in Case No. 29-RC-285057 to determine whether employees at Respondent's four Staten Island, New York facilities wished to be represented by the Union for the purposes of collective bargaining. The Union withdrew this petition on November 12, 2021, because it did not have a sufficient showing of interest to support the processing of the petition. A

copy of the petition in in Case No. 29-RC-285057 and the Order Approving Withdrawal of the Petition Without Prejudice is attached as Exhibit C.

(d) On December 22, 2021, the Union filed with Region 29 of the Board a second petition in Case No. 29-RC-288020 for a representation election to determine whether employees at a single Respondent facility in Staten Island, known as JFK8, wished to be represented by the Union. Pursuant to a stipulated election agreement entered between the Parties in Case No. 29-RC-288020 and approved by the undersigned Regional Director, an election is scheduled to be conducted by the Board on March 25 and 26 and March 28 through 30, 2022. A copy of the petition in Case No. 29-RC-288020 and the approved stipulated election agreement are attached as Exhibit D.

8. Upon information and belief, unless the aforesaid flagrant unfair labor practices are immediately enjoined, Respondent's serious flouting of the Act will continue unchecked, with the result that enforcement of important provisions of the Act and of public policy will be thwarted before Respondent can be placed under legal restraint through the regular procedures of the Board. Unless the injunctive relief is granted, it may be fairly anticipated Respondent will continue its unlawful conduct during the proceedings before the Board by continuing to unlawfully refuse to reinstate Bryson to his former position. Consequently, Respondent's employees will inevitably conclude that the Board cannot effectively protect their rights under Section 7 of the Act to engage in protected concerted activities with coworkers to improve their terms and conditions of employment, to form, join or assist labor organizations, to bargain collectively through representatives of their own choosing, or to refrain from any and all such activities, gravely undermining the Board's remedial power. It may be further fairly anticipated that by the time a

5

Board Order can be obtained against Respondent, it will not be possible to restore the status quo that existed before Respondent's unfair labor practices.

9. Upon information and belief, to avoid the serious consequences set forth above in paragraph 8, it is just, proper and appropriate for purposes of effectuating the policies of the Act, to avoid substantial irreparable and immediate harm to the national policy protecting workers' right to band together, and to avoid irreparable harm to the rights of Respondent's employees and to the public interest, in accordance with the purposes of 10(j) of the Act that Respondent be enjoined and restrained pending final disposition of the matters herein before the Board, as herein prayed.

10. No previous application has been made for the relief requested herein.

**WHEREFORE,** Petitioner prays:

That the Court issue an Order directing Respondent to appear before this Court, at a time and place fixed by the Court, and to show case, if any, why a temporary injunction should not issue enjoining and restraining Respondent, their officers, agents, representatives, employees, attorneys, successors, and assigns, and all persons acting in concert or participation with them, pending the final disposition of the matters Board, as follows:

1. Cease and desist from:

    (a) Discharging employees because they engaged in protected concerted activity;

    (b) Suspending employees because they engaged in protected concerted activities;

    (c)  In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2.  Take the following affirmative action designed to effectuate the polices of the Act:

    (a)  Within five (5) days from the date of the District Court's Order, offer, in writing, Gerald Bryson immediate reinstatement to his former position, or, if his position no longer exists, to a substantially equivalent position without prejudice to his seniority or any other rights and privileges previously enjoyed, and displacing, if necessary, any employee who has been hired or reassigned to replace him;

    (b)  Immediately rescind the unlawful suspension and discharge issued to Gerald Bryson, expunge these adverse employment actions from his employment records, and refrain from relying on the suspension and discharge in assessing any future disciplinary actions;

    (c)  Within seven (7) days from the date of the District Court's Order, the Employer shall:

      i.  Post a physical copy of the District Court's Order, including a Spanish-language version, the translation of which is to be paid for by the Employer and approved by the Regional Director of Region 29, in all breakrooms, bathrooms, and bathroom stalls at the Employer's JFK8 Facility, along the "Green Mile" corridor located at the Employer's JFK8 Facility, and in all other places where the Employer typically posts notices to its employees at

7

|      | |
|------|--|
|      | the JFK8 Facility; and, grant to agents of the Board reasonable access to its worksites to monitor compliance with this posting requirement; |
| ii.  | Distribute electronic copies, in English and Spanish, of the District Court's injunctive Order to all employees employed at the Employer's JFK8 Facility via the "Amazon A to Z" website and web application, the "Voice of Associates Board" displayed at the JFK8 Facility, Amazon Hub, and all other intranet or internet sites or apps that the Employer uses to communicate with employees; and |
| iii. | (A) Hold one or more mandatory employee meetings, on working time and at times when the Employer customarily holds employee meetings, and scheduled to ensure the widest possible employee attendance, albeit with proper physical distancing measures due to the COVID-19 pandemic, at which the Order will be read to hourly employees by a responsible Employer official in the presence of a Board agent or, at the Employer's option, by a Board agent in the presence of a responsible Employer official; at the Region's option, the Board agent's presence may be by video conference; (B) announce the meeting(s) for the Order reading in the same manner the Employer would customarily announce a meeting of employees; |

and (C) require that all hourly employees attend the meeting(s).

The Order shall be read in both English and Spanish.

(d) Within twenty (20) days of the issuance of this Order, file with the District Court and serve a copy upon the Regional Director of Region 29 of the Board, a sworn affidavit from a responsible Respondent official that describes with specificity how Respondent has complied with the terms of this decree, including the exact locations where Respondent has posted the materials required under this Order.

Dated on March 17, 2022.

_____
Kathy Drew King
Regional Director, Region 29
National Labor Relations Board
Two MetroTech Center, Suite 5100
Brooklyn, New York 11201