FORM NLRB 4338
(6-90)

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 29

AMAZON.COM SERVICES LLC

    And                                                                Case No. 29-CA-261755

GERALD BRYSON, AN INDIVIDUAL

## COMPLAINT AND NOTICE OF HEARING

This Complaint and Notice of Hearing is based on a charge filed by Gerald Bryson (Bryson or the Charging Party). It is issued pursuant to Section 10(b) of the National Labor Relations Act (the Act), 29 U.S.C. § 151 et seq., and Section 102.15 of the Rules and Regulations of the National Labor Relations Board (the Board) and alleges that Amazon.com Services LLC (Respondent) has violated the Act as described below.

1. The charge in this proceeding was filed by the Charging Party on June 17, 2020, and a copy was served on Respondent by U.S. mail on June 17, 2020.

2. (a) At all material times, Respondent, a Delaware limited liability company with a Fulfillment Center in Staten Island, New York (JFK8 Facility) has been engaged in providing online retail sales throughout the United States.

    (b) During the past twelve-month period, which period is representative of its operations in general, Respondent, in conducting its business operations described above in subparagraph 2(a), derived gross revenues in excess of $500,000 and purchased and received at its JFK8 Facility goods valued in excess of $5,000 directly from points outside the State of New York.

3. At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

4. At all material times, Tyler Grabowski held the position of Respondent's Human Resources Business Partner and has been a supervisor of Respondent within the meaning of Section 2(11) of the Act and an agent of Respondent within the meaning of Section 2(13) of the Act.

5. On or about April 6, 2020, during a demonstration at the JFK8 Facility, Bryson engaged in protected concerted activity by protesting Respondent's failure to provide greater COVID-19 safety protections to employees.

6. (a) On or about April 10, 2020, Respondent suspended Bryson.

(b) On or about April 17, 2020, Respondent discharged Bryson.

(c) Since on or about April 10, 2020, Respondent has failed and refused to reinstate, or offer to reinstate, Bryson to his former position of employment.

7. Respondent engaged in the conduct described above in paragraph 6 because Bryson engaged in the conduct described above in paragraph 5, and to discourage employees from engaging in these or other concerted activities.

8. By the conduct described above in paragraphs 6 and 7, Respondent has been interfering with, restraining and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

9. The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

As part of the remedy for the unfair labor practices alleged above in paragraphs 6 and 7, the General Counsel seeks an Order requiring Respondent to submit to the Regional Director a copy of the IRS form W-2 reflecting backpay paid to Gerald Bryson.

The General Counsel also seeks, as part of the remedy for the allegations in paragraphs 6 and 7, an Order requiring Respondent to physically post and to electronically distribute the Notice

to Employees by Respondent's intranet application "Amazon A to Z" and by its "JFK8 inSites" e-mail, in Spanish in addition to English.

The General Counsel further seeks all other relief as may be just and proper to remedy the unfair labor practices alleged.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the Complaint. The answer must be **received by this office on or before January 5, 2021 or postmarked on or before January 4, 2021**. Respondent also must serve a copy of the answer on each of the other parties.

The answer must be filed electronically through the Agency's website. To file electronically, go to www.nlrb.gov, click on **E-File Documents,** enter the NLRB Case Number, and follow the detailed instructions. Responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office. However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within

three (3) business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the Complaint are true.

Any request for an extension of time to file an answer must, pursuant to Sections 102.22 and 102.2 of the Board's Rules and Regulations, be filed electronically by the close of business on **January 5, 2021.** The request should be in writing and addressed to the Regional Director of Region 29.

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **March 29, 2021**, **at 9:30 AM,** and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board by videoconference, or in a manner and at a location otherwise ordered by the Administrative Law Judge. At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this Complaint. The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated: December 22, 2020

KATHY DREW-KING
REGIONAL DIRECTOR
NATIONAL LABOR RELATIONS BOARD
REGION 29
Two Metro Tech Center
Suite 5100
Brooklyn, NY 11201-3838

# Exhibit B, Petition for Temporary Injunction

Attachments

**UNITED STATES GOVERNMENT**
**NATIONAL LABOR RELATIONS BOARD**
**NOTICE**

Case 29-CA-261755

The issuance of the notice of formal hearing in this case does not mean that the matter cannot be disposed of by agreement of the parties. On the contrary, it is the policy of this office to encourage voluntary adjustments. The examiner or attorney assigned to the case will be pleased to receive and to act promptly upon your suggestions or comments to this end.

An agreement between the parties, approved by the Regional Director, would serve to cancel the hearing. However, unless otherwise specifically ordered, the hearing will be held at the date, hour, and place indicated. Postponements *will not be granted* unless good and sufficient grounds are shown *and* the following requirements are met:

(1) The request must be in writing. An original and two copies must be filed with the Regional Director when appropriate under 29 CFR 102.16(a) or with the Division of Judges when appropriate under 29 CFR 102.16(b).

(2) Grounds must be set forth in *detail*;

(3) Alternative dates for any rescheduled hearing must be given;

(4) The positions of all other parties must be ascertained in advance by the requesting party and set forth in the request; and

(5) Copies must be simultaneously served on all other parties (listed below), and that fact must be noted on the request.

Except under the most extreme conditions, no request for postponement will be granted during the three days immediately preceding the date of hearing.

Ross H. Friedman , Counsel for Commonwealth
  Edison Company
Morgan, Lewis & Bockius LLP
77 W Wacker Dr Fl 5
Chicago, IL 60601-1671

Amazon.com Services LLC
546 Gulf Ave
Staten Island, NY 10314

Gerald Bryson
1950 Clove Rd.
Apt. 543
Staten Island, NY 10304

Frank Kearl , Staff Attorney
Make the Road New York
161 Port Richmond Ave.
Staten Island, NY 10302

## Procedures in NLRB Unfair Labor Practice Hearings

The attached complaint has scheduled a hearing that will be conducted by an administrative law judge (ALJ) of the National Labor Relations Board who will be an independent, impartial finder of facts and applicable law. **You may be represented at this hearing by an attorney or other representative**. If you are not currently represented by an attorney, and wish to have one represent you at the hearing, you should make such arrangements as soon as possible. A more complete description of the hearing process and the ALJ's role may be found at Sections 102.34, 102.35, and 102.45 of the Board's Rules and Regulations. The Board's Rules and regulations are available at the following link: www.nlrb.gov/sites/default/files/attachments/basic-page/node-1717/rules_and_regs_part_102.pdf.

The NLRB allows you to file certain documents electronically and you are encouraged to do so because it ensures that your government resources are used efficiently. To e-file go to the NLRB's website at www.nlrb.gov, click on "e-file documents," enter the 10-digit case number on the complaint (the first number if there is more than one), and follow the prompts. You will receive a confirmation number and an e-mail notification that the documents were successfully filed.

**Although this matter is set for trial, this does not mean that this matter cannot be resolved through a settlement agreement**. The NLRB recognizes that adjustments or settlements consistent with the policies of the National Labor Relations Act reduce government expenditures and promote amity in labor relations and encourages the parties to engage in settlement efforts.

### I. BEFORE THE HEARING

The rules pertaining to the Board's pre-hearing procedures, including rules concerning filing an answer, requesting a postponement, filing other motions, and obtaining subpoenas to compel the attendance of witnesses and production of documents from other parties, may be found at Sections 102.20 through 102.32 of the Board's Rules and Regulations. In addition, you should be aware of the following:

- **Special Needs:** If you or any of the witnesses you wish to have testify at the hearing have special needs and require auxiliary aids to participate in the hearing, you should notify the Regional Director as soon as possible and request the necessary assistance. Assistance will be provided to persons who have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.603.

- **Pre-hearing Conference:** One or more weeks before the hearing, the ALJ may conduct a telephonic prehearing conference with the parties. During the conference, the ALJ will explore whether the case may be settled, discuss the issues to be litigated and any logistical issues related to the hearing, and attempt to resolve or narrow outstanding issues, such as disputes relating to subpoenaed witnesses and documents. This conference is usually not recorded, but during the hearing the ALJ or the parties sometimes refer to discussions at the pre-hearing conference. You do not have to wait until the prehearing conference to meet with the other parties to discuss settling this case or any other issues.

### II. DURING THE HEARING

The rules pertaining to the Board's hearing procedures are found at Sections 102.34 through 102.43 of the Board's Rules and Regulations. Please note in particular the following:

- **Witnesses and Evidence**: At the hearing, you will have the right to call, examine, and cross-examine witnesses and to introduce into the record documents and other evidence.

- **Exhibits: Each exhibit offered in evidence must be provided in duplicate to the court reporter and a copy of each of each exhibit should be supplied to the ALJ and each party when the exhibit is offered in evidence.** If a copy of any exhibit is not available when the original is received, it will be the responsibility of the party offering such exhibit to submit the copy to the ALJ before the close of hearing. If a copy is not

   submitted, and the filing has not been waived by the ALJ, any ruling receiving the exhibit may be rescinded and the exhibit rejected.

- **Transcripts**: An official court reporter will make the only official transcript of the proceedings, and all citations in briefs and arguments must refer to the official record. The Board will not certify any transcript other than the official transcript for use in any court litigation. Proposed corrections of the transcript should be submitted, either by way of stipulation or motion, to the ALJ for approval. Everything said at the hearing while the hearing is in session will be recorded by the official reporter unless the ALJ specifically directs off-the-record discussion. If any party wishes to make off-the-record statements, a request to go off the record should be directed to the ALJ.

- **Oral Argument:** You are entitled, on request, to a reasonable period of time at the close of the hearing for oral argument, which shall be included in the transcript of the hearing. Alternatively, the ALJ may ask for oral argument if, at the close of the hearing, if it is believed that such argument would be beneficial to the understanding of the contentions of the parties and the factual issues involved.

- **Date for Filing Post-Hearing Brief**: Before the hearing closes, you may request to file a written brief or proposed findings and conclusions, or both, with the ALJ. The ALJ has the discretion to grant this request and to will set a deadline for filing, up to 35 days.

III. **AFTER THE HEARING**

The Rules pertaining to filing post-hearing briefs and the procedures after the ALJ issues a decision are found at Sections 102.42 through 102.48 of the Board's Rules and Regulations. Please note in particular the following:

- **Extension of Time for Filing Brief with the ALJ:** If you need an extension of time to file a post-hearing brief, you must follow Section 102.42 of the Board's Rules and Regulations, which requires you to file a request with the appropriate chief or associate chief administrative law judge, depending on where the trial occurred. You must immediately serve a copy of any request for an extension of time on all other parties and furnish proof of that service with your request. You are encouraged to seek the agreement of the other parties and state their positions in your request.

- **ALJ's Decision:** In due course, the ALJ will prepare and file with the Board a decision in this matter. Upon receipt of this decision, the Board will enter an order transferring the case to the Board and specifying when exceptions are due to the ALJ's decision. The Board will serve copies of that order and the ALJ's decision on all parties.

- **Exceptions to the ALJ's Decision**: The procedure to be followed with respect to appealing all or any part of the ALJ's decision (by filing exceptions with the Board), submitting briefs, requests for oral argument before the Board, and related matters is set forth in the Board's Rules and Regulations, particularly in Section 102.46 and following sections. A summary of the more pertinent of these provisions will be provided to the parties with the order transferring the matter to the Board.

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 29

AMAZON.COM SERVICES LLC

    and                                                                                  Case 29-CA-261755

GERALD BRYSON, an Individual

**AFFIDAVIT OF SERVICE OF: Complaint and Notice of Hearing (with forms NLRB-4338 and NLRB-4668 attached)**

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on , I served the above-entitled document(s) by **e-issuance,** as noted below, upon the following persons, addressed to them at the following addresses:

Ross H. Friedman , Counsel for
  Commonwealth Edison Company
Morgan, Lewis & Bockius LLP
77 W Wacker Dr Fl 5
Chicago, IL 60601-1671

Amazon.com Services LLC
546 Gulf Ave
Staten Island, NY 10314

Gerald Bryson
1950 Clove Rd.
Apt. 543
Staten Island, NY 10304

Frank Kearl , Staff Attorney
Make the Road New York
161 Port Richmond Ave.
Staten Island, NY 10302

December 22, 2020

                                                              Tasha V. Fred , Designated Agent of NLRB

                Date                                                        **Name**

                                                                                     /s/ *Tasha V. Fred*

                                                                                      **Signature**

FORM NLRB 4338
(6-90)

**UNITED STATES GOVERNMENT**
**NATIONAL LABOR RELATIONS BOARD**
**NOTICE**

Case 29-CA-261755

The issuance of the notice of formal hearing in this case does not mean that the matter cannot be disposed of by agreement of the parties. On the contrary, it is the policy of this office to encourage voluntary adjustments. The examiner or attorney assigned to the case will be pleased to receive and to act promptly upon your suggestions or comments to this end.

An agreement between the parties, approved by the Regional Director, would serve to cancel the hearing. However, unless otherwise specifically ordered, the hearing will be held at the date, hour, and place indicated. Postponements *will not be granted* unless good and sufficient grounds are shown *and* the following requirements are met:

(1) The request must be in writing. An original and two copies must be filed with the Regional Director when appropriate under 29 CFR 102.16(a) or with the Division of Judges when appropriate under 29 CFR 102.16(b).

(2) Grounds must be set forth in *detail*;

(3) Alternative dates for any rescheduled hearing must be given;

(4) The positions of all other parties must be ascertained in advance by the requesting party and set forth in the request; and

(5) Copies must be simultaneously served on all other parties (listed below), and that fact must be noted on the request.

Except under the most extreme conditions, no request for postponement will be granted during the three days immediately preceding the date of hearing.

Ross H. Friedman , Counsel for Commonwealth
 Edison Company
Morgan, Lewis & Bockius LLP
77 W Wacker Dr Fl 5
Chicago, IL 60601-1671

Amazon.com Services LLC
546 Gulf Ave
Staten Island, NY 10314

Gerald Bryson
1950 Clove Rd.
Apt. 543
Staten Island, NY 10304

Frank Kearl , Staff Attorney
Make the Road New York
161 Port Richmond Ave.
Staten Island, NY 10302

Form NLRB-4668
(6-2014)

# Procedures in NLRB Unfair Labor Practice Hearings

The attached complaint has scheduled a hearing that will be conducted by an administrative law judge (ALJ) of the National Labor Relations Board who will be an independent, impartial finder of facts and applicable law.  **You may be represented at this hearing by an attorney or other representative**.  If you are not currently represented by an attorney, and wish to have one represent you at the hearing, you should make such arrangements as soon as possible.  A more complete description of the hearing process and the ALJ's role may be found at Sections 102.34, 102.35, and 102.45 of the Board's Rules and Regulations.  The Board's Rules and regulations are available at the following link: www.nlrb.gov/sites/default/files/attachments/basic-page/node-1717/rules_and_regs_part_102.pdf.

The NLRB allows you to file certain documents electronically and you are encouraged to do so because it ensures that your government resources are used efficiently.  To e-file go to the NLRB's website at www.nlrb.gov, click on "e-file documents," enter the 10-digit case number on the complaint (the first number if there is more than one), and follow the prompts.  You will receive a confirmation number and an e-mail notification that the documents were successfully filed.

**Although this matter is set for trial, this does not mean that this matter cannot be resolved through a settlement agreement**.  The NLRB recognizes that adjustments or settlements consistent with the policies of the National Labor Relations Act reduce government expenditures and promote amity in labor relations and encourages the parties to engage in settlement efforts.

## I.     BEFORE THE HEARING

The rules pertaining to the Board's pre-hearing procedures, including rules concerning filing an answer, requesting a postponement, filing other motions, and obtaining subpoenas to compel the attendance of witnesses and production of documents from other parties, may be found at Sections 102.20 through 102.32 of the Board's Rules and Regulations.  In addition, you should be aware of the following:

- **Special Needs:**  If you or any of the witnesses you wish to have testify at the hearing have special needs and require auxiliary aids to participate in the hearing, you should notify the Regional Director as soon as possible and request the necessary assistance.  Assistance will be provided to persons who have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.603.

- **Pre-hearing Conference:**  One or more weeks before the hearing, the ALJ may conduct a telephonic prehearing conference with the parties. During the conference, the ALJ will explore whether the case may be settled, discuss the issues to be litigated and any logistical issues related to the hearing, and attempt to resolve or narrow outstanding issues, such as disputes relating to subpoenaed witnesses and documents.  This conference is usually not recorded, but during the hearing the ALJ or the parties sometimes refer to discussions at the pre-hearing conference.  You do not have to wait until the prehearing conference to meet with the other parties to discuss settling this case or any other issues.

## II.    DURING THE HEARING

The rules pertaining to the Board's hearing procedures are found at Sections 102.34 through 102.43 of the Board's Rules and Regulations.  Please note in particular the following:

- **Witnesses and Evidence**:  At the hearing, you will have the right to call, examine, and cross-examine witnesses and to introduce into the record documents and other evidence.

- **Exhibits:  Each exhibit offered in evidence must be provided in duplicate to the court reporter and a copy of each of each exhibit should be supplied to the ALJ and each party when the exhibit is offered in evidence.**  If a copy of any exhibit is not available when the original is received, it will be the responsibility

(OVER)

of the party offering such exhibit to submit the copy to the ALJ before the close of hearing. If a copy is not submitted, and the filing has not been waived by the ALJ, any ruling receiving the exhibit may be rescinded and the exhibit rejected.

- **Transcripts**: An official court reporter will make the only official transcript of the proceedings, and all citations in briefs and arguments must refer to the official record. The Board will not certify any transcript other than the official transcript for use in any court litigation. Proposed corrections of the transcript should be submitted, either by way of stipulation or motion, to the ALJ for approval. Everything said at the hearing while the hearing is in session will be recorded by the official reporter unless the ALJ specifically directs off-the-record discussion. If any party wishes to make off-the-record statements, a request to go off the record should be directed to the ALJ.

- **Oral Argument:** You are entitled, on request, to a reasonable period of time at the close of the hearing for oral argument, which shall be included in the transcript of the hearing. Alternatively, the ALJ may ask for oral argument if, at the close of the hearing, if it is believed that such argument would be beneficial to the understanding of the contentions of the parties and the factual issues involved.

- **Date for Filing Post-Hearing Brief**: Before the hearing closes, you may request to file a written brief or proposed findings and conclusions, or both, with the ALJ. The ALJ has the discretion to grant this request and to will set a deadline for filing, up to 35 days.

## III. AFTER THE HEARING

The Rules pertaining to filing post-hearing briefs and the procedures after the ALJ issues a decision are found at Sections 102.42 through 102.48 of the Board's Rules and Regulations. Please note in particular the following:

- **Extension of Time for Filing Brief with the ALJ:** If you need an extension of time to file a post-hearing brief, you must follow Section 102.42 of the Board's Rules and Regulations, which requires you to file a request with the appropriate chief or associate chief administrative law judge, depending on where the trial occurred. You must immediately serve a copy of any request for an extension of time on all other parties and furnish proof of that service with your request. You are encouraged to seek the agreement of the other parties and state their positions in your request.

- **ALJ's Decision:** In due course, the ALJ will prepare and file with the Board a decision in this matter. Upon receipt of this decision, the Board will enter an order transferring the case to the Board and specifying when exceptions are due to the ALJ's decision. The Board will serve copies of that order and the ALJ's decision on all parties.

- **Exceptions to the ALJ's Decision**: The procedure to be followed with respect to appealing all or any part of the ALJ's decision (by filing exceptions with the Board), submitting briefs, requests for oral argument before the Board, and related matters is set forth in the Board's Rules and Regulations, particularly in Section 102.46 and following sections. A summary of the more pertinent of these provisions will be provided to the parties with the order transferring the matter to the Board.