UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHY DREW KING, Regional Director of Region 29 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD<br><br>      Petitioner<br><br>v.<br><br>AMAZON.COM SERVICES LLC<br><br>      Respondent | MOTION TO TRY PETITION FOR TEMPORARY INJUNCTION UNDER SECTION 10(J) OF THE ACT ON THE BASIS OF ADMINISTRATIVE RECORD, INCLUDING HEARING TRANSCRIPT AND AFFIDAVITS<br><br>22--CV-- |

   To the Honorable Judges of the United States District Court for the Eastern District of New York:

   Comes now Kathy Drew King, Regional Director for Region 29 of the National Labor Relations Board (the Board) and moves this Court to try the Petition for temporary injunction pursuant to Section 10(j) of the National Labor Relations Act (the Act), as amended, 29 U.S.C. § 160(j), on the basis of the official evidentiary record and the sworn affidavits of employees Gerald Bryson, Derrick Palmer, Tristan Martinez, and Christian Smalls.  This proceeding is before the Court on the Petition filed contemporaneously by the Petitioner seeking a temporary injunction pending the disposition of the matters involved herein before the Board, based on the Complaint and Notice of Hearing in Case No. 29-CA-261755, alleging that Amazon.com Services LLC (Respondent) has engaged in unfair labor practices in violation of Section 8(a)(1) of the Act.  A

1

hearing on the merits was conducted before Administrative Law Judge Benjamin Green on May 4-5, May 10-11, May 13-14, May 17, May 24-27, 2021.

Based on the reasons and standards set forth below, Petitioner moves this Court to try the Petition for Temporary Injunction based on the official evidentiary record developed during the hearing which includes the administrative transcript of sworn testimony[1] and exhibits[2] and on the sworn affidavits of employees Gerald Bryson, Derrick Palmer, Tristan Martinez, and Christian Smalls.[3]

## I. THE SECOND CIRCUIT'S TWO-PRONG ANALYSIS TO RESOLVE SECTION 10(J) PETITIONS

In analyzing whether to grant Petitioner's 10(j) petition, a District Court in the Second Circuit must consider only two issues: (1) whether the Board demonstrated that there is "reasonable cause to believe that unfair labor practices have been committed," and if so, (2) whether temporary injunctive relief is "just and proper."[4]

### A. The Reasonable Cause Standard Requires Substantial Deference to Petitioner's Findings and Conclusions

---

[1] The full transcript of sworn witness testimony in the administrative hearing are attached to this motion and identified as Exhibit E.

[2] The exhibits admitted into evidence at the administrative hearing are attached to this motion and identified as Exhibit F (F(i) (General Counsel Exhibits); F(ii) (Respondent Exhibits); and F(iii) (Charging Party Exhibits)).

[3] The sworn affidavits of Respondent former employees Gerald Bryson and Christians Smalls and Respondent current employees Derrick Palmer and Tristan Martinez are attached to this motion and identified as Exhibit G (G(i) (Bryson Affidavit); G(ii) (Palmer Affidavit); G(iii) (Martinez Affidavit); and G(iv) (Smalls Affidavit)).

[4] *Kaynard v. Palby Lingerie, Inc.,* 625 F.2d 1047, 1051-52 (2d. Cir. 1980); *Silverman v. Major League Baseball Player Relations Committee, Inc.,* 67 F.3d 1054, 1059 (2d Cir. 1995).

Petitioner satisfies the reasonable cause standard by coming forward with evidence "sufficient to spell out the likelihood of a violation."[5] Petitioner's burden in satisfying the reasonable cause standard is minimal and requires only a very low threshold of proof.[6]

Second Circuit Courts pay substantial deference to the Regional Director's position in 10(j) proceedings such that the Courts generally decline to grant injunctive relief only where the "NLRB's legal or factual theories are fatally flawed."[7]

### B. The District Court Analysis of the Just and Proper Prong of the 10(j) Analysis Also Requires Deference to the Board

The second prong of the Second Circuit analysis for relief under Section 10(j) of the Act is whether granting injunctive relief would be "just and proper."[8]  When considering the "just and proper" prong, the Second Circuit has found 10(j) relief appropriate where serious unfair labor practices would render the Board's processes "totally ineffective" by precluding a meaningful remedy, where interim relief is the only effective means to preserve or restore the status quo as it existed prior to the commission of the unfair labor practices, or where the passage of time might otherwise allow respondent to accomplish its unlawful objective before being placed under legal restraint.[9]

---

[5] *Danielson v. Joint Board of Coat, Suit and Allied Garment Workers' Union,* 494 F.2d 1230, 1243 (2d Cir. 1974) (internal quotations omitted).

[6] *Eisenberg v. Wellington Hall Nursing Home, Inc..*, 651 F.2d 902, 905 (3d Cir. 1981).

[7] See e.g., *Mattina v. Ardsley Bus. Corp.,* 711 F. Supp. 2d 314, 318-319 (S.D.N.Y. 2010) (In determining whether reasonable cause exists, a district court should show "[a]ppropriate deference… to the judgment of the NLRB, and… should decline to grant relief only if convinced that the NLRB's legal or factual theories are fatally flawed"); *J.R.L. Food Corp*., 196 F.3d 334, 335 (2d Cir. 1999) (*quoting Silverman v. Major League Baseball Player Relations Comm., Inc*., 67 F.3d 1054, 1059 (2d Cir. 1995)).

[8] *Kaynard v. Palby Lingerie, Inc.,* 625 F.2d at 1051-52.

[9] See, *Kaynard v. Mego Corp.*, 633 F.2d 1026, 1175 (2d Cir. 1980) (finding unfair labor practices would preclude a meaningful remedy); *Seeler v. The Trading Port, Inc*., 517 F.2d 33, 38 (2d Cir. 1975) (interim relief only effective means to preserve the status quo ante); *Kaynard v. Palby Lingerie, Inc.,* 625 F.2d at 1051-55 (passage of time permitting respondent to accomplish its unlawful objective).

Even while the Court has somewhat more discretion when considering the "just and proper" prong of the 10(j) petition than regarding the "reasonable cause" prong," that discretion is also circumscribed, as the just and proper analysis "… is not an avenue by which [the district court] can decide the merits of the underlying unfair labor practice charge."[10]

## II. A FULL EVIDENTIARY HEARING IS NOT NECESSARY FOR THE DISTRICT COURT TO DECIDE WHETHER TO GRANT INJUNCTIVE RELIEF IN THE SECOND CIRCUIT

Based on the Petitioner's relatively "insubstantial burden of proof" and the deference owed to the Board, it is unnecessary and injudicious for the District Court to conduct a full evidentiary hearing on the allegations.[11]

It is well-established that Second Circuit courts may base their temporary injunction determinations upon the evidentiary record of sworn testimony and admitted exhibits adduced during the hearing before an administrative law judge of the Board and sworn affidavits.[12]

---

[10] *Dunbar v. Landis Plastics, Inc.,* 977 F.Supp. 169, 176 (N.D.N.Y. 1997), citing *Silverman v. Imperia Foods, Inc.,* 646 F. Supp. 393, 398 (S.D.N.Y. 1986) ("[I]njunction proceedings in federal court must not evolve into a hearing on the merits of the unfair labor practice charges because the District Court must not usurp the [Board's] role").

[11] *Dunbar v. Landis Plastics, Inc.,* 977 F.Supp. 169, 176 (N.D.N.Y. 1997); *Kaynard v. Independent Routemen's Association,* 479 F.2d 1070, 1072 (1973) (finding reversible error where the District Court went beyond the "reasonable cause" inquiry into the ultimate merits of the charge); *SEC v. Frank,* 388 F.2d 486, 490-493 (2d Cir. 1968). See also, *Gottfried v. Frankel,* 818 F.2d 485, 493-94 (6th Cir. 1987) (addressing specifically petitions filed under Section 10(j) of the Act); *San Francisco-Oakland Newspaper Guild v. Kennedy,* 412 F.2d 541, 546 (9th Cir. 1969).

[12] *Kaynard v. Palby Lingerie, Inc.,* 625 F.2d at 1051-52 (2d. Cir. 1980) (affirming a preliminary injunction under Section 10(j) of the Act that was granted based on the hearing transcript and exhibits adduced before the administrative law judge in the underlying administrative proceeding). See also, *Gottfried v. Frankel,* 818 F.2d at 493; *Fuchs v. Hood Industries, Inc.,* 590 F.2d 395, 398 (1st Cir. 1979) (transcript generated during hearing before the administrative law judge "could be of considerable assistance in expediting the work of the [district] court"); see also, *Sharp v. Webco Industries Inc.*, 225 F.3d 1130, 1134 (10th Cir. 2000) (injunction based upon affidavits); *Fernbach ex re. N.L.R.B v. Raz Dairy, Inc.*, 881 F. Supp. 2d 452, 456-460 (S.D.N.Y. 2012) (based on affidavits).

Finally, neither Rule 43(c) nor Rule 65 of the Federal Rules of Civil Procedure requires oral testimony in a temporary injunction proceeding, and such procedures do not deny a fair hearing or due process to Respondent.[13]

Based on the above cited precedent, it is appropriate for the Honorable Court to accept the hearing transcript, including exhibits, and employee affidavits as proper evidence in support of the Petition.

With respect to the "reasonable cause" prong in the 10(j) analysis, the parties have already litigated the underlying merits of the unfair labor practice allegations in an eleven-day trial before an Administrative Law Judge and during which the parties had full opportunity to present witnesses, cross examine witnesses and submit all relevant documentary evidence in support of their positions. Accordingly, it is respectfully submitted that the District Court has ample evidence in the administrative record to fulfill its limited role of deciding whether Petition has "reasonable cause" to believe that an unfair labor practice has been committed—particularly in light of the substantial deference that the District Court owes Petitioner.[14]

With respect to the second prong of the 10(j) analysis, because the "just and proper" questions were not before Administrative Law Judge Green in the administrative hearing regarding the unfair labor practices, the employees' testimony regarding "just and proper" was not relevant to that proceeding. The affidavits of employees Bryson, Smalls, Palmer, and Martinez provides evidence to support Petitioner's conviction that the absence of injunctive relief could lead to irreparable harm. The remaining arguments supporting the "just and proper" prong of the analysis rely on reasonable inferences to be drawn from the underlying facts.

---

[13] *Silverman v Red & Tan Charters, Inc.*, 93 CIV. 6353 (LMM), 1993 WL 498062 (S.D.N.Y. Nov. 30, 1993) (declining to find that Rule 65 requires the holding of an evidentiary hearing on a Section 10(j) petition).

[14] *J.R.L. Food Corp.*, 196 F3d 334 at 335 (cases cited therein).

Thus, with regard to the "just and proper" portion of the 10(j) analysis, Petitioner respectfully requests that the just and proper portion of the District Court's analysis be based on the attached affidavits of Gerald Bryson, Christian Smalls, Derrick Palmer, and Tristian Martinez.

### III. CONCLUSION

In conclusion, consideration of the Petition based on the administrative hearing transcript, exhibits and affidavits will avoid the inherent delay in scheduling and conducting a full evidentiary hearing, avoid duplicative litigation, facilitate a speedy decision, and conserve this Honorable Court's time and resources. Such procedure fully comports with the statutory priority that should be given to this proceeding under 28 U.S.C. Sec. 1657(a) and the original Congressional intent that establishes injunctive relief under Section 10(j) of the Act.[15]

Thus, Petitioner respectively moves this Court to try the Petition for Temporary Injunction based on the hearing transcript and exhibits, and the affidavits of Gerald Bryson, Christian Smalls, Derrick Palmer, and Tristian Martinez.

Respectfully submitted on March 17, 2022.

    /s/ Matthew A. Jackson
    /s/ Evamaria Cox
Matthew A. Jackson
Evamaria Cox
National Labor Relations Board
Two MetroTech Center, Suite 5100
Brooklyn, NY 11201
Telephone: (718) 765-6172
Email: Matthew.Jackson@nlrb.gov
Email: Evamaria.Cox@nlrb.gov

---

[15] See *I Legislative History LMRA 1947,* 414, 433 (Government Printing Office 1985).