Amazon.com Services LLC
Case 29-CA-261755

## Confidential Witness Affidavit

I <u>Christian Smalls</u>, being first duly sworn upon my oath, state as follows:

I have been given assurances by an agent of the National Labor Relations Board (NLRB) that this Confidential Witness Affidavit will be considered a confidential law enforcement record by the NLRB and will not be disclosed unless it becomes necessary to produce this Confidential Witness Affidavit in connection with a formal proceeding.

My mailing address is: ███

My cell phone number (including area code) is ███

My alternate phone number (including area code) is

My e-mail address is ███

I am employed by Amazon Labor Union

located at    67 Radford Street, Staten Island, NY 10314

1. I am the president of Amazon Labor Union ("ALU" or "Union"). The ALU is currently conducting a campaign to organize employees of Amazon.com Services LLC ("Amazon" or "Employer") who work in Staten Island, New York. I helped start the ALU in about April 2021, along with Derrick Palmer, Gerald Bryson, Connor Spence and other current or former Amazon employees.

2. The Union has two petitions for representation elections pending in Region 29 of the NLRB. The petition in NLRB Case No. 29-CA-288020 has an election scheduled to be conducted in person on various dates starting March 25, 2022. I believe that the Union will win that election because Union agents have been outside the facility connecting with Amazon

**Privacy Act Statement**
The NLRB is asking you for the information on this form on the authority of the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the NLRB in processing representation and/or unfair labor practice cases and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). Additional information about these uses is available at the NLRB website, www.nlrb.gov. Providing this information to the NLRB is voluntary. However, if you do not provide the information, the NLRB may refuse to continue processing an unfair labor practice or representation case, or may issue you a subpoena and seek enforcement of the subpoena in federal court.

- 1 -    Initials _C.S._

Case 29-CA-261755                                                    Confidential Witness Affidavit

employees on a daily basis, and we have been steadily building support among the employees. The Union also filed a petition in NLRB Case No. 29-RC-290053 in which we are seeking to represent employees at the Amazon LDJ5 facility in Staten Island. No election has yet been scheduled in Case 29-RC-290053.

3. I believe that Amazon's termination of Gerald Bryson in April 2020 continues to have a negative effect on Amazon employees and their willingness to support the Union. Even though the termination occurred almost two years ago, people still talk about it. Gerald is very popular among the employees. He was born and raised in Staten Island and has a deep connection with the community there. Many of the employees at the Amazon facilities we are organizing are also from Staten Island and many employees know Gerald from his community involvement. His termination was headline news at the time it occurred, and many Amazon employees are aware that Gerald was terminated because he was protesting Amazon's response to the pandemic.

4. Moreover, Gerald has been active in organizing on behalf of the Union. Gerald was one of our key organizers when we were trying to get employees at the JFK8 facility to sign Union authorization cards. He was outside the facility soliciting employees to sign cards almost every day – or at least almost every weekday – since the time we began collecting cards in about April 2021. Around the time when school year started in September 2021, Gerald began coming to organize at the Amazon facility less frequently than he had before school started, but he still comes about 3 to 4 times per week to speak with Amazon employees on behalf of the Union. Gerald has spoken with countless numbers of employees in his efforts to organize workers on behalf of the Union. When he speaks with employees, he typically will have to explain who he is and why he is out there organizing, and I have seen him tell workers that he was fired by

- 2 -                                    Initials: C.S.

Case 29-CA-261755                                          Confidential Witness Affidavit

Amazon because he spoke out and challenged the company regarding its response to the pandemic. On numerous occasions throughout the time the Gerald has been organizing for the Union – more times than I can count or remember specifically – I have observed workers respond to Gerald's story by saying something like, "Well, you got fired and are still out of work after so much time, so why should I get involved with you and risk my own livelihood." In response, either Gerald or I will tell the employee that we have legal cases pending against Amazon and are fighting against what we view as Amazon's illegal practices. Gerald or I will explain to them that the Union can help improve conditions at Amazon and better hold the Employer accountable to protect employees so that Amazon won't be able to get away with doing something like they did to Gerald to other workers, too. Every single one of the employees whom I have seen express these kinds of concerns about Gerald's termination have declined to support the Union, even after we explain to them how we are trying to fight back. I cannot recall any of these workers signing a card or otherwise assisting the Union after they expressed these kinds of concerns about Gerald's termination. They typically say that they will think about it and then never come back to the Union's organizing tent, or they will just say that they don't want to get involved. I recall observing a conversation like this between Gerald and an Amazon employee as recently as December 2021.

     5.     The ALU is no longer collecting authorization cards from employees at JFK8. We have stopped our card collecting campaign at JFK8 since the election was scheduled in Case 29-RC-288020 on about February 16, 2022. The Union slowed down our efforts to collect cards from employees at JFK8 after we filed the petition in Case 29-RC-288020 on about December 22, 2021, and we stopped collecting cards at JFK8 once the election was scheduled. The Union is now focused on trying to convince JFK8 employees to vote in the upcoming election. We are,

Case 29-CA-261755                                    Confidential Witness Affidavit

however, still actively collecting cards from employees at the other 3 Amazon facilities located on the Staten Island campus. Gerald remains involved in our efforts to collect cards, but we have a different organizing committee that is primarily responsible for collecting cards at the other facilities, and Gerald is not on that committee. He is currently much more involved in our JFK8 campaign in terms of speaking with JFK8 workers to convince them to vote in the election.

6. I believe that reinstating Gerald to his former job at JFK8 would have a monumental impact on the Union's organizing campaign and on employees' ability to exercise their right to support the Union. Gerald's immediate reinstatement would send a message to employees that Amazon cannot get away with firing workers for speaking out or acting together with co-workers to improve working conditions, including by supporting the Union. His return to the workplace would be a powerful signal that employees can freely exercise their union rights without fear that Amazon will retaliate against them and not suffer any consequences. I also believe that Gerald himself deserves the right to cast a ballot in the upcoming election, as he was unlawfully fired, and he should be allowed to have his voice heard too.

7. I also believe that quickly returning Daequan Smith to his job with Amazon would have a similar impact as Bryson's reinstatement. Daequan has not been involved in the Union campaign nearly as much as Gerald is involved, but I have seen Daequan outside the Amazon Staten Island facilities on a handful of occasions in about November and December 2021. He is not as well known among the employees as Gerald is, and I do not believe that the story of how Daequan was fired for organizing with the Union is as widely known as the story of what happened to Gerald. I have not observed any conversations between Daequan and an Amazon employee, similar to those I have observed with Gerald described above, in which the

Case 29-CA-261755            Confidential Witness Affidavit

employee states that he or she does not want to get involved with the Union because of what happened to Daequan.

///

///

I am being provided a copy of this Confidential Witness Affidavit for my review. I understand that this affidavit is a confidential law enforcement record and should not be shown to any person other than my attorney or other person representing me in this proceeding.

I have read this Confidential Witness Affidavit consisting of __5__ pages, including this page, I fully understand it, and I state under penalty of perjury that it is true and correct. However, if after reviewing this affidavit again, I remember anything else that is important or I wish to make any changes, I will immediately notify the Board agent.

Date: February __25__, 2022     Signature: _____

                                                                            Christian Smalls

Signed and sworn to before me by telephone on __201-28_____ February 24, 2022

_____
**MATTHEW JACKSON**
Board Agent
National Labor Relations Board

- 5 -           Initials: _____