**CONFIDENTIAL**

# amazon.com.

**Witness Statement Form**
Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

## SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT

| Name | Department/Position |  |
| --- | --- | --- |
| Corinna T. Kershaw | T Cust Support Staff |  |
| Home Address, City, State, Zip | Home Phone | Work Phone |
|  |  | (   ) |

## SECTION II: WITNESS STATEMENT (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

Sunday was my first day back to work after surgers, im at my station on the 3rd floor and Dawanda says to me she had a word to me with one. I say ok im thinking she wants to talk about a comment she made but she go on to vent then come to my section and says to me, what's this, I hear you asking Bob out and wanting to fuck until them (3rd) to Dawanda that me and Bob c-friends nothing make so I'm I'm says to me, Jo you mean to tell me that you havn't been trying to get with Bob again I say to Nor NO this new day cars not my type. she then says my station the new day cars which is monday and my co-worker Jaguane says to me that dawanda comes to her station saying how im a Key that doesn't believe nothing I say, so it's a whole and you can't believe nothing I say so it's lunch time and me and Shaquana go's in the caff to it

Please list any witnesses or individuals who may have information relevant to this investigation. Jerome
Bob, Nash, Jasmine, Jhaquana, Shawnneto

## ACKNOWLEDGEMENT

Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.

I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

| Corinna Kershaw | | 11/26/20?? |
| --- | --- | --- |
| Employee Name (Please Print) | Employee Signature | Date |

For Internal Amazon Use Only

**CONFIDENTIAL**

**AMZ-BRY007601**

**CONFIDENTIAL**

sitting at a table I walk pass this table and go to where the table at for the shirts cup. I see a co-worker that I haven't seen in awhile and start to talk to her. I looked away from the co-worker and looked at Shaquana face because she had been talking to those that sat at the table. I see this look of disgust on her face nothing was said at the time. I then felt my attention lock on the co-worker than that was harding the shirts. She ask me what size I wanted. I said a small I then hear Shaquana say well where is <u>Rob</u> at I was like huh! dawanda goes to say nirdey WW business that's where he at. I then hear her calling to say to say to dawanda do you know I are screaming to her man face me she goes on to say how I be in her man face I said to her like I said to you yesterday this isn't my type. She then goes to say well you wasn't saying that yesterday when I was at in station. I said to her I told you yes not my type. Me and Shaquana haven't told you yes not my type. I hear she goes up to the cafe later on that shift. I hear she goes up to the station where Shaquana Jasmine and Noel is talking crazy about me calling me all kinda names, now today talking crazy about me calling me all kinda names. She was up Tuesday I was on it doing Tot Loers there neither one of us said anything to one another. The DA fran runs over to think on the floor. fran says out loud the Jasmine just got here dawanda goes to say that Jasmine comes in late on Tuesday I then say to fran would you like for me to do something else cause I know Jasmine do Tot Loers fran say I don't know let me see what can I say the dawanda says yeah let her do something else she need to do something else so isrinng was said fran was typing on her computer to dan then dawanda says again fran do me this favor and put her somewhere I said out loud in business cause nobody taking

**CONFIDENTIAL**

# amazon.com.

## Witness Statement Form
Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

### SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT

| Name | Department/Position |
| --- | --- |
| | |

| Home Address, City, State, Zip | Home Phone | Work Phone |
| --- | --- | --- |
| | | ( ) |

### SECTION II: WITNESS STATEMENT (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

Please list any witnesses or individuals who may have information relevant to this investigation.

### ACKNOWLEDGEMENT

Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.

I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

| Employee Name (Please Print) | Employee Signature | Date |
| --- | --- | --- |
| | | 11/26/20?? |

For Internal Amazon Use Only

**CONFIDENTIAL**

**AMZ-BRY007603**

**CONFIDENTIAL**

I can[...] [...] clearly she has a problem. I don't Fran say come on y'all calm down. Then she says corina go to the mezz that's where dan said he was going I got my things and went there. I was upset talking to a co-worker of why im upset dan heard ask me what's going on I told him then the D.A Sam walks up ask me whats going on why was I up there. I told me that me & da wanna had words he says this is getting outta hand I said to him I made myself clear yesterday when i told her don't say nothing [...] + me she says you need to go to h.r. because this is too much

**amazon.**com.

**Witness Statement Form**

Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

| SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT | | |
|---|---|---|
| Name  Frances Ammons | Department/Position  ICQA | |
| Home Address, City, State, Zip | Home Phone | Work Phone |

**SECTION II: WITNESS STATEMENT** (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

Mevina approached D'awanda & the two exchanged words. I didn't think much of it because I believe the two to have been friends in the past. The AFE manager "Ed" (I believe) heard what was being said. The two seemed to have been fighting over a man.

— Frances

Please list any witnesses or individuals who may have information relevant to this investigation.

**ACKNOWLEDGEMENT**

Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.

I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

| Frances Ammons | | 11-26-15 |
|---|---|---|
| Employee Name (Please Print) | Employee Signature | Date |

For Internal Amazon Use Only

AMZ-BRY007605

CONFIDENTIAL

CONFIDENTIAL                    AMZ-BRY007606

**amazon**.com.

**Witness Statement Form**
Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

| SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT | | |
|---|---|---|
| Name Sam LittleJohn | Department/Position CAP PA | |
| Home Address, City, State, Zip | Home Phone | Work Phone ( ) |

**SECTION II: WITNESS STATEMENT** (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

I was on the mezz and AA coriniak was telling the AM
Daniel cox about AA dawandah telling PA franchek that she needs
to move coriniak off her floor because she did not want to
work with her. This comes from an incident I heard that happened
on either Sunday the 24th or Mon the 25th in the breakroom by
AA shastone.

Please list any witnesses or individuals who may have information relevant to this investigation.

Shastone

**ACKNOWLEDGEMENT**

Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.

I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

| Samuel LittleJohn | _ll_ | 11-26-19 |
|---|---|---|
| Employee Name (Please Print) | Employee Signature | Date |

For Internal Amazon Use Only

CONFIDENTIAL

CONFIDENTIAL

**amazon**.com.

**Witness Statement Form**
Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

## SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT

| Name | Department/Position | |
|---|---|---|
| Jasmine Thaxton | ICQA Associate | |
| Home Address, City, State, Zip | Home Phone | Work Phone |
| | — | |

## SECTION II: WITNESS STATEMENT (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

I came into lunch a couple minutes late and in the midst of the argument. Dawanda was sitting with her lunch at the table while Corina was standing towards her. It was a shouting match with Corina telling Dawanda to pull up with all her shit. Dawanda retorted with calling her a dumb hoe that was only getting loud because her friends were there. It went back and forth, with Shaquanna trying to turn Corina around and get her away from the situation and me trying to turn Dawanda around back to the table so as to diffuse the situation. Dawanda called out the fact that Corina was starting drama despite being in front of management and the fact that she wouldn't talk to her one on one like adults when the situation had occurred at some previous date. The rest of us didn't really know what to do besides try to engage them separately and draw their attention elsewhere. Shaquanna eventually got Corina out of the lunch room and Dawanda went back to her lunch, leaving with Kat before the end of it. Jerome and I were the only ones to stay at the table.

Please list any witnesses or individuals who may have information relevant to this investigation.

Shaquanna (Shaq?), Jerome Ios, Katherine Andujar, Dawanda Horden, OPS from the t-shirt handout

## ACKNOWLEDGEMENT

Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.

I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

| Jasmine Thaxton | | 11/27/19 |
|---|---|---|
| Employee Name (Please Print) | Employee Signature | Date |

For Internal Amazon Use Only

**AMZ-BRY007609**

CONFIDENTIAL

**CONFIDENTIAL**

**amazon**.com.

**Witness Statement Form**
Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

| SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT | |
|---|---|
| Name Daniel Cox | Department/Position ICQA Area Manager |
| Home Address, City, State, Zip | Home Phone / Work Phone ( ) |

**SECTION II: WITNESS STATEMENT** (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

A little before 20:00 I got a message from a P A Fran (Franchek) saying that there "was a situation" and we needed to find something new for Corina to do. I asked her to meet me at stand up and once she got there I asked her what happened. She said that she could not do amnesty anymore because if she went back she was going to punch Dawandah in the face. I asked her to calm down a little bit and take a deep breath so that she could explain the situation. I started walking her to HR as she told me she and Dawandah were having issues and she said again if she was up there she would punch Dawandah in the face.

Please list any witnesses or individuals who may have information relevant to this investigation.

samul, franchek, dawandah

**ACKNOWLEDGEMENT**

Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.

I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

| Daniel Cox | | 11/26/2019 |
|---|---|---|
| Employee Name (Please Print) | Employee Signature | Date |

For Internal Amazon Use Only

**CONFIDENTIAL**

**AMZ-BRY007611**

**CONFIDENTIAL**

**AMZ-BRY007612**

**amazon**.com.

CONFIDENTIAL

**Witness Statement Form**
Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

### SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT

| Name ED Komis | Department/Position AFE | |
|---|---|---|
| Home Address, City, State, Zip | Home Phone | Work Phone ( ) |

### SECTION II: WITNESS STATEMENT (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

I was giving out T-shirts in the main Break room. All of the sudden one of the ladies getting a T-shirt, started arguing w/ a lady sitting down 5 ft away from me. The person sitting said something liked the person getty a shirt made her upset. Seemed to the person that herself. The argument started defending a specific man. So she be about person w/ T-shirt seemed to the middle and broke up the Before anything happened lady got in argument.

Please list any witnesses or individuals who may have information relevant to this investigation.

### ACKNOWLEDGEMENT

Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.

I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

ED Komis
Employee Name (Please Print)

E Komis
Employee Signature

11/27/19
Date

For Internal Amazon Use Only

CONFIDENTIAL

AMZ-BRY007613

CONFIDENTIAL

**amazon**.com.

**Witness Statement Form**
Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

| SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT | | |
|---|---|---|
| Name Jerome Iles | Department/Position ICQA | |
| Home Address, City, State, Zip | Home Phone | Work Phone ( 1 ) / / |

## SECTION II: WITNESS STATEMENT (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

AA corrina came into the breakroom and said something. Then I heard corrina and dawanda going back and forth. I thought they were joking until I heard someone say theres an Ops manager there. Then I shook my head and I began to block them out even more beaause I was trying to watch TV, eat and talk to AA jasmine that was in front of me eating also. I was not paying attention to the words being said. The only thing I heard clear was someone say "minding their business".

AA corrina appeared to be in line for a Peak shirt at time of incident AA Dawanda was sitting eating across the table tommy right. AA Jasmine was in front of me

Please list any witnesses or individuals who may have information relevant to this investigation.

AA Jasmine    AA Kat

## ACKNOWLEDGEMENT

Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.

I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

| Jerome Iles | | 11-??-2019 |
|---|---|---|
| Employee Name (Please Print) | Employee Signature | Date |

For Internal Amazon Use Only

AMZ-BRY007615

CONFIDENTIAL

CONFIDENTIAL

AMZ-BRY007616

**CONFIDENTIAL**

**amazon**.com.

**Witness Statement Form**
Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

| SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT | |
|---|---|
| Name Shawana Stone | Department/Position ICQA |
| Home Address, City, State, Zip | Home Phone | Work Phone ( ) |

**SECTION II: WITNESS STATEMENT** (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

Last week dawanda had came up to me twice asking when will corina be returng to work because " she had a bone to pick withher" so dawanda had explained to me that she thinks corina is messing with Rob (her boyfriend) so I had told dawanda for the second day in a row now that corina dion't mess with him and they are just friends. sunday dawanda went to corina station asking her about her dealing with Rob corina explain to her she thot messing with Rob, so that was that, than on monday I was at my station and dawanda had came up to me and was telling me that she had confronted corina and was like that corina is a "lying whore and she knows she wants Rob" and she walked away from my station, now its lonch time and I see corina

Please list any witnesses or individuals who may have information relevant to this investigation.

**ACKNOWLEDGEMENT**

Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.

I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

| Shawana Stone | | 11/27/19 |
|---|---|---|
| Employee Name (Please Print) | Employee Signature | Date |

For Internal Amazon Use Only

**CONFIDENTIAL**

**AMZ-BRY007617**

CONFIDENTIAL

I never ever told corine what dawanda had just said to me ten mins before that, so we walked in the breakroom and I was telling cat how I was really learing the job and this is my last week, so cat says to me that I was lying she'll believe it when she see it, so dawanda than said "you aint leaving" and was like yeah "bitches always lying saying they don't mess with people niggas" and just started calling corina all these bitch this and bitch that so they both started arguing.

**amazon**.com.

CONFIDENTIAL

## Witness Statement Form
Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

### SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT

| Name | Department/Position |
| --- | --- |
| Dawanda Haiden | T C QA |

| Home Address, City, State, Zip | Home Phone | Work Phone |
| --- | --- | --- |
| | | |

### SECTION II: WITNESS STATEMENT (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

on 11/25/19 Sitting in the lunch rooM us corrina came over 2 me and said do I have something to say to her. I said I was Making a general statement she became hostile. Her friend Shaqunne store even had to get in from of her

Please list any witnesses or individuals who may have information relevant to this investigation.

Jasmine, fiar

### ACKNOWLEDGEMENT

Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.

I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

| Dawanda Haiden | Dawanda H | 11/26/19 |
| --- | --- | --- |
| Employee Name (Please Print) | Employee Signature | Date |

For Internal Amazon Use Only

CONFIDENTIAL

as She was trying to go back
and forth. She kept yelling what
you wama do. I said I'm not
getting fired for something
Stupid. on 11/26/19
doing damage on 4 Aflod, calling
Said to fran is there something
else for me to do. I said
to fran that probably be a good
idea after yesterday. Corina left.
I continued working.

**CONFIDENTIAL**

Acknowledged by associate on December 12, 2019, 9:33:08 AM - Delivered by Sanchez,Kevin (kssanc)



# Supportive Feedback Document
# Behavioral - Final Written



**Associate Name:** Heslop,Roshawn B (heslor)
**Manager Name:** Sanchez,Kevin (DB2-0730)
**Created On:** December 12, 2019, 9:33:08 AM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|---|---|---|
| Documented Coaching | 2 | October 02, 2019, 1:13:01 PM |

## Details of Current Incident/Specific Concerns

On December 6, 2019, you were approached by a manager who were asking you what you were doing. You stated that you got mad at the manager and admitted to cussing him out. Specifically, you stated, "I'm doing my f*cking job, why you bothering me, I know what I'm doing n*gga." The policy classifies abusive, vulgar, or harassing language to a supervisor, fellow associate, or vendor as a Category 2 violation of the Standards of Conduct. This language is nature and that type of language is not appropriate for the workplace. This has resulted in a final written warning.

## Areas of Improvement Required by Associate

All associates, regardless of position, are responsible for ensuring that our workplace is free from offensive behavior and harassment. All associates must avoid any conduct that may be perceived as offensive and/or harassing. It is expected that your language and actions are expected to be professional, without the use of profanity or racial language and appropriate for the workplace. Failure to comply with these expectations has resulted in termination of employment.

## Associate Comments

I acknowledge that I have been informed of my right to appeal this feedback if I meet all eligibility requirements defined by the Appeals Policy, and that I know where to obtain an appeals packet.

**Associate Signature:** Acknowledged by Heslop,Roshawn B (BadgeID: 12343847)          **Date:** December 12, 2019, 9:33:08 AM

**Manager Signature:** Acknowledged by Sanchez,Kevin (BadgeID: 11134031)          **Date:** December 12, 2019, 9:33:08 AM

**CONFIDENTIAL**

**Case Type - Investigation**                    **Case Number - 00065519**

## Case Details:

• **Created by:** Ting Li
**Type:** Investigation
**Status:** Close
**Priority:** Priority 3
**Incident Date:** 11/20/2019, 5:00 PM
**Date Reported:** 11/20/2019, 10:00 PM
**Reported Method:** HRBP or Site HR
**Reported To:**
**Attorney-Client Privileged:** ☐
**Date Closed:** 12/10/2019, 9:18 PM
**Closed By:** Yuk Ting Li
**Date Created:** 12/10/2019, 8:53 PM
**Last Modified Date:** 3/1/2021, 2:33 PM
**Details:**
On 11/20/19, Area Manager, Tom Nagel, reported that associate, Roshawn Heslop stated to him, "I'm doing my f*cking job, why you bothering me? I know what I'm doing n*gga." Roshawn also said to him, "Why you keep hounding me and harassing me, I'll go to HR n*gga."

**HR Case Owner**

**Case Owner:** Ting Li

## Conclusion:

• **Background:**

 On 11/20/19, Area Manager, Tom Nagel, reported that associate, Roshawn Heslop cursed at him and use a racial slur towards him. The incident occurred when he was walking on the green by JP ship at bottom of red staircase. When he asked Roshawn, "How are you, where are you headed?" He mumbled something and kept walking away. Tom asked him again but he continued to walk towards the dock doors. Tom told him to stop so he can talk with him. Tom asked "What was that he needed?" He said, "A pallet jack to get wooden pallets off a trailer(which is odd)." Tom asked why and what dock door that was. Roshawn kept walking towards the doors and kept mumbling under his breath.  Once at the dock door, he turned around and faced me. He stated, "I'm doing my f*cking job, why you bothering me, I know what I'm doing n*gga."  Tom told him, "Hang on, I'm just asking a question and do not use vulgarities and don't call me that." He again stated, "I know what I'm doing, I have ADD and need to keep moving." Tom stated that he was clarifying why he were in flats and it seemed like he were roaming.  He again stated, "Why you keep hounding me and harassing me, I'll go to HR n*gga."

During the interview with Roshawn on December 2, 2019, he admitted to cussing Tom out. He stated that Tom really bothers him and gets on his nerve. Tom would always ask him if he knew how to do his job despite him working in ship dock for months. He said that Tom would often give him an attitude and it's his tone of voice that really rubs him the wrong way. Roshawn disclosed that it is not only him that had cussed him out, others has done so. On the date of the incident, he got mad so he tried to walk away. He is usually a quiet guy, he's here to work, but on this particular day, he couldn't hold it in anymore. He snapped at Tom and gave him a piece of him mind.

**CONFIDENTIAL**

---

**Case Type - Investigation**                    **Case Number - 00065519**

Roshawn said to Tom,"Let me tell you about your yourself." He asked that Tom leave him alone and stop questioning him about work because he knows how to f*cking do his job. He also admitted to saying to Tom, "N*gga, I have ADD" and that he has trouble standing still so when it's slow or nothing to do, he'd walk then stand. Tom responded that he shouldn't curse or speak to him that way and that he could take it to HR. Roshawn replied, "I'll go to them n*gga myself."

**Overall Conclusion:**

In conclusion, we have established that the allegations made against Roshawn is substantiated. Roshawn admitted that he cussed Tom out. Specifically, he said to Tom that he knows how to f*cking do his job. He also admitted to saying to Tom, "N*gga, I have ADD" and that he has trouble standing still so when it's slow or nothing to do, he'd walk then stand. When Tom responded that he shouldn't curse or speak to him that way and that he could take it to HR. Roshawn responded, "I'll go to them n*gga myself."

## Investigation Team:

### • Investigation Team #1

**Contact Name:** Ting Li
**Worker Type:**

## Involved Parties:

### • Involved Parties #1

**First Name:** Tom
**Last Name:** Nagel
**Business Title:** Area Manager
**Level:** 5
**Steam Org Name:** OPERATIONS & CUSTOMER SERVICE
**Location Building:** BDL6
**Location Country:** USA
**Employee Type:** Salaried
**Company:**
**Cost Center:** 1085
**Supervisor Name:** randolf james
**Worker Type:** Employee
**Job Title:** Manager II, Operations
**Employee Id:** 102749478

### Address

Address #1
**Mailing Street:**
**Mailing City:**
**Mailing State:**
**Mailing Postal Code:**

**CONFIDENTIAL**

**Case Type - Investigation**                                                      **Case Number - 00065519**

**Mailing Country:**
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:**
**Location Address 1:** ████████████

Address #2
**Mailing Street:**
**Mailing City:** ████████
**Mailing State:**
**Mailing Postal Code:** ██████
**Mailing Country:** USA
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:** Mailing
**Location Address 1:** █████████████

**Email**

Email #1
**Email:** tnnagel@amazon.com
**Email Bounced Reason:**
**Email Bounced Date:**
**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** ████████████
**Preferred Email:**
**Supervisor's Work Email:** randolfj@amazon.com

Email #2
**Email:** heslor@amazon.com
**Email Bounced Reason:**
**Email Bounced Date:**
**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** ████████████
**Preferred Email:**
**Supervisor's Work Email:** jraffile@amazon.com

████████

**CONFIDENTIAL**                                   **AMZ-BRY007568**

**CONFIDENTIAL**

<u>**Case Type - Investigation**</u>                                    <u>**Case Number - 00065519**</u>

<u>**Phone**</u>

Phone #1
**System Modstamp:** 5/1/2021, 2:36 AM
**Assistant Phone:**
**Home Phone:**
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:** ███████
**Work Phone Public:**
**Home Phone Private:**
**Mobile Phone Private:**
**Work Phone Private:**
**Work Phone Public Ext:**

Phone #2
**System Modstamp:** 4/28/2021, 4:04 PM
**Assistant Phone:**
**Home Phone:**
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:**
**Work Phone Public:**
**Home Phone Private:**
**Mobile Phone Private:** ███████
**Work Phone Private:**
**Work Phone Public Ext:**

**• Involved Parties #2**

**First Name:** Roshawn
**Last Name:** Heslop
**Business Title:** Fulfillment Associate
**Level:** 1
**Steam Org Name:** OPERATIONS & CUSTOMER SERVICE
**Location Building:** BDL3
**Location Country:** USA
**Employee Type:** Hourly
**Company:**
**Cost Center:** 1299
**Supervisor Name:** Jennifer Alyssa Raffile
**Worker Type:** Employee
**Job Title:** FC Associate I
**Employee Id:** 104943778

<u>**Address**</u>

**CONFIDENTIAL**                **AMZ-BRY007569**

**CONFIDENTIAL**

<u>**Case Type - Investigation**</u>                                                  <u>**Case Number - 00065519**</u>

Address #1
**Mailing Street:**
**Mailing City:**
**Mailing State:**
**Mailing Postal Code:**
**Mailing Country:**
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:**
**Location Address 1:** ███████████

Address #2
**Mailing Street:**
**Mailing City:** ██████
**Mailing State:**
**Mailing Postal Code:** █████
**Mailing Country:** USA
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:** Mailing
**Location Address 1:** ██████████

<u>**Email**</u>

Email #1
**Email:** tnnagel@amazon.com
**Email Bounced Reason:**
**Email Bounced Date:**
**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** █████████
**Preferred Email:**
**Supervisor's Work Email:** randolfj@amazon.com

Email #2
**Email:** heslor@amazon.com
**Email Bounced Reason:**

**CONFIDENTIAL**                                  **AMZ-BRY007570**

**CONFIDENTIAL**

<u>**Case Type - Investigation**</u>                                              <u>**Case Number - 00065519**</u>

**Email Bounced Date:**
**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** ██████████████
**Preferred Email:**
**Supervisor's Work Email:** jraffile@amazon.com

<u>**Phone**</u>

Phone #1
**System Modstamp:** 5/1/2021, 2:36 AM
**Assistant Phone:**
**Home Phone:**
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:** ████████████
**Work Phone Public:**
**Home Phone Private:**
**Mobile Phone Private:**
**Work Phone Private:**
**Work Phone Public Ext:**

Phone #2
**System Modstamp:** 4/28/2021, 4:04 PM
**Assistant Phone:**
**Home Phone:**
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:**
**Work Phone Public:**
**Home Phone Private:**
**Mobile Phone Private:** ████████████
**Work Phone Private:**
**Work Phone Public Ext:**

## Allegation:

**• Allegation #1**

**Issue Category:** Misconduct - Individual Behavior - Other Behavior
**Subject:** Roshawn B Heslop
**Allegation:**
Roshawn used profanity and a racial word toward Tom. Specifically, Roshawn said to Tom, ,
"I'm doing my fucking job, why you bothering me, I know what I'm doing nigga." Roshawn also
said, "Why you keep hounding me and harassing me, I'll go to HR nigga."
**Finding:** Confirmed

**CONFIDENTIAL**                         **AMZ-BRY007571**

**CONFIDENTIAL**

<u>**Case Type - Investigation**</u>                                              <u>**Case Number - 00065519**</u>

**Analysis:**

We have established that the allegations made against Roshawn is substantiated. Roshawn admitted that he cussed Tom out. Specifically, he said to Tom that he knows how to f*cking do his job. He also admitted to saying to Tom, "N*gga, I have ADD" and that he has trouble standing still so when it's slow or nothing to do, he'd walk then stand. When Tom responded that he shouldn't curse or speak to him that way and that he could take it to HR. Roshawn responded, "I'll go to them n*gga myself."

## Policy:

• **Policy Name:** Standard of Conduct

## Interview:

• **Created by:** Ting Li
**Interviewer:** <u>Yuk Ting Li</u>
**Person Being Interviewed:** <u>Roshawn B Heslop</u>
**Schedule Date/Time:**
**Location:**
**Type:** Respondent Interview
**Status:** Completed
**Others Present:**
**Opening Notes:**

During the interview with Roshawn on December 2, 2019, he admitted to cussing Tom out. He stated that Tom really bothers him and gets on his nerve. Tom would always ask him if he knew how to do his job despite him working in ship dock for months. He said that Tom would often give him an attitude and it's his tone of voice that really rubs him the wrong way. Roshawn disclosed that it is not only him that had cussed him out, others has done so. On the date of the incident, he got mad so he tried to walk away. He is usually a quiet guy, he's here to work, but on this particular day, he couldn't hold it in anymore. He snapped at Tom and gave him a piece of him mind.

Roshawn said to Tom,"Let me tell you about your yourself." He asked that Tom leave him alone and stop questioning him about work because he knows how to f*cking do his job. He also admitted to saying to Tom, "N*gga, I have ADD" and that he has trouble standing still so when it's slow or nothing to do, he'd walk then stand. When Tom responded that he shouldn't curse or speak to him that way and that he could take it to HR, he replied, "I'll go to them n*gga myself." Roshawn wanted to make it clear that he was not calling Tom a n*gga but he had simply use the word as that was how he talks when he gets mad.

**Body Notes:**
**Closing Notes:**

## Attachment:

**CONFIDENTIAL**                                        **AMZ-BRY007572**

**CONFIDENTIAL**

<u>**Case Type - Investigation**</u>                                                                  <u>**Case Number - 00065519**</u>

**• Attachment**

**Title:** 104943778 Roshawn Heslop Statement.pdf
**File Type:** PDF
**Created Date:** 12/12/2020, 10:27 AM
**Size:** 42,233
**Description:**

**• Attachment**

**Title:** RE AA encouinter-11 20 19-(3rd request).msg
**File Type:** MSG
**Created Date:** 12/13/2020, 12:01 PM
**Size:** 154,624
**Description:**

## Action:

**• Action**

**Action Type:** Final Written Warning
**Action Applied To:** Roshawn B Heslop
**Status:** Completed
**Action Taken Date:**
**Description:** The following final written feedback was generated:

On December 6, 2019, you were approached by a manager who were asking you what you were doing. You stated that you got mad at the manager and admitted to cussing him out. Specifically, you stated, "I'm doing my f*cking job, why you bothering me, I know what I'm doing n*gga." The policy classifies abusive, vulgar, or harassing language to a supervisor, fellow associate, or vendor as a Category 2 violation of the Standards of Conduct. This language is racial is nature and that type of language is not appropriate for the workplace. This has resulted in a final written warning.
**Created By:** Ting Li
**Created Date:** 12/10/2019, 9:03 PM

## Central Team:

**• Central Team Status:**
**Date of Resolution with Claimant:**
**Investigation Completed:**
**Investigation Assigned:**
**Recommendations Sent to HRBP:**
**Priority Case:**
**Who Prioritized?:**
**Group Responsible for Defect:**
**Tags:**
**Central Team Notes:**

**CONFIDENTIAL**                                                  **AMZ-BRY007573**

**CONFIDENTIAL**

Amazon.com Witness Statement Form

amazon.com.

# Witness Statement Form
Adopted March 2015

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon.com to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

| SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT | |
|---|---|
| Associate Name (Please Print) Roshawn Heslop | Department/Position Ship dock |
| Home Address, City, State, Zip | Home Phone ( ) | Work Phone |

**SECTION II: WITNESS STATEMENT** (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

Everything between me and Tom was built to that point. Everytime that Tom talked to me it felt like I was in the wrong for doing my job. He questioned me about everything I did in Ship Dock in a tone that rubbed me off the wrong way. It started with me trying to find a pallet jack after I was helping some new people in the trucks. I saw him looking at me already before I left that group for a pallet jack. It was for a truck to get pallets out and Tom came in between that to ask me what am I doing and why I needed a pallet jack for when I'm in the trucks. I go through this everytime I see him and it frustrates me because I know I work and I know he is testing me believing that I don't. So I tried to walk away because I was getting mad knowing I have a temper problem and Tom followed me arguing with me bringing him to the truck with pallets in it. Soon as I finally got there with Tom, I snapped and told him a piece of my mind but nothing that was threatening towards him.

Please list any witnesses or individuals who may have information relevant to this investigation.

**ACKNOWLEDGEMENT**

I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I understand that the Company will keep this statement as confidential as is reasonably possible consistent with the need for a full investigation and resolution of this matter. I further understand that as an Amazon.com associate that I am subject to Amazon.com's Code of Ethics and that failure to cooperate or hindering this internal investigation, including the refusal to answer questions, and providing false or purposefully misleading information may result in corrective action up to and including termination of employment.

| Roshawn Heslop | R. Heslop | 12/2/19 |
|---|---|---|
| Employee Name (Please Print) | Employee Signature | Date |

**CONFIDENTIAL**

- I told Tom "let me tell you about yourself" and pointed in his face.
- I told him to leave me alone and stop questioning me about work because I knew how to do my ~~f**~~ (f-word) job.

- Tom claimed that I walk around too often.
- I said (n-word) I have ADD and I have trouble standing still so when its slow ~~is its rather~~ or nothing to do I'd rather walk then stand.

- Tom said I shouldn't curse or speak to that way and we could take it to HR.
- Thats when I told him I'll go to a ~~HR~~ them n-word myself and went to HR.
- None of my curse words was a threat to him or towards him but just the way how I talk when I'm mad.

CONFIDENTIAL

**Archived:** Thursday, May 06, 2021 5:05:57 PM
**From:** Nagel, Tom
**Mail received time:** Fri, 29 Nov 2019 15:15:25
**Sent:** Fri, 29 Nov 2019 15:15:22
**To:** BDL3-Hr (BDL3-Hr@amazon.com)
**Cc:** Garcia, Jolie   Madhwaraj, Vivek   Caldwell, Joe
**Subject:** RE: AA encounter-11/20/19-(3rd request)
**Importance:** Normal
**Sensitivity:** None

---

Any update on below?  AA is on site today…

Tom

**Tom Nagel**
Area Manager
BDL3~AR Sortable
409 Washington Ave.
North Haven, CT
✉: tnnagel@amazon.com | ☎: 860.402.0312




---

**From:** Nagel, Tom
**Sent:** Tuesday, November 26, 2019 4:39 PM
**To:** 'BDL3-Hr (BDL3-Hr@amazon.com)' <BDL3-Hr@amazon.com>
**Cc:** Garcia, Jolie <jolieg@amazon.com>; Madhwaraj, Vivek <vmmadhwa@amazon.com>; Caldwell, Joe <joecaldw@amazon.com>
**Subject:** RE: AA encounter-11/20/19(2nd request)

HR,

I sent this on 11/21/19 and have yet to receive any follow up or feedback.  The AA is here today.

1. Is there any investigation happening?
2. Was the AA talked too?
3. Requesting a term-what should go into Adapt?

Please let me know what else is needed.

Tom

**Tom Nagel**
Area Manager
BDL3~AR Sortable
409 Washington Ave.
North Haven, CT
✉: tnnagel@amazon.com | ☎: 860.402.0312




---

**From:** Nagel, Tom
**Sent:** Thursday, November 21, 2019 1:06 PM
**To:** BDL3-Hr (BDL3-Hr@amazon.com) <BDL3-Hr@amazon.com>
**Cc:** Garcia, Jolie <jolieg@amazon.com>; Madhwaraj, Vivek <vmmadhwa@amazon.com>; Caldwell, Joe <joecaldw@amazon.com>
**Subject:** AA encounter-11/20/19

Date: 11/20/19
Dept: Ship Dock
Location: By Jackpot ship and DD158 I believe
AA Name: Reshawn? Jolie has…
Time: Approx 1345

Issue: AA was disrespectful, used vulgar language and used the N word

On 11/20/19 I was walking on green mile by JP ship at bottom of red staircase. AA had been assigned to fluid side per roster board, which was communicated. AA had ventured over to flats waterspider area, away from fluid. I approached AA and asked, "How are you, where are you headed?" He mumbled something and kept walking away. I asked him again, he continued to walk towards the dock doors. I told him to stop so I can talk with him. I asked what was that he needed. He said a pallet jack to get wooden pallets off a trailer(which is odd). I had asked why and what dock door that was. He kept walking towards the doors and kept mumbling under his breath. Once at the dock door, he turned around and faced me.

He stated, "I'm doing my fucking job, why you bothering me, I know what I'm doing nigga."

I told him, "Hang on, I'm just asking a question and do not use vulgarities and don't call me that." He again stated, "I know what I'm doing, I have ADD and need to keep moving." I stated I was clarifying why you were in flats and it seemed like you were roaming. He again stated, "Why you keep hounding me and harassing me, I'll go to HR nigga."

I then stated to go ahead. After 1500 break, I went to Jolie to explain the incident. She wanted me to send this…

Tom

**Tom Nagel**
Area Manager
BDL3~AR Sortable
409 Washington Ave.
North Haven, CT
✉: tnnagel@amazon.com | ☎: 860.402.0312

**CONFIDENTIAL**

Refused to sign by associate on December 20, 2019, 2:33:16 AM - Delivered by Jerome,Kerone (keronej)

# Supportive Feedback Document
## Behavioral - Final Written





**Associate Name:** Azzato,Dominick Joseph (azzato)
**Manager Name:** Wacker,Steven (RT885-2)
**Created On:** December 20, 2019, 2:33:16 AM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|-------|-------|-------------|

## Details of Current Incident/Specific Concerns

Workplace violence, including any intentional or reckless act that harms persons or property, is prohibited. Workplace violence also includes any verbal or physical conduct that threatens or that reasonably could be interpreted as an intent to cause harm to property or personal safety, even if it does not ultimately lead to harm to property or personal safety. On December 11, 2019 you had an interaction with a fellow associate at the dock where you made verbal threats to the associate. Upon our investigation we were able to confirm your behavior and your actions are in violation of Amazon's Security Standards. During our seek to understand conversation we discussed Amazon's prioritization of safety.

## Areas of Improvement Required by Associate

Amazon is committed to providing a work environment that promotes the health, safety, and productivity of its associates. Associates are expected to treat each other, contractors, customers, and visitors with courtesy and professionalism. Amazon will not tolerate violence, threats of violence, or other conduct by anyone that harms or threatens the safety of associates or others. You are expected to be in compliance with the Workplace Violence and Standards of Conduct policy at all times while working in the Fulfillment Center. Please note that If an associate receives 2 finals or a total of 6 documented counseling write-ups in a rolling 12 months, their employment will end. Immediate improvement is expected. Further violations may result in corrective action, up to and including termination. We will be proceeding with a final written documentation, effective immediately.

## Associate Comments

I acknowledge that I have been informed of my right to appeal this feedback if I meet all eligibility requirements defined by the Appeals Policy, and that I know where to obtain an appeals packet.

**Associate Signature:** Azzato,Dominick Joseph REFUSED TO SIGN                    **Date:** December 20, 2019, 2:33:16 AM

**Manager Signature:** Acknowledged by Jerome,Kerone (BadgeID: 0208965)                    **Date:** December 20, 2019, 2:33:16 AM

**CONFIDENTIAL**

Acknowledged by associate on April 14, 2020, 12:03:45 AM - Delivered by Anderson,Emily (emiland)

# Supportive Feedback Document
# Behavioral - Final Written





**Associate Name:** Hedgepeth,Chastity (chedgep)
**Manager Name:** Anderson,Emily (NA6U1715)
**Created On:** April 14, 2020, 12:03:45 AM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|---|---|---|
| Verbal Coaching | 1 | January 29, 2020, 7:30:51 AM |

## Details of Current Incident/Specific Concerns

The following feedback pertains to Amazon's Standards of Conduct. These behaviors are violations of Amazon's Standards of Conduct policy, &quot;Inappropriate Language or Behavior&quot; and is considered a Category 2 violation of the Standards of Conduct. On 4/10/2020 at 12:52 am, you were using profanity language towards Dwayne Watson (AM) by stating "This is why I didn't want to come in today. You're mad f**king annoying every time."

## Areas of Improvement Required by Associate

The Standards of Conduct strive to establish a collaborative, non-hostile work environment. The acts of inappropriate behavior creates a hostile atmosphere and may offend others. You are expected to be in compliance with the Standards of Conduct policy at all times while working in the Fulfillment Center. Continued violation of this policy may result in further corrective action, up to and including termination.

## Associate Comments

I acknowledge that I have been informed of my right to appeal this feedback if I meet all eligibility requirements defined by the Appeals Policy, and that I know where to obtain an appeals packet.

```



```

**Associate Signature:** Acknowledged by Hedgepeth,Chastity (BadgeID: 12296059)                                        **Date:** April 14, 2020, 12:03:45 AM

**Manager Signature:** Acknowledged by Anderson,Emily (BadgeID: 12244715)                                        **Date:** April 14, 2020, 12:03:45 AM

**CONFIDENTIAL**

Acknowledged by associate on July 12, 2019, 7:24:04 PM - Delivered by Hajaj,Moustafa Hussein (moustafh)



# Supportive Feedback Document
# Behavioral - Final Written



**Associate Name:** Nixon,Andrew (andrnixo)
**Manager Name:** Hajaj,Moustafa Hussein (NB1-1830)
**Created On:** July 12, 2019, 7:24:04 PM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|---|---|---|
| Verbal Coaching | 1 | November 28, 2018, 7:55:54 AM |

## Details of Current Incident/Specific Concerns

Associates are expected to treat each other, contractors, customers, and visitors with courtesy and professionalism. All associates, regardless of position, are responsible for ensuring that our workplace is free from offensive behavior and harassment. Examples of this behavior can be identified as conduct that includes any verbal or physical conduct that has the purpose or effect of creating an offensive, hostile, or intimidating work environment that interferes with an individual's ability to perform the job. On 7/10/19, you were reported to be in violation of this policy by providing unwanted contact to a co-worker by slapping him on the hip/butt. These behaviors are in violation of Amazon's Code of Conduct and are a Category 2 violation of Amazon's Standards of Conduct.

## Areas of Improvement Required by Associate

Amazon is committed to providing a work environment that promotes the health, safety, and productivity of its associates. Associates are expected to treat each other, contractors, customers, and visitors with courtesy and professionalism. Amazon will not tolerate any conduct whether physical or verbal that does or can be interpreted as creating an offensive, hostile, or intimidating work environment . You are expected to be in compliance with the Amazons Standards of Conduct policy at all times while working in the Fulfillment Center. Please note that if an associate receives 2 finals or a total of 6 documented counseling write-ups in a rolling 12 months, their employment will end. Immediate improvement is expected.

## Associate Comments

I acknowledge that I have been informed of my right to appeal this feedback if I meet all eligibility requirements defined by the Appeals Policy, and that I know where to obtain an appeals packet.

<br><br><br><br><br>

**Associate Signature:** Acknowledged by Nixon,Andrew (BadgeID: 11251071)                    **Date:** July 12, 2019, 7:24:04 PM

**Manager Signature:** Acknowledged by Hajaj,Moustafa Hussein (BadgeID: 0263351)             **Date:** July 12, 2019, 7:24:04 PM

**CONFIDENTIAL**

Acknowledged by associate on September 05, 2019, 4:01:56 PM - Delivered by alicea,yelisabeth (yelisaba)

# Supportive Feedback Document
# Behavioral - First Written





**Associate Name:** Patel,Kinjalben (pkinjalb)
**Manager Name:** Whitney,Ally (DK7-0730)
**Created On:** September 05, 2019, 4:01:56 PM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|---|---|---|
| Verbal Coaching | 2 | September 26, 2018, 7:57:58 PM |

## Details of Current Incident/Specific Concerns

The following feedback pertains to Amazon's Standards of Conduct as a Category 2 violation of the Standards of Conduct. The policy classifies abusive, vulgar, or harassing language to a supervisor, fellow associate, or vendor as a Category 2 violation of the Standards of Conduct. On 9/5/2019, you made inappropriate comments here at work. Specifically, you called one of you co-workers &quot;bitch&quot; after having a disagreement/you correcting her as a problem solver and the co-worker was being loud toward you.

## Areas of Improvement Required by Associate

In an effort to maintain a professional workplace for all associates, Amazon.com prohibits the repeated use of foul/inappropriate language, spreading malicious gossip or rumors about co-workers, and statements containing stereotypes about race, gender, age, religion, etc. that can make co-workers feel uncomfortable. You must be respectful and professional in all your communications, whether verbal, electronic (email) or other written. As detailed above, you have failed to meet this expectation. Failure to meet this expectation in the future may result in further discipline, up to and including termination of employment.

## Associate Comments

I accept this feedback but I feel the other associate was rude towards me

**Associate Signature:** Acknowledged by Patel,Kinjalben (BadgeID: 12125388)          **Date:** September 05, 2019, 4:01:56 PM

**Manager Signature:** Acknowledged by alicea,yelisabeth (BadgeID: 0188334)          **Date:** September 05, 2019, 4:01:56 PM

CONFIDENTIAL

Acknowledged by associate on April 01, 2019, 4:17:15 PM - Delivered by Shibutani,Lena (lsshibut)

# Supportive Feedback Document
## Behavioral - First Written





**Associate Name:** patel,mehul (mehupate)
**Manager Name:** Shibutani,Lena (DA5-0700)
**Created On:** April 01, 2019, 4:17:15 PM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|---|---|---|

## Details of Current Incident/Specific Concerns

The following feedback pertains to Amazon's Security Standards of Conduct policy. Amazon is committed to providing a safe and secure work environment. In order to successfully keep our employees safe and secure, we rely on our associates to follow the Security Standards of Conduct. On 2/20/19, you brought a &quot;pocket knife&quot; (per LP and security) through the east side metal detector screening on premises. Per approval of HRBP's, the severity of the feedback has been downgraded due to month-long LOA absence by the AA. Amazon's Security Standards of Conduct specifically prohibits use or possession of any weapon, improvised weapon or makeshift weapon. This type of violation is considered a Category 1 Security Infraction. Category 1 Security Infractions are defined as any action or combination of actions that directly exposes the site to immediate risk of severe injury or financial loss.

## Areas of Improvement Required by Associate

Immediate improvement is required. Amazon takes the security of its associates extremely serious. Bringing a weapon into the building is a violation of Amazon's Security Standard of Conduct. If you have any questions about appropriate behavior and what constitutes a violation, please reach out to your Manager, Security or Human Resources. Please note that If an associate receives 2 finals or a total of 6 documented counseling write-ups in a rolling 12 months, their employment will end. This violation has resulted in immediate termination of employment.

## Associate Comments

**Associate Signature:** Acknowledged by patel,mehul (BadgeID: 11118028)        **Date:** April 01, 2019, 4:17:15 PM

**Manager Signature:** Acknowledged by Shibutani,Lena (BadgeID: 12011071)        **Date:** April 01, 2019, 4:17:15 PM

**CONFIDENTIAL**

Acknowledged by associate on May 19, 2019, 11:03:03 AM - Delivered by higginbotham,rachel (hirachel)

# Supportive Feedback Document
## Behavioral - Termination



**Associate Name:** patel,mehul (mehupate)
**Manager Name:** higginbotham,rachel (DA5-0700)
**Created On:** May 19, 2019, 11:03:03 AM



## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|---|---|---|
| First Written | 1 | April 01, 2019, 4:14:24 PM |

## Details of Current Incident/Specific Concerns

The following feedback pertains to Amazon's No Retaliation policy. On 5/12/2019 , you were reported to be in violation of this policy by approaching an associate while he was at his station and poking him in the behind. It was witnessed through a video that you had physical contact with this associate, by poking him in the behind. Examples of sexual harassment include, but are not limited to, "sexual jokes or use of sexually explicit language" and "sexual comments injected into business communications." Sexual harassment may be overt or subtle. Behavior that may be acceptable in a social setting may not be appropriate in the workplace.

## Areas of Improvement Required by Associate

Amazon.com is committed to providing a safe and harassment free workplace environment. Workplace violence, including any intentional or reckless act that harms persons or property, is prohibited. Workplace violence also includes any verbal or physical conduct that threatens or that reasonably could be interpreted as an intent to cause harm to property or personal safety, even if it does not ultimately lead to harm to property or personal safety. This behavior is a violation of Amazon's Workplace Violence policy and is a Category 1 violation of Amazon's Standards of Conduct. You are expected to be in compliance with the Workplace Harassment policy at all times while working in the Fulfillment Center. Please note that If an associate receives 2 finals or a total of 6 documented counseling write-ups in a rolling 12 months, their employment will end. Continued violation of this policy may result in further corrective action, up to and including termination.

## Associate Comments

I acknowledge that I have been informed of my right to appeal this feedback if I meet all eligibility requirements defined by the Appeals Policy, and that I know where to obtain an appeals packet.

[ ]

**Associate Signature:** Acknowledged by patel,mehul (BadgeID: 11118028)          **Date:** May 19, 2019, 11:03:03 AM

**Manager Signature:** Acknowledged by higginbotham,rachel (BadgeID: 0327254)          **Date:** May 19, 2019, 11:03:03 AM

**CONFIDENTIAL**          **AMZ-BRY002550**

**CONFIDENTIAL**

Acknowledged by associate on May 02, 2019, 6:16:10 PM - Delivered by McQuaige,Corliss (mcquaige)

## Supportive Feedback Document
## Behavioral - Final Written



**Associate Name:** Jackson,Willie (wjac)
**Manager Name:** Campbell,Devon (NF6-1800)
**Created On:** May 02, 2019, 6:16:10 PM



### Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

### Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|---|---|---|
| Documented Coaching | 1 | September 12, 2018, 12:47:14 PM |

### Details of Current Incident/Specific Concerns

Associates are expected to treat each other, contractors, customers, and visitors with courtesy and professionalism. All associates, regardless of position, are responsible for ensuring that our workplace is free from offensive behavior and harassment. Examples of this behavior can be identified as conduct, verbal or physical, that has the purpose or effect of creating an offensive, hostile, or intimidating work environment that interferes with an individual's ability to perform the job. On 4/25/2019 you were observed at stand up stating "kill all spiders, Amcare will be busy tonight." During the seek to understand you stated that "Kill all spiders" refers to stowers clearing racks fast causing waterspiders to work so hard their feet will hurt and they will need to go to Amcare. These behaviors can be classified as abusive, vulgar, or harassing language to a supervisor, fellow associate, or vendor as a Category 2 violation of the Standards of Conduct.

### Areas of Improvement Required by Associate

Amazon is committed to providing a work environment that promotes the health, safety, and productivity of its associates. Associates are expected to treat each other, contractors, customers, and visitors with courtesy and professionalism. Amazon will not tolerate any conduct whether physical or verbal that does or can be interpreted as creating an offensive, hostile, or intimidating work environment . You are expected to be in compliance with the Amazons Standards of Conduct policy at all times while working in the Fulfillment Center. Please note that if an associate receives 2 finals or a total of 6 documented counseling write-ups in a rolling 12 months, their employment will end. Immediate improvement is expected

### Associate Comments

I acknowledge that I have been informed of my right to appeal this feedback if I meet all eligibility requirements defined by the Appeals Policy, and that I know where to obtain an appeals packet.

**Associate Signature:** Acknowledged by Jackson,Willie (BadgeID: 0132289)    **Date:** May 02, 2019, 6:16:10 PM

**Manager Signature:** Acknowledged by McQuaige,Corliss (BadgeID: 0046743)    **Date:** May 02, 2019, 6:16:10 PM

**CONFIDENTIAL**

Acknowledged by associate on May 24, 2019, 4:52:41 PM - Delivered by Lerch,Matt (lerchm)

# Supportive Feedback Document
# Behavioral - Documented Coaching





**Associate Name:** Larose,Alex (alelaros)
**Manager Name:** Vercollone,Anthony (DN2-0700)
**Created On:** May 24, 2019, 4:52:41 PM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|-------|-------|-------------|

## Details of Current Incident/Specific Concerns

Associates are expected to treat each other, contractors, customers, and visitors with courtesy and professionalism. All associates, regardless of position, are responsible for ensuring that our workplace is free from offensive behavior and harassment. Examples of this behavior can be identified as conduct that includes any verbal or physical conduct that has the purpose or effect of creating an offensive, hostile, or intimidating work environment that interferes with an individual's ability to perform the job. On May 24th, you asked an Area Manager (Kelly Wagner) if she was of Spanish heritage and when she said yes you remarked that &quot;your body looks like it&quot;. Making a comment about any employees body is unacceptable. These behaviors are in violation of Amazon's Code of Conduct and are a Category 2 violation of Amazon's Standards of Conduct.

## Areas of Improvement Required by Associate

Amazon is committed to providing a work environment that promotes the health, safety, and productivity of its associates. Associates are expected to treat each other, contractors, customers, and visitors with courtesy and professionalism. Amazon will not tolerate any conduct whether physical or verbal that does or can be interpreted as creating an offensive, hostile, or intimidating work environment . You are expected to be in compliance with the Amazons Standards of Conduct policy at all times while working in the Fulfillment Center. Please note that if an associate receives 2 finals or a total of 6 documented counseling write-ups in a rolling 12 months, their employment will end. Immediate improvement is expected.

## Associate Comments



**Associate Signature:** Acknowledged by Larose,Alex (BadgeID: 12397222)        **Date:** May 24, 2019, 4:52:41 PM


**Manager Signature:** Acknowledged by Lerch,Matt (BadgeID: 12247998)        **Date:** May 24, 2019, 4:52:41 PM

**CONFIDENTIAL**

GC Exhibit 96(a)

Acknowledged by associate on April 11, 2020, 12:15:55 AM - Delivered by Antoine-Wattley,Anica L (anicaant)

# Supportive Feedback Document
# Behavioral - Final Written





**Associate Name:** McBurnie,Terrell (tmcburni)
**Manager Name:** Sanchez,Kevin (RT1368-2)
**Created On:** April 11, 2020, 12:15:55 AM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|---|---|---|
| Documented Coaching | 2 | March 11, 2020, 9:44:07 AM |

## Details of Current Incident/Specific Concerns

On March 21, 2020, you made an inappropriate statement to another associate by saying &quot;Suck my D*ck&quot;. A seek to understand conversation took place with you to which you stated AA called you a clown in which you replied with that comment. Additionally, on March 28, 2020, you also made an inappropriate hand gesture towards another AA. This behavior is considered a Category 2 Offense as listed in The Owner's Manual and results in corrective action for: Abusive, vulgar, or harassing language to a supervisor, fellow associate, or vendor. Due to this violation, you are being issued a Final Written Warning that will affect your ability to transfer for 90 days.

## Areas of Improvement Required by Associate

All associates, regardless of position, are responsible for ensuring that our workplace is free from offensive behavior and harassment. All associates must avoid any conduct that may be perceived as offensive and/or harassing. Going forward, your language and actions are expected to be professional, without the use of profanity and appropriate for the workplace. Failure to comply with these expectations may result in additional disciplinary action up to and including termination of employment.

## Associate Comments

I acknowledge that I have been informed of my right to appeal this feedback if I meet all eligibility requirements defined by the Appeals Policy, and that I know where to obtain an appeals packet.

[blank text box]

**Associate Signature:** Acknowledged by McBurnie,Terrell (BadgeID: 12018644)          **Date:** April 11, 2020, 12:15:55 AM

**Manager Signature:** Acknowledged by Antoine-Wattley,Anica L (BadgeID: 11171976)          **Date:** April 11, 2020, 12:15:55 AM

**CONFIDENTIAL**                    **AMZ-BRY003757**

**CONFIDENTIAL**

Acknowledged by associate on June 12, 2020, 11:37:09 PM - Delivered by Bolden,Hallie Clayton (boldenh)

# Supportive Feedback Document
# Behavioral - Termination





**Associate Name:** McBurnie,Terrell (tmcburni)
**Manager Name:** Bolden,Hallie Clayton (RT1368-2)
**Created On:** June 12, 2020, 11:37:10 PM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|---|---|---|
| First Written | 1 | April 25, 2020, 11:05:56 AM |
| Documented Coaching | 3 | April 18, 2020, 12:43:21 PM |
| Final Written | 2 | June 05, 2020, 9:48:26 PM |

## Details of Current Incident/Specific Concerns

The following feedback pertains to Amazon's Workplace Violence and Standards of Conduct policies. On June 12, 2020, you were reported to be in violation of this policy by purposefully colliding into another associate while walking into the bathroom. This happened two times. During a seek to understand conversation with Human Resources, you stated that the associate bumped into you and made threats. Upon reviewing video footage, it was made evident that you collided into the associate twice. Workplace violence, including any intentional or reckless act that harms persons or property, is prohibited. Workplace violence also includes any verbal or physical conduct that threatens or that reasonably could be interpreted as an intent to cause harm to property or personal safety, even if it does not ultimately lead to harm to property or personal safety. This behavior is a violation of Amazon's Workplace Violence policy and is a Category 1 violation of Amazon's Standards of Conduct and has resulted in immediate separation of employment.

## Areas of Improvement Required by Associate

Amazon is committed to providing a work environment that promotes the health, safety, and productivity of its associates. Associates are expected to treat each other, contractors, customers, and visitors with courtesy and professionalism. Amazon will not tolerate violence, threats of violence, or other conduct by anyone that harms or threatens the safety of associates or others. Conduct prohibited by this policy is unacceptable in the workplace and in any work-related setting outside of the workplace. You are expected to be in compliance with the Workplace Violence and Standards of Conduct policy at all times while working in the Fulfillment Center. This behavior is a violation of Amazon's Workplace Violence policy and is a Category 1 violation of Amazon's Standards of Conduct and has resulted in immediate separation of employment.

## Associate Comments

I acknowledge that I have been informed of my right to appeal this feedback if I meet all eligibility requirements defined by the Appeals Policy, and that I know where to obtain an appeals packet.

| |
|---|
| AA is not Appeal eligible due to WPV policy |

**Associate Signature:** Acknowledged by McBurnie,Terrell (BadgeID: 12018644)     **Date:** June 12, 2020, 11:37:09 PM

**Manager Signature:** Acknowledged by Bolden,Hallie Clayton (BadgeID: 11024751)     **Date:** June 12, 2020, 11:37:09 PM

**CONFIDENTIAL**     **AMZ-BRY003760**

**Case Type - Investigation**                                                          **Case Number - 00113644**

## Case Details:

 • **Created by:** Marley Marcinczyk
**Type:** Investigation
**Status:** Close
**Priority:** Priority 3
**Incident Date:**
**Date Reported:** 3/20/2020, 9:00 PM
**Reported Method:** HRBP or Site HR
**Reported To:**
**Attorney-Client Privileged:** ☐
**Date Closed:** 4/10/2020, 9:32 PM
**Closed By:** Marley Marcinczyk
**Date Created:** 3/22/2020, 1:52 AM
**Last Modified Date:** 3/1/2021, 2:35 PM
**Details:**
On March 21, 2020, AA Timothy Brown came down to HR to report an incident that happened earlier in the night at approximately 6:20PM in the main break room, between himself and another AA Terrell McBurnie.  AA Timothy Brown stated that he was sitting in the cafeteria with two other Associates when AA McBurnie approached the table and used offensive language. Senior HRA Marley Marcinczyk took the statement and also escalated to LP Manager John Pettit.

**HR Case Owner**

**Case Owner:** Kalp Joshi

## Conclusion:

 • **Background:**

On March 21, 2020, AA Timothy Brown came down to HR to report an incident that happened earlier in the night at approximately 6:20PM in the main break room, between himself and another AA Terrell McBurnie.  AA Timothy Brown stated that he was sitting in the cafeteria with two other Associates when AA McBurnie approached the table and used offensive language. Senior HRA Marley Marcinczyk took the statement and also escalated to LP Manager John Pettit.  Additionally, a second incident occurred on the night of March 28, 2020 where AA Timothy Brown stated that AA Terrell McBurnie walked by while Tim was on the pit and stuck up his middle finger. When looking at video footage, it was verified that AA Terrell McBurnie did walk by AA Timothy Brown in the main breakroom.  Witness Mark Doward that was sitting at table with Timothy Brown could only confirm that inappropriate language was used (Suck my D*ck) but no other threats or language was used. During the Seek to Understand conversation with Terrell McBurnie, he also admitted to using the inappropriate language (suck my dick) while walking by Timothy Brown and the others sitting at the table.   The incident on March 28th, Terrell McBurnie stated he "did not remember" making any offensive gestures but did not deny that it happen.  After reviewing camera footage, there was confirmation that Terrell McBurnie did give Timothy Brown the middle finger while walking past in the dock area at approximately 3:37AM in the morning.

**Overall Conclusion:**

**CONFIDENTIAL**

**Case Type - Investigation**                    **Case Number - 00113644**

Based on the evidence supported through reviewing video footage and seek to understand conversations, it was confirmed that AA Terrell McBurnie was in violation of the standards of conduct which lists "Abusive, vulgar, or harassing language to a supervisor, fellow associate, or vendor, which is a category 2 offense.

## Investigation Team:

### • Investigation Team #1

**Contact Name:** Jessica Okun
**Worker Type:**

### • Investigation Team #2

**Contact Name:** William Thompson
**Worker Type:**

### • Investigation Team #3

**Contact Name:** Marley Marcinczyk
**Worker Type:**

### • Investigation Team #4

**Contact Name:** Kalp Joshi
**Worker Type:**

## Involved Parties:

### • Involved Parties #1

**First Name:** Terrell
**Last Name:** McBurnie
**Business Title:** Fulfillment Associate
**Level:** 1
**Steam Org Name:** OPERATIONS & CUSTOMER SERVICE
**Location Building:** BDL3
**Location Country:** USA
**Employee Type:** Hourly
**Company:**
**Cost Center:** 1299
**Supervisor Name:** Hallie Hallie Bolden
**Worker Type:** Employee
**Job Title:** FC Associate I
**Employee Id:** 105015717

**Address**

**amazon**exact

**CONFIDENTIAL**

<u>**Case Type - Investigation**</u>                    <u>**Case Number - 00113644**</u>

Address #1
**Mailing Street:**
**Mailing City:**
**Mailing State:**
**Mailing Postal Code:**
**Mailing Country:**
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:**
**Location Address 1:** 409 Washington Avenue

Address #2
**Mailing Street:**
**Mailing City:** Newhaven
**Mailing State:**
**Mailing Postal Code:** ██████
**Mailing Country:** ████
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:** Mailing
**Location Address 1:** ████████████

Address #3
**Mailing Street:**
**Mailing City:**
**Mailing State:**
**Mailing Postal Code:**
**Mailing Country:**
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:**
**Location Address 1:** ████████████

**CONFIDENTIAL**

<u>**Case Type - Investigation**</u>                                      <u>**Case Number - 00113644**</u>

<u>**Email**</u>

Email #1
**Email:** ▮▮▮▮▮▮▮▮
**Email Bounced Reason:**
**Email Bounced Date:**
**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** ▮▮▮▮▮▮▮▮
**Preferred Email:**
**Supervisor's Work Email:** boldenh@amazon.com

Email #2
**Email:** ▮▮▮▮▮▮▮▮
**Email Bounced Reason:**
**Email Bounced Date:**
**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** ▮▮▮▮▮▮▮▮
**Preferred Email:**
**Supervisor's Work Email:** lasanerl@amazon.com

Email #3
**Email:** ▮▮▮▮▮▮▮▮
**Email Bounced Reason:**
**Email Bounced Date:**
**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** ▮▮▮▮▮▮▮▮
**Preferred Email:**
**Supervisor's Work Email:** klamark@amazon.com

<u>**Phone**</u>

Phone #1
**System Modstamp:** 3/30/2021, 12:30 PM
**Assistant Phone:**
**Home Phone:**
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:**
**Work Phone Public:**
**Home Phone Private:**
**Mobile Phone Private:** ▮▮▮▮▮▮
**Work Phone Private:**
**Work Phone Public Ext:**

**CONFIDENTIAL**

<u>**Case Type - Investigation**</u>                                    <u>**Case Number - 00113644**</u>

Phone #2
**System Modstamp:** 3/30/2021, 12:33 PM
**Assistant Phone:**
**Home Phone:**
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:**
**Work Phone Public:**
**Home Phone Private:**
**Mobile Phone Private:** ███████
**Work Phone Private:**
**Work Phone Public Ext:**

Phone #3
**System Modstamp:** 4/10/2021, 3:29 PM
**Assistant Phone:**
**Home Phone:**
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:**
**Work Phone Public:**
**Home Phone Private:** ███████
**Mobile Phone Private:** ████████
**Work Phone Private:**
**Work Phone Public Ext:**

**• Involved Parties #2**

**First Name:** Timothy
**Last Name:** Brown
**Business Title:** Fulfillment Associate
**Level:** 1
**Steam Org Name:** Ops & Customer Service
**Location Building:** BDL3
**Location Country:** USA
**Employee Type:** Hourly
**Company:**
**Cost Center:** 1299
**Supervisor Name:** Russell Lasane
**Worker Type:** Employee
**Job Title:** FC Associate I
**Employee Id:** 105015726

**<u>Address</u>**

Address #1
**Mailing Street:**
**Mailing City:**

**CONFIDENTIAL**

**Mailing State:**
**Mailing Postal Code:**
**Mailing Country:**
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:**
**Location Address 1:** ▮▮▮▮▮▮▮▮▮▮

Address #2
**Mailing Street:**
**Mailing City:** Newhaven
**Mailing State:**
**Mailing Postal Code:** ▮▮▮▮▮
**Mailing Country:** ▮▮▮▮
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:** Mailing
**Location Address 1:** ▮▮▮▮▮▮▮▮▮▮

Address #3
**Mailing Street:**
**Mailing City:**
**Mailing State:**
**Mailing Postal Code:**
**Mailing Country:**
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:**
**Location Address 1:** ▮▮▮▮▮▮▮▮▮▮

**Email**

**CONFIDENTIAL**

**Case Type - Investigation**                  **Case Number - 00113644**

Email #1
**Email:** █████████████
**Email Bounced Reason:**
**Email Bounced Date:**
**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** ███████████████
**Preferred Email:**
**Supervisor's Work Email:** boldenh@amazon.com

Email #2
**Email:** ████████████
**Email Bounced Reason:**
**Email Bounced Date:**
**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** █████████████
**Preferred Email:**
**Supervisor's Work Email:** lasanerl@amazon.com

Email #3
**Email:** █████████████
**Email Bounced Reason:**
**Email Bounced Date:**
**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** ████████████
**Preferred Email:**
**Supervisor's Work Email:** klamark@amazon.com


**Phone**

Phone #1
**System Modstamp:** 3/30/2021, 12:30 PM
**Assistant Phone:**
**Home Phone:**
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:**
**Work Phone Public:**
**Home Phone Private:**
**Mobile Phone Private:** █████████
**Work Phone Private:**
**Work Phone Public Ext:**

Phone #2
**System Modstamp:** 3/30/2021, 12:33 PM
**Assistant Phone:**
**Home Phone:**

**CONFIDENTIAL**              **AMZ-BRY007855**

**amazon**exact

**CONFIDENTIAL**

<u>**Case Type - Investigation**</u>                                        <u>**Case Number - 00113644**</u>

**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:**
**Work Phone Public:**
**Home Phone Private:**
**Mobile Phone Private:** ▮▮▮▮▮▮
**Work Phone Private:**
**Work Phone Public Ext:**

Phone #3
**System Modstamp:** 4/10/2021, 3:29 PM
**Assistant Phone:**
**Home Phone:**
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:**
**Work Phone Public:**
**Home Phone Private:** ▮▮▮▮▮▮
**Mobile Phone Private:** ▮▮▮▮▮▮▮
**Work Phone Private:**
**Work Phone Public Ext:**

**• Involved Parties #3**

**First Name:** Mark
**Last Name:** Doward
**Business Title:** Fulfillment Associate
**Level:** 1
**Steam Org Name:** OPERATIONS & CUSTOMER SERVICE
**Location Building:** BDL3
**Location Country:** USA
**Employee Type:** Hourly
**Company:**
**Cost Center:** 1299
**Supervisor Name:** Mark Klamrowski
**Worker Type:** Employee
**Job Title:** FC Associate I
**Employee Id:** 105738150

<u>**Address**</u>

Address #1
**Mailing Street:**
**Mailing City:**
**Mailing State:**
**Mailing Postal Code:**
**Mailing Country:**
**Mailing Geocode Accuracy:**

**CONFIDENTIAL**

**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:**
**Location Address 1:** ███████████████

Address #2
**Mailing Street:**
**Mailing City:** Newhaven
**Mailing State:**
**Mailing Postal Code:** ██████
**Mailing Country:** ████
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:** Mailing
**Location Address 1:** ███████████████

Address #3
**Mailing Street:**
**Mailing City:**
**Mailing State:**
**Mailing Postal Code:**
**Mailing Country:**
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:**
**Location Address 1:** ███████████████

**Email**

Email #1
**Email:** ██████████████████
**Email Bounced Reason:**
**Email Bounced Date:**

**CONFIDENTIAL**

<u>**Case Type - Investigation**</u>                         <u>**Case Number - 00113644**</u>

**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** ████████████
**Preferred Email:**
**Supervisor's Work Email:** boldenh@amazon.com

Email #2
**Email:** ████████████
**Email Bounced Reason:**
**Email Bounced Date:**
**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** ████████████
**Preferred Email:**
**Supervisor's Work Email:** lasanerl@amazon.com

Email #3
**Email:** ████████████
**Email Bounced Reason:**
**Email Bounced Date:**
**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** ████████████
**Preferred Email:**
**Supervisor's Work Email:** klamark@amazon.com

<u>**Phone**</u>

Phone #1
**System Modstamp:** 3/30/2021, 12:30 PM
**Assistant Phone:**
**Home Phone:**
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:**
**Work Phone Public:**
**Home Phone Private:**
**Mobile Phone Private:** ████████
**Work Phone Private:**
**Work Phone Public Ext:**

Phone #2
**System Modstamp:** 3/30/2021, 12:33 PM
**Assistant Phone:**
**Home Phone:**
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:**

Printed Date: May 6, 2021
Printed By: Arianna Smogard

**CONFIDENTIAL**                    **AMZ-BRY007858**

**CONFIDENTIAL**

**Work Phone Public:**
**Home Phone Private:**
**Mobile Phone Private:** ██████████
**Work Phone Private:**
**Work Phone Public Ext:**

Phone #3
**System Modstamp:** 4/10/2021, 3:29 PM
**Assistant Phone:**
**Home Phone:**
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:**
**Work Phone Public:**
**Home Phone Private:** ██████████
**Mobile Phone Private:** ██████████
**Work Phone Private:**
**Work Phone Public Ext:**

## Allegation:

### • Allegation #1

**Issue Category:** Misconduct - Individual Behavior - Other Behavior
**Subject:** Terrell McBurnie
**Allegation:**
AA Terrell McBurnie allegedly used inappropriate language and gestures towards Timothy
Brown on March 21, 2020 and March 27, 2020.
**Finding:** Confirmed
**Analysis:**

On March 21, 2020, AA Timothy Brown came down to HR and spoke to Sr. HRA Marley
Marcinczyk to report an incident that happened earlier in the night at approximately 6:20PM in
the main break room, between himself and another AA Terrell McBurnie.  AA Timothy Brown
stated that he was sitting in the cafeteria with two other Associates when AA McBurnie
approached the table and used offensive language.  Senior HRA Marley Marcinczyk took the
statement and also escalated to LP Manager John Pettit.  Additionally, a second incident
occurred that was reported to Timothy Brown on the night of March 28,2020.  AA Timothy
Brown stated that AA Terrell McBurnie walked by while Tim was on the pit and stuck up his
middle finger.

## Policy:

### • Policy Name: Owner's Manual - Standards of Conduct

**CONFIDENTIAL**

**Case Type - Investigation**                                    **Case Number - 00113644**

## Interview:

      • **Created by:** Marley Marcinczyk
**Interviewer:** Marley Marcinczyk
**Person Being Interviewed:** Terrell McBurnie
**Schedule Date/Time:** 4/1/2020, 9:00 PM
**Location:**
**Type:** Respondent Interview
**Status:** Completed
**Others Present:** William Thompson
**Opening Notes:**
**Body Notes:**
**Closing Notes:**

      • **Created by:** Marley Marcinczyk
**Interviewer:** Marley Marcinczyk
**Person Being Interviewed:** Timothy Lonnell Brown
**Schedule Date/Time:** 2/20/2020, 10:00 PM
**Location:**
**Type:** Claimant Interview
**Status:** Completed
**Others Present:**
**Opening Notes:**
**Body Notes:**
**Closing Notes:**

      • **Created by:** Marley Marcinczyk
**Interviewer:** Marley Marcinczyk
**Person Being Interviewed:** Mark Doward
**Schedule Date/Time:** 3/27/2020, 9:00 PM
**Location:**
**Type:** Witness Interview
**Status:** Completed
**Others Present:**
**Opening Notes:**
**Body Notes:**
**Closing Notes:**

## Attachment:

      • **Attachment**

**Title:** markdoward.witnessstatement.pdf
**File Type:** PDF
**Created Date:** 12/13/2020, 10:27 PM
**Size:** 257,882
**Description:**

      • **Attachment**

**CONFIDENTIAL**

<u>Case Type - Investigation</u>                                    <u>Case Number - 00113644</u>

**Title:** terrellmcburnie.ws breakroom.pdf
**File Type:** PDF
**Created Date:** 12/13/2020, 10:27 PM
**Size:** 314,663
**Description:**


**• Attachment**
_____

**Title:** T.Brown WS 3.21.2020.pdf
**File Type:** PDF
**Created Date:** 12/13/2020, 10:27 PM
**Size:** 226,578
**Description:**

**• Attachment**
_____

**Title:** Terrell McBurnie 3.28.20 3.47.58.cva
**File Type:** UNKNOWN
**Created Date:** 12/15/2020, 8:49 AM
**Size:** 5,505,024
**Description:**


## Action:

**• Action**
_____

**Action Type:** Final Written Warning
**Action Applied To:** Terrell McBurnie
**Status:** Completed
**Action Taken Date:** 4/9/2020, 5:00 PM
**Description:** AA Terrell McBurnie was delivered a final written warning on April 10, 2020.

ADAPT Verbiage:
Details of Concern: On March 21, 2020, you made an inappropriate statement to another associate by saying "Suck my D*ck". A seek to understand conversation took place with you to which you stated AA  called you a clown in which you replied with that comment. Additionally, on March 28, 2020, you also made an inappropriate hand gesture towards another AA. This behavior is considered a Category 2 Offense as listed in The Owner's Manual and results in corrective action for: Abusive, vulgar, or harassing language to a supervisor, fellow associate, or vendor. Due to this violation, you are being issued a Final Written Warning that will affect your ability to transfer for 90 days.

Areas of Improvement: All associates, regardless of position, are responsible for ensuring that our workplace is free from offensive behavior and harassment. All associates must avoid any conduct that may be perceived as offensive and/or harassing. Going forward, your language and actions are expected to be professional, without the use of profanity and appropriate for the workplace. Failure to comply with these expectations may result in additional disciplinary action up to and including termination of employment.
**Created By:** Marley Marcinczyk
**Created Date:** 4/6/2020, 3:21 PM

**CONFIDENTIAL**

amazonexact

<u>**Case Type - Investigation**</u>                                                <u>**Case Number - 00113644**</u>

## Central Team:

      • **Central Team Status:**
      **Date of Resolution with Claimant:**
      **Investigation Completed:**
      **Investigation Assigned:**
      **Recommendations Sent to HRBP:**
      **Priority Case:**
      **Who Prioritized?:**
      **Group Responsible for Defect:**
      **Tags:**
      **Central Team Notes:**

**amazon**.com.

**CONFIDENTIAL**

# Witness Statement Form
Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

| SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT | |
|---|---|
| Name  Timothy L. Brown | Department/Position  fork lift Driver |
| [redacted] | Home Phone [redacted] | Work Phone ( ) |

| SECTION II: WITNESS STATEMENT (Use additional paper or back of form if necessary) |
|---|

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

ON 3-24-2020 At APPROXimantly around 6:20PM. I AND two other individuals were sitting in the CAFERTIRA waiting to report to the time clock. INDIVIDUAL( 1# I believe his NAME IS Tyress so I'll call him INDIVIDUAL 1# WALKS IN and looks at me upset and I look away he said you faggot and one of the people sitting with me said tim why he mad at you? INDIVIDUAL 1# said suck his private parts then go on to say meet him outside. I didn't respond just continued to wait for WORK. I get to my AREA INDIVIDUAL 1# comes to my work AREA for at least a hour and a half looking and taunting me pointing in my direction laughing. I go to my lead MR. Anderson and tell him I need to talk to MR. DEVOUR AND HE WANNA KNOW WHY? I request that I need to

Please list any witnesses or individuals who may have information relevant to this investigation.

over

**ACKNOWLEDGEMENT**

Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.

I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

| Timothy | Timothy L. Brown | 3/21/2020 |
|---|---|---|
| Employee Name (Please Print) | Employee Signature | Date |

For Internal Amazon Use Only

**CONFIDENTIAL**

AMZ-BRY007863

CONFIDENTIAL

speak to and please think careful of these. He does but later tells me he's busy at the moment and can't see me now but before he informs me of this he goes to individual 1# and tells him something and individal 1# goes in another direction.

Individaul 1# have be causing me anxiety for months now by bumping into, kicking my feet, telling people he wanted to lay hands on me. All these things have be reported documented. And still for any reasons my complaints have been taken lightly.

I will get the two other individuals who withness earlier what took place names, I'm a person who comes to work to be a team player to do my very best at it. I take great pleasure in being a person who make a diffrence at work and to my family and friends. By saying this I have no time for the anxiety, miseable energy that being inflicked upon me.

Timothy L. Brown

CONFIDENTIAL

Torunza

AMZ-BRY007864

**CONFIDENTIAL**

PAGE (2)

THESE ISSUES, AND CONTINUED
behaviors HAS NOt stopped since
I lAst Reported them. I havent
Report these things beCAUSE I felt
Nothing will HAPPEN SINCE I FIRST
REPORTED them AND NOTHING CAME
About

CONFIDENTIAL

AMZ-BRY007866

**amazon**.com.

CONFIDENTIAL

# Witness Statement Form
Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

| SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT | | |
|---|---|---|
| Name Terrell McBurnie | Department/Position Ship Dock | |
| Home Address, City, State, Zip | Home Phone | Work Phone ( ) |

**SECTION II: WITNESS STATEMENT** (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

1st incident - Looks were exchanged in main breakroom which then led to words when (3/21) Tim Brown said "you are a Clown" which was then followed by me saying "suck my dick"

2nd incident - Looks were exchanged again, then I might (3/28) have made an inappropriate gesture to tim but I can't remember who

Please list any witnesses or individuals who may have information relevant to this investigation.

**ACKNOWLEDGEMENT**

Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.

I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

| Terrell McBurnie | McB | 4/2/20 |
|---|---|---|
| Employee Name (Please Print) | Employee Signature | Date |

CONFIDENTIAL

AMZ-BRY007867

**amazon**.com.

**Witness Statement Form**

Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

| SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT | | |
|---|---|---|
| Name MARK DOWARD | Department/Position OUT BOUND 700, 730 | |
| Home Address, City, State, Zip | Home Phone ( ) | Work Phone ( ) |

**SECTION II: WITNESS STATEMENT** (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:

- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

ON March 21 I was in break Room

two guys got in to in And one gu4

walking by Said Suck my .... To Tim

who was

sayin at the

same table

I did not hear any other

threat

Please list any witnesses or individuals who may have information relevant to this investigation.

Anthony And Tim

**ACKNOWLEDGEMENT**

Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.

I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

| MARK DOWARD | Mark Dower | 3-24-2020 |
|---|---|---|
| Employee Name (Please Print) | Employee Signature | Date |

For Internal Amazon Use Only

 AMZ-BRY007868

**CONFIDENTIAL**

Acknowledged by associate on March 10, 2020, 1:39:28 AM - Delivered by Serata,Christopher (cserata)

# Supportive Feedback Document
# Behavioral - First Written





**Associate Name:** White,Ivette (ivettew)
**Manager Name:** Serata,Christopher (NA5-1830)
**Created On:** March 10, 2020, 1:39:28 AM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|-------|-------|-------------|

## Details of Current Incident/Specific Concerns

The following feedback pertains to Amazon's Standards of Conduct as a Category 2 violation of the Standards of Conduct. During the week of 2/16/20 you were speaking to an AA, and called him a little ass boy. During the STU you stated you told him he was acting like a little boy. The policy classifies abusive, vulgar, or harassing language to a supervisor, fellow associate, or vendor as a Category 2 violation of the Standards of Conduct.

## Areas of Improvement Required by Associate

The Standards of Conduct strive to establish a collaborative, non-hostile work environment. The acts of inappropriate behavior creates a hostile atmosphere and may offend others. You are expected to be in compliance with the Standards of Conduct policy at all times while working in the Fulfillment Center. Continued violation of this policy may result in further corrective action, up to and including termination.

## Associate Comments

 

**Associate Signature:** Acknowledged by White,Ivette (BadgeID: 0090399)          **Date:** March 10, 2020, 1:39:28 AM

**Manager Signature:** Acknowledged by Serata,Christopher (BadgeID: 12169131)          **Date:** March 10, 2020, 1:39:28 AM

**CONFIDENTIAL**          **AMZ-BRY003891**

**CONFIDENTIAL**

Acknowledged by associate on Mar 29, 2016 1:38:21 PM - Delivered by Gu,Alex kege (gualex)

# Supportive Feedback Document
# Behavioral - Final Written



**Associate Name:** White,Ivette (ivettew)
**Manager Name:** Gu,Alex kege (DK7-0730)
**Created On:** Mar 29, 2016 1:38:21 PM



## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

Below is a summary of your Behavioral communications

| Level | Count | Most Recent |
|-------|-------|-------------|

## Details of Current Incident/Specific Concerns

The following feedback pertains to Amazon's Standards of Conduct. On 03/26/2016, you used inappropriate language when talking to your Area Manager. When AM Matt Tullberg told you that you will not be able to be guested in a department today due to your current performance and behavior in AFE, you stated " I don't care, write me up you're a dickhead, I'm going to HR because you are always saying something just to be a dickhead to me." The policy states that &quot;Standards of Conduct are a list of examples of infractions that may result in corrective action, up to and including termination of employment.&quot; Additionally, the policy classifies abusive, vulgar, or harassing language to a supervisor, fellow associate, or vendor as a violation of the Standards of Conduct.

## Areas of Improvement Required by Associate

The Standards of Conduct strive to establish a collaborative, non-hostile work environment. The acts of inappropriate behavior creates a hostile atmosphere and may offend others. You are expected to be in compliance with the Standards of Conduct policy at all times while working in the Fulfillment Center. Continued violation of this policy may result in further corrective action, up to and including termination.

## Associate Comments

**Associate Signature:** Acknowledged by White,Ivette (BadgeID: 0090399)          **Date:** Mar 29, 2016 1:38:21 PM

**Manager Signature:** Acknowledged by Gu,Alex kege (BadgeID: 11353836)          **Date:** Mar 29, 2016 1:38:21 PM

**CONFIDENTIAL**          **AMZ-BRY003894**

CONFIDENTIAL

Acknowledged by associate on November 14, 2019, 2:03:49 AM - Delivered by Patel,Charit (charitpa)



# Supportive Feedback Document
# Behavioral - Final Written



**Associate Name:** Williams,Lovidia Leah-fay (lovidi)
**Manager Name:** Patel,Charit (NK7-1830)
**Created On:** November 14, 2019, 2:03:49 AM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|-------|-------|-------------|

## Details of Current Incident/Specific Concerns

On 11/6/2019, you were heard referring to a group of other associates, &quot;you bitter old bitches.&quot; During STU, you did not admit to stating &quot;bitches&quot; but admitted to offensively referring to old people, which is a protected class. The following feedback pertains to Amazon's Standards of Conduct as a Category 2 violation of the Standards of Conduct. The policy classifies abusive, vulgar, or harassing language to a supervisor, fellow associate, or vendor as a Category 2 violation of the Standards of Conduct.

## Areas of Improvement Required by Associate

The Standards of Conduct strive to establish a collaborative, non-hostile work environment. The acts of inappropriate behavior creates a hostile atmosphere and may offend others. You are expected to be in compliance with the Standards of Conduct policy at all times while working in the Fulfillment Center. Continued violation of this policy may result in further corrective action, up to and including termination.

## Associate Comments

I acknowledge that I have been informed of my right to appeal this feedback if I meet all eligibility requirements defined by the Appeals Policy, and that I know where to obtain an appeals packet.

**Associate Signature:** Acknowledged by Williams,Lovidia Leah-fay (BadgeID: 11659363)          **Date:** November 14, 2019, 2:03:49 AM

**Manager Signature:** Acknowledged by Patel,Charit (BadgeID: 12214516)          **Date:** November 14, 2019, 2:03:49 AM

**CONFIDENTIAL**

Acknowledged by associate on May 03, 2018, 4:56:36 PM - Delivered by Carollo,Pete (carollop)

# Supportive Feedback Document
# Behavioral - First Written





### Associate Name: Wood,Michele (wodmw)
### Manager Name: Carollo,Pete (DK7-0700)
### Created On: May 03, 2018, 4:56:36 PM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|-------|-------|-------------|

## Details of Current Incident/Specific Concerns

The following feedback pertains to Amazon's Standards of Conduct. On 5/2/18, You were observed using profanity in front of the team just prior to lunch standup in regards to Each receive staffing rotation. You said &quot;You see this bull sh** . They do what the f*** they want&quot; referring to the leadership who was staffing the board. You then proceeded to move staffing board magnets. The policy classifies abusive, vulgar, or harassing language to a supervisor, fellow associate, or vendor as a Category 2 violation of the Standards of Conduct.

## Areas of Improvement Required by Associate

The Standards of Conduct strive to establish a collaborative, non-hostile work environment. The acts of inappropriate behavior creates a hostile atmosphere and may offend others. You are expected to be in compliance with the Standards of Conduct policy at all times while working in the Fulfillment Center. Continued violation of this policy may result in further corrective action, up to and including termination.

## Associate Comments

**Associate Signature:** Acknowledged by Wood,Michele (BadgeID: 0163121)    **Date:** May 03, 2018, 4:56:36 PM

**Manager Signature:** Acknowledged by Carollo,Pete (BadgeID: 0003624)    **Date:** May 03, 2018, 4:56:36 PM

**CONFIDENTIAL**

Acknowledged by associate on February 15, 2019, 1:56:42 PM - Delivered by Vercollone,Anthony (vercollo)

# Supportive Feedback Document
## Behavioral - Second Written



**Associate Name:** Wood,Michele (wodmw)
**Manager Name:** Vercollone,Anthony (DK7-0700)
**Created On:** February 15, 2019, 1:56:42 PM



## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|---|---|---|
| First Written | 1 | May 02, 2018, 5:58:53 PM |

## Details of Current Incident/Specific Concerns

The following feedback pertains to Amazon's Standards of Conduct. On 2/15/2019, at approximately 8:25am, you were observed using profanity toward another associate. While in a disagreement with the associate while your manager was present you called the other associate a bitch. The policy classifies abusive, vulgar, or harassing language to a supervisor, fellow associate, or vendor as a Category 2 violation of the Standards of Conduct.

## Areas of Improvement Required by Associate

The Standards of Conduct strive to establish a collaborative, non-hostile work environment. The acts of inappropriate behavior creates a hostile atmosphere and may offend others. You are expected to be in compliance with the Standards of Conduct policy at all times while working in the Fulfillment Center. Continued violation of this policy may result in further corrective action, up to and including termination.

## Associate Comments

```
```

**Associate Signature:** Acknowledged by Wood,Michele (BadgeID: 0163121)          **Date:** February 15, 2019, 1:56:42 PM


**Manager Signature:** Acknowledged by Vercollone,Anthony (BadgeID: 0197794)          **Date:** February 15, 2019, 1:56:42 PM

**CONFIDENTIAL**

Refused to sign by associate on October 18, 2019, 5:44:02 PM - Delivered by NTI-ABABIO,GLORIA (ntiababi)

# Supportive Feedback Document
# Behavioral - Final Written



**Associate Name:** Wood,Michele (wodmw)
**Manager Name:** Martinez,Leslie (DK7-0700)
**Created On:** October 18, 2019, 5:44:02 PM



## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|---|---|---|
| Second Written | 1 | February 15, 2019, 1:16:56 PM |

## Details of Current Incident/Specific Concerns

Associates are expected to treat each other, contractors, customers, managers and visitors with courtesy and professionalism. All associates, regardless of position, are responsible for ensuring that our workplace is free from offensive behavior and harassment. Examples of this behavior can be identified as conduct that includes any verbal or physical conduct that has the purpose or effect of creating an offensive, hostile, or intimidating work environment that interferes with an individual's ability to perform the job. On shift 10/18/2019, you approached two managers amongst a group of associates to request a new stow station. However, your approach and tone was extremely aggressive and disrespectful towards the leadership team. Your behavior was inappropriate and made the team uncomfortable. These behaviors are in violation of Amazon's Code of Conduct and are a Category 2 violation of Amazon's Standards of Conduct.

## Areas of Improvement Required by Associate

Amazon is committed to providing a work environment that promotes the health, safety, and productivity of its associates. Associates are expected to treat each other, contractors, customers, and visitors with courtesy and professionalism. Amazon will not tolerate any conduct whether physical or verbal that does or can be interpreted as creating an offensive, hostile, or intimidating work environment . You are expected to be in compliance with the Amazons Standards of Conduct policy at all times while working in the Fulfillment Center. Please note that if an associate receives 2 finals or a total of 6 documented counseling write-ups in a rolling 12 months, their employment will end. Immediate improvement is expected.

## Associate Comments

I acknowledge that I have been informed of my right to appeal this feedback if I meet all eligibility requirements defined by the Appeals Policy, and that I know where to obtain an appeals packet.

 

**Associate Signature:** Wood,Michele REFUSED TO SIGN          **Date:** October 18, 2019, 5:44:02 PM

**Manager Signature:** Acknowledged by NTI-ABABIO,GLORIA (BadgeID: 11723084)          **Date:** October 18, 2019, 5:44:02 PM

**CONFIDENTIAL**

Acknowledged by associate on December 12, 2019, 1:05:26 AM - Delivered by Murphy,Richard Chad (muricha)

# Supportive Feedback Document
# Behavioral - Final Written





**Associate Name:** Ferris,Bev (fbeverl)
**Manager Name:** Patel,Shail (NA5-1830)
**Created On:** December 12, 2019, 1:05:26 AM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|-------|-------|-------------|

## Details of Current Incident/Specific Concerns

The following feedback pertains to Amazon's Standards of Conduct as a Category 2 violation of the Standards of Conduct.The policy classifies abusive, vulgar, or harassing language to a supervisor, fellow associate, or vendor as a Category 2 violation of the Standards of Conduct. On the shift on 12/5/2019,you were observed speaking to a newer associate asking the AA &quot;If you were having sex with another associate.&quot;You were also observed to use &quot;bitches on several occasions during the STU.

## Areas of Improvement Required by Associate

The Standards of Conduct strive to establish a collaborative, non-hostile work environment. The acts of inappropriate behavior creates a hostile atmosphere and may offend others. You are expected to be in compliance with the Standards of Conduct policy at all times while working in the Fulfillment Center. Continued violation of this policy may result in further corrective action, up to and including termination.

## Associate Comments

I acknowledge that I have been informed of my right to appeal this feedback if I meet all eligibility requirements defined by the Appeals Policy, and that I know where to obtain an appeals packet.

Recognized that she should not use profanity that was used up in the feedback.

**Associate Signature:** Acknowledged by Ferris,Bev (BadgeID: 11941661)          **Date:** December 12, 2019, 1:05:26 AM

**Manager Signature:** Acknowledged by Murphy,Richard Chad (BadgeID: 0229299)          **Date:** December 12, 2019, 1:05:26 AM

CONFIDENTIAL

Refused to sign by associate on February 10, 2020, 2:56:26 PM - Delivered by Alexander,Matthew (alexmatt)

# Supportive Feedback Document
# Behavioral - Documented Coaching





**Associate Name:** montero,marjorie (montmarj)
**Manager Name:** Bond,Martine (DA5-0700)
**Created On:** February 10, 2020, 2:56:26 PM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|---|---|---|
| Verbal Coaching | 1 | January 05, 2020, 10:51:42 AM |

## Details of Current Incident/Specific Concerns

Associates are expected to treat each other, contractors, customers, and visitors with courtesy and professionalism. All associates, regardless of position, are responsible for ensuring that our workplace is free from offensive behavior and harassment. Examples of this behavior can be identified as conduct that includes any verbal or physical conduct that has the purpose or effect of creating an offensive, hostile, or intimidating work environment that interferes with an individual's ability to perform the job. On 2.6.2020 after second break you were in an escalated argument with another associate. You proceeded to escalate your voice in an inappropriate manner on the floor and did not deescalate the situation. During seek to understand, you stated you do not remember screaming at him. However, witnesses stated that you were yelling at him on the floor. These behaviors are in violation of Amazon's Code of Conduct and are a Category 2 violation of Amazon's Standards of Conduct.

## Areas of Improvement Required by Associate

Amazon is committed to providing a work environment that promotes the health, safety, and productivity of its associates. Associates are expected to treat each other, contractors, customers, and visitors with courtesy and professionalism. Amazon will not tolerate any conduct whether physical or verbal that does or can be interpreted as creating an offensive, hostile, or intimidating work environment . You are expected to be in compliance with the Amazons Standards of Conduct policy at all times while working in the Fulfillment Center. Please note that if an associate receives 2 finals or a total of 6 documented counseling write-ups in a rolling 12 months, their employment will end. Immediate improvement is expected.

## Associate Comments

Listened to the AAs concerns about the situation and explained to them that it takes 2 people to argue. Explained to them that walking away was the better option over raising their voice at them. AA felt like no action was taken against other party and asked what was being done about it, told AA that I could not share the details of feedback given to other associates.

**Associate Signature:** montero,marjorie REFUSED TO SIGN     **Date:** February 10, 2020, 2:56:26 PM

**Manager Signature:** Acknowledged by Alexander,Matthew (BadgeID: 0346160)     **Date:** February 10, 2020, 2:56:26 PM

**CONFIDENTIAL**

Acknowledged by associate on January 14, 2017, 8:58:11 AM - Delivered by Delgado Briones,Daniel (dandelga)



# Supportive Feedback Document
# Behavioral - First Written



**Associate Name:** Taylor,Shykeem (shykeemt)
**Manager Name:** Delgado Briones,Daniel (DN2-0730)
**Created On:** January 14, 2017, 8:58:11 AM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|-------|-------|-------------|

## Details of Current Incident/Specific Concerns

The following feedback pertains to Amazon's Standards of Conduct. On January 13th, 2017, at 11:40am, a verbal altercation occurred between yourself and another associate using inappropriate language. The policy classifies abusive, vulgar, or harassing language to a supervisor, fellow associate, or vendor as a Category 2 violation of the Standards of Conduct.

## Areas of Improvement Required by Associate

The Standards of Conduct strive to establish a collaborative, non-hostile work environment. The acts of inappropriate behavior creates a hostile atmosphere and may offend others. You are expected to be in compliance with the Standards of Conduct policy at all times while working in the Fulfillment Center. Continued violation of this policy may result in further corrective action, up to and including termination.

## Associate Comments

**Associate Signature:** Acknowledged by Taylor,Shykeem (BadgeID: 11156352)    **Date:** January 14, 2017, 8:58:11 AM

**Manager Signature:** Acknowledged by Delgado Briones,Daniel (BadgeID: 11353904)    **Date:** January 14, 2017, 8:58:11 AM

**CONFIDENTIAL**

Acknowledged by associate on October 26, 2019, 2:48:12 PM - Delivered by Outeiral,Kelly janice (outkelly)

# Supportive Feedback Document
# Behavioral - Termination



**Associate Name:** Taylor,Shykeem (shykeemt)
**Manager Name:** Ribble III,Jack Tremaine (DN2-0730)
**Created On:** October 26, 2019, 2:48:12 PM



## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|---|---|---|
| Documented Coaching | 8 | October 24, 2019, 5:58:34 PM |
| First Written | 2 | August 15, 2019, 12:36:10 PM |

## Details of Current Incident/Specific Concerns

Associates are expected to treat each other, contractors, customers, and visitors with courtesy and professionalism. All associates, regardless of position, are responsible for ensuring that our workplace is free from offensive behavior and harassment. Examples of this behavior can be identified as conduct that includes any verbal or physical conduct that has the purpose or effect of creating an offensive, hostile, or intimidating work environment that interferes with an individual's ability to perform the job. On 10/25/19 you were seen by both associates and camera footage yelling at another associate by the locker room area. You were approached by security two times to settle down but the behavior continued, you were heard using profound language such as &quot;suck my d*ck, you are a ho", etc. These behaviors are in violation of Amazon's Code of Conduct and are a Category 2 violation of Amazon's Standards of Conduct

## Areas of Improvement Required by Associate

Amazon is committed to providing a work environment that promotes the health, safety, and productivity of its associates. Associates are expected to treat each other, contractors, customers, and visitors with courtesy and professionalism. Amazon will not tolerate any conduct whether physical or verbal that does or can be interpreted as creating an offensive, hostile, or intimidating work environment . You are expected to be in compliance with the Amazons Standards of Conduct policy at all times while working in the Fulfillment Center. Please note that if an associate receives 2 finals or a total of 6 documented counseling write-ups in a rolling 12 months, their employment will end. Immediate improvement is expected

## Associate Comments

I acknowledge that I have been informed of my right to appeal this feedback if I meet all eligibility requirements defined by the Appeals Policy, and that I know where to obtain an appeals packet.

---

**Associate Signature:** Acknowledged by Taylor,Shykeem (BadgeID: 11156352)        **Date:** October 26, 2019, 2:48:12 PM

**Manager Signature:** Acknowledged by Outeiral,Kelly janice (BadgeID: 12307653)        **Date:** October 26, 2019, 2:48:12 PM

**CONFIDENTIAL**

Acknowledged by associate on November 16, 2019, 11:35:47 AM - Delivered by Qosja,Endri (qosendri)

# Supportive Feedback Document
# Behavioral - Final Written



**Associate Name:** salvatore,lauren (salvalau)
**Manager Name:** Fonyi,Richard John (DB1-0715)
**Created On:** November 16, 2019, 11:35:47 AM



## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|-------|-------|-------------|

## Details of Current Incident/Specific Concerns

The following feedback pertains to Amazon's Standards of Conduct. These behaviors are violations of Amazon's Standards of Conduct policy, &quot;Inappropriate Language or Behavior&quot; and is considered a Category 2 violation of the Standards of Conduct. On 11/1/19 It was found that you used an escalated tone and inappropriate body language in your interaction with a fellow associate. This behavior is inappropriate and has the potential to create a hostile atmosphere.

## Areas of Improvement Required by Associate

The Standards of Conduct strive to establish a collaborative, non-hostile work environment. The acts of inappropriate behavior creates a hostile atmosphere and may offend others. Associates are expected to treat each other, contractors, customers, and visitors with courtesy and professionalism. Continued violation of this policy may result in further corrective action, up to and including termination.

## Associate Comments

I acknowledge that I have been informed of my right to appeal this feedback if I meet all eligibility requirements defined by the Appeals Policy, and that I know where to obtain an appeals packet.

**Associate Signature:** Acknowledged by salvatore,lauren (BadgeID: 12040138)          **Date:** November 16, 2019, 11:35:47 AM

**Manager Signature:** Acknowledged by Qosja,Endri (BadgeID: 11040716)          **Date:** November 16, 2019, 11:35:47 AM

**CONFIDENTIAL**

Acknowledged by associate on December 13, 2019, 7:49:34 PM - Delivered by Janjua,Omer Tahir (omerjanj)



# Supportive Feedback Document
# Behavioral - Final Written



**Associate Name:** Simon,Felicia (felisimo)
**Manager Name:** Janjua,Omer Tahir (RT885-4)
**Created On:** December 13, 2019, 7:49:34 PM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|---|---|---|

## Details of Current Incident/Specific Concerns

Workplace violence, including any intentional or reckless act that harms persons or property, is prohibited. Workplace violence also includes any verbal or physical conduct that threatens or that reasonably could be interpreted as an intent to cause harm to property or personal safety, even if it does not ultimately lead to harm to property or personal safety. On 12/06/2019, you engaged in a work place violence incident and was suspended pending investigation.

## Areas of Improvement Required by Associate

Amazon is committed to providing a work environment that promotes the health, safety, and productivity of its associates. Associates are expected to treat each other, contractors, customers, and visitors with courtesy and professionalism. Amazon will not tolerate violence, threats of violence, or other conduct by anyone that harms or threatens the safety of associates or others. You are expected to be in compliance with the Workplace Violence and Standards of Conduct policy at all times while working in the Fulfillment Center. Please note that If an associate receives 2 finals or a total of 6 documented counseling write-ups in a rolling 12 months, their employment will end. Immediate improvement is expected. Further violations may result in corrective action, up to and including termination.

## Associate Comments

I acknowledge that I have been informed of my right to appeal this feedback if I meet all eligibility requirements defined by the Appeals Policy, and that I know where to obtain an appeals packet.

**Associate Signature:** Acknowledged by Simon,Felicia (BadgeID: 0347598)      **Date:** December 13, 2019, 7:49:34 PM

**Manager Signature:** Acknowledged by Janjua,Omer Tahir (BadgeID: 0006979)      **Date:** December 13, 2019, 7:49:34 PM

**CONFIDENTIAL**

Acknowledged by associate on November 14, 2019, 10:39:22 PM - Delivered by Karim,Samiul (ksamiul)



# Supportive Feedback Document
# Behavioral - Final Written



**Associate Name:** smallwood-mosley,darvell (darvels)
**Manager Name:** McClammy,J'Michael Terrell (RT884-4)
**Created On:** November 14, 2019, 10:39:22 PM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|-------|-------|-------------|

## Details of Current Incident/Specific Concerns

Workplace violence, including any intentional or reckless act that harms persons or property, is prohibited. Workplace violence also includes any verbal or physical conduct that threatens or that reasonably could be interpreted as an intent to cause harm to property or personal safety, even if it does not ultimately lead to harm to property or personal safety. On 10/20/2019 you reported an altercation by the breakroom with another AA. While conducting our investigation, it was discovered that you threatened the AA by indicating that you would &quot;see him outside&quot; which falls under Amazon Workplace Violence standard of conduct. This is a Category 2 violation of Amazon standards of conduct, therefore we are proceeding with a final written warning at this time.

## Areas of Improvement Required by Associate

Amazon is committed to providing a work environment that promotes the health, safety, and productivity of its associates.  Associates are expected to treat each other, contractors, customers, and visitors with courtesy and professionalism.  Amazon will not tolerate violence, threats of violence, or other conduct by anyone that harms or threatens the safety of associates or others. You are expected to be in compliance with the Workplace Violence and Standards of Conduct policy at all times while working in the Fulfillment Center. Please note that If an associate receives 2 finals or a total of 6 documented counseling write-ups in a rolling 12 months, their employment will end. Immediate improvement is expected. Further violations may result in corrective action, up to and including termination.

## Associate Comments

I acknowledge that I have been informed of my right to appeal this feedback if I meet all eligibility requirements defined by the Appeals Policy, and that I know where to obtain an appeals packet.

---

**Associate Signature:** Acknowledged by smallwood-mosley,darvell (BadgeID: 11718210)          **Date:** November 14, 2019, 10:39:22 PM

**Manager Signature:** Acknowledged by Karim,Samiul (BadgeID: 11775332)          **Date:** November 14, 2019, 10:39:22 PM

**CONFIDENTIAL**

Acknowledged by associate on February 09, 2020, 10:35:24 PM - Delivered by Babilya,Mary K (babilyam)

# Supportive Feedback Document
# Behavioral - Final Written





**Associate Name:** Zuccaro,Joe (jozuccar)
**Manager Name:** Drucker,Ryan Austin (NA5X1815)
**Created On:** February 09, 2020, 10:35:24 PM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
| --- | --- | --- |

## Details of Current Incident/Specific Concerns

Workplace violence, including any intentional or reckless act that harms persons or property, is prohibited. Workplace violence also includes any verbal or physical conduct that threatens or that reasonably could be interpreted as an intent to cause harm to property or personal safety, even if it does not ultimately lead to harm to property or personal safety. After a thorough investigation was completed it was determined and confirmed that you violated Amazon's security standards of conduct, on January 28th, 2020. Evidence and witnesses confirmed that you used inappropriate words regarding to fellow Amazon Associate and to which you also admitted during seek to understand conversation with LP.

## Areas of Improvement Required by Associate

Amazon is committed to providing a work environment that promotes the health, safety, and productivity of its associates. Associates are expected to treat each other, contractors, customers, and visitors with courtesy and professionalism. Amazon will not tolerate violence, threats of violence, or other conduct by anyone that harms or threatens the safety of associates or others. You are expected to be in compliance with the Workplace Violence and Standards of Conduct policy at all times while working in the Fulfillment Center. Please note that If an associate receives 2 finals or a total of 6 documented counseling write-ups in a rolling 12 months, their employment will end. Immediate improvement is expected. Further violations may result in corrective action, up to and including termination.

## Associate Comments

I acknowledge that I have been informed of my right to appeal this feedback if I meet all eligibility requirements defined by the Appeals Policy, and that I know where to obtain an appeals packet.

<br>

**Associate Signature:** Acknowledged by Zuccaro,Joe (BadgeId: 11688757)               **Date:** February 09, 2020, 10:35:24 PM

**Manager Signature:** Acknowledged by Babilya,Mary K (BadgeId: 11221570)               **Date:** February 09, 2020, 10:35:24 PM

**CONFIDENTIAL**

Acknowledged by associate on September 05, 2019, 3:52:30 PM - Delivered by Voelker,Tori Melissa (tvoelke)

# Supportive Feedback Document
# Behavioral - Final Written





**Associate Name:** Broady,Dephanie (dephanib)
**Manager Name:** Voelker,Tori Melissa (DB2-0715)
**Created On:** September 05, 2019, 3:52:30 PM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|---|---|---|

## Details of Current Incident/Specific Concerns

Workplace violence, including any intentional or reckless act that harms persons or property, is prohibited. Workplace violence also includes any verbal or physical conduct that threatens or that reasonably could be interpreted as an intent to cause harm to property or personal safety, even if it does not ultimately lead to harm to property or personal safety. On 8/22 you walked up to another AA with a body language that was perceived as intimidating. You also state that he is messing with the wrong one which is not a threat but a promise. By definition the word promise is a a declaration or assurance that one will do a particular thing or that a particular thing will happen. Such wording can be perceived as a threat.

## Areas of Improvement Required by Associate

Amazon is committed to providing a work environment that promotes the health, safety, and productivity of its associates.  Associates are expected to treat each other, contractors, customers, and visitors with courtesy and professionalism.  Amazon will not tolerate violence, threats of violence, or other conduct by anyone that harms or threatens the safety of associates or others. You are expected to be in compliance with the Workplace Violence and Standards of Conduct policy at all times while working in the Fulfillment Center. Please note that If an associate receives 2 finals or a total of 6 documented counseling write-ups in a rolling 12 months, their employment will end. Immediate improvement is expected. Further violations may result in corrective action, up to and including termination.

## Associate Comments

I acknowledge that I have been informed of my right to appeal this feedback if I meet all eligibility requirements defined by the Appeals Policy, and that I know where to obtain an appeals packet.

**Associate Signature:** Acknowledged by Broady,Dephanie (BadgeID: 11195016)  **Date:** September 05, 2019, 3:52:30 PM

**Manager Signature:** Acknowledged by Voelker,Tori Melissa (BadgeID: 12160247)  **Date:** September 05, 2019, 3:52:30 PM

CONFIDENTIAL

Acknowledged by associate on December 10, 2019, 10:54:23 PM - Delivered by Ellis,Jerome Martin (jeroelli)





# Supportive Feedback Document
# Behavioral - Final Written

**Associate Name:** Mitchell,Jahnye (jahnyem)
**Manager Name:** Ellis,Jerome Martin (NA6X1815)
**Created On:** December 10, 2019, 10:54:23 PM

## Summary

Your recent job performance is not meeting Behavioral expectations. Meeting performance standards is a critical component of your job. This document provides specific details about your performance and how you are not meeting expectations. In addition, this document describes the steps you and your manager will take to assist you in improving your performance. As a part of this conversation we are interested in understanding what barriers you think need to be removed, or what improvements can be made which would potentially assist you in improving your performance.

## Communication History

The following is a summary of your behavioral feedback:

| Level | Count | Most Recent |
|---|---|---|
| First Written | 1 | September 11, 2019, 3:07:54 AM |

## Details of Current Incident/Specific Concerns

Workplace violence, including any intentional or reckless act that harms persons or property, is prohibited. Workplace violence also includes any verbal or physical conduct that threatens or that reasonably could be interpreted as an intent to cause harm to property or personal safety, even if it does not ultimately lead to harm to property or personal safety. On December 2, 2019, you stated in your statement that you did threaten another associate with your sister.

## Areas of Improvement Required by Associate

Amazon is committed to providing a work environment that promotes the health, safety, and productivity of its associates.  Associates are expected to treat each other, contractors, customers, and visitors with courtesy and professionalism.  Amazon will not tolerate violence, threats of violence, or other conduct that harms or threatens the safety of associates or others. You are expected to be in compliance with the Workplace Violence and Standards of Conduct policy at all times while working in the Fulfillment Center. Please note that If an associate receives 2 finals or a total of 6 documented counseling write-ups in a rolling 12 months, their employment will end. Immediate improvement is expected. Further violations may result in corrective action, up to and including termination.

## Associate Comments

I acknowledge that I have been informed of my right to appeal this feedback if I meet all eligibility requirements defined by the Appeals Policy, and that I know where to obtain an appeals packet.

---

**Associate Signature:** Acknowledged by Mitchell,Jahnye (BadgeID: 11753624)    **Date:** December 10, 2019, 10:54:23 PM

**Manager Signature:** Acknowledged by Ellis,Jerome Martin (BadgeID: 12341211)    **Date:** December 10, 2019, 10:54:23 PM

**amazon**exact

**Case Type - Investigation**                          **Case Number - 00064256**

## Case Details:

• **Created by:** Neha Viswanath
**Type:** Investigation
**Status:** Close
**Priority:** Priority 3
**Incident Date:**
**Date Reported:** 11/22/2019, 9:00 PM
**Reported Method:** Ethics Line
**Reported To:**
**Attorney-Client Privileged:** ☐
**Date Closed:** 12/11/2019, 3:38 PM
**Closed By:** Diana Chern
**Date Created:** 11/25/2019, 10:32 AM
**Last Modified Date:** 3/1/2021, 1:33 PM
**Details:**
Case Number AMAZ-2019-11-10414 Date Reported 11/23/2019 Language English Primary
Issue Environment, Health & Safety Report Source Hotline Phone Site Code JFK8 Employee
Full Name Anonymous Phone   Email   Availability   Details In November 2019, Jayney has
been harassing the caller, threatening to physically harm him/her. On November 19, Jayney
said that he would hit the caller, spit on him/her, and get his siblings to hurt the caller as well.
Jayney repeated these threats on November 23. The caller is concerned that Jayney will hurt
him/her when they work together again on November 24, and he/she feels that this needs to be
resolved as soon as possible. Location Staten Island, NY, United States, North America Please
identify the person(s) engaged in this behavior: Jayney Mitchell - associate Amazon Site Code
unknown Do you suspect or know that a supervisor or management is involved? No If yes, then
who?   Is management aware of this problem? Do Not Know / Do Not Wish To Disclose What is
the general nature of this matter? Jayney has been harassing the caller, threatening to
physically harm him/her. Where did this incident or violation occur? 546 Golf Ave. Staten Island,
NY Please provide the specific or approximate time this incident occurred:   How long do you
think this problem has been going on? One week How did you become aware of this violation?
It happened to me If other, how?   Please identify any persons who have attempted to conceal
this problem and the steps they took to conceal it:   If you have a document or file that supports
your report, most common file types can be uploaded:   Availability   Language English
Organization Amazon Is reported by an employee? Yes
**HR Case Owner**

**Case Owner:** Linda Prisciandaro

## Conclusion:

• **Background:**

Case Number
AMAZ-2019-11-10414
Date Reported
11/23/2019
Language
English
Primary Issue
Environment, Health & Safety

**CONFIDENTIAL**

**Case Type - Investigation**                                   **Case Number - 00064256**

Report Source
Hotline Phone
Site Code
JFK8
Employee

Full Name
Anonymous
Phone

Email

Availability

Details
In November 2019, Jayney has been harassing the caller, threatening to physically harm
him/her. On November 19, Jayney said that he would hit the caller, spit on him/her, and get his
siblings to hurt the caller as well. Jayney repeated these threats on November 23. The caller is
concerned that Jayney will hurt him/her when they work together again on November 24, and
he/she feels that this needs to be resolved as soon as possible.
Location
Staten Island, NY, United States, North America
Please identify the person(s) engaged in this behavior:
Jayney Mitchell - associate
Amazon Site Code
unknown
Do you suspect or know that a supervisor or management is involved?
No
If yes, then who?

Is management aware of this problem?
Do Not Know / Do Not Wish To Disclose
What is the general nature of this matter?
Jayney has been harassing the caller, threatening to physically harm him/her.
Where did this incident or violation occur?
546 Golf Ave. Staten Island, NY
Please provide the specific or approximate time this incident occurred:

How long do you think this problem has been going on?
One week
How did you become aware of this violation?
It happened to me
If other, how?

Please identify any persons who have attempted to conceal this problem and the steps they
took to conceal it:

If you have a document or file that supports your report, most common file types can be
uploaded:

Availability

Language

**CONFIDENTIAL**

<u>**Case Type - Investigation**</u>                    <u>**Case Number - 00064256**</u>

English
Organization
Amazon
Is reported by an employee?
Yes

**Overall Conclusion:**

The subject received a final written warning based off of what was written in his statement. There were no witnesses, dates, or footage to support anything more.

## Investigation Team:

### • Investigation Team #1

**Contact Name:** Neha Viswanath
**Worker Type:**

### • Investigation Team #2

**Contact Name:** Diana Chern
**Worker Type:**

### • Investigation Team #3

**Contact Name:** Linda Prisciandaro
**Worker Type:**

## Involved Parties:

### • Involved Parties #1

**First Name:** Ayeisha
**Last Name:** Waggeh
**Business Title:** Fulfillment Associate
**Level:** 1
**Steam Org Name:** OPERATIONS & CUSTOMER SERVICE
**Location Building:** JFK8
**Location Country:** USA
**Employee Type:** Hourly
**Company:**
**Cost Center:** 1299
**Supervisor Name:** Islam Attia
**Worker Type:** Employee
**Job Title:** FC Associate I
**Employee Id:** 105388824

<u>**Address**</u>

**CONFIDENTIAL**

<u>**Case Type - Investigation**</u>                                   <u>**Case Number - 00064256**</u>

Address #1
**Mailing Street:**
**Mailing City:**
**Mailing State:**
**Mailing Postal Code:**
**Mailing Country:**
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:**
**Location Address 1:** 546 Gulf Ave

Address #2
**Mailing Street:**
**Mailing City:**
**Mailing State:**
**Mailing Postal Code:**
**Mailing Country:**
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:**
**Location Address 1:** 546 Gulf Ave

## <u>Email</u>

Email #1
**Email:** ayeishw@amazon.com
**Email Bounced Reason:**
**Email Bounced Date:**
**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** ███████████████
**Preferred Email:**
**Supervisor's Work Email:** attii@amazon.com

Email #2
**Email:** jahnyem@amazon.com
**Email Bounced Reason:**
**Email Bounced Date:**

**CONFIDENTIAL**

**Case Type - Investigation**                                                    **Case Number - 00064256**

**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** ███████████████████
**Preferred Email:**
**Supervisor's Work Email:** ramellaa@amazon.com


**Phone**

Phone #1
**System Modstamp:** 3/30/2021, 1:03 PM
**Assistant Phone:**
**Home Phone:**
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:**
**Work Phone Public:**
**Home Phone Private:**
**Mobile Phone Private:** █████████
**Work Phone Private:**
**Work Phone Public Ext:**

Phone #2
**System Modstamp:** 3/30/2021, 12:39 PM
**Assistant Phone:**
**Home Phone:**
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:**
**Work Phone Public:**
**Home Phone Private:**
**Mobile Phone Private:** █████████
**Work Phone Private:**
**Work Phone Public Ext:**


**• Involved Parties #2**

**First Name:** Jahnye
**Last Name:** Mitchell
**Business Title:** Fulfillment Associate
**Level:** 1
**Steam Org Name:** OPERATIONS & CUSTOMER SERVICE
**Location Building:** JFK8
**Location Country:** USA
**Employee Type:** Hourly
**Company:**
**Cost Center:** 1299
**Supervisor Name:** Ashley Nicole Ramella

**CONFIDENTIAL**

<u>Case Type - Investigation</u>                           <u>Case Number - 00064256</u>

**Worker Type:** Employee
**Job Title:** FC Associate I
**Employee Id:** 105091712

<u>**Address**</u>

Address #1
**Mailing Street:**
**Mailing City:**
**Mailing State:**
**Mailing Postal Code:**
**Mailing Country:**
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:**
**Location Address 1:** 546 Gulf Ave

Address #2
**Mailing Street:**
**Mailing City:**
**Mailing State:**
**Mailing Postal Code:**
**Mailing Country:**
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:**
**Location Address 1:** 546 Gulf Ave

<u>**Email**</u>

Email #1
**Email:** ayeishw@amazon.com
**Email Bounced Reason:**
**Email Bounced Date:**
**Is Email Bounced:**
**Email Opt Out:**
**Personal Email:**
**Preferred Email:**

**CONFIDENTIAL**

<u>**Case Type - Investigation**</u>                                    <u>**Case Number - 00064256**</u>

**Supervisor's Work Email:** attii@amazon.com

Email #2
**Email:** jahnyem@amazon.com
**Email Bounced Reason:**
**Email Bounced Date:**
**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** ███████████████
**Preferred Email:**
**Supervisor's Work Email:** ramellaa@amazon.com

<u>**Phone**</u>

Phone #1
**System Modstamp:** 3/30/2021, 1:03 PM
**Assistant Phone:**
**Home Phone:**
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:**
**Work Phone Public:**
**Home Phone Private:**
**Mobile Phone Private:** ████████
**Work Phone Private:**
**Work Phone Public Ext:**

Phone #2
**System Modstamp:** 3/30/2021, 12:39 PM
**Assistant Phone:**
**Home Phone:**
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:**
**Work Phone Public:**
**Home Phone Private:**
**Mobile Phone Private:** ████████
**Work Phone Private:**
**Work Phone Public Ext:**

## Allegation:

• **Allegation #1**

**Issue Category:** Misconduct - Individual Behavior - Workplace Violence
**Subject:** Jahnye Mitchell

**CONFIDENTIAL**

<u>**Case Type - Investigation**</u>                                    <u>**Case Number - 00064256**</u>

**Allegation:**
Jahnye alledgedly threatened Ayeisha in the workplace
**Finding:** Partially Confirmed
**Analysis:**

Confirmed based off of the AA's witness statement

## Interview:

• **Created by:** Diana Chern
**Interviewer:**
**Person Being Interviewed:** <u>Ayeisha Frances Waggeh</u>
**Schedule Date/Time:**
**Location:**
**Type:** Respondent Interview
**Status:** Completed
**Others Present:**
**Opening Notes:**
**Body Notes:**
**Closing Notes:**

• **Created by:** Diana Chern
**Interviewer:**
**Person Being Interviewed:** <u>Jahnye Mitchell</u>
**Schedule Date/Time:**
**Location:**
**Type:** Respondent Interview
**Status:** Completed
**Others Present:**
**Opening Notes:**
**Body Notes:**
**Closing Notes:**

## Attachment:

• **Attachment**

**Title:** Jahnye Mitchell Witness Statement.pdf
**File Type:** PDF
**Created Date:** 12/13/2020, 10:58 AM
**Size:** 121,969
**Description:**

• **Attachment**

**Title:** ayeisha waggeh witness statement.pdf
**File Type:** PDF
**Created Date:** 12/14/2020, 6:17 AM

**CONFIDENTIAL**                              **AMZ-BRY008209**

**CONFIDENTIAL**

**Size:** 606,931
**Description:**

## Action:

**• Action**

**Action Type:** Final Written Warning
**Action Applied To:** Jahnye Mitchell
**Status:** Completed
**Action Taken Date:**
**Description:**
**Created By:** Diana Chern
**Created Date:** 12/11/2019, 11:48 AM

## Central Team:

**• Central Team Status:**
**Date of Resolution with Claimant:**
**Investigation Completed:**
**Investigation Assigned:**
**Recommendations Sent to HRBP:**
**Priority Case:**
**Who Prioritized?:**
**Group Responsible for Defect:**
**Tags:**
**Central Team Notes:**

**amazon**.com.

**CONFIDENTIAL**

**Witness Statement Form**
Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

| SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT | |
|---|---|
| Name  Tahiye Mitchell | Department/Position  AFE2 |
| Home Address, City, State, Zip | Home Phone | Work Phone ( ) |

**SECTION II: WITNESS STATEMENT** (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

It was brought to my attention by a mutual friend that my friend wasn't speaking to me because she said I was talking about her me and my mutual friend and the associate talked about and discussed it together. I admitted I was wrong and sincerely apologized. The same weekend we all went to a party. Me and the associate kept arguing because I didn't want to dance with her. That sunday we came back to work I asked what was wrong with her she caught an attitude.

Please list any witnesses or individuals who may have information relevant to this investigation.

**ACKNOWLEDGEMENT**
Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.
I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

Tahiye Mitchell _____ Employee Name (Please Print) | Employee Signature | Date

For Internal Amazon Use Only

**CONFIDENTIAL**

AMZ-BRY008211

**amazon**.com.

CONFIDENTIAL

**Witness Statement Form**
Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

| SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT | | |
|---|---|---|
| Name  Annye Mitchell | Department/Position  AFE2 | |
| Home Address, City, State, Zip. | Home Phone | Work Phone  ( ) |

**SECTION II: WITNESS STATEMENT** (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

later on another person came to me and told me that she asked about me and the associate simply said "I dont know where Jahmp is, hes probably somewhere talking shit". So I got a lil frustrated and proceeded to talk to the associate because I wanted answers. She didnt want to speak but I wanted to know why she said that she caught an attitude.

Please list any witnesses or individuals who may have information relevant to this investigation.

**ACKNOWLEDGEMENT**
Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.
I understand that this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

| Employee Name (Please Print) | Employee Signature | Date |
|---|---|---|

For Internal Amazon Use Only

CONFIDENTIAL

AMZ-BRY008212

**amazon.com.**

<div align="center">CONFIDENTIAL</div>

**Witness Statement Form**
Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

| SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT | |
|---|---|
| Name   Annye Mitchell | Department/Position |
| Home Address, City, State, Zip | Home Phone | Work Phone ( ) |

**SECTION II: WITNESS STATEMENT** (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

and I threatned her with my sister
and only said it because I was
angry. The other associate with
her said "I got your back" and
I said no you don't. We then started
to argue she threatned me and
said I have a son your age as I
was trying to talk. All I wanted was
answers. Ever since then the associate

Please list any witnesses or individuals who may have information relevant to this investigation.

**ACKNOWLEDGEMENT**
Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.
I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

| | | |
|---|---|---|
| Employee Name (Please Print) | Employee Signature | Date |

For Internal Amazon Use Only

<div align="center">CONFIDENTIAL</div>

AMZ-BRY008213

amazon.com.

**CONFIDENTIAL**

**Witness Statement Form**
Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

| SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT | |
|---|---|
| Name Jah Nye Mtchel | Department/Position AFE2 |
| Home Address, City, State, Zip | Home Phone | Work Phone ( ) |

| SECTION II: WITNESS STATEMENT (Use additional paper or back of form if necessary) |
|---|

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

dipologized to me, I have proof
She say she wanted to be the
bigger person. We walk pass
each other every day and say
hi.

Please list any witnesses or individuals who may have information relevant to this investigation.

**ACKNOWLEDGEMENT**
Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.
I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

| | | |
|---|---|---|
| Employee Name (Please Print) | Employee Signature | Date |

For Internal Amazon Use Only

**CONFIDENTIAL**

AMZ-BRY008214

**CONFIDENTIAL**

**amazon**.com.

# Witness Statement Form
Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

| SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT | | |
|---|---|---|
| Name Ayeisha Waggeh | Department/Position AFE1 | |
| Home Address, City, State, Zip | Home Phone | Work Phone ( ) |

**SECTION II: WITNESS STATEMENT** (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

· There was an indceit that happen on november 24th before I clock in to work, Jaymne arporach me and said why are you talking about me "now Im going beat you up and try to get you fire". Also before the indcient, he will walk pass me and say disrepectful commacts It been going on for 2 week but then it eventually stop.
· He also send text messages
· He also told my friend comments about me too.

Please list any witnesses or individuals who may have information relevant to this investigation.

Tiffany, Domocsha

**ACKNOWLEDGEMENT**

Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.

I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

| Ayeisha Waggeh | | 12/3/19 |
|---|---|---|
| Employee Name (Please Print) | Employee Signature | Date |

For Internal Amazon Use Only

**CONFIDENTIAL**

**AMZ-BRY008215**

**CONFIDENTIAL**

# amazon.com.

# Witness Statement Form
Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

| SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT | | |
|---|---|---|
| Name Ayeisha Waggeh | Department/Position AFE 4 | |
| Home Address, City, State, Zip | Home Phone | Work Phone ( ) |

**SECTION II: WITNESS STATEMENT** (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

: There was an indccid that happen on november 24th before I clock in to work, Jahynye apporach me and said " why are you talking about me now Im going to beact you up and get you fired!!

. Before that he will walk pass me and say disrespeful comments for 2 weeks. also send text messages

. He did aplogize.

Please list any witnesses or individuals who may have information relevant to this investigation.

**ACKNOWLEDGEMENT**

Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.

I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

| Ayeisha Waggeh | _(signature)_ | 12/3/19 |
|---|---|---|
| Employee Name (Please Print) | Employee Signature | Date |

For Internal Amazon Use Only

**CONFIDENTIAL**                    **AMZ-BRY008216**

### UNITED STATES OF AMERICA
### BEFORE THE NATIONAL LABOR RELATIONS BOARD
### REGION 29

**AMAZON.COM SERVICES LLC**

    **And**                                            **Case No.  29-CA-261755**

**GERALD BRYSON, AN INDIVIDUAL**

### COUNSEL FOR THE ACTING GENERAL COUNSEL'S
### MOTION FOR *BANNON MILLS* SANCTIONS

Counsel for the Acting General Counsel (General Counsel) files the instant Motion seeking *Bannon Mills* sanctions against Amazon.com Services LLC. (Respondent) in the above-captioned proceeding.  For the reasons set forth below, Administrative Law Judge (ALJ)  Benjamin Green should grant the General's Counsel's request for sanctions and 1) allow the General Counsel to prove by secondary evidence and restrict Respondent's right to cross examination with respect to any witness on those issues where there  is non-compliance with the subpoena, 2) preclude Respondent from rebutting such evidence with testimony or demonstrative evidence, 3) barring Respondent from presenting testimony and evidence on issues where there is non-compliance with the subpoena, and 4) draw adverse inferences where appropriate.

### I.   PROCEDURAL BACKGROUND

On December 22, 2020, the Regional Director of the National Labor Relations Board issued a Complaint and Notice of Hearing in Case No. 29-CA-261755 (the Complaint) against Respondent scheduling the hearing for March 29, 2021.  The Complaint alleges that Respondent committed violations of the National Labor Relations Act (the Act) by suspending and terminating

employee Gerald Bryson (Bryson) in retaliation for his protected concerted activity on April 6, 2020.

On January 5, 2021, Respondent filed its Answer in which it denied that Bryson was engaged in protected concerted activity on April 6, 2020 and that it suspended and terminated Bryson in violation of the Act.

On February 24, 2021, Respondent filed its Amended Answer to include its defense that the Office of the General Counsel has no authority to prosecute the case after former General Counsel Peter B. Robb was removed from office by the President of the United States on January 20, 2021.

On March 23, 2021, General Counsel issued a Notice of Intent to Amend  Paragraph 5 of the Complaint to include additional instances of Bryson's protected concerted activity.

At the opening of the hearing on March 29, 2021, General Counsel amended paragraph 5 of the Complaint to include that Bryson engaged in protected concerted activity on a) March 25, 2021 during a morning manager's meeting by advocating for greater COVID-19 protections, b) on March 30, 2020 by protesting with coworkers Respondent's failure to provide greater COVID 19 safety protections, and c) April 6, 2020 by protesting with coworkers Respondent's failure to provide greater COVID 19 safety protections.

On April 6, 2021, Respondent filed its Second Amended Answer to admit the supervisory and agency status of Human Resource Business Partner Tyler Grabowski and to amend paragraph 5:  a) admitting that Bryson was present at the managers meeting on March 25, 2020 and denying the remainder of the allegation, b) admitting that Bryson was present at the JFK8 Facility on March 30, 2020 but denying the remainder of the allegation c) admitting that Bryson was present at the JFK8 Facility on March 30, 2020 but denying the remainder of the allegation.

The hearing resumed and dealt exclusively with subpoena matters on April 12, April 19,

April 26, May 3, May 4, 2021.  Witness testimony began on May 5, May 10, May 11, May 13, May 14 and continues to date.


## II.   THE SUBPOENAS

### a.   Subpoena *duces tecum* B-1-1BUGMIX

On March 1, 2021, General Counsel issued Subpoena *duces tecum* B-1-1BUGMIX (First Subpoena).  On March 8, 2021, Respondent filed a Petition to Partially Revoke Subpoena Paragraphs 1 (organizational chart), 7 (documents showing work rules and guidelines), 8 (documents showing Bryson and Evans receipt of work rules and guidelines), 16 (disciplines for cursing, abusive, profane, harassing, or vulgar language), 17 (all disciplines), 18 (investigative files associated with disciplines) and 19 (internal communications related to Bryson and employee protected concerted activity).  On March 15, 2021, General Counsel and Respondent filed its Opposition to Respondent's Petition to Partially Revoke the Subpoena.

On March 5, 2021, Respondent agreed to amend its Answer to admit the supervisory and agency status of Tyler Grabowski and General Counsel agreed to withdraw First Subpoena paragraphs 2 through 6 related to Grabowski's supervisory and agency status.

By email dated March 16, 2021, Respondent and General Counsel advised ALJ Green that the parties had agreed to open the record on March 29th—when the parties agreed to deal only with subpoena issues and Respondent had agreed to produce the documents responsive to the First Subpoena paragraphs 9 (Evans and Bryson's personnel files), 10 (documents memorializing exact words or conduct resulting in Bryson's discharge), 11 (disciplinary actions issued to Bryson and Evans during their employment), 12 (documents showing investigations into Bryson and Evans conduct on April 6, 2020), 13 (documents considered and relied upon by Respondent in issuing

Evans and Bryson discipline), 14 (documents showing deliberations regarding discipline issued to Bryson and Evans), and 15 (electronic documents showing the April 6, 2020 incident including notes reflecting dates recordings were accessed and obtained). Subpoena paragraphs 9 through 15 were not at issue in Respondent's Petition to Revoke. General Counsel agreed to Respondent's request to postpone commencing with substantive testimony on May 3, 2021—to afford Respondent time to produce/review documents at issue in the petition to revoke (1, 7, 8, 16, 17, 18 and 19).

To avoid any confusion or miscommunication, and to ensure that the hearing would proceed efficiently on May 3rd, by email dated March 18, 2021, General Counsel proposed the following production schedule for the First Subpoena Paragraphs at issue in the Petition to Partially Revoke (1, 7, 8, 16, 17, 18 and 19):

  i.   April 5, 2021-Paragraphs 1, 7, 8;

  ii.  April 19, 2021-Paragraph 19;

  iii. April 26, 2021-Paragraphs 16, 17, and 18. *See* Exhibit 1.

On March 24, 2021, ALJ Green denied Respondent's Petition to Revoke in large part and ordered Respondent to produce documents responsive to Subpoena paragraphs 1, 7, 8, 16, 17, 18 and 19, limiting Paragraphs 17 and 18 to two facilities in addition to the JFK8 facility

By email dated March 25, 2021, Respondent agreed to produce documents responsive to Paragraphs 1, 7, and 8 on April 5, 2021, but would not yet commit to General Counsel's proposed schedule. *See* Exhibit 2 pdf pg. 4/7. Respondent failed to propose alternative dates upon which it would produce the documents pursuant to the subpoena.

By email dated Sunday, March 28, 2021, Respondent reneged on its agreement to produce documents responsive to Paragraphs 9 through 15 at the opening of the hearing on March 29th.

Instead, Respondent informed General Counsel that it would produce documents responsive to First Subpoena Paragraphs 1, 7-15 (both documents that had been at issue and those not at issue in the Petition to Partially Revoke) on April 5, 2021. *See* Exhibit 2 pdf pg. 2/7. General Counsel objected to Respondent reneging on its agreement. *See* Exhibit 2 pdf pg. 1/7. Respondent claimed that its breach of its agreement to produce the documents pursuant to the agreed upon schedule was "as a result of your 11th hour motion to amend your complaint to add two new substantive allegations relating to events allegedly occurring nearly a year ago," stating "we have been forced to expend considerable resources over the last several days investigating those allegations to prepare to litigate them." *See id*. Respondent's claim is specious and not in good faith, as the documents sought in paragraphs 9 through 15 relate to the discipline issued to Bryson and Evans. The amended in allegations merely added two dates when discriminatee Gerald Bryson engaged in protected concerted activity—conduct that Respondent knew of and regarding which there is no legitimate dispute—and is conduct for which Respondent did not need to prepare a defense.

At the hearing on March 29, 2021, Respondent failed to produce documents responsive to First Subpoena paragraphs 9, 10, 11, 12, 13, 14, and 15. Respondent claimed that its failure was a result of Respondent's interpretation of an email from General Counsel. Tr. 14-15. Respondent did not identify the email that it claims caused its confusion nor did Respondent contact General Counsel seeking any clarification of any email. Respondent asserted its preference to produce documents responsive to Paragraphs 16-18 by not later than April 19, 2021 and documents responsive to Paragraph 19 by not later than April 26, 2021. Tr. 11-13.

By email dated April 5, 2021, regarding the production of documents responsive to First Subpoena Paragraphs 16-18, Respondent represented "we think we are on target." *See* Exhibit 3 pdf pg. 1/7 (Respondent response in green).

By email dated April 7, 2021, Respondent stated, "our production will be on a rolling basis, we expect to produce documents on a weekly basis and we anticipate meeting the 4/19/21 and 4/26/21 targets you proposed and we agreed to."  *See id*. pdf pg. 6/7 (Respondent response in light blue).

By emails dated April 16, 2021, and April 20, 2021, Respondent represented concern that it will not be able to produce all documents by the May 3, 2021 hearing date given that disciplines are manually extracted form personnel files.  *See* Exhibit 4; *see also* Exhibit 4a).

As of the parties' agreed upon April 19, 2021 date of production for Paragraphs 16, 17, and 18 of the First Subpoena,   General Counsel represented on the record that the charts that Respondent had produced were not responsive to the First Subpoena because disciplines are not maintained in a chart in the ordinary course of business.  Tr. 43-44; 48; 50; 56-57; 76; 80.  General Counsel further stated that only 32 disciplinary files[1] issued at JFK8 were produced but that neither the 105 disciplines issued at EWR4, the 46 disciplines issued at BDL3 responsive to paragraph 16, nor any documents responsive to Paragraph 18 regarding investigations were produced by parties' agreed upon production date.  Tr. 82.

As of the parties' agreed upon April 26, 2021 date of production for Paragraph 19 of the First Subpoena, General Counsel had received no documents responsive to that paragraph.  It was not until May 12, 2021—almost one month after the agreed-upon production date and almost two weeks after the substantive start of the trial -- that Respondent produced some documents responsive to Paragraph 19 of the First Subpoena.

---

[1] As of April 19, 2021, General Counsel referred to these documents as "personnel files" but later learned through the testimony of Respondent's Custodian of Records that these files were in fact ADAPT files.  See section X for further discussion below.

### b. Subpoena *duces tecum* B-1-1CBQMN1N

On April 19, 2021, General Counsel issued Subpoena *duces tecum* B-1-1CBQMN1N (Second Subpoena). On April 26, 2021, Respondent filed a Petition to Revoke the Subpoena. On April 30, 2021, General Counsel filed its Opposition to Respondent's Petition to Revoke the Subpoena and agreed to withdraw Paragraphs 3, 4, 20, 21, 25, 26, 28, 29, and 30. ALJ Green ruled orally on remaining Paragraphs 1, 2, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 22, 23, 24, and 27 (paragraph 5 was inadvertently excluded from the Second Subpoena).

On May 3, 2021, the ALJ ordered that Respondent produce documents responsive to Second Subpoena paragraphs 1, 2, 8, 15, 16, 19, 22, 23, 24 and 27. ALJ Green limited paragraphs 17 and 18 to Amazon's JFK8 facility. Tr. 269-271; *see also* 274. With regard to Paragraphs 6 and 7 of the Second Subpoena, Respondent represented that document review was continuing and that there might be other documents forthcoming. Tr. 268. Regarding paragraphs 9-14, Respondent represented—as vaguely as possible—that it could not "affirmatively represent that there might not be other things that will come down the pipeline." Tr. 267-268.

### III.   **INTRODUCTION**

It is well-settled that Respondent has a good-faith obligation to gather responsive documents upon service of a subpoena. *McAllister Towing & Transportation*, 341 NLRB 394 (2004). Respondent received the First Subpoena on March 1, 2021 and had the obligation to begin collection ***at that time***.

It is clear that Respondent intentionally failed to begin document collection when they received the first subpoena on March 1st. Respondent grossly and inexcusably failed to timely and properly comply with the First Subpoena. The evidence is clear that Respondent agreed to a

production schedule that it did not keep (except for the production of 32 redacted disciplines on April 16, 2021) and on several subpoena paragraphs, Respondent did not begin its collection until a month after it received the First Subpoena.

Furthermore, Respondent made misrepresentations about its production.   Respondent repeatedly stated that personnel files were produced for employees other than Bryson and Evans when Respondent, in fact, only produced employee disciplinary files, and not personnel files. Respondent's Custodian of the Record's testimony shows that it failed to search its EXACT database that contains investigative reports responsive to paragraph 12 of the First Subpoena. Instead, Respondent searched emails and Chime chats for documents related to the investigation into Bryson and Evans' discipline.  Respondent's misrepresentations and failure to search relevant databases demonstrates that Respondent failed to conduct a good faith reasonable search.

There is also ample evidence that Respondent failed to properly comply with the First Subpoena by repeatedly unilaterally redacting documents—wrongly usurping General Counsel's right to decide which documents are relevant to its case—among many other deficiencies.  Based on the foregoing, Respondent's conduct establishes a strategy and tactic to deliberately impede General Counsel's ability to prosecute Respondent's violations of the Act.   Respondent's transparent conduct—and its disregard for Your Honor's Orders—should not be condoned and Your Honor should impose all appropriate evidentiary sanctions.

IV.   **RESPONDENT FAILED TO PRODUCE DOCUMENTS IN GOOD FAITH**

   a. **Senior HR Business Partner Grabowski's Testimony Demonstrates that Respondent Has Misrepresented that Personnel Files Have Been Produced**

Although Respondent had nearly two months to produce personnel files, Respondent produced just two personnel files to date—the personnel files of Gerald Bryson and Dimitra

Evans—and that production was designed to be unusable by the GC.  In that regard, the documents contained in each personnel file for Bryson and Evans were intermingled and are not clearly distinguishable one from the other.  Tr. 61-62.  Further, Respondent has failed to produce the 32 personnel files specifically requested by General Counsel, despite Respoondent's false claim that it has produced those personnel files.  Custodian of the Records Tyler Grabowski's testimony clearly establishes that Respondent produced employee ADAPT files, and not personnel files.

As a gesture of good faith and in an effort to make production as easy as possible, on several occasions, General Counsel informed Respondent to produce the disciplinary documents responsive to Paragraphs 13 (documents Respondent considered and relied upon in issuing Bryson and Evans discipline[2]) and 16 (disciplines for cursing, abusive, profane, harassing or vulgar language), and stated that upon review of those disciplines, General Counsel would narrow down production and advise Respondent which personnel files and investigatory files Respondent should produce.  In that regard, on April 5, 2021, Respondent produced a chart responsive to Paragraph 13 showing all the comparator disciplines that Respondent considered and relied upon when it made the decision to terminate Bryson.  *See* Exhibit 5; *See also* GC Hearing Exhibit 12 (AMZ-BRY00188-AMZBRY00197).  On April 6, 2021, General Counsel requested that Respondent produce the disciplinary documents issued to certain comparator employees, ***their personnel files and documents showing the investigations*** that Respondent conducted in connection with those disciplinary actions.  *See* Exhibit 5 pdf pg. 1/2.

As discussed above, on April 16, 2021, in response to Paragraphs 13 and 16, Respondent produced what it referred to—on and off the record—as "personnel files."  *See e.g.,* "personnel files produced as part of larger production." Tr. 70.  "personnel files start at 1416 and they end at

---

[2] Respondent represented to the General Counsel that at the time that it disciplined Bryson, it considered/relied upon 26 Comparator disciplines.

1307." Tr. 76; "going into the personnel file and pulling up the discipline . . . . ." Tr . 77.

Contrary to Respondent's repeated misrepresentations, the files that it produced contain employee "feedback" documents which include positive feedback or discipline— and no other documents. *See e.g.*, GC Hearing Exhibits 11, 13-24, 26-32, and 34-47. Respondent did not produce personnel files, as was established by the testimony of Tyler Grabowski. In perhaps what was his most clear testimony, Grabowski unambiguously testified that all feedback records are maintained in ADAPT, and that all other personnel documents are maintained in the employee's personnel file in the OnBase database. Tr. 157; 198; 199; 200; 201; 205 206; 208. The documents that Respondent produced ***do not*** include any of the personnel documents that Grabowski testified are maintained in personnel files— including but not limited to policy acknowledgement forms. Thus, GC Hearing Exhibits 11, 13-24, 26-32, and 34-47 do not represent personnel files, as Respondent has not produced them.

Accordingly, Respondent misrepresented its production and has failed to produce personnel files responsive to the First Subpoena. Respondent should be precluded from introducing any disciplines, personnel files or any documents maintained in employee personnel files including policy acknowledgment forms on its case.

### b. Grabowski's Testimony Shows that Respondent Has Made False Claims About its Document Production Process

Respondent has falsely—both on and off the record—represented to both the General Counsel and Your Honor that its production process was exceedingly long and labor intensive due to disciplines being stored within the electronic personnel file of each employee and requiring manual extraction. Respondent has repeated this false narrative by emails dated April 16 and on the record April 17, 2021. Tr. page 48-49; 50-51; Tr. 77; *see also* Exhibit 6 and Exhibit 7.

Contrary to Respondent's false claims, Grabowski repeatedly testified that the ADAPT and OnBase systems are separate and distinct.  Grabowski testified that disciplines are maintained in ADAPT and that disciplinary files are **not** maintained in personnel files.  Grabowski testified unequivocally as follows below.

**Volume 3:  Transcript page 93 through 232 at pages 151-152**
```
Q    -- if I need you to -- so this way you don't -- I
can -- I can see you while you're testifying.  Thank
you.  Okay.  So these documents, paragraphs 16,
requesting disciplines, where are they normally kept?
A    In Adapt.
Q    Okay.  What is Adapt.
A    An Amazon system for documenting and tracking
feedback.
Q    And is Adapt an electronic system?
A    Yes.
Q    And can you tell me, is that the only system that
Amazon uses to maintain discipline?
A    The documentation, like of the actual feedback,
yes.
Q    When you say "feedback", are you referring to
disciplines?
A    Yes.  So the reason I say "feedback" is there is
both positive and constructive that are both
documented in Adapt.
Q    Okay.  Disciplines that are not positive or
constructed, are they -- or feedback, are they
maintain in a different location?
A    No.
Q    Okay.  So are you saying that all disciplines are
maintained and Adapt?
A    For hourly employees, yes.
```

**Volume 3:  Transcript page 93 through 232 at pages 156**
```
Q    Okay.  So other than Adapt, is there any other
place where employee discipline would be maintained?
A    Not for feedback records or conversations.
```

**Volume 3:  Transcript page 93 through 232 at pages 157**
```
Q    And what is OnBase?
A    It's a system for employee personnel files.
```

**Volume 3:  Transcript page 93 through 232 at pages 157-158**

Q    Okay.  Thank you.  So I want to talk about OnBase
a little bit.  Are personnel files stored on OnBase?
A    Yes.
Q    Okay.  Are dis -- employee disciplinary
records -- can they also be found on OnBase -- in
OnBase?
A    No.

**Volume 3:  Transcript page 93 through 232 at pages 158**

Q    Do employees sign and acknowledge disciplines?
A    They have the ability to digitally acknowledge
it.
Q    And if -- okay.  And if an employee digitally
acknowledges a discipline, does it go into OnBase in
the personnel file?
A    No.

**Volume 3:  Transcript page 93 through 232 at pages 163-164**

Q    Okay.  So I just want to -- for clarification,
can you tell me if I can search for a discipline
without searching a personnel file?
A    What do you mean by that?
Q    So does Adapt only contain the disciplines?
A    It would be discipline and then also positive
feedback if there's positive coachings in there.
Q    Okay.  Does Adapt have anything else in it --
or -- or any other types of files maintained in Adapt?
A    No, the –
MS. WILLIAMS:  I'm going to object to the extent this
goes beyond the scope of the requested documents
     JUDGE GREEN:  Overruled.  Answer.
     BY MS. COX:  Mr. -- Mr. Grabowski, I was asking
what other types of documents are maintained in Adapt,
besides positive feedback, discipline, and I believe
you said co -- coachings?
A    Uh-huh.  So coaching would fall under the -- the
feedback scope.  Adapt is a performance management
system.
Q    Okay.  Okay.  And what's -- I just want to take
another step back with you because I don't think I'm
clear on what Exact is.  What -- so what's the
difference between Exact, Adapt, and OnBase?
A    OnBase would be all personnel files.  Adapt would
be performance management, either feedback, positive,
negative, any type of disciplinary action.  And Exact
is where you would host information related to witness

```
statements, documents, anything collected during the
course of an investigation, which then may lead to
feedback that would be entered in Adapt.
```

**Volume 3:  Transcript page 93 through 232 at pages 179**
```
Q    Is it possible to retrieve the individual
feedback or discipline documents without entering a
personnel file?
A    If we wanted the individual feedback, we would go
employee by employee in Adapt.
Q    So you don't have to access the personnel file to
retrieve a disciplinary document?
A    The -- like, the documents from the Excel sheet?
Q    Yes, those individual documents, where would you
retrieve it from?
A    Adapt.
Q    Is it in the personnel file?
A    No.
```

Grabowski's testimony establishes that Respondent has made false representations that it extracted disciplines from employees' personnel files in producing documents responsive to the First Subpoena.  Instead, Grabowski's testimony establishes that none of the disciplines are maintained in personnel files.  Respondent should be precluded from introducing any personnel files or any documents maintained in employee personnel files including policy acknowledgment forms.

      c.  **Custodian of Records Timothy Brainerd's Testimony Shows that Respondent Failed to Search the EXACT Database for Documents Responsive to Paragraph 12 Related to the Investigation into Bryson and Evans' Discipline**

Respondent claims that all documents responsive to Paragraph 12 (investigations related to Bryson and Evans conduct on April 6, 2020) have been produced.  However, General Counsel disputes the completeness of Respondent's production responsive to paragraph 12.  Grabowski testified that the EXACT database is an investigation tracking system that contains documents

collected during the course of an investigation.   Tr. 157.   Respondent produced 35 investigative reports related to other employee discipline—all of which were produced after May 6, 2021 and heavily redacted.   No such document was produced in response to Subpoena Paragraph 12 for either Bryson or Evans.   Respondent designated Timothy Brainerd as its Custodian of the Records for Subpoena Paragraph 12.   Brainard unambiguously testified that he did not search the EXACT database.   Brainerd repeatedly testified that he was directed to search only PST (or emails) and CHIMES.

> **Volume 4:  Transcript page 233 through 392 at page 297**
> ```
> Q    BY MR. JACKSON:  Are you familiar with something
> called Exact?
> A    No.
> Q    So your collection in response to paragraph 12
> did not include any collection of Exact files,
> correct?
> A    I was only directed to collect PST and Chime
> logs.
> ```

Respondent's failure to search its only investigation tracking system for documents responsive to Paragraph 12 (investigations related to Bryson and Evans conduct on April 6, 2020) of the First Subpoena establishes that Respondent failed to conduct a good faith reasonable search. Respondent's failure to conduct a good faith reasonable search warrants an adverse inference that the investigative documents related to Bryson's discharge will show the pretextual nature of his discharge.

## V.   **RESPONDENT FAILED TO PRODUCE NUMEROUS DOCUMENTS**

### a.  **Respondent Failed to Produce EXACT Investigative Reports Responsive to Paragraphs 12(a) and 12(b)**

Paragraphs 12(a) and 12(b) of the First Subpoena seek documents related to the investigations of Gerald Bryson and Dimitra Evans, respectively.   Respondent produced witness

statements, Tyler Grabowski's notes, the Workplace Incident Management Report, an Executive Summary, and email communications among Human Resources Representatives.    The investigative documents that Respondent produced related to Bryson's termination are **portions** of the EXACT file, but the EXACT report has not been produced.  Respondent produced 35 EXACT investigative files related to other employees.  The other employees' EXACT investigative files show that witness statements and other associated investigative documents are uploaded in the EXACT database along with a report containing investigators' conclusions, identification of the investigation team, allegations, findings, and analysis. *See e.g.*, Exhibit 8.  To date, General Counsel has not received **any** EXACT reports identifying investigators, investigators' conclusions, allegations, findings, or analysis for the discipline issued to Bryson and Evans. Respondent's production of only the attachments (i.e. witness statements, Tyler Grabowski's notes, the Workplace Incident Management Report, an Executive Summary, and email communications among Human Resources Representatives) to the EXACT report amounts to a failure to comply with the First Subpoena.

Respondent's failure to produce the EXACT reports support an inference that the documents will show pretext, and any cross examination of Bryson about Respondent's investigation should be stricken from the record.

### b. Respondent Failed to Produce Workplace Incident Management (WIM) Reports Responsive to Paragraphs 12(b) of First Subpoena

Regional Loss Prevent Manager Geoff Gilbert-Differ testified that a WIM report is created for each employee involved in an altercation.  Respondent produced a (WIM) report as it relates to Gerald Bryon but did not produce the report as it relates to Evans.  Respondent's failure to produce a WIM report as it relates to Evans supports an inference of disparate treatment.

### c. **Respondent Failed to Produce Workplace Incident Management (WIM) Reports Responsive to Paragraph 17 of the Second Subpoena**

Paragraph 17 of the Second Subpoena requests WIM reports regarding or referencing bullying by any employee at JFK8, EWR4 and BDL3.  ALJ Green limited this request to the JFK8 facility.  Respondent failed to produce any documents responsive to Second Subpoena Paragraph 17.  By email dated May 12, 2021, Respondent represented that Paragraph 17 was "complete," without any explanation as to what documents were produced, whether other responsive documents exist or whether no responsive documents exist.  *See* Exhibit 9.  Yet on March 17, 2021, Respondent requested additional time to produce documents responsive to the subpoena.  Respondent's failure to produce WIM reports for bullying warrants Respondent being precluded from presenting any evidence of testimony regarding the investigation it conducted into Bryson's discharge.

### d. **Respondent Failed to Produce the WIM Standard and Social Distancing Policy, Both of Which Are Responsive to Paragraph 7 of the First Subpoena**

At the time the First Subpoena issued, General Counsel sought the Owner's Manual as it was the only known document containing work rules that Bryson allegedly violated.  As document production was underway, General Counsel learned from the WIM report that Bryson had also allegedly violated the Global Security WIM Standard.  Respondent's failure to produce the WIM Standard resulted in General Counsel issuing the Second Subpoena and requesting the WIM Standard (Second Subpoena paragraph 16).  General Counsel also learned that Respondent maintained a social distancing policy that it had not produced in response to First Subpoena Paragraph 7.  Paragraph 7 of the Subpoena covers all documents that show rules and policies that employees were subject to at any time during the period covered by the subpoena.  As Your Honor did not revoke Paragraph 7, Respondent has an obligation to produce those subpoenaed documents,

whether or not the discriminatee was disciplined pursuant to the policy or not.  Indeed, Respondent produced policies such as the Computer Use Policy, Insider Trading Guidelines, Workplace Harassment Policy, Code of Business Code & Ethics among others—and yet unilaterally chose to withhold its Social Distancing policy (and perhaps other policies as well).

Several times on the record, Respondent's counsel stated that it unilaterally withheld documents that it decided, on its own, were not relevant. Your Honor admonished Respondent, reminding Respondent that if he did not grant a petition to revoke certain subpoenaed documents, that it was General Counsel—and not Respondent—who decided which documents were relevant to the General Counsel's prosecution of its case. And yet, Respondent persists in withholding documents that it does not want to produce. Such flouting of Your Honor's Orders and disregard for its legal obligations should not be countenanced.  *See e.g.*, *Bartholomew v. Avalon Capital Grp., Inc.*, 278 F.R.D. 441, 451-52 (D. Minn. 2011) (it is a rare document that contains only relevant information.  And irrelevant information within a document that contains relevant information may be highly useful to providing context form the relevant information.").

Because Respondent failed to produce all work rules, guidelines, and terms and conditions of employment in effect May 1, 2019 through April 30, 2020, Respondent should be precluded from presenting any documentary or testimonial evidence regarding its application of those policies.   The testimony given by Loss Prevention Geoff Gilbert-Differ regarding the WIM Standard should be stricken.  The cross examination of Derrick Palmer regarding the social distancing should be stricken.

**VI.**   **RESPONDENT FAILED TO TIMELY AND PROPERLY COMPLY WITH SUBPOENA**

**e.   Respondent's Redactions of Disciplinary Files and Investigative Files**

**Responsive to Paragraphs 16-18, and 19 Amount to a Failure to Properly Comply with Subpoena**

Throughout the production of the documents, Respondent again unilaterally redacted documents and ignored its obligation to produce unredacted material.   Respondent has repeatedly ignored First Subpoena Instructions Paragraph P, which states, "This request seeks production of responsive documents in their entirety, without abbreviation, redaction, deletion or expurgation."

Respondent has further ignored General Counsel's objections to redactions raised by email and on-and-off the record.  By email dated March 26, 2021 General Counsel informed Respondent, "the disciplines themselves do not need to be redacted as they do not contain sensitive personally identifiable information."   *See* Exhibit 2 pdf pg. 3/7.  On the record on April 12, 2021, General Counsel informed Respondent that "disciplines with redacted employee names" . . . . .[were] not complying with the subpoena." Tr. 17.  In an off the record telephone call immediately following the April 12 Zoom videoconference before ALJ Green, General Counsel reiterated the same objection to Respondent redacting disciplinary files. Again, on the record on April 19, 2021, General Counsel raised objections to Respondent redacting "things that employees have said" and "manager names who were involved in discipline." Tr. 78.

Despite repeated objections, Respondent persisted in producing redacted documents.  On May 7, 2021, for the first time since the First Subpoena issued, Respondent produced investigatory files.  The investigatory files were heavily redacted.  General Counsel again objected to the production of redacted documents, including investigatory files and the Workplace Incident Management Standard/Guide.  Tr. 829-835; Tr. 965

Despite emails, telephone conversations, and on the record conversations, on May 11, 2020 before ALJ Green, Respondent pretended not to know that General Counsel had any issue with regard to receiving redacted documents.  Respondent also made clear that it was determining the

relevancy of documents it produced.  Tr. 965-967.  Respondent's representations are disingenuous, and it mistakenly put itself in the place of the ALJ by determining relevancy.

Respondent's conduct amounts to refusal to comply with basic instructions of the First Subpoena and has put General Counsel at an extreme disadvantage in presenting its case.  General Counsel has been unable to confirm the identities of the employees who were investigated, and to understand the context in which disciplines were issued.  Respondent's refusal to comply with the First Subpoena hindered General Counsel preparation for cross examination of Respondent's witnesses, including on 611(c) on May 4, 2021.  The files available to General Counsel on May 4, 2021 were all redacted disciplines without any associated investigative files.  *See e.g.*, GC Exhibits 11, 13-24, 26-32, and 34-47.

On May 11, 2021, ALJ Green ordered Respondent to produced unredacted documents to the General Counsel.  At Your Honor's direction, on May 12, 2021, Respondent produced 184 unredacted disciplines and 75 investigation files—more than two months from the issuance of the First Subpoena and about a month after the agreed upon April 19 production date.  Respondent's delay precluded General Counsel from reviewing the unredacted investitive files before the cross examination of Loss Prevention Manager Geoff Gilbert-Differ.

Respondent continued its ongoing pattern of simply ignoring Your Honor's orders and its legal obligations—choosing what it felt like turning over and what it felt like withholding.  In that regard, even after Your Honor directed Respondent to produce unredacted documents, Respondent again redacted significant portions of Chime (chat) communication messages responsive to Paragraph 19 (internal communications regarding Bryson and other employees' protected concerted activities).  Respondent's assertions that the redactions are irrelevant are incredulous.  Respondent produced a Chime chat containing a picture of Christian Smalls with redacted

communications immediately before and after the picture.  *See* GC Hearing Exhibit 65.

Respondent's redaction of subpoenaed documents throughout the production show that Respondent has failed to comply with its subpoena obligations and effectively impeded General Counsel's prosecution of this case.  Accordingly, General Counsel should be permitted to introduce secondary evidence of language employees use at work and the type of disciplines issued to employees for that language.  Furthermore, General Counsel seeks any testimony related to the investigation Respondent conducted into Bryson's conduct on April 6 be stricken from the record. Regarding the redactions in its communications, an adverse inference should be drawn that Respondent harbored animus toward protected concerted activity.

### f.  Respondent's Production of Disciplines Responsive to Paragraph 16 of the First Subpoena Shows Respondent Delayed in Producing Responsive Documents

On March 31, 2021, Respondent represented that a "relatively small" number of disciplines were responsive to Paragraph 16 for JFK8, EWR4 and BDL3.  *See* Exhibit 10.  By email dated April 7, 2021, Respondent wrote, non-comittally, "we expect to produce materials responsive to paragraphs 16-18, per our agreement."  *See* Exhibit 3 pdf pg. 3/7 (Respondent response in light blue).  On April 16, 2020, Respondent produced 32 JFK8 ADAPT employee disciplinary files but did not produce any disciplinary files for EWR4 or BDL3.  On the Record on April 19, 2021, General Counsel objected to Respondent's failure to produce the 105 disciplines issued at EWR4 and 46 disciplines issued at BDL3.  Tr. 78.  Respondent delayed in producing responsive documents for EW4 until May 1, 2021.   The production of disciplines issued at BDL3 were delayed until May 2, 2021, the day before the opening of the hearing on the merits. The production of these disciplines responsive to Paragraph 16 continued on May 3, 2021, and May 4, 2021 for disciplines issued at BDL3 and EWR4.

Respondent's continued and prolonged delay in producing disciplines responsive to Paragraph 16 is inexplicable and inexcusable.   There were few responsive disciplines and Paragraph 16 plainly seeks disciplines issued for "cursing, abusive, profane, harassing or vulgar language."   Respondent knew its obligation to search for these disciplines started on March 1, 2021.   Contrary to its obligation to begin collection in early March 2021, Respondent's Custodian of the Records Tyler Grabowski testified he created the JFK8 excel spreadsheets that Respondent used in producing the disciplines responsive to Paragraph 16 for JFK8 in "late March, April 2021." Tr. 150.   Grabowski further testified that it took him about 15 minutes to generate excel spreadsheets showing disciplines responsive to Paragraph 16.   Tr. 162-163.   For disciplines responsive to Paragraph 16 for EWR4, and BDL3, Grabowski testified he created the spreadsheet in April of 2021.  Tr. 194.  Therefore, there can be no question that Respondent did not commence its collection of documents on March 1, 2021 as required by the subpoena.

Prior to producing disciplines responsive to Paragraph 16 for JFK8, on April 7, 2021, Respondent produced a chart outlining the 32 disciplines with substantial redactions and claimed that the chart was responsive to First Subpoena Paragraph 16 and 17.  On April 9, 2021, General Counsel requested that Respondent produce the disciplines (not a chart) responsive to Subpoena Paragraph 16 at JFK8.   *See* Exhibit 11.   General Counsel repeatedly objected and informed Respondent that the chart was not adequate as it did not show prior discipline issued to individual employees, as required by the First Subpoena.  Tr. 44; 46-47; 56; 76; 80; 177; 277-278.   Yet, Respondent persisted in producing charts despite General Counsel's repeated objections and requests for production of the discipline forms themselves.

Respondent's failure to timely produce these few documents in accordance with the parties agreed upon production schedule, and its insistence that General Counsel rely on charts without

any indication of the employees' prior discipline are a failure to comply with the First Subpoena. Respondent effectively prevented the General Counsel from evaluating documents in a meaningful way before May 3, 2021. Therefore, Respondent should be precluded from introducing evidence and testimony about disciplines it considers comparable to Bryson's discipline.

> **g.  Respondent's Extreme Delay in Producing Investigative Files Responsive to Paragraph 18 Associated with a "Relatively Small" Number of Disciplines Responsive to Paragraph 16 Hampered General Counsel's Ability to Prosecute Amazon's Violation of the NLRA**

Respondent failed to timely produce the investigative files for all the disciplines responsive to the First Subpoena, including the "relatively small" number of disciplines related to Paragraph 16 of the First Subpoena.  On May 7, 2021. Respondent produced fifteen (15) heavily redacted investigative files for disciplines issued at JFK8.  Then, on May 8, 2021, Respondent produced twenty (20) heavily redacted investigative files for disciplines issued at BDL3 and eighteen (18) for EW4.  On May 9, Respondent produced eighteen (18) redacted investitive files for EWR4, four (4) for BDL3, and two (2) for JFK8.  On May 12, 2021, Respondent produced an additional two (2) investigative files for JFK8.  Respondent ultimately produced 79 heavily redacted investigative files, two months after the First Subpoena issued and almost a month after the parties agreed upon April 19, 2021 production date.  Respondent produced these documents in a piecemeal fashion, and when the documents were finally produced, they were so heavily redacted as to be meaningless and unusable.  Respondent cured the redactions on May 12, 2021—over one week after the hearing of the merits.

Respondent's counsel are savvy in litigation and know what their obligation is regarding subpoena production.  There is no way that Respondent counsel did not know that it was improper

to redact what amounts to almost entire documents.  Redacting entire documents is just more evidence of flouting of the ALJ order and Respondent's obligation to produce documents—deciding for themselves, picking and choosing what they want to turn over.  Respondent counsel's conduct is deliberate and calculated—to cause delay and to impede prosecution.

Therefore, Respondent's delay and failure to adequately comply with the First Subpoena warrants an adverse inference that these documents will show disparate treatment and animus.

> **h.  Respondent's Reliance on General Counsel's Search Terms for Paragraphs 17 and 19 of the Subpoena is Disingenuous and Shows that Respondent Failed to Timely Gather Responsive Documents Upon Service of the First Subpoena**

On March 22, 2021, General Counsel requested to confer with Respondent to discuss search terms for paragraphs 17 (all disciplines) and 19 (internal communications related to Bryson's protected concerted activity) of the First Subpoena and proposed March 25, 2021 for a telephone call.  *See* Exhibit 2 pdf pg. 6/7. On March 25, 2021 Respondent represented that it was their preference that the General Counsel "simply propose as[sic] set of search terms for that item." *See id*. at pdf pg. 4/7; *See also* Exhibit 3a (Respondent response in blue).  On March 26, 2021, General Counsel objected and informed Respondent that ALJ Green's March 24 Order explicitly stated, "the parties should consult."  *See id*. at pdf pg. 3/7.  Respondent refused to consult and conditioned the commencement of the search on General Counsel providing search terms.  *See* Exhibit 3 pdf pg. 3/7 (Respondent response in green).  This was yet another tactic to cause delay and impede prosecution.  It is hard to believe that Respondent's large team of experienced attorneys and electronic document specialists did not know how to commence a document search in a garden variety discharge case.

On the record on March 29, 20201, ALJ Green clarified that General Counsel was not required to propose search terms for First Subpoena Paragraph 17.  Vol. X. Tr. 32-33.  However, on April 1, 2021, in an effort to avoid further delays, General Counsel emailed search term proposals for paragraphs 17 and 19, and again requested to confer with Respondent.  *See* Exhibit 12.  Respondent still refused to confer with General Counsel.  Instead, on April 7, 2021, Respondent emailed General Counsel asking General Counsel to "agree to our narrowed set of search terms, [so that] we can ***begin our review***."  *See* Exhibit 3 pdf pg. 3/7 (Respondent response in light blue).   Then, on April 16, 2021, Respondent sent General Counsel an email showing that it used General Counsel's proposed search terms for paragraph 19—terms that General Counsel provided Respondent over two weeks prior.  *See* Exhibit 13.  There was absolutely no indication that Respondent used its own set of search terms prior to April 7 and April 16, 2021.  In fact, there is no indication that Respondent ever used its own search terms.  Respondent ultimately produced some but not all documents responsive to Paragraph 19 on May 12, 2021—well beyond the date the First Subpoena issued and more than two weeks beyond the April 26 production date agreed upon by the parties.    Respondent's use of General Counsel's search terms shows that Respondent did not commence searching for documents until after General Counsel produced terms and well after the subpoena issued on March 1, 2021.  Therefore, Respondent failed to comply with its obligations to timely gather documents.

i.  **Respondent's Failure to Fully or Even Adequately Comply with the First Subpoena is Further Demonstrated By its Many Production Deficiencies**

a)  Respondent failed to produce a Custodian of Records on April 19, 2021.

b)  Respondent refused to produce the Organizational Chart in effect during the May 2,

2019 through April 30, 2020 subpoena period.

c) Respondent failed to organize its Production until April 19, 2021.  *See* Exhibit 14.

d) The majority of documents produced on April 20, 2021 were duplicates.

e) Respondent produced an outdated version of the Owner's Manual responsive to Paragraph 7 of the First Subpoena on March 31, 2021.  Respondent produced an updated version on April 19, 2021 but at the hearing refused to stipulate that Bryson was disciplined pursuant to the updated 2019 version and that it was in effect at the time of his April 17, 2020 discharge.

f) Produced native files for undated investigative notes in Adobe PDF form, witness statements, and disciplinary documents only when General Counsel requested.  *See* Exhibit 15.

## VII.   <u>SPECIFIC RELIEF REQUESTED</u>

1. In light of Respondent's misrepresentation about its document production process and that it produced personnel files for employees other than Bryson and Evans, General Counsel seeks that Respondent be precluded from introducing personnel files or any documents maintained in employee personnel files.

2. In light of Respondent's failure to search EXACT, General Counsel seeks that an adverse inference that the investigative documents related to Bryson's discharge will show its pretextual nature.

3. In light of Respondent's failure to produce an EXACT investigative report responsive to Paragraph 12, General Counsel seeks any cross examination of Bryson about Respondent's investigation be stricken from the record.

4. In light of Respondent's failure to produce a WIM report as it relates to Evans, General Counsel seeks an adverse inference that the documents will show disparate treatment.

5. In light of Respondent's failure to produce WIM Reports for bullying, General Counsel seeks that Respondent be precluded from relying on any documentary evidence regarding the investigation including the WIM report it submitted into evidence.

6. In light of Respondent's failure to produce the WIM Standard and Social Distancing Policy General Counsel seeks any testimony on Respondent's investigation be stricken from the record including the testimony given by Loss Prevention Manager Geoff Gilbert Differ.  Furthermore, the cross examination of Derrick Palmer about social distancing should also be stricken from the record.

7. In light of Respondent's producing redacted disciplines that General Counsel was compelled to use on 611(c) on May 4, 2021, General Counsel should be permitted to introduce secondary evidence regarding language employees use at work and the type of disciplines issued to employees for use of that language.

8. In light of Respondent's producing unredacted investigative files that General Counsel was unable to review before the cross examination of Regional Loss Prevention Manager Geoff Gilbert Differ, General Counsel seeks any testimony including the cross examination of Bryson related to the investigation into April 6, 2020 be stricken from the record.

9. In light of Respondent's production of redacted chime messages, General Counsel seeks an adverse inference that Respondent harbored animus toward protected concerted activities.

10. In light of Respondent's delays in producing unredacted disciplines in native format

responsive to Paragraph 16, General Counsel seeks that Respondent be precluded from entering evidence and testimony of disciplines it considered comparable to the discipline it issued to Bryson.

11. All other sanctions that Your Honors deems appropriate.

For all these reasons, General Counsel requests the above relief.

Dated:  May 17, 2021

/s/ Evamaria Cox
Evamaria Cox
Counsel for the Acting General Counsel
National Labor Relations Board
Region 29
Two MetroTech Center, 5/Fl.
Brooklyn, New York 11201

| From: | Cox, Evamaria |
|---|---|
| To: | Murphy, Christopher J. |
| Cc: | Buffalano, Nicole; Phillips, Kelcey J.; Jackson, Matthew |
| Subject: | Proposed Production Schedule in Amazon, 29-CA-261755 |
| Date: | Thursday, March 18, 2021 4:14:00 PM |

Good afternoon Counsel,

Below please find CAGC's proposed production schedule.  Please let me know when you're available to discuss.  Thank you.

1. Subpoena Paras. 1, 7, 8-April 5, 2021; (Org charts, rules, and docs showing distribution of rules respectively)
2. Subpoena Paras. 19-April 19, 2021 (Internal Communications related to Bryson PCA); and
3. Subpoena Paras 16, 17, 18-April 26, 2021. (disciplinary docs)

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

Exhibit 1

| From: | Murphy, Christopher J. |
|---|---|
| To: | Cox, Evamaria |
| Cc: | Jackson, Matthew; Kelcey Phillips; Buffalano, Nicole |
| Subject: | RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon) |
| Date: | Sunday, March 28, 2021 8:40:15 PM |

Eva:

We understood that we were opening the record tomorrow in order to meet the Region's arbitrary 100-day deadline and to agree to a document production schedule.  Further, as a result of your 11th hour motion to amend your complaint to add two new substantive allegations relating to events allegedly occurring nearly a year ago, we have been forced to expend considerable resources over the last several days investigating those allegations to prepare to litigate them.

In any event, to the extent that you would like the documents responsive to subpoena paragraphs 1 (April 2020 org chart) and 7-15 before April 5, we are happy to discuss that with you.  We propose producing the documents responsive to those  paragraphs by the end of the day on Wednesday.  Let us know if you are agreeable to that schedule.

*Chris*
Christopher J. Murphy
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Sunday, March 28, 2021 6:25 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Gaston, David <David.Gaston@nlrb.gov>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

[EXTERNAL EMAIL]
Chris,

This is unacceptable; we never agreed to Respondent producing request numbers 9 to 15 on April 5, 2021.  For a reminder of our agreement, please see the attached email.

The purpose of opening the record tomorrow was for the production of numbers 9 to 15 and to afford Respondent the courtesy of additional time to search/review the documents at issue in the petition to revoke (1, 7-8, 16-19).

We will raise this issue and discuss the other issues with the ALJ tomorrow.

Exhibit 2

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Sunday, March 28, 2021 2:26 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Buffalano, Nicole
<nicole.buffalano@morganlewis.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

Eva:

This responds to your email of 3/26/21.

At JFK8 approximately 7,000 associates received discipline during the time in question.  These JFK8 disciplines include all disciplines covered by paragraphs 16, 17 and 18, not just those related to the referenced search terms.  For the JFK8 disciplines, we will consider the search terms you suggest for paragraph 16 (cursing, abusive, profane, harassing, or vulgar language).  We will identify, review and produce any responsive disciplines.  To confirm your approach, after you have reviewed the responsive disciplines, you will advise whether you want to review any of the related personnel files.

We have not yet gathered the discipline data from the Connecticut facilities, in the expectation that the volume of JFK8 data would suffice and the data is completely irrelevant to this matter.  While we do not see the relevance of the addresses or codes for these two facilities, we will provide them under separate cover.

With regard to paragraph 17, 18 and 19, we are consulting with you.  Regarding search terms for these paragraphs, you must have some idea about the content of the documents you seek.  If so, you should be able to provide search terms for our consideration.  Otherwise, it would seem that you are on a classic "fishing expedition."

At this point and with respect to paragraphs 17, 18 and 19, we fail to see the need to discuss Amazon's systems or search methods.  As with paragraph 16, you should simply propose a set of search terms for our consideration.  That is not to say that there will never be a need for such detailed communication, but why don't we start with you identifying the search terms you think are relevant and see where that leads us.

Finally, we will produce documents responsive to subpoena requests 1 and 7-15 on Monday, April 5, 2021.

*Chris*
Christopher J. Murphy
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Friday, March 26, 2021 11:33 AM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Gaston, David
<David.Gaston@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Buffalano, Nicole
<nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

[EXTERNAL EMAIL]
Good morning Mr. Murphy,

Thank you for agreeing to produce subpoena items 1, 7 and 8 on April 5, 2021.

For purposes of clarification, please let me know if the 16,000-~48,000 disciplines include all
disciplines sought in paragraphs 16 and 17/18. Also, please let me know how many
employees these disciplines were issued to. The number of employees will help determine
how many personnel files are at issue. In addition, please identify the address and code of the
facilities in Connecticut that are within JFK8's Region.

With regard to paragraph 16, the subpoena sets out the types of disciplines sought (cursing,
abusive, profane, harassing, or vulgar language). Thus, Respondent has the search terms for
paragraph 16. I would like to proceed with the start of production by Respondent turning over
the individual disciplines issued for this type of conduct at JFK8 and Respondent's Regional
Facilities. The disciplines themselves do not need to be redacted as they do not contain
sensitive personally identifiable information. Upon review of these documents and knowledge
of the number of personnel files involved, we can discuss the production of the personnel files.

With regard to your suggestion that we provide search terms for paragraph 17/18 and 19, the
Judge's Order explicitly states "the parties should consult." As I've stated before, we have no
knowledge of Amazon's systems, how the search will be performed, or what search terms
have been used, if any. We are not in a position to create search terms without consultation
with someone from Amazon who has an in depth understanding of its data policies and
practices.

In accordance with the ALJ's Order, we are asking for a consultation between us including
CAGC's Lead Technology Counsel David Gaston and Amazon's In-house Technology
Counsel (or the equivalent). We are available for a call next week on Tuesday (3/30) in the
afternoon, and all day on Wednesday (3/24) and Thursday (3/25).


Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which
it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under
applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any
dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this

communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

---

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Thursday, March 25, 2021 5:33 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

Ms. Cox:

As we have advised, the challenges presented by Counsel for the Acting General Counsel's subpoena (the "Subpoena") are substantial. This letter and the information herein is without prejudice to the positions taken in the Employer's Partial Petition to Revoke and without prejudice to any and all renewed or additional arguments directed to the scope and relevance of the information sought by the Subpoena.

When we had our conference call on 3/18/21, we told Judge Green that we would inquire about the Employer's ability to identify all disciplines from JFK8 for the period covered by the subpoena. We now understand that the Employer can, in fact, identify these disciplines. You should note that just at JFK8, during the period of time covered by the Subpoena, there were more than 16,000 individual disciplines issued to associates. We have not reviewed any of the documentation related to any of these disciplines. We should discuss how you would like to proceed, since if you decide you would like to review some or all of the materials related to those entries, we will have to review that material and remove/redact, inter alia, HIPPA information, Social Security or taxpayer-identification numbers; dates of birth; names of minor children; financial information, other personally identifying information account, as well as privileged or work product materials. We understand that there is likely to be a similar number of disciplines during the Subpoena period at the two other facilities in JFK8's region. We would suggest, as a starting point, that you propose a set of search terms for the JFK8 disciplines for our consideration. If we have any issue(s) with the proposed terms, we would be prepared to address those on a call after review.

Regarding the proposed production schedule in your email of 3/18/21, we will produce the documents identified in item (1) on 4/5/21.

Regarding items (2) and (3), our preference would be to address the issues presented by item (3) before addressing item (2). We have that preference because, as daunting as item (3) will be, we understand that addressing item (2) will be orders of magnitude more difficult. At this point, we cannot commit to the schedule you have proposed.

Regarding the suggestion in your email of 3/22/21 that we have a call this week with technology counsel to address item (2), we would prefer that you simply propose as set of search terms for that item. If we have any issue(s) with the proposed terms, we would be prepared to address those on a call after review. It may be that the application of the search terms you propose will result in the substantial narrow the scope of the production.

*Chris*
Christopher J. Murphy
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Wednesday, March 24, 2021 12:29 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Gaston, David <David.Gaston@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

[EXTERNAL EMAIL]
Good afternoon Chris,

I have not heard back from you as promised regarding the proposed production schedule (attached) and a call tomorrow with Technology Counsel.

Please provide your client's position on these matters.  Thank you.


Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.


**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Monday, March 22, 2021 2:24 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Gaston, David <David.Gaston@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

Eva:

Thank you for your emails of last Thursday and today.  As I explained, I was out of the office after our call last week and through the weekend.

I expect to be in a position to respond by midday tomorrow.  Thanks.

*Chris*
Christopher J. Murphy
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Monday, March 22, 2021 12:41 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Gaston, David <David.Gaston@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Subject:** Sub. para. 19 search terms in 29-CA-261755 (Amazon)

[EXTERNAL EMAIL]
Good afternoon Chris,

On our call earlier today, I failed to mention collaborating on creating search terms for paragraph 19 of the subpoena.  My apologies for that.

As you know, ALJ Green suggested that the CAGC work with Respondent to develop search terms.   I'd like to schedule a call this Thursday (3/25) between us including CAGC's Lead Technology Counsel David Gaston and Respondent's Discovery Counsel (or the equivalent).

Counsel with technology expertise are better equipped to facilitate this discussion, and discuss the volume of data requested in paragraphs 16,17, and 18 of the subpoena.

Please let us know your availability on Thursday, March 25 for a call.  Thank you.

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.


DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

| | |
|---|---|
| From: | Murphy, Christopher J. |
| To: | Cox, Evamaria |
| Cc: | Buffalano, Nicole; Kelcey Phillips; Bagley, Claire E. |
| Subject: | AMA   N.C  M SER   CES   C, 29-CA-261755 |
| Date: | ednesday, April 7, 2021 5:35:05 PM |

Eva:

Sorry about the slow response to this and your other emails.  Nicole and I have been engaged on other matters.  We expect to able to respond to all of the issues you have raised by the end of the week.

My responses are in light blue.

In the interest of keeping this email chain as short as possible, I cut off the emails below our color-coded exchange.

*Chris*
Christopher J. Murphy
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Monday, April 5, 2021 12:56 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Bagley, Claire E. <claire.bagley@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

[EXTERNAL EMAIL]
Good afternoon Chris,

I've responded in **purple.**  Again, please do not remove David Gaston and Tammy Farmer from our communications.

Thank you,
Evamaria Cox

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Monday, April 5, 2021 7:40 AM

Exhibit 3

**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Kelcey Phillips
<kelcey.phillips@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>;
Bagley, Claire E. <claire.bagley@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

Eva:

Keeping with the in-line exchange, our responses are in green.

*Chris*
Christopher J. Murphy
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Thursday, April 1, 2021 1:47 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Gaston, David
<David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Phillips, Kelcey J.
<kelcey.phillips@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>;
Bagley, Claire E. <claire.bagley@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

[EXTERNAL EMAIL]
Good afternoon Chris,

Thank you for your attached response.   I've copied and pasted your response below.  My response
is in red.

In addition, please cease from removing David Gaston or Tammy Farmer from our communications.

Per the ALJ's direction please:

1)  Provide your availability for to consult with Amazon's technology Counsel (or
the equivalent) for this week.  As I've previously stated, we are available
tomorrow (3/30) in the afternoon, and all day on Wednesday (3/24) and
Thursday (3/25) to discuss search terms for Paragraph 19. GC will be prepared
to suggest some search terms for paragraph 19 on that call.  We are not
available today or tomorrow.  You must have offered the other dates in error,
please clarify.  Substantively, we don't believe the ALJ directed us to have
"Amazon's technology Counsel (or the equivalent)" on any call we may have.

While we are not opposed to making counsel (or the equivalent) available, we suggest that you first simply provide search terms for consideration to help facilitate a more productive conversation between the parties.  As the Judge said, you must have some idea about what you are looking for.  Please let us know what that is.

My apologies, I inserted the wrong dates into my email.  Nevertheless, Respondent knew that the ALJ directed us to confer this week regarding search terms.  I will send a list of proposed search terms under separate cover by close of business today.  Please make Amazon Technology Counsel available for the call next week.  **Provide us by close of business tomorrow (4/2) with three date/time options for a call next week starting April 5, 2021.**

First, you need to stop setting arbitrary, unilateral deadlines.  Second, by the end of the day on Monday, 4/5/21, we expect to have produced all the responsive documents identified to date for subpoena paragraphs 1 and 7-15, in accordance with our statements on the record and your original timeline.  We received your paragraphs 17 and 19 proposed search terms at about 6:15 pm on Thursday, 4/1/21.  We are reviewing them and, if we have any questions or concerns, we'll reach out to you.  At that time, we will consider whether a call with "Amazon Technology Counsel" is appropriate.  Given that the next production target is Monday, 4/19/21, we think we are on target.

**GC never agreed to producing a search term proposal in lieu of a telephone call nor was a telephone call contingent on the GC producing a proposal.  Provide us by close of business today (4/5) with three date/time options for a call this week.  Our technology counsel will be present.  In order for this call to be productive, I highly recommend Amazon's technology counsel or equivalent be present as well.
As for the 4/19/21 production date, please identify the subpoena paragraph(s) for which responsive documents will be produced on that date.  (i.e. Paragraphs 17/18 and 19, or Paragraphs 16, 17/18, and 19?)  With regard to the "arbitrary" and "unilateral" deadlines, I am willing to negotiate dates.  Please let me know by which dates you will be able to provide a substantive response for the information we are seeking.**

**Regarding a call involving technology counsel, we still don't see the need for one.  On 4/19/21, we expect to produce materials responsive to paragraphs 16-18, per our agreement.  Regarding the terms included in paragraph 16 (including expanders), we ran those terms against the JFK8 disciplines and got 34 "hits."  We are producing that material to you under separate cover. Regarding the 31 search terms you proposed for paragraph 17, we believe that your proposed list is significantly overbroad and many of the proposed terms have no connection to any issue in this case.  We believe that a search limited to the following terms would be reasonable: 2. Assault!; 3. Violen!; 4. Fight!; 5. Threat!; 6. Danger!; 7. Safe!; 9. Aggress!; 11. Drugs; 16. Alter!; 22. Sex!; 23. Bitch!; 25. Gender.  On the assumption that you would agree to that reasonable narrowing, we ran those terms against the JFK8 disciplines and got almost 1100 hits.  Given the large number of hits and not being certain of your agreement to narrow the terms, we have not yet begun a review.  If you can agree to our narrowed set of search terms, we can begin our review.**

2) Please provide the actual total number of disciplines issued to employees, for any reason at all, at JFK8 from May 1, 2019 through April 30, 2020 by close of business on Wednesday (3/31).  We will provide this by the end of the day on 3/31/21.

I am in receipt of your 3/31 email stating that there are 13,101 "disciplines" issued from May 1, 2019 through April 30, 2020 but that the relevant disciples for "cursing, abusive, profane, harassing, or vulgar language" will be "relatively small." Please provide the number of the relevant disciplines for paragraph 16 **by close of business tomorrow (4/2).**

Regarding unilateral, arbitrary deadlines, see above.  Regarding the number of relevant disciplines, we will provide a specific number when our review/analysis is complete.  We will provide this information on a rolling basis.

**When will your review/analysis be complete?  This number of "relevant disciplines" will help inform our decision regarding disciplines from the other two facilities.  Regarding the "unilateral, arbitrary deadlines" see above.**

**See response #1, above.**

3) Please ask Regional Loss Prevention Manager Geoff Gilbert-Differ which facilities fall under his Regional management.  Below are facilities within 100 miles of JFK8.  Please advise whether any of the facilities set out below fall within Mr. Gilbert-Differ's Regional management.  We're not sure that this item falls within the scope of any open subpoena issue or within any of the instructions the ALJ gave.  Our recollection is that the ALJ asked you to identify two facilities *in lieu of* the two facilities (identified below) in JFK8's region.  We would ask that you identify those two facilities.

The ALJ instructed Respondent to find out the facilities within the region of Loss Prevention manager Gilbert-Differ, and then General Counsel can determine which 2 other facilities (aside from JFK8) from which we want disciplines produced.  Below please find an excerpt from the transcript on this point.  Please let us know **by close of business today (4/1)** whether you intend to comply with the ALJ's direction.

At the time of the events at issue in the amended complaint, Regional Loss Prevention Manager Geoff Gilbert-Differ supported the following facilities: BDL3, BWI2, CLT4, DCA1, EWR4, JFK8, and RDU1 (pre-launch).  Please let us know which two facilities in addition to JFK8 you want to pick for production purposes.

**Thank you.  We are seeking JFK8, EWR4, and BDL3.**

**Noted.**

4) Per your representation the ALJ, provide 1, 7-15 by close of business on Wednesday (3/31).  To clarify your representation (email below) that you will

provide Org charts for 2020, please note that the subpoena requests Org charts from May 1, 2019 through April 30, 2020.  Please do not forget to include the 2019 Org charts.  We will provide documents responsive to paragraphs 1 and 7-15 by the end of the day on 3/31/21.  Regarding the org chart, the ALJ suggested that production of that information in effect during the relevant period might be sufficient.  Consequently, we will produce a document showing JFK8's reporting structure at the time of the events at issue.  We can discuss the production of additional information, if you deem that necessary.

Please refer back to page 3 of the ALJ's Order dated March 24, 2021.  Specifically, with respect to number 1, the ALJ found that "the temporal scope [May 1, 2019 through April 30, 2020] of the request is appropriate" and the ALJ "den[id] Respondent's petition to revoke on subpoena request number 1.  Please produce the Org Charts for 2019 **by no later than April 5, 2021,** as agreed.

The ALJ did not suggest that production of that information in effect during the "relevant period" might be sufficient.  Referring to documents "that show any changes to the reporting protocols and chain of command" the ALJ's order states, "[f]urther, as discussed by the parties in a conference call, the CGC may find it sufficient for the Respondent to produce, **<u>without more</u>**, an organizational chart or charts in effect during the relevant period."  The "relevant time period" here, refers to May 1, 2019 through April 30, 2020 (temporal scope).

The org chart in effect at the time of the events at issue has more than 100 positions listed; we produced this on 3/31/21.  Based on the call in which the petition to revoke was discussed, we interpreted, and continue to interpret, the Judge's use of the term "relevant period" in his 3/24/21 Order to refer to the *time of the events at issue*, not the period covered by the subpoena.  We would consider producing org charts for the 11 months prior to the events at issue if you can explain the relevance of any such document to any issue in dispute.  Alternatively, you could simply identify the positions you are actually interested in and we would consider such a narrowed request.  We find it hard to believe that you have any legitimate interest in how Respondent's front line supervisory staff may have changed, or why they changed, in the 11-month period before the events at issue.

Please specify the exact time period that you are referring to as the "time of the events at issue."  The Org charts that were produced on March 31 do not specify the time period that they cover.  Please specify what time period these Org charts cover.  I will address the other deficiencies in the production thus far under separate cover.
Your interpretation is incorrect.  The relevancy of these documents have already been determined by the ALJ in page 3 of his Order.  I would like to avoid having to involve the ALJ on this issue.  Please reconsider your position and produce these documents without further delay.
Please let us know by <u>end of business today (4/5)</u> whether you will comply with the ALJ's Order.

The phrase "time of the events at issue" means the time of the events covered by the operative factual allegations of the Amended Complaint.  On this issue, we renew our request that you

identify the specific positions or titles that you are interested in.  Having us investigate and retrieve the staffing histories of more than 100 positions (most of whom are clearly frontline supervisors with absolutely no connection to this matter) seems excessive and not really intended to obtain relevant evidence.  For example, are you *really* interested in the staffing histories for the "IB AM FHM" or the "AFE2 AM FHN" positions?

5) GC agrees to the production of Paragraphs 16-18 before the production of Paragraph 19.  As mentioned below, please begin to produce the types of disciplines set out in Paragraph 16.  GC agrees to review those disciplines, and will advise which personnel file(s) underlying those disciplines should be produced, if any.  Please let us know when production on paragraph 16 will begin and propose a target end date for the production of disciplines responsive to Paragraph 16.  The ALJ directed that this production initially be limited to JFK8.  Using your search terms (i.e., the conduct described in paragraph 16), we will identify responsive disciplines and produce the related discipline notices (we're using that term descriptively and not as a term of art).  As the ALJ indicated on the record, he expects that production will be made on a rolling basis and that is what we will do for these documents.

On Monday, March 29, the ALJ explicitly stated that Respondent would review the documents on a "rolling basis" and that he expected documents would be produced on a "weekly basis"  Below please find an excerpt from the transcript on this point.  Please note that the review of documents on a "rolling basis" does not mean that Respondent is permitted to produce documents on uncertain dates.  Please propose dates for the production of these documents **by close of business today (4/1).**

We disagree with your interpretation and approach.  Production on a "rolling basis" means exactly that and we will produce documents in that manner.  Consistent with that understanding, we expect that production will occur on a weekly basis.

**In response to this issue, you've said documents will be produced on a "weekly basis."  Above you've stated that unspecified documents will be produced on 4/19/21. Should the GC expect documents this week?  It's unclear.  Please specify on which week production will begin and identify the subpoena paragraph(s) for which documents will be produced. GC cannot monitor production, or decide if we will require disciplines from the two other facilities, if we have no clear schedule of what will be produced on what date.  The dates are the only way to monitor production.  I am reiterating my request for Respondent to propose dates for production.  I would like to avoid involving the ALJ on this issue. Please propose production dates by <u>end of business today (4/5)</u>.**

We are not in a position to identify the specific dates or times that we will produce documents or the specific documents or classes of documents that we will produce.  As I've indicated, our production will be on a rolling basis, we expect to produce documents on a weekly basis and we anticipate meeting the 4/19/21 and 4/26/21 targets that you proposed and we agreed to.

6) Per the ALJ's direction and your representation in the email below, please provide the addresses and the codes for the unidentified Connecticut facilities that fall within the JFK8 Region. BDL2, 200 Old Iron Ore Rd, Windsor, CT 06095; BDL3, 409 Washington Avenue. North Haven, CT 6473.  Thank you. You are welcome.

*Chris*
Christopher J. Murphy
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

| From: | Murphy, Christopher J. |
|---|---|
| To: | Cox, Evamaria; Jackson, Matthew |
| Cc: | Buffalano, Nicole; Kelcey Phillips; Bagley, Claire E. |
| Subject: | Amazon.com Services    C, 29-CA-261755 -- Respondent s Response to CA   C s 3 29 21 E-Mail |

Good afternoon, Eva.

Below in blue are our responses to the issues raised in your email of 3/29/21, which is set out in full for ease of reference.  Sorry about the delay in responding.

> Good afternoon Counsel,
>
> In order to avoid confusion on subpoena matters, below please find my understanding of where we stand and next steps.  Moving forward, I ask that if there is any confusion regarding our communications that Respondent contact us to clarify issues rather than unilaterally deciding a new course of action.  Thank you.
>
> Per the ALJ's direction please:
>
> 1) Provide your availability for to consult with Amazon's technology Counsel (or the equivalent) for this week.  As I've previously stated, we are available tomorrow (3/30) in the afternoon, and all day on Wednesday (3/24) and Thursday (3/25) to discuss search terms for Paragraph 19. GC will be prepared to suggest some search terms for paragraph 19 on that call.  We are not available today or tomorrow.  You must have offered the other dates in error, please clarify.  Substantively, we don't believe the ALJ directed us to have "Amazon's technology Counsel (or the equivalent)" on any call we may have.  While we are not opposed to making counsel (or the equivalent) available, we suggest that you first simply provide search terms for consideration to help facilitate a more productive conversation between the parties.  As the Judge said, you must have some idea about what you are looking for.  Please let us know what that is.
>
> 2) Please provide the actual total number of disciplines issued to employees, for any reason at all, at JFK8 from May 1, 2019 through April 30, 2020 by close of business on Wednesday (3/31).  We will provide this by the end of the day on 3/31/21.
>
> 3) Please ask Regional Loss Prevention Manager Geoff Gilbert-Differ which facilities fall under his Regional management.  Below are facilities within 100 miles of JFK8.  Please advise whether any of the facilities set out below fall within Mr. Gilbert-Differ's Regional management.  We're not sure that this item falls within the scope of any open subpoena issue or within any of the instructions the ALJ gave.  Our recollection is that the ALJ asked you to identify two facilities **in lieu of** the two facilities (identified below) in JFK8's region.  We would ask that you identify those two facilities.
>
> 4) Per your representation the ALJ, provide 1, 7-15 by close of business on Wednesday (3/31).  To clarify your representation (email below) that you will provide Org charts for 2020, please note that the subpoena requests Org charts

GC Exhibit 3a

from May 1, 2019 through April 30, 2020.  Please do not forget to include the 2019 Org charts.  We will provide documents responsive to paragraphs 1 and 7-15 by the end of the day on 3/31/21.  Regarding the org chart, the ALJ suggested that production of that information in effect during the relevant period might be sufficient.  Consequently, we will produce a document showing JFK8's reporting structure at the time of the events at issue.  We can discuss the production of additional information, if you deem that necessary.

5) GC agrees to the production of Paragraphs 16-18 before the production of Paragraph 19.  As mentioned below, please begin to produce the types of disciplines set out in Paragraph 16.  GC agrees to review those disciplines, and will advise which personnel file(s) underlying those disciplines should be produced, if any.  Please let us know when production on paragraph 16 will begin and propose a target end date for the production of disciplines responsive to Paragraph 16.  The ALJ directed that this production initially be limited to JFK8.  Using your search terms (i.e., the conduct described in paragraph 16), we will identify responsive disciplines and produce the related discipline notices (we're using that term descriptively and not as a term of art).  As the ALJ indicated on the record, he expects that production will be made on a rolling basis and that is what we will do for these documents.

6) Per the ALJ's direction and your representation in the email below, please provide the addresses and the codes for the unidentified Connecticut facilities that fall within the JFK8 Region.  BDL2, 200 Old Iron Ore Rd, Windsor, CT 06095; BDL3, 409 Washington Avenue. North Haven, CT 6473.

*Chris*
Christopher J. Murphy
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



| From: | Buffalano, Nicole |
|---|---|
| To: | Cox, Evamaria; Murphy, Christopher J.; Kelcey Phillips |
| Cc: | Jackson, Matthew; Reibstein, Nancy K.; _aston, David; Farmer, _ammy_; Fisher, Jordan Scott; Ran o, Jason J. |
| Subject: | RE: Follow up to yesterday s call in Amazon.com Services   C, 29-CA-261755 |
| Date: | Friday, April 16, 2021 12:07:02 AM |

Ms. Cox,

I understand that you would like us to produce the individual disciplines for all 1,593 disciplinary cases identified in our JFK8 spreadsheet (which was sent to you a short time ago).  I connected with the individual who is assisting us with gathering the data and here is what I understand about that process.

- Disciplinary documents are stored within the electronic personnel files of each employee.  An individual has to locate and open individual personnel files, locate the discipline in the file (which are generically labeled), and save the discipline locally.
- The individual who is obtaining the data reported that it is taking 4.5 minutes per personnel file.
- Assuming that each discipline belongs to a unique employee, based on current information, it would take 7,168 minutes just to pull each of the 1,593 disciplines.  That is 119 hours, which would take a full time employee almost three weeks to complete.
- This estimate does not include time to review the documents.
- Given the other documents that we will also need to gather responsive to Paragraphs 16, 17 (I assume that you will want the same for the EWR4 and BDL3), and 19, I have some concern that you will have all of the documents you need by our May 3 hearing date.

Given this and the nature of this particular case, we have significant concerns with the proportionality of your request.  Nevertheless, subject to and without waiving any objection as to proportionality or otherwise, we will begin pulling the individual discipline.  We are still working on identifying the appropriate expert to discuss records maintenance as it relates to documents responsive to Paragraph 19 and will follow up tomorrow.

Thank you,

  ico e Bu  a ano
Morgan, Lewis & Bockius LLP
300 South   rand Avenue,   wenty-Second Floor |   os Angeles, CA 90071-3132
Direct: +1.213.612.7443 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 | Mobile: +1.240.350.8208
nicole.buffalano@morganlewis.com | www.morganlewis.com
Assistant:  ois J.  an | +1.213.612.7407 | lois.han@morganlewis.com



Exhibit 4

| From: | Buffalano, Nicole |
|---|---|
| To: | Cox, Evamaria |
| Cc: | Kelcey Phillips; Murphy, Christopher J.; Jackson, Matthew; _aston, David; Farmer, _ammy_ |
| Subject: | Status and _pdate on Production of Documents |
| Date: | _uesday, April 20, 2021 7:28:59 PM |

Eva,

As we discussed today, it is becoming increasingly clear that producing all of the documents that the Counsel for the Acting General Counsel has requested before the May 3 hearing date – or even before the end of May – is an impossibility.  The CAGC's latest subpoena only pushes the estimate out further, as it contains another 99 separate requests and sub-requests that broadened the scope of the subpoena requests considerably, including by requesting documents related to the responsibilities of eleven separate Amazon representatives and documents that show *any time* those individuals exercised their responsibilities and documents, and ESI related to other individuals who work or worked at JFK8 that have nothing to do with this case.  As you know, there may also be additional production related to the Charging Party's subpoena as well.

I know that we have discussed this piecemeal over our various calls, but so that you have it all in one place, here is what our production timeline looks like based only on the initial subpoena:

- JFK8 Paragraph 17 – production of the 1,593 individual disciplinary forms:
  - An individual has to locate and open individual personnel files, locate the discipline in the file (which are generically labeled), and save the discipline locally.
  - The individual who is obtaining the data reported that this step is taking 4.5 minutes per personnel file.
  - Assuming that each discipline belongs to a unique employee, based on current information, it would take 7,168 minutes just to pull each of the 1,593 disciplines.  That is 119 hours, which would take a full-time employee almost three weeks to complete.
  - This estimate does not include time for the attorneys to review and redact the documents.
  - It takes approximately 8 minutes for an attorney to review and redact one personnel file, based on our review of 32 personnel files and corresponding disciplines for certain JFK8 employees.
  - Therefore, it would take approximately 19,912 minutes to pull, review, and redact each of the 1,593 disciplines, assuming that each discipline belongs to a unique employee. **That is 332 hours, or approximately 8.3 weeks for one full-time employee working 40 hours each week.**

- EWR4 Paragraph 17 – production of the 535 individual disciplinary forms:
  - Using the same analysis above, it will take approximately 6,688 minutes for Amazon to pull the personnel files and review and redact the files.  **That is 111 hours, or approximately 1.85 weeks for one full-time employee working 40 hours each week.**

- BDL3 – Paragraph 17 – production of 217 individual disciplinary forms:
  - Using the same analysis above, it will take approximately 2,716 minutes for

Exhibit 4a)

Amazon to pull the personnel files and review and redact the files.  **That is 45 hours, or approximately 1.1 weeks for one full-time employee working 40 hours each week**.

- JFK8, EWR4, BDL3 Paragraph 17 – 183 investigation files and 151 personnel files:
  - Investigation files are stored on a different database than the personnel and discipline files; however, the process for pulling, reviewing, and producing relevant files is similar.

  - Not every discipline has a corresponding investigation files.  We have not completed our search for the relevant files, but based on what we have reviewed to date, we expect there to be approximately 95 relevant investigation files total for all three facilities (JFK8, EWR4, BDL3).

  - Each investigation file, if one exists for a particular investigation must be individually pulled from the system and then saved locally.

  - The individual who is obtaining the data reported that it is taking 4.5 minutes per investigation file.

  - Once the investigation files are pulled, they are sent to counsel to be reviewed and redacted.  The review and redaction process takes approximately 18 minutes for each file.

  - Assuming there are 95 responsive investigation files in total, it will take approximately 2,138 minutes for Amazon to pull the investigation files and review and redact the files.  **That is 36 hours, or approximately 5 days for one full-time employee working 40 hours each week**

  - .

- <u>Paragraph 19</u> – ESI related to four separate requests.  As you know, we are still conferring with the Region related to Paragraph 19 search criteria and will need time to continue to do that.  Only after those search terms and custodians are agreed upon can our review begin.  Just to level set, **can take approximately one week to pull ESI for each additional custodian, depending on the amount of data available for the particular custodian.**  With respect to reviewing the documents, on average, one individual will be able to review between 500-1000 documents per day.  **Just based on the total number of hits today (including families), there are 12,605 documents. Based on these documents alone, it would take one individual working full time between 12 and 24 days to review the responsive documents.**

Unfortunately, we do not have unlimited resources to produce documents, so based on current discussions, we believe it will take at least 7 weeks to produce all of the above documents.  Any searches, review and production related to the Region's new subpoena or the charging Party's subpoena would be on top of that 7-week period.  In addition to the timing issues, the current timeline does not permit the parties to engage in the necessary discussions around appropriate responses to your requests.  It also guarantees that you will have some, but certainly not all of the information by May 3, with little if any time to review it.  The remaining two subpoenas further complicate the timeline.  In addition, I note that Chris and I are also significantly involved in Amazon's Bessemer election and it appears likely that the objections hearing will be scheduled at the same time as this hearing.  For all of these reasons, the Respondent intends to request a postponement of this hearing.  Please let us know your position on a postponement that would allow us to facilitate the exchange of documents under the current subpoena and the other two subpoenas (should they be enforced) in a timely

manner.

Finally, regardless of whether the hearing is postponed, we suggest postponing the questioning of the custodians(s) of the record until the issues with the existing subpoena are settled and the issues with the new subpoenas are more developed.  We want to avoid calling the custodian(s) of the record multiple times and instead call them one time once all of the issues have crystalized.  Calling the custodian(s) multiple times is not an efficient use of anyone's time.

Thank you,

ico e Bu   a ano
Morgan, Lewis & Bockius LLP
300 South   rand Avenue,   wenty-Second Floor |   os Angeles, CA 90071-3132
Direct: +1.213.612.7443 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 | Mobile: +1.240.350.8208
nicole.buffalano@morganlewis.com | www.morganlewis.com
Assistant:   ois J.   an | +1.213.612.7407 | lois.han@morganlewis.com



C     D-19 Resources and   pdates

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

| | |
|---|---|
| From: | Cox, Evamaria |
| To: | Phillips, Kelcey J.; Jackson, Matthew |
| Cc: | Buffalano, Nicole; Murphy, Christopher J. |
| Bcc: | _ipin, Nancy |
| Subject: | RE: Amazon, Case No. 29-CA-261755 |
| Date: | uesday, April 6, 2021 11:22:00 AM |
| ttachments: | AM_-BR_000188 - AM_BR_000197.pdf |
| | AM_-BR_000188 - AM_BR_000197_EC edits.pdf |

Good morning Counsel,

I am in receipt of the latest set of documents.  Please note that there are deficiencies in this production.  I will address other deficiencies with the March 31 and April 1 production under separate cover.

With regard to this production, please note that **AMZ-BRY000194 and AMZ-BRY000195** appear to be in inserted in inverse order.  It appears that 195 should come before 194.  I've attached the production for your reference.  Further, the comments in the Incident Details Section are incomplete.  Thus, it appears a page is missing.  Please produce the page(s) as would complete the comments in the Incident Details Section.

Attached you will also find the production with my highlights.  In response to subpoena paragraphs 17 and 18, please produce the disciplinary document issued to the employees that I've highlighted, the personnel files associated with those highlighted employees, and the documents showing the investigations in connection with those highlighted disciplinary actions.  I've selected the highlighted disciplines because they were issued between May 1, 2019 and April 30, 2020.

Please let me know if you have any questions.  Thank you.


Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

Exhibit 5

**From:** Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Sent:** Monday, April 5, 2021 10:16 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Subject:** Amazon, Case No. 29-CA-261755

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis' secure file transfer system, additional documents responsive to Subpoena paragraph 13.

Please let us know if you have any trouble accessing or opening the documents.

Best,
Kelcey

e cey J. Phi ips
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, N   |   ashington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo  oo | +1.202.373.6616 | denise.soohoo@morganlewis.com
Admitted in California only: Practice supervised by DC Bar members

C    D-19 Resources and  pdates

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

| From: | Buffalano, Nicole |
|---|---|
| To: | Cox, Evamaria; Murphy, Christopher J.; Kelcey Phillips |
| Cc: | Jackson, Matthew; Reibstein, Nancy K.; _aston, David; Farmer, _ammy_; Fisher, Jordan Scott; Ran_o, Jason J. |
| Subject: | RE: Follow up to yesterday_s call in Amazon.com Services _C, 29-CA-261755 |
| Date: | Friday, April 16, 2021 12:07:02 AM |

Ms. Cox,

I understand that you would like us to produce the individual disciplines for all 1,593 disciplinary cases identified in our JFK8 spreadsheet (which was sent to you a short time ago).  I connected with the individual who is assisting us with gathering the data and here is what I understand about that process.

- Disciplinary documents are stored within the electronic personnel files of each employee.  An individual has to locate and open individual personnel files, locate the discipline in the file (which are generically labeled), and save the discipline locally.
- The individual who is obtaining the data reported that it is taking 4.5 minutes per personnel file.
- Assuming that each discipline belongs to a unique employee, based on current information, it would take 7,168 minutes just to pull each of the 1,593 disciplines.  That is 119 hours, which would take a full time employee almost three weeks to complete.
- This estimate does not include time to review the documents.
- Given the other documents that we will also need to gather responsive to Paragraphs 16, 17 (I assume that you will want the same for the EWR4 and BDL3), and 19, I have some concern that you will have all of the documents you need by our May 3 hearing date.

Given this and the nature of this particular case, we have significant concerns with the proportionality of your request.  Nevertheless, subject to and without waiving any objection as to proportionality or otherwise, we will begin pulling the individual discipline.  We are still working on identifying the appropriate expert to discuss records maintenance as it relates to documents responsive to Paragraph 19 and will follow up tomorrow.

Thank you,

  _ico_e Bu_a_ano
Morgan, Lewis & Bockius LLP
300 South _rand Avenue, _wenty-Second Floor |  _os Angeles, CA 90071-3132
Direct: +1.213.612.7443 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 | Mobile: +1.240.350.8208
nicole.buffalano@morganlewis.com | www.morganlewis.com
Assistant: _ois J._an | +1.213.612.7407 | lois.han@morganlewis.com



_C_D-19 Resources and _pdates

Exhibit 6

| From: | Murphy, Christopher J. |
|---|---|
| To: | Cox, Evamaria; Jackson, Matthew |
| Cc: | Buffalano, Nicole; Ran o, Jason J.; Kelcey Phillips |
| Subject: | Follow  p to 4 16 21 Call |
| Date: | Saturday, April 17, 2021 2:37:06 PM |
| ttachments: | For   ur 730 Call -- Please forward to  our side.msg |

Eva:

Following our 90-minute call last evening, here is our understanding of the items discussed or agreed to last night:

1.      We agreed to provide hit reports by search term for the following: (a) For the JFK8 set of 1,593 disciplines a hit list for the paragraph 16 terms (5 terms) and the paragraph 17 terms (31 terms); (b) For the EWR4 and BDL3 sets of disciplines, provide the same of hit list for both Paragraphs 16 and 17; and (c) We agreed to produce the personnel and investigative files, if any, of any employee whose discipline suggests to you that they may a comparator.  Relatedly, we have produced the personnel files for the 32 JFK8 comparators you have identified.

2.      We confirmed our written advice that the "discipline forms" you seek cannot be generated or extracted from the discipline reports (adapt) we have sent to you.  Each discipline form you seek must be extracted manually.  That is, the personnel file of the employee for whom you seek a discipline form must be downloaded from Amazon and reviewed by a reviewer.  The reviewer then identifies the discipline form(s) and copies it to a pdf format for review, QC and production.  As we advised under separate cover, this process is labor and time intensive.  For example, we estimate that production of the discipline forms in pdf form for JFK8, EWR4 and BDL3 would take more than 1000 hours of reviewer or attorney time.  Assuming a 40 hour work week, this work would take more than 25 weeks to complete.

3.      We offered to search for additional search terms for the 10 paragraph 19 custodians already transferred.  (Two of the custodians we selected did not transfer over yet due to size limitations.)  This would be in addition to the terms provided in our pre-call email of last night (copy attached).  We ask that you provide us the additional terms you would like us to search.  We also agreed to provide a hit list for each of the paragraph 19 terms searched to date.

4.      We explained how we selected the paragraph 19 custodian and search terms utilized.  As indicated, our approach was simple – we picked the custodians and terms that seemed to have the most relevance to Bryson's alleged PCA and the circumstances that lead to his termination.  We took issue with your suggestion that you didn't know what search terms to propose because you investigated this case and now have been preparing it for trial for months.  You asked why we didn't include the terms "blog" or "post" in our initial cut and we explained that we simply hadn't seen the strong connection of those terms to this case.  As noted above, we will search any additional terms form your set of proposed terms.

5.      Relatedly, you asked us about 5 paragraph 19 custodians (Neha Viswanath, Brian Reichart, Milly Gutierrez, Traci Weishalla, Anand Mehta, and Kristin LaRosa) not included in our initial review.  As per #4, we explained that we didn't select them because we did not view them as central to this

Exhibit 7

case.  Please confirm that you want us to review those additional custodians and we will begin the process.  Note, however, that Amazon objects to pulling electronically stored information for Kristin LaRosa as a custodian because, as we explained, she is an Amazon in-house attorney, and the vast majority, if not all, of her responsive communications are likely privileged.  If Ms. LaRosa appears on responsive communications for other custodians, we will evaluate privilege on an individualized basis.

Please let us know if you think we missed anything substantive.

Finally, we object to the repeated insinuations made by your participants on the call that we and/or our client are being less than fully compliant with our respective obligations to produce documents in this case.  Some of the participants on your side repeatedly used the terms "transparency" and "clarity" to suggest that Amazon has not produced all the responsive materials in its possession or that we are somehow not complying with our obligations under the applicable Rules of Professional Conduct.  When we pressed you to substantiate your insinuations, you said only that the production did not look like how you expected it to look and that Amazon's systems may not be "standard."  In response, we repeatedly assured you that we, in turn, have been assured that all emails and Chimes responsive to the Paragraph 19 search criteria we provided have been collected.  To alleviate your unfounded concerns that Amazon Chimes were not properly searched or pulled, Jason Ranjo told you that Amazon routinely produces Chimes in civil litigation discovery, that this Amazon production has proceeded in exactly the same way that others such productions have proceeded, and that no one has ever made the insinuations casually tossed about last night.  We respectfully request that you refrain from any further conjecture and aspersion.

*Chris*
Christopher J. Murphy
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

amazon**exact**

CONFIDENTIAL                                                        Exhibit 8

---

**Case Type - Investigation**                                    **Case Number - 00080679**

---

## Case Details:

• **Created by:** Ting Li
**Type:** Investigation
**Status:** Close
**Priority:** Priority 3
**Incident Date:** 12/3/2019, 5:00 PM
**Date Reported:** 12/3/2019, 10:00 PM
**Reported Method:** HRBP or Site HR
**Reported To:** Ting Li
**Attorney-Client Privileged:** ☐
**Date Closed:** 12/4/2019, 6:05 PM
**Closed By:** Yuk Ting Li
**Date Created:** 12/4/2019, 11:22 AM
**Last Modified Date:** 3/1/2021, 2:33 PM
**Details:**
On December 4, 2019, associate, ███████████████ reported to Sr. Human Resource
Assistant, Ting Li, that another associate, ███████████ made her feel uncomfortable.
Specifically, ███████ came across a sex coupon book, approaches her, rubbing up against
her arm and says to her, "Look at this." Then, he starts to read the content of the book to
███████ saying words like "slippery," "wet sex," etc. This makes ███████ feel
uncomfortable.
**HR Case Owner**

**Case Owner:** Ting Li

## Conclusion:

• **Background:**

On December 4th, 2019, ███████ reported to Ting an incident that occurred earlier this
morning. During the interview, ███████ stated that this is her first time packing next to
███████. Usually she sees him waterspidering and doesn't talk to him often. She doesn't
consider him as an acquaintance as she rarely interacts with him. ███████ stated she was
packing on wall 52, station 7 while ███████ was packing on wall 52, station 6. When
███████ came across a sex coupon book (a small pink booklet), ███████ approached
rubbing his arm against her arm and said, "Look at this." ███████ replied, "Not
cool." ███████ opened the book and started reading the content of the pages to her.
Specifically, he said to her, "Slippery," "Wet Sex," etc. ███████ continued to pack, not to be
bothered by this, and said again to him, "Not cool." He continued to read the book until she got
upset and said, "That's enough." This interaction has made her very uncomfortable as she is a
married women with two kids.

During the interview with ███████ he stated that he came across a coupon book for couples.
He started to read the book and thought it was interesting so he decided to show it to the
person next to him (███████ what it looked like. When asked if he read it to himself or out
loud, ███████ replied that he read it out loud. When asked why he had read it out loud, he
was not able to provide a reason why. He stated that he just did. When asked if he read the
book at his station or next to ███████ ███████ insisted that he read the book at this
station. It was after he read the book that he approached ███████ to show her the book.
When asked if he remember what he read, he responded that he doesn't remember. Once he

---

**CONFIDENTIAL**

**Case Type - Investigation**                                    **Case Number - 00080679**

realized that he was making her feel uncomfortable upon being told to stop, he packed it away and didn't say anything anymore. ▮▮▮▮▮▮ stated that he didn't plan to disturb anyone or make anyone feel some type of way.

Several hours later, ▮▮▮▮▮▮ approached Ting and disclosed additional information. ▮▮▮▮▮▮ stated that he remember showing ▮▮▮▮▮ "I fyour looking for something slippery, meet me in the bath tub." He insisted that "it was never met in or as anything sexual, just as a statement as this is what the coupon would be used for." In addition, he had no intention of pursuing any conversation about the topic or subject.

It was observed on camera footage that ▮▮▮▮▮▮ came across a small pink book. FC learning research indicated that this book is titled, "Great Sex Coupons," asin# 1402208154. Upon seeing the title page of the book, ▮▮▮▮▮ approached ▮▮▮▮▮▮ and showed the book to her. He proceeded to open the book to the last page and remained on that page for 8 seconds. Then, he flipped the book to a different page and stayed on that page for another 8 seconds. Afterward, he closed the book and packed it into a jiffy. During this whole incident, ▮▮▮▮▮▮ can be seen continuing to work.

**Overall Conclusion:**

In conclusion, the allegation that ▮▮▮▮▮ approached ▮▮▮▮▮▮ with a sex coupon book and read the content of the book to her was substantiated. It was observed on camera footage that ▮▮▮▮▮ approached ▮▮▮▮▮▮ and showed the book to her. He proceeded to turn the book on two different pages for 8 seconds each. ▮▮▮▮▮▮ admitted that one of the pages he showed her stated, "if you're looking for something slippery, meet me in the bathtub."

## Investigation Team:

### • Investigation Team #1

**Contact Name:** Ting Li
**Worker Type:**

## Involved Parties:

### • Involved Parties #1

**First Name:** ▮▮▮▮▮▮
**Last Name:** ▮▮▮▮▮
**Business Title:** Fulfillment Associate
**Level:** 1
**Steam Org Name:** OPERATIONS & CUSTOMER SERVICE
**Location Building:** BDL3
**Location Country:** USA
**Employee Type:** Hourly
**Company:**
**Cost Center:** 1299
**Supervisor Name:** Sarah Bevins
**Worker Type:** Employee
**Job Title:** FC Associate I

**CONFIDENTIAL**

<u>**Case Type - Investigation**</u>                                                     <u>**Case Number - 00080679**</u>

**Employee Id:** ▮▮▮▮▮▮

<u>**Address**</u>

Address #1
**Mailing Street:**
**Mailing City:** ▮▮▮▮▮▮
**Mailing State:**
**Mailing Postal Code:** ▮▮▮▮
**Mailing Country:** USA
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:** Mailing
**Location Address 1:** ▮▮▮▮▮▮▮▮▮▮

Address #2
**Mailing Street:**
**Mailing City:**
**Mailing State:**
**Mailing Postal Code:**
**Mailing Country:**
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:**
**Location Address 1:** ▮▮▮▮▮▮▮▮▮▮

<u>**Email**</u>

Email #1
**Email:** ▮▮▮▮▮▮▮▮
**Email Bounced Reason:**
**Email Bounced Date:**
**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** ▮▮▮▮▮▮▮▮▮
**Preferred Email:**
**Supervisor's Work Email:** ▮▮▮▮▮▮▮▮

**amazon**exact

**CONFIDENTIAL**

<u>**Case Type - Investigation**</u>                                          <u>**Case Number - 00080679**</u>

Email #2
**Email:** ███████████████
**Email Bounced Reason:**
**Email Bounced Date:**
**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** ███████████████
**Preferred Email:**
**Supervisor's Work Email:** ████████████████

**<u>Phone</u>**

Phone #1
**System Modstamp:** 5/4/2021, 4:02 PM
**Assistant Phone:**
**Home Phone:**
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:** ██████████
**Work Phone Public:**
**Home Phone Private:**
**Mobile Phone Private:**
**Work Phone Private:**
**Work Phone Public Ext:**

Phone #2
**System Modstamp:** 3/30/2021, 12:33 PM
**Assistant Phone:**
**Home Phone:** ██████████
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:** ██████████
**Work Phone Public:**
**Home Phone Private:**
**Mobile Phone Private:**
**Work Phone Private:**
**Work Phone Public Ext:**

**• Involved Parties #2**

**First Name:** ████████
**Last Name:** █████
**Business Title:** Fulfillment Associate
**Level:** 1
**Steam Org Name:** OPERATIONS & CUSTOMER SERVICE
**Location Building:** BDL3
**Location Country:** USA

**CONFIDENTIAL**

**Case Type - Investigation**                                    **Case Number - 00080679**

**Employee Type:** Hourly
**Company:**
**Cost Center:** 1299
**Supervisor Name:** Ryan Ehli Ehlers
**Worker Type:** Employee
**Job Title:** FC Associate I
**Employee Id:** ▮▮▮▮▮▮▮

**Address**

Address #1
**Mailing Street:**
**Mailing City:** ▮▮▮▮▮▮▮
**Mailing State:**
**Mailing Postal Code:** ▮▮▮▮
**Mailing Country:** USA
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:** Mailing
**Location Address 1:** ▮▮▮▮▮▮▮▮▮▮

Address #2
**Mailing Street:**
**Mailing City:**
**Mailing State:**
**Mailing Postal Code:**
**Mailing Country:**
**Mailing Geocode Accuracy:**
**Other Street:**
**Other City:**
**Other State:**
**Other Postal Code:**
**Other Country:**
**Other Geocode Accuracy:**
**Address Type Home:** Home
**Address Type Mail:**
**Location Address 1:** ▮▮▮▮▮▮▮▮▮▮

**Email**

Email #1
**Email:** ▮▮▮▮▮▮▮▮▮
**Email Bounced Reason:**
**Email Bounced Date:**

**amazon**exact

**CONFIDENTIAL**

<u>**Case Type - Investigation**</u>                                        <u>**Case Number - 00080679**</u>

**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** ████████████
**Preferred Email:**
**Supervisor's Work Email:** ████████████

Email #2
**Email:** ████████████
**Email Bounced Reason:**
**Email Bounced Date:**
**Is Email Bounced:** ☐
**Email Opt Out:**
**Personal Email:** ████████████
**Preferred Email:**
**Supervisor's Work Email:** ████████████

**<u>Phone</u>**

Phone #1
**System Modstamp:** 5/4/2021, 4:02 PM
**Assistant Phone:**
**Home Phone:**
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:** ████████
**Work Phone Public:**
**Home Phone Private:**
**Mobile Phone Private:**
**Work Phone Private:**
**Work Phone Public Ext:**

Phone #2
**System Modstamp:** 3/30/2021, 12:33 PM
**Assistant Phone:**
**Home Phone:** ████████
**Mobile Phone:**
**Other Phone:**
**Phone:**
**Mobile Phone Public:** ████████
**Work Phone Public:**
**Home Phone Private:**
**Mobile Phone Private:**
**Work Phone Private:**
**Work Phone Public Ext:**

**Allegation:**

**Case Type - Investigation**                                    **Case Number - 00080679**

### • Allegation #1

**Issue Category:** Harassment - Sexual
**Subject:** ███████ █
**Allegation:**
███████ approached ███████ with a sex coupon book and proceeded to read the content of the book to her. This made ███████ uncomfortable.
**Finding:** Confirmed
**Analysis:**

We had established by proof or other evidence that it is more likely that the factual allegation listed is true. It was observed on camera footage that ███████ came across a small pink book. FC learning research indicated that this book is titled, "Great Sex Coupons," asin# 1402208154. Upon seeing the title page of the book, ███████ approached ███████ and showed the book to her. He proceeded to open the book to the last page and remained on that page for 8 seconds. Then, he flipped the book to a different page and stayed on that page for another 8 seconds. Afterward, he closed the book and packed it into a jiffy. During this whole incident, ███████ can be seen continuing to work.

In our conversation with ███████ he admits to reading the book aloud. He also later disclosed that he had showed a page in the book that stated "if you're looking for something slippery, meet me in the bathtub." that stated "if you're looking for something slippery, meet me in the bathtub."

## Policy:

### • Policy Name: Standard of Conduct

## Interview:

### • Created by: Ting Li
**Interviewer:** Yuk Ting Li
**Person Being Interviewed:** ███████ █████
**Schedule Date/Time:** 12/4/2019, 8:02 AM
**Location:**
**Type:** Claimant Interview
**Status:** Completed
**Others Present:**
**Opening Notes:**

███████ was packing on wall 52, station 7 while ███████ was packing on wall 52, station 6. When ███████ came across a sex coupon book (a small pink booklet), ███████ approached ███████ rubbing his arm against her arm and said, "Look at this." ███████ replied, "Not cool." ███████ opens the book and starts reading the content of the pages to her. Specifically, when he said to her, "Slippery," "Wet Sex," etc. ███████ continued to pack, not to be bothered by this, and said again to him, "Not cool." He continued to read until she got upset and said, "That's enough." This interaction has made her very uncomfortable as she is a married women and has two kids.

**CONFIDENTIAL**

**Case Type - Investigation**                                            **Case Number - 00080679**

█████ stated that this is her first time packing next to him. Usually she sees him waterspidering and doesn't talk to him often. She doesn't even consider him as an acquaintance as she rarely interacts with him.

**Body Notes:**
**Closing Notes:**

• **Created by:** Ting Li
**Interviewer:** Yuk Ting Li
**Person Being Interviewed:** █████████  █████
**Schedule Date/Time:** 12/4/2019, 10:00 AM
**Location:**
**Type:** Respondent Interview
**Status:** Completed
**Others Present:**
**Opening Notes:**

During the interview with █████████ he stated that he came across a coupon book for couples. He started to read the book and thought it was interesting so he decided to show it to the person next to him (█████████ what it looked like. When asked if he read it to himself or out loud, █████████ replied that he read it out loud. When asked why he had read it out loud, he was not able to provide a reason why. He stated that he just did. When asked if he read the book at his station or next to █████████ █████████ insisted that he read the book at this station. It was after he read the book that he approached █████████ to show her the book. When asked if he remember what he read, he responded that he doesn't remember. Once he realized that he was making her feel uncomfortable upon being told to stop, he packed it away and didn't say anything anymore. █████████ stated that he didn't plan to disturb anyone or make anyone feel some type of way.

**Body Notes:**
**Closing Notes:**

## Attachment:

• **Attachment**

**Title:** █████████ █████████ █████ 2nd Statement.pdf
**File Type:** PDF
**Created Date:** 12/12/2020, 6:06 AM
**Size:** 20,003
**Description:**

• **Attachment**

**Title:** █████████ █████████ █████ Statement.pdf
**File Type:** PDF
**Created Date:** 12/12/2020, 6:50 AM
**Size:** 37,704
**Description:**

**CONFIDENTIAL**                    **AMZ-BRY007807**

Page 8 of 9

**amazon**exact

---

**Case Type - Investigation**                                      **Case Number - 00080679**

---

**• Attachment**

---

**Title:** ██████ ██████ ██████ Statement.pdf
**File Type:** PDF
**Created Date:** 12/12/2020, 8:48 AM
**Size:** 46,426
**Description:**

**• Attachment**

---

**Title:** asin#██████.JPG
**File Type:** JPG
**Created Date:** 12/13/2020, 7:49 AM
**Size:** 105,453
**Description:**

## Action:

**• Action**

---

**Action Type:** Termination/Disciplinary Dismissal
**Action Applied To:** ██████ █
**Status:** Completed
**Action Taken Date:** 12/4/2019, 9:35 AM
**Description:** Category 1 Infractions are defined as any action or combination of actions that directly exposes the site to immediate risk of severe injury or financial loss. Due to this violation, a decision was made to move forward with immediate separation of employment.
**Created By:** Ting Li
**Created Date:** 12/4/2019, 6:04 PM

## Central Team:

**• Central Team Status:**
**Date of Resolution with Claimant:**
**Investigation Completed:**
**Investigation Assigned:**
**Recommendations Sent to HRBP:**
**Priority Case:**
**Who Prioritized?:**
**Group Responsible for Defect:**
**Tags:**
**Central Team Notes:**

---

CONFIDENTIAL

**Amazon.com Witness Statement Form**

# amazon.com.

**Witness Statement Form**
Adopted March 2015

NOTE TO ASSOCIATE: Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon.com to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

### SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT

| Associate Name (Please Print) | Department/Position |
| --- | --- |
| ███████████ | Outbound/Packing |

| Home Address, City, State, Zip | Home Phone | Work Phone |
| --- | --- | --- |
| ███████████ | ( ) | ( ) |

### SECTION II: WITNESS STATEMENT (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:

- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

I was Packing on wall 52-07 and ████ was next to me Packing as well and I was really Busy. ████████ wcame across a Package that had a Sex coupon book because he came next with his arm rubbing up against mines and goes look at this and I reply "not cool" and then he opens the book and goes starts reading the pages to me and I kept trying to keep packing and not be bothered and then I said again "not cool" and he still continued on until I got really upset and said thats enough and he stopped and Backed away this is my 1st time Packng next to him.

(The Book he was reading says to me Slippery wet Sex etc..) (I felt Violated and that was inappropriate)

Please list any witnesses or individuals who may have information relevant to this investigation.

### ACKNOWLEDGEMENT

I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I understand that the Company will keep this statement as confidential as is reasonably possible consistent with the need for a full investigation and resolution of this matter. I further understand that as an Amazon.com associate that I am subject to Amazon.com's Code of Ethics and that failure to cooperate or hindering this internal investigation, including the refusal to answer questions, and providing false or purposefully misleading information may result in corrective action up to and including termination of employment.

| Employee Name (Please Print) | Employee Signature | Date |
| --- | --- | --- |
| ███████████ | | 12/4/19 |

CONFIDENTIAL

he was also saying those fucks now yesterday some
bitch almost got him fired and those were his
exact words and that ryan the manager
wrote him up and he didnt do anything.
I Dont know him only see him a few
times today and he usualy helps water
Spider so I have asked for boxes in
the past but today was my 1st
time working next to him packing.
I felt very uncomfortable im a mother of
2 childrem and married and ~~say~~ this
should of never happened.

**amazon**.com.     CONFIDENTIAL     **Witness Statement Form**

Updated August 2018

**NOTE TO ASSOCIATE:** Thank you for taking time to complete this Witness Statement Form. The information you provide will help Amazon to thoroughly investigate the issue that has been brought to our attention. Please indicate on this form below, in Section II, exactly what you saw, heard, and know about the issue you are providing this statement about.

| SECTION I: INFORMATION ABOUT THE PERSON MAKING THIS STATEMENT | |
|---|---|
| Name | Department/Position |
| Home Address, City, State, Zip | Home Phone | Work Phone ( ) |

**SECTION II: WITNESS STATEMENT** (Use additional paper or back of form if necessary)

Describe in your own words, what happened and what you observed. Please make sure to cover the following points:
- List of all the issues, concerns and/or complaints.
- Relevant facts and dates that support the issue. Be as specific as possible and provide examples.
- Suggestions for obtaining documentation (e.g., memos, e-mails, performance evaluations, etc.) that may include relevant information.
- Attach copies of any relevant documentation to this form.

This morning wensday december 4th while packing at my Station a book came up for packing and it was a coupon book for couples. I read 2 thing out loud and showed the person next to me what the book looked like not intentionally made her uncomfortable apparently. And when I relised it had made her uncomfortable I packed it away and didn't say anything anmore. At no time did I mean or plan to dis turbe any one or make any one feel some type of way. Yesterday I moved some "B4" boxes that were in the improper spot. This for some reason up set her and she started to Yell and cry because I moved her boxes. I didnot argue of get jood with her and worked. I love my job and do a good job in no way is anything

Please list any witnesses or individuals who may have information relevant to this investigation. Done into it. On top of everything I have bipolar an never met no one any upset

**ACKNOWLEDGEMENT**

Amazon values the integrity of the investigation process and the importance of conducting an investigation that is timely, thorough, and accurate. Amazon, its supervisors, and HR respect the sensitive and personal nature of the investigation, and intend to keep the investigation as confidential as possible, limiting the disclosure of information to only those people who have a legitimate reason to know.

I understand this statement will be considered part of the official investigation and that this statement I have provided is an honest and accurate account of the case to the best of my knowledge. I further understand that as an Amazon.com associate that I am subject to Amazon's Code of Ethics and am expected to fully cooperate in all investigations. I understand that intentionally concealing or withholding relevant information or providing purposefully or recklessly false or misleading information, or interfering with, impeding, or undermining the investigation may result in corrective action up to and including termination of employment.

| Employee Name (Please Print) | Employee Signature | 12 4-19 Date |
|---|---|---|

CONFIDENTIAL

The coupon from the other ~~associate~~ I rember slowing the other associtse was if your lokng for Something slipprey meet me in the bathtub it was not implyed I was talking as her to do it I just was showing her whst it said It was never met in or as anything sexual just as a statement as this is what the Coupon would be used for. ~~[scribbled out]~~ I didnt pursue any convo about the topic or subject after wrds and didnt speak to her again or even remeber who she is. And at all didnot make any advances or make it seem like It was something I ~~was~~ asking of her.



12-4-19

CONFIDENTIAL                    AMZ-BRY007812

| From: | Murphy, Christopher J. |
|---|---|
| To: | Cox, Evamaria; Frank Kearl |
| Cc: | Jackson, Matthew; nicole.buffalano@morganlewis.com; Rosenblatt, Richard; Kelcey Phillips |
| Subject: | Production  pdate |
| Date: | ednesday, May 12, 2021 10:12:50 PM |
| ttachments: | 049673-04   120448913v1_AmazonBryson Production   og.   S |

Ms. Cox and Mr. Kearl:

The following is our updated accounting of Respondent's response to the three outstanding subpoenas.  We've also attached an updated production log.  We would be happy to discuss with you the status of any item that is not fully completed.

General Counsel Subpoena 1 (B-1-1BUGMIX):
-        1: Complete
-        2 -- 6: Withdrawn
-        7 – 19: Complete

Charging Party Subpoena (B-1-1C9GVF7):
-        1: Complete
-        2: Production forthcoming
-        3 – 5: Complete
-        6: Production forthcoming
-        7 – 11: Complete
-        12 -- 14: Complete for Bryson and Evans.
-        15  – 18: Complete
-        19: Complete for Bryson.
-        20: Complete
-        21 – 24: Production forthcoming

General Counsel Subpoena 2 (B-1-1CBQM1N):
-        1 -- 2: Complete
-        3 -- 4: Withdrawn
-        5: N/A
-        6 -- 18: Complete
-        19: Production forthcoming
-        20 -- 21: Withdrawn
-        22 -- 24: Complete
-        25 -- 26: Withdrawn
-        27: Complete
-        28 -- 30: Withdrawn

Related matters:
-        Personnel and Investigative files required by the ALJ to be re-redacted have been produced.
-        Our third privilege log has been served.

Exhibit 9

Have a good night.

*Chris*
Christopher J. Murphy
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

| From: | Murphy, Christopher J. |
|---|---|
| To: | Cox, Evamaria; Jackson, Matthew |
| Cc: | Buffalano, Nicole; Kelcey Phillips |
| Subject: | Amazon.com Services   C, 29-CA-261755 |
| Date: | ednesday, March 31, 2021 7:14:41 PM |

Eva:

The first tranche of documents in our rolling production should be coming through to you shortly.

At JFK8 from May 1, 2019 through April 30, 2020, there were 13,101 "disciplines" issued.  We are reviewing those against the terms in paragraph 16 of the CAGC's subpoena and will advise when that review is complete.  We expect the number of relevant disciplines to be relatively small.

Thank you.

*Chris*
Christopher J. Murphy
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

Exhibit 10

| From: | Cox, Evamaria |
|---|---|
| To: | Murphy, Christopher J. |
| Cc: | Buffalano, Nicole; Kelcey Phillips; Bagley, Claire E.; Jackson, Matthew |
| Bcc: | _ipin, Nancy; Reibstein, Nancy K. |
| Subject: | RE: AMA   N.C  M SER   CES    C, 29-CA-261755 |
| Date: | Friday, April 9, 2021 4:08:00 PM |
| ttachments: | AM _BR_000198 - AM _BR_000213.pdf |
| | AM _BR_000198 - AM _BR_000213_ECEdits.pdf |

Good afternoon Counsel,

I am in receipt of the latest set of documents (attached).

Attached you will also find the production with my highlights.  Please produce the disciplinary document issued to the employees that I've highlighted, the personnel files associated with those highlighted employees, and the documents showing the investigations in connection with those highlighted disciplinary actions.

Also, please conduct a search for disciplines issued at EWR4 and BDL3 and produce the disciplines (not a chart) responsive to subpoena paragraph 16.  Upon review of the disciplinary documents, I will let you know if the EWR4 and BDL3 personnel files and/or investigatory documents will be necessary to produce.

Thank you,
Evamaria Cox

---

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Wednesday, April 7, 2021 5:35 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Bagley, Claire E. <claire.bagley@morganlewis.com>
**Subject:** AMAZON.COM SERVICES LLC, 29-CA-261755

Eva:

Please see the attached materials produced pursuant to the CAGC's subpoena in the above-referenced matter.  These materials identify 34 instances of discipline at JFK8 containing a search term (with expander) contained in CAGC subpoena paragraph 16.

*Chris*
Christopher J. Murphy
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



Exhibit 11

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

| From: | Murphy, Christopher J. |
|---|---|
| To: | Cox, Evamaria; Kelcey Phillips; Buffalano, Nicole |
| Cc: | Jackson, Matthew |
| Subject: | RE:  C search term proposals in 29-CA-261755 (Amazon.com Services    C) |
| Date: | hursday, April 1, 2021 6:19:00 PM |

Eva:

Nicole and I were tied up on other maters today.  We will respond substantively to your emails at our earliest opportunity.

*Chris*
Christopher J. Murphy
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Thursday, April 1, 2021 6:15 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>
**Subject:** GC search term proposals in 29-CA-261755 (Amazon.com Services LLC)

[EXTERNAL EMAIL]
Good afternoon Counsel,

Attached please find GC's search term proposals for paragraphs 19 and 17 of subpoena duces tecum  B-1-1BUGMIX.

On Monday, March 29, the ALJ made clear that the GC is not obligated to produce search terms for paragraph 17.  However, I've included a proposal for paragraph 17 with the expectation that producing this proposal will mitigate further delays.

As requested in my email earlier today, please make Amazon Technology Counsel available for the call next week and provide us, by close of business tomorrow (4/2), with three date/time options for a call.  Thank you.

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172

Exhibit 12

Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

UNITED STATES OF AMERICA

BEFORE THE NATIONAL LABOR RELATIONS BOARD

REGION 29

AMAZON.COM SERVICES LLC

    and                                   Case 29-CA-261755

GERALD BRYSON

### GENERAL COUNSEL'S
### SEARCH TERM PROPOSAL

Below please find Acting General Counsel's preliminary set of search terms for paragraph 17 of subpoena **u e  e u** B-1-1BUGMIX.  These terms are for purpose of discussion only.  These terms are meant to create searches reasonably anticipated to locate all responsive documents and to generate hit counts to be discussed in the next phase of our collaboration.  To the extent that these terms contain symbols, these symbols are standard Boolean operators.  The symbols used herein mean the following:

-------------------------------------------------------------------------------------------

## Connectors and Expanders

**and**    AND

**/s**    In same sentence

**or**    OR

**w/#**    Within [insert numerical value] terms of

**" "**    Key word

**!**    Expander

-------------------------------------------------------------------------------------------

17. During the period covered by the subpoena, documents showing disciplinary actions, including discharges, suspensions, written and oral warnings, issued to employees at Respondent's JFK8 Facility and at its Regional facilities within which the JFK8 Facility is located, together with the personnel file of each disciplined employee showing other discipline to that employee.

1. Theft or steal! or stole
2. Assault!
3. Violen!
4. Fight!
5. Threat!
6. Danger!
7. Safe!
8. Push or shov!
9. Aggress!
10. Discriminat!
11. Drugs
12. Alcohol
13. Weapon
14. Knife
15. Falsif!
16. Alter!
17. Raci!
18. Prejud!
19. Religion
20. Disab!
21. Age
22. Sex!
23. Bitch!
24. Stereotyp!
25. Gender
26. Touch!
27. Physical!
28. body
29. proposition!
30. Flirt!
31. Suggestive

UNITED STATES OF AMERICA

BEFORE THE NATIONAL LABOR RELATIONS BOARD

REGION 29

AMAZON.COM SERVICES LLC

    and                                               Case 29-CA-261755

GERALD BRYSON

### GENERAL COUNSEL'S
### SEARCH TERM PROPOSAL

Below please find Acting General Counsel's preliminary set of search terms for paragraph 19 of subpoena **u e  e u** B-1-1BUGMIX.  These terms are for purpose of discussion only.  These terms are not meant to be used as free-standing/individual search terms.  Rather, these terms are meant to be adjusted and combined to create searches reasonably anticipated to locate all responsive documents and to generate hit counts to be discussed in the next phase of our collaboration.  The terms contain symbols used in standard keyword searches including Boolean operators.  The symbols used herein mean the following:

-------------------------------------------------------------------------------------------

## Connectors and Expanders

**and**     AND

**/s**     In same sentence

**or**     OR

**w/#**     Within [insert numerical value] terms of

**"  "**     Key word

**!**     Expander

-------------------------------------------------------------------------------------------

**19. For the time period from March 1, 2020 to April 30, 2020, documents mentioning, discussing or pertaining to the Charging Party's discussions with employees or discussions with Respondent's supervisors, managers or agents on behalf of employees regarding COVID-19 safety precautions including:**

| Charging Party | PCA | COVID-19 |
|---|---|---|
| 1. Gerald w/2 Bryson<br>2. GB<br>3. GJB<br>4. gbbryso<br>5. 103899737 | 1. Protest!<br>2. Strik!<br>3. Demonstrat!<br>4. Rall!<br>5. "walk out"<br>6. Picket!<br>7. Complain!<br>8. Advocat!<br>9. Issue!<br>10. Action<br>11. Concern<br>12. Demand!<br>13. Organiz!<br>14. Griev!<br>15. Rais! | 1. !Virus<br>2. COVID!<br>3. Pandemic<br>4. PPE<br>5. Personal Protective Equipment<br>6. Protect!<br>7. Gloves<br>8. Mask!<br>9. Clean!<br>10. Sanit!<br>11. Disinfect!<br>12. "shut down"<br>13. Clos! /s facility<br>14. Clos! /s warehouse<br>15. "work! conditions"<br>16. Cease /s operat!<br>17. Stop /s operat!<br>18. "health and safety"<br>19. Protocol<br>20. social or physical w/2 distanc!<br>21. Expos!<br>22. Infect!<br>23. Sick<br>24. Spread!<br>25. Contact<br>26. Positive /s case or test! or result!<br>27. Precaution! |

**(a) Internal communications including but not limited to electronic communications, emails, text messages, notes, meeting minutes, meeting handouts, and investigative reports by, between and among Respondent's supervisors and/or agents regarding Bryson raising COVID-19 safety concerns at Respondent management meetings.**

1. "Production meeting"
2. "Morning meeting"
3. "Manage! Meeting"
4. "sync meeting"

5. "sync management meeting"
6. Group
7. Chris! w/2 Smalls

**Reasonable Description of Custodians for 19(a)**

1. General Manager Sai Kotha
2. Assistant General Manager Zachary Marc
3. Human Resources Manager Christine Hernandez
4. Human Resource Investigator Linda Prisciandaro
5. Operations Manager Chris Perez
6. Operations Manager Tom Cassel

**(b) Internal communications including but not limited to electronic communications, emails, text messages, notes, meeting minutes, meeting handouts, and investigative reports by, between and among Respondent's managers, supervisors and/or agents regarding media coverage of Bryson protesting;**

1. article
2. blog
3. post
4. news
5. media
6. press
7. link
8. Twitter
9. Tweet!
10. Facebook
11. IG
12. Instagram
13. "#JFK8"
14. "#StandUp"
15. "reactive FAQ"
16. "Proactive Talking Points"
17. "Now This"
18. "Washington Post"
19. CNET
20. NY1
21. Fox
22. "Seattle Times"
23. Vice
24. "Bangor Daily News"
25. WITF
26. "Tim Bray"
27. Bray

28. Courier
29. "Buzz Feed"
30. "Huff Post"

**Reasonable Description of Custodians for 19(b)**

1. opsinternalcomms@amazon.com
2. Jfk8-lp and jfk8-lp@amazon.com
3. Jfk8-pr and jfk8-pr@amazon.com (or public relations contact equivalent)

**(c) Internal communications including but not limited to electronic communications, emails, text messages, notes, meeting minutes, meeting handouts, and investigative reports by, between and among Respondent's supervisors and/or agents regarding Bryson's participation in protests outside of Respondent's JFK8 Facility regarding COVID-19 safety concerns; and**

1. Neutral zone
2. "strike notice"
3. Strik!
4. Chris! w/2 Smalls
5. "Make the Road New York"
6. MRNY
7. MTR
8. "New York Communities for Change"
9. NYCC
10. "Parking lot"

**Reasonable Description of Custodians for 19(c)[1]**

1. Jeff Bezos and jeff@amazon.com
2. jfk8-hr@amazon.com
3. Christie Lee and cleez@amazon.com
4. Marika Hart and marikac@amazon.com
5. Senior Vice President Beth Galetti and bgaletti@amazon.com
6. Director of Investor Relations Dave Fildes
7. amazon-ir@amazon.com
8. General Manager Sai Kotha
9. Assistant General Manager Zachary Marc
10. Human Resources Manager Christine Hernandez
11. Human Resource Investigator Linda Prisciandaro
12. Site Manager Paul Chierchio and pchierch@amazon.com
13. Human Resources Business Partner Shaianna Donaldson
14. Senior Operations Manager Maciej Curlej and curlejm@amazon.com

---

[1] Regarding Custodians named in 1 through 7, these custodians received a "Official Strike Notice" by email dated March 30, 2020.  The Official Strike Notice is attached hereto.

15. Human Resources Business Partner Tyler Grabowski
16. Regional Loss Prevention Manager Geoff Gilbert-Differ and ggeoffr@amazon.com and ggeoffr
17. Security Supervisor Kaydee Bertone
18. Sergiy Sushalskyy and (BadgeID: 11196847) and sushalsk
19. Bertram Pryce and (DB3-0700)
20. Sherman Lyerly and (BadgeID: 11682239) and lyerls
21. Calvin Chen and (DC1-0730)
22. Regional Senior Human Resource Manager Bradley Campbell and bccampb
23. Senior Human Resources Neha Viswanath and nehavisw
24. Senior Manager Loss Prevention Brian Reichart and breich
25. Employee Relations Milly Gutierrez and gmilly
26. Assistant General Manager Traci Weishalla and weishall
27. Regional Operations Manager Anand Mehta and meha
28. Corporate Counsel Kristin LaRosa and klarosa

**(d) Documents mentioning, discussing or pertaining to employee sentiment regarding greater COVID-19 safety precautions, including but not limited to lists identifying likely or possible protest supporters or organizers.**

1. Petition
2. Organiz!
3. Support!
4. Sympath!
5. Activis!
6. AECJ
7. "Amazon Employees for Climate Justice"
8. "Amazonians United"
9. Movement
10. Livecast
11. Whistleblow!
12. Chris! w/2 Smalls
13. Tech w/2 workers or employees or associates
14. "Make the Road New York"
15. MRNY
16. MTR
17. "New York Communities for Change"
18. NYCC

**DATE: MARCH 30TH, 2020**
**TIME: 12:00PM**

**To:** Jeff Bezos, jeff@amazon.com , jfk8-hr@amazon.com,
   Christie Lee, cleez@amazon.com , Marika Hart, marikac@amazon.com,
   Beth Galetti,  bgaletti@amazon.com, Dave Fildes, amazon-ir@amazon.com

**From:**

**RE: Official Strike Notice**

To Amazon Leadership and the management of JFK8,

This letter serves as an official notice that as of 12:00PM today, March 30th, 2020, employees of Amazon JFK8 chose to walk off the job over fear of hazardous working conditions. Workers have at numerous occasions voiced concerns of workplace risks to their health and safety due to COVID-19, and responses from management have fallen far short.

Peaceful picketing will occur at the company premises.

**We are taking action for the following:**

- Immediately cease operations at JFK8 in order to ensure a thorough sanitation of the premises
- Ensure an independent health and safety inspection which complies with CDC and other governing health guidelines
- Ensure 100% pay for all employees during sanitation closures
- Cancel all rate and productivity requirements which limit employee time for proper sanitation, including "Time Off Task" for all workers
- Implement stricter protocols for six foot distancing measures
- Commit to cover childcare expenses for all essential employees given district wide school closures
- Implement a policy to provide full pay for all workers who cannot return to work because of their own or family member illness or out of need to self-quarantine for themselves or loved ones.
- Retro pay for workers who've had to take unpaid time off over the past month
- Issue a public statement of improved protocols

**We are engaging in legally protected concerted activity under Section 7 of the NLRA for our mutual aid and protection.**

   Contact:

   **Associate Manager, JFK8**: Chris Smalls, chrismalls21@gmail.com

   **Make the Road New York:**  Juan Goris, Jgoris@maketheroadaction.org
   Frank Kearl, frank.kearl@maketheroadny.org

   **New York Communities For Change:**  Zachary Lerner, zlerner@nycommunities.org

| From: | Murphy, Christopher J. |
|---|---|
| To: | Cox, Evamaria |
| Cc: | Buffalano, Nicole; Kelcey Phillips |
| Subject: | For ur 7:30 Call -- Please forward to our side |
| Date: | Friday, April 16, 2021 4:57:06 PM |

Eva:

Sorry for not copying you side.  I've got a call at 5:00.  Thanks.

Time Period: March 1, 2020 – April 30, 2020

**Custodians**:

- Sai Kotha (19a, 19c)
- Zachary Marc (19a, 19c)
- Christine Hernandez (19a, 19c)
- Linda Prisciandaro (19a, 19c)
- Chris Perez (19a)
- Tom Cassel (19a)
- Shaianna Donaldson (19c)
- Maciej Curlej (19c)
- Tyler Grabowski (19c)
- Geoff Gilbert-Differ (19c)
- Kaydee Bertone (19c)
- Bradley Campbell (19c)

**Search Terms**:
("Gerald w/2 Bryson" or "GB" or "gbbryso" or "103899737") <u>and</u>

- "production meeting" (19a)
- "morning meeting" (19a)
- "manage! Meeting" (19a)
- "sync meeting" (19a)
- Covid! (General Search Term)
- Pandemic (General Search Term)
- !virus (General Search Term)
- "shut down" (General Search Term)
- PPE (General Search Term)
- "personal protective equipment" (General Search Term)
- "health and safety" (General Search Term)
- Clos! /s facility (General Search Term)
- "work! Conditions" (General Search Term)
- Social w/2 distance (General Search Term)
- Positive /s case (General Search Term)
- Infect! (General Search Term)
- Protest! (General Search Term)
- Strik! (General Search Term, 19c)
- Organiz! (General Search Term, 19d)
- Demand! (General Search Term)
- Media (19b)
- News (19b)
- Press (19b)
- Article (19b)
- "#JFK8" (19b)
- Chris! w/2 Smalls (19c, 19d)
- "Make the Road New York" (19c, 19d)
- "parking lot" (19c)

Exhibit 13

Petition (19d)
- Activis! (19d)
- Whistleblow! (19d)

**Custodians**

- Sai Kotha
- Zachary Marc
- Christine Hernandez
- Chris Perez
- Shaianna Donaldson
- Maciej Curlej
- Tyler Grabowski
- Geoff Gilbert-Differ
- Kaydee Bertone
- Bradley Campbell

| Keyword | Doc Count |
|---|---|
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND #JFK8 | 8,880 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND (Chris* W/2 Smalls) | 3,711 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND Demand* | 1,640 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND Organiz* | 1,994 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND Covid* | 1,339 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND Protest* | 1,107 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND Press | 1,157 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND Media | 872 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND Strik* | 876 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND parking lot | 1,128 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND PPE | 867 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND News | 692 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND Article | 462 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND "health and safety" | 454 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND shut down | 898 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND work* Conditions | 305 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND *virus | 229 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND Infect* | 256 |

| | | |
|---|---|---|
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND Pandemic | | 181 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND (Social W/2 distance) | | 431 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND Activis* | | 102 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND personal protective equipment | | 101 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND production meeting | | 120 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND Petition | | 74 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND (Clos* W/10 facility) | | 82 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND morning meeting | | 143 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND manage* Meeting | | 56 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND sync meeting | | 23 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND Whistleblow* | | 9 |
| ((Gerald W/2 Bryson) OR GB OR gbbryso OR 103899737) AND Make the Road New York | | 4 |

*Chris*
Christopher J. Murphy
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

| From: | Murphy, Christopher J. |
|---|---|
| To: | Cox, Evamaria; Jackson, Matthew; _aston, David |
| Cc: | Buffalano, Nicole; Kelcey Phillips; Ran o, Jason J.; Fisher, Jordan Scott; Bagley, Claire E. |
| Subject: | arious Production  pdates |
| Date: | Monday, April 19, 2021 5:50:11 PM |
| ttachments: | AmazonBryson Production Key.pdf |
| | AmazonBryson Para 16 and 17 hit Report.pdf |

Eva:

Attached are the production key we discussed and the combined paragraphs 16 and 17 hit report for all 3 facilities.

Regarding the key, we have provided this at your request.  Based on our understanding of the subpoena paragraphs and materials produced to date, we have made an attempt to relate the documents to the relevant subpoena paragraphs.  Based on one's perspective of the subpoena and/or the documents, reasonable minds could differ as to which paragraphs relate to which documents.  We do not intend this key to be, nor should you rely on it as, as comprehensive, final and binding statement regarding these matters.  We are providing it as a guide only.

Regarding the hit report, it shows all 3 facilities with search terms from both paragraph 16 and 17. The paragraph 16 hits are highlighted at the bottom on the chart.

Regarding the pdfs of the discipline information, we are willing to redact personally identifying information from the excel spreadsheets and then produce them to you in that format.  The spreadsheets would be produced to you with the same redactions contained in the pdfs.  Please confirm that you'd like us to do that and we think we can turn that around by the end of the day on Thursday, barring unforeseen issues.  If you don't want spreadsheets, let us know and we can send pdfs for EWR4 and BDL3.

We've requested the 151 personnel files you requested from the EWR4 and BDL3 information.  We'll give you an update on that when we can.

Finally, please identify the 9 personnel files you indicated on the call with the Judge had not been produced.

*Chris*
Christopher J. Murphy
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



DISCLAIMER

Exhibit 14

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

| JFK8 | | EWR4 | | BDL3 | |
|---|---|---|---|---|---|
| Term | Number of Hits | Term | Number of Hits | Term | Number of Hits |
| Theft | 106 | Theft | 66 | Theft | 53 |
| Steal | 0 | Steal | 24 | Steal | 10 |
| Stole | 20 | Stole | 32 | Stole | 58 |
| Assault | 0 | Assault | 2 | Assault | 10 |
| Violen | 211 | Violen | 117 | Violen | 66 |
| Fight | 10 | Fight | 10 | Fight | 4 |
| Threat | 220 | Threat | 132 | Threat | 71 |
| Danger | 854 | Danger | 4 | Danger | 42 |
| Safe | 2769 | Safe | 4009 | Safe | 2511 |
| Push | 8 | Push | 35 | Push | 7 |
| Shov | 2 | Shov | 0 | Shov | 4 |
| Aggress | 27 | Aggress | 17 | Aggress | 7 |
| Discriminat | 17 | Discriminat | 32 | Discriminat | 18 |
| Drugs | 33 | Drugs | 70 | Drugs | 35 |
| Alcohol | 62 | Alcohol | 454 | Alcohol | 56 |
| Weapon | 2 | Weapon | 23 | Weapon | 20 |
| Knife | 0 | Knife | 6 | Knife | 6 |
| Falsif | 669 | Falsif | 238 | Falsif | 0 |
| Alter | 434 | Alter | 164 | Alter | 114 |
| Raci | 4 | Raci | 5 | Raci | 20 |
| Prejud | 0 | Prejud | 0 | Prejud | 0 |
| Religion | 2 | Religion | 20 | Religion | 10 |
| Disab | 2 | Disab | 8 | Disab | 2 |
| Age | 4350 | Age | 8029 | Age | 987 |
| Sex | 33 | Sex | 35 | Sex | 24 |
| Bitch | 4 | Bitch | 26 | Bitch | 0 |
| Stereotyp | 0 | Stereotyp | 5 | Stereotyp | 6 |
| Gender | 2 | Gender | 14 | Gender | 8 |
| Touch | 12 | Touch | 19 | Touch | 6 |
| Physical | 320 | Physical | 336 | Physical | 117 |
| Body | 14 | Body | 24 | Body | 4 |
| Proposition | 4 | Proposition | 0 | Proposition | 0 |
| Flirt | 4 | Flirt | 0 | Flirt | 4 |
| Suggestive | 0 | Suggestive | 0 | Suggestive | 0 |
| Curs | 39 | Curs | 2150 | Curs | 18 |
| Abus | 12 | Abus | 129 | Abus | 56 |
| Profan | 17 | Profan | 12 | Profan | 37 |
| Harass | 60 | Harass | 217 | Harass | 92 |
| Vulgar | 10 | Vulgar | 68 | Vulgar | 56 |
| Total | 10333 | Total | 16532 | Total | 4539 |

| Date of Production | Bates Number | Responsive Paragraph |
|---|---|---|
| 3/31/2021 | AMZ-BRY000001 - AMZ-BRY000007 | 1 |
| | AMZ-BRY000008 - AMZ-BRY000034 | 9(a), 11 |
| | AMZ-BRY000035 | 9(a) and (b) |
| | AMZ-BRY000036 | 8, 9(a) |
| | AMZ-BRY000037 - AMZ-BRY000042 | 7, 9(a) and (b) |
| | AMZ-BRY000043 | 9(b) |
| | AMZ-BRY000044 - AMZ-BRY000045 | 9(b) |
| | AMZ-BRY000046 - AMZ-BRY000074 | 7, 9(a) and (b) |
| | AMZ-BRY000075 | 8, 9(a) |
| | AMZ-BRY000076 | 8, 9(a) |
| | AMZ-BRY000077 | 9(a) |
| | AMZ-BRY000078 - AMZ-BRY000080 | 7, 9(a) and (b) |
| | AMZ-BRY000081 | 8, 9(a) |
| | AMZ-BRY000082 - AMZ-BRY000086 | 8, 9(a) |
| | AMZ-BRY000087 - AMZ-BRY000091 | 8, 9(b) |
| | AMZ-BRY000092 | 9(b) |
| | AMZ-BRY000093 - AMZ-BRY000096 | 9(b) |
| | AMZ-BRY000097 - AMZ-BRY000100 | 9(a) |
| | AMZ-BRY000101 - AMZ-BRY000119 | 7, 9(a) and (b) |
| | AMZ-BRY000120 | 9(b) |
| | AMZ-BRY000121 - AMZ-BRY000122 | 9(b) |
| | AMZ-BRY000123 - AMZ-BRY000127 | 7, 9(a) and (b) |
| | AMZ-BRY000128 | 8, 9(a) |
| | AMZ-BRY000129 | 9(b) |
| | AMZ-BRY000130 | 9(b) |
| | AMZ-BRY000131 | 9(b) |
| | AMZ-BRY000132 | 9(a), 11 |
| | AMZ-BRY000133 - AMZ-BRY000135 | 9(a) |
| | AMZ-BRY000136 | 8, 9(b) |
| | AMZ-BRY000137 - AMZ-BRY000141 | 9(a) and (b) |
| | AMZ-BRY000142 | 8, 9(a) |
| | AMZ-BRY000143 | 9(b) |
| | AMZ-BRY000144 | 8, 9(b) |
| | AMZ-BRY000145 | 8, 9(b) |
| | AMZ-BRY000146 | 8, 9(b) |
| | AMZ-BRY000147 | 8, 9(a) |
| | AMZ-BRY000148 - AMZ-BRY000164 | 9(b), 11 |
| | AMZ-BRY000165 | 9(b) |
| 4/1/2021 | AMZ-BRY000166 - AMZ-BRY000168 | 9(b) |
| | AMZ-BRY000169 | 10, 12, 13 |
| | AMZ-BRY000170 - AMZ-BRY000171 | 10, 12, 13 |
| | AMZ-BRY000172 | 10, 12, 13 |
| | AMZ-BRY000173 | 10, 12, 13 |
| | AMZ-BRY000174 | 10, 12, 13 |

| Date of Production | Bates Number | Responsive Paragraph |
|---|---|---|
| | AMZ-BRY000175 | 10, 12, 13 |
| | AMZ-BRY000176 - AMZ-BRY000177 | 10, 12, 13 |
| | AMZ-BRY000178 | 10, 12, 13 |
| | AMZ-BRY000179 - AMZ-BRY000181 | 12 |
| | AMZ-BRY000182 - AMZ-BRY000183 | 12 |
| | AMZ-BRY000184 | 12, 14 |
| | AMZ-BRY000185 | 12, 13, 15 |
| | AMZ-BRY000186 | 12, 13, 15 |
| | AMZ-BRY000187 | 10, 12, 13, 15 |
| 4/5/2021 | AMZ-BRY000188 - AMZ-BRY000197 | 12, 13 |
| 4/7/2021 | AMZ-BRY000198 - AMZ-BRY000213 | 16 |
| 4/12/2021 | AMZ-BRY000214 - AMZ-BRY000215 | 1 |
| 4/15/2021 | AMZ-BRY000216 - AMZ-BRY000243 | 7 |
| | AMZ-BRY000244 - AMZ-BRY000264 | 16 |
| | AMZ-BRY000265 - AMZ-BRY000327 | 16 |
| | AMZ-BRY000328 - AMZ-BRY000415 | 17 |
| 4/16/2021 | AMZ-BRY000416 - AMZ-BRY000461 | 16 |
| | AMZ-BRY000462 - AMZ-BRY000481 | 16 |
| | AMZ-BRY000482 - AMZ-BRY000500 | 16 |
| | AMZ-BRY000501 - AMZ-BRY000530 | 16 |
| | AMZ-BRY000531 - AMZ-BRY000551 | 16 |
| | AMZ-BRY000552 - AMZ-BRY000569 | 16 |
| | AMZ-BRY000570 - AMZ-BRY000611 | 16 |
| | AMZ-BRY000612 - AMZ-BRY000634 | 16 |
| | AMZ-BRY000635 - AMZ-BRY000739 | 16 |
| | AMZ-BRY000740 - AMZ-BRY000751 | 16 |
| | AMZ-BRY000752 - AMZ-BRY000782 | 16 |
| | AMZ-BRY000783 - AMZBRY000796 | 16 |
| | AMZ-BRY000797 - AMZ-BRY000817 | 16 |
| | AMZ-BRY000818 - AMZ-BRY000843 | 16 |
| | AMZ-BRY000844 - AMZ-BRY000862 | 16 |
| | AMZ-BRY000863 - AMZ-BRY000904 | 16 |
| | AMZ-BRY000905 - AMZ-BRY000929 | 16 |
| | AMZ-BRY000930 - AMZ-BRY000951 | 16 |
| | AMZ-BRY000952 - AMZ-BRY000973 | 16 |
| | AM-BRY000974 - AMZ-BRY000998 | 16 |
| | AMZ-BRY000999 - AMZ-BRY001036 | 16 |
| | AMZ-BRY001037 - AMZ-BRY001076 | 16 |
| | AMZ-BRY001077 - AMZ-BRY001093 | 16 |
| | AMZ-BRY001094 - AMZ-BRY001108 | 16 |
| | AMZ-BRY001109 - AMZ-BRY001143 | 16 |
| | AMZ-BRY001144 - AMZ-BRY001201 | 16 |
| | AMZ-BRY001202 - AMZ-BRY001214 | 16 |
| | AMZ-BRY001215 - AMZ-BRY001226 | 16 |
| | AMZ-BRY001227 - AMZ-BRY001242 | 16 |

| Date of Production | Bates Number | Responsive Paragraph |
|---|---|---|
| | AMZ-BRY001243 - AMZ-BRY001260 | 16 |
| | AMZ-BRY001261 - AMZ-BRY001272 | 16 |
| | AMZ-BRY001273 - AMZ-BRY001307 | 16 |

| From: | Cox, Evamaria |
|---|---|
| To: | Buffalano, Nicole; Murphy, Christopher J.; Kelcey Phillips |
| Cc: | Jackson, Matthew; Reibstein, Nancy K.; _aston, David; Farmer, _ammy_; Fisher, Jordan Scott; Ran_o, Jason J. |
| Subject: | RE: Follow up to yesterday s call in Amazon.com Services   C, 29-CA-261755 |
| Date: | hursday, April 15, 2021 11:14:00 AM |

Good morning Ms. Buffalano,

My response is below in **blue.**

Thank you,
Evamaria Cox

---

**From:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>
**Sent:** Wednesday, April 14, 2021 11:49 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Murphy, Christopher J.
<christopher.murphy@morganlewis.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Reibstein, Nancy K.
<Nancy.Reibstein@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Farmer, Tammy L.
<Tammy.Farmer@nlrb.gov>; Fisher, Jordan Scott <jordan.fisher@morganlewis.com>; Ranjo, Jason J.
<jason.ranjo@morganlewis.com>
**Subject:** RE: Follow up to yesterday's call in Amazon.com Services LLC, 29-CA-261755

Ms. Cox,

Our responses to your email are below in green.

Thank you,

  ico e Bu  a ano
Morgan, Lewis & Bockius LLP
300 South  rand Avenue,  wenty-Second Floor |  os Angeles, CA 90071-3132
Direct: +1.213.612.7443 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 | Mobile: +1.240.350.8208
nicole.buffalano@morganlewis.com | www.morganlewis.com
Assistant:  ois J.  an | +1.213.612.7407 | lois.han@morganlewis.com

| C     D-19 Resources and  pdates |
|---|
|  |

---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Tuesday, April 13, 2021 12:21 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole
<nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Reibstein, Nancy K.
<Nancy.Reibstein@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Farmer, Tammy L.
<Tammy.Farmer@nlrb.gov>
**Subject:** Follow up to yesterday's call in Amazon.com Services LLC, 29-CA-261755

Exhibit 15

[EXTERNAL EMAIL]

Good afternoon Counsel,

Thank you for conferring with us yesterday (4/12) regarding the production deficiencies set forth in my email dated April 6, 2021.

This email serves to memorialize yesterday's (4/12) telephone call, and serves as a follow up on paragraphs 17 and 19.

As you know, Respondent represented that there are 2,495 disciplines at JFK8 responsive to paragraph 17. There were 2,393 disciplines that resulted when we searched using the 31 search terms that you proposed on 4/1/21. When we reviewed those documents yesterday, we determined that 800 of those hits were returned because they contained variations on the word "age," i.e. "manager" and "manage." There was only a single hit that found the word "age" in any discipline. Of course, you had asked for disciplines with the word "age" and not with the word "manager" or "manage," so there are 1,593 responsive disciplines and not 2,393. **Please produce the 1,593 responsive disciplines in a searchable format.** Please produce the 2,495 responsive disciplines in a searchable format. Upon review of the disciplines, I will let you know if the personnel files and/or investigatory documents associated with these disciplines will be necessary to produce. We will produce to you tomorrow a spreadsheet describing the 1,593 disciplines. **As I explained on our 4/12 call, the chart is not conducive to eliciting testimony.** The spreadsheet will be in an identical format to the one that we produced to you on 4/7/21 in response to Paragraph 16. While we are willing to pull each individual discipline and provide those to you, doing so will likely take some time as the individual disciplines are stored in each individual employee's electronic personnel file. This would require an individual to go into 1,593 electronic files, locate the relevant discipline, and save it locally. **Please pull each individual discipline (1,593) and provide the disciplines to us.** Of course, if you want to review a particular personnel file, we will send you the discipline as part of that personnel file. I note that the spreadsheet that we will produce to you contains all of the information that is contained in each individual discipline. To that end, the columns titled "Areas of Improvement" and "Details" from our spreadsheet includes the relevant narrative sections contained in the employee's disciplinary document. Once you receive the spreadsheet tomorrow, let us know if that is sufficient. **The spreadsheet is not sufficient. Please produce the individual disciplines in searchable format.** As with the response to Subpoena Paragraph 16, we will turn next to the discipline for the other two facilities, EWR4 and BDL3, using the 31 search terms for Paragraph 17. **Thank you. In addition, please do not forget to produce the disciplines responsive to Paragraph 16 for "cursing, abusive, profane, harassing, and vulgar language" for EWR4 and BDL3.**

As you also know, we did not get the opportunity confer yesterday regarding paragraph 19. Please let us know when you and the individual with knowledge about the search are available to discuss tomorrow (4/14) or Thursday (4/15). We understand that you are looking for an individual at Amazon who can discuss how Amazon documents are maintained, stored, and searched in order to assist with developing search terms for Paragraph 19. Please let me know if that is not accurate. We are actively working on identifying the appropriate individual and will respond with their availability as soon as we can – hopefully by the end of the day tomorrow. **This is accurate. Thank you.**

In order to determine what issues, if any, need to be addressed by the Custodian of the

Exhibit 15

Records on Monday (4/19), we would also like to discuss tomorrow (4/14) or Thursday (4/15) the documents responsive to which subpoena paragraphs have been produced to date. I am not clear on what you are requesting. Are you asking us to identify which subpoena paragraph(s) each produced document is responsive to? **Yes; as discussed on 4/12, please organize/identify production by subpoena paragraph.**

I will follow up this email with a telephone call shortly.

1. **No Responsive Documents Produced**
   a. Para. 10-Respondent represents that the witness statements (**AMZ-BRY000169-AMZ-BRY000175)** contain the words and conduct that resulted in Bryson's discharge. Confirmed. **Thank you.**

   b. Para. 12(b)-Respondent represented that there wasn't a separate investigation into Evans' misconduct and that documents responsive to Bryson's investigation are the same documents that are responsive to the investigation into Evans' write up. I can confirm that there was not a separate investigation into Evans' misconduct and that the investigative documents are the same for the two investigations. **Thank you.**

   c. Para. 13(c)-Respondent represented that it considered Evans' written statement about April 6 in considering whether to write her up. Confirmed that Evans' written statement is responsive to Paragraph 13(c). **Thank you.**

   d. Para. 14(b)- Respondent represented that Evans April 17 write-up (**AMZ-BRY000148)** was administered in person, and that her write-up is the only document showing Respondent's deliberations regarding whether to issue Evans discipline. I can confirm that we have produced all non-privileged documents that we have seen and reviewed to date that shows Respondent's deliberations regarding whether to issue Evans discipline. We will produce a privilege log by the end of this week. **Thank you.**

2. **Documents are Partially Responsive**
   a. Para. 1- The charts produced by Respondent on 3.31 and 4.12 (effective 4.7.20) cover the May 1, 2019 through April 30, 2020 subpoena period. These are the only JFK8 org charts that exist. **Thank you.**

   b. Para. 13*-Respondent maintains Ms. Phillips' representation by email dated April 5 that Respondent relied upon/considered 26 comparator disciplines in the form of the chart before disciplining Bryson. CAGC requested the underlying disciplines covered by the subpoena in addition to the 9 disciplines from outside of the May 1, 2019 to April 30, 2020 period be produced. Respondent agreed to produce the 9 disciplines. Confirmed that production of the 26 comparator materials is underway. **Thank you.**

   c. Para 15- **AMZ-BRY000185- AMZ-BRY000187.** Respondent represented that these videos were viewed in real time and agreed to search for any "documents or notes reflecting the circumstances and dates under which such recordings . . . . were accessed, obtained and maintained." Confirmed. **Thank you.**

3. **Form of Production Issues**
   a. No organizing/Labeling of documents. Respondent agreed to organize/identify production by subpoena paragraph but did not specify how it would organize the

Exhibit 15

documents.  Confirmed.  **Thank you.**

    b.  To be produced in Native Form.  In addition to producing the documents below in native format, CAGC requested that **AMZ-BRY000179- MZ-BRY000181** be produced in native format.  Respondent agreed and on 4/12 produced all the documents except **AMZ-BRY000179- MZ-BRY000181** in native format.  I am reattaching AMZ-BRY000179-AMZ-BRY000181.  It was produced in its native format (fillable PDF).  I will look into (i) – (iii), below.  **These documents were produced on 4/12.  Thank you.  This issue is resolved.**

      i.  **AMZ-BRY000172- AMZ-BRY000178**
      ii.  **AMZ-BRY000182- AMZ-BRY000183**
      iii.  **AMZ-BRY000184-**

4.  **Miscellaneous**
    a.  Para. 7 (2017 Owner's Manual **AMZ-BRY000046-AMZ-BRY000076**).  Respondent agreed to produce the 2019 Owner's Manual.  Confirmed. **Thank you.**

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

Exhibit 15

GC Exhibit 110

| From: | reen, Ben amin |
| --- | --- |
| To: | Cox, Evamaria: C R S P ER.M RP @M R AN E S.C M |
| Cc: | nicole.buffalano@morganlewis.com; Kelcey Phillips; Jackson, Matthew; Frank Kearl |
| Subject: | Re: n camera review of C Exhibits 65-69 (chime chats) in Amazon.com Services C (29-CA-261755) |
| Date: | uesday, May 18, 2021 10:51:29 AM |

Counsel,

I intended to address this issue yesterday after hearing from Respondent on the record, but that did not happen. Since I am not in a position to issue an order today, the Respondent's proposal to submit a position in writing by tomorrow at noon is acceptable. I expect to issue an order tomorrow afternoon.

Benjamin W. Green, ALJ

Get Outlook for iOS

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Tuesday, May 18, 2021 10:30:13 AM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Green, Benjamin <Benjamin.Green@nlrb.gov>
**Cc:** nicole.buffalano@morganlewis.com <nicole.buffalano@morganlewis.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Frank Kearl <frank.kearl@maketheroadny.org>
**Subject:** RE: In camera review of GC Exhibits 65-69 (chime chats) in Amazon.com Services LLC (29-CA-261755)

Judge Green:

Please be advised that we intend to respond substantively to Ms. Cox's request in her email below. We will provide that response by noon tomorrow. Thank you.

*Chris*
Christopher J. Murphy
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Monday, May 17, 2021 5:14 PM
**To:** Green, Benjamin <Benjamin.Green@nlrb.gov>
**Cc:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Frank Kearl <frank.kearl@maketheroadny.org>
**Subject:** In camera review of GC Exhibits 65-69 (chime chats) in Amazon.com Services LLC (29-CA-

261755)

[EXTERNAL EMAIL]
Good afternoon Judge Green,

The issue regarding the redacted chime chats remained unresolved at the end of today's hearing. We renew our request to have Respondent produce the unredacted Chimes to you for in camera inspection.  To avoid any confusion, please order the unredacted chimes be produced by a date certain.

Thank you.

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

GC Exhibit 111

**UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
DIVISION OF JUDGES
NEW YORK BRANCH OFFICE**

**AMAZON.COM SERVICES LLC**

        **and**                                       **Case   29-CA-261755**

**GERALD BRYSON, AN INDIVIDUAL**

**<u>ORDER ON IN CAMERA INSPECTION OF
REDACTED SUBPOENAED DOCUMENTS</u>**

      The General Counsel seeks the production of certain subpoenaed documents without redaction and the Respondent opposes this request.  The Respondent produced certain Amazon Chime instant message threads with extensive redactions.  The General Counsel entered those redacted threads into evidence as General Counsel Exhibits 65 to 69.  The duration and number of messages in each threads are as follows:

| Exhibit | Message Count | Earliest Item | | Latest Item | |
|---------|---------------|---------------|---|-------------|---|
|         |               | Date          | Time | Date     | Time |
| GC 65   | 35            | 03/30/2020    | 6:04:27 | 03/30/2020 | 18:00:59 |
| GC 66   | 43            | 03/25/2020    | 8:44:31 | 03/25/2020 | 15:11:16 |
| GC 67   | 143           | 04/07/2020    | 5:48:07 | 04/07/2020 | 15:18:24 |
| GC 68   | 27            | 04/08/2020    | 5:20:14 | 04/08/2020 | 06:24:12 |
| GC 69   | 71            | 03/25/2020    | 06:11:03 | 03/25/2020 | 17:20:36 |

      The General Counsel is entitled to receive complete documents and not just portions of those documents.  Documents produced in response to a subpoena or discovery request may not be unilaterally redacted to the extent the producing party believes that portions of the documents are irrelevant.  See *Engage Healthcare Communications, LLC v. Intellishpere, LLC*, 2017 WL 3624262 (D.N.J. Apr. 26, 2017), report and recommendation adopted, 2017 WL 3668391 (D.N.J. Aug. 23, 2017) and cases cited therein.   The entirety of an individual letter or email can be easily identified.  However, texts or instant messaging are more difficult.  As a mode of communication, messaging is more like a verbal conversation and it can be difficult to determine where one conversation ends and another conversation begins.

      Here, we know the chat threads contain information responsive to a subpoena because the Respondent produced them.  Further, the threads are not particularly lengthy.  Accordingly, it would be perfectly reasonable to expect these threads to constitute a single, complete communication subject to production.  I note also that the threads are not numerous.  In the interest of caution, I have indicated that I am willing to review the unredacted message threads to determine whether they constitute a complete responsive document.  I see no other way of determining whether the redactions were proper and will not leave it to the Respondent to make unilateral decisions regarding the same.

Accordingly, it is HEREBY ORDERED that the Respondent produce to me, no later than May 20, 2021, at 12:00 p.m., the unredacted versions of General Counsel Exhibits 65 to 69 for in camera review.

.                              Dated:        May 19, 2021
                                             New York, New York

                                             *S/ Benjamin W. Green*
                                             _____
                                             Benjamin W. Green
                                             Administrative Law Judge

Served by email as follows:

Zainab N. Ahmad, Esq. (Zahmad@gibsondunn.com)

Nicole A. Buffalano, Esq. (nicole.buffalano@morganlewis.com)

Evamaria Cox, Esq. (Evamaria.Cox@nlrb.gov)

Elizabeth H. DeVleming, Esq. (Elizabeth.DeVleming@nlrb.gov)

David Gaston, Esq. (David.Gaston@nlrb.gov)

Matthew Jackson, Esq. (Matthew.Jackson@nlrb.gov)

Frank Kearl, Esq. (frank.kearl@maketheroadny.org)

Christopher J. Murphy, Esq. (christopher.murphy@morganlewis.com)

Kelcey J. Phillips, Esq. (kelcey.phillips@morganlewis.com)

Nancy Reibstein, Esq. (Nancy.Reibstein@nlrb.gov)

Richard Rosenblatt, Esq. (richard.rosenblatt@morganlewis.com)

Jennifer Mott Williams, Esq. (jennifer.williams@morganlewis.com)

GC Exhibit 112

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**DIVISION OF JUDGES**
**NEW YORK BRANCH OFFICE**

**AMAZON.COM SERVICES LLC**

     **and**                                  **Case   29-CA-261755**

**GERALD BRYSON, AN INDIVIDUAL**

**ORDER ON REDACTION OF SUBPOENAED DOCUMENTS**
**AFER IN CAMERA INSPECTION**

     In compliance with my May 19, 2021 order, the Respondent submitted unredacted versions of General Counsel Exhibits 65-69 (Amazon Chime chat threads) to me for in camera inspection.

     A subpoenaed party must produce complete documents responsive to all subpoena requests that have not been revoked, including any nonresponsive irrelevant information within those documents.  *Bartholomew v. Avalon Cap. Grp., Inc.*, 278 F.R.D. 441, 451–52 (D. Minn. 2011).  This is particularly important when the nonresponsive information provides context, concerns subject matter at issue in the case, and/or could lead to the identification of additional relevant materials.

     As noted in my May 19 order, it can be difficult to determine to what extent texts threads or instant message chats are complete documents.  It could be argued that the "document" or conversation should be defined as all messages that were sent on the day a significant event occurred.  While I have not used such a broad bright line approach, I have not evaluated the relevance or responsiveness of each message individually out of context. Thus, to the extent partially responsive threads contain additional information that may be useful in the case, I have liberally ordered that redactions be removed as follows:

1)  General Counsel Exhibits 68 and 69 shall be produced without any redactions.

2)  General Counsel Exhibit 65 shall be produced without redactions for messages from 17:00:51 to the end of the thread (18:00:59).  Messages from 06:04:27 to 13:45:30 may remain redacted.

3)  General Counsel Exhibit 66 shall be produced without redactions, except the messages from 14:33:51 to 14:37:49.  The messages from 14:33:51 to 14:37:49 may remain redacted.

4)  General Counsel Exhibit 67 shall be produced without redactions for messages from 6:34:24 to 6:49:23.  Messages in the remainder of the thread may remain redacted.

It is HEREBY ORDERED that the Respondent shall produce General Counsel Exhibits 65 to 69 in the form described above no later than May 21, 2021, at 1 p.m.

.                                    Dated:        May 20, 2021
                                                   New York, New York

                                                   *S/ Benjamin W. Green*

                                                   _____
                                                   Benjamin W. Green
                                                   Administrative Law Judge

Served by email as follows:

Zainab N. Ahmad, Esq. (Zahmad@gibsondunn.com)

Nicole A. Buffalano, Esq. (nicole.buffalano@morganlewis.com)

Evamaria Cox, Esq. (Evamaria.Cox@nlrb.gov)

David Gaston, Esq. (David.Gaston@nlrb.gov)

Matthew Jackson, Esq. (Matthew.Jackson@nlrb.gov)

Frank Kearl, Esq. (frank.kearl@maketheroadny.org)

Christopher J. Murphy, Esq. (christopher.murphy@morganlewis.com)

Kelcey J. Phillips, Esq. (kelcey.phillips@morganlewis.com)

Nancy Reibstein, Esq. (Nancy.Reibstein@nlrb.gov)

Richard Rosenblatt, Esq. (richard.rosenblatt@morganlewis.com)

Jason Schwartz, Esq. (jschwartz@gibsondunn.com)

Jennifer Mott Williams, Esq. (jennifer.williams@morganlewis.com)

GC Exhibit 113

| From: | Murphy, Christopher J. |
| To: | reen, Ben amin; zahmad@gibsondunn.com; nicole.buffalano@morganlewis.com; Cox, Evamaria; aston, David; Jackson, Matthew; Frank Kearl; Kelcey Phillips; Reibstein, Nancy K.; Rosenblatt, Richard ; schwartz@gibsondunn.com; illiams, Jennifer Mott |
| Subject: | RE: Amazon.com Services   C, 29-CA-261755 |
| Date: | Friday, May 21, 2021 12:47:32 PM |

Judge Green:

We received your Order relating to the unredaction issue at 6:50 pm last night.  Given that our client is located on the West Coast, we have not had an opportunity to substantively discuss your Order with them and will not be able to do so in an informed way before the production deadline you established.  Among other matters, we will consider whether to seek permission to take a special appeal from your Order.  We will advise you and the other parties of our position on this issue as soon as possible.  Consequently and respectfully, we will not be able to comply with the production deadline established by your Order.

*Chris*
Christopher J. Murphy
Morgan, Lewis & Bockius LLP
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



**From:** Green, Benjamin <Benjamin.Green@nlrb.gov>
**Sent:** Thursday, May 20, 2021 6:50 PM
**To:** zahmad@gibsondunn.com; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Frank Kearl <frank.kearl@maketheroadny.org>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Reibstein, Nancy K. <Nancy.Reibstein@nlrb.gov>; Rosenblatt, Richard G. <richard.rosenblatt@morganlewis.com>; jschwartz@gibsondunn.com; Williams, Jennifer Mott <jennifer.williams@morganlewis.com>
**Subject:** RE: Amazon.com Services LLC, 29-CA-261755

[EXTERNAL EMAIL]

Counsel,

Please see the attached Order on Redaction of Subpoenaed Documents after In Camera Inspection.

Thank you,
Benjamin W. Green
NLRB-ALJ
New York Division of Judges

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.