# UNITED STATES OF AMERICA
## BEFORE THE NATIONAL LABOR RELATIONS BOARD
### REGION 29

AMAZON.COM SERVICES LLC,      )

                                )

        and          )       Case 29-CA-261755

                                )

GERALD BRYSON, an Individual.     )

## RESPONDENT'S OPPOSITION TO THE COUNSEL FOR THE ACTING GENERAL COUNSEL'S MOTION FOR *BANNON MILLS* SANCTIONS

Counsel for Respondent Amazon.com Services LLC ("the Respondent" or "Amazon") submits this Opposition to the Counsel for the Acting General Counsel's ("CAGC") Motion for *Bannon Mills* sanctions.[1] Amazon's production has been diligent and comprehensive, not late or unduly delayed, and the CAGC cannot establish that it has suffered, or will suffer, any prejudice, especially given that the record remains open.

### I.    INTRODUCTION

The CAGC alone is responsible for the situation of which it complains. If it really wanted Amazon to review millions of records in response to what is possibly the most expansive

---

[1] The Charging Party has not filed its own *Bannon Mills* Motion and, therefore, Respondent does not address in this Motion its compliance with the Charging Party's subpoena. That said, Respondent also has substantially complied with Charging Party's subpoena. The only responsive information that Respondent has not produced at this point are documents that include information that is non-responsive to that subpoena and a small set of additional documents largely between public relations personnel regarding news coverage. Respondent previously produced Chime documents with non-responsive information redacted. In his May 20, 2021 Order after an *in camera* review of those documents, Judge Green did not find any redacted information to be responsive to any subpoena request – and that is because it is not. Rather, Judge Green required Respondent to unredact some (but not all) of the Chime redactions using what he himself described as a "liberal" application of discovery rules to provide what he thought might be useful, but not that was responsive. *Order on Redaction of Subpoenaed Documents After In Camera Inspection*, May 20, 2021, p. 1. Respondent is taking a special appeal from that ruling and Respondent also is taking a special appeal as to Judge Green's rulings from the bench on May 24, 25 and 26 to the extent any such rulings would require further response to subpoena requests that seek information unrelated to the applicable legal test, such as information related to general, alleged "animus" unrelated to Mr. Bryson. Respondent is withholding a handful of documents subject to rulings on those filings. None of those documents relate to the investigation of Charging Party's unconscionable misconduct, but rather respond only to the tertiary issues pertaining to other associates sought by Charging Party's subpoena.

production demand in any Section 8(a)(1) discharge case ever, it could have served its subpoenas when the complaint issued on December 22, 2020.[2]  And if the requested records actually mattered to the CAGC's case, it could have taken Judge Green up on his offer of postponement and waited for them to be produced.  It availed itself of neither option.  Instead, the CAGC served the bulk of its demand just two weeks before trial.  And it insisted on barreling ahead with this case knowing that document production would not be complete.  That may well have been the CAGC's choice to make, but it cannot now seek to penalize Amazon for the consequences of its own strategy—it has only itself to blame.  And to shift the blame for the predictable (and predicted) consequences of the CAGC's strategic choices regarding the timing of service and the timing of trial to Amazon would be grossly unfair.

Amazon reasonably and diligently attended to its discovery obligations in this case. Unlike the CAGC, which failed to even serve its subpoenas for months, Amazon sprang into action within days of the CAGC's first request.  Amazon identified custodians, engaged with a data vendor, and collected millions of files for potential review.  And it repeated the process—at great expense—over and over again, as the Charging Party and the CAGC layered on the demands on the eve of trial.  All in all, Amazon and its counsel devoted over 1,700 hours to responding to this last minute, seemingly coordinated discovery barrage.  In no world do such Herculean efforts merit sanction, much less the extraordinary *Bannon Mills* sanctions the CAGC seeks here.

That is especially true in cases like this one, where it is almost impossible to square the expansiveness of the document demands with the narrowness of the actual issues.  Not much is in dispute: everyone agrees that the Charging Party was engaged in concerted protected activity

---

[2]  In addition, the Region could have demanded the documents upon which it now seeks to prosecute this case more than 11 months ago, when it began its investigation.  In its rush to find a basis to issue a complaint, it never did so.

in March and April 2020.  The only real question is whether Amazon terminated the Charging

Party for that activity, as the CAGC insists, or—as any reasonable employer would have done—

for the outrageous verbal attack he unleashed, without any remorse, on his co-worker, while on

video, in front of multiple witnesses.  It does not—and should not—take thousands upon

thousands of documents to figure out why Amazon fired a worker who called a woman a "gutter

bitch" through a megaphone in front of her colleagues and then doubled down on his insults of

her in a Facebook live video.

## II.    STATEMENT OF RELEVANT FACTS

### A.  **Respondent's Production Conduct Has Been Reasonable and Diligent.**

Respondent has not refused to comply.  Respondent produced documents in response to

the the CAGC's numerous, voluminous, and belated subpoena requests – and did so with all due

speed in accordance with well-established discovery practices.  While the CAGC seems to think

that Amazon can just snap its fingers and make responsive documents magically appear ready for

production, that reflects a naiveté derived of the unprecedented nature of these requests and the

CAGC's unfamiliarity with what large document productions entail.

As more fully set forth in the Declaration of Jennifer Mott Williams (Ex. 1),  upon receipt

of the first subpoena, on March 1, Respondent both began to collect and review materials it had

accumulated during the investigation stage of this case and to follow the well-established

Electronic Discovery Reference Model (EDRM) in responding to the subpoena.[3]  Respondent

began by identifying potential systems, sources, and custodians of responsive information.

Contrary to CAGC's contention that Respondent failed to immediately collect the mountain of

---

[3]   Additional information on the EDRM can be found at https://edrm.net/edrm-model/.  The EDRM establishes the
logical steps a party should undertake in responding to an electronic discovery request: (1) identification; (2)
preservation; (3) collection; (4) processing; (5) analysis; (6) review; and (7) production.  Respondent has followed
this protocol in responding to all three subpoenas served on it in this case.

GC Exhibit 118

documents demanded, Respondent could not collect information without first identifying where it might be located.[4]

While the CAGC may not appreciate what a large-scale production entails, it can be a monumental undertaking. This is just such a case, compounded by a compressed schedule and the CAGC's unwillingness to provide additional time. The full scope of Respondent's production efforts are set forth in the Williams Declaration. (Ex. 1). We summarize the key elements of that effort here:

Following its identification of potential systems, sources, and custodians of information, Respondent's counsel began the collection and processing of potentially responsive materials. The initial documents consisted of emails, Chimes, and various standalone documents in Amazon's possession from another matter known as the NYAG matter. (Ex. 1 at ¶ 12; Tr., Ex. 22, at 337). After identifying custodians, and working with its data vendor, Consilio, Respondent gathered ultimately more than *4.9 million records* as the universe of materials to be searched.

A document production is an iterative process, which is why it typically takes months to undertake, if not longer. Custodians are identified based on initial knowledge. Documents are gathered from witness-specific searches, such as their email and Chime accounts. Those documents may identify additional custodians, leading to the further collection of documents. Witnesses are interviewed and those witnesses reveal other persons with whom to speak. Then, more documents must be gathered. And so on. Despite the CAGC's suggestion that everything

---

[4] The sole exception was that Respondent was able to collect documents that it earlier had identified during the Region's investigative phase of this case. Those documents were produced early and are not at issue here. Given the superficial nature of the Region's investigation into this matter, it did not request the vast majority of the documents it demanded post-complaint and, therefore, Respondent had no reason to gather them during the investigative phase.

GC Exhibit 118

was at Respondent's immediate disposal as soon as it served its (late) subpoenas, that simply is not how document production works.

In addition to identifying custodian sources, Respondent searched various systems likely to have responsive information.  For example, the CAGC demanded production of wide-ranging personnel data that is housed in various databases that require manual search and extraction.  For example, on April 15, after having applied the CAGC's proposed and agreed-upon search terms, Respondent produced a spreadsheet of disciplines issued at Amazon fulfillment centers EWR4 and BDL3 responsive to paragraph 16, and the spreadsheet of the 1,593 disciplines issued at JFK8 responsive to Paragraph 17.  (Ex. 1 at ¶ 38).  Ultimately, the CAGC demanded to see the personnel and disciplinary files for more than 200 associates who were the subject of these disciplines, who the CAGC has loosely referred to as comparators, as well as a select number of investigative files. The identification and extraction of those documents required Respondent personnel to go into Respondent's separate databases known as OnBase (for personnel-related documents), ADAPT (from which to identify disciplinary actions) and EXACT (for investigative files).  As the CAGC's (and the Charging Party's) demands for more personnel, disciplinary and investigative files mushroomed, the labor-intensive process of pulling and reviewing employee disciplinary files proceeded and Respondent's concerns with disproportionality heightened.

On April 16, Respondent provided projected timelines for production based on its initial experience producing personnel files.  (Ex. 2).  In order to ease the burden and to expedite the production, Respondent repeatedly asked the CAGC to propose search terms for locating potentially responsive materials beyond what Respondent was doing and might find through its overlapping searches.  On April 16, after providing a hit report to the CAGC for Paragraph 19, the parties conferred on the scope of the search, and Respondent agreed to add additional

custodians and search terms requested by the CAGC.  (Ex. 3).  On April 20, Respondent again expressed its concern "that producing all of the documents that the Counsel for the Acting General Counsel has requested before the May 3 hearing date – or even before the end of May – is an impossibility."  (Ex. 4).

While simultaneously undertaking identification, collection, processing, and review, and although it had a timely filed Petition to Partially Revoke the subpoena still pending,[5]  (Ex. 5), Respondent reached an agreement with the CAGC on a tentative production timeline. (Ex. 6). Respondent and the CAGC discussed opening the record on March 29 for the receipt of documents responsive to the first subpoena[6] and, then, to commence the hearing on May 3 to allow for a rolling production schedule.  Tr., Ex. 22, at 12–15;[7] *see also*, Tr., Ex. 22, at 143–144 (Judge Green's discussion of the ill-defined production process).

On March 31, Respondent made its first production, producing documents responsive to Paragraphs 1, 7, 8, 9, and 11. (Ex. 7).  The next day, Amazon produced documents responsive to Paragraphs 10, 12, 13, 14 and 15. (Ex. 7).   Thus, as of April 1 – more than 30 days before the start of substantive testimony, Amazon had produced nearly all the documents that related to its knowledge of Bryson's conduct on April 6, its investigation of that conduct, and its decision to terminate him for that conduct.  Stated differently, the CAGC had the vast majority of the material it needed to try this single discriminatee discharge case (as opposed to the collateral mini-trials which have plagued this case) more than a month before testimony began. And aside

---

[5]  Specifically, the Respondent raised objections to Paragraphs 1, 7, 8, and 17–19.
[6]  At the time of negotiating this agreement, the CAGC and the Charging Party did not give any indication that they would be serving two additional overbroad subpoenas.  Had Respondent known that additional subpoenas were contemplated, it would have negotiated significantly extended production schedule.
[7]  Despite Judge Green ruling on March 29 that Respondent's interpretation that the first date to trigger document production would be April 5 did not constitute bad faith, and specifically declined to order any remedy, the CAGC again argues (CAGC Motion at 5) that Respondent breached an agreement to produce documents pursuant to an agreed upon schedule.  Tr., Ex. 22, at 15 (Judge Green: "Do it in a couple of days. There's no – that's – there's not going to be any remedy here other than that . . . I don't know that we have bad faith here.").

GC Exhibit 118

from personnel-related documents for alleged comparators that have been produced well before they ever were necessary in the hearing, the CAGC has had most everything it has sought to admit since prior to, or at the latest, shortly after the May 3 testimonial portion of the hearing commenced. Given that in a typical NLRB case the Respondent does not even begin to produce documents until at or near the first day of hearing, it is hard to understand how Respondent could be accused of acting in bad faith.

On April 6, almost a month before the May 3 hearing date, Respondent produced an Excel spreadsheet of comparators that Amazon Regional Human Resources Manager Bradley Campbell had reviewed when making his disciplinary recommendations for both Charging Party and his victim, Dimitra Evans; this material responded to paragraphs 12 and 13 of the CAGC's first subpoena.[8]

Clearly attempting to pave the way for the instant motion, on April 6, the CAGC questioned Respondent about perceived deficiencies with prior production sets. (Ex. 8). Respondent worked with the CAGC on these issues and resolved them by April 15, with the exception of the production of disciplines responsive to paragraph 17 of the CAGC's first subpoena. (Ex. 2). Specifically, the CAGC requested that Amazon produce Bates stamped documents 172–178, 182–183, and 184 in their native format, which Respondent did that same day. The CAGC requested that Respondent identify the relationship between the subpoena paragraphs and the documents produced. (Ex. 8). Respondent promptly did so. (Ex. 9).

Ignoring that the parties' production schedule contemplated responses only to the CAGC's first subpoena, the CAGC served its second overbroad subpoena on April 19 – just 14

---

[8]  As Mr. Campbell testified on May 25 (transcript not yet received), this comparator chart was the only comparator material that he relied on in making his disciplinary recommendations. He did not rely on any other "disciplinary documents," as the CAGC has repeatedly and mistakenly asserted. *See* CAGC Motion at 9.

GC Exhibit 118

days before the May 3 hearing date.  This piecemeal, eve-of-hearing subpoena process highlights the CAGC's trial strategy to turn this case into one about immaterial documents – not the merits. Nonetheless, Respondent got to work. Respondent promptly commenced the production of documents responsive to the production requests in CAGC's second subpoena that had not been withdrawn. On May 4, Respondent made a production of documents responsive to Paragraphs 1, 2, 24, 23, and 27 of the CAGC's second subpoena. Respondent continued to produce documents responsive to the subpoenas on a rolling basis.  On May 12, Respondent provided the CAGC with an updated accounting on its response to the first subpoena, noting that Respondent has completed the production documents responsive to all paragraphs except for Paragraph 19.  (Ex. 10). Over the next two days, Respondent produced documents responsive to Paragraph 19.

In their rabid search for anything that would support their *Bannon Mills* strategy, the CAGC went to extreme lengths.  In what only could be characterized as an unusual procedural move, the CAGC next insisted on examining an Amazon records custodian regarding its paragraphs 12, 14, and 19 ESI process. On April 26 and May 3, the parties went back on the record for the CAGC to examine three separate records custodians so that the CAGC and Charging Party could try to poke holes in Respondent's production efforts.  Respondent made Hillary Volk and Timothy Brainerd of Consilio and Tyler Grabowski, an Amazon Human Resources Business Partner, available to the CAGC for questioning regarding Amazon's efforts to produce documents responsive to Paragraphs 12, 14, and 16–19 of the CAGC's first subpoena. The three witnesses testified for over six hours and, thereafter, Respondent supplemented the custodians' testimony by providing Judge Green with a memo summarizing Respondent's searches.  (Ex. 11).; Tr., Ex. 22, at 107–108.

GC Exhibit 118

In response to the CAGC's questioning, Judge Green ordered Respondent to produce a processing log reflecting the documents uploaded by Consilio into a Relativity search database,[9] as well as an email to Ms. Volk with instructions to commence the search.  Tr., Ex. 22, at 146–147.  On April 27, in the interest of time, Respondent produced the email Ms. Volk received through the email group distribution alias (which did not show the names of the recipients).  (Ex. 12).  In their hunt for any conceivable flaw, the CAGC insisted that Respondent produce the email as directly stored in Ms. Volk's email inbox.  Respondent did that on May 2.  (Ex. 12). On May 3, Respondent provided the processing log.  (Ex. 12).

Prior to the testimonial portion of the hearing commencing on May 3, and in order to facilitate the most efficient document production under the circumstances, the parties agreed that the CAGC would provide "priorities" for the production, and Respondent immediately shifted gears to focus on expediting those priority productions.  (Exs. 13, 14).  That prioritization required additional electronic searches, documents pulls, and review for responsiveness, privilege, and personal identifying information ("PII").  Respondent completed this review and produced all such information by May 12.  Indeed, Respondent, while also preparing for and participating in full hearing days, continued to make productions on almost every single day between May 1 and May 14, and that production continued through May 21, 2021, resulting in a production to date of over 8750 pages of documents in response to the three subpoenas.  (Ex. 15).  All the while, the CAGC produced no documents – not even the Facebook Live video (R-122) that Respondent only discovered (and which was long in the CAGC's possession).

---

[9] The Log produced reflected the documents collected and searched as of that date.  However, in accordance with its duty to supplement, Respondent continued to search for relevant information, such that the volumes continued to increase after the date the log was generated.

GC Exhibit 118

Having failed to find flaws in Respondent's productions, the CAGC combed through prior production sets to find something – no matter how inconsequential – about which to complain.  Specifically, at the hearing on May 10, 2021, the CAGC blind-sided Respondent by objecting for the first time to privacy-related redactions made to the various disciplinary files of supposed comparators.[10]  The CAGC had never raised the issue before despite the parties previously engaging in numerous discussions with regard to production of that material and the CAGC having had the redacted personnel files (about 6,000 pages) since April 16.  This instance highlights the game of "gotcha" into which the CAGC has driven this case.  Nonetheless, Respondent immediately commenced the laborious process of re-reviewing these personnel files to redact only PII, reproducing them on May 12.  Additionally, Respondent timely complied with Judge Green's Order to reproduce the Workplace Incident Management ("WIM") Guide without redactions, by producing the unredacted guide on May 11.  Tr., Ex. 22, at 967, (Ex. 16).

Overall, Respondent's production effort resulted in the collection of over **4.9 million records and the production to date of over 8,750 pages of materials and three videos**.  These records were subsequently processed and searched by application of search terms, with any targeted materials being made available for counsel's review.  Since March 1, Respondent's counsel and paralegals have been forced to expend more than 1,700 hours to complete this massive production effort, in an impossibly compressed timeframe.  And this doesn't count the hours spent by Respondent's personnel or vendors engaged in the process. A production log identifying Respondent's productions to date is attached as Exhibit 15.

B.  **The Eleventh-Hour Service of Three Overly Broad Subpoenas Evidences the CAGC's Strategy to Obtain Discovery Sanctions from the Outset.**

---

[10] The only document that the CAGC has produced in this case was the declaration of Derrick Palmer after Mr. Palmer's direct testimony.  Notably, despite the CAGC's arguments about their need for unredacted personnel and investigative files regarding incidents involving comparators and matters of no relevance to this case, the CAGC redacted the names of many of the witnesses identified in Mr. Palmer's declaration.

10

GC Exhibit 118

The Charging Party filed his charge in this case on June 30, 2020.  At that time, he knew that Ms. Velasco had incriminating video of his verbal assault.  It now appears obvious that the CAGC also had that damaging video evidence at or about that time.  Putting aside serious questions regarding the government's neutrality and candor, rather than provide Respondent with ample time to gather, review, and produce documents it would request, the CAGC waited until relatively close to the hearing date to serve its first subpoena.  Specifically, on March 1, ten months after the charge was filed and more than two months after issuing the original Complaint, the CAGC served on Respondent subpoena *duces tecum* B-1-1BUGMIX and subpoena *ad testificandum* A-1-1BUGP0N, which contained 30 requests.  Charging Party waited another six weeks until April 13, 2021 to serve its overly broad subpoena *duces tecum* B-1-1C9GVF7, containing 46 requests.  Six days after that, the CAGC served 99 additional requests on Respondent in subpoena *duces tecum* B-1-1CBQM1N.

At the hearing on April 26, Respondent's counsel sought a continuance, acknowledging that all documents requested in the pending subpoenas could not possibly be produced on or before May 3 or even reasonably over the next several weeks thereafter.  Judge Green presented the CAGC with a choice – wait for the documents to be produced or proceed on May 3.  The CAGC chose to proceed.  Tr., Ex. 22, at 213–214.  The CAGC's conduct self-evidently establishes that its real purpose, as reflected in the timing and scope of their subpoenas, was to concoct some purported discovery deficiency.  If any party should be sanctioned, it is the CAGC.

### III.    ARGUMENT

**A.  The CAGC Fails to Meet Their Burden for the Extraordinary Relief of *Bannon Mills* Sanctions**.

1.    **The Legal Standard for *Bannon Mills* Sanctions.**

In *Bannon Mills*, 146 NLRB 611 (1964), the seminal case imposing a sanction for subpoena noncompliance, the Board affirmed a trial examiner's evidentiary sanction against an employer that had simply refused to produce payroll and other records showing the number of employees in a bargaining unit.  *Id*. at 613, 633 nm. ("If the best evidence which could have been offered on this issue is not before us, responsibility therefor rests with Respondent who refused to honor a subpoena by the General Counsel for its production.").  Since the issuance of *Bannon Mills*, the Board has considered whether to impose evidentiary sanctions in a variety of circumstances.  See, e.g., NLRB Division of Judges Bench Book § 8–720 at 103–107.

For *Bannon Mills* sanctions to lie, the CAGC must prove that Amazon acted in bad faith or that it engaged in misconduct.  *Cooper River of Boiling Springs, LLC*, 360 NLRB 459, 475 (2014) ("In the absence of misconduct, a sanction neither is warranted nor appropriate."); *Northstar Memorial Group*, 369 NLRB No. 145, slip op. at 8 (2020); *Sisters' Camelot*, 363 NLRB No. 13, slip op. at 8 (2015) ("The burden of establishing noncompliance lies with the party that directed issuance of the subpoena."), citing *R.L. Polk & Co.*, 313 NLRB 1069, 1070 (1994), affd. mem. 74 F.3d 1240 (6th Cir. 1996).  The CAGC does neither.

### 2. Amazon Exercised Due Diligence and Conducted a Reasonable Search for Responsive Documents and Produced Documents In Good Faith.

The CAGC's claim that Amazon failed to reasonably search for and produce documents responsive to its subpoenas is not based in fact.  A party served with a subpoena has a duty "to begin a good faith effort to gather responsive documents."  *McAllister Towing & Transportation Co., Inc.*, 341 NLRB 394 (2004), enfd. 156 Fed. Appx. (2d Cir. 2005).  This duty is satisfied "through the formulation and completion of a reasonable search conducted with due diligence."  *V5 Technologies v. Switch, Ltd.,* 332 F.R.D. 356, 366 (D. Nev 2019).  As explained above and in the Williams Declaration, Amazon undertook a monumental and comprehensive effort to pull 4.9

12

million records, search them, review them, and produce those that were responsive to the three

separate subpoenas, which together contained over 170 production demands.  *See* Williams Dec.,

Ex. 1.

As explained above, Amazon began its search for documents responsive to the CAGC's

first subpoena shortly after being served.  In early March, Amazon collected and analyzed the

documents that its counsel had obtained from Respondent during the investigation stage of this

case.  Amazon also identified document systems and personnel likely to possess responsive

documents and began the process to collect documents from those sources.  Respondent engaged

in extensive discovery efforts on a radically accelerated pace far exceeding that which is typical

for a production of this magnitude. The record establishes that Respondent continuously

searched for documents and reviewed them for responsiveness and privilege throughout March,

April and, now, into May. Moreover, Judge Green will recall that at the March 29, 2021 hearing

where the parties discussed a production schedule, the parties were dealing with a single

subpoena which, by itself, was a massive undertaking. When Respondent agreed to a production

schedule, it did not anticipate having to simultaneously respond to two more massive subpoenas.

Nonetheless, Respondent worked diligently to comply with the subpoenas, all the while

explaining that the production task at hand could not be accomplished on the schedule dictated.

Despite this clear notice, the CAGC and the Charging Party insisted on proceeding.  Respondent

did not give up, it just went back to work to cull through millions of additional records, the

tiniest fraction of which have been entered into the record.

      **3.**      **The CAGC's Discrete Claims of Noncompliance are Meritless.**

            **a.**  **Amazon Produced Personnel Files Requested by the CAGC.**

GC Exhibit 118

At pages 8-9 of their Motion, the CAGC claims that Amazon has improperly misrepresented its production of the personnel files requested by the government. This claim is completely baseless. Paragraph 9 of the CAGC's first subpoena sought "[t]he **complete** personnel file(s)" of Gerald Bryson and Dimitra Evans." Subpoena *duces tecum* B-1-1BUGMIX (emphasis added).  Amazon produced those **complete** personnel files on March 31.[11] These complete personnel files included not only disciplinary materials, but also a range of employment related materials not relevant to any issue in dispute (such as annual acknowledgment forms of Amazon's Appeals, Drug and Alcohol, and Computer Use Policies, as well as W-4 tax forms).

In contrast, paragraph 16 of the CAGC's first subpoena requested, in part:

> **Documents showing disciplinary actions** . . .  issued to employees at Respondent's JFK8 Facility and at its Regional facilities . . . for cursing, abusive, profane, harassing, or vulgar language . . . **together with the personnel file of each disciplined employee showing other discipline to that employee**. . . ."

[cite] (emphasis added).[12] The CAGC made a clear distinction between the "complete personnel files" in paragraph 9 and paragraphs 16 and 17, which sought "documents showing disciplinary actions."

Relying on this clear distinction, Respondent produced personnel files showing disciplines for the 32 JFK8 employees specifically identified by the CAGC.[13] Respondent did not include in these personnel files the full breadth of the non-disciplinary materials identified above that are not at issue in this case and are not responsive to the CAGC's subpoena requests. The produced materials included **all** disciplines issued to each identified employee, as the subpoena

---

[11]  The CAGC made a similar request for the complete personnel files of Smalls and Palmer in paragraph 23 of its April 19, 2021 second subpoena.  Amazon produced these complete personnel files on May 5.

[12]  The structure and verbiage of paragraph 17 is substantially the same.

[13]  CAGC Exhibits 11, 15–24, 26–29, 35 and 36 constitute the personnel files produced for some of the 32 JFK8 employees in response to Paragraph 16.

GC Exhibit 118

requested.  Respondent's production of these materials was reasonable and appropriate.  Indeed, if Respondent had produced all of the immaterial, non-disciplinary documents, the CAGC undoubtedly would have complained that Respondent had attempted to bury it in paper.

Further, the CAGC has known since April 16 (when it received the JFK8 personnel files) that the produced materials did not include the immaterial, non-disciplinary materials included with the "complete" personnel files of Bryson and Evans produced on March 31. Consistent with its *modus operandi*, the CAGC never raised any concern regarding the production of these materials before including it in this Motion filed nearly a month after the production at issue. Had the CAGC timely raised this "concern," Amazon would have provided the "complete" personnel files for these employees and, thereby, provided the CAGC with a plethora of useless, nonresponsive material.[14]  In fact, if the CAGC actually wants Respondent to inundate them with such documents, Respondent will promptly do so, so long as the CAGC does not turn around and accuse it of bad faith document dumping.

### b.  Respondent Made No False Claims About Its Production Process.

Contrary to the claim at pages 10-13 of the Motion, Respondent has not made "false claims" about the document production process or the burden imposed by the CAGC's disciplinary file requests. As an initial proposition, this argument is a complete red herring. Whatever the pace of the production, Respondent has produced all requested disciplinary files and it did so prior to the CAGC needing them for their case.

---

[14]  The CAGC further asserts that these personnel files contain no other documents.  This assertion is incorrect, as a simple review of CAGC's exhibits shows that the produced materials either contain prior disciplinary forms and termination letters, where they exist, *see* CAGC Exhibits 41, 42, 44, and 46,  or additionally contain confidentiality agreements, terms of employment letters, termination letters, and an acknowledgement of Code of Business Conduct & Ethics.  *See* CAGC Exhibits 11, 15–24, 26–29, 35 and 36.

GC Exhibit 118

Putting aside the make-weight nature of this contention, Respondent communicated to the CAGC that in order to produce the individual disciplinary forms requested, Respondent would be required to locate an employee's personnel file, locate and obtain the discipline form, and save the disciplinary form locally. Thus, Respondent informed the CAGC that the production of a voluminous number of individual disciplinary forms would significantly hinder its ability to meet the CAGC's unilateral deadlines.[15] The CAGC cites Mr. Grabowski's testimony that disciplinary files are maintained in ADAPT and not maintained in employee personnel files.  CAGC Motion at 11. The CAGC seemingly implies that this supports a finding that Respondent has made false representations with regard to the origin of the employee disciplinary records that were produced and the nature of the document production. The CAGC is wrong.

Mr. Grabowski was not tasked with the job of pulling the disciplinary records of all the potential comparators. Rather, that massive undertaking was performed by Lynn Foley Jefferson, a Morgan Lewis paralegal with access to certain Amazon databases. As set forth in Ms. Foley Jefferson's declaration (Ex. 17), she is very familiar with the OnBase and EXACT databases. She does not have access rights to the ADAPT database.  Given that Ms. Foley Jefferson does not have access to ADAPT and she always accesses personnel-related information through OnBase, she went through OnBase to undertake her collection.  Foley Jefferson Dec., Ex. 17, ¶ 4.  The OnBase database contains a wide variety of employee personnel information, including disciplinary notices.[16]  The process of extracting, saving, and forwarding documents requires searching each associate's files, as described above.

---

[15] Again, it bears note that when Respondent agreed to a timeline, it had no idea that two more massive subpoenas were waiting in the wings.

[16] The ADAPT database also houses copies of the disciplinary notices, with one KEY exception:  termination letters, which are maintained in OnBase.  (Grabowski Dec., Ex. 18, ¶ 5).  Given the absence of termination letters from the ADAPT system, going through the OnBase system was the most efficient database from which to search for all responsive disciplinary notices.

GC Exhibit 118

In addition, even if Ms. Foley-Jefferson were to have obtained access to the ADAPT database to conduct her review, she would not have been able to access all the individual, disciplinary forms that Respondent produced.  As set forth in Mr. Grabowski's declaration, after an employee is terminated, the disciplinary forms are only maintained in ADAPT for 13 months. Grabowski Dec., Ex. 18, ¶ 4.  After that 13-month timeframe, the disciplinary data can only be extracted from ADAPT in the form of an Excel feedback summary (as Respondent did to put together the Excel spreadsheet of disciplinary matters responsive to Paragraphs 16 and 17 of the first subpoena).  Grabowski Dec., Ex. 18, ¶ 4.  The CAGC, however, repeatedly insisted on the actual disciplinary forms, and not the free text of the discipline that appears in the Excel feedback summary.  Many of the employees for which Respondent produced personnel files for were terminated outside of this 13-month window.  Ms. Foley Jefferson was required to obtain the disciplinary forms from personnel files that are maintained in OnBase, which can be extracted at any time.  Grabowski Dec., Ex. 18, ¶ 5.

Even assuming that Ms. Foley Jefferson conducted her search for disciplines in ADAPT, it still would have required her to do an associate-by-associate review to extract disciplinary forms.  Grabowski Dec., Ex. 18, ¶ 4.   Whether those forms were pulled from OnBase or ADAPT, it required searching through each associate's electronic files.  And that had to be done in OnBase because, as mentioned, termination letters are housed in OnBase, but not ADAPT, and disciplinary forms are maintained in OnBase even beyond the 13-month timeframe following an employee's termination.  In any event, this minor disparity between the process Ms. Foley Jefferson actually followed and that which Mr. Grabowski described does not diminish the fact that the CAGC has received all responsive disciplinary forms, as well as employees' personnel files that show all prior discipline. *See State v. United States Dept. of Commerce*, 461


GC Exhibit 118

F.Supp.3d 80, 89 (S.D.N.Y. 2020) (noting that due to the "'bad faith' requirement, a court . . . will often have to overlook statements that are merely false . . . Instead, a court will impose sanctions . . . only where a person has had a false statement to the court and has done so in bad faith.") (internal quotations omitted).   Therefore, Judge Green should reject the CAGC's request for preclusion sanctions.

### c.   There Are No EXACT Documents for Bryson or Evans.

At pages 13-14 of their motion, the CAGC speciously claims that Amazon failed to search for responsive EXACT documents because Consilio employee and designated records custodian Tim Brainerd did not personally search those materials.  But, no one said Mr. Brainerd searched for those documents because he did not.  Ms. Foley Jefferson searched the EXACT database for responsive investigative files for each of the individual employees for whom the CAGC sought such records. (Ex. 17). Amazon produced all of the EXACT documents that corresponded to the employees identified by the CAGC.  There were no EXACT documents for either Bryson or Evans.  Foley Jefferson Dec., Ex. 17, ¶ 7.  In fact, many of the employees identified by the CAGC had no EXACT documents.

### d.   Respondent Has Not Failed to Produce WIM Reports in Response Paragraphs 12(b) and 17.

At pages 15-16 of their Motion, the CAGC contends that Respondent's production is deficient because it failed to produce a WIM report for Ms. Evans in response to paragraph 12(b).  As set forth in Geoff Gilbert-Differ's declaration, he did not complete a separate WIM form for Ms. Evans and, therefore, Respondent does not have one to produce.  (Ex. 19).  Regarding other WIM reports sought by the CAGC, Mr. Gilbert-Differ searched for WIM reports that referenced the search terms bully, bullying, and bullied responsive to Paragraph 17, and harass, harassed, and harassment responsive to Paragraph 18.  He did not locate any reports



responsive to Paragraph 17 in this search, conducted on May 4, 2021.  Gilbert-Differ Dec., Ex. 19, ¶ 6.  Respondent produced the three WIM reports responsive to Paragraph 18.  A party cannot be sanctioned for not producing documents that do not exist.

### e.   Amazon Produced the WIM Guide on May 7.

At pages 16-17 of their Motion, the CAGC contends that Respondent failed to produce the WIM Guide in response to Paragraph 7 of the CAGC's first subpoena, and instead produced it in response to Paragraph 15 of the CAGC's second subpoena.  Stated differently, the CAGC seeks sanctions because Respondent produced the document but identified it as responsive to a different subpoena paragraph than that to which the CAGC thinks it should be responsive.  While Respondent disagrees with the CAGC's hyper-technical claim, it is of no moment.  The CAGC has the document they requested.

### f.   Amazon Produced the Social Distancing Policy on May 20, 2021.

On pages 16-17 of their Motion, the CAGC seeks sanctions based upon Respondent's alleged failure to produce a social distancing policy.  Respondent's Owners' Manual contains the applicable work rules for the misconduct at issue, and Respondent produced that document well before the start of the hearing. Tr., Ex. 22, at 13, 61.  Further, Respondent now has produced the Social Distancing Policy.  (Ex. 15).  Even had Respondent not produced this document, no sanction would be warranted because Board law is clear that, "not only is the party seeking the documents required to prove the missing documents would be relevant, the party must also show prejudice to the point it affected [the party's] ability to go to trial or 'threatened to interfere with the rightful decision of the case.'" *Queen of the Valley Medical Center*, 368 NLRB No. 116, slip op. at 43 (2019) (citing *Reinsdorf*, 296 F.R.D. at 627, citing *Leon v. IDX Systems Corp.*, 464 F.3d 951, 959 (9th Cir. 2006)).

The CAGC's motivation here is further exposed by its pursuit of this specific issue.

Judge Green very clearly addressed the relevance of this policy on the record, stating:

"Respondent's policies and practices with regard to COVID safety [are] not at issue in this case.

They're not at issue." Tr., Ex. 22, at. 1078.  That admonition, however, did not deter the CAGC

from attempting to use the irrelevant Social Distancing Policy as grounds for trying to distract

from Charging Party's gross misconduct.

        **g.   The Redaction of Disciplinary and Investigative Files Does Not
            Constitute Noncompliance.**

On pages 17-20 of their Motion, the CAGC complains about certain redactions

Respondent made to disciplinary and investigative files it produced. This complaint is meritless.

Out of concern for the privacy of the thousands of JFK8, EWR4 and BDL3 associates having

nothing to do with this matter, Respondent redacted the identities of associates involved in

ancillary disciplinary matters involving supposed comparators – whether they were accused of

wrongdoing, a victim, or a witness. Such redactions are common and, in any event, the identity

of those associates is irrelevant to any comparator analysis. Moreover, Respondent first used this

redaction convention when it produced documents on April 16.  The CAGC did not object to

these redactions for three weeks. Without explaining what had changed, it was only at the

hearing on May 10, that the CAGC first raised this issue.  When Judge Green directed the

unredaction of the documents, Respondent promptly complied.

        **h.   The CAGC's Argument About Search Terms Is Baseless.**

On pages 23-24 of their Motion, the CAGC bizarrely claims that Respondents reliance on

search terms proposed by the CAGC is somehow a basis for sanctions.  In fact, Respondent's

reliance on the CAGC's search terms was in compliance with Judge Green's direction on the

record – Judge Green told the CAGC "you have to come up with some way of targeting the

GC Exhibit 118

documents that your client that you want relevant – you know, that are – you want and that are going to be relevant." Tr., Ex. 22, at 34.  With regard to Paragraph 17 search terms, Judge Green told the CAGC that search terms are "going to come from you. I mean, you have to think about what, you know, what words you think will best target Mr. Bryson's PCA. And that's your job." Tr., Ex. 22, at 35.  There is no basis for sanctions here.

### 4.    The CAGC's Other Purported Deficiencies Are Misplaced, Trivial, and Do Not Warrant Sanctions.

Finally, the CAGC makes a last-ditch effort to mischaracterize Respondent's document production as in bad faith and a failure to comply with the CAGC's first subpoena.  Specifically, Respondent has timely cured every issue raised when the CAGC raises them (as opposed to when it ambushes Respondent by claiming a deficiency to the Judge before conferring with Respondent).

- Respondent did not fail to produce a Custodian of Records on April 19.  Rather, the appropriate custodian was out on vacation until after April 19.  In fact, the CAGC did not provide the areas of inquiry for the custodian until April 20.  (Ex. 20).

- On March 31, Respondent produced the organizational chart in effect on March 31, 2020. (Ex. 15).  On April 12, Respondent supplemented this production with an additional organizational chart in effect on April 7, 2020.  (Ex. 15).

- While there is no obligation under Board law to do so, beginning April 15, Respondent organized the productions by supplying the CAGC with a cover letter identifying the subpoena paragraphs which each Bates numbered document was responsive.  (Ex. 21).

- The CAGC states that there were duplicates in Respondent's April 20 production. That argument begs the question of what document production does not have duplicates?  In fact, if Respondent had not gone to great efforts to deduplicate documents, the CAGC

would have been buried in responsive, but duplicative documents. In any event, the
CAGC does not assert what prejudice, if any, was suffered as a result of seeing a
document more than once.  If anything, this highlights Respondent's due diligence to
conduct a thorough search for responsive documents across all systems and a multitude
of custodians, many of whom would have been involved in the same communications.

- The CAGC states Respondent "produced an outdated version of the Owner's Manual
  responsive to Paragraph 7 of the First Subpoena on March 31, 2021. Respondent
  produced an updated version on April 19, 2021." CAGC Motion at 25.  What's the
  point?  The CAGC acknowledges that the production deficiency was cured and, thus, did
  not result in prejudice.  This is just another example of how far the CAGC will strain to
  find even the slightest defect in what has been a massive production completed in a
  highly compressed schedule.

- The CAGC states that Respondent provided native files of investigative records only
  when the CAGC requested.  CAGC Motion at 25. Again, what's the point? There is no
  rule that we must produce in native format – as opposed to pdfs.  But where the CAGC
  requested native format, Respondent promptly provided it.  This reflects Respondent's
  continued responsiveness to the CAGC throughout the production process, as well as the
  CAGC's complete inability to establish any harm.

     **5.**    **Any Delay In Producing Responsive Documents Did Not Cause
        Prejudice to The Requesting Parties and Did Not Hamper Their
        Ability to Present Their Case.**

Aside from all its other infirmities, the Motion fails at bottom because the CAGC cannot

point to any prejudice.  It is settled Board law that the party seeking sanctions for subpoena

noncompliance "must also show prejudice to the point it affected [the moving party's] ability to

GC Exhibit 118

go to trial 'or threatened to interfere with the rightful decision of the case.'" *Queen of the Valley Medical Center*, 368 NLRB No. 116, slip op. at 43 (ALJ declined to issue sanctions where union eventually produced documents after ALJ's orders and Respondent failed to demonstrate how the missing documents prejudiced its case); *Sisters' Camelot*, 363 NLRB No. 13, slip op. at 9 (no finding of prejudice where party failed to describe "the arguments or defense that it had been unable to raise"); *CPS Chemical Co.*, 324 NLRB at 1019 (Board found no prejudice by party's failure to produce subpoenaed documents and declined drawing adverse inferences where "Respondent identifie[d] no valid point that it was unable to prove for lack of other requested documentation"). The CAGC must demonstrate harm and that harm must be material. The CAGC has not come close to doing.

The fact is that Respondent has provided the CAGC with well more than adequate documentation to prosecute this case. Indeed, if any party has hidden the ball, it is the CAGC who buried the Velasco video until Ms. Velasco let it slip on cross-examination. And in any event, it is difficult to understand how the CAGC in good faith can claim prejudice when it has been permitted to keep its case-in-chief open. Respondent did not object to this process, and the Judge so ordered.

## IV.    CONCLUSION

The CAGC is unable to meet its burden of proving subpoena noncompliance that has caused prejudice in the ability to present their case. As Judge Green has observed, merely showing up to the hearing without requested documents does not necessarily entitle the requesting parties to sanctions – "there are other factors. There are – there's willfulness. There's whether the search has been reasonable or unreasonable, whether it's in good faith or bad faith, whether there's prejudice." Ex. 22, Tr. 230. There has been no willfulness to delay producing



GC Exhibit 118

documents, the search has been reasonable and done in good faith, and there is no prejudice, let alone has not been, or could not be, cured.  Any argument to the contrary is just a ploy to detract from the facts and the merits of this case.  As the Board has recognized, "satisfying counsel's skepticism is not the standard required.  What is required is that the Employer have made a good-faith effort to comply with the subpoena and, in fact, be in substantial compliance with the subpoena, *to the extent possible*."  *Wal-Mart Stores*, 352 NLRB 815, 852 (2008) (emphasis added). That Respondent has done in spades.

For all the foregoing reasons, the CAGC's request for sanctions should be denied.


Date: May 27, 2021                          Respectfully submitted


*/s/ Christopher J. Murphy*
Christopher J. Murphy
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Phone: +1.215.963.5601
Fax: +1.215.963.5001
christopher.murphy@morganlewis.com

Nicole Buffalano
Morgan, Lewis & Bockius LLP
300 South Grand Avenue, Twenty Second Floor
Los Angeles, CA 90071-3132
Phone: +1.213.612.7443
Fax: +1.213.612.2500
nicole.buffalano@morganlewis.com

*Attorneys for Respondent*
*Amazon.com Services LLC*


GC Exhibit 118

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of Respondent's Opposition to the Counsel for the

Acting General Counsel's Motion for *Bannon Mills* Sanctions was served on May 27, 2021

via electronic mail upon the following:

> Evamaria Cox
> Counsel for the Acting General Counsel
> National Labor Relations Board, Region 29
> Two Metro Tech Center, Suite 5100
> Brooklyn, NY 11201
> Evamaria.Cox@nlrb.gov
>
> Frank Kearl
> Charging Party's Legal Representative
> Make the Road New York
> 161 Port Richmond Ave.
> Staten Island, NY 10302
> frank.kearl@maketheroadny.org

Date: May 27, 2021

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Phone: +1.202.739.5455
Fax: +1.202.739.3001
kelcey.phillips@morganlewis.com

*Attorney for Respondent*
*Amazon.com Services LLC*

GC Exhibit 118

GC Exhibit 118

# EXHIBIT 1

GC Exhibit 118

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 29**

| | |
|---|---|
| AMAZON.COM SERVICES LLC ) | |
| ) | |
| ) | |
| ) | |
| **and** ) | Case No. 29-CA-261755 |
| ) | |
| GERALD BRYSON, an Individual. ) | |
| ) | |
| ) | |

<u>**DECLARATION OF JENNIFER MOTT WILLIAMS**</u>

I, JENNIFER MOTT WILLIAMS, hereby declare as follows:

1.      My name is Jennifer Mott Williams.  I am a resident of Houston, Texas, and I am over the age of 21.

2.      I am an attorney representing the Respondent, Amazon.com Services LLC ("Amazon"), in the above-referenced matter.  I am a licensed attorney in the State of Texas who has been practicing for over twenty years.  I am an Of Counsel in the Morgan Lewis eData practice.

3.      Based upon information made available to me and my own personal experience in the matter, I have knowledge of the facts stated in this declaration.  The facts stated below are true and correct to the best of my knowledge, information, and belief.

4.      Amazon was served with the first Subpoena by the Counsel for the Acting General Counsel (CAGC) on March 1, less than 30 days before the hearing in the matter was to commence.  The Subpoena included 19 requests, but many with subparts, making the true total of the requests 30.

5.      Morgan Lewis began identifying and collecting documents responsive to the subpoena as early as March 3 by requesting Gerald Bryson and Dimitra Evans' personnel files.

GC Exhibit 118

6.      From the outset, Amazon recognized the breadth of the subpoena.  Amazon filed

a petition to revoke and attempted to narrow the scope of the subpoena.  This petition to revoke

was denied, as the ALJ has applied an extremely broad definition of relevance for discovery

purposes.  Tr. 229.

7.      To date, Amazon has collected over *4.9 million* records for processing, searching,

reviewing, and producing documents responsive to the three subpoenas served in this matter.

8.      Amazon has produced over 8,750 pages of responsive material in this single

discriminatee matter.

9.      Amazon followed the Electronic Discovery Reference Model (EDRM) process to

respond to the CAGC's subpoena request. The EDRM is a set of standards and guidelines

providing best practices for responding to requests for electronically stored information (ESI).

More information about the EDRM can be found at https://edrm.net/edrm-model/.

10.     Upon receipt of the first subpoena, Amazon and Morgan Lewis immediately

began working on responding to the requests.  To do so, Amazon and Morgan Lewis began at the

EDRM "Identify" phase, seeking to determine and locate the potential sources of information

that would be responsive to the requests.

11.     Contemporaneously, Morgan Lewis began to collect and review the significant

amount of potentially responsive material it had accumulated during the investigation phase of

this case.  These materials included the bulk of the operative materials in this case (i.e., those

relating to the April 6 incident, Amazon's investigation and the decision to terminate Bryson and

issue a written warning to Evans).  These materials were produced on March 31 and April 1.

12.     As part of the identification phase of the EDRM process, Amazon and Morgan

Lewis identified information that had been pulled in another matter that would likely have

responsive information.  On March 3, Amazon Legal contacted the Amazon eDiscovery vendor,

Consilio, regarding those documents likely to be relevant to the subpoena that had been

previously pulled for another case.

13.     The information was to be taken from the first matter and provided to Morgan

Lewis, as repurposing or "suitcasing" the data was thought to be quicker than trying to re-collect

the same information on the back end from Chimes, the email system, or other locations.

14.     Because electronic discovery is an iterative process, over the course of the

following week, Morgan Lewis and Amazon Legal continued to investigate and identify

potential data sources and custodians of relevant information.  Without waiving applicable work

product privilege, Morgan Lewis and Amazon Legal further investigated to assess the

involvement of other persons in the April 6 incident to determine a list of custodians and to

determine what other responsive information might exist.

15.     While identification efforts continued, Morgan Lewis and Amazon were working

to collect various documents.  The collection involved the actual gathering of information for

further use in the discovery process.

16.     During this initial identification and collection phase, Morgan Lewis and Amazon

quickly realized that it would not be able to produce all information requested by March 29.  The

Parties reached a tentative production timeline agreement on March 16, where the record would

be open on March 29 with the hearing to commence on May 3.  A true and correct copy of the

correspondence regarding this timeline is attached as **Exhibit A**.

17.     Consistent with paragraphs 12 and 13, above, Morgan Lewis and Amazon

requested that 28,261 documents already identified as potentially containing responsive

GC Exhibit 118

information be made available to Morgan Lewis on March 15, 2021.  A true and correct copy of the redacted correspondence with Consilio is attached as **Exhibit B**.

18.     The 28,261 documents were made available to Morgan Lewis by Consilio on March 16, 2021.

19.     During the same time, Morgan Lewis further requested that Consilio provide access to additional records that had been identified through conversations and interviews as potentially containing responsive materials.  Consilio informed Morgan Lewis that there were 1.7 million such records.

20.     Recognizing that it could not possibly review the identified 1.7 million records, and that such review would be vastly disproportional in this single discriminatee case, Morgan Lewis requested that Consilio make the documents ready for searching to narrow the number of records for review and analysis.  On March 18, Morgan Lewis provided Consilio with a list of custodians, date parameters, and search terms in an effort to locate additional electronic documents responsive to various subpoena requests. A true and correct redacted copy of the communication is attached as **Exhibit B**.  Morgan Lewis initially identified Tyler Grabowski, Bradley Campbell, Christine Hernandez, Geoff Gilbert-Differ, and in the interest of thoroughness Gerald Bryson and Dimitra Evans, as custodians.  The documents "hit" by a search term (meaning those documents that contained the search term or phrase), along with any attachments or family members to those documents, were made available to Morgan Lewis on March 26, 2021.

21.     At that time, Morgan Lewis conferred with the CAGC regarding the CAGC's proposed production schedule.  The schedule called for the production of documents in response to the first subpoena paragraphs 1, 7, and 8 (organizational charts, rules, documents showing

GC Exhibit 118

distribution of rules) on April 5; documents responsive to the first subpoena paragraphs 16, 17, and 18 (disciplinary documents) on April 19; and documents responsive to the first subpoena paragraph 19 (internal communications related to Bryson) on April 26.  Tr. 12–13.

22.     As the review continued, Morgan Lewis identified potential additional custodians of relevant information, including Maciej Curlej, Frank Lugo, Shaianna Donaldson, Kaydee Bertone, and Christopher Urso.  Morgan Lewis requested that Consilio pull the relevant documents, emails, and chimes for these individuals on March 26, 2021.   Consilio made these additional custodial documents available on April 5, 2021.

23.     Morgan Lewis continued to try to negotiate with the CAGC regarding the scope of the subpoena.  Morgan Lewis agreed to produce documents responsive to the first subpoena paragraphs 1 and 7-15 on April 5.  A true and correct copy of the correspondence is attached as **Exhibit C**.

24.     On March 28, The CAGC rejected the April 5 proposed production date, and the parties agreed that Amazon would make the first production by the end of the day on March 31. A true and correct copy of the email exchange is attached as **Exhibit C**.

25.     During the March 29 hearing, Judge Green directed Amazon to produce documents responsive to the first subpoena paragraphs 9 – 15 "in a couple of days."  Tr. 15.

26.     On March 31, Amazon produced documents (AMZ-BRY000001 - AMZ-BRY000165) responsive to the first subpoena paragraphs 1, 8, 9, and 11.  A true and correct copy of correspondence regarding the production is attached as **Exhibit D**.  This production was in advance of the April 5 production schedule and within the "couple of days" Judge Green directed.

27.     That same day, Amazon also communicated to the CAGC that more than 13,000 disciplines had been issued at JFK8 during the subpoena time period.  A true and correct copy of this communication is attached as **Exhibit E**.

28.     On April 1, still within the "couple of days" directed by Judge Green, Amazon produced documents responsive to the first subpoena paragraphs 10, 12, 13, 14 and 15 (AMZ-BRY000166 - AMZ-BRY000187).  A true and correct copy of the correspondence regarding the production is attached as **Exhibit D**.

29.     On April 5, the CAGC identified two other facilities from which the Judge would permit it to seek responsive disciplines from.   A true and correct copy of the request is attached as **Exhibit C**.

30.     As with other ESI, Morgan Lewis and Amazon followed the EDRM in producing disciplinary records from these two facilities.  First, Morgan Lewis worked with Amazon business personnel to identify where relevant information would be housed.

31.     Moving past identification to the collection phase of the EDRM, Morgan Lewis worked with Tyler Grabowski and Amazon personnel to pull spreadsheets of disciplines issued at EWR4, DBL3, and JFK8.

32.     Morgan Lewis worked with these same personnel to pull personnel file information responsive to the subpoena.  Morgan Lewis would then review these records as more fully discussed below in paragraph 35.

33.     The parties conferred on how to proceed given the sheer volume of collected documents. Morgan Lewis requested that the CAGC propose a set of search terms for JFK8 disciplines.  A true and correct copy of the correspondence with the CAGC is attached as **Exhibit F**.  Amazon also requested that the CAGC propose search terms for Request 19.  *See **id***.

GC Exhibit 118

34.     Morgan Lewis agreed to run the searches for Request 16 that were listed in the subpoena.  A true and correct copy of the correspondence with the CAGC is attached as **Exhibit F**.

35.     The CAGC refused to provide search terms for responses to Requests 17 and 19. At the Hearing on March 29, Judge Green stated on the record that the CAGC should come up with search terms for the disciplines to best target the Charging Party's protected concerted activity.  Tr. 34–35.   On April 1, the CAGC provided a proposed list of search terms for Requests 17 and 19.

36.     Following the search Morgan Lewis ran using the CAGC's search terms for Requests 17, which it disclosed to the CAGC on April 14, Morgan Lewis reviewed the information for responsiveness and privilege, redacting information as it believed necessary.

37.     At the same time, Lynn Foley Jefferson, a Morgan Lewis paralegal with access to Amazon's OnBase database, had collected personnel files for various employees at JFK8 and made the first set available to counsel for review on April 3, more than a month prior to the commencement of the testimonial portion of the hearing.

38.     Following Morgan Lewis' review, Amazon produced the spreadsheet of disciplines at JFK8 (AMZ-BRY000198 – AMZ-BRY000213) responsive to the first subpoena paragraph 16 on April 7; the redacted spreadsheet of disciplines at EWR4 and BDL3 (AMZ-BRY000216 – AMZ-BRY000327) responsive to the first subpoena paragraph 16 and at JFK8 (AMZ-BRY000328 – AMZ-BRY000415) responsive to the first subpoena paragraph 17 on April 15; and the personnel files for JFK8 employees who received disciplines for "cursing, abusive, profane, harassing or vulgar language" on April 16 (AMZ-BRY000416 – AMZ-BRY001307).

GC Exhibit 118

True and correct copies of the correspondence regarding these productions are attached as **Exhibits G; H; I**.

39.     Morgan Lewis continued to keep the CAGC apprised of its progress.  The CAGC informed Morgan Lewis on April 15 that it was seeking the individual disciplinary forms for all 1,593 disciplines identified in the spreadsheet responsive to the first subpoena paragraph 17.  The next day, Morgan Lewis explained to the CAGC the length of time that would be required to pull 1,593 disciplines.  A true and correct copy of this correspondence is attached at **Exhibit J**.

40.     Amazon also produced the 2019 Owner's Manual (AMZ-BRY000216 - AMZ-BRY000243) in response to CAGC's first subpoena paragraph 7 on April 15.  A true and correct copy of the correspondence regarding the production is attached as **Exhibit H**.

41.     As a result of the iterative discovery process, Morgan Lewis and Amazon continued to identify additional custodians.  Morgan Lewis requested that Consilio pull information for Sai Kotha, Marc Zachary, Linda Prisciandaro, Chris Perez, Tom Cassel on April 8.

42.     During this same timeframe, Morgan Lewis and Amazon continued to review and produce comparator information.  Morgan Lewis and Amazon identified an Excel spreadsheet of comparators created by Amazon personnel at the time of the underlying incidents that Bradley Campbell had reviewed when making his disciplinary recommendations for both Charging Party and his victim, Dimitra Evans.

43.     Morgan Lewis reviewed the comparator spreadsheet.  This spreadsheet, which was responsive to paragraphs 12 and 13 of the CAGC's first subpoena, was produced on April 5 as AMZ-BRY000188 – AMZ-BRY000197.  The CAGC complained about the legibility of the document, and Amazon cured the production issue that same day.  True and correct copies of the

GC Exhibit 118

transmittal correspondence, the CAGC complaint, and the correspondence addressing the complaint are attached as **Exhibit K**.

44.     Also during the timeframe, based upon review of the documents received to date, Morgan Lewis anticipated potential future requests and requested the pull of investigatory files. As anticipated, the CAGC did request additional personnel and investigatory files on April 6 and 9. A true and correct copy of the April 6 and 9 requests are attached as **Exhibits K; L**.

45.     Consistent with Paragraphs 37 and 38 above, Ms. Foley Jefferson pulled the first personnel files responsive to Request 16 and made them available on April 3. Ms. Foley Jefferson continued to pull personnel files and provide them on a rolling basis.

46.     Tyler Grabowski, a Senior Human Resources Business Partner at Amazon, began collecting investigative documents from OnBase on April 12 and Ms. Foley Jefferson pulled additional investigative documents from EXACT on April 15.

47.     The CAGC also raised questions regarding what it perceived as "deficiencies" with prior production sets.  Morgan Lewis and the CAGC conferred on the issues on April 12.

48.     That same day, Amazon re-produced AMZ-BRY000172 – AMZ-BRY000178, AMZ-BRY000182 – AMZ-BRY000184 in native format.  It also produced an updated organizational chart dated as of April 7, 2020 (AMZ-BRY000214 – AMZ-BRY000215).  True and correct copies of correspondence regarding the productions are attached as **Exhibits M; N**.

49.     Morgan Lewis continued to confer with the CAGC regarding perceived "deficiencies," referenced above in Paragraph 47.  Morgan Lewis also explained that the production of disciplines responsive to paragraph 17 of the CAGC's first subpoena would take some time to pull.  A true and correct copy of the correspondence summarizing the communications and the conference regarding these deficiencies are attached as **Exhibit O; J**.

GC Exhibit 118

50.     After reviewing the CAGC's proposed custodians and search terms for Request 19 on April 1, Morgan Lewis reached out to Consilio and requested that Consilio gather the new custodians' documents and perform a preliminary search of a truncated list of the CAGC's terms be run across the custodian's data.

51.     Consilio provided Morgan Lewis with a "hit report" showing the number of documents that actually contained one or more of the keywords or phrases being searched on April 15.

52.     Morgan Lewis discussed the Request 19 hit report with the CAGC on April 16.  A true and correct copy of the communication summarizing the call is attached as **Exhibit P**.

53.     The next day following the meet and confer, Amazon agreed to add any additional search terms and custodians from the CAGC's proposed list.  On April 19, the CAGC identified the additional terms and custodians.  Morgan Lewis replied on April 20 to meet and confer regarding the "Tim Bray" search term.  A true and correct copy of the communication summarizing the call is attached as **Exhibit Q**.

54.     While this conferral process was on-going, Amazon and Morgan Lewis asked Consilio to collect information for additional custodians requested by the CAGC on April 19 so that their data could be processed, searched, and reviewed for production.   The additional documents being collected and searched were made available to Morgan Lewis on April 28 and 29.

55.     Despite its best efforts, Morgan Lewis recognized that the hearing date was soon approaching but that all Amazon documents could not be produced before this date.  Morgan Lewis communicated on April 20 that "it is becoming increasingly clear that producing all of the documents that the Counsel for the Acting General Counsel has requested before the May 3

GC Exhibit 118

hearing date – or even before the end of May – is an impossibility."  Morgan Lewis also explained the timing issues, noting that production of individual disciplinary forms would take weeks. A true and correct copy of this communication is attached as **Exhibit R**.  The CAGC simply replied that they opposed postponing the hearing.

56.     Morgan Lewis filed a motion to postpone the hearing that detailed issues related to the document production on April 22.  A true and correct copy of this motion is attached as **Exhibit S**.

57.     The CAGC refused to postpone the hearing.  Judge Green denied the motion to postpone the hearing on April 23, noting that "if the CAGC and Charging Party desire to proceed despite the Respondent's expectation that the production of subpoenaed records and resolution of production issues will not be complete my May 3, I will not stop them from doing so."  *Order on Respondent's Motion to Postpone*, p. 1.

58.     Meanwhile, Morgan Lewis kept reviewing and Amazon produced documents responsive to first subpoena paragraphs (AMZ-BRY001308 – AMZ-BRY001386) on April 20; produced videos (AMZ-BRY001387 - AMZ-BRY001388) responsive to first subpoena paragraph 15 on April 27; and produced a de-duplicated replacement spreadsheet that same day (AMZ-BRY001389).   True and correct copies of correspondence regarding the productions are attached as **Exhibits T; U**.

59.     Amazon also served its first privilege log on April 26.  A true and correct copy of the transmittal correspondence is attached as **Exhibit V**.

60.     Pursuant to the hearing on April 26, Morgan Lewis provided a copy of its communication with Consilio regarding the search process on April 27.   A true and correct copy of the transmittal correspondence is attached as **Exhibit W**.  The CAGC complained on April 28,

GC Exhibit 118

requesting the production of the communication from Ms. Volk's mailbox.  Amazon replied that

day that it showed the email was sent to a service list that included Ms. Volk.  **_Id._**   Nevertheless,

Amazon obtained a copy and produced a duplicative copy from Ms. Volk's mailbox on May 2.

**_Id._**

61.     Morgan Lewis also requested that the CAGC meet and confer on April 26 to

discuss the production process.  The parties agreed that the CAGC would provide "priorities" for

the production.  A true and correct copy of the correspondence is attached as **Exhibit X**.

62.     The first list of priorities for the production were provided by the CAGC on April

27.  **_Id._** Specifically, the CAGC requested that the disciplinary documents for EWR4 and BDL3

be prioritized.

63.     While numerous attorneys were reviewing the corpus of remaining documents for

responsiveness, Morgan Lewis and Amazon immediately switched their process and focused on

the production of the priority documents.  Morgan Lewis attorneys reviewed these prioritized

documents for responsiveness, privilege, and personal identifying information ("PII").

64.     Amazon produced personnel files containing the disciplinary documents the next

few days: AMZ-BRY001390 - AMZ-BRY001469 on April 30; AMZ-BRY001470 – AMZ-

BRY001922 and AMZ-BRY001929 – AMZ-BRY002609 on May 1; AMZ-BRY002610 - AMZ-

BRY003687 on May 2; AMZ-BRY003688 - AMZ-BRY004063 on May 3; two productions

AMZ-BRY004064 - AMZ-BRY005413 and AMZ-BRY005414 - AMZ-BRY005525 on May 4;

AMZ-BRY005581 - AMZ-BRY006592 on May 5.  True and correct copies of the transmittal

correspondence are attached as **Exhibits Y; Z; AA; AB; AC**.

GC Exhibit 118

65.     Morgan Lewis also informed the CAGC on May 2 that employees who receive a verbal coaching do not have corresponding disciplinary forms.  A true and correct copy of this correspondence is attached as **Exhibit AD**.

66.     On May 3, Morgan Lewis confirmed that production of responsive documents for Subpoena Requests 1, 7-11, 12, 13, and 14 had been completed, and, while some documents had already been produced responsive to the requests, document review for paragraphs 15 – 19 of the CAGC's first subpoena was still on-going.  Morgan Lewis further requested that the CAGC provide a priority listing for its Second Subpoena, served on April 19, confirmed the second subpoena paragraphs that overlap with the first subpoena, and confirmed the "low-hanging fruit" second subpoena paragraphs, for which documents could be produced in short order.   A true and correct copy of this communication is attached as **Exhibit AE**.

67.     On May 4, the CAGC requested additional investigatory documents be pulled responsive to Paragraph 18 of the second subpoena and asked that Morgan Lewis prioritize that request.  A true and correct copy of the request is attached as **Exhibit AF**. Similarly, Morgan Lewis shifted gears to focus on the priority items.

68.     Amazon produced more documents on May 4 (AMZ-BRY005526 - AMZ-BRY005580), including job locations, job descriptions, and appeals documents.  True and correct copies of the transmittal correspondence are attached as **Exhibit AB**.

69.     Amazon produced additional investigative files (AMZ-BRY006593 - AMZ-BRY006842) on May 7; May 8 (AMZ-BRY006916 - AMZ-BRY007721); and May 9 (AMZ-BRY007746 - AMZ-BRY007971).  True and correct copies of the correspondence regarding these productions are attached as **Exhibits AG; AH; AI**.

GC Exhibit 118

70.     Amazon also produced the WIM Guide (AMZ-BRY006843 - AMZ-BRY006915) on May 7 and WIM Reports on May 8 (AMZ-BRY007722- AMZ-BRY007745.  True and correct copies of the correspondence regarding these productions are attached as **Exhibits AG; AH**.

71.     On May 7, Amazon informed the CAGC that there were no documents responsive to paragraphs 8 and 16 of the second subpoena.  A true and correct copy of the correspondence is attached as **Exhibit AJ**.

72.     By May 9, Amazon produced the Curlej badge swipe data (AMZ-BRY007972). A true and correct copy of the correspondence regarding the production is attached as **Exhibit AI**.

73.     The prioritized documents were produced by May 9.

74.     Following the production of the prioritized documents, Morgan Lewis attorneys were able to finalize the review of the remaining ESI collected for review and potential production.

75.     Amazon produced various ESI on May 12 (AMZ-BRY007973 - AMZ-BRY008092); May 13 (AMZ-BRY008093 - AMZ-BRY008097); and May 14 (AMZ-BRY008098 - AMZ-BRY008184, as well as additional documents in response to the Charging Party's subpoena (AMZ-BRY008185 – AMZ-BRY008201).  True and correct copies of the various correspondence regarding the productions are attached as **Exhibits AK; AL; AM**.

76.     Amazon also produced an unredacted WIM Guide (AMZ-BRY006843 – AMZ-BRY006915) as directed by Judge Green on May 11.  A true and correct copy of the transmittal is attached as **Exhibit AN**.

GC Exhibit 118

77.     On May 21, Amazon produced additional documents in response to the first CAGC subpoena (AMZ-BRY008202 – AMZ-BRY008217) and additional documents in response to the Charging Party's subpoena (AMZ-BRY008218 – AMZ-BRY008752).  True and correct copies of the correspondence regarding the productions are attached as **Exhibit AO.**

78.     Morgan Lewis, Amazon, and Consilio have expended quite a bit of time in identifying, collecting, processing and searching, reviewing, and producing documents in this matter.  In addition to any time spent by Amazon personnel or Consilio, and not taking into account any legal time spent by Morgan Lewis on interviewing and identifying potential data sources, Morgan Lewis attorneys expended over 1,700 hours just to review documents in this case for production.

I declare under the penalty and perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on May 27, 2021

Jennifer Mott Williams

GC Exhibit 118

**Archived:** Wednesday, May 19, 2021 7:47:06 PM
**From:** Murphy, Christopher J.
**Mail received time:** Tue, 16 Mar 2021 15:29:33
**Sent:** Tue, 16 Mar 2021 15:29:32
**To:** Green, Benjamin
**Cc:** Jackson, Matthew   Sears, Ryan T   Phillips, Kelcey J.   Buffalano, Nicole   Cox, Evamaria
**Subject:** RE: GC Opposition to Respondent's Petition to Partially Revoke Subpoena DT, in Amazon, 29-CA-261755
**Importance:** Normal
**Sensitivity:** None

---

Dear Judge Green:

While we expect that will speak with you sometime this Thursday (as per Ms. Buffalano's email below), we wanted to respond to Ms. Cox's email of earlier today.

First, we disagree with Ms. Cox that "there are no subpoena related issues to discuss with" you. Those issues are set out in the Employer's petition to revoke and the CAGC's opposition thereto.

Second, we suggested to Ms. Cox that a resolution of the subpoena issues could be delayed until March 29, as we have been, and continue to be, willing to seek to resolve those issues through discussion with the CAGC. We made that suggestion based on our expectation that further discussions with the CAGC could result in an agreement on some or all of the subpoena issues. We still think that approach make sense, but that timing issue is clearly in Your Honor's hands.

Third, we are amenable to scheduling process suggested by the CAGC -- opening the record on March 29, 2021 for the production of documents not at issue and agreeing to a rolling production schedule to commence thereafter. In this regard, the Employer is willing to agree to commence the hearing on May 3, 2021, as suggested by CAGC.

We look forward to speaking with you and counsel on Thursday. Thank you.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



---

**From:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>
**Sent:** Tuesday, March 16, 2021 1:42 PM
**To:** Green, Benjamin <Benjamin.Green@nlrb.gov>; Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Sears, Ryan T <ryan.sears@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Subject:** RE: GC Opposition to Respondent's Petition to Partially Revoke Subpoena DT, in Amazon, 29-CA-261755

Judge Green,

Counsel for Respondent is available on Thursday, March 18 between 1 and 5 p.m. ET.

EXHIBIT A

GC Exhibit 118

Thank you,

**Nicole Buffalano**
**Morgan, Lewis & Bockius LLP**
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132
Direct: +1.213.612.7443 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 | Mobile: +1.240.350.8208
nicole.buffalano@morganlewis.com | www.morganlewis.com
Assistant: Lois J. Han | +1.213.612.7407 | lois.han@morganlewis.com



---

**From:** Green, Benjamin <Benjamin.Green@nlrb.gov>
**Sent:** Tuesday, March 16, 2021 7:42 AM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Sears, Ryan T <ryan.sears@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Subject:** RE: GC Opposition to Respondent's Petition to Partially Revoke Subpoena DT, in Amazon, 29-CA-261755

[EXTERNAL EMAIL]
Counsel,

I would like to schedule a conference call this week.  Please email me your availability March 17-19.

Thank you,
Benjamin W. Green
NLRB-ALJ
New York Division of Judges

---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Tuesday, March 16, 2021 10:38 AM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Green, Benjamin <Benjamin.Green@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Sears, Ryan T <ryan.sears@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Subject:** RE: GC Opposition to Respondent's Petition to Partially Revoke Subpoena DT, in Amazon, 29-CA-261755

Good morning Judge Green and Counsel,

Based on my conversation with Mr. Murphy yesterday, I anticipate that Respondent will request that you withhold your ruling on Respondent's petition to Revoke.  The CAGC will not agree to your withholding your ruling as it would result in delays if the parties cannot reach agreement on certain subpoena paragraphs.  Therefore, from CAGC's point of view, there are no subpoena related issues to discuss with the ALJ. Instead, the parties can continue to discuss a document production schedule and narrowing production subject to Respondent producing evidence and proposals on certain subpoena paragraphs.

The CAGC and Respondent discussed opening the record on March 29, 2021 for the production of documents that are not at issue it the petition to revoke and agree to a rolling production schedule to commence sometime after March 29 in order to afford Respondent time to produce/review the documents at issue in the petition to revoke.  CAGC is willing to agree to commence the hearing on May 3, 2021 subject to agreement on document production and the availability of the Charging Party.  Should you want to discuss the hearing schedule, please let us know.  Thank you.

Very truly yours,

EXHIBIT A



**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS
This communication may contain Privacy Act Data/Sensitive Data w hich is intended only for the use of the individual to w hich it is addressed. It may contain information that is privileged, confidential or otherw ise protected from disclosure under applicable law . If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Monday, March 15, 2021 6:24 PM
**To:** Green, Benjamin <Benjamin.Green@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Sears, Ryan T <ryan.sears@morganlewis.com>; Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Subject:** RE: GC Opposition to Respondent's Petition to Partially Revoke Subpoena DT, in Amazon, 29-CA-261755


Dear Judge Green:

We received Counsel for the Acting General Counsel's Opposition to the Employer's Petition to Revoke the two subpoenas served in the above-referenced matter.  Assuming that the matter has been referred to you, we respectfully request that you schedule a conference so we can be heard on the issues presented.  We are available at your convenience.


Thank you.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com

---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Monday, March 15, 2021 2:43 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Sears, Ryan T <ryan.sears@morganlewis.com>
**Subject:** GC Opposition to Respondent's Petition to Partially Revoke Subpoena DT, in Amazon, 29-CA-261755

[EXTERNAL EMAIL]
Good afternoon Counsel,

GC Exhibit 118

Attached please find GC's Opposition to Respondent's Petition to Partially Revoke the Subpoena Duces Tecum that was just e-filed in connection with the above referenced matter.

Thank you.

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data w hich is intended only for the use of the individual to w hich it is addressed. It may contain information that is privileged, confidential or otherw ise protected from disclosure under applicable law . If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

EXHIBIT A

GC Exhibit 118

**Hillary Volk**

| | |
|---|---|
| **From:** | Phillips, Kelcey J. <kelcey.phillips@morganlewis.com> |
| **Sent:** | Thursday, March 18, 2021 5:21 AM |
| **To:** | Tim Taylor; Foley-Jefferson, Lynn A.; follynn@amazon.com |
| **Cc:** | AMZNGenlit; Smith, Dylan J. |
| **Subject:** | Redacted - Work Product |

CAUTION: This email originated from outside your organization. Exercise caution when opening attachments or clicking links, especially from unknown senders.

Tim,

# Redacted - Work Product

**Custodians**
Tyler Grabowski
Bradley Campbell
Christine Hernandez
Geoff Gilbert-Differ
Gerald Bryson
Dimitra Evans

**Search 1: General Fact-Gathering Search**

Time Period: March 20, 2020 – April 20, 2020

Searches:

- Bryson or Gerry or Jerry or Gerald Bryson or gbbryso or "11534134"
- Dimitra or Demi or Dimitra Evans or edimitra or "11975067"

**Search 2: Responsive to Subpoena Search**

Time Period: May 1, 2019 – April 30, 2020

Searches:

- (Bryson or Gerald or Gerry or Jerry) /25 (protest! or strike or COVID or COVID-19)
  ("11534134" or gbbryso) /25 (protest! or strike or COVID or COVID-19)

- (Bryson or Gerald or Gerry or Jerry) /25 (disciplin! or suspension or terminat! or investigation)
  ("11534134" or gbbryso) /25 (disciplin! or suspension or terminat! or investigation)

- (Bryson or Gerald or Gerry or Jerry) /25 (witness or interview! or retaliat! or statement)
  ("11534134" or gbbryso) /25 (witness or interview! or retaliat! or statement)

1

EXHIBIT B



GC Exhibit 118

- (Bryson or Gerald or Gerry or Jerry) /25 (bitch or drugs or cunt or nigger)
  ("11534134" or gbbryso) /25 (bitch or drugs or cunt or nigger)

- (Dimitra or Demi or Evans) /25 (disciplin! or warning or investigat!)
  ("11975067" or edimitra) /25 (disciplin! or warning or investigat!)

- (Dimitra or Demi or Evans) /25 (witness or interview! or retaliat! or statement)
  ("11975067" or edimitra) /25 (witness or interview! or retaliat! or statement)

- (Dimitra or Demi or Evans) /25 (protest! or strike or COVID or COVID-19)
  ("11975067" or edimitra) /25 (protest! or strike or COVID or COVID-19)

- (Dimitra or Demi or Evans) /25 (bitch or drugs or cunt or nigger)
  ("11975067" or edimitra) /25 (bitch or drugs or cunt or nigger)

- investigat! /25 (disciplin! or "Standard of Conduct" or polic!)

# Redacted - Work Product

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com

2

EXHIBIT B

GC Exhibit 118

Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members

# Redacted - Work Product

EXHIBIT B

GC Exhibit 118

# Redacted - Work Product

EXHIBIT B



GG-Exhibit 118

Redacted - Work Product

EXHIBIT B

Redacted - Work Product

EXHIBIT B

Redacted - Work Product

EXHIBIT B

Redacted - Work Product

EXHIBIT B

Redacted - Work Product

EXHIBIT B

GC Exhibit 118

Redacted - Work Product

EXHIBIT B

GC Exhibit 118

Redacted - Work Product

EXHIBIT B

GC Exhibit 118

**From:** Foley-Jefferson, Lynn <follynn@amazon.com>
**Sent:** Monday, March 15, 2021 11:30 AM
**To:** Tim Taylor <timothy.taylor@consilio.com>; Rawson, Sara <srawson@amazon.com>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Murphy, Christopher J.
<christopher.murphy@morganlewis.com>; AMZNGenlit <amzngenlit@consilio.com>; Phillips, Kelcey J.
<kelcey.phillips@morganlewis.com>; Smith, Dylan J. <dylan.smith@morganlewis.com>
**Subject:** Redacted - Work Product

[EXTERNAL EMAIL]
Tim,

The numbers are very helpful!! We would like to move forward and escalate the transfer of the highlighted

# Redacted - Work Product

Best,
Lynn


**Lynn Foley Jefferson**
Paralegal, Labor & Employment Law Group
**e:** follynn@amazon.com
**p: +1.215.963.5115**
**c: +1.856.938.4518**


**Work Hard. Have Fun. Make History**

---

**From:** Tim Taylor <timothy.taylor@consilio.com>
**Sent:** Monday, March 15, 2021 11:12 AM
**To:** Foley-Jefferson, Lynn <follynn@amazon.com>; Rawson, Sara <srawson@amazon.com>; Smith, Dylan J.
<dylan.smith@morganlewis.com>; LaRosa, Kristin <klarosa@amazon.com>; Smith, Dylan J.
<dylan.smith@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Murphy, Christopher J.
<christopher.murphy@morganlewis.com>; AMZNGenlit <amzngenlit@consilio.com>
**Subject:** Redacted - Work Product

> **CAUTION**: This email originated from outside of the organization. Do not click links or open attachments unless you can confirm the sender and know the content is safe.

Lynn,

# Redacted - Work Product

Of those 28,261 documents were promoted to the review population.

EXHIBIT B

GC Exhibit 118

Redacted - Work Product

*Tim Taylor* / **_Consilio_**
Project Manager
**T** +1.971.3474611
**e** Timothy.Taylor@consilio.com



**_Upcoming Maintenance Schedules >_**

Redacted - Work Product

EXHIBIT B

GC Exhibit 118

Redacted - Work Product

EXHIBIT B

GC Exhibit 118

Redacted - Work Product

EXHIBIT B

GC Exhibit 118

Redacted - Work Product

EXHIBIT B

Redacted - Work Product

EXHIBIT B

Redacted - Work Product

EXHIBIT B

Redacted - Work Product

EXHIBIT B



GC Exhibit 118

Redacted - Work Product

NOTICE:  This communication may contain privileged or other confidential information.  If you are not the intended recipient, or believe that you have received this communication in error, please do not print, copy, transmit, disseminate, or otherwise use the information.  Also, please indicate to the sender that you have received this email in error, and delete the copy you received.  Thank you.

CONFIDENTIAL: This email message and any attachments may contain confidential and/or privileged information that is protected from disclosure under applicable law. If it has been sent to you in error, please reply to advise the sender of the error and then promptly delete all copies of this message. Before opening attachments please check them for viruses and defects. While Consilio has put in place checks to minimize the risks, Consilio will not be responsible for any viruses or defects or any forwarded attachments emanating either from within Consilio or outside. Please note that e-mails are susceptible to change and Consilio shall not be liable for any improper, untimely or incomplete transmission. Privacy Policy

EXHIBIT B

GC Exhibit 118

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

EXHIBIT B

# GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Murphy, Christopher J. |
| **Sent:** | Monday, April 5, 2021 8:50 PM |
| **To:** | Cox, Evamaria; Farmer, Tammy L.; Gaston, David |
| **Cc:** | Jackson, Matthew; Phillips, Kelcey J.; Buffalano, Nicole; Bagley, Claire E. |
| **Subject:** | RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon) |

Eva:

Unfortunately, due to the press of other matters, I won't be able to respond to your email today.  I will try to respond by the end of the day tomorrow.

*Chris*

**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Monday, April 5, 2021 12:56 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Bagley, Claire E. <claire.bagley@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

[EXTERNAL EMAIL]
Good afternoon Chris,

I've responded in **purple.**  Again, please do not remove David Gaston and Tammy Farmer from our communications.

Thank you,
Evamaria Cox

---

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Monday, April 5, 2021 7:40 AM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Bagley, Claire E. <claire.bagley@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

Eva:

EXHIBIT C



GC Exhibit 118

Keeping with the in-line exchange, our responses are in <span style="color:green">green</span>.

*Chris*

**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Thursday, April 1, 2021 1:47 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Gaston, David <David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Bagley, Claire E. <claire.bagley@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

[EXTERNAL EMAIL]
Good afternoon Chris,

Thank you for your attached response.  I've copied and pasted your response below.  My response is in <span style="color:red">red.</span>

In addition, please cease from removing David Gaston or Tammy Farmer from our communications.

Per the ALJ's direction please:

1)   Provide your availability for to consult with Amazon's technology Counsel (or the equivalent) for this week.  As I've previously stated, we are available tomorrow (3/30) in the afternoon, and all day on Wednesday (3/24) and Thursday (3/25) to discuss search terms for Paragraph 19. GC will be prepared to suggest some search terms for paragraph 19 on that call.  <span style="color:blue">We are not available today or tomorrow.  You must have offered the other dates in error, please clarify.  Substantively, we don't believe the ALJ directed us to have "Amazon's technology Counsel (or the equivalent)" on any call we may have.  While we are not opposed to making counsel (or the equivalent) available, we suggest that you first simply provide search terms for consideration to help facilitate a more productive conversation between the parties.  As the Judge said, you must have some idea about what you are looking for.  Please let us know what that is.</span>

<span style="color:red">My apologies, I inserted the wrong dates into my email.  Nevertheless, Respondent knew that the ALJ directed us to confer this week regarding search terms.  I will send a list of proposed search terms under separate cover by close of business today.  Please make Amazon Technology Counsel available for the call next week.  **Provide us by close of business tomorrow (4/2) with three date/time options for a call next week starting April 5, 2021.**</span>

<span style="color:green">First, you need to stop setting arbitrary, unilateral deadlines.  Second, by the end of the day on Monday, 4/5/21, we expect to have produced all the responsive documents identified to date for subpoena paragraphs 1 and 7-15, in accordance with our statements on the record and your original timeline.  We received your paragraphs 17 and 19 proposed search terms at about 6:15 pm on Thursday, 4/1/21.  We are reviewing them and, if we have any questions or</span>

EXHIBIT C

GC Exhibit 118

concerns, we'll reach out to you.  At that time, we will consider whether a call with "Amazon Technology Counsel" is appropriate.  Given that the next production target is Monday, 4/19/21, we think we are on target.

**GC never agreed to producing a search term proposal in lieu of a telephone call nor was a telephone call contingent on the GC producing a proposal.  Provide us by close of business today (4/5) with three date/time options for a call this week.  Our technology counsel will be present.  In order for this call to be productive, I highly recommend Amazon's technology counsel or equivalent be present as well.**
**As for the 4/19/21 production date, please identify the subpoena paragraph(s) for which responsive documents will be produced on that date.  (i.e. Paragraphs 17/18 and 19, or Paragraphs 16, 17/18, and 19?)**
**With regard to the "arbitrary" and "unilateral" deadlines, I am willing to negotiate dates.  Please let me know by which dates you will be able to provide a substantive response for the information we are seeking.**

2)  Please provide the actual total number of disciplines issued to employees, for any reason at all, at JFK8 from May 1, 2019 through April 30, 2020 by close of business on Wednesday (3/31).  We will provide this by the end of the day on 3/31/21.

I am in receipt of your 3/31 email stating that there are 13,101 "disciplines" issued from May 1, 2019 through April 30, 2020 but that the relevant disciples for "cursing, abusive, profane, harassing, or vulgar language" will be "relatively small." Please provide the number of the relevant disciplines for paragraph 16 **by close of business tomorrow (4/2).**

Regarding unilateral, arbitrary deadlines, see above.  Regarding the number of relevant disciplines, we will provide a specific number when our review/analysis is complete.  We will provide this information on a rolling basis.

**When will your review/analysis be complete?  This number of "relevant disciplines" will help inform our decision regarding disciplines from the other two facilities.  Regarding the "unilateral, arbitrary deadlines" see above.**

3)  Please ask Regional Loss Prevention Manager Geoff Gilbert-Differ which facilities fall under his Regional management.  Below are facilities within 100 miles of JFK8.  Please advise whether any of the facilities set out below fall within Mr. Gilbert-Differ's Regional management.  We're not sure that this item falls within the scope of any open subpoena issue or within any of the instructions the ALJ gave.  Our recollection is that the ALJ asked you to identify two facilities *in lieu of* the two facilities (identified below) in JFK8's region.  We would ask that you identify those two facilities.

The ALJ instructed Respondent to find out the facilities within the region of  Loss Prevention manager Gilbert-Differ, and then General Counsel can determine which 2 other facilities (aside from JFK8) from which we want disciplines produced.  Below please find an excerpt from the transcript on this point.  Please let us know **by close of business today (4/1)** whether you intend to comply with the ALJ's direction.

At the time of the events at issue in the amended complaint, Regional Loss Prevention Manager Geoff Gilbert-Differ supported the following facilities: BDL3, BWI2, CLT4, DCA1, EWR4, JFK8, and RDU1 (pre-launch).  Please let us know which two facilities in addition to JFK8 you want to pick for production purposes.

**Thank you.  We are seeking JFK8, EWR4, and BDL3.**

EXHIBIT C

GC Exhibit 118

4) Per your representation the ALJ, provide 1, 7-15 by close of business on Wednesday (3/31). To clarify your representation (email below) that you will provide Org charts for 2020, please note that the subpoena requests Org charts from May 1, 2019 through April 30, 2020. Please do not forget to include the 2019 Org charts. We will provide documents responsive to paragraphs 1 and 7-15 by the end of the day on 3/31/21. Regarding the org chart, the ALJ suggested that production of that information in effect during the relevant period might be sufficient. Consequently, we will produce a document showing JFK8's reporting structure at the time of the events at issue. We can discuss the production of additional information, if you deem that necessary.

Please refer back to page 3 of the ALJ's Order dated March 24, 2021. Specifically, with respect to number 1, the ALJ found that "the temporal scope [May 1, 2019 through April 30, 2020] of the request is appropriate" and the ALJ "den[id] Respondent's petition to revoke on subpoena request number 1. Please produce the Org Charts for 2019 **by no later than April 5, 2021,** as agreed.

The ALJ did not suggest that production of that information in effect during the "relevant period" might be sufficient. Referring to documents "that show any changes to the reporting protocols and chain of command" the ALJ's order states, "[f]urther, as discussed by the parties in a conference call, the CGC may find it sufficient for the Respondent to produce, **without more**, an organizational chart or charts in effect during the relevant period." The "relevant time period" here, refers to May 1, 2019 through April 30, 2020 (temporal scope).

The org chart in effect at the time of the events at issue has more than 100 positions listed; we produced this on 3/31/21. Based on the call in which the petition to revoke was discussed, we interpreted, and continue to interpret, the Judge's use of the term "relevant period" in his 3/24/21 Order to refer to the *time of the events at issue*, not the period covered by the subpoena. We would consider producing org charts for the 11 months prior to the events at issue if you can explain the relevance of any such document to any issue in dispute. Alternatively, you could simply identify the positions you are actually interested in and we would consider such a narrowed request. We find it hard to believe that you have any legitimate interest in how Respondent's front line supervisory staff may have changed, or why they changed, in the 11-month period before the events at issue.

Please specify the exact time period that you are referring to as the "time of the events at issue." The Org charts that were produced on March 31 do not specify the time period that they cover. Please specify what time period these Org charts cover. I will address the other deficiencies in the production thus far under separate cover.
Your interpretation is incorrect. The relevancy of these documents have already been determined by the ALJ in page 3 of his Order. I would like to avoid having to involve the ALJ on this issue. Please reconsider your position and produce these documents without further delay.
Please let us know by <u>end of business today (4/5)</u> whether you will comply with the ALJ's Order.

5) GC agrees to the production of Paragraphs 16-18 before the production of Paragraph 19. As mentioned below, please begin to produce the types of disciplines set out in Paragraph 16. GC agrees to review those disciplines, and will advise which personnel file(s) underlying those disciplines should be produced, if any. Please let us know when production on paragraph 16 will begin and propose a target end date for the production of disciplines responsive to Paragraph 16. The ALJ directed that this production initially be limited to JFK8. Using your search terms (i.e., the conduct described in paragraph 16), we will identify responsive disciplines and produce

EXHIBIT C

GC Exhibit 118

the related discipline notices (we're using that term descriptively and not as a term of art).  As the ALJ indicated on the record, he expects that production will be made on a rolling basis and that is what we will do for these documents.

On Monday, March 29, the ALJ explicitly stated that Respondent would review the documents on a "rolling basis" and that he expected documents would be produced on a "weekly basis"  Below please find an excerpt from the transcript on this point.  Please note that the review of documents on a "rolling basis" does not mean that Respondent is permitted to produce documents on uncertain dates.  Please propose dates for the production of these documents **by close of business today (4/1).**

We disagree with your interpretation and approach.  Production on a "rolling basis" means exactly that and we will produce documents in that manner.  Consistent with that understanding, we expect that production will occur on a weekly basis.

**In response to this issue, you've said documents will be produced on a "weekly basis."  Above you've stated that unspecified documents will be produced on 4/19/21.  Should the GC expect documents this week?  It's unclear.  Please specify on which week production will begin and identify the subpoena paragraph(s) for which documents will be produced.**
**GC cannot monitor production, or decide if we will require disciplines from the two other facilities, if we have no clear schedule of what will be produced on what date.  The dates are the only way to monitor production.  I am reiterating my request for Respondent to propose dates for production.  I would like to avoid involving the ALJ on this issue.  Please propose production dates by <u>end of business today (4/5).</u>**

6) Per the ALJ's direction and your representation in the email below, please provide the addresses and the codes for the unidentified Connecticut facilities that fall within the JFK8 Region.  BDL2, 200 Old Iron Ore Rd, Windsor, CT 06095; BDL3, 409 Washington Avenue. North Haven, CT 6473.  Thank you.  You are welcome.

## <u>RE: GILBERT-DIFFER (at Page 32)</u>

EXHIBIT C

GC Exhibit 118

2        JUDGE GREEN:  Okay.  And probably there'

3    resources management manager or manager team

4    responsibility for JFK8.  We could probably i

5    is.  It might be this person who sent this en

6    discussing.  And then we asked that person, y

7    have jurisdiction for any other facilities?

8    Connecticut; three are in New Jersey.  Okay.

9    those.  It shouldn't be that hard.

10        MR. MURPHY:  It's not, Your Honor.  And

11    that conversation with Ms. Cox.

**RE: DOC PRODUCTION (at Page 12)**

EXHIBIT C



```
1        JUDGE GREEN:  All right.  So I actually understood the
2   agreement to be that the documents would be produced on a
3   rolling basis as the -- as the Respondent would view them.  S
4   I was really kind of expecting that the documents would be
5   produced kind of on a weekly basis to the extent that they we
6   available, and -- and hoping that at some point, you know, if
7   you -- it -- the earlier they're -- they're produced, the
8   earlier you get to the point where the General Counsel can sa
9   I don't need any.  And particularly starting with the documen
0   at JFK8, and hoping that that's enough.  And it -- does that
1   not work for you all?
2        MR. MURPHY:  It works for us.
```

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Wednesday, March 31, 2021 2:50 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Buffalano,
Nicole <nicole.buffalano@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

Eva:

We just sent the attached response to your 3/29/21 email.

*Chris*

**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Wednesday, March 31, 2021 12:48 PM

EXHIBIT C

GC Exhibit 118

**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Gaston, David <David.Gaston@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)


[EXTERNAL EMAIL]
Good afternoon Chris,

I have not heard back about my email from Monday (3/29) regarding your availability this week for a call with Amazon's Technology Counsel to discuss search terms for paragraph 19.

We remain available for a call tomorrow.  Are you and Amazon's Technology Counsel available tomorrow?

Thank you,
Evamaria

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Monday, March 29, 2021 1:00 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Green, Benjamin <Benjamin.Green@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)


Thank you.  After this, we won't include him either until the need arises.


*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Monday, March 29, 2021 12:58 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Gaston, David <David.Gaston@nlrb.gov>; Green, Benjamin <Benjamin.Green@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)


[EXTERNAL EMAIL]
Chris,

I included the ALJ in the event that the ALJ wishes to correct any misunderstanding I may have of today's hearing.

Nevertheless, I agree that we should not add him to our routine communications.  After this email, I will not add Judge Green.

8

EXHIBIT C



GC Exhibit 118

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Monday, March 29, 2021 12:43 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Green, Benjamin <Benjamin.Green@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

Ms. Cox:

We will respond substantively to your email in due course.

Please note that we do not think it is necessary or appropriate to list Judge Green as a recipient (or even a cc: recipient) on routine correspondence between counsel. On the record this morning, he suggested that we keep an email trail of our communications in the event disputes arise as production proceeds. He did not direct us to send routine correspondence to his attention.

We should do our best to effectuate the instructions that Judge Green provided on the record today. If and when either of us must bring a dispute to the Judge's attention after we have been unable to resolve it through consultation, then we should involve the Judge. Not before.

*Chris*

**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Monday, March 29, 2021 12:26 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Gaston, David <David.Gaston@nlrb.gov>; Green, Benjamin <Benjamin.Green@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

[EXTERNAL EMAIL]
Good afternoon Counsel,

In order to avoid confusion on subpoena matters, below please find my understanding of where we stand and next steps. Moving forward, I ask that if there is any confusion regarding our communications that Respondent contact us to clarify issues rather than unilaterally deciding a new course of action. Thank you.

Per the ALJ's direction please:
1. Provide your availability for to consult with Amazon's technology Counsel (or the equivalent) for this week. As I've previously stated, we are available tomorrow (3/30) in the afternoon, and all day on Wednesday (3/24) and Thursday (3/25) to discuss search terms for Paragraph 19. GC will be prepared to suggest some search terms for paragraph 19 on that call.

EXHIBIT C



GC Exhibit 118

2.  Please provide the actual total number of disciplines issued to employees, for any reason at all, at JFK8 from May 1, 2019 through April 30, 2020 by close of business on Wednesday (3/31).

3.  Please ask Regional Loss Prevention Manager Geoff Gilbert-Differ which facilities fall under his Regional management.  Below are facilities within 100 miles of JFK8.  Please advise whether any of the facilities set out below fall within Mr. Gilbert-Differ's Regional management.

4.  Per your representation the ALJ, provide 1, 7-15 by close of business on Wednesday (3/31).  To clarify your representation (email below) that you will provide Org charts for 2020, please note that the subpoena requests Org charts from May 1, 2019 through April 30, 2020.  Please do not forget to include the 2019 Org charts.

5.  GC agrees to the production of Paragraphs 16-18 before the production of Paragraph 19.  As mentioned below, please begin to produce the types of disciplines set out in Paragraph 16.  GC agrees to review those disciplines, and will advise which personnel file(s) underlying those disciplines should be produced, if any.  Please let us know when production on paragraph 16 will begin and propose a target end date for the production of disciplines responsive to Paragraph 16.

6.  Per the ALJ's direction and your representation in the email below, please provide the addresses and the codes for the unidentified Connecticut facilities that fall within the JFK8 Region.

| Code | State | ~Miles from JFK8 | Address | Type of Facility |
|---|---|---|---|---|
| 1.  LGA7/LGA8/DNJ1/HEW1/CDW5 | New Jersey | 10 | 380 Middlesex Avenue, Carteret, NJ 07008 | Fulfillment Center(s) |
| 2.  EWR6/EWR7 | New Jersey | 10 | 275 Omar Ave, Avenel, NJ 07001 | Fulfilment Center |
| 3.  EWR5 | New Jersey | 10 | 301 Blair Rd, Avenel, NJ 07001 | Fulfillment Center |
| 4.  LGA6/EWR9 | New Jersey | 13 | 8003 Industrial Avenue, Carteret, NJ 07008 | Fulfillment Center |
| 5.  LGA9 | New Jersey | 17 | 2170 Lincoln Highway, Edison, New Jersey 08817 | Fulfillment Center |
| 6.  DEW1 | New Jersey | 21 | 2 Empire Blvd Moonachie, NJ 07074 | Fulfillment Center |

EXHIBIT C

GC Exhibit 118

| 7. DNY1 | New York | 23 | 60 East 42nd St, New York, NY 10165 | |
| 8. EWR8 | New Jersey | 24 | 698 Route 46 West, Teterboro, New Jersey | Fulfillment Center |
| 9. DBK6 | New York | 25 | 2300 Linden Blvd, Brooklyn, NY 11208 | Fulfillment Center(s) |
| 10. DBK1 | New York | 26 | 1 Bulova Avenue, Flushing, NY 11377 | Distribution Center |
| 11. TEB6 | New Jersey | 26 | 22 Hightstown-Cranbury Station Rd, East Windsor, NJ 08512 | Fulfillment Center |
| 12. DNJ3 | New York | 31 | 1300 Viele Ave, The Bronx, NY 10474 | Fulfillment Center |
| 13. TTN2 | New Jersey | 33 | 343 Cranbury Half Acre Rd, East Windsor, NJ 08512 | Distribution Center |
| 14. EWR1/EWR4 | New Jersey | 46 | 50 New Canton Way, Robbinsville, New Jersey 08691 | Fulfillment Center |
| 15. DNY4 | New York | 48 | 201 Grumman Rd W, Bethpage, NY 11714 | Distribution Center |
| 16. HNY1 | New York | 49 | 80 Grumman Rd W, Bethpage, NY 11714 | Amazon Fresh |
| 17. DEW4 | Pennsylvania | 54 | 2251 Cabot Blvd W, Langhorne, PA 19047 | Amazon FLEX Fulfillment |
| 18. ABE8 | New Jersey | 58 | 309 Cedar Ln, Florence, NJ 08518 | Distribution Center |

EXHIBIT C

GC Exhibit 118

| 19. ACY2 | New Jersey | 60 | 1101 E Pearl St, Burlington, NJ 08016 | Fulfillment Center |
|---|---|---|---|---|
| 20. ACY8 | New Jersey | 64 | 8 Campus Dr, Burlington, NJ 08016 | Fulfillment Center |
| 21. DPH1 | Pennsylvania | 76 | 4219 Richmond St, Philadelphia, PA 19137 | Amazon Flex Fulfillment |
| 22. ABE4 | Pennsylvania | 80 | 1610 Van Buren Rd, Easton, PA 18045 | Fulfillment Center |
| 23. DPH6 | Pennsylvania | 84 | 2001 Gehman Rd, Harleysville, PA 19438 | Amazon Flex Fulfillment |
| 24. ACY1 | New Jersey | 88 | 240 Mantua Grove Rd, West Deptford, NJ 08066 | Fulfillment Center |
| 25. IVSC | New Jersey | 88 | 1225 Forest Pkwy, West Deptford, NJ 08066 | Fulfillment Center |
| 26. DPH2 | Pennsylvania | 89 | 500 American Ave, King of Prussia, PA 19406 | Amazon Flex Fulfillment |
| 27. ABE5 | Pennsylvania | 90 | 2455 Boulevard of the Generals, Norristown, PA 19403 | Fulfillment Center |
| 28. ABE3 | Pennsylvania | 94 | 650 Boulder Dr, Breinigsville, PA 18031 | Distribution Center |
| 29. ABE2 | Pennsylvania | 94 | 705 Boulder Dr, Breinigsville, PA 18031 | Fulfillment Center |
| 30. IVSD | New Jersey | 95 | 800 Arlington Blvd, Swedesboro, NJ 08085 | Fulfillment Center |

12

EXHIBIT C

| | | | | |
|---|---|---|---|---|
| 31. TEB3 | New Jersey | 98 | 2651 Oldmans Creek Rd, Logan Township, NJ 08085 | Fulfilment Center |
| 32. XUSG | Pennsylvania | 99 | 9645 W Hills Ct, Kutztown, PA 19530 | Distribution Center |

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Sunday, March 28, 2021 8:40 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

Eva:

We understood that we were opening the record tomorrow in order to meet the Region's arbitrary 100-day deadline and to agree to a document production schedule.  Further, as a result of your 11th hour motion to amend your complaint to add two new substantive allegations relating to events allegedly occurring nearly a year ago, we have been forced to expend considerable resources over the last several days investigating those allegations to prepare to litigate them.

In any event, to the extent that you would like the documents responsive to subpoena paragraphs 1 (April 2020 org chart) and 7-15 before April 5, we are happy to discuss that with you.  We propose producing the documents responsive to those  paragraphs by the end of the day on Wednesday.  Let us know if you are agreeable to that schedule.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Sunday, March 28, 2021 6:25 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Gaston, David <David.Gaston@nlrb.gov>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

[EXTERNAL EMAIL]
Chris,

This is unacceptable; we never agreed to Respondent producing request numbers 9 to 15 on April 5, 2021.  For a reminder of our agreement, please see the attached email.

EXHIBIT C

The purpose of opening the record tomorrow was for the production of numbers 9 to 15 and to afford Respondent the courtesy of additional time to search/review the documents at issue in the petition to revoke (1, 7-8, 16-19).

We will raise this issue and discuss the other issues with the ALJ tomorrow.

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Sunday, March 28, 2021 2:26 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

Eva:

This responds to your email of 3/26/21.

At JFK8 approximately 7,000 associates received discipline during the time in question.  These JFK8 disciplines include all disciplines covered by paragraphs 16, 17 and 18, not just those related to the referenced search terms.  For the JFK8 disciplines, we will consider the search terms you suggest for paragraph 16 (cursing, abusive, profane, harassing, or vulgar language).  We will identify, review and produce any responsive disciplines.  To confirm your approach, after you have reviewed the responsive disciplines, you will advise whether you want to review any of the related personnel files.

We have not yet gathered the discipline data from the Connecticut facilities, in the expectation that the volume of JFK8 data would suffice and the data is completely irrelevant to this matter.  While we do not see the relevance of the addresses or codes for these two facilities, we will provide them under separate cover.

With regard to paragraph 17, 18 and 19, we are consulting with you.  Regarding search terms for these paragraphs, you must have some idea about the content of the documents you seek.  If so, you should be able to provide search terms for our consideration.  Otherwise, it would seem that you are on a classic "fishing expedition."

At this point and with respect to paragraphs 17, 18 and 19, we fail to see the need to discuss Amazon's systems or search methods.  As with paragraph 16, you should simply propose a set of search terms for our consideration.  That is not to say that there will never be a need for such detailed communication, but why don't we start with you identifying the search terms you think are relevant and see where that leads us.

Finally, we will produce documents responsive to subpoena requests 1 and 7-15 on Monday, April 5, 2021.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Friday, March 26, 2021 11:33 AM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Gaston, David <David.Gaston@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

EXHIBIT C

GC Exhibit 118

[EXTERNAL EMAIL]
Good morning Mr. Murphy,

Thank you for agreeing to produce subpoena items 1, 7 and 8 on April 5, 2021.

For purposes of clarification, please let me know if the 16,000-~48,000 disciplines include all disciplines sought in paragraphs 16 and 17/18.  Also, please let me know how many employees these disciplines were issued to.  The number of employees will help determine how many personnel files are at issue.  In addition, please identify the address and code of the facilities in Connecticut that are within JFK8's Region.

With regard to paragraph 16, the subpoena sets out the types of disciplines sought (cursing, abusive, profane, harassing, or vulgar language).  Thus, Respondent has the search terms for paragraph 16.  I would like to proceed with the start of production by Respondent turning over the individual disciplines issued for this type of conduct at JFK8 and Respondent's Regional Facilities.  The disciplines themselves do not need to be redacted as they do not contain sensitive personally identifiable information.  Upon review of these documents and knowledge of the number of personnel files involved, we can discuss the production of the personnel files.

With regard to your suggestion that we provide search terms for paragraph 17/18 and 19, the Judge's Order explicitly states "the parties should consult."  As I've stated before, we have no knowledge of Amazon's systems,  how the search will be performed, or what search terms have been used, if any. We are not in a position to create search terms without consultation with someone from Amazon who has an in depth understanding of its data policies and practices.

In accordance with the ALJ's Order, we are asking for a consultation between us including CAGC's Lead Technology Counsel David Gaston and Amazon's In-house Technology Counsel (or the equivalent).  We are available for a call next week on Tuesday (3/30) in the afternoon, and all day on Wednesday (3/24) and Thursday (3/25).


Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.


**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Thursday, March 25, 2021 5:33 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Kelcey

EXHIBIT C



Phillips <kelcey.phillips@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

Ms. Cox:

As we have advised, the challenges presented by Counsel for the Acting General Counsel's subpoena (the "Subpoena") are substantial.  This letter and the information herein is without prejudice to the positions taken in the Employer's Partial Petition to Revoke and without prejudice to any and all renewed or additional arguments directed to the scope and relevance of the information sought by the Subpoena.

When we had our conference call on 3/18/21, we told Judge Green that we would inquire about the Employer's ability to identify all disciplines from JFK8 for the period covered by the subpoena.  We now understand that the Employer can, in fact, identify these disciplines.  You should note that just at JFK8, during the period of time covered by the Subpoena, there were more than 16,000 individual disciplines issued to associates.  We have not reviewed any of the documentation related to any of these disciplines.  We should discuss how you would like to proceed, since if you decide you would like to review some or all of the materials related to those entries, we will have to review that material and remove/redact, inter alia, HIPPA information, Social Security or taxpayer-identification numbers; dates of birth; names of minor children; financial information, other personally identifying information account, as well as privileged or work product materials.  We understand that there is likely to be a similar number of disciplines during the Subpoena period at the two other facilities in JFK8's region.  We would suggest, as a starting point, that you propose a set of search terms for the JFK8 disciplines for our consideration.   If we have any issue(s) with the proposed terms, we would be prepared to address those on a call after review.

Regarding the proposed production schedule in your email of 3/18/21, we will produce the documents identified in item (1) on 4/5/21.

Regarding items (2) and (3), our preference would be to address the issues presented by item (3) before addressing item (2).  We have that preference because, as daunting as item (3) will be, we understand that addressing item (2) will be orders of magnitude more difficult.  At this point, we cannot commit to the schedule you have proposed.

Regarding the suggestion in your email of 3/22/21 that we have a call this week with technology counsel to address item (2), we would prefer that you simply propose as set of search terms for that item.  If we have any issue(s) with the proposed terms, we would be prepared to address those on a call after review.  It may be that the application of the search terms you propose will result in the substantial narrow the scope of the production.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Wednesday, March 24, 2021 12:29 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Gaston, David <David.Gaston@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

[EXTERNAL EMAIL]

EXHIBIT C

GC Exhibit 118

Good afternoon Chris,

I have not heard back from you as promised regarding the proposed production schedule (attached) and a call tomorrow with Technology Counsel.

Please provide your client's position on these matters.  Thank you.

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Monday, March 22, 2021 2:24 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Gaston, David <David.Gaston@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

Eva:

Thank you for your emails of last Thursday and today.  As I explained, I was out of the office after our call last week and through the weekend.

I expect to be in a position to respond by midday tomorrow.  Thanks.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com
<a
href="https://gcc02.safelinks.protection.outlook.com/?url=https%3A%2F%2Furldefense.com%2Fv3%2F__https%3A%2F
gcc02.safelinks.protection.outlook.com%2F%3Furl%3Dhttps*3A*2F*2Furldefense.com*2Fv3*2F__https*3A*2Fgcc02.saf
elinks.protection.outlook.com*2F*3Furl*3Dhttps*3A*2F*2Furldefense.com*2Fv3*2F__https*3A*2Fgcc02.safelinks.prot
ection.outlook.com*2F*3Furl*3Dhttps*3A*2F*2Furldefense.com*2Fv3*2F__https*3A*2Fgcc02.safelinks.protection.outl

EXHIBIT C

GC Exhibit 118

ook.com*2F*3Furl*3Dhttps*3A*2F*2Fwww.morganlewis.com*2Ftopics*2Fnavigating-the-
next*26data*3D04*7C01*7C*7Ccd2ab13518dd4456f06108d8ed5fb3a6*7C5e453ed8e33843bb90754ed5b8a8caa4*7C0
*7C0*7C637520342622197557*7CUnknown*7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1ha
WwiLCJXVCI6Mn0*3D*7C1000*26sdata*3DdkfKV5UMbII15S7KQY3FeY8uYVvZjJHEaIzMVyIFsr4*3D*26reserved*3D0__*
3BJSUIJSUIJSUIJSUIJSUIJSU!!DuJIhUBmA6S-!TtrBEzEps11Ek7ghDy2TG8MFcgU7_-
PuA_Yyz5WFsrnxBqrpZOzRfID48jf3g8q0yKT6XYWQOG0*24*26data*3D04*7C01*7C*7C7825a4816683473b1bbf08d8efd
58aeb*7C5e453ed8e33843bb90754ed5b8a8caa4*7C0*7C0*7C637523047748139891*7CUnknown*7CTWFpbGZsb3d8e
yJWIjoi

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

EXHIBIT C



GC Exhibit 118

# Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Thursday, April 1, 2021 8:14 AM |
| **To:** | Cox, Evamaria; Jackson, Matthew |
| **Cc:** | Murphy, Christopher J.; Buffalano, Nicole |
| **Subject:** | RE: Amazon, Case No. 29-CA-261755 |

Ms. Cox and Mr. Jackson,

As detailed in Nicole's email, below, we just sent to you via Morgan Lewis' secure file transfer the additional responsive documents for this round of production.

Please let me know if you have any issues retrieving the documents.

Thank you,
Kelcey

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members



**From:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>
**Sent:** Wednesday, March 31, 2021 11:32 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Cc:** Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Murphy, Christopher J.
<christopher.murphy@morganlewis.com>
**Subject:** Amazon, Case No. 29-CA-261755

Ms. Cox and Mr. Jackson,

I just sent to you via Morgan Lewis' secure file transfer system, documents response to Subpoena paragraphs 1 and 7-9.  We ran into some technical difficulties bates numbering the documents responsive to Subpoena paragraphs 10-15, but will send them to you as early as possible tomorrow when the office reopens.  Please let me know if you have any issues retrieving the documents.

Thank you,

**Nicole Buffalano**
**Morgan, Lewis & Bockius LLP**
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132

EXHIBIT D

GC Exhibit 118

Direct: +1.213.612.7443 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 | Mobile: +1.240.350.8208
nicole.buffalano@morganlewis.com | www.morganlewis.com
Assistant: Lois J. Han | +1.213.612.7407 | lois.han@morganlewis.com



EXHIBIT D

GC Exhibit 118

**Archived:** Sunday, May 23, 2021 3:33:18 PM
**From:** Murphy, Christopher J.
**Mail received time:** Wed, 31 Mar 2021 19:14:28
**Sent:** Wed, 31 Mar 2021 19:14:27
**To:** Cox, Evamaria  Jackson, Matthew
**Cc:** Buffalano, Nicole  Phillips, Kelcey J.
**Subject:** Amazon.com Services LLC, 29-CA-261755
**Importance:** Normal
**Sensitivity:** None

---

Eva:

The first tranche of documents in our rolling production should be coming through to you shortly.

At JFK8 from May 1, 2019 through April 30, 2020, there were 13,101 "disciplines" issued.  We are reviewing those against the terms in paragraph 16 of the CAGC's subpoena and will advise when that review is complete.  We expect the number of relevant disciplines to be relatively small.

Thank you.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



EXHIBIT E



**Phillips, Kelcey J.**

| | |
|---|---|
| **From:** | Murphy, Christopher J. |
| **Sent:** | Sunday, March 28, 2021 2:26 PM |
| **To:** | Cox, Evamaria |
| **Cc:** | Jackson, Matthew; Buffalano, Nicole; Phillips, Kelcey J. |
| **Subject:** | RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon) |

Eva:

This responds to your email of 3/26/21.

At JFK8 approximately 7,000 associates received discipline during the time in question.  These JFK8 disciplines include all disciplines covered by paragraphs 16, 17 and 18, not just those related to the referenced search terms.  For the JFK8 disciplines, we will consider the search terms you suggest for paragraph 16 (cursing, abusive, profane, harassing, or vulgar language).  We will identify, review and produce any responsive disciplines.  To confirm your approach, after you have reviewed the responsive disciplines, you will advise whether you want to review any of the related personnel files.

We have not yet gathered the discipline data from the Connecticut facilities, in the expectation that the volume of JFK8 data would suffice and the data is completely irrelevant to this matter.  While we do not see the relevance of the addresses or codes for these two facilities, we will provide them under separate cover.

With regard to paragraph 17, 18 and 19, we are consulting with you.  Regarding search terms for these paragraphs, you must have some idea about the content of the documents you seek.  If so, you should be able to provide search terms for our consideration.  Otherwise, it would seem that you are on a classic "fishing expedition."

At this point and with respect to paragraphs 17, 18 and 19, we fail to see the need to discuss Amazon's systems or search methods.  As with paragraph 16, you should simply propose a set of search terms for our consideration.  That is not to say that there will never be a need for such detailed communication, but why don't we start with you identifying the search terms you think are relevant and see where that leads us.

Finally, we will produce documents responsive to subpoena requests 1 and 7-15 on Monday, April 5, 2021.

*Chris*

**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Friday, March 26, 2021 11:33 AM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Gaston, David <David.Gaston@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

EXHIBIT F



[EXTERNAL EMAIL]
Good morning Mr. Murphy,

Thank you for agreeing to produce subpoena items 1, 7 and 8 on April 5, 2021.

For purposes of clarification, please let me know if the 16,000-~48,000 disciplines include all disciplines sought in paragraphs 16 and 17/18. Also, please let me know how many employees these disciplines were issued to. The number of employees will help determine how many personnel files are at issue. In addition, please identify the address and code of the facilities in Connecticut that are within JFK8's Region.

With regard to paragraph 16, the subpoena sets out the types of disciplines sought (cursing, abusive, profane, harassing, or vulgar language). Thus, Respondent has the search terms for paragraph 16. I would like to proceed with the start of production by Respondent turning over the individual disciplines issued for this type of conduct at JFK8 and Respondent's Regional Facilities. The disciplines themselves do not need to be redacted as they do not contain sensitive personally identifiable information. Upon review of these documents and knowledge of the number of personnel files involved, we can discuss the production of the personnel files.

With regard to your suggestion that we provide search terms for paragraph 17/18 and 19, the Judge's Order explicitly states "the parties should consult." As I've stated before, we have no knowledge of Amazon's systems, how the search will be performed, or what search terms have been used, if any. We are not in a position to create search terms without consultation with someone from Amazon who has an in depth understanding of its data policies and practices.

In accordance with the ALJ's Order, we are asking for a consultation between us including CAGC's Lead Technology Counsel David Gaston and Amazon's In-house Technology Counsel (or the equivalent). We are available for a call next week on Tuesday (3/30) in the afternoon, and all day on Wednesday (3/24) and Thursday (3/25).


Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

---

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Thursday, March 25, 2021 5:33 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>

EXHIBIT F



GC Exhibit 118

**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

Ms. Cox:

As we have advised, the challenges presented by Counsel for the Acting General Counsel's subpoena (the "Subpoena") are substantial. This letter and the information herein is without prejudice to the positions taken in the Employer's Partial Petition to Revoke and without prejudice to any and all renewed or additional arguments directed to the scope and relevance of the information sought by the Subpoena.

When we had our conference call on 3/18/21, we told Judge Green that we would inquire about the Employer's ability to identify all disciplines from JFK8 for the period covered by the subpoena. We now understand that the Employer can, in fact, identify these disciplines. You should note that just at JFK8, during the period of time covered by the Subpoena, there were more than 16,000 individual disciplines issued to associates. We have not reviewed any of the documentation related to any of these disciplines. We should discuss how you would like to proceed, since if you decide you would like to review some or all of the materials related to those entries, we will have to review that material and remove/redact, inter alia, HIPPA information, Social Security or taxpayer-identification numbers; dates of birth; names of minor children; financial information, other personally identifying information account, as well as privileged or work product materials. We understand that there is likely to be a similar number of disciplines during the Subpoena period at the two other facilities in JFK8's region. We would suggest, as a starting point, that you propose a set of search terms for the JFK8 disciplines for our consideration. If we have any issue(s) with the proposed terms, we would be prepared to address those on a call after review.

Regarding the proposed production schedule in your email of 3/18/21, we will produce the documents identified in item (1) on 4/5/21.

Regarding items (2) and (3), our preference would be to address the issues presented by item (3) before addressing item (2). We have that preference because, as daunting as item (3) will be, we understand that addressing item (2) will be orders of magnitude more difficult. At this point, we cannot commit to the schedule you have proposed.

Regarding the suggestion in your email of 3/22/21 that we have a call this week with technology counsel to address item (2), we would prefer that you simply propose as set of search terms for that item. If we have any issue(s) with the proposed terms, we would be prepared to address those on a call after review. It may be that the application of the search terms you propose will result in the substantial narrow the scope of the production.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Wednesday, March 24, 2021 12:29 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>

EXHIBIT F

GC Exhibit 118

**Cc:** Gaston, David <David.Gaston@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

[EXTERNAL EMAIL]
Good afternoon Chris,

I have not heard back from you as promised regarding the proposed production schedule (attached) and a call tomorrow with Technology Counsel.

Please provide your client's position on these matters.  Thank you.


Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

---

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Monday, March 22, 2021 2:24 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Gaston, David <David.Gaston@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Subject:** RE: Sub. para. 19 search terms in 29-CA-261755 (Amazon)

Eva:

Thank you for your emails of last Thursday and today.  As I explained, I was out of the office after our call last week and through the weekend.

I expect to be in a position to respond by midday tomorrow.  Thanks.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com

EXHIBIT F





**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Monday, March 22, 2021 12:41 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole
<nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Gaston, David <David.Gaston@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Subject:** Sub. para. 19 search terms in 29-CA-261755 (Amazon)

[EXTERNAL EMAIL]
Good afternoon Chris,

On our call earlier today, I failed to mention collaborating on creating search terms for paragraph 19 of the
subpoena.  My apologies for that.

As you know, ALJ Green suggested that the CAGC work with Respondent to develop search terms.   I'd like to schedule a
call this Thursday (3/25) between us including CAGC's Lead Technology Counsel David Gaston and Respondent's
Discovery Counsel (or the equivalent).

Counsel with technology expertise are better equipped to facilitate this discussion, and discuss the volume of data
requested in paragraphs 16,17, and 18 of the subpoena.

Please let us know your availability on Thursday, March 25 for a call.  Thank you.

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may
contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not
the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you
have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return
or destruction. Thank you.

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this

EXHIBIT F

GC Exhibit 118

communication in error, please notify us immediately by
e-mail and delete the original message.

EXHIBIT F



GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Murphy, Christopher J. |
| **Sent:** | Wednesday, April 7, 2021 5:35 PM |
| **To:** | Cox, Evamaria |
| **Cc:** | Buffalano, Nicole; Phillips, Kelcey J.; Bagley, Claire E. |
| **Subject:** | AMAZON.COM SERVICES LLC, 29-CA-261755 |
| **Attachments:** | AMZ-BRY000198 - AMZ-BRY000213.pdf |

Eva:

Please see the attached materials produced pursuant to the CAGC's subpoena in the above-referenced matter.  These materials identify 34 instances of discipline at JFK8 containing a search term (with expander) contained in CAGC subpoena paragraph 16.

*Chris*

**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



EXHIBIT G

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Thursday, April 15, 2021 11:35 PM |
| **To:** | Cox, Evamaria; Jackson, Matthew |
| **Cc:** | Buffalano, Nicole; Murphy, Christopher J. |
| **Subject:** | RE: Amazon Case No. 29-CA-261755 |

Ms. Cox and Mr. Jackson,

As a correction, any reference to Paragraph 1 in the below email and the cover letter accompanying the documents sent via secure file transfer should instead read Paragraph 7.

Please let us know if you have any questions.

Thanks,
Kelcey


**Kelcey J. Phillips***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 |denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members



---

**From:** Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Date:** Thursday, Apr 15, 2021, 10:02 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>, Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>, Murphy, Christopher J.
<christopher.murphy@morganlewis.com>
**Subject:** Amazon Case No. 29-CA-261755

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis' secure file transfer system, documents responsive to Subpoena paragraphs 1, 16, and 17.

Please let us know if you have any trouble accessing or opening the documents.

Best,
Kelcey

**Kelcey J. Phillips***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541

EXHIBIT H

GC Exhibit 118

Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members

EXHIBIT H



# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

April 15, 2021

**Via Secure File Transfer**
Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:      Amazon.com Services LLC Case 29-CA-261755

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-reference matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY000216" through "AMZ-BRY000415," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum*.  Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

- **Paragraph 7:**
    - AMZ-BRY000216 - AMZ-BRY000243

- **Paragraph 16:**

    - AMZ-BRY000244 – AMZ-BRY000264
    - AMZ-BRY000265 – AMZ-BRY000327

- **Paragraph 17**
    - AMZ-BRY000328 – AMZ-BRY000415

Please contact me should you have any questions.

Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Matthew Jackson, Esq.

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004          **T** +1.202.739.3000
United States          **F** +1.202.739.3001

EXHIBIT H



**Phillips, Kelcey J.**

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Friday, April 16, 2021 5:38 PM |
| **To:** | Cox, Evamaria; Jackson, Matthew |
| **Cc:** | Buffalano, Nicole; Murphy, Christopher J. |
| **Subject:** | RE: Amazon, Case No. 29-CA-261755 |

Me. Cox, yes, the personnel files for JFK8 employees.

Thanks,
Kelcey


**Kelcey J. Phillips***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 |denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Date:** Friday, Apr 16, 2021, 5:32 PM
**To:** Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>, Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>, Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Subject:** RE: Amazon, Case No. 29-CA-261755


[EXTERNAL EMAIL]
Ms. Phillips,

Are these disciplines for JFK8?

Thank you,
Evamaria Cox

**From:** Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Sent:** Friday, April 16, 2021 5:21 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Subject:** Amazon, Case No. 29-CA-261755

Ms. Cox and Mr. Jackson,

EXHIBIT I

GC Exhibit 118

We have just sent, via Morgan Lewis' secure file transfer system, documents responsive to Subpoena paragraph 16.

Please let us know if you have any trouble accessing or opening the documents.

Best,
Kelcey

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members



DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

EXHIBIT I

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

April 16, 2021

**Via Secure File Transfer**
Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:     Amazon.com Services LLC Case 29-CA-261755

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY000416" through "AMZ-BRY001307," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum*.  Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

- **Paragraph 16:**

  - AMZ-BRY000416 – AMZ-BRY000461
  - AMZ-BRY000462 – AMZ-BRY000481
  - AMZ-BRY000482 – AMZ-BRY000500
  - AMZ-BRY000501 – AMZ-BRY000530
  - AMZ-BRY000531 – AMZ-BRY000551
  - AMZ-BRY000552 – AMZ-BRY000569
  - AMZ-BRY000570 – AMZ-BRY000611
  - AMZ-BRY000612 – AMZ-BRY000634
  - AMZ-BRY000635 – AMZ-BRY000739
  - AMZ-BRY000740 – AMZ-BRY000751
  - AMZ-BRY000752 – AMZ-BRY000782
  - AMZ-BRY000783 – AMZ-BRY000796
  - AMZ-BRY000797 – AMZ-BRY000817
  - AMZ-BRY000818 – AMZ-BRY000843
  - AMZ-BRY000844 – AMZ-BRY000862
  - AMZ-BRY000863 – AMZ-BRY000904
  - AMZ-BRY000905 – AMZ-BRY000929
  - AMZ-BRY000930 – AMZ-BRY000951
  - AMZ-BRY000952 – AMZ-BRY000973
  - AMZ-BRY000974 – AMZ-BRY000998

EXHIBIT I

GC Exhibit 118

April 15, 2021
Page 2

- o   AMZ-BRY000999 – AMZ-BRY001036
- o   AMZ-BRY001037 – AMZ-BRY001076
- o   AMZ-BRY001077 – AMZ-BRY001093
- o   AMZ-BRY001094 – AMZ-BRY001108
- o   AMZ-BRY001109 – AMZ-BRY001143
- o   AMZ-BRY001144 – AMZ-BRY001201
- o   AMZ-BRY001202 – AMZ-BRY001214
- o   AMZ-BRY001215 – AMZ-BRY001226
- o   AMZ-BRY001227 – AMZ-BRY001242
- o   AMZ-BRY001243 – AMZ-BRY001260
- o   AMZ-BRY001261 – AMZ-BRY001272
- o   AMZ-BRY001273 – AMZ-BRY001307

Please contact me should you have any questions.

Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Matthew Jackson, Esq.

EXHIBIT I

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Buffalano, Nicole |
| **Sent:** | Friday, April 16, 2021 12:07 AM |
| **To:** | Cox, Evamaria; Murphy, Christopher J.; Phillips, Kelcey J. |
| **Cc:** | Jackson, Matthew; Reibstein, Nancy K.; Gaston, David; Farmer, Tammy L.; Fisher, Jordan Scott; Ranjo, Jason J. |
| **Subject:** | RE: Follow up to yesterday's call in Amazon.com Services LLC, 29-CA-261755 |

Ms. Cox,

I understand that you would like us to produce the individual disciplines for all 1.593 disciplinary cases identified in our JFK8 spreadsheet (which was sent to you a short time ago).  I connected with the individual who is assisting us with gathering the data and here is what I understand about that process.

- Disciplinary documents are stored within the electronic personnel files of each employee.  An individual has to locate and open individual personnel files, locate the discipline in the file (which are generically labeled), and save the discipline locally.
- The individual who is obtaining the data reported that it is taking 4.5 minutes per personnel file.
- Assuming that each discipline belongs to a unique employee, based on current information, it would take 7,168 minutes just to pull each of the 1,593 disciplines.  That is 119 hours, which would take a full time employee almost three weeks to complete.
- This estimate does not include time to review the documents.
- Given the other documents that we will also need to gather responsive to Paragraphs 16, 17 (I assume that you will want the same for the EWR4 and BDL3), and 19, I have some concern that you will have all of the documents you need by our May 3 hearing date.

Given this and the nature of this particular case, we have significant concerns with the proportionality of your request.  Nevertheless, subject to and without waiving any objection as to proportionality or otherwise, we will begin pulling the individual discipline.  We are still working on identifying the appropriate expert to discuss records maintenance as it relates to documents responsive to Paragraph 19 and will follow up tomorrow.

Thank you,

**Nicole Buffalano**
**Morgan, Lewis & Bockius LLP**
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132
Direct: +1.213.612.7443 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 | Mobile: +1.240.350.8208
nicole.buffalano@morganlewis.com | www.morganlewis.com
Assistant: Lois J. Han | +1.213.612.7407 | lois.han@morganlewis.com



---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Thursday, April 15, 2021 8:15 AM
**To:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Reibstein, Nancy K. <Nancy.Reibstein@nlrb.gov>; Gaston, David

EXHIBIT J

GC Exhibit 118

<David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>; Fisher, Jordan Scott
<jordan.fisher@morganlewis.com>; Ranjo, Jason J. <jason.ranjo@morganlewis.com>
**Subject:** RE: Follow up to yesterday's call in Amazon.com Services LLC, 29-CA-261755

[EXTERNAL EMAIL]
Good morning Ms. Buffalano,

My response is below in **blue.**

Thank you,
Evamaria Cox

---

**From:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>
**Sent:** Wednesday, April 14, 2021 11:49 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Kelcey
Phillips <kelcey.phillips@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Reibstein, Nancy K. <Nancy.Reibstein@nlrb.gov>; Gaston, David
<David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>; Fisher, Jordan Scott
<jordan.fisher@morganlewis.com>; Ranjo, Jason J. <jason.ranjo@morganlewis.com>
**Subject:** RE: Follow up to yesterday's call in Amazon.com Services LLC, 29-CA-261755

Ms. Cox,

Our responses to your email are below in green.

Thank you,

**Nicole Buffalano**
**Morgan, Lewis & Bockius LLP**
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132
Direct: +1.213.612.7443 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 | Mobile: +1.240.350.8208
nicole.buffalano@morganlewis.com | www.morganlewis.com
Assistant: Lois J. Han | +1.213.612.7407 | lois.han@morganlewis.com



---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Tuesday, April 13, 2021 12:21 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole
<nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Reibstein, Nancy K. <Nancy.Reibstein@nlrb.gov>; Gaston, David
<David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>
**Subject:** Follow up to yesterday's call in Amazon.com Services LLC, 29-CA-261755
[EXTERNAL EMAIL]
Good afternoon Counsel,

     Thank you for conferring with us yesterday (4/12) regarding the production deficiencies set forth in my
email dated April 6, 2021.

EXHIBIT J

GC Exhibit 118

This email serves to memorialize yesterday's (4/12) telephone call, and serves as a follow up on paragraphs 17 and 19.

As you know, Respondent represented that there are 2,495 disciplines at JFK8 responsive to paragraph 17. There were 2,393 disciplines that resulted when we searched using the 31 search terms that you proposed on 4/1/21. When we reviewed those documents yesterday, we determined that 800 of those hits were returned because they contained variations on the word "age," i.e. "manager" and "manage." There was only a single hit that found the word "age" in any discipline. Of course, you had asked for disciplines with the word "age" and not with the word "manager" or "manage," so there are 1,593 responsive disciplines and not 2,393. **Please produce the 1,593 responsive disciplines in a searchable format.** Please produce the 2,495 responsive disciplines in a searchable format. Upon review of the disciplines, I will let you know if the personnel files and/or investigatory documents associated with these disciplines will be necessary to produce. We will produce to you tomorrow a spreadsheet describing the 1,593 disciplines. **As I explained on our 4/12 call, the chart is not conducive to eliciting testimony.** The spreadsheet will be in an identical format to the one that we produced to you on 4/7/21 in response to Paragraph 16. While we are willing to pull each individual discipline and provide those to you, doing so will likely take some time as the individual disciplines are stored in each individual employee's electronic personnel file. This would require an individual to go into 1,593 electronic files, locate the relevant discipline, and save it locally. **Please pull each individual discipline (1,593) and provide the disciplines to us.** Of course, if you want to review a particular personnel file, we will send you the discipline as part of that personnel file. I note that the spreadsheet that we will produce to you contains all of the information that is contained in each individual discipline. To that end, the columns titled "Areas of Improvement" and "Details" from our spreadsheet includes the relevant narrative sections contained in the employee's disciplinary document. Once you receive the spreadsheet tomorrow, let us know if that is sufficient. **The spreadsheet is not sufficient. Please produce the individual disciplines in searchable format.** As with the response to Subpoena Paragraph 16, we will turn next to the discipline for the other two facilities, EWR4 and BDL3, using the 31 search terms for Paragraph 17. **Thank you. In addition, please do not forget to produce the disciplines responsive to Paragraph 16 for "cursing, abusive, profane, harassing, and vulgar language" for EWR4 and BDL3.**

As you also know, we did not get the opportunity confer yesterday regarding paragraph 19. Please let us know when you and the individual with knowledge about the search are available to discuss tomorrow (4/14) or Thursday (4/15). We understand that you are looking for an individual at Amazon who can discuss how Amazon documents are maintained, stored, and searched in order to assist with developing search terms for Paragraph 19. Please let me know if that is not accurate. We are actively working on identifying the appropriate individual and will respond with their availability as soon as we can – hopefully by the end of the day tomorrow. **This is accurate. Thank you.**

In order to determine what issues, if any, need to be addressed by the Custodian of the Records on Monday (4/19), we would also like to discuss tomorrow (4/14) or Thursday (4/15) the documents responsive to which subpoena paragraphs have been produced to date. I am not clear on what you are requesting. Are you asking us to identify which subpoena paragraph(s) each produced document is responsive to? **Yes; as discussed on 4/12, please organize/identify production by subpoena paragraph.**

I will follow up this email with a telephone call shortly.

1. **No Responsive Documents Produced**
   a. Para. 10-Respondent represents that the witness statements (**AMZ-BRY000169- AMZ-BRY000175**) contain the words and conduct that resulted in Bryson's discharge. Confirmed. **Thank you.**

EXHIBIT J

b.  Para. 12(b)-Respondent represented that there wasn't a separate investigation into Evans' misconduct and that documents responsive to Bryson's investigation are the same documents that are responsive to the investigation into Evans' write up.  I can confirm that there was not a separate investigation into Evans' misconduct and that the investigative documents are the same for the two investigations. **Thank you.**

c.  Para. 13(c)-Respondent represented that it considered Evans' written statement about April 6 in considering whether to write her up.  Confirmed that Evans' written statement is responsive to Paragraph 13(c).  **Thank you.**

d.  Para. 14(b)- Respondent represented that Evans April 17 write-up (**AMZ-BRY000148)** was administered in person, and that her write-up is the only document showing Respondent's deliberations regarding whether to issue Evans discipline.  I can confirm that we have produced all non-privileged documents that we have seen and reviewed to date that shows Respondent's deliberations regarding whether to issue Evans discipline.  We will produce a privilege log by the end of this week.  **Thank you.**

2.  **Documents are Partially Responsive**

a.  Para. 1- The charts produced by Respondent on 3.31 and 4.12 (effective 4.7.20) cover the May 1, 2019 through April 30, 2020 subpoena period.  These are the only JFK8 org charts that exist.  **Thank you.**

b.  Para. 13*-Respondent maintains Ms. Phillips' representation by email dated April 5 that Respondent relied upon/considered 26 comparator disciplines in the form of the chart before disciplining Bryson.  CAGC requested the underlying disciplines covered by the subpoena in addition to the 9 disciplines from outside of the May 1, 2019 to April 30, 2020 period be produced.  Respondent agreed to produce the 9 disciplines.  Confirmed that production of the 26 comparator materials is underway.  **Thank you.**

c.  Para 15- **AMZ-BRY000185- AMZ-BRY000187.**  Respondent represented that these videos were viewed in real time and agreed to search for any "documents or notes reflecting the circumstances and dates under which such recordings . . . .  were accessed, obtained and maintained."  Confirmed.  **Thank you.**

3.  **Form of Production Issues**

a.  No organizing/Labeling of documents.  Respondent agreed to organize/identify production by subpoena paragraph but did not specify how it would organize the documents.  Confirmed.  **Thank you.**

b.  To be produced in Native Form.  In addition to producing the documents below in native format, CAGC requested that **AMZ-BRY000179- MZ-BRY000181** be produced in native format.  Respondent agreed and on 4/12 produced all the documents except **AMZ-BRY000179- MZ-BRY000181** in native format.  I am reattaching AMZ-BRY000179-AMZ-BRY000181.  It was produced in its native format (fillable PDF).  I will look into (i) – (iii), below.  **These documents were produced on 4/12.  Thank you.  This issue is resolved.**

i.  **AMZ-BRY000172- AMZ-BRY000178**

EXHIBIT J

    ii.    **AMZ-BRY000182- AMZ-BRY000183**
    iii.   **AMZ-BRY000184-**

    4.  **Miscellaneous**
       a.  Para. 7 (2017 Owner's Manual **AMZ-BRY000046-AMZ-BRY000076**).  Respondent agreed to produce the 2019 Owner's Manual.  <span style="color:green">Confirmed</span>. <span style="color:blue">**Thank you.**</span>

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

EXHIBIT J

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Tuesday, April 6, 2021 4:48 PM |
| **To:** | Cox, Evamaria; Jackson, Matthew |
| **Cc:** | Buffalano, Nicole; Murphy, Christopher J. |
| **Subject:** | RE: Amazon, Case No. 29-CA-261755 |
| **Attachments:** | AMZ-BRY000188 - AMZ-BRY000197.pdf |

Ms. Cox,

Attached please find document AMZ-BRY000188 – AMZ-BRY000197.  This format should be easier to follow.

Thanks,
Kelcey

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members



---

**From:** Cox, Evamaria
**Sent:** Tuesday, April 6, 2021 11:23 AM
**To:** Phillips, Kelcey J. ; Jackson, Matthew
**Cc:** Buffalano, Nicole ; Murphy, Christopher J.
**Subject:** RE: Amazon, Case No. 29-CA-261755

[EXTERNAL EMAIL]
Good morning Counsel,

I am in receipt of the latest set of documents.  Please note that there are deficiencies in this production.  I will address other deficiencies with the March 31 and April 1 production under separate cover.

With regard to this production, please note that **AMZ-BRY000194 and AMZ-BRY000195** appear to be in inserted in inverse order.  It appears that 195 should come before 194.  I've attached the production for your reference.  Further, the comments in the Incident Details Section are incomplete.  Thus, it appears a page is missing.  Please produce the page(s) as would complete the comments in the Incident Details Section.

Attached you will also find the production with my highlights.  In response to subpoena paragraphs 17 and 18, please produce the disciplinary document issued to the employees that I've highlighted, the personnel files associated with those highlighted employees, and the documents showing the investigations in connection with those highlighted

EXHIBIT K

disciplinary actions.  I've selected the highlighted disciplines because they were issued between May 1, 2019 and April 30, 2020.

Please let me know if you have any questions.  Thank you.

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

---

**From:** Phillips, Kelcey J.
**Sent:** Monday, April 5, 2021 10:16 PM
**To:** Cox, Evamaria ; Jackson, Matthew
**Cc:** Buffalano, Nicole ; Murphy, Christopher J.
**Subject:** Amazon, Case No. 29-CA-261755

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis' secure file transfer system, additional documents responsive to Subpoena paragraph 13.

Please let us know if you have any trouble accessing or opening the documents.

Best,
Kelcey

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members



EXHIBIT K

GC Exhibit 118

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

EXHIBIT K

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Cox, Evamaria <Evamaria.Cox@nlrb.gov> |
| **Sent:** | Friday, April 9, 2021 4:08 PM |
| **To:** | Murphy, Christopher J. |
| **Cc:** | Buffalano, Nicole; Phillips, Kelcey J.; Bagley, Claire E.; Jackson, Matthew |
| **Subject:** | RE: AMAZON.COM SERVICES LLC, 29-CA-261755 |
| **Attachments:** | AMZ-BRY000198 - AMZ-BRY000213.pdf; AMZ-BRY000198 - AMZ-BRY000213 _ECEdits.pdf |

[EXTERNAL EMAIL]
Good afternoon Counsel,

I am in receipt of the latest set of documents (attached).

Attached you will also find the production with my highlights.  Please produce the disciplinary document issued to the employees that I've highlighted, the personnel files associated with those highlighted employees, and the documents showing the investigations in connection with those highlighted disciplinary actions.

Also, please conduct a search for disciplines issued at EWR4 and BDL3 and produce the disciplines (not a chart) responsive to subpoena paragraph 16.  Upon review of the disciplinary documents, I will let you know if the EWR4 and BDL3 personnel files and/or investigatory documents will be necessary to produce.

Thank you,
Evamaria Cox

---

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Wednesday, April 7, 2021 5:35 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Bagley, Claire E. <claire.bagley@morganlewis.com>
**Subject:** AMAZON.COM SERVICES LLC, 29-CA-261755

Eva:

Please see the attached materials produced pursuant to the CAGC's subpoena in the above-referenced matter.  These materials identify 34 instances of discipline at JFK8 containing a search term (with expander) contained in CAGC subpoena paragraph 16.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



EXHIBIT L

GC Exhibit 118

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

EXHIBIT L

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Monday, April 12, 2021 5:59 PM |
| **To:** | 'Cox, Evamaria'; Jackson, Matthew |
| **Cc:** | Buffalano, Nicole; Murphy, Christopher J. |
| **Subject:** | Amazon, Case No. 29-CA-261755 |

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis' secure file transfer system, the native formats of the requested documents: AMZ-BRY000172- AMZ-BRY000178, AMZ-BRY000182- AMZ-BRY000183, and AMZ-BRY000184.

Please let us know if you have any trouble accessing or opening the documents.

Best,
Kelcey

**Kelcey J. Phillips***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members

EXHIBIT M

GC Exhibit 118

**Phillips, Kelcey J.**

| | |
|---|---|
| **From:** | Murphy, Christopher J. |
| **Sent:** | Monday, April 12, 2021 12:57 PM |
| **To:** | Cox, Evamaria |
| **Cc:** | Bagley, Claire E.; Buffalano, Nicole; Phillips, Kelcey J.; Jackson, Matthew; Gaston, David; Farmer, Tammy L. |
| **Subject:** | RE: Req. for Conference Call in Amazon.com Services LLC (29-CA-261755) |
| **Attachments:** | AMZ-BRY000214 - AMZ-BRY000215.pdf |

Eva:

Attached is a second JFK8 org chart.  It has an affective date of 4/7/20.  Our review is continuing and, in the event other org charts are discovered, we will promptly produce them.  Please let me know if you have any questions.

I renew my request that you identify the positions that you are truly interested in and we can focus on how the holders of those positions may have changed during the subpoena period.

*Chris*

**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



---

**From:** Murphy, Christopher J.
**Sent:** Monday, April 12, 2021 10:16 AM
**To:** 'Cox, Evamaria' <Evamaria.Cox@nlrb.gov>
**Cc:** Bagley, Claire E. <claire.bagley@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>
**Subject:** RE: Req. for Conference Call in Amazon.com Services LLC (29-CA-261755)

Eva:

I'll be available at the times specified, if you change your mind.

*Chris*

**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com

EXHIBIT N

GC Exhibit 118



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Monday, April 12, 2021 8:35 AM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Cc:** Bagley, Claire E. <claire.bagley@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>
**Subject:** RE: Req. for Conference Call in Amazon.com Services LLC (29-CA-261755)

[EXTERNAL EMAIL]
Good morning Chris,

The ALJ's suggestion that we informally confer came on Friday (4/9) after your call on Thursday (4/8).  Nevertheless, on Friday (4/9) the ALJ also offered going back on the record for the CAGC to call the custodian of records a way for us to formally confer.

Please note that CAGC intends on resolving production issues by calling the custodian of the records this week.  I am unavailable today until 4 PM.  We can discuss further then.

Thank you,
Evamaria

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Sunday, April 11, 2021 12:43 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** Bagley, Claire E. <claire.bagley@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>
**Subject:** RE: Req. for Conference Call in Amazon.com Services LLC (29-CA-261755)

Eva:

Apropos of Judge Green's suggestion that the parties confer and seek to resolve production issues, I called you on Thursday, 4/8/21, at about 1:50 pm.  I don't believe I received a return call, but if I did, apologies for missing it.  If you'd like to talk before the call with the ALJ tomorrow, I'm available at the following times: 9:30 to 11:00, 11:30 to 12:30 and 1:30 to 3:30.

Thanks.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com

EXHIBIT N

GC Exhibit 118



**From:** Green, Benjamin <Benjamin.Green@nlrb.gov>
**Sent:** Friday, April 9, 2021 11:15 AM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Bagley, Claire E. <claire.bagley@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Gaston, David <David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>; Frank Kearl <frank.kearl@maketheroadny.org>
**Subject:** RE: Req. for Conference Call in Amazon.com Services LLC (29-CA-261755)

[EXTERNAL EMAIL]
Counsel,

While we wait for emails from Mr. Kearl and the Respondent regarding their availability for a conference call on Monday, April 12,  I would like to clarify one point and offer an additional option.

First, in case there is any confusion, I did not grant the Respondent's petition to revoke to the extent it sought to reduce or change the temporal scope of subpoena duces tecum B-1-1BUGMiX.  Production of subpoenaed documents is required for the time periods designated in the subpoena, unless the parties agree otherwise.

Second, although I would like the parties  to informally confer and resolve disputes regarding the most efficient process for producing subpoenaed records, a more formal process may be employed if necessary.  To the extent the CAGC has questions that they do no believe are being answered, I can scheduled a date next week to go back on the record for the CAGC to call the Respondent's custodian(s) of records.  The custodian(s) would be a representative or representatives of the Respondent with knowledge of the subpoenaed documents, how they are kept, and how they can be searched and gathered.  We can discuss this option on Monday if we can schedule a conference call.  However, if a conference call is not held on Monday, the parties should please email me (no later than April 12) their positions regarding the necessity of such an option .

Thank you,
Benjamin W. Green
NLRB-ALJ

---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Thursday, April 8, 2021 5:06 PM
**To:** Bagley, Claire E. <claire.bagley@morganlewis.com>; Green, Benjamin <Benjamin.Green@nlrb.gov>
**Cc:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>
**Subject:** RE: Req. for Conference Call in Amazon.com Services LLC (29-CA-261755)

Judge Green,

CAGC is available anytime in the afternoon on Monday (4/12).

Thank you,
Evamaria Cox

EXHIBIT N

**From:** Bagley, Claire E. <claire.bagley@morganlewis.com>
**Sent:** Thursday, April 8, 2021 1:52 PM
**To:** Green, Benjamin <Benjamin.Green@nlrb.gov>; Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>
**Subject:** RE: Req. for Conference Call in Amazon.com Services LLC (29-CA-261755)

Hello Benjamin,

Counsel for the Respondent is not available on 4/9 and we are checking our availability for 4/12.

Thank you,
Claire

**Claire E. Bagley**
Administrative Practice Assistant
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5990 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
claire.bagley@morganlewis.com | www.morganlewis.com
Assistant to: Ashley E. Baxter, Crystal S. Carey, Michael E. Lignowski, Christopher J. Murphy, and Alex Perilstein



---

**From:** Green, Benjamin <Benjamin.Green@nlrb.gov>
**Sent:** Thursday, April 8, 2021 1:46 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Bagley, Claire E. <claire.bagley@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>
**Subject:** RE: Req. for Conference Call in Amazon.com Services LLC (29-CA-261755)

[EXTERNAL EMAIL]
Counsel,

I would like to schedule a conference call for April 9 or April 12.  Please email me your availability on those dates.  The Respondent should have someone in attendance who has knowledge of the documents in question and how those documents can be electronically gathered and searched.  If possible, I would also like the Region to have a court reporter on the call.

Thank you,
Benjamin W. Green, ALJ

---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Thursday, April 8, 2021 1:07 PM
**To:** Green, Benjamin <Benjamin.Green@nlrb.gov>

EXHIBIT N

GC Exhibit 118

Good afternoon Judge Green and Counsel,

I am writing to request a conference call to discuss Respondent's failure to comply with your March 24 Order and your March 29 direction to confer regarding suggested search terms. Attached please find communications between Respondent and CAGC.

Specifically, Respondent is refusing to comply with your ruling on Subpoena *duces tecum* B-1-1BUGMIX paragraph 1 by i) failing to produce Organizational Charts for 2019; ii) contrary to your order, defining the relevant time period as "the time of events covered by the operative factual allegations of the Amended Complaint;" and iii) failing to specify the time period Respondent is referring to as "the time of events covered by the operative factual allegations of the Amended Complaint."

Furthermore, on March 29, March 31, April 1, and April 5, 2021, per your direction CAGC requested that Respondent confer regarding suggested search terms.  On March 31, Respondent conditioned a conference call on CAGC producing the suggested search terms which we did on April 1. Even after CAGC produced the suggested search terms, Respondent informed us yesterday (4/7) that there was no need for us to confer.  In accordance with your direction, CAGC seeks to confer regarding the suggested search terms.  CAGC also seeks to confer regarding the form of production thus far.

Please let us know when you are available to discuss Respondent's lack compliance with your order and instructions.


Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.


DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an

EXHIBIT N

GC Exhibit 118

attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

EXHIBIT N

GC Exhibit 118

**Phillips, Kelcey J.**

| | |
|---|---|
| **From:** | Cox, Evamaria <Evamaria.Cox@nlrb.gov> |
| **Sent:** | Tuesday, April 6, 2021 3:25 PM |
| **To:** | Murphy, Christopher J.; Phillips, Kelcey J.; Buffalano, Nicole |
| **Cc:** | Jackson, Matthew; Gaston, David; Farmer, Tammy L. |
| **Subject:** | Deficiencies with Subpoena Production in Amazon.com Services LLC (29-CA-261755) |
| **Attachments:** | Production Folders Sample.pdf |

[EXTERNAL EMAIL]
Good afternoon Counsel,

Documents produced on March 31 and April 1 were not produced as kept in the usual course of business. For example, the emails produced are not in plain text, and there are documents with no creation date or author that were copied from Microsoft Word or other sources and converted to a .PDF file etc.

Paragraph k. Subpoena Definitions and Instructions Section requires that these documents be produced as kept in the usual course of business or organized by subpoena paragraph to which the document(s) is responsive. *See also* Federal Rules of Civil Procedure 34(E)(i). Paragraph k. requires that labels referring to that subpoena paragraph are to be affixed to each document or set of documents.

Respondent ignored the instruction to produce documents in native form or to organize by subpoena paragraph.

Rather than requesting that all the items be reproduced, I am writing to ask Respondent to cure the production by producing **AMZ-BRY000172- AMZ-BRY000178**, **AMZ-BRY000182- AMZ-BRY000183**, and **AMZ-BRY000184** in native format in addition to organizing the documents by subpoena paragraph to which the document is responsive.

At this point, I am not requesting that labels be affixed to each document that has already been produced. Instead, I am willing to accept a spreadsheet detailing the document's bates number and identifying to what subpoena paragraph(s) number(s) the document is responsive.

Moving forward, I am requesting that any documents produced after today (4/6/21) be put into separate labeled folders. If a document is responsive to more than one request, please produce the bate stamped document in both folders. Attached please a Production Folder Sample.

Below please find a comprehensive list of the production deficiencies. In addition to discussing the proposed search terms for paragraphs 17 and 19, we would like to discuss the form of production and the deficiencies set forth below. Please provide us with date/time options for a call. Thank you.

1. **No Responsive Documents Produced**
   a. Para. 10 (docs memorializing exact words/conducted resulted in discharge)
   b. Para. 12(b) (investigations into Evans' write-up)
   c. Para. 13(c) (docs considered/relied on n writing Evans up)
   d. Para. 14(b) (deliberations regarding Evans write-up)

2. **Documents are Partially Responsive**
   a. Para. 1-Org Charts for unspecified time/missing 2019 (addressed in email dated 4/1)

EXHIBIT O

GC Exhibit 118

   b.  Para. 13*-missing portion of Incident Details Section (addressed in email dated 4/6)

   c.  Para 15- **AMZ-BRY000185- AMZ-BRY000187** (documents or notes reflecting the circumstances and dates under which such recordings . . . .  were accessed, obtained and maintained were not produced)

**3.**  **Form of Production Issues**

   a.  No organizing/Labeling of documents

   b.  To be produced in Native Form:

     i.  **AMZ-BRY000172- AMZ-BRY000178**

     ii.  **AMZ-BRY000182- AMZ-BRY000183**

     iii.  **AMZ-BRY000184**

**4.**  **Miscellaneous**

   a.  Para. 7 (2017 Owner's Manual **AMZ-BRY000046-AMZ-BRY000076**).  The 2017 version was produced.  During the investigation portions of the 2019 manual was produced.  Please produce the 2019 version of the Owner's Manual.

   b.  Document Bates Stamped **AMZ-BRY000145** is missing.  Please produce this document.

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

EXHIBIT O

GC Exhibit 118

**Archived:** Wednesday, May 19, 2021 7:48:02 PM
**From:** Murphy, Christopher J.
**Mail received time:** Sat, 17 Apr 2021 14:36:53
**Sent:** Sat, 17 Apr 2021 14:36:51
**To:** Cox, Evamaria  Jackson, Matthew
**Cc:** Buffalano, Nicole  Ranjo, Jason J.  Phillips, Kelcey J.
**Subject:** Follow Up to 4/16/21 Call
**Importance:** Normal
**Sensitivity:** None
**Attachments:**
For Our 7_30 Call -- Please forward to Your side.msg;

---

Eva:

Following our 90-minute call last evening, here is our understanding of the items discussed or agreed to last night:

1.      We agreed to provide hit reports by search term for the following: (a) For the JFK8 set of 1,593 disciplines a hit list for the paragraph 16 terms (5 terms) and the paragraph 17 terms (31 terms); (b) For the EWR4 and BDL3 sets of disciplines, provide the same of hit list for both Paragraphs 16 and 17; and (c) We agreed to produce the personnel and investigative files, if any, of any employee whose discipline suggests to you that they may a comparator.  Relatedly, we have produced the personnel files for the 32 JFK8 comparators you have identified.

2.      We confirmed our written advice that the "discipline forms" you seek cannot be generated or extracted from the discipline reports (adapt) we have sent to you.  Each discipline form you seek must be extracted manually.  That is, the personnel file of the employee for whom you seek a discipline form must be downloaded from Amazon and reviewed by a reviewer.  The reviewer then identifies the discipline form(s) and copies it to a pdf format for review, QC and production.  As we advised under separate cover, this process is labor and time intensive.  For example, we estimate that production of the discipline forms in pdf form for JFK8, EWR4 and BDL3 would take more than 1000 hours of reviewer or attorney time. Assuming a 40 hour work week, this work would take more than 25 weeks to complete.

3.      We offered to search for additional search terms for the 10 paragraph 19 custodians already transferred.  (Two of the custodians we selected did not transfer over yet due to size limitations.)  This would be in addition to the terms provided in our pre-call email of last night (copy attached).  We ask that you provide us the additional terms you would like us to search. We also agreed to provide a hit list for each of the paragraph 19 terms searched to date.

4.      We explained how we selected the paragraph 19 custodian and search terms utilized.  As indicated, our approach was simple – we picked the custodians and terms that seemed to have the most relevance to Bryson's alleged PCA and the circumstances that lead to his termination.  We took issue with your suggestion that you didn't know what search terms to propose because you investigated this case and now have been preparing it for trial for months.  You asked why we didn't include the terms "blog" or "post" in our initial cut and we explained that we simply hadn't seen the strong connection of those terms to this case.  As noted above, we will search any additional terms form your set of proposed terms.

5.      Relatedly, you asked us about 5 paragraph 19 custodians (Neha Viswanath, Brian Reichart, Milly Gutierrez, Traci Weishalla, Anand Mehta, and Kristin LaRosa) not included in our initial review.  As per #4, we explained that we didn't select them because we did not view them as central to this case.  Please confirm that you want us to review those additional custodians and we will begin the process.  Note, however, that Amazon objects to pulling electronically stored information for Kristin LaRosa as a custodian because, as we explained, she is an Amazon in-house attorney, and the vast majority, if not all, of her responsive communications are likely privileged.  If Ms. LaRosa appears on responsive communications for other custodians, we will evaluate privilege on an individualized basis.

EXHIBIT P

GC Exhibit 118

Please let us know if you think we missed anything substantive.

Finally, we object to the repeated insinuations made by your participants on the call that we and/or our client are being less than fully compliant with our respective obligations to produce documents in this case.  Some of the participants on your side repeatedly used the terms "transparency" and "clarity" to suggest that Amazon has not produced all the responsive materials in its possession or that we are somehow not complying with our obligations under the applicable Rules of Professional Conduct.  When we pressed you to substantiate your insinuations, you said only that the production did not look like how you expected it to look and that Amazon's systems may not be "standard."  In response, we repeatedly assured you that we, in turn, have been assured that all emails and Chimes responsive to the Paragraph 19 search criteria we provided have been collected.  To alleviate your unfounded concerns that Amazon Chimes were not properly searched or pulled, Jason Ranjo told you that Amazon routinely produces Chimes in civil litigation discovery, that this Amazon production has proceeded in exactly the same way that others such productions have proceeded, and that no one has ever made the insinuations casually tossed about last night.  We respectfully request that you refrain from any further conjecture and aspersion.

*Chris*

**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



EXHIBIT P

GC Exhibit 118

**Phillips, Kelcey J.**

| | |
|---|---|
| **From:** | Murphy, Christopher J. |
| **Sent:** | Tuesday, April 20, 2021 12:39 PM |
| **To:** | Cox, Evamaria; Jackson, Matthew; Gaston, David |
| **Cc:** | Buffalano, Nicole; Phillips, Kelcey J.; Ranjo, Jason J.; Fisher, Jordan Scott; Bagley, Claire E. |
| **Subject:** | RE: Various Production Updates |

Eva:

One additional question regarding your email of 9;21 am today.  When I first reviewed it, I understood that you wanted the "Bryson _and_ search terms" search run against the 17 custodians only.

On review, we want to confirm that understanding.  If our understanding is incorrect, please identify the custodians you would like us to search.

Thank you.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Tuesday, April 20, 2021 9:59 AM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Ranjo, Jason J. <jason.ranjo@morganlewis.com>; Fisher, Jordan Scott <jordan.fisher@morganlewis.com>; Bagley, Claire E. <claire.bagley@morganlewis.com>
**Subject:** RE: Various Production Updates

[EXTERNAL EMAIL]
Anytime before 2:30 PM works for me.

---

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Tuesday, April 20, 2021 9:45 AM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Ranjo, Jason J. <jason.ranjo@morganlewis.com>; Fisher, Jordan Scott <jordan.fisher@morganlewis.com>; Bagley, Claire E.

EXHIBIT Q

GC Exhibit 118

<[claire.bagley@morganlewis.com](mailto:claire.bagley@morganlewis.com)>
**Subject:** RE: Various Production Updates

Eva:

Thanks for the clarification.  We'll consider your search request and advise regarding any issues.

I can tell you that we have an objection to the "Tim Bray" search term.  Please let us know when you can discuss that issue.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | [claire.bagley@morganlewis.com](mailto:claire.bagley@morganlewis.com)



---

**From:** Cox, Evamaria <[Evamaria.Cox@nlrb.gov](mailto:Evamaria.Cox@nlrb.gov)>
**Sent:** Tuesday, April 20, 2021 9:21 AM
**To:** Murphy, Christopher J. <[christopher.murphy@morganlewis.com](mailto:christopher.murphy@morganlewis.com)>; Jackson, Matthew <[Matthew.Jackson@nlrb.gov](mailto:Matthew.Jackson@nlrb.gov)>; Gaston, David <[David.Gaston@nlrb.gov](mailto:David.Gaston@nlrb.gov)>
**Cc:** Buffalano, Nicole <[nicole.buffalano@morganlewis.com](mailto:nicole.buffalano@morganlewis.com)>; Phillips, Kelcey J. <[kelcey.phillips@morganlewis.com](mailto:kelcey.phillips@morganlewis.com)>; Ranjo, Jason J. <[jason.ranjo@morganlewis.com](mailto:jason.ranjo@morganlewis.com)>; Fisher, Jordan Scott <[jordan.fisher@morganlewis.com](mailto:jordan.fisher@morganlewis.com)>; Bagley, Claire E. <[claire.bagley@morganlewis.com](mailto:claire.bagley@morganlewis.com)>
**Subject:** RE: Various Production Updates

[EXTERNAL EMAIL]
Good morning Chris,

I do not want the 11 search terms to be run against the 17 custodians.  My intent was for the search terms to be used in a general search as set out below.  Also, I just realized that "activis!" was run already.  Disregard my inclusion of "activis!".

I am confirming that I want the data to be pulled for the five additional custodians.  Thank you.

**Search Terms**:
("Gerald w/2 Bryson" or "GB" or "gbbryso" or "103899737") and
2. blog (19b)
3. post (19b)
10. Facebook or FB (19b)
26. "Tim Bray" (19b)
3. support (19d)
4. sympath! (19d)
6. AECJ (19d)
7. "Amazon Employees for Climate Justice" (19d)
8. "Amazonians United" (19d)

EXHIBIT Q

GC Exhibit 118

9. movement (19d)
10. Livecast (19d)


23. Senior Human Resources Neha Viswanath and nehavisw  (19a,19c)
24. Senior Manager Loss Prevention Brian Reichart and breich (19c)
25. Employee Relations Milly Gutierrez and gmilly  (19c)
26. Assistant General Manager Traci Weishalla and weishall  (19a, 19c)
27. Regional Operations Manager Anand Mehta and meha (19a, 19c)

---

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Monday, April 19, 2021 8:22 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Ranjo, Jason J. <jason.ranjo@morganlewis.com>; Fisher, Jordan Scott <jordan.fisher@morganlewis.com>; Bagley, Claire E. <claire.bagley@morganlewis.com>
**Subject:** RE: Various Production Updates

Eva:

Sorry about the serial emails. . . .

In further reviewing your email, it appears that in addition to additional terms for paragraph 19, you appear to be requesting 5 additional custodians.  Please confirm that you us to pull the data for the 5 additional custodians.

Also, please let us know if you want all 12 additional search terms run against all 17 custodians (including the 5 new ones).

Finally, as we advised on Friday night, it takes about a week to pull the data for additional custodians.

Thanks.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Monday, April 19, 2021 7:38 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>;

EXHIBIT Q

GC Exhibit 118

Ranjo, Jason J. <jason.ranjo@morganlewis.com>; Fisher, Jordan Scott <jordan.fisher@morganlewis.com>; Bagley, Claire E. <claire.bagley@morganlewis.com>
**Subject:** RE: Various Production Updates

[EXTERNAL EMAIL]
Chris,

Thank you for producing the production key and the hit reports.  I will review shortly.

Regarding the spreadsheets, please provide the excel spreadsheet for the 1,593 disciplines (paragraph 17).

I identified the nine (9) disciplines by <u>NOT</u> highlighting them in the attached document.

Lastly, in response to paragraph 3 in your attached email dated 4/17/21,  below please find the additional search terms for paragraph 19.  Thank you.

2. blog
3. post
10. Facebook or FB
26. "Tim Bray"

23. Senior Human Resources Neha Viswanath and nehavisw
24. Senior Manager Loss Prevention Brian Reichart and breich
25. Employee Relations Milly Gutierrez and gmilly
26. Assistant General Manager Traci Weishalla and weishall
27. Regional Operations Manager Anand Mehta and meha


3. support
4. sympath!
5. activis!
6. AECJ
7. Amazon Employees for Climate Justice
8. Amazonians United
9. movement
10. Livecast

---

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Monday, April 19, 2021 5:50 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Ranjo, Jason J. <jason.ranjo@morganlewis.com>; Fisher, Jordan Scott <jordan.fisher@morganlewis.com>; Bagley, Claire E. <claire.bagley@morganlewis.com>
**Subject:** Various Production Updates

Eva:

Attached are the production key we discussed and the combined paragraphs 16 and 17 hit report for all 3 facilities.

Regarding the key, we have provided this at your request.  Based on our understanding of the subpoena paragraphs and materials produced to date, we have made an attempt to relate the documents to the relevant subpoena

4

EXHIBIT Q

GC Exhibit 118

paragraphs.  Based on one's perspective of the subpoena and/or the documents, reasonable minds could differ as to which paragraphs relate to which documents.  We do not intend this key to be, nor should you rely on it as, as comprehensive, final and binding statement regarding these matters.  We are providing it as a guide only.

Regarding the hit report, it shows all 3 facilities with search terms from both paragraph 16 and 17.  The paragraph 16 hits are highlighted at the bottom on the chart.

Regarding the pdfs of the discipline information, we are willing to redact personally identifying information from the excel spreadsheets and then produce them to you in that format.  The spreadsheets would be produced to you with the same redactions contained in the pdfs.  Please confirm that you'd like us to do that and we think we can turn that around by the end of the day on Thursday, barring unforeseen issues.  If you don't want spreadsheets, let us know and we can send pdfs for EWR4 and BDL3.

We've requested the 151 personnel files you requested from the EWR4 and BDL3 information.  We'll give you an update on that when we can.

Finally, please identify the 9 personnel files you indicated on the call with the Judge had not been produced.

*Chris*

**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

EXHIBIT Q

GC Exhibit 118

**Archived:** Wednesday, May 19, 2021 7:47:54 PM
**From:** Cox, Evamaria
**Mail received time:** Wed, 21 Apr 2021 17:02:44
**Sent:** Wed, 21 Apr 2021 21:02:35
**To:** Buffalano, Nicole
**Cc:** Phillips, Kelcey J.   Murphy, Christopher J.   Jackson, Matthew   Gaston, David   Farmer, Tammy L.
**Subject:** RE: Status and Update on Production of Documents
**Importance:** Normal
**Sensitivity:** None

---

[EXTERNAL EMAIL]
Good afternoon Nicole,

At this time we oppose postponing the hearing and intend on calling the custodian of the records on Monday (4/26).

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

**From:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>
**Sent:** Tuesday, April 20, 2021 7:29 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** Kelcey Phillips <kelcey.phillips@morganlewis.com>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>
**Subject:** Status and Update on Production of Documents

Eva,

As we discussed today, it is becoming increasingly clear that producing all of the documents that the Counsel for the Acting General Counsel has requested before the May 3 hearing date – or even before the end of May – is an impossibility.  The CAGC's latest subpoena only pushes the estimate out further, as it contains another 99 separate requests and sub-requests that broadened the scope of the subpoena requests considerably, including by requesting documents related to the responsibilities of eleven separate Amazon representatives and documents that show *any time* those individuals exercised their responsibilities and documents, and ESI related to other individuals who work or worked at JFK8 that have nothing to do with this case.  As you know, there may also be additional production related to the Charging Party's subpoena as well.

I know that we have discussed this piecemeal over our various calls, but so that you have it all in one place, here is what our

EXHIBIT R

GC Exhibit 118

production timeline looks like based only on the initial subpoena.

- JFK8 Paragraph 17 – production of the 1,593 individual disciplinary forms:
  - An individual has to locate and open individual personnel files, locate the discipline in the file (which are generically labeled), and save the discipline locally.
  - The individual who is obtaining the data reported that this step is taking 4.5 minutes per personnel file.
  - Assuming that each discipline belongs to a unique employee, based on current information, it would take 7,168 minutes just to pull each of the 1,593 disciplines. That is 119 hours, which would take a full-time employee almost three weeks to complete.
  - This estimate does not include time for the attorneys to review and redact the documents.
  - It takes approximately 8 minutes for an attorney to review and redact one personnel file, based on our review of 32 personnel files and corresponding disciplines for certain JFK8 employees.
  - Therefore, it would take approximately 19,912 minutes to pull, review, and redact each of the 1,593 disciplines, assuming that each discipline belongs to a unique employee. **That is 332 hours, or approximately 8.3 weeks for one full-time employee working 40 hours each week.**

- EWR4 Paragraph 17 – production of the 535 individual disciplinary forms:
  - Using the same analysis above, it will take approximately 6,688 minutes for Amazon to pull the personnel files and review and redact the files. **That is 111 hours, or approximately 1.85 weeks for one full-time employee working 40 hours each week.**

- BDL3 – Paragraph 17 – production of 217 individual disciplinary forms:
  - Using the same analysis above, it will take approximately 2,716 minutes for Amazon to pull the personnel files and review and redact the files. **That is 45 hours, or approximately 1.1 weeks for one full-time employee working 40 hours each week.**

- JFK8, EWR4, BDL3 Paragraph 17 – 183 investigation files and 151 personnel files:
  - Investigation files are stored on a different database than the personnel and discipline files; however, the process for pulling, reviewing, and producing relevant files is similar.
  - Not every discipline has a corresponding investigation files. We have not completed our search for the relevant files, but based on what we have reviewed to date, we expect there to be approximately 95 relevant investigation files total for all three facilities (JFK8, EWR4, BDL3).
  - Each investigation file, if one exists for a particular investigation must be individually pulled from the system and then saved locally.
  - The individual who is obtaining the data reported that it is taking 4.5 minutes per investigation file.
  - Once the investigation files are pulled, they are sent to counsel to be reviewed and redacted. The review and redaction process takes approximately 18 minutes for each file.
  - Assuming there are 95 responsive investigation files in total, it will take approximately 2,138 minutes for Amazon to pull the investigation files and review and redact the files. **That is 36 hours, or approximately 5 days for one full-time employee working 40 hours each week**
  - .

- Paragraph 19 – ESI related to four separate requests. As you know, we are still conferring with the Region related to Paragraph 19 search criteria and will need time to continue to do that. Only after those search terms and custodians are agreed upon can our review begin. Just to level set, **can take approximately one week to pull ESI for each additional custodian, depending on the amount of data available for the particular custodian.** With respect to reviewing the documents, on average, one individual will be able to review between 500-1000 documents per day. **Just based on the total number of hits today (including families), there are 12,605 documents. Based on these documents alone, it would take one individual working full time between 12 and 24 days to review the responsive documents.**

Unfortunately, we do not have unlimited resources to produce documents, so based on current discussions, we believe it will take at least 7 weeks to produce all of the above documents. Any searches, review and production related to the Region's new subpoena or the charging Party's subpoena would be on top of that 7-week period. In addition to the timing issues, the current timeline does not permit the parties to engage in the necessary discussions around appropriate responses to your requests. It also guarantees that you will have some, but certainly not all of the information by May 3, with little if any time to review it. The remaining two subpoenas further complicate the timeline. In addition, I note that Chris and I are also significantly involved in Amazon's Bessemer election and it appears likely that the objections hearing will be scheduled at the same time as this hearing. For all of these reasons, the Respondent intends to request a postponement of this hearing. Please let us know your position on a postponement that would allow us to facilitate the exchange of documents under the current subpoena and the other two subpoenas (should they be enforced) in a timely manner.

Finally, regardless of whether the hearing is postponed, we suggest postponing the questioning of the custodians(s) of the record until the issues with the existing subpoena are settled and the issues with the new subpoenas are more developed.

EXHIBIT R

GC Exhibit 1.18

We want to avoid calling the custodian(s) of the record multiple times and instead call them one time once all of the issues have crystalized.  Calling the custodian(s) multiple times is not an efficient use of anyone's time.

Thank you,

**Nicole Buffalano**
**Morgan, Lewis & Bockius LLP**
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132
Direct: +1.213.612.7443 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 | Mobile: +1.240.350.8208
nicole.buffalano@morganlewis.com | www.morganlewis.com
Assistant: Lois J. Han | +1.213.612.7407 | lois.han@morganlewis.com



DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

EXHIBIT R

GC Exhibit 118

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 29**

|  |  |  |
|---|---|---|
| AMAZON.COM SERVICES LLC, | ) | |
| | ) | |
| and | ) | Case No. 29-CA-261755 |
| | ) | |
| GERALD BRYSON, an Individual | ) | |
| | ) | |

## <u>MOTION TO POSTPONE HEARING</u>

Pursuant to Sections 102.16(b) and 102.24(a) of the Board's Rules and Regulations,

Amazon.com Services LLC (the "Respondent" or "Company"), through its undersigned counsel,

hereby moves to indefinitely postpone the hearing, currently scheduled for Monday, May 3,

2021.  The reasons for this request are as follows:

1.    The pre-hearing document production process is ongoing but given the breadth of

the subpoena requests, Respondent will not be able to produce all of the documents or other

materials responsive to Counsel for the Acting General Counsel's ("CAGC") *first*[1] subpoena

*duces tecum* (B-1-1BUGMIX) on or before the hearing is scheduled to reopen.  In fact,

Respondent would not be able to produce all of the documents requested to date by the CAGC

---

[1]    On April 19, 2021, the CAGC served a second subpoena *duces tecum* (B-1-1CBQM1N) on Respondent.  The Respondent's petition to revoke CAGC's second subpoena is due Monday, April 26.  If the second subpoena is enforced in whole or in part, neither delivery nor review and production of responsive documents is possible until well beyond May 3.

EXHIBIT S

GC Exhibit 118

related to the first subpoena until on or about mid-June 2021, even if two reviewers work on these current requests on a full-time basis.[2]

2.      As Respondent has advised the CAGC,  Respondent is in the midst of attempting to gather over a thousand individual disciplinary forms related to individual disciplines issued to associates at the JFK8 and almost seven hundred such forms issued to associates at the EWR4 and BDL3 facilities, all in response to Paragraph 17 of CAGC's first subpoena.[3]  As previously explained to the ALJ and the parties, production of these individual discipline forms is time and effort intensive.  To obtain the individual discipline forms, a reviewer must electronically search for, download and open the associate personnel file related to each form, locate the discipline in the file, and save the discipline locally in PDF format.  The reviewer who has performed these tasks has reported that it takes 4.5 minutes to locate and download each personnel file.  Then, once the file had been downloaded, another individual must review and redact the file prior to production.  The individual who has reviewed some of the 32 personnel files and corresponding disciplines for certain JFK8 associates that have been produced has indicated that it takes

---

[2]      The parties continue to confer on the CAGC's first subpoena.  The documents and estimates described in this motion represent the documents that the CAGC has identified as responsive to the subpoena.  Respondent does not concede to the relevance of any of these documents or any obligation on the part of the Respondent to provide them.  Moreover, these estimates provided today do not include any additional production that the CAGC may seek to obtain through our discussions.  As the production discussions between Respondent and the CAGC have progressed, the scope, burden and disproportionality of the production demands has become even more evident.  Respondent reserves all rights to make further arguments that production should be stopped or dramatically scaled back as a result.

[3]      At the time Respondent filed its petition to partially revoke the CAGC's subpoena, the parties did not know how may disciplines might potentially be at issue.  Thus, the ALJ noted that Respondent was not yet able to "establish[] that the production of documents from JFK8 and its two regional facilities would be excessively burdensome."  *Order on Trial Dates and the Respondent's Petition to Partially Revoke Counsel for the Acting General Counsel's Subpoena Duces Tecum*, pg. 5, Mar. 24, 2021.  Since then, it has become evident that a voluminous number of disciplines may be at issue, and Respondent reserves the right to renew its request to revoke this request as unduly burdensome and disproportionate to the needs of this case.

GC Exhibit 118

approximately 8 minutes to review and redact each personnel file.  Based on this experience,
Respondent estimates it will require about 9 weeks of full-time work to produce all the
documents relating to associate discipline demanded by the CAGC (209 hours, or approximately
5.2 weeks, for JFK8; and 146 hours, or approximately 3.65 weeks, for EWR4 and BDL3).  Based
on the Paragraph 17 production alone, assuming that the CAGC would like to review these
documents for use at the hearing, resuming the hearing on May 3 is a practical impossibility.[4]

  3.  In addition to the disciplinary documents described above in Paragraph 2,
Respondent is also working on the production of any available investigation files for almost two
hundred individual disciplines issued to associates at the JFK8, EWR4, and BDL3 facilities.
Investigation files are stored in a separate database from the personnel files; however, the
process for pulling, reviewing, and producing them is similar.  The reviewer who has performed
these tasks has reported that doing so takes 4.5 minutes to locate and download each
investigation file.  Further, the individual who has reviewed the existing investigation files for
certain JFK8 associates has indicated that it takes approximately 18 minutes to review and redact
each file.  Not every discipline has a corresponding investigation file, but Respondent anticipates
that there will likely be at least 95 relevant investigation files for the three facilities.  Based on
this approximation, Respondent estimates that this process will take at least 36 hours, or
approximately 5 days, to complete.

  4.  The CAGC has additionally requested ESI related to four separate requests in
response to Paragraph 19 of the first subpoena.  To date, the parties are actively conferring
related to Paragraph 19 search criteria.  Respondent estimates that it can take approximately one

---

[4]  The time estimates provided do not include the additional time necessary to identify,
review and produce documents responsive to any parts of the CAGC's second subpoena, served
on April 19, or the Charging Party's separate subpoena, should the ALJ enforce that.

EXHIBIT S

GC Exhibit 118

week to pull ESI for each additional custodian identified by the CAGC, depending on the amount of data available for the particular custodian.  In addition to the 12 existing custodians, the CAGC has asked Respondent to pull ESI for 5 other custodians and has requested that 11 additional search terms be added to the list.  These discussions between the parties are ongoing.

5.      On April 8, 2021, to facilitate the discussions between the parties related to Paragraph 19, Respondent ran a partial list of Paragraph 19 search terms on a partial set of Paragraph 19 custodians.  On April 15, that search returned 12,605 unique documents (including families).  Based on experience, a reviewer who has previously reviewed ESI documents should be able to review 500-1000 documents per day.  Accordingly, Respondent estimates that it would take between one to two weeks to review these 12,605 unique documents, assuming two reviewers working full time.

6.      In addition, on April 19, the CAGC served a second subpoena on Respondent. The second subpoena contains another **99 separate requests and sub-requests** that broadened the scope of the first subpoena considerably, including by requesting documents related to the responsibilities of eleven separate Company representatives and documents that show *any time* those individuals exercised their responsibilities, and documents and ESI related to other individuals who work or worked at the JFK8 facility that are not relevant to the above-referenced matter.  To the extent that some or all of the CAGC's breathtakingly overbroad second subpoena is enforced, it only further complicates and delays the production of responsive documents to the CAGC.

7.      On April 13, 2021, the Charging Party served yet another subpoena *duces tecum* (B-1-1C9GVF7) on Respondent.  While some of the requests in the subpoena appear to overlap with certain requests contained in the CAGC's subpoenas, many do not.  For example, the

EXHIBIT S

GC Exhibit 118

Charging Party's subpoena requests documents regarding the nature, scope, and functions of Respondent's Loss Prevention, Operations, Safety Department, and Learning teams.  On April 20, Respondent filed a Petition to Revoke that subpoena, which is pending with the ALJ.  In the event that any part of the Charging Party's subpoena is enforced, the mid-June deadline estimated above would also be extended.  Given the uncertainty surrounding the Charging Party's subpoena, Respondent cannot estimate the additional time required to respond, if any.

8.     Respondent's undersigned counsel are counsel for Respondent in Amazon's Bessemer, Alabama election in Case No. 10-RC-269250.  The Region has indicated that an objections hearing may begin as soon as April 30, but is very likely to begin between April 30 and May 17.  Both of Respondent's trial counsel in this matter have been deeply involved in the Region 10 election case.  The undersigned will be unable to be present in both matters simultaneously.

9.     A postponement is necessary for four reasons.  First, to permit the parties to resolve the production issues that currently exist related to the CAGC's first subpoena, reach an agreement on which documents will be produced, and to permit time for those documents to be produced.  Second, to complete some or all of the production that is currently underway, as described herein in Paragraphs 2–5.  Third, to permit the parties to resolve the issues that will likely result from the additional subpoenas filed by the Charging Party and the CAGC.  Unless a postponement is granted, Respondent may be faced with a deadline it cannot meet (based on the above estimates) and may produce documents to the CAGC in a context that ensures they may never be reviewed by anyone.  Certainly, that scenario is inconsistent with the interests of all the parties and, frankly, inconsistent with the concepts of fairness and due process.  Fourth,

EXHIBIT S

GC Exhibit 118

undersigned counsel will be unable to represent Amazon in this matter and in the Bessemer election matter simultaneously.

      10.    Respondent has communicated with CAGC and counsel for the Charging Party to ascertain their respective positions on this postponement request.  The Charging Party and the CAGC are opposed to a postponement.

      For all of the forgoing reasons, Respondent Amazon.com Services, LLC respectfully requests that this Motion to Postpone Hearing be granted.


Dated: April 22, 2021

Respectfully submitted,

                        */s/ Nicole A. Buffalano* _____

                        Nicole Buffalano
                        Morgan, Lewis & Bockius LLP
                        300 South Grand Avenue, Twenty Second Floor
                        Los Angeles, CA 90071-3132
                        Phone: +1.213.612.7443
                        Fax: +1.213.612.2500
                        nicole.buffalano@morganlewis.com

                        Christopher J. Murphy
                        Morgan, Lewis & Bockius LLP
                        1701 Market Street
                        Philadelphia, PA 19103-2921
                        Phone: +1.215.963.5601
                        Fax: +1.215.963.5001
                        christopher.murphy@morganlewis.com

                        *Attorneys for Respondent*
                        *Amazon.com Services LLC*

EXHIBIT S

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion to Postpone

Hearing was electronically filed, and served via e-mail and mail, on April 22, 2021, upon the

following:

Evamaria Cox
Counsel for the Acting General Counsel
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201
Evamaria.Cox@nlrb.gov

Frank Kearl
Charging Party's Legal Representative
Make the Road New York
161 Port Richmond Ave.
Staten Island, NY 10302
frank.kearl@maketheroadny.org

Gerald Bryson
Charging Party
1950 Clove Rd.
Apt. 543
Staten Island, NY 10304

*/s/ Kelcey J. Phillips*                Dated: April 22, 2021

Kelcey J. Phillips
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Phone: +1.202.739.5455
Fax: +1.202.739.3001
Email: kelcey.phillips@morganlewis.com

*Attorney for Respondent*
*Amazon.com Services LLC*

EXHIBIT S

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Tuesday, April 20, 2021 10:44 PM |
| **To:** | 'Cox, Evamaria'; Jackson, Matthew |
| **Cc:** | Buffalano, Nicole; Murphy, Christopher J. |
| **Subject:** | Amazon, Case No. 29-CA-261755 |

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis' secure file transfer system, documents responsive to subpoena B-1-1BUGMIX.

Please let us know if you have any trouble accessing or opening the documents.

Best,
Kelcey

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members



EXHIBIT T

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

April 20, 2021

**Via Secure File Transfer**
Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:     Amazon.com Services LLC Case 29-CA-261755

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY001308" through "AMZ-BRY001386," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum*.  Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

- **Paragraph 10:**
  - AMZ-BRY001308
  - AMZ-BRY001342 - AMZ-BRY001343
  - AMZ-BRY001349
  - AMZ-BRY001353
  - AMZ-BRY001354
  - AMZ-BRY001355 - AMZ-BRY001356
  - AMZ-BRY001357 - AMZ-BRY001358
  - AMZ-BRY001359
  - AMZ-BRY001360
  - AMZ-BRY001361
  - AMZ-BRY001362
  - AMZ-BRY001363
  - AMZ-BRY001364
  - AMZ-BRY001365
  - AMZ-BRY001366 - AMZ-BRY001367
  - AMZ-BRY001368 - AMZ-BRY001369
  - AMZ-BRY001373
- **Paragraph 11:**
  - AMZ-BRY001345
  - AMZ-BRY001350
  - AMZ-BRY001351 - AMZ-BRY001352

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States

**T** +1.202.739.3000
**F** +1.202.739.3001

EXHIBIT T

GC Exhibit 118

April 20, 2021
Page 2

- o   AMZ-BRY001375
- o   AMZ-BRY001376
- o   AMZ-BRY001377 - AMZ-BRY001379
- o   AMZ-BRY001380 - AMZ-BRY001383
- **Paragraph 12:**
  - o   AMZ-BRY001310
  - o   AMZ-BRY001339 - AMZ-BRY001341
  - o   AMZ-BRY001342 - AMZ-BRY001343
  - o   AMZ-BRY001346 - AMZ-BRY001348
  - o   AMZ-BRY001349
  - o   AMZ-BRY001353
  - o   AMZ-BRY001354
  - o   AMZ-BRY001355 - AMZ-BRY001356
  - o   AMZ-BRY001357 - AMZ-BRY001358
  - o   AMZ-BRY001359
  - o   AMZ-BRY001360
  - o   AMZ-BRY001361
  - o   AMZ-BRY001362
  - o   AMZ-BRY001363
  - o   AMZ-BRY001364
  - o   AMZ-BRY001365
  - o   AMZ-BRY001366 - AMZ-BRY001367
  - o   AMZ-BRY001368 - AMZ-BRY001369
  - o   AMZ-BRY001370 - AMZ-BRY001372
  - o   AMZ-BRY001373
- **Paragraph 13:**
  - o   AMZ-BRY001342 - AMZ-BRY001343
  - o   AMZ-BRY001349
  - o   AMZ-BRY001354
  - o   AMZ-BRY001355 - AMZ-BRY001356
  - o   AMZ-BRY001357 - AMZ-BRY001358
  - o   AMZ-BRY001359
  - o   AMZ-BRY001360
  - o   AMZ-BRY001362
  - o   AMZ-BRY001363
  - o   AMZ-BRY001364
  - o   AMZ-BRY001365
  - o   AMZ-BRY001366 - AMZ-BRY001367
  - o   AMZ-BRY001368 - AMZ-BRY001369
  - o   AMZ-BRY001373
- **Paragraph 14:**
  - o   AMZ-BRY001308
- **Paragraph 16:**
  - o   AMZ-BRY001311 – AMZ-BRY001312
  - o   AMZ-BRY001313 - AMZ-BRY001316
  - o   AMZ-BRY001317 - AMZ-BRY001321
  - o   AMZ-BRY001322 - AMZ-BRY001323
  - o   AMZ-BRY001324 - AMZ-BRY001335
  - o   AMZ-BRY001336 - AMZ-BRY001338
- **Paragraph 17:**
  - o   AMZ-BRY001384

EXHIBIT T

GC Exhibit 118

April 20, 2021
Page 3

- o   AMZ-BRY001385
- o   AMZ-BRY001386

Please contact me should you have any questions.

Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Matthew Jackson, Esq.

EXHIBIT T

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Tuesday, April 27, 2021 10:48 PM |
| **To:** | Cox, Evamaria; Jackson, Matthew |
| **Cc:** | Murphy, Christopher J.; Buffalano, Nicole; Williams, Jennifer Mott |
| **Subject:** | Amazon Case No. 29-CA-261755 |

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis' secure file transfer system, documents responsive to subpoena B-1-1BUGMIX. Please note that AMZ-BRY001389 is the de-duplicated Excel spreadsheet for the JFK8 disciplines responsive to Paragraph 17.

Per ALJ Green's order, we have also included a redacted copy of our communication with regard to search terms and custodians for Paragraphs 12 and 14.

Please let us know if you have any trouble accessing or opening the documents.

Thanks,
Kelcey

**Kelcey J. Phillips***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members



EXHIBIT U

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

April 27, 2021

**Via Secure File Transfer**
Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:      <u>Amazon.com Services LLC Case 29-CA-261755</u>

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY001387" through "AMZ-BRY001389," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum*.  Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

- **Paragraph 15:**
  - AMZ-BRY001387
  - AMZ-BRY001388
- **Paragraph 17:**
  - AMZ-BRY001389

Please contact me should you have any questions.

Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Jennifer Mott Williams, Esq.
Matthew Jackson, Esq.

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States

**T** +1.202.739.3000
**F** +1.202.739.3001

EXHIBIT U

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Murphy, Christopher J. |
| **Sent:** | Monday, April 26, 2021 5:41 PM |
| **To:** | Cox, Evamaria; Jackson, Matthew; Frank Kearl |
| **Cc:** | Buffalano, Nicole; Phillips, Kelcey J.; Bagley, Claire E. |
| **Subject:** | Amazon_Bryson - Privilege Log (4-26-21) |
| **Attachments:** | Amazon_Bryson - Privilege Log (4-26-21).pdf |

All:

As discussed at the hearing today, attached is Respondent's privilege log.  As our production continues, we anticipate that we will supplement this log.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



EXHIBIT V

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Monday, May 3, 2021 9:17 AM |
| **To:** | 'Cox, Evamaria'; 'Jackson, Matthew'; 'Gaston, David'; 'Farmer, Tammy L.' |
| **Cc:** | Murphy, Christopher J.; Buffalano, Nicole; Williams, Jennifer Mott |
| **Subject:** | RE: Amazon Case No. 29-CA-261755 |
| **Attachments:** | Processing Log.pdf |

Ms. Cox,

Attached please also find a copy of the referenced Relativity processing log.

Thanks,

**Kelcey J. Phillips***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members



---

**From:** Phillips, Kelcey J.
**Sent:** Sunday, May 2, 2021 8:15 PM
**To:** 'Cox, Evamaria' <Evamaria.Cox@nlrb.gov>; 'Jackson, Matthew' <Matthew.Jackson@nlrb.gov>; 'Gaston, David' <David.Gaston@nlrb.gov>; 'Farmer, Tammy L.' <Tammy.Farmer@nlrb.gov>
**Cc:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Williams, Jennifer Mott <jennifer.williams@morganlewis.com>
**Subject:** RE: Amazon Case No. 29-CA-261755

Ms. Cox,

Attached please find a copy of the March communications from Ms. Volk's inbox.

Thanks,

**Kelcey J. Phillips***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members



EXHIBIT W

**From:** Phillips, Kelcey J.
**Sent:** Wednesday, April 28, 2021 3:40 PM
**To:** 'Cox, Evamaria' <Evamaria.Cox@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>
**Cc:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Williams, Jennifer Mott <jennifer.williams@morganlewis.com>
**Subject:** RE: Amazon Case No. 29-CA-261755

Ms. Cox,

The email shows that it was sent to a listserv – amzngenlit.  This is an email group distribution list at Consilio that includes Ms. Volk.  In the interest of time, we went ahead and produced our version of the document.  Nevertheless, we have asked Ms. Volk to provide her copy to us and can produce that after we receive it.

Thanks,
Kelcey

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Wednesday, April 28, 2021 8:37 AM
**To:** Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>
**Cc:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Williams, Jennifer Mott <jennifer.williams@morganlewis.com>
**Subject:** RE: Amazon Case No. 29-CA-261755

[EXTERNAL EMAIL]
Good morning Ms. Phillips,

I receive the attached communication.  This communication does not include Ms. Volk.

Please provide the two March emails and the Relativity reports referenced by Ms. Volk on Monday (4/26).

Thank you,
Evamaria Cox

**From:** Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Sent:** Tuesday, April 27, 2021 10:48 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>

EXHIBIT W

GC Exhibit 118

**Cc:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Williams, Jennifer Mott <jennifer.williams@morganlewis.com>
**Subject:** Amazon Case No. 29-CA-261755

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis' secure file transfer system, documents responsive to subpoena B-1-1BUGMIX. Please note that AMZ-BRY001389 is the de-duplicated Excel spreadsheet for the JFK8 disciplines responsive to Paragraph 17.

Per ALJ Green's order, we have also included a redacted copy of our communication with regard to search terms and custodians for Paragraphs 12 and 14.

Please let us know if you have any trouble accessing or opening the documents.

Thanks,
Kelcey

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members



DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

EXHIBIT W

**Archived:** Wednesday, May 19, 2021 7:46:57 PM
**From:** Cox, Evamaria
**Mail received time:** Tue, 27 Apr 2021 18:42:19
**Sent:** Tue, 27 Apr 2021 22:42:11
**To:** Murphy, Christopher J.
**Cc:** Buffalano, Nicole  Phillips, Kelcey J.  Jackson, Matthew  Williams, Jennifer Mott
**Subject:** RE: "Duplicate" Discipline Entries on JFK8 Discipline Log
**Importance:** Normal
**Sensitivity:** None

---

[EXTERNAL EMAIL]
Thank you very much but I've already de-duplicated.

Nevertheless, I've explained these charts are not usable for testimony and are not acceptable in lieu of the underlying disciplines.

As requested on the record last Monday (4/19) please prioritize producing the disciplinary/feedback documents responsive to paragraph 16 for EWR4 and BDL3.

Thank you,
Evamaria

---

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Tuesday, April 27, 2021 5:39 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Williams, Jennifer Mott <jennifer.williams@morganlewis.com>
**Subject:** "Duplicate" Discipline Entries on JFK8 Discipline Log

Eva:

During the hearing yesterday, you advised that the JFK8 discipline log we had provided contained "duplicate" entries. After the hearing, we looked at the log and discovered that it included about 25% duplicate entries. Under separate cover today, we will provide a "de-duplicated" log.

We will also be producing 2 videos showing conduct on 4/6/20.

Please let us know if you have any questions.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



EXHIBIT X

GC Exhibit 118

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

EXHIBIT X

GC Exhibit 118

**Phillips, Kelcey J.**

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Friday, April 30, 2021 9:18 AM |
| **To:** | 'Cox, Evamaria' |
| **Cc:** | Jackson, Matthew; Murphy, Christopher J.; Buffalano, Nicole |
| **Subject:** | RE: Outstanding Issues/Resumption of Hearing in Amazon.com Services LLC (29-CA-261755) |

Ms. Cox,

We have just sent, via Morgan Lewis' secure file transfer system, documents related to #4 in your April 28 email below.

Thanks,

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members



---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Wednesday, April 28, 2021 7:25 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Subject:** Outstanding Issues/Resumption of Hearing in Amazon.com Services LLC (29-CA-261755)

[EXTERNAL EMAIL]
Good evening Counsel,

I am writing follow up on several outstanding issues and make clear our expectations for the resumption of the hearing on May 3.

1) Please make Mr. Tim Brainerd available on Monday (5/3);

2) We plan to recall Mr. Grabowski.  Please make him available for Monday (5/3) and Tuesday (5/4);

3) Please identify which subpoena paragraph(s) each document listed in the privilege log is responsive to;

4) There are 10 outstanding disciplines responsive to paragraph 13 that Respondent relied upon/considered in terminating Bryson. By email dated 4/13 Ms. Buffalano represented that production of the outstanding comparator materials was underway.  Please make the 10 discipline/feedback documents available on or before May 3;

1

EXHIBIT Y

GC Exhibit 118

5) Please prioritize and produce on or before May 3 the discipline/feedback documents that I've highlighted in the attached documents for BDL3 (24 disciplines); EWR (62 disciplines); and 70 disciplines from JFK8 (disregard the 32 disciplines that are highlighted but have already been produced);

6) The attached email dated April 10, 2020 5:03 PM (AMZ-BRY001370) references an excel spreadsheet with allegations that was not produced.  Please produce the excel sheet on or before May 3;

7) Regarding AMZ-BRY001387 and AMZ-BRY001388 (videos produced 4/27), produce documents or notes reflecting the circumstances and dates under which those videos were accessed, obtained, and maintained on or before May 3;

8) Please provide the two March emails and the Relativity reports referenced by Ms. Volk on Monday (4/26) on or before May 3; and

9) Regarding paragraph 19(b) of the subpoena, please designate Rachael Lighty, Heather Knox, Kristen Kish, and Drew Herdener as custodians.  On 4/20 I informed Ms. Buffalano that the hit count report produced by Mr. Murphy on 4/16 did not designate any custodians for paragraphs 19(b) or 19(d) and that I did not know who is in charge of Respondent's public relations. I asked Ms. Buffalano to let me know what custodians were used for 19(b) and if a general search was somehow conducted.  I further informed Ms. Buffalano that I understood Respondent's objection with using "Tim Bray" as a search term.  However, I asked Ms. Buffalano to let me know if Mr. Bray's name could be combined with Gerald Bryson and other terms.  I never heard back on either of these issues.  Since I am requesting the above referenced individuals be designated custodians, the custodian issue is now moot.  Please let me know whether "Tim Bray" and "Gerald Bryson" can be combined with a third search term without further delay.  Thank you.

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

EXHIBIT Y

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

April 30, 2021

**Via Secure File Transfer**
Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:     Amazon.com Services LLC Case 29-CA-261755

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY001390" through "AMZ-BRY001469," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum*.  Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

- **Paragraph 13:**
  - AMZ-BRY001390 - AMZ-BRY001393
  - AMZ-BRY001394 - AMZ-BRY001395
  - AMZ-BRY001396 - AMZ-BRY001397
  - AMZ-BRY001398 - AMZ-BRY001430
  - AMZ-BRY001431 - AMZ-BRY001457
  - AMZ-BRY001458 - AMZ-BRY001461
  - AMZ-BRY001462 - AMZ-BRY001467
  - AMZ-BRY001468 - AMZ-BRY001469

The disciplines you identified in your April 20, 2021 email correspondence as having incident dates on November 25, 2018 and February 1, 2019 were previously produced in the files Bates stamped AMZ-BRY000999 - AMZ-BRY001036 and AMZ-BRY000552 - AMZ-BRY000569, respectively.

Please contact me should you have any questions.

Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States

**T** +1.202.739.3000
**F** +1.202.739.3001

EXHIBIT Y

GC Exhibit 118

April 30, 2021
Page 2

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Jennifer Mott Williams, Esq.
Matthew Jackson, Esq.

EXHIBIT Y

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Saturday, May 1, 2021 7:03 PM |
| **To:** | 'Cox, Evamaria'; Jackson, Matthew |
| **Cc:** | Buffalano, Nicole; Murphy, Christopher J.; Williams, Jennifer Mott |
| **Subject:** | RE: Outstanding Issues/Resumption of Hearing in Amazon.com Services LLC (29-CA-261755) |

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis' secure file transfer system, additional personnel files for EWR4 related to your request #5 below. The personnel files referenced in my below email from 2:45 p.m. today are also for EWR4 employees.

Thanks,

**Kelcey J. Phillips***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members



---

**From:** Phillips, Kelcey J.
**Sent:** Saturday, May 1, 2021 2:45 PM
**To:** 'Cox, Evamaria' <Evamaria.Cox@nlrb.gov>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Subject:** RE: Outstanding Issues/Resumption of Hearing in Amazon.com Services LLC (29-CA-261755)

Ms. Cox,

We have just sent, via Morgan Lewis' secure file transfer system, an initial set of personnel files related to your #5 request below, and we are providing the spreadsheet referenced in your #6 request below.

Thanks,

**Kelcey J. Phillips***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members

EXHIBIT Z

GC Exhibit 118



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Wednesday, April 28, 2021 7:25 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Subject:** Outstanding Issues/Resumption of Hearing in Amazon.com Services LLC (29-CA-261755)

[EXTERNAL EMAIL]
Good evening Counsel,

I am writing follow up on several outstanding issues and make clear our expectations for the resumption of the hearing on May 3.

1) Please make Mr. Tim Brainerd available on Monday (5/3);

2) We plan to recall Mr. Grabowski.  Please make him available for Monday (5/3) and Tuesday (5/4);

3) Please identify which subpoena paragraph(s) each document listed in the privilege log is responsive to;

4) There are 10 outstanding disciplines responsive to paragraph 13 that Respondent relied upon/considered in terminating Bryson. By email dated 4/13 Ms. Buffalano represented that production of the outstanding comparator materials was underway.  Please make the 10 discipline/feedback documents available on or before May 3;

5) Please prioritize and produce on or before May 3 the discipline/feedback documents that I've highlighted in the attached documents for BDL3 (24 disciplines); EWR (62 disciplines); and 70 disciplines from JFK8 (disregard the 32 disciplines that are highlighted but have already been produced);

6) The attached email dated April 10, 2020 5:03 PM (AMZ-BRY001370) references an excel spreadsheet with allegations that was not produced.  Please produce the excel sheet on or before May 3;

7) Regarding AMZ-BRY001387 and AMZ-BRY001388 (videos produced 4/27), produce documents or notes reflecting the circumstances and dates under which those videos were accessed, obtained, and maintained on or before May 3;

8) Please provide the two March emails and the Relativity reports referenced by Ms. Volk on Monday (4/26) on or before May 3; and

9) Regarding paragraph 19(b) of the subpoena, please designate Rachael Lighty, Heather Knox, Kristen Kish, and Drew Herdener as custodians.  On 4/20 I informed Ms. Buffalano that the hit count report produced by Mr. Murphy on 4/16 did not designate any custodians for paragraphs 19(b) or 19(d) and that I did not know who is in charge of Respondent's public relations. I asked Ms. Buffalano to let me know what custodians were used for 19(b) and if a general search was somehow conducted.  I further informed Ms. Buffalano that I understood Respondent's objection with using "Tim Bray" as a search term.  However, I asked Ms. Buffalano to let me know if Mr. Bray's name could be combined with

2

EXHIBIT Z

GC Exhibit 118

Gerald Bryson and other terms.  I never heard back on either of these issues.  Since I am requesting the above referenced individuals be designated custodians, the custodian issue is now moot.  Please let me know whether "Tim Bray" and "Gerald Bryson" can be combined with a third search term without further delay.  Thank you.

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

EXHIBIT Z

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

May 1, 2021

**Via Secure File Transfer**
Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:   Amazon.com Services LLC Case 29-CA-261755

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY001470" through "AMZ-BRY001922," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum*.  Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

- **Paragraph 13:**
  - AMZ-BRY001344
- **Paragraph 15**
  - AMZ-BRY001923
  - AMZ-BRY001924
  - AMZ-BRY001925
  - AMZ-BRY001926
  - AMZ-BRY001927
  - AMZ-BRY001928
- **Paragraph 16:**
  - AMZ-BRY001470 - AMZ-BRY001511
  - AMZ-BRY001512 - AMZ-BRY001530
  - AMZ-BRY001531 - AMZ-BRY001537
  - AMZ-BRY001538 - AMZ-BRY001596
  - AMZ-BRY001597 - AMZ-BRY001620
  - AMZ-BRY001621 - AMZ-BRY001674
  - AMZ-BRY001675 - AMZ-BRY001712
  - AMZ-BRY001713 - AMZ-BRY001800
  - AMZ-BRY001801 - AMZ-BRY001836
  - AMZ-BRY001837 - AMZ-BRY001922

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States
**T** +1.202.739.3000
**F** +1.202.739.3001

EXHIBIT Z

GC Exhibit 118

May 1, 2021
Page 2

Please contact me should you have any questions.

Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Jennifer Mott Williams, Esq.
Matthew Jackson, Esq.

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

May 1, 2021

**Via Secure File Transfer**
Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:     Amazon.com Services LLC Case 29-CA-261755

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY001929" through "AMZ-BRY002609," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum*.  Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

- **Paragraph 16 (EWR4):**
  - AMZ-BRY001929 - AMZ-BRY001943
  - AMZ-BRY001944 - AMZ-BRY002031
  - AMZ-BRY002032 - AMZ-BRY002045
  - AMZ-BRY002046 - AMZ-BRY002101
  - AMZ-BRY002102 - AMZ-BRY002185
  - AMZ-BRY002186 - AMZ-BRY002199
  - AMZ-BRY002200 - AMZ-BRY002219
  - AMZ-BRY002220 - AMZ-BRY002317
  - AMZ-BRY002318 - AMZ-BRY002339
  - AMZ-BRY002340 - AMZ-BRY002447
  - AMZ-BRY002448 - AMZ-BRY002501
  - AMZ-BRY002502 - AMZ-BRY002523
  - AMZ-BRY002524 - AMZ-BRY002548
  - AMZ-BRY002549 - AMZ-BRY002573
  - AMZ-BRY002574 - AMZ-BRY002595
  - AMZ-BRY002596 - AMZ-BRY002609

Please contact me should you have any questions.

Sincerely,

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States

**T** +1.202.739.3000
**F** +1.202.739.3001

EXHIBIT Z

GC Exhibit 118

May 1, 2021
Page 2

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Jennifer Mott Williams, Esq.
Matthew Jackson, Esq.

EXHIBIT Z

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Monday, May 3, 2021 8:36 AM |
| **To:** | 'Cox, Evamaria'; Murphy, Christopher J.; Buffalano, Nicole |
| **Cc:** | Jackson, Matthew |
| **Subject:** | RE: Outstanding Issues/Resumption of Hearing in Amazon.com Services LLC (29-CA-261755) |

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis' secure file transfer system, additional personnel files related to your request #5 below.

Please let me know if you have any trouble accessing the documents.

Thanks,

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members



---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Wednesday, April 28, 2021 7:25 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Subject:** Outstanding Issues/Resumption of Hearing in Amazon.com Services LLC (29-CA-261755)

[EXTERNAL EMAIL]
Good evening Counsel,

I am writing follow up on several outstanding issues and make clear our expectations for the resumption of the hearing on May 3.

  1)  Please make Mr. Tim Brainerd available on Monday (5/3);

  2)  We plan to recall Mr. Grabowski.  Please make him available for Monday (5/3) and Tuesday (5/4);

  3)  Please identify which subpoena paragraph(s) each document listed in the privilege log is responsive to;

EXHIBIT AA

GC Exhibit 118

4) There are 10 outstanding disciplines responsive to paragraph 13 that Respondent relied upon/considered in terminating Bryson. By email dated 4/13 Ms. Buffalano represented that production of the outstanding comparator materials was underway.  Please make the 10 discipline/feedback documents available on or before May 3;

5) Please prioritize and produce on or before May 3 the discipline/feedback documents that I've highlighted in the attached documents for BDL3 (24 disciplines); EWR (62 disciplines); and 70 disciplines from JFK8 (disregard the 32 disciplines that are highlighted but have already been produced);

6) The attached email dated April 10, 2020 5:03 PM (AMZ-BRY001370) references an excel spreadsheet with allegations that was not produced.  Please produce the excel sheet on or before May 3;

7) Regarding AMZ-BRY001387 and AMZ-BRY001388 (videos produced 4/27), produce documents or notes reflecting the circumstances and dates under which those videos were accessed, obtained, and maintained on or before May 3;

8) Please provide the two March emails and the Relativity reports referenced by Ms. Volk on Monday (4/26) on or before May 3; and

9) Regarding paragraph 19(b) of the subpoena, please designate Rachael Lighty, Heather Knox, Kristen Kish, and Drew Herdener as custodians.  On 4/20 I informed Ms. Buffalano that the hit count report produced by Mr. Murphy on 4/16 did not designate any custodians for paragraphs 19(b) or 19(d) and that I did not know who is in charge of Respondent's public relations. I asked Ms. Buffalano to let me know what custodians were used for 19(b) and if a general search was somehow conducted.  I further informed Ms. Buffalano that I understood Respondent's objection with using "Tim Bray" as a search term.  However, I asked Ms. Buffalano to let me know if Mr. Bray's name could be combined with Gerald Bryson and other terms.  I never heard back on either of these issues.  Since I am requesting the above referenced individuals be designated custodians, the custodian issue is now moot.  Please let me know whether "Tim Bray" and "Gerald Bryson" can be combined with a third search term without further delay.  Thank you.

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

EXHIBIT AA

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

May 3, 2021

**Via Secure File Transfer**

Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:     Amazon.com Services LLC Case 29-CA-261755

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY003688" through "AMZ-BRY004063," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum*.  Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

- **Paragraph 16 (BDL3):**
    - AMZ-BRY003688 - AMZ-BRY003699
    - AMZ-BRY003700 - AMZ-BRY003701
    - AMZ-BRY003702 - AMZ-BRY003712
    - AMZ-BRY003713 - AMZ-BRY003723
    - AMZ-BRY003724 - AMZ-BRY003733
    - AMZ-BRY003734 - AMZ-BRY003749
    - AMZ-BRY003750 - AMZ-BRY003763
    - AMZ-BRY003764 - AMZ-BRY003768
    - AMZ-BRY003769 - AMZ-BRY003775
    - AMZ-BRY003776 - AMZ-BRY003795
    - AMZ-BRY003796 - AMZ-BRY003801
    - AMZ-BRY003802 - AMZ-BRY003804
    - AMZ-BRY003805 - AMZ-BRY003820
    - AMZ-BRY003821 - AMZ-BRY003829
    - AMZ-BRY003830 - AMZ-BRY003834
    - AMZ-BRY003835 - AMZ-BRY003851
- **Paragraph 16 (EWR4):**
    - AMZ-BRY003852 - AMZ-BRY003870
    - AMZ-BRY003871 - AMZ-BRY003878
    - AMZ-BRY003879 - AMZ-BRY003922
    - AMZ-BRY003923 - AMZ-BRY003956

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States
**T** +1.202.739.3000
**F** +1.202.739.3001

EXHIBIT AA

GC Exhibit 118

May 3, 2021
Page 2

- ○  AMZ-BRY003957 - AMZ-BRY004030
- ○  AMZ-BRY004031 - AMZ-BRY004055
- ○  AMZ-BRY004056 - AMZ-BRY004063

Please contact me should you have any questions.

Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Jennifer Mott Williams, Esq.
Matthew Jackson, Esq.

EXHIBIT AA

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Tuesday, May 4, 2021 9:13 AM |
| **To:** | 'Cox, Evamaria'; 'Jackson, Matthew' |
| **Cc:** | Murphy, Christopher J.; Buffalano, Nicole |
| **Subject:** | RE: Outstanding Issues/Resumption of Hearing in Amazon.com Services LLC (29-CA-261755) |

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis' secure file transfer system, additional personnel files related to your request #5 below.

Please let me know if you have any trouble accessing the documents.

Thanks,

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members

---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Wednesday, April 28, 2021 7:25 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Subject:** Outstanding Issues/Resumption of Hearing in Amazon.com Services LLC (29-CA-261755)

[EXTERNAL EMAIL]
Good evening Counsel,

I am writing follow up on several outstanding issues and make clear our expectations for the resumption of the hearing on May 3.

    1)  Please make Mr. Tim Brainerd available on Monday (5/3);

    2)  We plan to recall Mr. Grabowski.  Please make him available for Monday (5/3) and Tuesday (5/4);

    3)  Please identify which subpoena paragraph(s) each document listed in the privilege log is responsive to;

EXHIBIT AB

GC Exhibit 118

4) There are 10 outstanding disciplines responsive to paragraph 13 that Respondent relied upon/considered in terminating Bryson. By email dated 4/13 Ms. Buffalano represented that production of the outstanding comparator materials was underway.  Please make the 10 discipline/feedback documents available on or before May 3;

5) Please prioritize and produce on or before May 3 the discipline/feedback documents that I've highlighted in the attached documents for BDL3 (24 disciplines); EWR (62 disciplines); and 70 disciplines from JFK8 (disregard the 32 disciplines that are highlighted but have already been produced);

6) The attached email dated April 10, 2020 5:03 PM (AMZ-BRY001370) references an excel spreadsheet with allegations that was not produced.  Please produce the excel sheet on or before May 3;

7) Regarding AMZ-BRY001387 and AMZ-BRY001388 (videos produced 4/27), produce documents or notes reflecting the circumstances and dates under which those videos were accessed, obtained, and maintained on or before May 3;

8) Please provide the two March emails and the Relativity reports referenced by Ms. Volk on Monday (4/26) on or before May 3; and

9) Regarding paragraph 19(b) of the subpoena, please designate Rachael Lighty, Heather Knox, Kristen Kish, and Drew Herdener as custodians.  On 4/20 I informed Ms. Buffalano that the hit count report produced by Mr. Murphy on 4/16 did not designate any custodians for paragraphs 19(b) or 19(d) and that I did not know who is in charge of Respondent's public relations. I asked Ms. Buffalano to let me know what custodians were used for 19(b) and if a general search was somehow conducted.  I further informed Ms. Buffalano that I understood Respondent's objection with using "Tim Bray" as a search term.  However, I asked Ms. Buffalano to let me know if Mr. Bray's name could be combined with Gerald Bryson and other terms.  I never heard back on either of these issues.  Since I am requesting the above referenced individuals be designated custodians, the custodian issue is now moot.  Please let me know whether "Tim Bray" and "Gerald Bryson" can be combined with a third search term without further delay.  Thank you.

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

EXHIBIT AB

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

May 4, 2021

**Via Secure File Transfer**
Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:     Amazon.com Services LLC Case 29-CA-261755

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY004064" through "AMZ-BRY005413," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum*. Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

- **Paragraph 16 (EWR4):**
  - AMZ-BRY004498 - AMZ-BRY004627
  - AMZ-BRY004628 - AMZ-BRY004719
  - AMZ-BRY004720 - AMZ-BRY004812
  - AMZ-BRY004813 - AMZ-BRY004978
  - AMZ-BRY004979 - AMZ-BRY005050
  - AMZ-BRY005051 - AMZ-BRY005076
  - AMZ-BRY005077 - AMZ-BRY005110
  - AMZ-BRY005111 - AMZ-BRY005210
  - AMZ-BRY005211 - AMZ-BRY005318
  - AMZ-BRY005319 - AMZ-BRY005320
  - AMZ-BRY005321 - AMZ-BRY005391
  - AMZ-BRY005392 - AMZ-BRY005042
  - AMZ-BRY005403 - AMZ-BRY005413
- **Paragraph 17 (JFK8)**
  - AMZ-BRY004064 - AMZ-BRY004093
  - AMZ-BRY004094 - AMZ-BRY004097
  - AMZ-BRY004098 - AMZ-BRY004107
  - AMZ-BRY004108 - AMZ-BRY004115
  - AMZ-BRY004116 - AMZ-BRY004125
  - AMZ-BRY004126 - AMZ-BRY004134
  - AMZ-BRY004135 - AMZ-BRY004145

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004          ☎ +1.202.739.3000
United States                 🖷 +1.202.739.3001

EXHIBIT AB

May 4, 2021
Page 2

- o AMZ-BRY004146 - AMZ-BRY004147
- o AMZ-BRY004158 - AMZ-BRY004166
- o AMZ-BRY004167 - AMZ-BRY004172
- o AMZ-BRY004173 - AMZ-BRY004174
- o AMZ-BRY004175 - AMZ-BRY004201
- o AMZ-BRY004202 - AMZ-BRY004203
- o AMZ-BRY004204 - AMZ-BRY004205
- o AMZ-BRY004206 - AMZ-BRY004229
- o AMZ-BRY004230 - AMZ-BRY004232
- o AMZ-BRY004233 - AMZ-BRY004244
- o AMZ-BRY004245 - AMZ-BRY004249
- o AMZ-BRY004250 - AMZ-BRY004254
- o AMZ-BRY004255 - AMZ-BRY004260
- o AMZ-BRY004261 - AMZ-BRY004265
- o AMZ-BRY004266 - AMZ-BRY004270
- o AMZ-BRY004271 - AMZ-BRY004275
- o AMZ-BRY004276 - AMZ-BRY004277
- o AMZ-BRY004278 - AMZ-BRY004281
- o AMZ-BRY004282 - AMZ-BRY004285
- o AMZ-BRY004286 - AMZ-BRY004294
- o AMZ-BRY004295 - AMZ-BRY004305
- o AMZ-BRY004306 - AMZ-BRY004307
- o AMZ-BRY004308 - AMZ-BRY004314
- o AMZ-BRY004315 - AMZ-BRY004333
- o AMZ-BRY004334
- o AMZ-BRY004335 - AMZ-BRY004341
- o AMZ-BRY004342 - AMZ-BRY004346
- o AMZ-BRY004347 - AMZ-BRY004350
- o AMZ-BRY004351 - AMZ-BRY004360
- o AMZ-BRY004361 - AMZ-BRY004362
- o AMZ-BRY004363 - AMZ-BRY004366
- o AMZ-BRY004367 - AMZ-BRY004378
- o AMZ-BRY004379 - AMZ-BRY004382
- o AMZ-BRY004383 - AMZ-BRY004390
- o AMZ-BRY004391 - AMZ-BRY004414
- o AMZ-BRY004415 - AMZ-BRY004431
- o AMZ-BRY004432 - AMZ-BRY004440
- o AMZ-BRY004441 - AMZ-BRY004448
- o AMZ-BRY004449 - AMZ-BRY004467
- o AMZ-BRY004468 - AMZ-BRY004469
- o AMZ-BRY004470 - AMZ-BRY004471
- o AMZ-BRY004472 - AMZ-BRY004487
- o AMZ-BRY004488 - AMZ-BRY004495
- o AMZ-BRY004496 - AMZ-BRY004497

Please contact me should you have any questions.
Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

EXHIBIT AB

GC Exhibit 118

May 4, 2021
Page 3

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Jennifer Mott Williams, Esq.
Matthew Jackson, Esq.

EXHIBIT AB

GC Exhibit 118

**Phillips, Kelcey J.**

---

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Tuesday, May 4, 2021 10:55 PM |
| **To:** | 'Cox, Evamaria'; Jackson, Matthew |
| **Cc:** | Buffalano, Nicole; Murphy, Christopher J.; Williams, Jennifer Mott |
| **Subject:** | Amazon, Case No. 29-CA-261755 |

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis' secure file transfer system, documents responsive to the subpoena B-1-1CBQM1N.

Please let me know if you have any trouble accessing the documents.

Thanks,

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members

EXHIBIT AB

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

May 4, 2021

**Via Secure File Transfer**

Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:     Amazon.com Services LLC Case 29-CA-261755

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY005414" through "AMZ-BRY005580," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum* B-1-1CBQM1N.  Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

- **Paragraph 1(a) -** AMZ-BRY005548 - AMZ-BRY005549
- **Paragraph 1(b) -** AMZ-BRY005552 - AMZ-BRY005553
- **Paragraph 1(c) -** AMZ-BRY005559 - AMZ-BRY005560
- **Paragraph 1(d) -** AMZ-BRY005554 - AMZ-BRY005555
- **Paragraph 1(e) -** AMZ-BRY005550 - AMZ-BRY005551
- **Paragraph 1(f) -** AMZ-BRY005557 - AMZ-BRY005558
- **Paragraph 1(g) -** AMZ-BRY005565 - AMZ-BRY005566
- **Paragraph 1(h) -** AMZ-BRY005561 - AMZ-BRY005562
- **Paragraph 1(j) -** AMZ-BRY005556
- **Paragraph 1(k) -** AMZ-BRY005563 - AMZ-BRY005564

- **Paragraph 2(a) -** AMZ-BRY005528 - AMZ-BRY005529
- **Paragraph 2(b) -** AMZ-BRY005532 - AMZ-BRY005533
- **Paragraph 2(c) -** AMZ-BRY005540 - AMZ-BRY005541
- **Paragraph 2(d) -** AMZ-BRY005534 - AMZ-BRY005535
- **Paragraph 2(e) -** AMZ-BRY005530 - AMZ-BRY005531
- **Paragraph 2(f) -** AMZ-BRY005538 - AMZ-BRY005539
- **Paragraph 2(g) -** AMZ-BRY005546 - AMZ-BRY005547
- **Paragraph 2(h) -** AMZ-BRY005542 - AMZ-BRY005543
- **Paragraph 2(i) -** AMZ-BRY005526 - AMZ-BRY005527
- **Paragraph 2(j)** - AMZ-BRY005536 - AMZ-BRY005537
- **Paragraph 2(k)** - AMZ-BRY005544 - AMZ-BRY005545

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States

**☏** +1.202.739.3000
**🖷** +1.202.739.3001

EXHIBIT AB

May 4, 2021
Page 2

- **<u>Paragraph 24</u>**
  - (a): AMZ-BRY005414 - AMZ-BRY005492
  - (b): AMZ-BRY005493 - AMZ-BRY005525

Please contact me should you have any questions.
Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Jennifer Mott Williams, Esq.
Matthew Jackson, Esq.

EXHIBIT AB

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Wednesday, May 5, 2021 7:43 AM |
| **To:** | 'Cox, Evamaria'; Jackson, Matthew |
| **Cc:** | Buffalano, Nicole; Murphy, Christopher J.; Williams, Jennifer Mott |
| **Subject:** | Amazon Case No. 29-CA-261755 |

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis' secure file transfer system, documents responsive to Subpoena B-1-1CBQM1N.

Please let me know if you have any trouble accessing the documents.

Thanks,

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members



EXHIBIT AC

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

May 5, 2021

**Via Secure File Transfer**
Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:      Amazon.com Services LLC Case 29-CA-261755

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY005581" through "AMZ-BRY005993," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum* B-1-1CBQM1N.  Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

- **Paragraph 23(a) -** AMZ-BRY005581 - AMZ-BRY005794
- **Paragraph 23(b) -** AMZ-BRY005795 - AMZ-BRY005993

Please contact me should you have any questions.
Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Jennifer Mott Williams, Esq.
Matthew Jackson, Esq.

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004          **T** +1.202.739.3000
United States                          **F** +1.202.739.3001

EXHIBIT AC

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Wednesday, May 5, 2021 5:20 PM |
| **To:** | 'Cox, Evamaria'; Jackson, Matthew |
| **Cc:** | Buffalano, Nicole; Murphy, Christopher J. |
| **Subject:** | RE: Outstanding Issues/Resumption of Hearing in Amazon.com Services LLC (29-CA-261755) |

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis' secure file transfer system, the remaining files related to your request #5 below.

Please let me know if you have any trouble accessing the documents.

Thanks,

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members



---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Wednesday, April 28, 2021 7:25 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Subject:** Outstanding Issues/Resumption of Hearing in Amazon.com Services LLC (29-CA-261755)

[EXTERNAL EMAIL]
Good evening Counsel,

I am writing follow up on several outstanding issues and make clear our expectations for the resumption of the hearing on May 3.

1) Please make Mr. Tim Brainerd available on Monday (5/3);

2) We plan to recall Mr. Grabowski.  Please make him available for Monday (5/3) and Tuesday (5/4);

3) Please identify which subpoena paragraph(s) each document listed in the privilege log is responsive to;

4) There are 10 outstanding disciplines responsive to paragraph 13 that Respondent relied upon/considered in terminating Bryson. By email dated 4/13 Ms. Buffalano represented that production of the

1

EXHIBIT AC

GC Exhibit 118

outstanding comparator materials was underway.  Please make the 10 discipline/feedback documents available on or before May 3;

5) Please prioritize and produce on or before May 3 the discipline/feedback documents that I've highlighted in the attached documents for BDL3 (24 disciplines); EWR (62 disciplines); and 70 disciplines from JFK8 (disregard the 32 disciplines that are highlighted but have already been produced);

6) The attached email dated April 10, 2020 5:03 PM (AMZ-BRY001370) references an excel spreadsheet with allegations that was not produced.  Please produce the excel sheet on or before May 3;

7) Regarding AMZ-BRY001387 and AMZ-BRY001388 (videos produced 4/27), produce documents or notes reflecting the circumstances and dates under which those videos were accessed, obtained, and maintained on or before May 3;

8) Please provide the two March emails and the Relativity reports referenced by Ms. Volk on Monday (4/26) on or before May 3; and

9) Regarding paragraph 19(b) of the subpoena, please designate Rachael Lighty, Heather Knox, Kristen Kish, and Drew Herdener as custodians.  On 4/20 I informed Ms. Buffalano that the hit count report produced by Mr. Murphy on 4/16 did not designate any custodians for paragraphs 19(b) or 19(d) and that I did not know who is in charge of Respondent's public relations. I asked Ms. Buffalano to let me know what custodians were used for 19(b) and if a general search was somehow conducted. I further informed Ms. Buffalano that I understood Respondent's objection with using "Tim Bray" as a search term.  However, I asked Ms. Buffalano to let me know if Mr. Bray's name could be combined with Gerald Bryson and other terms.  I never heard back on either of these issues.  Since I am requesting the above referenced individuals be designated custodians, the custodian issue is now moot.  Please let me know whether "Tim Bray" and "Gerald Bryson" can be combined with a third search term without further delay.  Thank you.

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

EXHIBIT AC

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

May 5, 2021

**Via Secure File Transfer**
Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:      Amazon.com Services LLC Case 29-CA-261755

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY005994" through "AMZ-BRY006592," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum* B-1-1BUGMIX.  Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

- **Paragraph 16 (EWR4)**
  - AMZ-BRY005994 - AMZ-BRY006157
  - AMZ-BRY006158 - AMZ-BRY006317
  - AMZ-BRY006318 - AMZ-BRY006445
- **Paragraph 17 (JFK8)**
  - AMZ-BRY006446 - AMZ-BRY006451
  - AMZ-BRY006452 - AMZ-BRY006458
  - AMZ-BRY006459 - AMZ-BRY006463
  - AMZ-BRY006464 - AMZ-BRY006467
  - AMZ-BRY006468 - AMZ-BRY006480
  - AMZ-BRY006481 - AMZ-BRY006506
  - AMZ-BRY006507 - AMZ-BRY006508
  - AMZ-BRY006509 - AMZ-BRY006515
  - AMZ-BRY006516 - AMZ-BRY006518
  - AMZ-BRY006519 - AMZ-BRY006520
  - AMZ-BRY006521 - AMZ-BRY006532
  - AMZ-BRY006533 - AMZ-BRY006535
  - AMZ-BRY006536 - AMZ-BRY006543
  - AMZ-BRY006544 - AMZ-BRY006550
  - AMZ-BRY006551 - AMZ-BRY006556
  - AMZ-BRY006557 - AMZ-BRY006565
  - AMZ-BRY006566

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States

☎ +1.202.739.3000
🖷 +1.202.739.3001

EXHIBIT AC

GC Exhibit 118

May 5, 2021
Page 2

- o AMZ-BRY006567 - AMZ-BRY006570
- o AMZ-BRY006571 - AMZ-BRY006584
- o AMZ-BRY006585 - AMZ-BRY006586
- o AMZ-BRY006587 - AMZ-BRY006589
- o AMZ-BRY006590 - AMZ-BRY006592

Please contact me should you have any questions.
Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Jennifer Mott Williams, Esq.
Matthew Jackson, Esq.

EXHIBIT AC

GC Exhibit 118

**Archived:** Wednesday, May 19, 2021 7:47:10 PM
**From:**
**To:** 'Cox, Evamaria'
**Cc:** Jackson, Matthew  Murphy, Christopher J.  Buffalano, Nicole
**Subject:** RE: Outstanding Issues/Resumption of Hearing in Amazon.com Services LLC (29-CA-261755)
**Importance:** Normal
**Sensitivity:** None

---

Ms. Cox,

Apologies for the delay. As reflected in the ADAPT spreadsheet, this employee received a Verbal Coaching. We have confirmed with Amazon that verbal coachings are reported in ADAPT, but no corresponding disciplinary forms are created. We have provided the employee's personnel file showing other discipline to this employee.

Thanks,
**Kelcey J. Phillips***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members



---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Friday, April 30, 2021 9:39 AM
**To:** Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>
**Subject:** RE: Outstanding Issues/Resumption of Hearing in Amazon.com Services LLC (29-CA-261755)

[EXTERNAL EMAIL]
Ms. Phillips,

Sorry for the additional email.

Attached please find one of the documents produced responsive to paragraph 13. This employee's ADAPT file is missing the behavioral feedback document that Amazon considered a comparator.

Please produce the behavioral feedback document.

Thank you,
Evamaria Cox

---

**From:** Cox, Evamaria
**Sent:** Friday, April 30, 2021 9:20 AM
**To:** Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; CHRISTOPHER.MURPHY@MORGANLEWIS.COM; nicole.buffalano@morganlewis.com

EXHIBIT AD

GC Exhibit 118

**Subject:** RE: Outstanding Issues/Resumption of Hearing in Amazon.com Services LLC (29-CA-261755)

Thank you Ms. Phillips.

Also, I am in receipt of the amended privilege log.  My apologies I forgot to respond to your email.

---

**From:** Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Sent:** Friday, April 30, 2021 9:18 AM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; CHRISTOPHER.MURPHY@MORGANLEWIS.COM; nicole.buffalano@morganlewis.com
**Subject:** RE: Outstanding Issues/Resumption of Hearing in Amazon.com Services LLC (29-CA-261755)

Ms. Cox,

We have just sent, via Morgan Lewis' secure file transfer system, documents related to #4 in your April 28 email below.

Thanks,
**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members

---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Wednesday, April 28, 2021 7:25 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Subject:** Outstanding Issues/Resumption of Hearing in Amazon.com Services LLC (29-CA-261755)

[EXTERNAL EMAIL]
Good evening Counsel,

I am writing follow up on several outstanding issues and make clear our expectations for the resumption of the hearing on May 3.

1.  Please make Mr. Tim Brainerd available on Monday (5/3);

2.  We plan to recall Mr. Grabowski.  Please make him available for Monday (5/3) and Tuesday (5/4);

3.  Please identify which subpoena paragraph(s) each document listed in the privilege log is responsive to;

4.  There are 10 outstanding disciplines responsive to paragraph 13 that Respondent relied upon/considered in terminating Bryson. By email dated 4/13 Ms. Buffalano represented that production of the outstanding comparator materials was underway.  Please make the 10 discipline/feedback documents available on or before May 3;

5.  Please prioritize and produce on or before May 3 the discipline/feedback documents that I've highlighted in the attached

EXHIBIT AD

GC Exhibit 118

documents for BDL3 (24 disciplines); EWR (62 disciplines); and 70 disciplines from JFK8 (disregard the 32 disciplines that are highlighted but have already been produced);

6. The attached email dated April 10, 2020 5:03 PM (AMZ-BRY001370) references an excel spreadsheet with allegations that was not produced.  Please produce the excel sheet on or before May 3;

7. Regarding AMZ-BRY001387 and AMZ-BRY001388 (videos produced 4/27), produce documents or notes reflecting the circumstances and dates under which those videos were accessed, obtained, and maintained on or before May 3;

8. Please provide the two March emails and the Relativity reports referenced by Ms. Volk on Monday (4/26) on or before May 3; and

9. Regarding paragraph 19(b) of the subpoena, please designate Rachael Lighty, Heather Knox, Kristen Kish, and Drew Herdener as custodians.  On 4/20 I informed Ms. Buffalano that the hit count report produced by Mr. Murphy on 4/16 did not designate any custodians for paragraphs 19(b) or 19(d) and that I did not know who is in charge of Respondent's public relations.  I asked Ms. Buffalano to let me know what custodians were used for 19(b) and if a general search was somehow conducted.  I further informed Ms. Buffalano that I understood Respondent's objection with using "Tim Bray" as a search term.  However, I asked Ms. Buffalano to let me know if Mr. Bray's name could be combined with Gerald Bryson and other terms.  I never heard back on either of these issues.  Since I am requesting the above referenced individuals be designated custodians, the custodian issue is now moot.  Please let me know whether "Tim Bray" and "Gerald Bryson" can be combined with a third search term without further delay.  Thank you.

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data w hich is intended only for the use of the individual to w hich it is addressed. It may contain information that is privileged, confidential or otherw ise protected from disclosure under applicable law . If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

EXHIBIT AD

GC Exhibit 118

**Phillips, Kelcey J.**

| | |
|---|---|
| **From:** | Murphy, Christopher J. |
| **Sent:** | Monday, May 3, 2021 9:09 PM |
| **To:** | Cox, Evamaria |
| **Cc:** | Buffalano, Nicole; Phillips, Kelcey J. |
| **Subject:** | AMAZON.COM SERVICES LLC, Case 29-CA-261755 |

Eva:

The following is a summary of our discussion tonight regarding the CAGC's 2 subpoenas in the above-referenced case.

1. Subpoena A-1-1BUGP0N (SUB1):
   a. We confirmed that you have all responsive documents for the following paragraphs: 1, [2-6 withdrawn], 7-11, 12 (except for production of chart in native format), 13, and 14.
   b. We are checking on the following paragraphs: 15 (no docs related to cell phone videos, checking on others), 16 (complete except for 4 EWR4 files to by the end of the day tomorrow), 17 (70 files requested, 52 will be produced by the end of the day on 5/6, we will provide an update at the end of the day tomorrow on the remaining files), 18 (this is in the queue for production after 17) and 19 (we may be in a position to produce some of these materials by the end of the day on 5/6; we can provide a further update at the end of the day tomorrow).

2. Subpoena B-1-1CBQM1N (SUB2):
   a. We are expecting an email from you regarding priority items from the subpoena.
   b. We are inquiring about what you characterized as "low hanging fruit" – paragraphs 1, 2, 8, 15, 16 (we believe there are no responsive documents, but will confirm), 22, 23 and 27. We will provide an update at the end of the day tomorrow.
   c. For paragraphs 17 and 18, we are checking whether the work associated with those requests will be similar to that for paragraphs 16 and 17 in SUB1. You also indicated that you are likely to request back up materials for those reports. Based on the language of these requests, we do not believe any further information is covered by SUB2. We should discuss.
   d. Please confirm our understanding that paragraphs 6-7 and 9-14 are covered by the parallel requests in SUB1.
   e. You withdrew the following paragraphs: 3, 4, 20, 21, 25, 26 and 28-30. There was no paragraph 5.
   f. For all other paragraphs not specifically mentioned, we are looking into those requests and will provide an update when we are able.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



1

EXHIBIT AE

GC Exhibit 118

**Phillips, Kelcey J.**

| | |
|---|---|
| **From:** | Murphy, Christopher J. |
| **Sent:** | Tuesday, May 4, 2021 10:18 PM |
| **To:** | Cox, Evamaria |
| **Cc:** | Buffalano, Nicole; Phillips, Kelcey J.; Jackson, Matthew |
| **Subject:** | RE: AMAZON.COM SERVICES LLC, Case 29-CA-261755 |

Eva:

Thanks for the email.

I think there is a typo in request a. for SUB1.  Let us know what you want and we'll send it over.  For request b., we'll prioritize those 30 items.  For request c., I will provide an update.

On SUB2, we expect to send some materials for request a. tonight.  For request b., I assume you want us to prioritize WIM reports for JFK8.  We'll do that.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Tuesday, May 4, 2021 8:36 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Subject:** RE: AMAZON.COM SERVICES LLC, Case 29-CA-261755

[EXTERNAL EMAIL]
Chris,

    Subpoena 1 (B-1-1BUGMIX)(Sub 1)
       a.  For paragraph excel spreadsheet in native format, the meta data was scrubbed.  Can you please turn off the scrubber and resend?
       b.  Please put paragraph 18 at the front of the "queue" including but not limited to the following investigations:
           1.552-569
           2.531-551
           3.783-796
           4.863-904
           5.905-929

EXHIBIT AF

6.999-1036
7.1077-1093
8.1144-1201
9.1390-1393
10.      1394-1395
11.      1470-1511
12.      1597 to 1620
13.      2102-2185
14.      2200-2219
15.      2448-2501
16.      2610-2661
17.      2706-2759
18.      2958-3016
19.      3183-3228
20.      3302-3463
21.      3651-3659
22.      3660-3678
23.      3724-3733
24.      3821-3829
25.      3923-3956
26.      3957-4030
27.      4031-4055
28.      4367-4378
29.      4720-4812
30.      5319-5320

c.  Please provide an update on paragraph 19


Subpoena B-1-1CBQM1N (SUB2):
a.  Please provide an update on update on how quickly paragraphs 1, 2, 8, 15, 16, 22, 23 and 27 ("low hanging fruit") can be produced.
b.  For paragraphs 17 and 18, we requesting the WIM reports for JFK8.  See **AMZ-BRY000182- AMZ-BRY000183 and AMZ-BRY000179- MZ-BRY000181**.

---

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Tuesday, May 4, 2021 9:53 AM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** nicole.buffalano@morganlewis.com; Kelcey Phillips <kelcey.phillips@morganlewis.com>
**Subject:** RE: AMAZON.COM SERVICES LLC, Case 29-CA-261755

Eva:

Just a quick update here.  Since me email last night, we produce an additional 52 personnel files responsive to paragraph 17 in SUB1.  We'll provide an update on the status of the remaining 18 files.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com

EXHIBIT AF

GC Exhibit 118

Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



---

**From:** Murphy, Christopher J.
**Sent:** Monday, May 3, 2021 9:09 PM
**To:** 'Cox, Evamaria' <Evamaria.Cox@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Subject:** AMAZON.COM SERVICES LLC, Case 29-CA-261755

Eva:

The following is a summary of our discussion tonight regarding the CAGC's 2 subpoenas in the above-referenced case.

1. Subpoena A-1-1BUGP0N (SUB1):
   a. We confirmed that you have all responsive documents for the following paragraphs: 1, [2-6 withdrawn], 7-11, 12 (except for production of chart in native format), 13, and 14.
   b. We are checking on the following paragraphs: 15 (no docs related to cell phone videos, checking on others), 16 (complete except for 4 EWR4 files to by the end of the day tomorrow), 17 (70 files requested, 52 will be produced by the end of the day on 5/6, we will provide an update at the end of the day tomorrow on the remaining files), 18 (this is in the queue for production after 17) and 19 (we may be in a position to produce some of these materials by the end of the day on 5/6; we can provide a further update at the end of the day tomorrow).

2. Subpoena B-1-1CBQM1N (SUB2):
   a. We are expecting an email from you regarding priority items from the subpoena.
   b. We are inquiring about what you characterized as "low hanging fruit" – paragraphs 1, 2, 8, 15, 16 (we believe there are no responsive documents, but will confirm), 22, 23 and 27. We will provide an update at the end of the day tomorrow.
   c. For paragraphs 17 and 18, we are checking whether the work associated with those requests will be similar to that for paragraphs 16 and 17 in SUB1. You also indicated that you are likely to request back up materials for those reports. Based on the language of these requests, we do not believe any further information is covered by SUB2. We should discuss.
   d. Please confirm our understanding that paragraphs 6-7 and 9-14 are covered by the parallel requests in SUB1.
   e. You withdrew the following paragraphs: 3, 4, 20, 21, 25, 26 and 28-30. There was no paragraph 5.
   f. For all other paragraphs not specifically mentioned, we are looking into those requests and will provide an update when we are able.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



EXHIBIT AF

GC Exhibit 118

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

4

EXHIBIT AF

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Friday, May 7, 2021 11:15 AM |
| **To:** | 'Cox, Evamaria'; Jackson, Matthew |
| **Cc:** | Buffalano, Nicole; Murphy, Christopher J.; Williams, Jennifer Mott |
| **Subject:** | Amazon Case No. 29-CA-261755 |

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis's secure file transfer system, documents responsive to subpoena B-1-1BUGMIX and subpoena B-1-1CBQM1N.

Please let us know if you have any trouble accessing the documents.

Thanks,
**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members



1

EXHIBIT AG

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

May 7, 2021

**<u>Via Secure File Transfer</u>**
Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:     <u>Amazon.com Services LLC Case 29-CA-261755</u>

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY006593" through "AMZ-BRY006915," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum* B-1-1BUGMIX and B-1-1CBQM1N.  Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

- **<u>Paragraph 18 (JFK8 - B-1-1BUGMIX)</u>**
  - AMZ-BRY006593 - AMZ-BRY006596
  - AMZ-BRY006597 - AMZ-BRY006602
  - AMZ-BRY006603
  - AMZ-BRY006604 - AMZ-BRY006607
  - AMZ-BRY006608 - AMZ-BRY006648
  - AMZ-BRY006649 - AMZ-BRY006667
  - AMZ-BRY006668 - AMZ-BRY006676
  - AMZ-BRY006677 - AMZ-BRY006686
  - AMZ-BRY006687 - AMZ-BRY006690
  - AMZ-BRY006691 - AMZ-BRY006711
  - AMZ-BRY006712 - AMZ-BRY006717
  - AMZ-BRY006718 - AMZ-BRY006734
  - AMZ-BRY006735
  - AMZ-BRY006736 - AMZ-BRY006783
  - AMZ-BRY006784 - AMZ-BRY006811
  - AMZ-BRY006812 - AMZ-BRY006822
  - AMZ-BRY006823 - AMZ-BRY006842

- **<u>Paragraph 15 (B-1-1CBQM1N)</u>**
  - AMZ-BRY006843 - AMZ-BRY006915

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States

**T** +1.202.739.3000
**F** +1.202.739.3001

EXHIBIT AG

GC Exhibit 118

May 7, 2021
Page 2


Please contact me should you have any questions.
Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Jennifer Mott Williams, Esq.
Matthew Jackson, Esq.

EXHIBIT AG

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Saturday, May 8, 2021 7:53 PM |
| **To:** | Cox, Evamaria; 'Jackson, Matthew' |
| **Cc:** | Buffalano, Nicole; Murphy, Christopher J.; Williams, Jennifer Mott |
| **Subject:** | Amazon Case No. 29-CA-261755 |

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis's secure file transfer system, documents responsive to subpoena B-1-1BUGMIX and subpoena B-1-1CBQM1N.

Please let us know if you have any trouble accessing the documents.

Thanks,

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members



EXHIBIT AH

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

May 8, 2021

**Via Secure File Transfer**

Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:     Amazon.com Services LLC Case 29-CA-261755

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY006916" through "AMZ-BRY007745," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum* B-1-1BUGMIX and subpoena *duces tecum* B-1-1CBQM1N. Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

- **Paragraph 18 (BDL3)**
  - AMZ-BRY006916 - AMZ-BRY006935
  - AMZ-BRY006936 - AMZ-BRY006948
  - AMZ-BRY006949 - AMZ-BRY006955
  - AMZ-BRY006956 - AMZ-BRY007050
  - AMZ-BRY007051 - AMZ-BRY007091
  - AMZ-BRY007092 - AMZ-BRY007126
  - AMZ-BRY007127 - AMZ-BRY007146
  - AMZ-BRY007147 - AMZ-BRY007163
  - AMZ-BRY007164 - AMZ-BRY007199
  - AMZ-BRY007200 - AMZ-BRY007260
  - AMZ-BRY007261 - AMZ-BRY007287
  - AMZ-BRY007288 - AMZ-BRY007299
  - AMZ-BRY007300 - AMZ-BRY007333
  - AMZ-BRY007334 - AMZ-BRY007385
  - AMZ-BRY007386 - AMZ-BRY007437
  - AMZ-BRY007438 - AMZ-BRY007489
  - AMZ-BRY007499 - AMZ-BRY007503
  - AMZ-BRY007504 - AMZ-BRY007545
  - AMZ-BRY007546 - AMZ-BRY007565
  - AMZ-BRY007566 - AMZ-BRY007577

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States

**T** +1.202.739.3000
**F** +1.202.739.3001

EXHIBIT AH

GC Exhibit 118

May 8, 2021
Page 2

- **Paragraph 18 (EWR4)**
  - AMZ-BRY007578 - AMZ-BRY007579
  - AMZ-BRY007580 - AMZ-BRY007583
  - AMZ-BRY007584 - AMZ-BRY007589
  - AMZ-BRY007590 - AMZ-BRY007594
  - AMZ-BRY007595 - AMZ-BRY007600
  - AMZ-BRY007601 - AMZ-BRY007620
  - AMZ-BRY007621 - AMZ-BRY007622
  - AMZ-BRY007623 - AMZ-BRY007642
  - AMZ-BRY007643 - AMZ-BRY007644
  - AMZ-BRY007645 - AMZ-BRY007666
  - AMZ-BRY007667 - AMZ-BRY007674
  - AMZ-BRY007675 - AMZ-BRY007677
  - AMZ-BRY007678
  - AMZ-BRY007679 - AMZ-BRY007686
  - AMZ-BRY007687 - AMZ-BRY007688
  - AMZ-BRY007689 - AMZ-BRY007693
  - AMZ-BRY007694 - AMZ-BRY007707
  - AMZ-BRY007708 - AMZ-BRY007721

- **Paragraph 18 – B-1-1CBQM1N**
  - AMZ-BRY007722 - AMZ-BRY007729
  - AMZ-BRY007730 - AMZ-BRY007737
  - AMZ-BRY007738 - AMZ-BRY007745

Please contact me should you have any questions.
Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Jennifer Mott Williams, Esq.
Matthew Jackson, Esq.

EXHIBIT AH

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Sunday, May 9, 2021 5:17 PM |
| **To:** | Cox, Evamaria; 'Jackson, Matthew' |
| **Cc:** | Buffalano, Nicole; Murphy, Christopher J.; Williams, Jennifer Mott |
| **Subject:** | Amazon Case No. 29-CA-261755 |

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis's secure file transfer system, documents responsive to subpoena B-1-1BUGMIX and subpoena B-1-1CBQM1N.

Please let us know if you have any trouble accessing the documents.

Thanks,

**Kelcey J. Phillips\***

**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members



1

EXHIBIT AI

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

May 9, 2021

**Via Secure File Transfer**
Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:     Amazon.com Services LLC Case 29-CA-261755

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY007746" through "AMZ-BRY007972," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum* B-1-1BUGMIX and subpoena *duces tecum* B-1-1CBQM1N. Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

- **Paragraph 18 (EWR4)**
  - AMZ-BRY007746 - AMZ-BRY007749
  - AMZ-BRY007750 - AMZ-BRY007753
  - AMZ-BRY007754 - AMZ-BRY007758
  - AMZ-BRY007759 - AMZ-BRY007760
  - AMZ-BRY007761
  - AMZ-BRY007762 - AMZ-BRY007765
  - AMZ-BRY007766 - AMZ-BRY007771
  - AMZ-BRY007772 - AMZ-BRY007777
  - AMZ-BRY007778
  - AMZ-BRY007779 - AMZ-BRY007781
  - AMZ-BRY007782 - AMZ-BRY007785
  - AMZ-BRY007786 - AMZ-BRY007787
  - AMZ-BRY007788 - AMZ-BRY007794
  - AMZ-BRY007795
  - AMZ-BRY007796 - AMZ-BRY007799

- **Paragraph 18 (BDL3)**
  - AMZ-BRY007800 - AMZ-BRY007812
  - AMZ-BRY007813 - AMZ-BRY007825
  - AMZ-BRY007826 - AMZ-BRY007848

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States

**T** +1.202.739.3000
**F** +1.202.739.3001

EXHIBIT AI

GC Exhibit 118

May 9, 2021
Page 2

- AMZ-BRY007849 - AMZ-BRY007868
- **Paragraph 18 (JFK8)**
  - AMZ-BRY007869 - AMZ-BRY007942
  - AMZ-BRY007943 - AMZ-BRY007971

- **Paragraph 22 – B-1-1CBQM1N**
  - AMZ-BRY007972

Please contact me should you have any questions.
Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Jennifer Mott Williams, Esq.
Matthew Jackson, Esq.

EXHIBIT AI

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Friday, May 7, 2021 11:52 AM |
| **To:** | 'Cox, Evamaria'; Jackson, Matthew |
| **Cc:** | Murphy, Christopher J.; Buffalano, Nicole |
| **Subject:** | Production Update - 29-CA-261755 |
| **Attachments:** | RE: AMAZON.COM SERVICES LLC, Case 29-CA-261755 |

Eva,

I'm sending this at the direction of Chris Murphy.

We have prioritized your requests and have produced documents responsive to request Nos. 1, 2, 23, and 27 of the GC's second subpoena.  Note, however, the following with respect to that subpoena:

•      No. 8 – No "Workplace Incident Management Team" existed at, or was responsible, for JFK8 during the relevant period or otherwise.
•      No. 16 – Amazon does not generally distribute the WIM Guide to Associates, but they have access to it through Amazon's intranet.

Regarding the GC's first subpoena, we have produced documents responsive to each request (where possible), except Paragraph 19.  We are finalizing those documents and expect to produce them soon, along with the other documents you have prioritized so far.  We will add additional priority work based upon your 5/6/21 email (attached).

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members



EXHIBIT AJ

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Wednesday, May 12, 2021 9:20 PM |
| **To:** | 'Cox, Evamaria'; 'Jackson, Matthew' |
| **Cc:** | Buffalano, Nicole; Murphy, Christopher J.; Williams, Jennifer Mott |
| **Subject:** | Amazon Case No. 29-CA-261755 |

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis's secure file transfer system, documents responsive to subpoena B-1-1CBQM1N.

Please let us know if you have any trouble accessing the documents.

Thanks,

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members

EXHIBIT AK

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

May 12, 2021

**Via Secure File Transfer**
Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:     Amazon.com Services LLC Case 29-CA-261755

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY007973" through "AMZ-BRY008027," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum* B-1-1BUGMIX.  Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

Additionally, the documents produced herewith, bearing Bates labels "AMZ-BRY000416" to "AMZ-BRY006592," have been designated "confidential" and should be treated accordingly.  These documents are being produced subject to the Board's April 27, 2021 Protective Order.  These documents are also exempt from mandatory disclosure under the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552(b)(4) and (b)(6), and disclosure is prohibited under 18 U.S.C. § 1905.

- **Paragraph 10** - AMZ-BRY008008 - AMZ-BRY008009
- **Paragraph 11(a)** - AMZ-BRY008010
- **Paragraph 12**
  - AMZ-BRY007973 - AMZ-BRY007974
  - AMZ-BRY008008 - AMZ-BRY008009
- **Paragraph 15** - AMZ-BRY008028 - AMZ-BRY008029
- **Paragraph 18**
  - AMZ-BRY008011 - AMZ-BRY008018
  - AMZ-BRY008019 - AMZ-BRY008025
- **Paragraph 19(b)**
  - AMZ-BRY007998
  - AMZ-BRY008025 - AMZ-BRY008026
  - AMZ-BRY008027
- **Paragraph 19(c)**
  - AMZ-BRY007975 - AMZ-BRY007976
  - AMZ-BRY007977 - AMZ-BRY007979

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States

**T** +1.202.739.3000
**F** +1.202.739.3001

EXHIBIT AK

GC Exhibit 118

May 12, 2021
Page 2

- o   AMZ-BRY007998
- **Paragraph 19(d)**
  - o   AMZ-BRY007975 - AMZ-BRY007976
  - o   AMZ-BRY007977 - AMZ-BRY007979
  - o   AMZ-BRY007980 - AMZ-BRY007983
  - o   AMZ-BRY007984 - AMZ-BRY007987
  - o   AMZ-BRY007988 - AMZ-BRY007997
  - o   AMZ-BRY007999 - AMZ-BRY008001
  - o   AMZ-BRY008002 - AMZ-BRY008007

Please contact me should you have any questions.
Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Jennifer Mott Williams, Esq.
Matthew Jackson, Esq.

EXHIBIT AK

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Thursday, May 13, 2021 10:18 PM |
| **To:** | 'Cox, Evamaria'; Jackson, Matthew |
| **Cc:** | Buffalano, Nicole; Murphy, Christopher J.; Williams, Jennifer Mott |
| **Subject:** | Amazon Case No. 29-CA-291755 |

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis's secure file transfer system, documents responsive to subpoena B-1-1CBQM1N.

Please let us know if you have any trouble accessing the documents.

Thanks,

**Kelcey J. Phillips***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members

EXHIBIT AL

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

May 13, 2021

**Via Secure File Transfer**
Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:     Amazon.com Services LLC Case 29-CA-261755

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY008093" through "AMZ-BRY008097," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum* B-1-1CBQM1N.  Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

Additionally, the documents produced herewith, bearing Bates labels "AMZ-BRY008093" to "AMZ-BRY008097," have been designated "confidential" and should be treated accordingly.  These documents are being produced subject to the Board's April 27, 2021 Protective Order.  These documents are also exempt from mandatory disclosure under the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552(b)(4) and (b)(6), and disclosure is prohibited under 18 U.S.C. § 1905.

- **Paragraph 19**
  - AMZ-BRY008093
  - AMZ-BRY008094 - AMZ-BRY008097

Please contact me should you have any questions.
Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Jennifer Mott Williams, Esq.
Matthew Jackson, Esq.

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States

☎ +1.202.739.3000
🖷 +1.202.739.3001

EXHIBIT AL

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Friday, May 14, 2021 11:15 AM |
| **To:** | 'Cox, Evamaria'; Jackson, Matthew |
| **Cc:** | Buffalano, Nicole; Murphy, Christopher J.; Williams, Jennifer Mott |
| **Subject:** | Amazon Case No. 29-CA-261755 |

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis's secure file transfer system, documents responsive to subpoena B-1-1CBQM1N, as well as additional documents produced in response to the Charging Party's subpoena.

Please let us know if you have any trouble accessing the documents.

Thanks,
**Kelcey J. Phillips***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members



1

EXHIBIT AM

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

May 14, 2021

**Via Secure File Transfer**
Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:     Amazon.com Services LLC Case 29-CA-261755

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY008098" through "AMZ-BRY008184," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum* B-1-1CBQM1N.  Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

Additionally, the documents produced herewith, bearing Bates labels "AMZ-BRY008098" to "AMZ-BRY008184," have been designated "confidential" and should be treated accordingly.  These documents are being produced subject to the Board's April 27, 2021 Protective Order.  These documents are also exempt from mandatory disclosure under the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552(b)(4) and (b)(6), and disclosure is prohibited under 18 U.S.C. § 1905.

- **Paragraph 19**
  - AMZ-BRY008098 - AMZ-BRY008143
  - AMZ-BRY008144 - AMZ-BRY008184

Please contact me should you have any questions.

Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Jennifer Mott Williams, Esq.
Matthew Jackson, Esq.

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States

☎ +1.202.739.3000
🖷 +1.202.739.3001

EXHIBIT AM

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Friday, May 14, 2021 11:16 AM |
| **To:** | 'Frank Kearl' |
| **Cc:** | Murphy, Christopher J.; Buffalano, Nicole; Williams, Jennifer Mott |
| **Subject:** | RE: Subpoena Duces Tecum - Case No. 29-CA-261755 |

Mr. Kearl,

We have just sent, via Morgan Lewis' secure file transfer, documents responsive to the subpoena duces tecum B-1-1C9GVF7.

Please let us know if you have any trouble accessing the documents.

Thanks,

**Kelcey J. Phillips***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members



---

**From:** Phillips, Kelcey J.
**Sent:** Thursday, May 13, 2021 10:20 PM
**To:** 'Frank Kearl' <frank.kearl@maketheroadny.org>
**Cc:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Williams, Jennifer Mott <jennifer.williams@morganlewis.com>
**Subject:** RE: Subpoena Duces Tecum - Case No. 29-CA-261755

Mr. Kearl,

We have just sent, via Morgan Lewis' secure file transfer, documents responsive to the subpoena duces tecum B-1-1C9GVF7.

Please let us know if you have any trouble accessing the documents.

Thanks,

**Kelcey J. Phillips***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members

EXHIBIT AM

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

May 14, 2021

**Via Secure File Transfer**
Frank Kearl
Staff Attorney
Make the Road New York
161 Port Richmond Avenue
Staten Island, NY 10302

Re:     <u>Amazon.com Services LLC Case 29-CA-261755</u>

Dear Mr. Kearl:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY008098" through "AMZ-BRY008201," which are being produced in response to the Charging Party's subpoena *duces tecum* B-1-1C9GVF7.  Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

Additionally, the documents produced herewith, bearing Bates labels "AMZ-BRY008098" to "AMZ-BRY008184," have been designated "confidential" and should be treated accordingly.  These documents are being produced subject to the Board's April 27, 2021 Protective Order.  These documents are also exempt from mandatory disclosure under the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552(b)(4) and (b)(6), and disclosure is prohibited under 18 U.S.C. § 1905.

- **Paragraph 2**
  - AMZ-BRY008098 - AMZ-BRY008143
  - AMZ-BRY008144 - AMZ-BRY008184
- **Paragraph 6**
  - AMZ-BRY008098 - AMZ-BRY008143
  - AMZ-BRY008144 - AMZ-BRY008184
- **Paragraph 23**
  - AMZ-BRY008185 - AMZ-BRY008187
  - AMZ-BRY008188 - AMZ-BRY008191
  - AMZ-BRY008192 - AMZ-BRY008195
  - AMZ-BRY008196 - AMZ-BRY008197
  - AMZ-BRY008198 - AMZ-BRY008201

Please contact me should you have any questions.

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States

**T** +1.202.739.3000
**F** +1.202.739.3001

EXHIBIT AM

GC Exhibit 118

May 14, 2021
Page 2

Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Jennifer Mott Williams, Esq.

EXHIBIT AM

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Sunday, May 9, 2021 6:14 PM |
| **To:** | 'Cox, Evamaria'; 'Jackson, Matthew' |
| **Cc:** | Buffalano, Nicole; Murphy, Christopher J.; Williams, Jennifer Mott |
| **Subject:** | RE: Amazon Case No. 29-CA-261755 |
| **Attachments:** | AMZ-BRY006843 - AMZ-BRY006915.pdf |

Ms. Cox and Mr. Jackson,

Attached please find a replacement for the WIM guide previously produced on May 7.

Thanks,

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members



---

**From:** Phillips, Kelcey J.
**Sent:** Friday, May 7, 2021 11:15 AM
**To:** 'Cox, Evamaria' <Evamaria.Cox@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Williams, Jennifer Mott <jennifer.williams@morganlewis.com>
**Subject:** Amazon Case No. 29-CA-261755

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis's secure file transfer system, documents responsive to subpoena B-1-1BUGMIX and subpoena B-1-1CBQM1N.

Please let us know if you have any trouble accessing the documents.

Thanks,

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members

EXHIBIT AN

GC Exhibit 118

EXHIBIT AN

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Friday, May 21, 2021 1:01 AM |
| **To:** | 'Cox, Evamaria'; Jackson, Matthew |
| **Cc:** | Buffalano, Nicole; Murphy, Christopher J.; Williams, Jennifer Mott |
| **Subject:** | Amazon, Case No. 29-CA-261755 |

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis's secure file transfer system, documents responsive to subpoena B-1-1BUGMIX, subpoena B-1-1CBQM1N, and Charging Party's subpoena B-1-1CBQM1N.

Please let us know if you have any trouble accessing the documents.

Thanks,

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members



EXHIBIT AO

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

May 20, 2021

**Via Secure File Transfer**
Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:      Amazon.com Services LLC Case 29-CA-261755

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY008202" through "AMZ-BRY008752," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum* B-1-1BUGMIX and subpoena *duces tecum* B-1-1CBQM1N, as well as Charging Party's subpoena *duces tecum* B-1-1C9GVF7.  Due to the size of the documents, we have sent them in four, separate production folders.

Please contact me should you have any questions.


Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Jennifer Mott Williams, Esq.
Matthew Jackson, Esq.

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States

☎ +1.202.739.3000
🖷 +1.202.739.3001

EXHIBIT AO

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

May 24, 2021

**Via Secure File Transfer**
Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:   Amazon.com Services LLC Case 29-CA-261755

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-referenced matter. This letter serves as a supplement to our May 20, 2021 production of documents bearing Bates Stamp number "AMZ-BRY008202" through "AMZ-BRY008752," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum* B-1-1BUGMIX and Charging Party's subpoena *duces tecum* -1-1C9GVF7. Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

Additionally, the documents produced herewith, bearing Bates labels "AMZ-BRY008202" to "AMZ-BRY008216," have been designated "confidential" and should be treated accordingly. These documents are being produced subject to the Board's April 27, 2021 Protective Order. These documents are also exempt from mandatory disclosure under the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552(b)(4) and (b)(6), and disclosure is prohibited under 18 U.S.C. § 1905.

- **Paragraph 7 – B-1-1BUGMIX**
  - AMZ-BRY008217
- **Paragraph 18 – B-1-1BUGMIX**
  - AMZ-BRY008202 - AMZ-BRY008216
- **Paragraph 19(b) – B-1-1BUGMIX**
  - AMZ-BRY008726 - AMZ-BRY0008727
- **Paragraphs 4, 19(b) – B-1-1C9GVF7**
  - AMZ-BRY008218 - AMZ-BRY008219
  - AMZ-BRY008220 -AMZ-BRY008221
  - AMZ-BRY008222 - AMZ-BRY008225
  - AMZ-BRY008226 - AMZ-BRY008230
  - AMZ-BRY008231 - AMZ-BRY008237
  - AMZ-BRY008238 - AMZ-BRY008240
  - AMZ-BRY008241 - AMZ-BRY008243
  - AMZ-BRY008244 - AMZ-BRY008245

**Morgan, Lewis & Bockius LLP**

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States

☎ +1.202.739.3000
🖷 +1.202.739.3001

EXHIBIT AO

GC Exhibit 118

May 24, 2021
Page 2

- AMZ-BRY008246 - AMZ-BRY008247
- AMZ-BRY008248
- AMZ-BRY008249 - AMZ-BRY008250
- AMZ-BRY008251 - AMZ-BRY008253
- AMZ-BRY008254 - AMZ-BRY008258
- AMZ-BRY008259 - AMZ-BRY008261
- AMZ-BRY008262 - AMZ-BRY008264
- AMZ-BRY008265 - AMZ-BRY008268
- AMZ-BRY008269 - AMZ-BRY008274
- AMZ-BRY008275 - AMZ-BRY008280
- AMZ-BRY008281 - AMZ-BRY008282
- AMZ-BRY008283 - AMZ-BRY008288
- AMZ-BRY008289 - AMZ-BRY008293
- AMZ-BRY008294 - AMZ-BRY008296
- AMZ-BRY008297 - AMZ-BRY008301
- AMZ-BRY008302 - AMZ-BRY008306
- AMZ-BRY008307 - AMZ-BRY008312
- AMZ-BRY008313 - AMZ-BRY008315
- AMZ-BRY008316 - AMZ-BRY008318
- AMZ-BRY008319 - AMZ-BRY008321
- AMZ-BRY008322 - AMZ-BRY008323
- AMZ-BRY008324 - AMZ-BRY008326
- AMZ-BRY008327 - AMZ-BRY008328
- AMZ-BRY008329 - AMZ-BRY008331
- AMZ-BRY008332 - AMZ-BRY008338
- AMZ-BRY008339 - AMZ-BRY008343
- AMZ-BRY008344 - AMZ-BRY008345
- AMZ-BRY008346 - AMZ-BRY008352
- AMZ-BRY008353 - AMZ-BRY008355
- AMZ-BRY008356 - AMZ-BRY008361
- AMZ-BRY008362 - AMZ-BRY008367
- AMZ-BRY008368 - AMZ-BRY008371
- AMZ-BRY008372 - AMZ-BRY008375
- AMZ-BRY008376 - AMZ-BRY008379
- AMZ-BRY008380 - AMZ-BRY008381
- AMZ-BRY008382 - AMZ-BRY008385
- AMZ-BRY008386 - AMZ-BRY008389
- AMZ-BRY008390 - AMZ-BRY008394
- AMZ-BRY008395 - AMZ-BRY008397
- AMZ-BRY008398 - AMZ-BRY008400
- AMZ-BRY008401 - AMZ-BRY008403
- AMZ-BRY008404 - AMZ-BRY008406
- AMZ-BRY008407 - AMZ-BRY008409
- AMZ-BRY008410 - AMZ-BRY008411
- AMZ-BRY008412 - AMZ-BRY008419
- AMZ-BRY008420 - AMZ-BRY008426
- AMZ-BRY008427 - AMZ-BRY008432
- AMZ-BRY008433 - AMZ-BRY008437
- AMZ-BRY008438 - AMZ-BRY008442
- AMZ-BRY008443 - AMZ-BRY008445
- AMZ-BRY008446 - AMZ-BRY008450

EXHIBIT AO

May 24, 2021
Page 3

- AMZ-BRY008451 - AMZ-BRY008453
- AMZ-BRY008454 - AMZ-BRY008458
- AMZ-BRY008459 - AMZ-BRY008462
- AMZ-BRY008463 - AMZ-BRY008465
- AMZ-BRY008466 - AMZ-BRY008470
- AMZ-BRY008471 - AMZ-BRY008472
- AMZ-BRY008473 - AMZ-BRY008476
- AMZ-BRY008477 - AMZ-BRY008479
- AMZ-BRY008480 - AMZ-BRY008482
- AMZ-BRY008483 - AMZ-BRY008484
- AMZ-BRY008485 - AMZ-BRY008486
- AMZ-BRY008487 - AMZ-BRY008490
- AMZ-BRY008491 - AMZ-BRY008492
- AMZ-BRY008493 - AMZ-BRY008494
- AMZ-BRY008495 - AMZ-BRY008496
- AMZ-BRY008497 - AMZ-BRY008501
- AMZ-BRY008502 - AMZ-BRY008505
- AMZ-BRY008506 - AMZ-BRY008507
- AMZ-BRY008508 - AMZ-BRY008510
- AMZ-BRY008511 - AMZ-BRY008512
- AMZ-BRY008513 - AMZ-BRY008514
- AMZ-BRY008515 - AMZ-BRY008522
- AMZ-BRY008523 - AMZ-BRY008524
- AMZ-BRY008525 - AMZ-BRY008526
- AMZ-BRY008527 - AMZ-BRY008528
- AMZ-BRY008529 - AMZ-BRY008530
- AMZ-BRY008531
- AMZ-BRY008532 - AMZ-BRY008536
- AMZ-BRY008537 - AMZ-BRY008541
- AMZ-BRY008542 - AMZ-BRY008546
- AMZ-BRY008547 - AMZ-BRY008549
- AMZ-BRY008550
- AMZ-BRY008551 - AMZ-BRY008552
- AMZ-BRY008553- AMZ-BRY008554
- AMZ-BRY008555 - AMZ-BRY008557
- AMZ-BRY008558 - AMZ-BRY008560
- AMZ-BRY008561 - AMZ-BRY008565
- AMZ-BRY008566 - AMZ-BRY008568
- AMZ-BRY008569 - AMZ-BRY008570
- AMZ-BRY008571 - AMZ-BRY008573
- AMZ-BRY008574 - AMZ-BRY008577
- AMZ-BRY008578 - AMZ-BRY008579
- AMZ-BRY008580 - AMZ-BRY008582
- AMZ-BRY008583 - AMZ-BRY008585
- AMZ-BRY008586 - AMZ-BRY008588
- AMZ-BRY008589 - AMZ-BRY008591
- AMZ-BRY008592 - AMZ-BRY008593
- AMZ-BRY008594 - AMZ-BRY008595
- AMZ-BRY008596 - AMZ-BRY008597
- AMZ-BRY008598 - AMZ-BRY008599
- AMZ-BRY008600 - AMZ-BRY008601

EXHIBIT AO

May 24, 2021
Page 4

- o AMZ-BRY008602 - AMZ-BRY008603
- o AMZ-BRY008604 - AMZ-BRY008605
- o AMZ-BRY008606 - AMZ-BRY008607
- o AMZ-BRY008608
- o AMZ-BRY008609 - AMZ-BRY008613
- o AMZ-BRY008614
- o AMZ-BRY008615 - AMZ-BRY008617
- o AMZ-BRY008618 - AMZ-BRY008630
- o AMZ-BRY008631 - AMZ-BRY008635
- o AMZ-BRY008636 - AMZ-BRY008637
- o AMZ-BRY008638 - AMZ-BRY008639
- o AMZ-BRY008640 - AMZ-BRY008642
- o AMZ-BRY008643 - AMZ-BRY008644
- o AMZ-BRY008645 - AMZ-BRY008646
- o AMZ-BRY008647 - AMZ-BRY008648
- o AMZ-BRY008649 - AMZ-BRY008650
- o AMZ-BRY008651
- o AMZ-BRY008652
- o AMZ-BRY008653 - AMZ-BRY008658
- o AMZ-BRY008659 - AMZ-BRY008678
- o AMZ-BRY008679 - AMZ-BRY008682
- o AMZ-BRY008683 - AMZ-BRY008688
- o AMZ-BRY008689 - AMZ-BRY008690
- o AMZ-BRY008691 - AMZ-BRY008692
- o AMZ-BRY008693
- o AMZ-BRY008694 - AMZ-BRY008703
- o AMZ-BRY008704 - AMZ-BRY008705
- o AMZ-BRY008706 - AMZ-BRY008725
- o AMZ-BRY008726 - AMZ-BRY0008727
- o AMZ-BRY008728 - AMZ-BRY008734
- o AMZ-BRY008735
- o AMZ-BRY008736 - AMZ-BRY008750
- o AMZ-BRY008751 - AMZ-BRY008752

Please contact me should you have any questions.


Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Jennifer Mott Williams, Esq.
Matthew Jackson, Esq.

EXHIBIT AO

# EXHIBIT 2

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Buffalano, Nicole |
| **Sent:** | Friday, April 16, 2021 12:07 AM |
| **To:** | Cox, Evamaria; Murphy, Christopher J.; Phillips, Kelcey J. |
| **Cc:** | Jackson, Matthew; Reibstein, Nancy K.; Gaston, David; Farmer, Tammy L.; Fisher, Jordan Scott; Ranjo, Jason J. |
| **Subject:** | RE: Follow up to yesterday's call in Amazon.com Services LLC, 29-CA-261755 |

Ms. Cox,

I understand that you would like us to produce the individual disciplines for all 1.593 disciplinary cases identified in our JFK8 spreadsheet (which was sent to you a short time ago).  I connected with the individual who is assisting us with gathering the data and here is what I understand about that process.

- Disciplinary documents are stored within the electronic personnel files of each employee.  An individual has to locate and open individual personnel files, locate the discipline in the file (which are generically labeled), and save the discipline locally.
- The individual who is obtaining the data reported that it is taking 4.5 minutes per personnel file.
- Assuming that each discipline belongs to a unique employee, based on current information, it would take 7,168 minutes just to pull each of the 1,593 disciplines.  That is 119 hours, which would take a full time employee almost three weeks to complete.
- This estimate does not include time to review the documents.
- Given the other documents that we will also need to gather responsive to Paragraphs 16, 17 (I assume that you will want the same for the EWR4 and BDL3), and 19, I have some concern that you will have all of the documents you need by our May 3 hearing date.

Given this and the nature of this particular case, we have significant concerns with the proportionality of your request.  Nevertheless, subject to and without waiving any objection as to proportionality or otherwise, we will begin pulling the individual discipline.  We are still working on identifying the appropriate expert to discuss records maintenance as it relates to documents responsive to Paragraph 19 and will follow up tomorrow.

Thank you,


**Nicole Buffalano**
**Morgan, Lewis & Bockius LLP**
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132
Direct: +1.213.612.7443 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 | Mobile: +1.240.350.8208
nicole.buffalano@morganlewis.com | www.morganlewis.com
Assistant: Lois J. Han | +1.213.612.7407 | lois.han@morganlewis.com



---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Thursday, April 15, 2021 8:15 AM
**To:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Reibstein, Nancy K. <Nancy.Reibstein@nlrb.gov>; Gaston, David

<David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>; Fisher, Jordan Scott <jordan.fisher@morganlewis.com>; Ranjo, Jason J. <jason.ranjo@morganlewis.com>
**Subject:** RE: Follow up to yesterday's call in Amazon.com Services LLC, 29-CA-261755

[EXTERNAL EMAIL]
Good morning Ms. Buffalano,

My response is below in **blue.**

Thank you,
Evamaria Cox

---

**From:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>
**Sent:** Wednesday, April 14, 2021 11:49 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Reibstein, Nancy K. <Nancy.Reibstein@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>; Fisher, Jordan Scott <jordan.fisher@morganlewis.com>; Ranjo, Jason J. <jason.ranjo@morganlewis.com>
**Subject:** RE: Follow up to yesterday's call in Amazon.com Services LLC, 29-CA-261755

Ms. Cox,

Our responses to your email are below in green.

Thank you,

**Nicole Buffalano**
**Morgan, Lewis & Bockius LLP**
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132
Direct: +1.213.612.7443 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 | Mobile: +1.240.350.8208
nicole.buffalano@morganlewis.com | www.morganlewis.com
Assistant: Lois J. Han | +1.213.612.7407 | lois.han@morganlewis.com



---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Tuesday, April 13, 2021 12:21 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Reibstein, Nancy K. <Nancy.Reibstein@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>
**Subject:** Follow up to yesterday's call in Amazon.com Services LLC, 29-CA-261755
[EXTERNAL EMAIL]
Good afternoon Counsel,

Thank you for conferring with us yesterday (4/12) regarding the production deficiencies set forth in my email dated April 6, 2021.

2

This email serves to memorialize yesterday's (4/12) telephone call, and serves as a follow up on paragraphs 17 and 19.

As you know, Respondent represented that there are 2,495 disciplines at JFK8 responsive to paragraph 17. There were 2,393 disciplines that resulted when we searched using the 31 search terms that you proposed on 4/1/21. When we reviewed those documents yesterday, we determined that 800 of those hits were returned because they contained variations on the word "age," i.e. "manager" and "manage." There was only a single hit that found the word "age" in any discipline. Of course, you had asked for disciplines with the word "age" and not with the word "manager" or "manage," so there are 1,593 responsive disciplines and not 2,393. **Please produce the 1,593 responsive disciplines in a searchable format.** Please produce the 2,495 responsive disciplines in a searchable format. Upon review of the disciplines, I will let you know if the personnel files and/or investigatory documents associated with these disciplines will be necessary to produce. We will produce to you tomorrow a spreadsheet describing the 1,593 disciplines. **As I explained on our 4/12 call, the chart is not conducive to eliciting testimony.** The spreadsheet will be in an identical format to the one that we produced to you on 4/7/21 in response to Paragraph 16. While we are willing to pull each individual discipline and provide those to you, doing so will likely take some time as the individual disciplines are stored in each individual employee's electronic personnel file. This would require an individual to go into 1,593 electronic files, locate the relevant discipline, and save it locally. **Please pull each individual discipline (1,593) and provide the disciplines to us.** Of course, if you want to review a particular personnel file, we will send you the discipline as part of that personnel file. I note that the spreadsheet that we will produce to you contains all of the information that is contained in each individual discipline. To that end, the columns titled "Areas of Improvement" and "Details" from our spreadsheet includes the relevant narrative sections contained in the employee's disciplinary document. Once you receive the spreadsheet tomorrow, let us know if that is sufficient. **The spreadsheet is not sufficient. Please produce the individual disciplines in searchable format.** As with the response to Subpoena Paragraph 16, we will turn next to the discipline for the other two facilities, EWR4 and BDL3, using the 31 search terms for Paragraph 17. **Thank you. In addition, please do not forget to produce the disciplines responsive to Paragraph 16 for "cursing, abusive, profane, harassing, and vulgar language" for EWR4 and BDL3.**

As you also know, we did not get the opportunity confer yesterday regarding paragraph 19. Please let us know when you and the individual with knowledge about the search are available to discuss tomorrow (4/14) or Thursday (4/15). We understand that you are looking for an individual at Amazon who can discuss how Amazon documents are maintained, stored, and searched in order to assist with developing search terms for Paragraph 19. Please let me know if that is not accurate. We are actively working on identifying the appropriate individual and will respond with their availability as soon as we can – hopefully by the end of the day tomorrow. **This is accurate. Thank you.**

In order to determine what issues, if any, need to be addressed by the Custodian of the Records on Monday (4/19), we would also like to discuss tomorrow (4/14) or Thursday (4/15) the documents responsive to which subpoena paragraphs have been produced to date. I am not clear on what you are requesting. Are you asking us to identify which subpoena paragraph(s) each produced document is responsive to? **Yes; as discussed on 4/12, please organize/identify production by subpoena paragraph.**

I will follow up this email with a telephone call shortly.

1. <u>**No Responsive Documents Produced**</u>
   a. Para. 10-Respondent represents that the witness statements (**AMZ-BRY000169- AMZ-BRY000175**) contain the words and conduct that resulted in Bryson's discharge. Confirmed. **Thank you.**

GC Exhibit 118

b. Para. 12(b)-Respondent represented that there wasn't a separate investigation into Evans' misconduct and that documents responsive to Bryson's investigation are the same documents that are responsive to the investigation into Evans' write up.  I can confirm that there was not a separate investigation into Evans' misconduct and that the investigative documents are the same for the two investigations.  **Thank you.**

c. Para. 13(c)-Respondent represented that it considered Evans' written statement about April 6 in considering whether to write her up.  Confirmed that Evans' written statement is responsive to Paragraph 13(c).  **Thank you.**

d. Para. 14(b)- Respondent represented that Evans April 17 write-up (**AMZ-BRY000148)** was administered in person, and that her write-up is the only document showing Respondent's deliberations regarding whether to issue Evans discipline.  I can confirm that we have produced all non-privileged documents that we have seen and reviewed to date that shows Respondent's deliberations regarding whether to issue Evans discipline.  We will produce a privilege log by the end of this week.  **Thank you.**

2. **Documents are Partially Responsive**

   a. Para. 1- The charts produced by Respondent on 3.31 and 4.12 (effective 4.7.20) cover the May 1, 2019 through April 30, 2020 subpoena period.  These are the only JFK8 org charts that exist.  **Thank you.**

   b. Para. 13*-Respondent maintains Ms. Phillips' representation by email dated April 5 that Respondent relied upon/considered 26 comparator disciplines in the form of the chart before disciplining Bryson.  CAGC requested the underlying disciplines covered by the subpoena in addition to the 9 disciplines from outside of the May 1, 2019 to April 30, 2020 period be produced.  Respondent agreed to produce the 9 disciplines.  Confirmed that production of the 26 comparator materials is underway.  **Thank you.**

   c. Para 15- **AMZ-BRY000185- AMZ-BRY000187.**  Respondent represented that these videos were viewed in real time and agreed to search for any "documents or notes reflecting the circumstances and dates under which such recordings . . . .  were accessed, obtained and maintained."  Confirmed.  **Thank you.**

3. **Form of Production Issues**

   a. No organizing/Labeling of documents.  Respondent agreed to organize/identify production by subpoena paragraph but did not specify how it would organize the documents.  Confirmed.  **Thank you.**

   b. To be produced in Native Form.  In addition to producing the documents below in native format, CAGC requested that **AMZ-BRY000179- MZ-BRY000181** be produced in native format.  Respondent agreed and on 4/12 produced all the documents except **AMZ-BRY000179- MZ-BRY000181** in native format.  I am reattaching AMZ-BRY000179-AMZ-BRY000181.  It was produced in its native format (fillable PDF).  I will look into (i) – (iii), below.  **These documents were produced on 4/12.  Thank you.  This issue is resolved.**

      i. **AMZ-BRY000172- AMZ-BRY000178**

    ii.    **AMZ-BRY000182- AMZ-BRY000183**

    iii.    **AMZ-BRY000184-**

**4.** <u>**Miscellaneous**</u>

    a.    Para. 7 (2017 Owner's Manual **AMZ-BRY000046-AMZ-BRY000076**).  Respondent agreed to produce the 2019 Owner's Manual.  <span style="color:green">Confirmed</span>. **Thank you.**

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# EXHIBIT 3

GC Exhibit 118

**Archived:** Wednesday, May 19, 2021 7:48:02 PM
**From:** Murphy, Christopher J.
**Mail received time:** Sat, 17 Apr 2021 14:36:53
**Sent:** Sat, 17 Apr 2021 14:36:51
**To:** Cox, Evamaria  Jackson, Matthew
**Cc:** Buffalano, Nicole  Ranjo, Jason J.  Phillips, Kelcey J.
**Subject:** Follow Up to 4/16/21 Call
**Importance:** Normal
**Sensitivity:** None
**Attachments:**
For Our 7_30 Call -- Please forward to Your side.msg;

---

Eva:

Following our 90-minute call last evening, here is our understanding of the items discussed or agreed to last night:

1.      We agreed to provide hit reports by search term for the following: (a) For the JFK8 set of 1,593 disciplines a hit list for the paragraph 16 terms (5 terms) and the paragraph 17 terms (31 terms); (b) For the EWR4 and BDL3 sets of disciplines, provide the same of hit list for both Paragraphs 16 and 17; and (c) We agreed to produce the personnel and investigative files, if any, of any employee whose discipline suggests to you that they may a comparator.  Relatedly, we have produced the personnel files for the 32 JFK8 comparators you have identified.

2.      We confirmed our written advice that the "discipline forms" you seek cannot be generated or extracted from the discipline reports (adapt) we have sent to you. Each discipline form you seek must be extracted manually.  That is, the personnel file of the employee for whom you seek a discipline form must be downloaded from Amazon and reviewed by a reviewer.  The reviewer then identifies the discipline form(s) and copies it to a pdf format for review, QC and production.  As we advised under separate cover, this process is labor and time intensive.  For example, we estimate that production of the discipline forms in pdf form for JFK8, EWR4 and BDL3 would take more than 1000 hours of reviewer or attorney time. Assuming a 40 hour work week, this work would take more than 25 weeks to complete.

3.      We offered to search for additional search terms for the 10 paragraph 19 custodians already transferred.  (Two of the custodians we selected did not transfer over yet due to size limitations.)  This would be in addition to the terms provided in our pre-call email of last night (copy attached).  We ask that you provide us the additional terms you would like us to search. We also agreed to provide a hit list for each of the paragraph 19 terms searched to date.

4.      We explained how we selected the paragraph 19 custodian and search terms utilized.  As indicated, our approach was simple – we picked the custodians and terms that seemed to have the most relevance to Bryson's alleged PCA and the circumstances that lead to his termination.  We took issue with your suggestion that you didn't know what search terms to propose because you investigated this case and now have been preparing it for trial for months.  You asked why we didn't include the terms "blog" or "post" in our initial cut and we explained that we simply hadn't seen the strong connection of those terms to this case.  As noted above, we will search any additional terms form your set of proposed terms.

5.      Relatedly, you asked us about 5 paragraph 19 custodians (Neha Viswanath, Brian Reichart, Milly Gutierrez, Traci Weishalla, Anand Mehta, and Kristin LaRosa) not included in our initial review.  As per #4, we explained that we didn't select them because we did not view them as central to this case.  Please confirm that you want us to review those additional custodians and we will begin the process.  Note, however, that Amazon objects to pulling electronically stored information for Kristin LaRosa as a custodian because, as we explained, she is an Amazon in-house attorney, and the vast majority, if not all, of her responsive communications are likely privileged.  If Ms. LaRosa appears on responsive communications for other custodians, we will evaluate privilege on an individualized basis.

GC Exhibit 118

Please let us know if you think we missed anything substantive.

Finally, we object to the repeated insinuations made by your participants on the call that we and/or our client are being less than fully compliant with our respective obligations to produce documents in this case. Some of the participants on your side repeatedly used the terms "transparency" and "clarity" to suggest that Amazon has not produced all the responsive materials in its possession or that we are somehow not complying with our obligations under the applicable Rules of Professional Conduct. When we pressed you to substantiate your insinuations, you said only that the production did not look like how you expected it to look and that Amazon's systems may not be "standard." In response, we repeatedly assured you that we, in turn, have been assured that all emails and Chimes responsive to the Paragraph 19 search criteria we provided have been collected. To alleviate your unfounded concerns that Amazon Chimes were not properly searched or pulled, Jason Ranjo told you that Amazon routinely produces Chimes in civil litigation discovery, that this Amazon production has proceeded in exactly the same way that others such productions have proceeded, and that no one has ever made the insinuations casually tossed about last night. We respectfully request that you refrain from any further conjecture and aspersion.

*Chris*

**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



# EXHIBIT 4

GC Exhibit 118

**Archived:** Wednesday, May 19, 2021 7:47:54 PM
**From:** Cox, Evamaria
**Mail received time:** Wed, 21 Apr 2021 17:02:44
**Sent:** Wed, 21 Apr 2021 21:02:35
**To:** Buffalano, Nicole
**Cc:** Phillips, Kelcey J.   Murphy, Christopher J.   Jackson, Matthew   Gaston, David   Farmer, Tammy L.
**Subject:** RE: Status and Update on Production of Documents
**Importance:** Normal
**Sensitivity:** None

---

[EXTERNAL EMAIL]
Good afternoon Nicole,

At this time we oppose postponing the hearing and intend on calling the custodian of the records on Monday (4/26).

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS
This communication may contain Privacy Act Data/Sensitive Data w hich is intended only for the use of the individual to w hich it is addressed. It may contain information that is privileged, confidential or otherw ise protected from disclosure under applicable law . If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

**From:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>
**Sent:** Tuesday, April 20, 2021 7:29 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** Kelcey Phillips <kelcey.phillips@morganlewis.com>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>
**Subject:** Status and Update on Production of Documents

Eva,

As we discussed today, it is becoming increasingly clear that producing all of the documents that the Counsel for the Acting General Counsel has requested before the May 3 hearing date – or even before the end of May – is an impossibility.  The CAGC's latest subpoena only pushes the estimate out further, as it contains another 99 separate requests and sub-requests that broadened the scope of the subpoena requests considerably, including by requesting documents related to the responsibilities of eleven separate Amazon representatives and documents that show *any time* those individuals exercised their responsibilities and documents, and ESI related to other individuals who work or worked at JFK8 that have nothing to do with this case.  As you know, there may also be additional production related to the Charging Party's subpoena as well.

I know that we have discussed this piecemeal over our various calls, but so that you have it all in one place, here is what our

production timeline looks like based only on the initial subpoena.

- JFK8 Paragraph 17 – production of the 1,593 individual disciplinary forms:
  - An individual has to locate and open individual personnel files, locate the discipline in the file (which are generically labeled), and save the discipline locally.
  - The individual who is obtaining the data reported that this step is taking 4.5 minutes per personnel file.
  - Assuming that each discipline belongs to a unique employee, based on current information, it would take 7,168 minutes just to pull each of the 1,593 disciplines.  That is 119 hours, which would take a full-time employee almost three weeks to complete.
  - This estimate does not include time for the attorneys to review and redact the documents.
  - It takes approximately 8 minutes for an attorney to review and redact one personnel file, based on our review of 32 personnel files and corresponding disciplines for certain JFK8 employees.
  - Therefore, it would take approximately 19,912 minutes to pull, review, and redact each of the 1,593 disciplines, assuming that each discipline belongs to a unique employee.  **That is 332 hours, or approximately 8.3 weeks for one full-time employee working 40 hours each week.**

- EWR4 Paragraph 17 – production of the 535 individual disciplinary forms:
  - Using the same analysis above, it will take approximately 6,688 minutes for Amazon to pull the personnel files and review and redact the files.  **That is 111 hours, or approximately 1.85 weeks for one full-time employee working 40 hours each week.**

- BDL3 – Paragraph 17 – production of 217 individual disciplinary forms:
  - Using the same analysis above, it will take approximately 2,716 minutes for Amazon to pull the personnel files and review and redact the files.  **That is 45 hours, or approximately 1.1 weeks for one full-time employee working 40 hours each week.**

- JFK8, EWR4, BDL3 Paragraph 17 – 183 investigation files and 151 personnel files:
  - Investigation files are stored on a different database than the personnel and discipline files; however, the process for pulling, reviewing, and producing relevant files is similar.
  - Not every discipline has a corresponding investigation files.  We have not completed our search for the relevant files, but based on what we have reviewed to date, we expect there to be approximately 95 relevant investigation files total for all three facilities (JFK8, EWR4, BDL3).
  - Each investigation file, if one exists for a particular investigation must be individually pulled from the system and then saved locally.
  - The individual who is obtaining the data reported that it is taking 4.5 minutes per investigation file.
  - Once the investigation files are pulled, they are sent to counsel to be reviewed and redacted.  The review and redaction process takes approximately 18 minutes for each file.
  - Assuming there are 95 responsive investigation files in total, it will take approximately 2,138 minutes for Amazon to pull the investigation files and review and redact the files.  **That is 36 hours, or approximately 5 days for one full-time employee working 40 hours each week**
  - .

- Paragraph 19 – ESI related to four separate requests.  As you know, we are still conferring with the Region related to Paragraph 19 search criteria and will need time to continue to do that.  Only after those search terms and custodians are agreed upon can our review begin.  Just to level set, **can take approximately one week to pull ESI for each additional custodian, depending on the amount of data available for the particular custodian.**  With respect to reviewing the documents, on average, one individual will be able to review between 500-1000 documents per day.  **Just based on the total number of hits today (including families), there are 12,605 documents.  Based on these documents alone, it would take one individual working full time between 12 and 24 days to review the responsive documents.**

Unfortunately, we do not have unlimited resources to produce documents, so based on current discussions, we believe it will take at least 7 weeks to produce all of the above documents.  Any searches, review and production related to the Region's new subpoena or the charging Party's subpoena would be on top of that 7-week period.  In addition to the timing issues, the current timeline does not permit the parties to engage in the necessary discussions around appropriate responses to your requests.  It also guarantees that you will have some, but certainly not all of the information by May 3, with little if any time to review it.  The remaining two subpoenas further complicate the timeline.  In addition, I note that Chris and I are also significantly involved in Amazon's Bessemer election and it appears likely that the objections hearing will be scheduled at the same time as this hearing.  For all of these reasons, the Respondent intends to request a postponement of this hearing.  Please let us know your position on a postponement that would allow us to facilitate the exchange of documents under the current subpoena and the other two subpoenas (should they be enforced) in a timely manner.


Finally, regardless of whether the hearing is postponed, we suggest postponing the questioning of the custodians(s) of the record until the issues with the existing subpoena are settled and the issues with the new subpoenas are more developed.

We want to avoid calling the custodian(s) of the record multiple times and instead call them one time once all of the issues have crystalized.  Calling the custodian(s) multiple times is not an efficient use of anyone's time.

Thank you,

**Nicole Buffalano**
**Morgan, Lewis & Bockius LLP**
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132
Direct: +1.213.612.7443 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 | Mobile: +1.240.350.8208
nicole.buffalano@morganlewis.com | www.morganlewis.com
Assistant: Lois J. Han | +1.213.612.7407 | lois.han@morganlewis.com



DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# EXHIBIT 5

GC Exhibit 118

## UNITED STATES OF AMERICA
## BEFORE THE NATIONAL LABOR RELATIONS BOARD
## REGION 29

|                                      |     |                     |
|--------------------------------------|-----|---------------------|
| AMAZON.COM SERVICES LLC              | )   |                     |
|                                      | )   |                     |
| and                                  | )   | Case 29-CA-261755   |
|                                      | )   |                     |
| GERALD BRYSON                        | )   |                     |
| An Individual.                       | )   |                     |

## RESPONDENT AMAZON'S PETITION TO PARTIALLY REVOKE
## COUNSEL FOR THE ACTING GENERAL COUNSEL'S TRIAL SUBPOENA

Pursuant to Section 11(1) of the National Labor Relations Act and Section 102.31(b) of

the Rules and Regulations of the National Labor Relations Board ("NLRB" or "Board"),

Amazon.com Services LLC ("Respondent," "Amazon" or the "Company"), through its

undersigned counsel, hereby petitions to partially revoke the subpoena *duces tecum* (B-1-

1BUGMIX) and the subpoena *ad testificandum* (A-1-1BUGP0N) served by the Counsel for

Acting General Counsel ("CAGC") upon counsel for Amazon.  Copies of the subpoenas are

attached hereto as **Exhibit 1**.

## INTRODUCTION

This Petition is submitted following the Regional Director of Region 29 of the NLRB's

issuance on December 22, 2020 of a Complaint and Notice of Hearing.  The subpoenas

underlying this petition were received by counsel for Amazon on Monday, March 1, 2021.  This

Petition is timely filed within five business days after the date of service of the subpoena, as

required by Section 102.31(b) of the Board's Rules and Regulations.  As discussed further

below, Amazon submits this petition to revoke because certain of the production requests (1) are

substantively overbroad and seek a broad range of information, the production of which would

subject Amazon to undue burden and expense, (2) seek information which is not relevant to this

proceeding and is not likely to lead to the discovery of facts or materials relevant to the issues in

issue at the hearing, and (3) seek confidential information and/or information protected by the

attorney-client privilege, attorney-work-product privilege, or other applicable privileges.

## ARGUMENT

Section 102.31(b) of the Board's Rules and Regulations states, in relevant part, the

following:

> The Administrative Law Judge or the Board, as the case may be, **will**
> revoke the subpoena if in their opinion the evidence whose
> production is required does not relate to any matter under
> investigation or in question in the proceedings or the subpoena does
> not describe with sufficient particularity the evidence whose
> production is required, or if for any other reason sufficient in law the
> subpoena is otherwise invalid.

29 C.F.R. § 102.31(b) (emphasis added).  Accordingly, the subpoena must be "for a legitimate

purpose, the inquiry in question must be reasonably related to the purpose, and the demand for

information must not be overly broad, indefinite or otherwise unreasonable."  *NLRB v. U.S.*

*Postal Serv.*, 790 F. Supp. 31, 34 (D.D.C. 1992); *see also Drukker Commc'ns, Inc. v. NLRB*, 700

F.2d 727, 730 (D.C. Cir. 1983) ("Although the statute explicitly permits the quashing of

subpoenas only for irrelevance or lack of particularity, it does not explicitly exclude other

grounds . . . .").  Indeed, the Board's own Casehandling Manual says that subpoenas should

be "drafted as narrowly and specifically as is practicable."  NLRB Casehandling Manual, Part 1,

§ 11776.

In applying this standard, the Board has deemed persuasive the Federal Rules of Civil

Procedure.  *See Brink's Inc.*, 281 NLRB 468, 468 (1986).  Rule 26(b)(1) of the Federal Rules

limits discovery if, *inter alia*, "the burden or expense of the proposed discovery outweighs its

likely benefit." *See also* NLRB Division of Judges Bench Book § 8–330.  In addition, Rule 26(c)(1) provides that a protective order may be issued "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."

The materials sought must also be relevant to the case at hand.  NLRB Casehandling Manual, Part 1, § 11776; *see also NLRB v. Carolina Food Processors, Inc.*, 81 F.3d 507, 510 (4th Cir. 1996).  Where documents are to be produced pursuant to a subpoena, they must be described with certainty and particularity both with reference to content and time period.  *See* NLRB Casehandling Manual, Part 1, § 11779.; FED. R. CIV. P. 26(b)(1) (limiting the scope of discovery to materials that are relevant to the claim or defense of a party).  Mere "fishing expeditions" do not serve the purpose of the Board's Rules or the Act.  *See Millsboro Nursing & Rehab. Ctr., Inc.*, 327 NLRB 879, 879 n.2 (1999) (holding that the "broad request for the production of records [was] a mere 'fishing expedition' . . . not entitled to a subpoena from the Board.").

If not revoked as requested below, compliance with the CAGC's subpoenas (a) would subject Amazon to undue burden and expense, (b) seek a variety of information that is vague and/or immaterial to the issues in question, and (c) seek privileged and protected information.

## PRELIMINARY STATEMENT

Amazon responds to the entirety of the CAGC's subpoenas subject to this Preliminary Statement and the accompanying general and specific objections.  All the responses and objections contained herein are based upon only that information and those documents presently available and specifically known to Amazon.  Facts and evidence now known may be imperfectly understood.  Further discovery, independent investigation, legal research, and analysis may supply additional facts, add meaning to the known facts, or establish entirely new factual conclusions and

GC Exhibit 118

legal contentions, all of which may lead to substantial additions to, changes in, and variations from, these responses.

These responses and objections are made in good faith but should in no way prejudice Amazon in relation to further investigation, discovery, research, or analysis.  Amazon expressly reserves its right to introduce and rely upon any information and documents not provided in these responses and objections at trial, or at any other stage of this proceeding.  Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred from these responses or objections.  The fact that Amazon has responded to, or not objected to, a request should not be taken as an admission, or a concession of the existence, of any fact set forth or assumed by such request, or that such response constitutes evidence of any fact thus set forth or assumed.

Amazon's responses are made without waiver of the following rights, but, on the contrary, are intended to preserve and do preserve the following:

(a) The right to raise any and all questions of authenticity, foundation, relevancy, materiality, privilege, and admissibility;

(b) The right to object on any ground to the use of any information identified in response to the requests in this or any other action;

(c) The right to object on any ground to the introduction into evidence of said information identified in response to the requests;

(d) The right to revise, correct, supplement, or clarify any of these responses at any time, including at trial.  Inadvertent identification or production of privileged documents or information by Amazon is not a waiver of any applicable privilege.

GC Exhibit 118

## **<u>GENERAL OBJECTIONS</u>**

The following General Objections apply to the subpoena and its discrete requests and are incorporated by reference into the specific objections contained herein.  The assertion of the same, similar, or additional objections, or the provision of partial answers in response to the subpoena's particular requests, does not waive any of Respondent's General Objections as set forth below.

These subpoenas and any others issued based on a request by the CAGC in this case are illegitimate and unenforceable.  The CAGC's decisions to apply for a Board-issued subpoena, to determine the nature and contents of such a subpoena, to serve the subpoena, and the service of such a subpoena upon Respondent in connection with the CAGC's prosecution of the unfair labor practice complaint in this case, each constitute an *ultra vires* act, and, taken together, all amount to an *ultra vires* exercise of authority.  This is because on November 17, 2017, Peter B. Robb began a term of four years as General Counsel of the Board.  Then, on January 20, 2021, the President of the United States invalidly removed Mr. Robb from his position prior to the conclusion of his four-year term of office.  Accordingly, all actions taken by the Office of the General Counsel of the Board in connection with the prosecution of unfair labor practice complaints from the point of Mr. Robb's removal on January 20, 2021 through the present are *ultra vires*.

In addition, Amazon objects to each and every request in the subpoena as overbroad and contrary to Section 11776 of the Casehandling Manual insofar as they rely on broad definitions and are not drafted as "narrowly and specifically as is practicable."  For example, the Counsel for the Acting General Counsel broadly defines "documents" as "***any existing*** printed, typewritten, or otherwise recorded material ***of whatever character*** . . . including without limitation [records

on] computer hard drives … **and any duplicate copies of any such material**. . . ."  (**Exhibit 1**, Definitions and Instructions, Paragraph A).  Amazon objects to this overbroad definition and its use in any of the requests below, as it subjects Amazon to undue burden and expense.  Amazon further objects that any request utilizing this overbroad definition of documents would also require production of information and materials that are irrelevant and immaterial to the issues in question.  Amazon objects to each request to the extent it contains vague and/or undefined terms, and also objects to the extent any request seeks documents not within Amazon's possession, custody, or control.

Amazon objects to the extent any of the requests below seek documents privileged from disclosure pursuant to the attorney-client privilege, the attorney-work-product privilege, or any other applicable evidentiary privilege.

**SPECIFIC OBJECTIONS AND RESPONSES**

Along with its Preliminary Statement and General Objections, Amazon sets forth the following specific objections and responses to each of the subpoena's requests listed below:

> **1. Organizational charts and other documents showing Respondent's managerial structure, hierarchy or chain of command for the Respondent's JFK 8 Facility during the period covered by this subpoena, including documents that show any changes to the reporting protocols and chain of command.**

**OBJECTION**:  Amazon objects that this improperly broad request seeks information that is irrelevant to the issue in dispute in this case, namely, "[o]rganizational charts and other documents showing Respondent's managerial structure, hierarchy or chain of command" for the facility at which the Charging Party worked for eleven (11) months prior to the month (April 2020) of the events at issue in the Complaint.  There is no Complaint allegation related to any event occurring prior to April 6, 2020 and the Complaint alleges that the Charging Party was

6

unlawfully suspended and then terminated for his conduct on April 6, 2020.  Nothing in the Complaint renders even arguably relevant JFK8's organization chart, or changes thereto, for the eleven months before the events at issue.  The part of this Request seeking "documents that show any changes to the reporting protocols and chain of command" suffers from the same infirmity.

Further, requiring Amazon to respond to this Request would be unduly burdensome.  As drafted, the Request would require Amazon to produce each and every document related to each and every managerial or supervisory change, regardless of level or authority, at JFK8 for a full year.  Other than Tyler Grabowski, no other Company manager or supervisor is identified in the Complaint.  Further, the Complaint contains no "John Doe" allegations, which would suggest that the CAGC is not seeking to identify any specific individual whose actions may be at issue.  In the absence of any such allegations relating to supervisory or managerial changes, there simply is no justification to require Amazon to expend personnel, time, and resources to produce the materials covered by this Request.

**2.-6.  Request Numbers 2 through 6.**

**COMMENT**:  Respondent and CAGC have reached an agreement whereby Respondent will amend its Answer, before or at the hearing, to admit that Tyler Grabowski is a statutory supervisor and/or agent and in exchange CAGC will withdraw Request Numbers 2 through 6.

**7. Documents that show the work rules, work guidelines and/or terms and conditions of employment pertaining to employee conduct and/or misconduct applicable to non-supervisory and non-managerial associates employed at Respondent's JFK8 facility at any time during the period covered by this subpoena, including documents showing any changes to the rules, the effective dates of any such changes, and a description or statement of the changes.**

**OBJECTION**:  Amazon objects that this improperly broad request seeks information that is irrelevant to the issue in dispute in this case, namely, whether Respondent discharged the

GC Exhibit 118

Charging Party in April 2020 in violation of Section 8(a)(1) of the Act.  Charging Party was terminated for specific conduct – making vulgar and derogatory comments towards another employee in violation of Amazon's Standards of Conduct prohibiting such conduct.  To the extent that the CAGC seeks information about matters not related to the basis for Charging Party's termination, such as other work rules, work guidelines, and/or terms and conditions of employment pertaining to employee conduct and/or misconduct applicable to non-supervisory employees, such information has no bearing on whether the Respondent violated the Act as alleged in this case.  For example, Respondent's policies on absenteeism are irrelevant to whether the Charging Party's alleged April 6, 2020 protest was a motivating factor in his discharge.  *Dish Network Corp.*, 359 NLRB No. 108, slip op. at 1 (April 30, 2013)  (unless the violation of the alleged discriminatee is in fact comparable to other employee's actions, i.e., where the surrounding circumstances are similar and the employees are otherwise  similarly situated, evidence of other violations cannot be probative of animus under a disparate treatment theory).

Further, this request is overbroad in that it seeks information that is beyond the April 2020 time period in which the Charging Party was terminated.  Charging Party was terminated on April 17, 2020 for his actions occurring on April 6, 2020.  Any rules that came into effect after these events are not relevant to the legal analysis in this case.

Subject to and without waiving the foregoing objections, Amazon responds that it will produce the relevant portions from its Owner's Manual and Guide to Employment – January 2019 which applied at JFK8 in April 2020.

**8. Documents showing that Respondent distributed to its employees, including Gerald Bryson and Dimitra Evans, and that employees (including Bryson and Evans) received Respondent's work rules, work guidelines**

8

GC Exhibit 118

**and/or terms and conditions of employment, including the dates that such rules and policies were received by Bryson and Evans.**

**OBJECTION**: Amazon incorporates by reference its Objection to Request No. 7. Whether or not Respondent distributed work rules to Charging Party or whether he received them bears no relevance to the question presented in this case, namely, would Respondent not have discharged Charging Party on April 17, 2020, had he had not allegedly protested Respondent's COVID policies on April 6, 2020.

Subject to and without waiving the foregoing objections, Amazon responds that it will produce documents showing that the Workplace Harassment and the Standards of Conduct portions from its Owner's Manual and Guide to Employment – January 2019 which applied in April 2020 were distributed to Ms. Evans and Charging Party.

**9.-15.  Request Numbers 9 through 15**

**COMMENT**:  Subject to and without waiving the foregoing General Objections, Amazon responds that it will produce non-privileged documents responsive to these requests, if any.

**16.  During the period covered by this subpoena, documents showing disciplinary actions, including discharges, suspensions, written and oral warnings, issued to employees at Respondent's JFK 8 Facility and at its Regional facilities within which the JFK 8 Facility is located, for violations of the sections named below of Respondent's Standards of Conduct, for cursing, abusive, profane, harassing, or vulgar language, including on-and-off duty examples, together with the personnel file of each disciplined employee showing other discipline to that employee: (a) Category 1 (b) Category 2**

**OBJECTION**:  Amazon objects to the Request because it is vague and ambiguous, as it relies on undefined terms, namely, "Regional facilities within which the JFK 8 Facility is located".  Without specific definition, or identification, of the types and locations of the Amazon

9

GC Exhibit 118

facilities from which the CAGC seeks documents covered by this Request, Amazon cannot meaningfully form a response.

Notwithstanding the forgoing, Respondent objects to this request as being overbroad, unduly burdensome, and irrelevant. The Request seeks all disciplinary actions, regardless of basis or level, for a one-year period, along with all related documents and the personnel file for every employee disciplined. The CAGC seeks these materials not just from JFK8, the only facility at issue in the Complaint, but also from other unspecified facilities comprising the ill-defined "Regional facilities."

Aside from requiring Amazon to search for and review the disciplinary files and personnel files of literally thousands of employees, any documents that may be responsive are irrelevant to this case. In its Position Statement, Amazon, through counsel, represented that only analogous conduct at JFK8 was considered in connection with Charging Party's termination. Thus, discipline for other types of misconduct occurring at other facilities is not relevant here, nor is the documentation related to that non-responsive misconduct.

**17. During the period covered by the subpoena, documents showing disciplinary actions, including discharges, suspensions, written and oral warnings, issued to employees at Respondent's JFK8 Facility and at its Regional facilities within which the JFK 8 Facility is located, together with the personnel file of each disciplined employee showing other discipline to that employee.**

**OBJECTION**: Amazon incorporates by reference its Objection to Request No. 7 regarding relevance and Objection to Request No. 16 regarding overbreadth and undue burden. Further, discipline issued to other employees that is unrelated to the circumstances for which Charging Party was discharged is irrelevant to whether his discharge was unlawfully discriminatory under Section 8(a)(1) of the Act. For example, an employee's discipline for

GC Exhibit 118

attendance infractions has no bearing on whether the discipline issued to Charging Party would

have occurred but for his alleged protest of Amazon's COVID policies on April 6, 2020.

**18.  For the period covered by this subpoena, documents showing investigations conducted by Respondent in connection with disciplinary actions issued above in paragraph 17, including documents that reflect the identities of those who participated in the investigation, the substance of the investigation, and the investigatory findings.**

**OBJECTION**:  Amazon incorporates by reference its Objection to Request No. 17.

**19.  For the time period from March 1, 2020 to April 30, 2020, documents mentioning, discussing or pertaining to the Charging Party's discussions with employees or discussions with Respondent's supervisors, managers or agents on behalf of employees regarding COVID-19 safety precautions including:**

**(a) Internal communications including but not limited to electronic communications, emails, text messages, notes, meeting minutes, meeting handouts, and investigative reports by, between and among Respondent's supervisors and/or agents regarding Bryson raising COVID-19 safety concerns at Respondent management meetings**

**(b) Internal communications including but not limited to electronic communications, emails, text messages, notes, meeting minutes, meeting handouts, and investigative reports by, between and among Respondent's managers, supervisors and/or agents regarding media coverage of Bryson protesting;**

**(c) Internal communications including but not limited to electronic communications, emails, text messages, notes, meeting minutes, meeting handouts, and investigative reports by, between and among Respondent's supervisors and/or agents regarding Bryson's participation in protests outside of Respondent's JFK8 Facility regarding COVID-19 safety concerns; and**

**(d) Documents mentioning, discussing or pertaining to employee sentiment regarding greater COVID-19 safety precautions, including but not limited to lists identifying likely or possible protest supporters or organizers.**

**OBJECTION**:  A subpoena is unduly burdensome if it "would seriously disrupt . . .

normal business operations." *NLRB v. Carolina Food Processors, Inc.*, 81 F.3d 507, 513 (4th

Cir. 1996), *cited with approval in McCallister Towing & Transportation Co.*, 341 NLRB 394,

397 (2004), *enfd.* 156 F. App'x 386 (2nd Cir. 2005); *CNN America, Inc.*, 352 NLRB 675, 676 (2008).  The validity of a request for information is determined by balancing the burden of producing the information with the usefulness of the information.  *CNN America*, 352 NLRB at 676.  Respondent objects to this request because it is massively overbroad.  The request is not narrowly drafted to obtain specific, relevant information related to the specific issues in dispute.  It is therefore unduly burdensome and requires unreasonable efforts and expense on behalf of Respondent.

The balancing act standard set forth in *CNN* requires this Request to be revoked.  The search parameters are, as stated, massively overbroad -- the Request seeks documents in the possession of ***all*** of Amazon's "supervisors, managers, or agents."  Although it is difficult to pinpoint a precise number, Amazon has in excess of 75,000 supervisors, managers, or agents.  It would take an extraordinary number of person-hours to conduct a document search and review of the sort sought by the CAGC.  With tens of thousands of potential records custodians and multiple search terms (including "COVID-19" and related terms), the Request propounded by the CAGC would be unprecedented in scope and complexity.

As the CAGC must know, this Request is the quintessential "fishing expedition."  There is no complaint allegation that relates specifically to any of the documents sought.  The CAGC hopes to put Amazon through an exhaustive review process in the hopes of discovering some document that may aid her case.  Indeed, Respondent estimates, assuming a standard mix of MSOffice files and email, that this document r*eview alone* once gathered and uploaded into a discovery database could be performed aggressively at a rate of 500 documents per reviewer per day.  Thus, assuming there were 25,000 documents, there could be considerably more, this would take someone working full-time exclusively on the review 10 weeks to review.

GC Exhibit 118

Amazon additionally objects that subsection (d) of this request is an improperly broad request in that it seeks information that is irrelevant to the issue in dispute in this case, namely, whether Respondent discharged the Charging Party in April 2020 in violation of Section 8(a)(1) of the Act.  Specifically, the request is not limited to JFK8 or to the specific time period at issue – between April 6, 2020 (the date of Charging Party's misconduct) and April 17, 2020 (the date of his termination).  Whether a particular supervisor in some other part of the country sent an e-mail at 11:59 pm on April 30, 2020 mentioning that she had seen or read a media report regarding the Charging Party "pertaining to employee sentiment regarding greater COVID-19 safety precautions" is completely irrelevant and has no bearing on the sole legal issue in this case of whether Respondent held animus towards Charging Party's alleged April 6, 2020 protest regarding COVID-19 that motivated it to discharge him.

## **CONCLUSION**

For the foregoing reasons, Amazon respectfully requests that Counsel for the Acting General Counsel's subpoenas be revoked as set forth above.

GC Exhibit 118

Date: March 8, 2021

Respectfully submitted,

*/s/ Christopher J. Murphy*

Christopher J. Murphy
Senior Attorney
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2921
Phone: +1.215.963.5601
Fax: +1.215.963.5001
Email: christopher.murphy@morganlewis.com

*Attorney for Respondent*
*Amazon.com Services LLC*

GC Exhibit 118

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Amazon's Petition to Partially

Revoke Counsel for the Acting General Counsel's Trial Subpoena was served this 8th day of

March, 2021 via electronic mail upon the following:

Evamaria Cox
Counsel for the Acting General Counsel
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201
Evamaria.Cox@nlrb.gov

*/s/ Ryan T. Sears*   Date: March 8, 2021

Ryan T. Sears
Associate
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC  20004
Phone: +1.202.739.5077
Fax: +1.202.739.3001
Email: ryan.sears@morganlewis.com

*Attorney for Respondent*
*Amazon.com Services LLC*

15

GC Exhibit 118

# EXHIBIT 1

GC Exhibit 118



UNITED STATES GOVERNMENT
## NATIONAL LABOR RELATIONS BOARD
REGION 29
Two Metro Tech Center                              Agency Website: www.nlrb.gov
Suite 5100                                         Telephone: (718)330-7713
Brooklyn, NY 11201                                 Fax: (718)330-7579

March 1, 2021

**<u>Via Email</u>**
Christopher J. Murphy, Esq.
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103-2901

Nicole Buffalano, Esq.
Morgan, Lewis & Bockius, LLP
300 South Grand Avenue, 22nd Floor
Los Angeles, CA 90071

Kelcey Phillips, Esq.
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Ave., NW,
Washington, DC 20004

Re:     Amazon.com Services LLC (Case No.: 29-CA-261755)

Dear Mr. Murphy, Ms. Buffalano, and Ms. Phillips:

Enclosed please find a *subpoena duces tecum* for records relevant to the above-referenced matter which has been served in connection with a trial scheduled for March 29, 2021. Enclosed you will also find a *subpoena ad testificandum* for the testimony of the Custodian of the Records. In the interest of expediting the trial of the case and avoiding unnecessary delay, I suggest that, prior to March 29, 2021, we agree to discuss, at some mutually agreeable time, the documents involved.

If this proposal meets with your approval, please call me so that we can agree upon a mutually convenient time to discuss. Should you have any questions regarding the subpoenas, please do not hesitate to contact me.

Very truly yours,

*/s/ Evamaria Cox*

Evamaria Cox, Board Attorney
Direct No.:  718.765.6172
Evamaria.Cox@nlrb.gov

GC Exhibit 118



UNITED STATES GOVERNMENT
# NATIONAL LABOR RELATIONS BOARD
REGION 29
Two Metro Tech Center
Suite 5100
Brooklyn, NY 11201

Agency Website: www.nlrb.gov
Telephone: (718)330-7713
Fax: (718)330-7579

March 1, 2021

**<u>Via Regular & UPS mail</u>**
Custodian of Records
Amazon.com Services, LLC
546 Gulf Avenue
Staten Island, NY 10314

Re:      Amazon.com Services LLC (Case No.: 29-CA-261755)

Dear Custodian of the Records:

Enclosed, please find a *subpoena duces tecum* for records relevant to the above-referenced matter and a *subpoena ad testificandum* requiring your appearance before an Administrative Law Judge of the National Labor Relations Board at a Zoom Videoconference hearing on **March 29, 2021 at 9:30 a.m. and consecutive days thereafter**.

Please be aware that failure to attend the Zoom Videoconference hearing could result in the Agency petitioning the United States District Court for enforcement of the subpoena.  Should you have any questions please contact me at the telephone number below.  Thank you for your assistance in this matter.

Very truly yours,

*/s/ Evamaria Cox*

Evamaria Cox, Board Attorney
Direct No.:  718.765.6172
Evamaria.Cox@nlrb.gov

cc:  Christopher J. Murphy, Esq. (via electronic mail)
    Nicole Buffalano, Esq. (via electronic mail)
    Kelcey Phillips, Esq.  (via electronic mail)

GC Exhibit 118

FORM NLRB-32

---

## SUBPOENA

### UNITED STATES OF AMERICA
### NATIONAL LABOR RELATIONS BOARD

To: Custodian of Records
   Amazon.com Services, LLC
   546 Gulf Avenue
   Staten Island, NY 10314

---

As requested by   **Evamaria Cox, Counsel for General Counsel**

---

whose address is   **Two Metro Tech Center, Suite 5100, Brooklyn, NY 11201-3838**
                       (Street)              (City)              (State)              (ZIP)

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE   **an Administrative Law Judge**

                                                of the National Labor Relations Board

at   **A Zoom Video Hearing**

in the City of   **Brooklyn, NY**

on   **Monday, March 29, 2021**                              at   **9:30 AM**           or any adjourned

or rescheduled date to testify in   **Amazon.com Services LLC**
                                     **29-CA-261755**
                                              (Case Name and Number)

---

If you do not intend to comply with the subpoena, within 5 days (excluding intermediate Saturdays, Sundays, and holidays) after the date the subpoena is received, you must petition in writing to revoke the subpoena. Unless filed through the Board's E-Filing system, the petition to revoke must be received on or before the official closing time of the receiving office on the last day for filing. If filed through the Board's E-Filing system, it may be filed up to 11:59 pm in the local time zone of the receiving office on the last day for filing. Prior to a hearing, the petition to revoke should be filed with the Regional Director; during a hearing, it should be filed with the Hearing Officer or Administrative Law Judge conducting the hearing. See Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings) and 29 C.F.R Section 102.111(a)(1) and 102.111(b)(3) (time computation). Failure to follow these rules may result in the loss of any ability to raise objections to the subpoena in court.

**A-1-1BUGP0N**

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

Issued at   **Brooklyn, NY**

Dated:   **March 01, 2021**

*Lauren McFerran*

Lauren McFerran, Chairman

---

**NOTICE TO WITNESS**. Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

### PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq*. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and/or unfair labor practice proceedings and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is mandatory in that failure to supply the information may cause the NLRB to seek enforcement of the subpoena in federal court.

GC Exhibit 118

FORM NLRB-31

---

## SUBPOENA DUCES TECUM

### UNITED STATES OF AMERICA
### NATIONAL LABOR RELATIONS BOARD

To: Custodian of Records
Amazon.com Services, LLC
546 Gulf Avenue
Staten Island, NY 10314

---

As requested by __Evamaria Cox, Counsel for General Counsel__

---

whose address is __Two Metro Tech Center, Suite 5100, Brooklyn, NY 11201-3838__

         (Street)               (City)        (State)    (ZIP)

YOU ARE HEREBY REQUIRED AND DIRECTED TO APPEAR BEFORE __an Administrative Law Judge__

of the National Labor Relations Board

at __A Zoom Video Hearing__

in the City of __Brooklyn, NY__

on __Monday, March 29, 2021__ at __9:30 AM__ or any adjourned

or rescheduled date to testify in __Amazon.com Services LLC__
__29-CA-261755__

(Case Name and Number)

And you are hereby required to bring with you and produce at said time and place the following books, records, correspondence, and documents:

### SEE ATTACHMENT

---

If you do not intend to comply with the subpoena, within 5 days (excluding intermediate Saturdays, Sundays, and holidays) after the date the subpoena is received, you must petition in writing to revoke the subpoena. Unless filed through the Board's E-Filing system, the petition to revoke must be received on or before the official closing time of the receiving office on the last day for filing. If filed through the Board's E-Filing system, it may be filed up to 11:59 pm in the local time zone of the receiving office on the last day for filing. Prior to a hearing, the petition to revoke should be filed with the Regional Director; during a hearing, it should be filed with the Hearing Officer or Administrative Law Judge conducting the hearing. See Board's Rules and Regulations, 29 C.F.R. Section 102.31(b) (unfair labor practice proceedings) and/or 29 C.F.R. Section 102.66(c) (representation proceedings) and 29 C.F.R Section 102.111(a)(1) and 102.111(b)(3) (time computation). Failure to follow these rules may result in the loss of any ability to raise objections to the subpoena in court.

Under the seal of the National Labor Relations Board, and by direction of the Board, this Subpoena is

**B-1-1BUGMIX**

Issued at __Brooklyn, NY__

Dated: __March 01, 2021__



*Lauren McFerran*

Lauren McFerran, Chairman

---

**NOTICE TO WITNESS**. Witness fees for attendance, subsistence, and mileage under this subpoena are payable by the party at whose request the witness is subpoenaed. A witness appearing at the request of the General Counsel of the National Labor Relations Board shall submit this subpoena with the voucher when claiming reimbursement.

### PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq*. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and/or unfair labor practice proceedings and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is mandatory in that failure to supply the information may cause the NLRB to seek enforcement of the subpoena in federal court.

GC Exhibit 118

Re:  **Amazon.com Services LLC**
Case No. 29-CA-261755
**Subpoena Number: B-1-1BUGMIX**

## ATTACHMENT

## DEFINITIONS AND INSTRUCTIONS

a.   Document  means any existing printed, typewritten or otherwise recorded material of whatever character, records stored on computer or electronically, records kept on microfiche or written by hand or produced by hand and graphic material, including without limitation, checks, cancelled checks, computer hard drives, discs and or files and all data contained therein, computer printouts, E-mail communications and records, any marginal or  post-it  or  sticky pad  comments appearing on or with documents, licenses, files, letters, facsimile transmissions, memoranda, telegrams, minutes, notes, contracts, agreements, transcripts, diaries, appointment books, reports, records, payroll records, books, lists, logs, worksheets, ledgers, summaries of records of telephone conversations, summaries of records of personal conversations, interviews, meetings, accountants  or bookkeepers  work papers, records of meetings or conference reports, drafts, work papers, calendars, interoffice communications, financial statements, inventories, news reports, periodicals, press releases, graphs, charts, advertisements, statements, affidavits, photographs, negatives, slides, disks, reels, microfilm, audio or video tapes and any duplicate copies of any such material in the possession of, control of, or available to the subpoenaed party, or any agent, representative or other person acting in cooperation with, in concert with or on behalf of the subpoenaed party.

b.   Respondent  means Amazon.com Services LLC.

c.   Respondent s J  K8   acility  means the fulfillment center located at 546 Gulf Avenue, Staten Island, NY 10314.

d.   Charging Party  means Gerald Bryson.

e.   Person  or  persons  means natural persons, corporations, limited liability companies, partnerships, sole proprietorships, associations, organizations, trusts,  oint ventures, groups of natural persons or other organizations, or any other kind of entity.

f.   Period covered by this subpoena  means the period from May 1, 2019 through April 30, 2020 and the subpoena seeks only documents from that period unless another period is specified.  This subpoena request is continuing in character and if additional responsive documents come to your attention after the date of production, such documents must be promptly produced.

g.  Any copies of documents that are different in any way from the original, such as by interlineation, receipt stamp, notation, or indication of copies sent or received, are considered original documents and must be produced separately from the originals.

GC Exhibit 118

Re:  Amazon.com Services LLC
   Case No. 29-CA-261755

h.  If any document covered by this subpoena contains codes or classifications, all documents explaining or defining the codes or classifications used in the document must also be produced.

i.  Electronically stored information should be produced in the form or forms in which it is ordinarily maintained or in a reasonably usable form or forms. Execution of this subpoena requires a reasonable search of the ESI of all individuals ( custodians ) who are most likely to possess information covered by the subpoena.

.   or all searches of ESI, records should be maintained documenting each  custodian whose ESI was searched and all hardware and software systems searched.  Records should also include who was responsible for the search and the search methodology used including, but not limited to, search terms and software tools.

k.  All documents produced pursuant to this subpoena should be presented as they are kept in the usual course of business or organized by the subpoena paragraph to which the document or set of documents is responsive.  Labels referring to that subpoena paragraph are to be affixed to each document or set of documents.

l.  This subpoena applies to documents in your possession, custody, or control of Respondent, as well as your present or former agents, attorneys, accountants, advisors, investigators, and any other persons or companies directly or indirectly employed by or connected with you.  You are required to conduct a reasonable and diligent search for all requested records within your possession, custody or control and to affirmatively advise Counsel for the General Counsel if no responsive evidence exists.

m.  If a claim of privilege is made as to any document which is the sub ect of this subpoena, a claim of privilege must be expressly made and you must describe the nature of the withheld document, communication, or tangible thing in a manner that, without revealing information itself privileged or protected, will enable an assessment of the claim to be made.

n.  As to any documents not produced in compliance with this subpoena on any ground or if any document requested was, through inadvertence or otherwise, destroyed or is no longer in your possession, please state:

   1.  the author
   2.  the recipient
   3.  the name of each person to whom the original or a copy was sent
   4.  the date of the document
   5.  the sub ect matter of the document  and
   6.  the circumstances under which the document was destroyed, withheld or is no longer in your possession.

GC Exhibit 118

**Re:  Amazon.com Services LLC**
   Case No. 29-CA-261755

o.  This request seeks production of all documents described, including all drafts and non-identical or distribution copies.

p.  This request seeks production of responsive documents in their entirety, without abbreviation, redaction, deletion or expurgation.

q.    hen used in this subpoena, the term  documents regarding  means all documents that, in whole or in part, discuss, describe, mention, pertain to, reflect, refer to or relate to the subpoenaed item.

r.  Unless otherwise stated, this subpoena does not supersede, revoke or cancel any other subpoena(s) previously issued in this proceeding.

Re:  **Amazon.com Services LLC**
Case No. 29-CA-261755

# DOCUMENTS TO BE PRODUCED

1.  Organizational charts and other documents showing Respondent s managerial structure, hierarchy or chain of command for the Respondent s J K 8  acility during the period covered by this subpoena, including documents that show any changes to the reporting protocols and chain of command.

2.  Job descriptions,  ob postings, appraisals, and other documents showing the  ob duties or  ob authority for the positions held by Tyler Grabowski at any time during the period covered by this subpoena.

3.  Documents showing all wages, benefits, health insurance, pension or retirement plans and other compensation paid to Tyler Grabowski at any time during the period covered by this subpoena.

4.  The complete personnel and employment files (excluding medical records but including documents showing dates of employment,  ob titles,  ob duties, dates of  ob titles, rates of pay, corrective action and discipline) of Tyler Grabowski.

5.  Documents as will show all involvement or participation, including but not limited to recommendations, by **Tyler Grabowski** in the following actions concerning employees at Respondent s J K8  acility: (a) hiring  (b) transferring  (c) suspending  (d) laying off  (e) recalling  (f) promoting  (g) discharging  (h) assigning work  (i) rewarding  ( ) disciplining  (k) scheduling or granting time off  (l) assigning overtime  (m) training  (n) directing work  (o) evaluating work  and (p) ad usting grievances.

6.  Documents showing the nature and scope of the duties, responsibilities, and function of the  uman Resources Department Team, including documents distributed to employees regarding the type of concerns, issues, complaints, or reports that  uman Resources reviews, investigates, and or resolves.

7.  Documents that show the work rules, work guidelines and or terms and conditions of employment pertaining to employee conduct and or misconduct applicable to non-supervisory and non-managerial associates employed at Respondent s J K8 facility at any time during the period covered by this subpoena, including documents showing any changes to the rules, the effective dates of any such changes, and a description or statement of the changes.

8.  Documents showing that Respondent distributed to its employees, including Gerald Bryson and Dimitra Evans, and that employees (including Bryson and Evans) received Respondent s work rules, work guidelines and or terms and conditions of employment, including the dates that such rules and policies were received by Bryson and Evans.

9.  The complete personnel file(s) excluding confidential medical records for:
     (a)   Gerald Bryson

GC Exhibit 118

Re: Amazon.com Services LLC
Case No. 29-CA-261755

   (b)   Dimitra Evans

10. Documents memorializing the exact words used by or conduct engaged in by Gerald Bryson on April 6, 2020 which resulted in Respondent issuing the discipline set forth below:
   (a) Gerald Bryson discharge                          April 17, 2020

11. Documents reflecting any disciplinary actions, including discharges, suspensions, memorialization of oral warnings, written warnings, transfers, and demotions, taken against the employees set forth below at any point during their employment with Respondent.
   (a)   Gerald Bryson

   (b)   Dimitra Evans

12. Documents (including but not limited to human resource memorandums, handwritten notes, investigation reports, written personnel statements, written communication with witnesses, communications between Respondent s supervisors and agents) showing investigations conducted by Respondent, including documents showing the identities of those who participated in the investigations, the substance of the investigations, and the investigatory findings, regarding the following employees for their conduct on April 6, 2020:
   (a)   Gerald Bryson

   (b)   Dimitra Evans

13. Those documents, including but not limited to notes memorializing conversations, electronic communication, emails, text messages, videos, photographs, memoranda, digital and or written recordings of personnel statements, (i) considered by Respondent and (ii) relied upon by Respondent in issuing the discipline set forth below:
   (a) Gerald Bryson suspension                April 10, 2020
   (b) Gerald Bryson discharge                 April 17, 2020
   (c) Dimitra Evans written warning          April 17, 2020

14. Documents, including but not limited to memoranda, notes memorializing conversations, electronic communication, emails, text messages and internal communications, by, between and among Respondent s managers, supervisors and agents discussing or pertaining to Respondent s deliberations regarding whether to issue discipline and if so, the type of discipline, to the following employees for their conduct on April 6, 2020:
   (a)   Gerald Bryson

   (b)   Dimitra Evans

15. Such electronic documents (including but not limited to video recordings, social media posts, emails, text messages, audio recordings, and photographs) showing or describing the April 6, 2020 incident underlying the disciplines set forth below, including documents or notes

GC Exhibit 118

Re:  Amazon.com Services LLC
    Case No. 29-CA-261755

reflecting the circumstances and dates under which such recordings, social media posts, emails, text messages, audio recordings, and photographs were accessed, obtained and maintained.

    (a) Gerald Bryson discharge             April 17, 2020

    (b) Dimitra Evans written warning        April 17, 2020

16. During the period covered by this subpoena, documents showing disciplinary actions, including discharges, suspensions, written and oral warnings, issued to employees at Respondent s J K 8  acility and at its Regional facilities within which the J K 8  acility is located, for violations of the sections named below of Respondent s Standards of Conduct, for cursing, abusive, profane, harassing, or vulgar language, including on-and-off duty examples, together with the personnel file of each disciplined employee showing other discipline to that employee:

    (a)   Category 1

    (b)   Category 2

17. During the period covered by the subpoena, documents showing disciplinary actions, including discharges, suspensions, written and oral warnings, issued to employees at Respondent s J K 8  acility and at its Regional facilities within which the J K 8  acility is located, together with the personnel file of each disciplined employee showing other discipline to that employee.

18.  or the period covered by this subpoena, documents showing investigations conducted by Respondent in connection with disciplinary actions issued above in paragraph 17, including documents that reflect the identities of those who participated in the investigation, the substance of the investigation, and the investigatory findings.

19.  or the time period from March 1, 2020 to April 30, 2020, documents mentioning, discussing or pertaining to the Charging Party s discussions with employees or discussions with Respondent s supervisors, managers or agents on behalf of employees regarding COVID-19 safety precautions including:

    (a) Internal communications including but not limited to electronic communications, emails, text messages, notes, meeting minutes, meeting handouts, and investigative reports by, between and among Respondent s supervisors and or agents regarding Bryson raising COVID-19 safety concerns at Respondent management meetings

    (b) Internal communications including but not limited to electronic communications, emails, text messages, notes, meeting minutes, meeting handouts, and investigative reports by, between and among Respondent s managers, supervisors and or agents regarding media coverage of Bryson protesting

    (c) Internal communications including but not limited to electronic communications, emails, text messages, notes, meeting minutes, meeting handouts, and investigative reports by, between and among Respondent s supervisors and or agents regarding Bryson s participation in protests outside of Respondent s J K8  acility regarding COVID-19 safety concerns  and

GC Exhibit 118

**Re:  Amazon.com Services LLC**
    Case No. 29-CA-261755

(d)  Documents mentioning, discussing or pertaining to employee sentiment regarding greater COVID-19 safety precautions, including but not limited to lists identifying likely or possible protest supporters or organizers.

# EXHIBIT 6

GC Exhibit 118

**Archived:** Wednesday, May 19, 2021 7:47:06 PM
**From:** Murphy, Christopher J.
**Mail received time:** Tue, 16 Mar 2021 15:29:33
**Sent:** Tue, 16 Mar 2021 15:29:32
**To:** Green, Benjamin
**Cc:** Jackson, Matthew  Sears, Ryan T  Phillips, Kelcey J.  Buffalano, Nicole  Cox, Evamaria
**Subject:** RE: GC Opposition to Respondent's Petition to Partially Revoke Subpoena DT, in Amazon, 29-CA-261755
**Importance:** Normal
**Sensitivity:** None

---

Dear Judge Green:

While we expect that will speak with you sometime this Thursday (as per Ms. Buffalano's email below), we wanted to respond to Ms. Cox's email of earlier today.

First, we disagree with Ms. Cox that "there are no subpoena related issues to discuss with" you. Those issues are set out in the Employer's petition to revoke and the CAGC's opposition thereto.

Second, we suggested to Ms. Cox that a resolution of the subpoena issues could be delayed until March 29, as we have been, and continue to be, willing to seek to resolve those issues through discussion with the CAGC. We made that suggestion based on our expectation that further discussions with the CAGC could result in an agreement on some or all of the subpoena issues. We still think that approach make sense, but that timing issue is clearly in Your Honor's hands.

Third, we are amenable to scheduling process suggested by the CAGC -- opening the record on March 29, 2021 for the production of documents not at issue and agreeing to a rolling production schedule to commence thereafter. In this regard, the Employer is willing to agree to commence the hearing on May 3, 2021, as suggested by CAGC.

We look forward to speaking with you and counsel on Thursday. Thank you.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



---

**From:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>
**Sent:** Tuesday, March 16, 2021 1:42 PM
**To:** Green, Benjamin <Benjamin.Green@nlrb.gov>; Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Sears, Ryan T <ryan.sears@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Subject:** RE: GC Opposition to Respondent's Petition to Partially Revoke Subpoena DT, in Amazon, 29-CA-261755

Judge Green,

Counsel for Respondent is available on Thursday, March 18 between 1 and 5 p.m. ET.

GC Exhibit 118

Thank you,

**Nicole Buffalano**
**Morgan, Lewis & Bockius LLP**
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132
Direct: +1.213.612.7443 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 | Mobile: +1.240.350.8208
nicole.buffalano@morganlewis.com | www.morganlewis.com
Assistant: Lois J. Han | +1.213.612.7407 | lois.han@morganlewis.com



---

**From:** Green, Benjamin <Benjamin.Green@nlrb.gov>
**Sent:** Tuesday, March 16, 2021 7:42 AM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Sears, Ryan T <ryan.sears@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Subject:** RE: GC Opposition to Respondent's Petition to Partially Revoke Subpoena DT, in Amazon, 29-CA-261755

[EXTERNAL EMAIL]
Counsel,

I would like to schedule a conference call this week.  Please email me your availability March 17-19.

Thank you,
Benjamin W. Green
NLRB-ALJ
New York Division of Judges

---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Tuesday, March 16, 2021 10:38 AM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Green, Benjamin <Benjamin.Green@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Sears, Ryan T <ryan.sears@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Subject:** RE: GC Opposition to Respondent's Petition to Partially Revoke Subpoena DT, in Amazon, 29-CA-261755

Good morning Judge Green and Counsel,

Based on my conversation with Mr. Murphy yesterday, I anticipate that Respondent will request that you withhold your ruling on Respondent's petition to Revoke.  The CAGC will not agree to your withholding your ruling as it would result in delays if the parties cannot reach agreement on certain subpoena paragraphs.  Therefore, from CAGC's point of view, there are no subpoena related issues to discuss with the ALJ. Instead, the parties can continue to discuss a document production schedule and narrowing production subject to Respondent producing evidence and proposals on certain subpoena paragraphs.

The CAGC and Respondent discussed opening the record on March 29, 2021 for the production of documents that are not at issue it the petition to revoke and agree to a rolling production schedule to commence sometime after March 29 in order to afford Respondent time to produce/review the documents at issue in the petition to revoke.  CAGC is willing to agree to commence the hearing on May 3, 2021 subject to agreement on document production and the availability of the Charging Party.  Should you want to discuss the hearing schedule, please let us know.  Thank you.

Very truly yours,

GC Exhibit 118

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data w hich is intended only for the use of the individual to w hich it is addressed. It may contain
information that is privileged, confidential or otherw ise protected from disclosure under applicable law . If the reader of this communication is not the intended
recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this
communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Monday, March 15, 2021 6:24 PM
**To:** Green, Benjamin <Benjamin.Green@nlrb.gov>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Sears, Ryan T <ryan.sears@morganlewis.com>; Cox, Evamaria
<Evamaria.Cox@nlrb.gov>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J.
<kelcey.phillips@morganlewis.com>
**Subject:** RE: GC Opposition to Respondent's Petition to Partially Revoke Subpoena DT, in Amazon, 29-CA-261755

Dear Judge Green:

We received Counsel for the Acting General Counsel's Opposition to the Employer's Petition to Revoke the two subpoenas
served in the above-referenced matter.  Assuming that the matter has been referred to you, we respectfully request that you
schedule a conference so we can be heard on the issues presented.  We are available at your convenience.

Thank you.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Monday, March 15, 2021 2:43 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole
<nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Cc:** Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Sears, Ryan T <ryan.sears@morganlewis.com>
**Subject:** GC Opposition to Respondent's Petition to Partially Revoke Subpoena DT, in Amazon, 29-CA-261755

[EXTERNAL EMAIL]
Good afternoon Counsel,

GC Exhibit 118

Attached please find GC's Opposition to Respondent's Petition to Partially Revoke the Subpoena Duces Tecum that was just e-filed in connection with the above referenced matter.

Thank you.

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law. If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

GC Exhibit 118

# EXHIBIT 7

GC Exhibit 118

**Phillips, Kelcey J.**

---

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Thursday, April 1, 2021 8:14 AM |
| **To:** | Cox, Evamaria; Jackson, Matthew |
| **Cc:** | Murphy, Christopher J.; Buffalano, Nicole |
| **Subject:** | RE: Amazon, Case No. 29-CA-261755 |

Ms. Cox and Mr. Jackson,

As detailed in Nicole's email, below, we just sent to you via Morgan Lewis' secure file transfer the additional responsive documents for this round of production.

Please let me know if you have any issues retrieving the documents.

Thank you,
Kelcey

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members



---

**From:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>
**Sent:** Wednesday, March 31, 2021 11:32 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Cc:** Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Subject:** Amazon, Case No. 29-CA-261755

Ms. Cox and Mr. Jackson,

I just sent to you via Morgan Lewis' secure file transfer system, documents response to Subpoena paragraphs 1 and 7-9. We ran into some technical difficulties bates numbering the documents responsive to Subpoena paragraphs 10-15, but will send them to you as early as possible tomorrow when the office reopens. Please let me know if you have any issues retrieving the documents.

Thank you,

**Nicole Buffalano**
**Morgan, Lewis & Bockius LLP**
300 South Grand Avenue, Twenty-Second Floor | Los Angeles, CA 90071-3132

GC Exhibit 118

Direct: +1.213.612.7443 | Main: +1.213.612.2500 | Fax: +1.213.612.2501 | Mobile: +1.240.350.8208
nicole.buffalano@morganlewis.com | www.morganlewis.com
Assistant: Lois J. Han | +1.213.612.7407 | lois.han@morganlewis.com



GC Exhibit 118

# EXHIBIT 8

GC Exhibit 118

**Archived:** Wednesday, May 19, 2021 7:47:59 PM
**From:** Cox, Evamaria
**Mail received time:** Tue, 6 Apr 2021 15:25:10
**Sent:** Tue, 6 Apr 2021 19:25:02
**To:** Murphy, Christopher J. Phillips, Kelcey J. Buffalano, Nicole
**Cc:** Jackson, Matthew Gaston, David Farmer, Tammy L.
**Subject:** Deficiencies with Subpoena Production in Amazon.com Services LLC (29-CA-261755)
**Importance:** Normal
**Sensitivity:** None
**Attachments:**
Production Folders Sample.pdf;

---

[EXTERNAL EMAIL]
Good afternoon Counsel,

Documents produced on March 31 and April 1 were not produced as kept in the usual course of business. For example, the emails produced are not in plain text, and there are documents with no creation date or author that were copied from Microsoft Word or other sources and converted to a .PDF file etc.

Paragraph k. Subpoena Definitions and Instructions Section requires that these documents be produced as kept in the usual course of business or organized by subpoena paragraph to which the document(s) is responsive. *See also* Federal Rules of Civil Procedure 34(E)(i). Paragraph k. requires that labels referring to that subpoena paragraph are to be affixed to each document or set of documents.

Respondent ignored the instruction to produce documents in native form or to organize by subpoena paragraph.

Rather than requesting that all the items be reproduced, I am writing to ask Respondent to cure the production by producing **AMZ-BRY000172- AMZ-BRY000178**, **AMZ-BRY000182- AMZ-BRY000183**, and **AMZ-BRY000184** in native format in addition to organizing the documents by subpoena paragraph to which the document is responsive.

At this point, I am not requesting that labels be affixed to each document that has already been produced. Instead, I am willing to accept a spreadsheet detailing the document's bates number and identifying to what subpoena paragraph(s) number(s) the document is responsive.

Moving forward, I am requesting that any documents produced after today (4/6/21) be put into separate labeled folders. If a document is responsive to more than one request, please produce the bate stamped document in both folders. Attached please a Production Folder Sample.

Below please find a comprehensive list of the production deficiencies. In addition to discussing the proposed search terms for paragraphs 17 and 19, we would like to discuss the form of production and the deficiencies set forth below. Please provide us with date/time options for a call. Thank you.

1. **No Responsive Documents Produced**
   a. Para. 10 (docs memorializing exact words/conducted resulted in discharge)
   b. Para. 12(b) (investigations into Evans' write-up)
   c. Para. 13(c) (docs considered/relied on n writing Evans up)
   d. Para. 14(b) (deliberations regarding Evans write-up)

GC Exhibit 118

2. **Documents are Partially Responsive**
   a. Para. 1-Org Charts for unspecified time/missing 2019 (addressed in email dated 4/1)
   b. Para. 13*-missing portion of Incident Details Section (addressed in email dated 4/6)
   c. Para 15- **AMZ-BRY000185- AMZ-BRY000187** (documents or notes reflecting the circumstances and dates under which such recordings . . . . were accessed, obtained and maintained were not produced)

3. **Form of Production Issues**
   a. No organizing/Labeling of documents
   b. To be produced in Native Form:
      i. **AMZ-BRY000172- AMZ-BRY000178**
      ii. **AMZ-BRY000182- AMZ-BRY000183**
      iii. **AMZ-BRY000184**

4. **Miscellaneous**
   a. Para. 7 (2017 Owner's Manual **AMZ-BRY000046-AMZ-BRY000076**).  The 2017 version was produced.  During the investigation portions of the 2019 manual was produced.  Please produce the 2019 version of the Owner's Manual.
   b. Document Bates Stamped **AMZ-BRY000145** is missing.  Please produce this document.


Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law . If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

# EXHIBIT 9

GC Exhibit 118

**Archived:** Wednesday, May 19, 2021 7:47:50 PM
**From:** Murphy, Christopher J.
**Mail received time:** Mon, 19 Apr 2021 19:46:06
**Sent:** Mon, 19 Apr 2021 19:46:05
**To:** Cox, Evamaria  Jackson, Matthew  Gaston, David
**Cc:** Buffalano, Nicole  Phillips, Kelcey J.  Ranjo, Jason J.  Fisher, Jordan Scott  Bagley, Claire E.
**Subject:** RE: Various Production Updates
**Importance:** Normal
**Sensitivity:** None

---

Eva:

Thanks for your email.

I just realized the combined hit report included hits for "age."  As we explained previously almost all of those hits came from words with the letters "age" in them (e.g., "manager").  Please let us know if you would like us to revise it.

*Chris*

**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Monday, April 19, 2021 7:38 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Ranjo, Jason J. <jason.ranjo@morganlewis.com>; Fisher, Jordan Scott <jordan.fisher@morganlewis.com>; Bagley, Claire E. <claire.bagley@morganlewis.com>
**Subject:** RE: Various Production Updates

[EXTERNAL EMAIL]
Chris,

Thank you for producing the production key and the hit reports.  I will review shortly.

Regarding the spreadsheets, please provide the excel spreadsheet for the 1,593 disciplines (paragraph 17).

I identified the nine (9) disciplines by <u>NOT</u> highlighting them in the attached document.

Lastly, in response to paragraph 3 in your attached email dated 4/17/21,  below please find the additional search terms for paragraph 19.  Thank you.

2. blog
3. post

10. Facebook or FB
26. "Tim Bray"

23. Senior Human Resources Neha Viswanath and nehavisw
24. Senior Manager Loss Prevention Brian Reichart and breich
25. Employee Relations Milly Gutierrez and gmilly
26. Assistant General Manager Traci Weishalla and weishall
27. Regional Operations Manager Anand Mehta and meha


3. support
4. sympath!
5. activis!
6. AECJ
7. Amazon Employees for Climate Justice
8. Amazonians United
9. movement
10. Livecast

---

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Monday, April 19, 2021 5:50 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Ranjo, Jason J. <jason.ranjo@morganlewis.com>; Fisher, Jordan Scott <jordan.fisher@morganlewis.com>; Bagley, Claire E. <claire.bagley@morganlewis.com>
**Subject:** Various Production Updates

Eva:

Attached are the production key we discussed and the combined paragraphs 16 and 17 hit report for all 3 facilities.

Regarding the key, we have provided this at your request.  Based on our understanding of the subpoena paragraphs and materials produced to date, we have made an attempt to relate the documents to the relevant subpoena paragraphs.  Based on one's perspective of the subpoena and/or the documents, reasonable minds could differ as to which paragraphs relate to which documents.  We do not intend this key to be, nor should you rely on it as, as comprehensive, final and binding statement regarding these matters.  We are providing it as a guide only.

Regarding the hit report, it shows all 3 facilities with search terms from both paragraph 16 and 17.  The paragraph 16 hits are highlighted at the bottom on the chart.

Regarding the pdfs of the discipline information, we are willing to redact personally identifying information from the excel spreadsheets and then produce them to you in that format.  The spreadsheets would be produced to you with the same redactions contained in the pdfs.  Please confirm that you'd like us to do that and we think we can turn that around by the end of the day on Thursday, barring unforeseen issues.  If you don't want spreadsheets, let us know and we can send pdfs for EWR4 and BDL3.

We've requested the 151 personnel files you requested from the EWR4 and BDL3 information.  We'll give you an update on that when we can.

Finally, please identify the 9 personnel files you indicated on the call with the Judge had not been produced.

*Chris*

GC Exhibit 118

**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

GC Exhibit 118

# EXHIBIT 10

GC Exhibit 118

**Archived:** Wednesday, May 19, 2021 7:48:18 PM
**From:** Murphy, Christopher J.
**Mail received time:** Wed, 12 May 2021 22:12:25
**Sent:** Wed, 12 May 2021 22:12:24
**To:** Cox, Evamaria  Frank Kearl
**Cc:** Jackson, Matthew  Buffalano, Nicole  Rosenblatt, Richard G.  Phillips, Kelcey J.
**Subject:** Production Update
**Importance:** Normal
**Sensitivity:** None
**Attachments:**
049673-04__120448913v1_AmazonBryson Production Log.XLSX;

---

Ms. Cox and Mr. Kearl:

The following is our updated accounting of Respondent's response to the three outstanding subpoenas.  We've also attached an updated production log.  We would be happy to discuss with you the status of any item that is not fully completed.

General Counsel Subpoena 1 (B-1-1BUGMIX):
- 1: Complete
- 2 -- 6: Withdrawn
- 7 – 19: Complete

Charging Party Subpoena (B-1-1C9GVF7):
- 1: Complete
- 2: Production forthcoming
- 3 – 5: Complete
- 6: Production forthcoming
- 7 – 11: Complete
- 12 -- 14: Complete for Bryson and Evans.
- 15 – 18: Complete
- 19: Complete for Bryson.
- 20: Complete
- 21 – 24: Production forthcoming

General Counsel Subpoena 2 (B-1-1CBQM1N):
- 1 -- 2: Complete
- 3 -- 4: Withdrawn
- 5: N/A
- 6 -- 18: Complete
- 19: Production forthcoming
- 20 -- 21: Withdrawn
- 22 -- 24: Complete
- 25 -- 26: Withdrawn
- 27: Complete
- 28 -- 30: Withdrawn

Related matters:
- Personnel and Investigative files required by the ALJ to be re-redacted have been produced.
- Our third privilege log has been served.

GC Exhibit 118

Have a good night.

*Chris*

**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



GC Exhibit 118

# EXHIBIT 11

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 29**

_____
                                                    )
AMAZON.COM SERVICES LLC                              )
                                                    )
            and                                     )            Case 29-CA-261755
                                                    )
GERALD BRYSON                                       )
        An Individual.                              )
_____)


**MEMORANDUM SUMMARIZING RESPONDENT'S RESPONSE TO COUNSEL FOR THE ACTING GENERAL COUNSEL'S SUBPOENA DUCES TECUM**

Respondent Amazon.com Services LLC submits this Memorandum to the Administrative Law Judge to summarize its response to the Counsel for the Acting General Counsel's ("CAGC") subpoena duces tecum (B-1-1BUGMIX) served on Amazon on March 1, 2021 (the "Subpoena").

**Amazon Summary of Subpoena Response Efforts To Date**

Amazon is in the process of locating and reviewing documents responsive to the Subpoena and is producing responsive documents on a rolling basis.  Amazon is mindful of and in compliance with the its obligation to respond to valid subpoenas.  Amazon has and will continue to act in good faith to search for and produce information that is relevant and responsive to any valid subpoenas issued in this matter.[1]

**Paragraphs 12, 14**

Shortly after receiving the March 1, 2021 subpoena, and in spite of its challenge to the subpoena, Amazon identified four custodians likely connected to most, if not all, of the relevant information responsive to Paragraphs 12 and 14 – Tyler Grabowski, Bradley Campbell, Christine Hernandez, Geoff Gilbert-Differ.  Amazon believed these four managers would have the documents responsive to the requests.  Nevertheless, to ensure nothing was missed, Amazon also added Gerald Bryson and Dimitra Evans as custodians.

On March 18, 2021, Consilio, Amazon's eDiscovery vendor, began the process of searching the emails and Chime logs for the six custodians for the following Boolean search terms using Relativity's dtsearch:

Time Period: March 20, 2020 – April 20, 2020
Dimitra OR Demi OR Dimitra Evans OR edimitra OR 11975067
Bryson OR Gerry OR Jerry OR Gerald Bryson OR gbbryso OR 11534134

---

[1] Amazon again notes that the scope and volume of a majority of the CAGC's requests are overbroad and irrelevant to the instant action.  Indeed, this is a _single-discriminatee_ hearing, and the CAGC has made upwards of 100 requests through its subpoena power.  To date, Amazon has produced 1,386 pages of documents – and still, the CAGC continues to seek additional information, more documents, and electronic discovery, and expects this production to be made by May 3, 2021.

Time Period: May 1, 2019 – April 30, 2020
investigat* W/25 (disciplin* OR (Standard W/2 Conduct) OR polic*)
(11975067 OR edimitra) W/25 (bitch OR drugs OR cunt OR nigger)
(Dimitra OR Demi OR Evans) W/25 (bitch OR drugs OR cunt OR nigger)
(11975067 OR edimitra) W/25 (protest* OR strike OR COVID OR COVID-19)
(Dimitra OR Demi OR Evans) W/25 (protest* OR strike OR COVID OR COVID-19)
(11975067 OR edimitra) W/25 (witness OR interview* OR retaliat* OR statement),
(Dimitra OR Demi OR Evans) W/25 (witness OR interview* OR retaliat* OR statement)
(11975067 OR edimitra) W/25 (disciplin* OR warning OR investigat*)
(Dimitra OR Demi OR Evans) W/25 (disciplin* OR warning OR investigat*)
(11534134 OR gbbryso) W/25 (bitch OR drugs OR cunt OR nigger)
(Bryson OR Gerald OR Gerry OR Jerry) W/25 (bitch OR drugs OR cunt OR nigger)
(11534134 OR gbbryso) W/25 (witness OR interview* OR retaliat* OR statement)
(Bryson OR Gerald OR Gerry OR Jerry) W/25 (witness OR interview* OR retaliat* OR statement)
(11534134 OR gbbryso) W/25 (disciplin* OR suspension OR terminat* OR investigation)
(Bryson OR Gerald OR Gerry OR Jerry) W/25 (disciplin* OR suspension OR terminat* OR investigation)
(11534134 OR gbbryso) W/25 (protest* OR strike OR COVID OR COVID-19)
(Bryson OR Gerald OR Gerry OR Jerry) W/25 (protest* OR strike OR COVID OR COVID-19)

At the same time, Amazon also gathered witness statements and security videos, which were not subjected to any Boolean or keyword search terms.

While Amazon believed the relevant information would be captured by the above searches and collections, out of an abundance of caution, and in parallel to the above, Amazon recognized that there had been documents collected for different counsel in a similar matter that might contain relevant information responsive to Requests 12 and 14.[2]  Amazon requested that its eDiscovery vendor Consilio migrate information from the other matter and add it to the review database for counsel for this matter. Consilio began doing so on March 15, 2021.


**Paragraph 19**

The parties have been in good-faith communications concerning the appropriate custodians and search terms to apply to the documents in an effort to narrow the scope to additional relevant, responsive documents and avoid mis-hits.  As of the time of this writing, the parties have not agreed to search terms or custodians in order to conduct an ESI review for responsive documents to Paragraph 19.  Indeed, as late as April 19, 2021, the CAGC requested that Amazon add five additional custodians and 12 additional search terms to the scope of the search.  That same day, Amazon requested that its data provider, Consilio, locate and export the information from Amazon's systems so that Consilio could

---

[2] The migrated set of information contained electronically stored information for Geoff Gilbert-Differ, Bradley Campbell, Tyler Grabowski, Christine Hernandez, Sai Kotha, Christopher Perez, Zachary Marc, Christian Smalls, Pooja Desai, Meghan Fitzgerald, Milly Gutierrez, Anand Mehta, Derrick Palmer, Demi Evans, Gerald Bryson, Maria Felix, Kadianne McPherson, Geovanna Peralta, James Conroy, Molly McShane, Dane Miller, Henry Carbajal, Barbara Chandler, Benita Rouse, and Neha Viswanath.  The specifics related to any searches conducted to obtain the set for the other matter are subject to the attorney work product privilege for that matter.

GC Exhibit 118

process and search the e-mails and Chime logs, and publish the hit e-mails and Chimes for the five additional custodians into a review platform.  Because *it takes time for the data to be located, exported, processed, searched, and uploaded onto Consilio's review system*, Amazon has not been able to develop a "hit report" showing the number of documents that contain each search term, let alone start to review any such hit documents that are possibly responsive to this request.  To that end, once the parties agree on custodians and search terms, Amazon will conduct its review of additional, potentially responsive documents.

**Paragraphs 16 and 17**

For Paragraphs 16 and 17, at the request of counsel, Amazon compiled an excel spreadsheet with all employees at the JFK8, EWR4, and BDL3 facilities that were subject to any documented disciplinary actions (regardless of the reason for such action) during the period covered by the Subpoena.  To do so, Amazon accessed the ADAPT platform to extract an excel spreadsheet containing disciplinary actions by inputting the relevant dates, facility location, and pressing "GO."  This was conducted for the JFK8 facility on March 31, 2021 and the EWR4 and BDL3 facilities on April 14, 2021. Once the search was performed, an excel spreadsheet was created showing all relevant disciplines for each facility, which yielded: (i) 13,101 hits for JFK8, (ii) 15,499 hits for EWR4, and (iii) 5,632 hits for BDL3.

For Paragraph 17, at the direction of counsel, a legal assistant conducted a search through the excel spreadsheets for disciplines with 30 of the 31 search terms, as requested by the CAGC:

| | |
|---|---|
| 1. Theft or steal! or stole | 17. Raci! |
| 2. Assault! | 18. Prejud! |
| 3. Violen! | 19. Religion |
| 4. Fight! | 20. Disab! |
| 5. Threat! | 21. Age.[3] |
| 6. Danger! | 22. Sex! |
| 7. Safe! | 23. Bitch! |
| 8. Push or shov! | 24. Stereotyp! |
| 9. Aggress! | 25. Gender |
| 10. Discriminat! | 26. Touch! |
| 11. Drugs | 27. Physical! |
| 12. Alcohol | 28. body |
| 13. Weapon | 29. proposition! |
| 14. Knife | 30. Flirt! |
| 15. Falsif! | 31. Suggestive |
| 16. Alter! | |

The spreadsheet with disciplines containing those terms was produced in this matter for each of the three facilities on April 20, 2021.  For Paragraph 17, this resulted in 1,593 disciplines listed on the excel

---

[3] The term "age" produced mis-hits such as "manager" and "manage," so the term was removed from Amazon's search.  The CAGC was informed of the removal of this term in an email dated April 19, 2021 at 7:46 PM EST.

spreadsheet for JFK8, 217 disciplines for BDL3, and 536 disciplines for EWR4.  The excel spreadsheets each include, among other things, the following substantive information:

- [Redacted Name of Employee]
- Areas of Improvement
- Incident Details [4]

Using a similar methodology for Paragraph 16, at the direction of counsel, a legal assistant conducted a search through each excel spreadsheet for responsive disciplines with the following search terms:

- Curs
- Abus
- Profan
- Harass
- Vulgar

The spreadsheet with disciplines issued at JFK8 containing those terms was produced in this matter on April 7, 2021, and the spreadsheet with disciplines issued at EWR4 and BDL3 containing those terms was produced on April 15, 2021.  For Paragraph 16, this resulted in 32 disciplines listed on the excel spreadsheet for JFK8, 105 disciplines listed for EWR4, and 46 disciplines listed for BDL3.

In addition, for Paragraph 16, Amazon produced the personnel files for 32 employees identified in the excel spreadsheet for JFK8.  The personnel files are stored in Amazon's OnBase or EXACT databases.  To obtain the personnel files, an individual must electronically search for, download and open the associate personnel file related to each form.  Once the personnel files were pulled for each of the 32 employees, a paralegal and/or attorney redacted personal identifying information.  These personnel files were produced to the CAGC.  The CAGC has also requested the personnel and discipline files for 151 additional employees at the EWR4 and BDL3 facilities, which will require an individual to pull these documents using the same method as JFK8.  On average, it takes approximately 4.5 minutes to search for and download the personnel file information.

In addition to the disciplinary documents described above, the CAGC also requested the production of any available investigation files for approximately 183 individual disciplines responsive to Paragraph 16 for the JFK8, EWR4, and BDL3 facilities.  Investigation files are stored in a separate database from the personnel files in a database called EXACT; however, the process for pulling, reviewing, and producing them is similar, and on average, requires approximately 4.5 minutes per investigation file.

Date: April 26, 2021                          Respectfully submitted,

                                              /s/ Jennifer Mott Williams

---

[4] The sections for areas of improvement and incident details for each respective discipline are identical to the information contained in the actual disciplinary form contained in each employee's personnel file.  Despite being repeatedly assured on this fact, the CAGC unreasonably has insisted that Amazon produce the actual disciplinary form for each of the 1593 disciplines.  Simply, having to produce the disciplinary file for each employee in addition to the excel spreadsheet is duplicative, inefficient, and time consuming.

GC Exhibit 118

Jennifer Mott Williams
Morgan, Lewis & Bockius LLP
1000 Louisiana Street #4000
Houston, TX 77002
Phone: +1.713.890.5788
Fax: +1.713.890.5001
Email: jennifer.williams@morganlewis.com

*Attorney for Respondent*
*Amazon.com Services LLC*

GC Exhibit 118

# EXHIBIT 12

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Monday, May 3, 2021 9:17 AM |
| **To:** | 'Cox, Evamaria'; 'Jackson, Matthew'; 'Gaston, David'; 'Farmer, Tammy L.' |
| **Cc:** | Murphy, Christopher J.; Buffalano, Nicole; Williams, Jennifer Mott |
| **Subject:** | RE: Amazon Case No. 29-CA-261755 |
| **Attachments:** | Processing Log.pdf |

Ms. Cox,

Attached please also find a copy of the referenced Relativity processing log.

Thanks,

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members



---

**From:** Phillips, Kelcey J.
**Sent:** Sunday, May 2, 2021 8:15 PM
**To:** 'Cox, Evamaria' <Evamaria.Cox@nlrb.gov>; 'Jackson, Matthew' <Matthew.Jackson@nlrb.gov>; 'Gaston, David' <David.Gaston@nlrb.gov>; 'Farmer, Tammy L.' <Tammy.Farmer@nlrb.gov>
**Cc:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Williams, Jennifer Mott <jennifer.williams@morganlewis.com>
**Subject:** RE: Amazon Case No. 29-CA-261755

Ms. Cox,

Attached please find a copy of the March communications from Ms. Volk's inbox.

Thanks,

**Kelcey J. Phillips\***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
\*Admitted in California only; Practice supervised by DC Bar members



GC Exhibit 118

**From:** Phillips, Kelcey J.
**Sent:** Wednesday, April 28, 2021 3:40 PM
**To:** 'Cox, Evamaria' <Evamaria.Cox@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>
**Cc:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Williams, Jennifer Mott <jennifer.williams@morganlewis.com>
**Subject:** RE: Amazon Case No. 29-CA-261755

Ms. Cox,

The email shows that it was sent to a listserv – amzngenlit.  This is an email group distribution list at Consilio that includes Ms. Volk.  In the interest of time, we went ahead and produced our version of the document.  Nevertheless, we have asked Ms. Volk to provide her copy to us and can produce that after we receive it.

Thanks,
Kelcey

**Kelcey J. Phillips***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members



**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Wednesday, April 28, 2021 8:37 AM
**To:** Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Gaston, David <David.Gaston@nlrb.gov>; Farmer, Tammy L. <Tammy.Farmer@nlrb.gov>
**Cc:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Williams, Jennifer Mott <jennifer.williams@morganlewis.com>
**Subject:** RE: Amazon Case No. 29-CA-261755

[EXTERNAL EMAIL]
Good morning Ms. Phillips,

I receive the attached communication.  This communication does not include Ms. Volk.

Please provide the two March emails and the Relativity reports referenced by Ms. Volk on Monday (4/26).

Thank you,
Evamaria Cox

**From:** Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Sent:** Tuesday, April 27, 2021 10:48 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>

**Cc:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Williams, Jennifer Mott <jennifer.williams@morganlewis.com>
**Subject:** Amazon Case No. 29-CA-261755

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis' secure file transfer system, documents responsive to subpoena B-1-1BUGMIX. Please note that AMZ-BRY001389 is the de-duplicated Excel spreadsheet for the JFK8 disciplines responsive to Paragraph 17.

Per ALJ Green's order, we have also included a redacted copy of our communication with regard to search terms and custodians for Paragraphs 12 and 14.

Please let us know if you have any trouble accessing or opening the documents.

Thanks,
Kelcey

**Kelcey J. Phillips***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members



DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# EXHIBIT 13

GC Exhibit 118

**Archived:** Wednesday, May 19, 2021 7:46:57 PM
**From:** Cox, Evamaria
**Mail received time:** Tue, 27 Apr 2021 18:42:19
**Sent:** Tue, 27 Apr 2021 22:42:11
**To:** Murphy, Christopher J.
**Cc:** Buffalano, Nicole  Phillips, Kelcey J.  Jackson, Matthew  Williams, Jennifer Mott
**Subject:** RE: "Duplicate" Discipline Entries on JFK8 Discipline Log
**Importance:** Normal
**Sensitivity:** None

---

[EXTERNAL EMAIL]
Thank you very much but I've already de-duplicated.

Nevertheless, I've explained these charts are not usable for testimony and are not acceptable in lieu of the underlying disciplines.

As requested on the record last Monday (4/19) please prioritize producing the disciplinary/feedback documents responsive to paragraph 16 for EWR4 and BDL3.

Thank you,
Evamaria

---

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Tuesday, April 27, 2021 5:39 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>; Williams, Jennifer Mott <jennifer.williams@morganlewis.com>
**Subject:** "Duplicate" Discipline Entries on JFK8 Discipline Log

Eva:

During the hearing yesterday, you advised that the JFK8 discipline log we had provided contained "duplicate" entries.  After the hearing, we looked at the log and discovered that it included about 25% duplicate entries.  Under separate cover today, we will provide a "de-duplicated" log.

We will also be producing 2 videos showing conduct on 4/6/20.

Please let us know if you have any questions.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



GC Exhibit 118

DISCLAIMER

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# EXHIBIT 14

GC Exhibit 118

**Archived:** Wednesday, May 19, 2021 7:46:51 PM
**From:** Cox, Evamaria
**Mail received time:** Thu, 6 May 2021 15:02:17
**Sent:** Thu, 6 May 2021 19:02:09
**To:** Murphy, Christopher J.
**Cc:** Buffalano, Nicole  Phillips, Kelcey J.  Jackson, Matthew
**Subject:** RE: AMAZON.COM SERVICES LLC, Case 29-CA-261755
**Importance:** Normal
**Sensitivity:** None

---

[EXTERNAL EMAIL]
Chris,

Sub 1

    a. The excel spreadsheet did not contain any metadata. There is no author nor creation date.  Please turn off the metadata scrubber and re-send.

    b. Thank you for prioritizing the investigations.  I asked for the JFK8 investigations by emails dated April 6 and April 9.  Please give me a status update on those.

    c. Please provide an update on paragraph 19 as promised.

Sub 2

    a. **Below you will find the priority list with items covered by both subpoenas.**

    b. Please provide us an update on when "low hanging fruit" paragraphs 8, 15, 16, and 22 can be produced.

    c. Re: para 6-7-I got a chance to re-read the transcript.  At page 268, you represented that custodians are being added and document review is continuing.  To the extent that any of the docs requested in 6 and 7 have been produced in response to Sub 1, please identify those documents by bate stamp numbers.

    d. Re: para. 9-14- None of the docs produced responsive to sub 1 shows the **names and titles** of individuals that participated in the decision to terminate CP (para 9); who made the decision to terminate CP (para 10); participated in recommendation to issue Evans a final warning (para 11); ); participated in recommendation to issue Evans a first warning; (para 12); made decision to issue Evans a first warning (para 13) nor the **names and titles** of the individuals referred to in the executive summary as "Legal, ER, Regional Operations, Senior Ops, and HR Leadership."  (para. 14). To the extent that the documents produced in responsive to Sub 1, please identify those documents by bate stamp numbers.

    e. Re: Para 19—as Mr. Kearl represented on our call, documents describing the process Amazon takes after receiving reports of harassment, altercations, bullying including but not limited to the seek to understand process should be produced.  Para. 19 was among the "low hanging fruit."  Further, please produce the documents describing the manner in which workplace incidents are escalated to the Regional level.

List of priority
1. Investigations in connection with JFK8 requested on April 6/April 9 and those set forth in my email dated May 4 below (Sub 1).
2. Documents responsive to Paragraph 19 of Sub 1
3. JFK8 WIMS responsive to Para 17 and 18.

In addition to the list of priority docs, "low hanging fruit docs" responsive to para 19, 22, 15/16 (Sub 2).

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Tuesday, May 4, 2021 10:18 PM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** nicole.buffalano@morganlewis.com; Kelcey Phillips <kelcey.phillips@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Subject:** RE: AMAZON.COM SERVICES LLC, Case 29-CA-261755

Eva:

Thanks for the email.

I think there is a typo in request a. for SUB1.  Let us know what you want and we'll send it over.  For request b., we'll prioritize those 30 items.  For request c., I will provide an update.

On SUB2, we expect to send some materials for request a. tonight.  For request b., I assume you want us to prioritize WIM reports for JFK8.  We'll do that.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



---

**From:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Sent:** Tuesday, May 4, 2021 8:36 PM
**To:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Subject:** RE: AMAZON.COM SERVICES LLC, Case 29-CA-261755

[EXTERNAL EMAIL]
Chris,

       Subpoena 1 (B-1-1BUGMIX)(Sub 1)
    a. For paragraph excel spreadsheet in native format, the meta data was scrubbed.  Can you please turn off the scrubber and resend?
    b. Please put paragraph 18 at the front of the "queue" including but not limited to the following investigations:
        1. 552-569
        2. 531-551
        3. 783-796
        4. 863-904
        5. 905-929
        6. 999-1036
        7. 1077-1093
        8. 1144-1201
        9. 1390-1393
        10.    1394-1395

| | |
|---|---|
| 11. | 1470-1511 |
| 12. | 1597 to 1620 |
| 13. | 2102-2185 |
| 14. | 2200-2219 |
| 15. | 2448-2501 |
| 16. | 2610-2661 |
| 17. | 2706-2759 |
| 18. | 2958-3016 |
| 19. | 3183-3228 |
| 20. | 3302-3463 |
| 21. | 3651-3659 |
| 22. | 3660-3678 |
| 23. | 3724-3733 |
| 24. | 3821-3829 |
| 25. | 3923-3956 |
| 26. | 3957-4030 |
| 27. | 4031-4055 |
| 28. | 4367-4378 |
| 29. | 4720-4812 |
| 30. | 5319-5320 |

c. Please provide an update on paragraph 19

Subpoena B-1-1CBQM1N (SUB2):
   a. Please provide an update on update on how quickly paragraphs 1, 2, 8, 15, 16, 22, 23 and 27 ("low hanging fruit") can be produced.
   b. For paragraphs 17 and 18, we requesting the WIM reports for JFK8.  See **AMZ-BRY000182- AMZ-BRY000183** and **AMZ-BRY000179- MZ-BRY000181**.

---

**From:** Murphy, Christopher J. <christopher.murphy@morganlewis.com>
**Sent:** Tuesday, May 4, 2021 9:53 AM
**To:** Cox, Evamaria <Evamaria.Cox@nlrb.gov>
**Cc:** nicole.buffalano@morganlewis.com; Kelcey Phillips <kelcey.phillips@morganlewis.com>
**Subject:** RE: AMAZON.COM SERVICES LLC, Case 29-CA-261755

Eva:

Just a quick update here.  Since me email last night, we produce an additional 52 personnel files responsive to paragraph 17 in SUB1.  We'll provide an update on the status of the remaining 18 files.

*Chris*
**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



**From:** Murphy, Christopher J.
**Sent:** Monday, May 3, 2021 9:09 PM
**To:** 'Cox, Evamaria' <Evamaria.Cox@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Phillips, Kelcey J. <kelcey.phillips@morganlewis.com>
**Subject:** AMAZON.COM SERVICES LLC, Case 29-CA-261755

Eva:

The following is a summary of our discussion tonight regarding the CAGC's 2 subpoenas in the above-referenced case.

1.  Subpoena A-1-1BUGP0N (SUB1):
    a.  We confirmed that you have all responsive documents for the following paragraphs: 1, [2-6 withdrawn], 7-11, 12 (except for production of chart in native format), 13, and 14.
    b.  We are checking on the following paragraphs: 15 (no docs related to cell phone videos, checking on others), 16 (complete except for 4 EWR4 files to by the end of the day tomorrow), 17 (70 files requested, 52 will be produced by the end of the day on 5/6, we will provide an update at the end of the day tomorrow on the remaining files), 18 (this is in the queue for production after 17) and 19 (we may be in a position to produce some of these materials by the end of the day on 5/6; we can provide a further update at the end of the day tomorrow).

2.  Subpoena B-1-1CBQM1N (SUB2):
    a.  We are expecting an email from you regarding priority items from the subpoena.
    b.  We are inquiring about what you characterized as "low hanging fruit" – paragraphs 1, 2, 8, 15, 16 (we believe there are no responsive documents, but will confirm), 22, 23 and 27.  We will provide an update at the end of the day tomorrow.
    c.  For paragraphs 17 and 18, we are checking whether the work associated with those requests will be similar to that for paragraphs 16 and 17 in SUB1.  You also indicated that you are likely to request back up materials for those reports.  Based on the language of these requests, we do not believe any further information is covered by SUB2.  We should discuss.
    d.  Please confirm our understanding that paragraphs 6-7 and 9-14 are covered by the parallel requests in SUB1.
    e.  You withdrew the following paragraphs: 3, 4, 20, 21, 25, 26 and 28-30.  There was no paragraph 5.
    f.  For all other paragraphs not specifically mentioned, we are looking into those requests and will provide an update when we are able.

*Chris*

**Christopher J. Murphy**
**Morgan, Lewis & Bockius LLP**
1701 Market Street | Philadelphia, PA 19103-2921
Direct: +1.215.963.5601 | Cell: +1.267.307.1024 | Main: +1.215.963.5000 | Fax: +1.215.963.5001
christopher.murphy@morganlewis.com | www.morganlewis.com
Assistant: Claire Bagley | +1.215.963.5990 | claire.bagley@morganlewis.com



DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this

GC Exhibit 118

communication in error, please notify us immediately by
e-mail and delete the original message.

# EXHIBIT 15

# GC Exhibit 118

| Date of Production | Bates Number | Document Description | Production Delivery | General Counsel Response Paragraph | Charging Party Response Paragraph |
|---|---|---|---|---|---|
| 3/31/2021 | AMZ-8RY000001 - AMZ-8RY000007 | Org Chart Effective 3.31.20 | SFT N. Buffalano to E. Cox | 9(a), 11(a) | 20 |
| | AMZ-8RY000008 - AMZ-8RY000034 | Bryson AMP Forms from Personnel File | SFT N. Buffalano to E. Cox | 9(a) and 9(b) | 9(a) and 9(b) |
| | AMZ-8RY000035 | Appeals Policy - Personnel File (Bryson and Evans) | SFT N. Buffalano to E. Cox | 9(a) and 9(b) | 9(a) and 9(b) |
| | AMZ-8RY000036 | Code of Business Conduct & Ethics - Bryson Acknowledgement | SFT N. Buffalano to E. Cox | 8, 9(a) | 8, 9(a) |
| | AMZ-8RY000037 - AMZ-8RY000042 | Drug and Alcohol Policy - Personnel File (Bryson and Evans) | SFT N. Buffalano to E. Cox | 7, 9(a) and (b) | 7, 9(a) and (b) |
| | AMZ-8RY000043 | Transfer Form - Evans - Personnel File | SFT N. Buffalano to E. Cox | 9(b) | 9(b) |
| | AMZ-8RY000044 - AMZ-8RY000045 | Protective Footwear Program - Evans - Personnel File | SFT N. Buffalano to E. Cox | 9(b) | 9(b) |
| | AMZ-8RY000046 - AMZ-8RY000074 | Owner's Manual - 2021 (Bryson and Evans) | SFT N. Buffalano to E. Cox | 7, 9(a) and (b) | 7, 9(a) and (b) |
| | AMZ-8RY000075 | Policies and Procedures Acknowledgement - Bryson | SFT N. Buffalano to E. Cox | 8, 9(a) | 8, 9(a) |
| | AMZ-8RY000076 | Working Hours Policy Acknowledgement - Bryson | SFT N. Buffalano to E. Cox | 8, 9(a) | 8, 9(a) |
| | AMZ-8RY000077 | Bryson ID Photo | SFT N. Buffalano to E. Cox | 9(a) | 9(a) |
| | AMZ-8RY000078 - AMZ-8RY000080 | Code of Business Conduct & Ethics - Personnel File (Bryson and Evans) | SFT N. Buffalano to E. Cox | 7, 9(a) and (b) | 7, 9(a) and (b) |
| | AMZ-8RY000081 | Computer Use Policy - Bryson Acknowledgement | SFT N. Buffalano to E. Cox | 8, 9(a) | 8, 9(a) |
| | AMZ-8RY000082 - AMZ-8RY000086 | Confidentiality Agreement - Bryson | SFT N. Buffalano to E. Cox | 8, 9(a) | 8, 9(a) |
| | AMZ-8RY000087 - AMZ-8RY000091 | Confidentiality Agreement - Evans | SFT N. Buffalano to E. Cox | 8, 9(b) | 8, 9(b) |
| | AMZ-8RY000092 | Evans ID Photo | SFT N. Buffalano to E. Cox | 9(b) | 9(b) |
| | AMZ-8RY000093 - AMZ-8RY000096 | New Employee Information Form - Evans | SFT N. Buffalano to E. Cox | 9(b) | 9(b) |
| | AMZ-8RY000097 - AMZ-8RY000100 | New Employee Information Form - Bryson | SFT N. Buffalano to E. Cox | 9(a) | 9(a) |
| | AMZ-8RY000101 - AMZ-8RY000119 | Insider Trading Guidelines (Bryson and Evans) | SFT N. Buffalano to E. Cox | 7, 9(a) and (b) | 7, 9(a) and (b) |
| | AMZ-8RY000120 - AMZ-8RY000121 | Meal Policy Waiver Agreement - Evans | SFT N. Buffalano to E. Cox | 9(b) | 9(b) |
| | AMZ-8RY000122 | Workers' Compensation Appointment - Evans | SFT N. Buffalano to E. Cox | 9(b) | 9(b) |
| 4/1/2021 | AMZ-8RY000123 - AMZ-8RY000127 | NY Sexual Harassment Information Sheet - Personnel File (Bryson and Evans) | SFT N. Buffalano to E. Cox | 7, 9(a) and (b) | 7, 9(a) and (b) |
| | AMZ-8RY000128 | Paid Personal Time Off - Bryson | SFT N. Buffalano to E. Cox | 8, 9(b) | 8, 9(b) |
| | AMZ-8RY000129 | Pay Information Notice - Bryson | SFT N. Buffalano to E. Cox | 9(b) | 9(b) |
| | AMZ-8RY000130 | Pay Information Notice - Evans - 10/26/18 | SFT N. Buffalano to E. Cox | 9(b) | 9(b) |
| | AMZ-8RY000131 | Pay Information Notice - Evans - 9/1/20 | SFT N. Buffalano to E. Cox | 9(b) | 9(b) |
| | AMZ-8RY000132 | Payroll Direct Deposit Form - Evans | SFT N. Buffalano to E. Cox | 9(b) | 9(b) |
| | AMZ-8RY000133 - AMZ-8RY000135 | Termination Letter - Bryson | SFT N. Buffalano to E. Cox | 9(a), 11(a) | 9(a), 11(a) |
| | AMZ-8RY000135 | Offer Letter - Bryson | SFT N. Buffalano to E. Cox | 9(b) | 9(b) |
| | AMZ-8RY000136 | Security Awareness Checklist - Evans | SFT N. Buffalano to E. Cox | 8, 9(b) | 8, 9(b) |
| | AMZ-8RY000137 - AMZ-8RY000141 | U.S. Working Hours Policy - Personnel File (Bryson and Evans) | SFT N. Buffalano to E. Cox | 9(a) and 9(b) | 9(a) and 9(b) |
| | AMZ-8RY000142 | Amazon Access/ID Badge - Bryson | SFT N. Buffalano to E. Cox | 9(a) | 9(a) |
| | AMZ-8RY000143 | W-4 Tax Information - Evans | SFT N. Buffalano to E. Cox | 9(b) | 9(b) |
| | AMZ-8RY000144 | Workplace Harassment Acknowledgement - Evans | SFT N. Buffalano to E. Cox | 8, 9(b) | 8, 9(b) |
| | AMZ-8RY000145 | Policies and Procedures Acknowledgement - Evans | SFT N. Buffalano to E. Cox | 8, 9(b) | 8, 9(b) |
| | AMZ-8RY000146 | Working Hours Policy Acknowledgement - Evans | SFT N. Buffalano to E. Cox | 8, 9(b) | 8, 9(b) |
| | AMZ-8RY000147 | Workplace Harassment Acknowledgement - Bryson | SFT N. Buffalano to E. Cox | 8, 9(a) | 8, 9(a) |
| | AMZ-8RY000148 - AMZ-8RY000164 | Evans AMP Forms from Personnel File | SFT N. Buffalano to E. Cox | 9(b), 11(b) | 9(b), 11(b) |
| | AMZ-8RY000165 | Amazon Access/ID Badge - Evans | SFT N. Buffalano to E. Cox | 9(b) | 9(b) |
| | AMZ-8RY000166 - AMZ-8RY000168 | Offer Letter - Evans | SFT K. Phillips to E. Cox | 9(b) | 9(b) |
| | AMZ-8RY000169 | Chris Ursa Witness Statement | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-8RY000170 - AMZ-8RY000171 | Demi Evans Witness Statement | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-8RY000172 | Kaylee Bendaniel Witness Statement | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-8RY000173 | Maciej (Curtis) Witness Statement | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-8RY000174 | Paul Chierchio Witness Statement | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-8RY000175 | Shaairea Donaldson Witness Statement | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-8RY000176 - AMZ-8RY000177 | Investigation Recap: Conversation with Gerald Bryson | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-8RY000178 | Termination Recap | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-8RY000179 - AMZ-8RY000181 | WIM Reporting Form | SFT K. Phillips to E. Cox | 12 | 12 |
| | AMZ-8RY000182 - AMZ-8RY000183 | GSOC Incident Form | SFT K. Phillips to E. Cox | 12 | 12 |
| | AMZ-8RY000184 | Executive Summary | SFT K. Phillips to E. Cox | 12, 14 | 12, 14 |
| | AMZ-8RY000185 | Video: Security Camera Aerial View | SFT K. Phillips to E. Cox | 12, 13, 15 | 12, 13, 15 |
| | AMZ-8RY000186 | Video: Security Camera Entrance View | SFT K. Phillips to E. Cox | 12, 13, 15 | 12, 13, 15 |
| | AMZ-8RY000187 | FB Live Video | SFT K. Phillips to E. Cox | 10, 12, 13, 15 | 10, 12, 13, 15 |
| 4/5/2021 | AMZ-8RY000097 | 26 Coworkers from Bradley's Spreadsheet relied on in investigation | Email (C. Murphy to E. Cox) | 12, 13 | 12, 13 |
| 4/7/2021 | AMZ-8RY000198 - AMZ-8RY000213 | 5/1/2019-4/30/2020 "above, vulgar, profane, harassing" hits | Email (C. Murphy to E. Cox) | 16 | 16 |
| 4/12/2021 | AMZ-8RY000214 - AMZ-8RY000225 | Org Chart Effective 4.7.20 | SFT K. Phillips to E. Cox | 1 | 20 |
| 4/15/2021 | AMZ-8RY000216 - AMZ-8RY000243 | 2019 Owner's Manual | SFT K. Phillips to E. Cox | 7 | 7 |
| | AMZ-8RY000244 - AMZ-8RY000264 | R613 Paragraph 16 Chart | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-8RY000265 - AMZ-8RY000337 | EWRA Paragraph 17 Chart | SFT K. Phillips to E. Cox | 17 | 17 |
| | AMZ-8RY000328 - AMZ-8RY000415 | JFK8 Paragraph 17 Chart | SFT K. Phillips to E. Cox | 17 | 17 |
| 4/16/2021 | AMZ-8RY000416 - AMZ-8RY000461 | Adefisayo, Akeem Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-8RY000462 - AMZ-8RY000481 | Baker, Maurice Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-8RY000482 - AMZ-8RY000500 | Baltazs, Jevgenijs Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-8RY000501 - AMZ-8RY000530 | Brewster, Wendy Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-8RY000531 - AMZ-8RY000551 | Chatfield, Natasha Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-8RY000552 - AMZ-8RY000569 | Colon, Richard Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-8RY000570 - AMZ-8RY000611 | Dungene, Jean Robert Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-8RY000612 - AMZ-8RY000634 | Evans, Terrell Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-8RY000635 - AMZ-8RY000739 | Finigongi, Emmanuel Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-8RY000740 - AMZ-8RY000751 | Frois, Vincent Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |

# GC Exhibit 118

| Date | Bates Range | Description | Witness | | |
|---|---|---|---|---|---|
| | AMZ-BRYO00752 - AMZ-BRYO00782 | Gadsden, Terrance Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-BRYO00783 - AMZ-BRYO00796 | Gere, Robert Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-BRYO00797 - AMZ-BRYO00817 | Hall, Sylvain Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-BRYO00818 - AMZ-BRYO00843 | Hedgepeth, Chasity Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-BRYO00844 - AMZ-BRYO00862 | Hoskins, Dennis Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-BRYO00863 - AMZ-BRYO00904 | Hudson, Barry Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-BRYO00905 - AMZ-BRYO00929 | Jeune, Gerson Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-BRYO00930 - AMZ-BRYO00951 | Larioa, Charles Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-BRYO00952 - AMZ-BRYO00973 | Lecorps, Oneil Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AM-BRYO00974 - AMZ-BRYO00998 | Majudlo, Joseph Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-BRYO00999 - AMZ-BRYO01036 | Milano, Mike Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-BRYO01037 - AMZ-BRYO01076 | Quevedo, Ranier Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-BRYO01077 - AMZ-BRYO01093 | Rios, Carlos Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-BRYO01094 - AMZ-BRYO01108 | Rueben, Charis Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-BRYO01109 - AMZ-BRYO01143 | Scott, Nakeda Nicole Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-BRYO01144 - AMZ-BRYO01201 | Shellenberger, Carl Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-BRYO01202 - AMZ-BRYO01214 | Smith, Edward Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-BRYO01225 - AMZ-BRYO01226 | Tawfeek, Mina Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-BRYO01227 - AMZ-BRYO01242 | Wise, Raymond Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-BRYO01243 - AMZ-BRYO01260 | West, Aaron Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| | AMZ-BRYO01261 - AMZ-BRYO01272 | Wettenstein, Gabriel Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |
| 4/20/2021 | AMZ-BRYO01273 - AMZ-BRYO01307 | Wilkes, Brian Personnel File | SFT K. Phillips to E. Cox | 14 | 14 |
| | AMZ-BRYO01308 | Email Bradley Campbell to Rob Joseph | SFT K. Phillips to E. Cox | | |
| | AMZ-BRYO01309 | Attachment: Executive Summary Version 2 | SFT K. Phillips to E. Cox | | |
| | AMZ-BRYO01310 | Chime: Maciej (Curle) to Tyler Grabowski | SFT K. Phillips to E. Cox | 12 | 12 |
| | AMZ-BRYO01311 - AMZ-BRYO01312 | Investigation Documents: Mina Tawfeek | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRYO01313 - AMZ-BRYO01316 | Investigation Documents: Mina Tawfeek | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRYO01317 - AMZ-BRYO01321 | Investigation Documents: Mina Tawfeek | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRYO01322 - AMZ-BRYO01323 | Investigation Documents: Mina Tawfeek | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRYO01324 - AMZ-BRYO01335 | Investigation Documents: Mina Tawfeek | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRYO01336 - AMZ-BRYO01338 | Investigation Documents: Mina Tawfeek | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRYO01339 - AMZ-BRYO01341 | Gerald STU Template Email: Bradley-Tyler-Christine | SFT K. Phillips to E. Cox | 12 | 12 |
| | AMZ-BRYO01342 - AMZ-BRYO01343 | Investigation Recap: Conversation with Gerald Bryson | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-BRYO01344 | Allegations Chart | SFT K. Phillips to E. Cox | 13 | 13 |
| | AMZ-BRYO01345 | Suspend Badge Email: Paul Cherchio - Tyler Grabowski | SFT K. Phillips to E. Cox | 11(a) | 11(a) |
| | AMZ-BRYO01346 - AMZ-BRYO01348 | Gerald STU Template Email: Bradley-Tyler-Christine | SFT K. Phillips to E. Cox | 12 | 12 |
| | AMZ-BRYO01349 | Gerald STU Template Email: Bradley-Tyler-Christine | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-BRYO01350 | Investigation Recap: Conversation with Dimitra Evans | SFT K. Phillips to E. Cox | 11(a) | 11(a) |
| | AMZ-BRYO01351 | Amazon Employment Notice Email | SFT K. Phillips to E. Cox | 11(a) | 11(a) |
| | AMZ-BRYO01352 | AMP Form Termination | SFT K. Phillips to E. Cox | 10, 12 | 10, 12 |
| | AMZ-BRYO01353 | JKF8 4.6.20 Incident Email: Tyler Grabowski-Geoff Gilbert Differ | SFT K. Phillips to E. Cox | | |
| | AMZ-BRYO01354 | Maciej (Curle) Witness Statement | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-BRYO01355 - AMZ-BRYO01356 | Shalanna Donaldson Witness Statement | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-BRYO01357 - AMZ-BRYO01358 | Demi Evans Witness Statement | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-BRYO01359 | Chris Urso Witness Statement | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-BRYO01360 | Kaydee Bertone Witness Statement | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-BRYO01361 | JFK8 4.6.20 Incident Email: Tyler Grabowski-Bradley Campbell | SFT K. Phillips to E. Cox | 10, 12 | 10, 12 |
| | AMZ-BRYO01362 | Kaydee Bertone Witness Statement | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-BRYO01363 | Maciej Curley Witness Statement | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-BRYO01364 | Paul Cherchio Witness Statement | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-BRYO01365 | Chris Urso Witness Statement | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-BRYO01366 - AMZ-BRYO01367 | Demi Evans Witness Statement | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-BRYO01368 - AMZ-BRYO01369 | Shalanna Donaldson Witness Statement | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-BRYO01370 - AMZ-BRYO01372 | Gerald STU Template Email: Bradley-Tyler-Christine | SFT K. Phillips to E. Cox | 12 | 12 |
| | AMZ-BRYO01373 | Investigation Recap: Conversation with Dimitra Evans | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| | AMZ-BRYO01374 | Email: Privileged and Confidential - Bryson Feedback and Escalations | SFT K. Phillips to E. Cox | | |
| | AMZ-BRYO01375 | Gerald Bryson JFK8 Feedback Hits | SFT K. Phillips to E. Cox | | |
| | AMZ-BRYO01376 | Email: Suspend Badge Tyler Grabowski | SFT K. Phillips to E. Cox | 11(a) | 11(a) |
| | AMZ-BRYO01377 - AMZ-BRYO01379 | Ticket - Bryson Termination - Assigned | SFT K. Phillips to E. Cox | 11(a) | 11(a) |
| | AMZ-BRYO01380 - AMZ-BRYO01383 | Ticket - Bryson Termination - Resolved | SFT K. Phillips to E. Cox | 11(a) | 11(a) |
| | AMZ-BRYO01384 | BDL3 Paragraph 17 Excel Redacted | SFT K. Phillips to E. Cox | 17 | 17 |
| | AMZ-BRYO01385 | EWFN Paragraph 17 Excel Redacted | SFT K. Phillips to E. Cox | 17 | 17 |
| | AMZ-BRYO01386 | JFK8 Paragraph 17 Excel Redacted | SFT K. Phillips to E. Cox | 17 | 17 |
| 4/27/2021 | AMZ-BRYO01387 | 4/6/20 Video - Kaydee Bertone | SFT K. Phillips to E. Cox | 15 | 15 |
| | AMZ-BRYO01388 | 4/6/20 Video - Kaydee Bertone | SFT K. Phillips to E. Cox | 15 | 15 |
| 4/30/2021 | AMZ-BRYO01389 | JFK8 Paragraph 17 Excel Redacted - De-Duplicated Replacement | SFT K. Phillips to E. Cox | 17 | 17 |
| | AMZ-BRYO01390 - AMZ-BRYO01393 | Bell, Bryson Personnel File | SFT K. Phillips to E. Cox | 13 | 13 |
| | AMZ-BRYO01394 - AMZ-BRYO01395 | Edwards, Chanel Personnel File | SFT K. Phillips to E. Cox | 13 | 13 |
| | AMZ-BRYO01396 - AMZ-BRYO01397 | Schiano, Dominick Personnel File | SFT K. Phillips to E. Cox | 13 | 13 |
| | AMZ-BRYO01398 - AMZ-BRYO01430 | Piserio, Jason Anthony Personnel File | SFT K. Phillips to E. Cox | 13 | 13 |
| | AMZ-BRYO01431 - AMZ-BRYO01457 | Rigaly, Anthony Personnel File | SFT K. Phillips to E. Cox | 13 | 13 |
| | AMZ-BRYO01458 - AMZ-BRYO01461 | Rivero, Laureana Personnel File | SFT K. Phillips to E. Cox | 13 | 13 |
| | AMZ-BRYO01462 - AMZ-BRYO01467 | Prevost, Matthew Personnel File | SFT K. Phillips to E. Cox | 13 | 13 |
| | AMZ-BRYO01468 - AMZ-BRYO01469 | Ventura, Ruth Escania Personnel File | SFT K. Phillips to E. Cox | 13 | 13 |
| 5/1/2021 | AMZ-BRYO01470 - AMZ-BRYO01511 | Aoust, Amani EWRA Personnel File | SFT K. Phillips to E. Cox | 16 | 16 |

**GC Exhibit 118**

| Bates Range | Date | Description | |
|---|---|---|---|
| AMZ-BRY001512 - AMZ-BRY001530 | | Ali, Salvatore EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY001531 - AMZ-BRY001537 | | Alcidu, Oscar EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY001538 - AMZ-BRY001596 | | Araby, Bashir EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY001597 - AMZ-BRY001620 | | Bailey, Carey EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY001621 - AMZ-BRY001674 | | Barbee, Anesha EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY001675 - AMZ-BRY001732 | | Been, Eric EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY001733 - AMZ-BRY001800 | | Bostick, Nathaniel EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY001801 - AMZ-BRY001836 | | Brown, Tyrone EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY001837 - AMZ-BRY001922 | | Brzezinski, Christopher EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY001923 | | Set Two Video Bertone Enhanced 1 | SFT K. Phillips to E. Cioj |
| AMZ-BRY001924 | | Set Two Video Bertone Enhanced 2 | SFT K. Phillips to E. Cioj |
| AMZ-BRY001925 | | Set Three 2749 Enhanced video | SFT K. Phillips to E. Cioj |
| AMZ-BRY001926 | | Set Three 2749 Enhanced Audio | SFT K. Phillips to E. Cioj |
| AMZ-BRY001927 | | Set Three 2790 Enhanced Video | SFT K. Phillips to E. Cioj |
| AMZ-BRY001928 | | Set Three 2792 Enhanced Audio | SFT K. Phillips to E. Cioj |
| AMZ-BRY001929 - AMZ-BRY001943 | | Altine, Levelil EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY001944 - AMZ-BRY002031 | | Maley, William Scott EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002032 - AMZ-BRY002045 | | McClese, Donoun Marcuisie EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002046 - AMZ-BRY002101 | | McDaniels, Kourtnee EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002102 - AMZ-BRY002185 | | Moore, Veronica Jarcee EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002186 - AMZ-BRY002199 | | Cruz, Mariano EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002200 - AMZ-BRY002239 | | Farrell, Francise Nicole EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002240 - AMZ-BRY002317 | | Nixon, Andrew EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002318 - AMZ-BRY002339 | | Nwaosi, Ainsze EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002340 - AMZ-BRY002447 | | Oliver, Xwandell Dwight EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002448 - AMZ-BRY002501 | | Ouano, Mark EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002502 - AMZ-BRY002523 | | Patel, Krupaben EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002524 - AMZ-BRY002548 | | Patel, Majjad EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002549 - AMZ-BRY002573 | | Patel, Methul Jitendrabhal EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002574 - AMZ-BRY002595 | | Patel, Nina EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002596 - AMZ-BRY002609 | | Raza, Syed EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002610 - AMZ-BRY002661 | 5/2/2021 | Garafalo Jr., Pasquale Dominick EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002662 - AMZ-BRY002705 | | Georges, Casemrare EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002706 - AMZ-BRY002759 | | Guadir, Joseph EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002760 - AMZ-BRY002859 | | Griffiths, Charles EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002860 - AMZ-BRY002905 | | Gurion, Joseph EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002906 - AMZ-BRY002957 | | Hamoudi, Mahfoudh EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY002958 - AMZ-BRY003016 | | Harden, Dewanda Nicole EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003017 - AMZ-BRY003024 | | Hutchinson, Berkeley EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003025 - AMZ-BRY003104 | | Jackson, Willie Maurice EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003105 - AMZ-BRY003182 | | Johnson, Samran EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003183 - AMZ-BRY003228 | | Jones, Anya EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003229 - AMZ-BRY003301 | | Kandar, Mukund EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003302 - AMZ-BRY003463 | | Kershaw, Corinia EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003464 - AMZ-BRY003609 | | Larose, Alex EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003610 - AMZ-BRY003611 | | Allen, Michael BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003612 - AMZ-BRY003614 | | Atkins, Gerdobwai BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003615 - AMZ-BRY003629 | | Blackman, Tyrone BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003630 - AMZ-BRY003650 | | Blount, Lloyd BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003651 - AMZ-BRY003659 | | Brehon, Michael BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003660 - AMZ-BRY003678 | | Crane, Tracy BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003679 - AMZ-BRY003683 | | Dean, Chris BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003684 - AMZ-BRY003687 | | Gatton, Eric BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003688 - AMZ-BRY003699 | 5/3/2021 | Heslop, Kaylane BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003700 - AMZ-BRY003701 | | Kelly, Quentin BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003702 - AMZ-BRY003712 | | Lopez, Deshion BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003713 - AMZ-BRY003723 | | Love Jr., Kevin BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003724 - AMZ-BRY003733 | | Martinez, Yalda BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003734 - AMZ-BRY003749 | | Mayes, Micah BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003750 - AMZ-BRY003763 | | McBurnie, Terrell BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003764 - AMZ-BRY003768 | | Moore, Malachi BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003769 - AMZ-BRY003775 | | Murt, Jonathan BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003776 - AMZ-BRY003795 | | Reddick, Darcel BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003796 - AMZ-BRY003801 | | Sonemanevong, Reagan BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003802 - AMZ-BRY003804 | | Thomas Sr., Jn Edourd BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003805 - AMZ-BRY003820 | | Townsend, Malia BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003821 - AMZ-BRY003829 | | Uberti, Destiney BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003830 - AMZ-BRY003834 | | Wilson, Krystal BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003835 - AMZ-BRY003851 | | Xocoy, Jessica BD13 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003852 - AMZ-BRY003870 | | Van Rooijen, John Robert EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003871 - AMZ-BRY003878 | | Ward, James EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003879 - AMZ-BRY003922 | | White, Ivette EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003923 - AMZ-BRY003956 | | Williams, Lovdila EWR4 Personnel File | SFT K. Phillips to E. Cioj |
| AMZ-BRY003957 - AMZ-BRY004030 | | Wilson, Jacob EWR4 Personnel File | SFT K. Phillips to E. Cioj |

# GC Exhibit 118

| Date | Bates Range | Description | Category | No. |
|---|---|---|---|---|
| 5/4/2021 | AMZ-BRY004031 - AMZ-BRY004055 | Wood, Michele EWR4 Personnel File | SFT_K_Phillips to E_Coxj | 16 |
| | AMZ-BRY004056a - AMZ-BRY004063 | Yursha, Brian James EWR4 Personnel File | SFT_K_Phillips to E_Coxj | 16 |
| | AMZ-BRY004093 | Clay, Krystal JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004094 - AMZ-BRY004097 | Cobena, Fitzgerald Jeremiah JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004098 - AMZ-BRY004107 | Colon, Delgadillo JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004108 - AMZ-BRY004115 | Comfort, Angela JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004116 - AMZ-BRY004125 | Cortes, Evelisse JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004126 - AMZ-BRY004134 | Curry, Kareema JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004135 - AMZ-BRY004145 | delCastillo, Cyndie JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004146 - AMZ-BRY004157 | Docanger, Steven JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004158 - AMZ-BRY004166 | Draughn, Delour JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004167 - AMZ-BRY004172 | Durand, Michelange JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004173 - AMZ-BRY004174 | El Hafnaoui, Aymane JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004175 - AMZ-BRY004201 | Ferguson, Johnson JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004202 - AMZ-BRY004203 | Foster, Jonathan JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004204 - AMZ-BRY004205 | Gassama, Thierno JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004206 - AMZ-BRY004229 | Gonzalez Jr., Charlie JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004230 - AMZ-BRY004232 | Guzman, Alexandra JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004233 - AMZ-BRY004244 | Hopkins, Sunshine JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004245 - AMZ-BRY004249 | Huckleby, Ashley JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004250 - AMZ-BRY004254 | Hunter, Gwendolyn JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004255 - AMZ-BRY004260 | Jaloh, Abubakarr JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004261 - AMZ-BRY004265 | Johns, Eid JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004266 - AMZ-BRY004270 | Johnson, Herson JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004271 - AMZ-BRY004275 | Johnson, Kiana JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004276 - AMZ-BRY004277 | Johnson, Romell JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004278 - AMZ-BRY004281 | Johnson, Saboo JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004282 - AMZ-BRY004285 | Johnson, Stephanie JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004286 - AMZ-BRY004294 | Kaaolu, Jumbo Jumbo JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004295 - AMZ-BRY004305 | King, Roger JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004306 - AMZ-BRY004307 | Komutah-Aseh, Emmanuel JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004308 - AMZ-BRY004314 | Lee, Rhonded JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004315 - AMZ-BRY004333 | Lewis, Kuyen JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004334 | Lopez, Taynor JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004341 | Lugo, Luis JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004342 - AMZ-BRY004346 | Martin, Akil JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004347 - AMZ-BRY004350 | Martinez, Jose Luis JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004351 - AMZ-BRY004360 | Martinez, Pedro JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004361 - AMZ-BRY004362 | McCloud, Danielle JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004363 - AMZ-BRY004366 | McGarry Jr., Lawrence JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004367 - AMZ-BRY004378 | Mitchell, Jahnye JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004379 - AMZ-BRY004382 | Mobley, Justin JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004383 - AMZ-BRY004390 | Mubah, Louisa JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004391 - AMZ-BRY004414 | Murgolo, Christina JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004415 - AMZ-BRY004431 | Nadreau Jr., Auguston JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004432 - AMZ-BRY004440 | Ng, Nicole JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004441 - AMZ-BRY004448 | Osullivan, Vincent JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004449 - AMZ-BRY004467 | Pallant, Kenneth JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004468 - AMZ-BRY004469 | Page, Junior JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004470 - AMZ-BRY004471 | Ransom, Kun JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004472 - AMZ-BRY004487 | Rivera, Susan JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 17 |
| | AMZ-BRY004488 - AMZ-BRY004495 | Rodriguez, Anastasia JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 16 |
| | AMZ-BRY004496 - AMZ-BRY004497 | Rodriguez, Freddie JKE8 Personnel File | SFT_K_Phillips to E_Coxj | 16 |
| | AMZ-BRY004498 - AMZ-BRY004627 | Cawley, Cheyenne Dawn EWR4 Personnel File | SFT_K_Phillips to E_Coxj | 16 |
| | AMZ-BRY004720 - AMZ-BRY004812 | Cuellar, Ricardo EWR4 Personnel File | SFT_K_Phillips to E_Coxj | 16 |
| | AMZ-BRY004813 - AMZ-BRY004978 | Deacy, Aidyn EWR4 Personnel File | SFT_K_Phillips to E_Coxj | 16 |
| | AMZ-BRY005001 - AMZ-BRY005076 | Dinnerstein, Mitchell EWR4 Personnel File | SFT_K_Phillips to E_Coxj | 16 |
| | AMZ-BRY005077 - AMZ-BRY005110 | Emereuwa, Patrick EWR4 Personnel File | SFT_K_Phillips to E_Coxj | 16 |
| | AMZ-BRY005111 - AMZ-BRY005210 | Ferrara, Richard EWR4 Personnel File | SFT_K_Phillips to E_Coxj | 16 |
| | AMZ-BRY005211 - AMZ-BRY005318 | Ferris, Beverly Ann EWR4 Personnel File | SFT_K_Phillips to E_Coxj | 16 |
| | AMZ-BRY005319 - AMZ-BRY005320 | Singh, Gurpreet EWR4 Personnel File | SFT_K_Phillips to E_Coxj | 16 |
| | AMZ-BRY005321 - AMZ-BRY005391 | Singh, Harmanjot EWR4 Personnel File | SFT_K_Phillips to E_Coxj | 16 |
| | AMZ-BRY005392 - AMZ-BRY005402 | Stevens, Anthony EWR4 Personnel File | SFT_K_Phillips to E_Coxj | 16 |
| | AMZ-BRY005403 - AMZ-BRY005413 | Sidis, Amira EWR4 Personnel File | SFT_K_Phillips to E_Coxj | 16 |
| 5/4/2021 | AMZ-BRY005414 - AMZ-BRY005492 | Palmer, Derrick Skinny Personnel File | SFT_K_Phillips to E_Coxj | 11(c) |
| | AMZ-BRY005493 - AMZ-BRY005525 | Smalls, Christian Skinny Personnel File | SFT_K_Phillips to E_Coxj | 11(d) |
| | AMZ-BRY005526 - AMZ-BRY005527 | Anand Mehta Job Location | SFT_K_Phillips to E_Coxj | 24(a) (B-1-1CRQM1N) |
| | AMZ-BRY005528 - AMZ-BRY005529 | Bradley Campbell Job Location | SFT_K_Phillips to E_Coxj | 24(b) (B-1-1CRQM1N) |
| | AMZ-BRY005530 - AMZ-BRY005531 | Brian Reinhart Job Location | SFT_K_Phillips to E_Coxj | 2(i) (B-1-1CRQM1N) |
| | AMZ-BRY005532 - AMZ-BRY005533 | Christine Hernandez Job Location | SFT_K_Phillips to E_Coxj | 2(e) (B-1-1CRQM1N) |
| | AMZ-BRY005534 - AMZ-BRY005535 | Geoff Gilbert Differ Job Location | SFT_K_Phillips to E_Coxj | 2(d) (B-1-1CRQM1N) |
| | AMZ-BRY005536 - AMZ-BRY005537 | Kirstin Larosa Job Location | SFT_K_Phillips to E_Coxj | 2(j) (B-1-1CRQM1N) |

**GC Exhibit 118**

| Date | Bates Range | Description | No. | Exhibit Code | Note |
|---|---|---|---|---|---|
| | AMZ-BRY00538 - AMZ-BRY00539 | Milly Gutierrez Job Location | | 20(f) (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00540 - AMZ-BRY00541 | Neha Viswanath Job Location | | 2(c) (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00542 - AMZ-BRY00543 | Sai Kotha Job Location | | 2(h) (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00544 - AMZ-BRY00545 | Sergy Sushalskyy Job Location | | 2(a) (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00546 - AMZ-BRY00547 | Traci Weishalla Job Location | | 2(g) (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00548 - AMZ-BRY00549 | Bradley Campbell Job Description/Job Listing | 6 | 1(a) (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00550 - AMZ-BRY00551 | Brian Richards Job Description/Job Listing | 21 | 1(e) (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00552 - AMZ-BRY00553 | Christine Hernandez Job Description/Job Listing | 6 | 1(b) (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00554 - AMZ-BRY00555 | Geoff Gilbert-Differ Job Description/Job Listing | 21 | 1(d) (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00556 | Kristin Lanza Job Description/Job Listing | | 1(j) (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00557 | Milly Gutierrez Job Description/Job Listing | | 1(f) (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00558 - AMZ-BRY00559 | Neha Viswanath Job Description/Job Listing | 6 | 1(c) (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00560 | Sai Kotha Job Description/Job Listing | | 1(h) (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00561 - AMZ-BRY00562 | Sai Kotha Job Description/Job Listing | 22 | 1(h) (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00563 - AMZ-BRY00564 | Sergy Sushalskyy Job Description/Job Listing | 22 | 1(a) (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00565 - AMZ-BRY00566 | Traci Weishalla Job Description/Job Listing | 22 | 1(g) (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00567 | Appeals Policy | 7 | 27 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00568 - AMZ-BRY00574 | Appeals Policy, Process and Forms | 7 | 27 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00575 - AMZ-BRY00576 | Appeals Process Flowchart | 7 | 27 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00577 | Policy Appeals | 7 | 27 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| 5/5/2021 | AMZ-BRY00581 - AMZ-BRY00794 | Derrick Palmer Full Personnel File | 9(d, 11c) | 23(a) (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00795 - AMZ-BRY00993 | Christian Smalls Personnel File | 9(d, 11d) | 23(b) (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00994 - AMZ-BRY00157 | Miller, Jawara EWR4 Personnel File | 16 | 16 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00158 - AMZ-BRY00317 | Montero, Mayrose EWR4 Personnel File | 16 | 16 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00318 - AMZ-BRY00445 | Taylor, Shyteem EWR4 Personnel File | 16 | 16 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00446 - AMZ-BRY00451 | Rowser, Tikisha JFK8 Personnel File | 17 | 17 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00452 - AMZ-BRY00458 | Salustrino, Lauren JFK8 Personnel File | 17 | 17 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00459 - AMZ-BRY00463 | Schultz, Corey JFK8 Personnel File | 17 | 17 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00464 - AMZ-BRY00467 | Simon, Felicia JFK8 Personnel File | 17 | 17 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00468 - AMZ-BRY00480 | Smallwood-Mosley, Durvell JFK8 Personnel File | 17 | 17 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00481 - AMZ-BRY00506 | Stewart, Kennedy JFK8 Personnel File | 17 | 17 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00507 - AMZ-BRY00508 | Sylla, Malaika JFK8 Personnel File | 17 | 17 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00509 - AMZ-BRY00515 | Thomas, Corey JFK8 Personnel File | 17 | 17 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00516 - AMZ-BRY00518 | Waggeh, Ayeisha JFK8 Personnel File | 17 | 17 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00519 - AMZ-BRY00520 | Walker, Shadheed Kumar JFK8 Personnel File | 17 | 17 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00521 - AMZ-BRY00532 | Washington, Devon JFK8 Personnel File | 17 | 17 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00533 - AMZ-BRY00535 | Watson, Aaliyah JFK8 Personnel File | 17 | 17 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00536 - AMZ-BRY00543 | Weis, Jr. David JFK8 Personnel File | 17 | 17 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00544 - AMZ-BRY00550 | White, Jr. Darel JFK8 Personnel File | 17 | 17 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00551 - AMZ-BRY00565 | Zucaro, Joe JFK8 Personnel File | 17 | 17 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00590 - AMZ-BRY00592 | Adediran Oluwafeotemi JFK8 Personnel File | 17 | 17 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00566 | Azzato, Dominick JFK8 Personnel File | 17 | 17 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| 5/7/2021 | AMZ-BRY00693 - AMZ-BRY00602 | Aaron Richard West JFK8 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00593 - AMZ-BRY00596 | Jevgenijs Baltacs JFK8 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00603 | Carl Shellenberger JFK8 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00607 | Chasity Hodgeseth JFK8 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00571 - AMZ-BRY00584 | Gabriel Wettenstein JFK8 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00585 - AMZ-BRY00586 | Brown, Raheem JFK8 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00649 - AMZ-BRY00667 | Gerson Jeune JFK8 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00668 - AMZ-BRY00686 | Champagne, Sarimmanmsje JFK8 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00687 - AMZ-BRY00690 | Richard Colon JFK8 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00691 | Clark, April JFK8 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00712 - AMZ-BRY00717 | Wendy Brewster JFK8 Investigative File | 18 | 15 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00843 - AMZ-BRY00915 | Workplace Incident Management Guide | 2, 21 | | Sft_K_Phillips to E_Coo |
| 5/8/2021 | AMZ-BRY00916 - AMZ-BRY00935 | Quentin Kelly BDL3 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00712 - AMZ-BRY00717 | Nakeda Scott JFK8 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00718 - AMZ-BRY00734 | Natasha Charbel BDL3 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00735 | Ranier Ariel Quevedo JFK8 Investigative Audio | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00736 - AMZ-BRY00783 | Ranier Ariel Quevedo JFK8 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00784 - AMZ-BRY00811 | Richard Colon JFK8 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00812 - AMZ-BRY00822 | Terrell Evans JFK8 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00823 - AMZ-BRY00842 | Wendy Brewster JFK8 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00936 - AMZ-BRY00915 | Jonathan Muir BDL3 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY00936 - AMZ-BRY00948 | Wade Townsend BDL3 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY01164 - AMZ-BRY01199 | Darrel Reddick BDL3 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |
| | AMZ-BRY01200 - AMZ-BRY01260 | Lloyd Bauen Jr. BDL3 Investigative File | 18 | 18 (B-1-1CKDM1N) | Sft_K_Phillips to E_Coo |

**GC Exhibit 118**

| Date | Bates Range | Description | | | |
|---|---|---|---|---|---|
| | AMZ-BRY007261 - AMZ-BRY007287 | Malachi Moore BDL3 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007288 - AMZ-BRY007299 | Tracy Cone BDL3 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007300 - AMZ-BRY007333 | Yojana Martinez BDL3 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007334 - AMZ-BRY007385 | Micha Mayes BDL3 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007386 - AMZ-BRY007437 | Jessica Xcocy BDL3 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007438 - AMZ-BRY007489 | Destiny Uberti BDL3 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007490 - AMZ-BRY007503 | Reagan Schermerhorning BDL3 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007504 - AMZ-BRY007545 | Kevin Love Jr. BDL3 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007546 - AMZ-BRY007565 | DeShon Lopez BDL3 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007566 - AMZ-BRY007577 | Roshawn Heston BDL3 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007578 - AMZ-BRY007579 | Amira Stills EWR4 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007580 - AMZ-BRY007583 | Andrew Moon EWR4 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007584 - AMZ-BRY007589 | Ara Ouano EWR4 Investigative FileO | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007590 - AMZ-BRY007594 | Beverly Ferns EWR4 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007595 - AMZ-BRY007600 | Casemiro Gregan EWR4 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007601 - AMZ-BRY007620 | Corrina Kershaw EWR4 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007621 - AMZ-BRY007622 | Daryl Ansley EWR4 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007623 - AMZ-BRY007642 | Dawanda Horden EWR4 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007643 - AMZ-BRY007644 | Dora Gutkes EWR4 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007645 - AMZ-BRY007666 | Ivette White EWR4 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007667 - AMZ-BRY007674 | James Ward EWR4 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007675 - AMZ-BRY007677 | Jaware Adika EWR4 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007678 - AMZ-BRY007686 | Kingdom Patel EWR4 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007687 - AMZ-BRY007688 | Levell Altine EWR4 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007689 - AMZ-BRY007693 | Lovida Williams EWR4 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007694 - AMZ-BRY007707 | Mahpal Patel EWR4 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007708 - AMZ-BRY007721 | Mariano Cruz EWR4 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007722 - AMZ-BRY007729 | Margorie Montero EWR4 Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY007730 - AMZ-BRY007737 | JFK8 Harass WIM Report 1 | SFT K. Phillips to E. Cox | 18 (B-1-1CRDMIN) | 18 (B-1-1CRDMIN) |
| | AMZ-BRY007738 - AMZ-BRY007739 | JFK8 Harass WIM Report 2 | SFT K. Phillips to E. Cox | 18 (B-1-1CRDMIN) | 18 (B-1-1CRDMIN) |
| 5/9/2021 | AMZ-BRY007740 - AMZ-BRY007745 | JFK8 Harass WIM Report 3 | SFT K. Phillips to E. Cox | 18 (B-1-1CRDMIN) | 18 (B-1-1CRDMIN) |
| | AMZ-BRY007746 - AMZ-BRY007749 | Amoin Adou EWR4 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007750 - AMZ-BRY007753 | Aniya Jones EWR4 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007754 - AMZ-BRY007758 | Gurpreet Singh EWR4 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007759 - AMZ-BRY007760 | Mehul Patel EWR4 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007761 | Michele Wood 10.18.19 EWR4 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007762 - AMZ-BRY007765 | Michele Wood 11.14.19 EWR4 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007766 - AMZ-BRY007771 | Nathaniel Borice EWR4 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007772 - AMZ-BRY007777 | Nina Patel EWR4 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007778 | Oscar Alicea EWR4 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007779 - AMZ-BRY007781 | Pasquale D Garofalo EWR4 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007782 - AMZ-BRY007785 | Samson Jomson EWR4 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007786 - AMZ-BRY007787 | Slykeem Taylor EWR4 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007788 - AMZ-BRY007794 | Tyrone Brown EWR4 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007795 | Veronica Moore EWR4 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007796 - AMZ-BRY007799 | William Mabey EWR4 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007800 - AMZ-BRY007812 | Geoshawa Atkins BDL3 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007813 - AMZ-BRY007825 | Eric Gattson BDL3 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007826 - AMZ-BRY007848 | In Edouard Thomas BDL3 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007849 - AMZ-BRY007868 | Terrell Kohdoma BDL3 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007869 - AMZ-BRY007942 | Chanel Edwards JFK8 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007943 - AMZ-BRY007971 | Dominick Schiano JFK8 Investigative File | SFT K. Phillips to E. Cox | | 18 |
| | AMZ-BRY007972 | Maciej Curtij Badge Scan | SFT K. Phillips to E. Cox | 22 | 22 |
| 5/12/2021 | AMZ-BRY007973 - AMZ-BRY007974 | Paul Churchiss: Cutoff Don't Differ Chime | SFT K. Phillips to E. Cox | 12 | 3, 12(a),(b) |
| | AMZ-BRY007975 - AMZ-BRY007976 | Steffan Steudte 3/25/20 AA Logins Email | SFT K. Phillips to E. Cox | 19(c),(d) | 19(c),(d) |
| | AMZ-BRY007977 - AMZ-BRY007979 | Geoff Gilbert Differ Protectors x Picutres "Known ID's 3-30-2020" Email | SFT K. Phillips to E. Cox | 19(c),(d) | 19(c),(d) |
| | AMZ-BRY007980 - AMZ-BRY007983 | Tyler Grabowski-Christine Hernandez Chime w. Smalls Picture | SFT K. Phillips to E. Cox | 19(d) | 19(d) |
| | AMZ-BRY007984 - AMZ-BRY007987 | Christine Hernandez-Pooja Desai Chime 3-25-2020 | SFT K. Phillips to E. Cox | 19(d) | 19(d) |
| | AMZ-BRY007988 - AMZ-BRY007997 | Christine Hernandez-Pooja Desai Chime 4-7-2020 | SFT K. Phillips to E. Cox | 19(d) | 19(d) |
| | AMZ-BRY007998 | Christine Hernandez Chime Recounting Events I 4-6-20 | SFT K. Phillips to E. Cox | 19(b),(c) | 19(b),(c) |
| | AMZ-BRY007999 - AMZ-BRY008000 | Pooja Desai-Aashita Behal-Neha Viswanath Chime 4-8-2020 | SFT K. Phillips to E. Cox | 19(d) | 19(d) |
| | AMZ-BRY008001 - AMZ-BRY008007 | Milly Gerdes-Elizabeth Jones-Lisa Strobridge Chime 3-25-2020 | SFT K. Phillips to E. Cox | 19(d) | 19(d) |
| | AMZ-BRY008008 - AMZ-BRY008009 | Paul Churchiss Witness Statement Foxwriting | SFT K. Phillips to E. Cox | 10, 12, 13 | 10, 12, 13 |
| 5/13/2021 | AMZ-BRY008010 | Sergiy Sushchibuy Summary of the Gerald Bryson Termination call | SFT K. Phillips to E. Cox | 11(a) | 11(a) |
| | AMZ-BRY008011 - AMZ-BRY008018 | Aaron Richard West JFK8 Investigation Summary - Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY008019 - AMZ-BRY008025 | Aaron Richard West JFK8 Ethics Investigative File | SFT K. Phillips to E. Cox | 18 | 18 |
| | AMZ-BRY008026 | Kelly Cheeseman Email re: CNET Bryson Article | SFT K. Phillips to E. Cox | 4, 19(b) | 4, 19(b) |
| | AMZ-BRY008027 | Liza Levandowski Email re: Staten Island Article | SFT K. Phillips to E. Cox | 4, 19(b) | 4, 19(b) |
| | AMZ-BRY008028 - AMZ-BRY008029 | Geoff Gilbert Differ Video Screenshots | SFT K. Phillips to E. Cox | 15 | 15 |
| | AMZ-BRY008030 - AMZ-BRY008092 | Dyane Calzadar Mid Hugs | SFT K. Phillips to E. Cox | 6, 7 (B-1-1CRDMIN) | 6, 7 (B-1-1CRDMIN) |
| 5/14/2021 | AMZ-BRY008093 | AMER Loss Prevention Escalation Grid | SFT K. Phillips to E. Cox | 19 (B-1-1CRDMIN) | 2 |
| | AMZ-BRY008094 - AMZ-BRY008097 | Workplace Violence 2020 | SFT K. Phillips to E. Cox | 19 (B-1-1CRDMIN) | 2 |
| | AMZ-BRY008098 - AMZ-BRY008143 | Conducting Effective Investigations Presentation | SFT K. Phillips to E. Cox | 19 (B-1-1CRDMIN) | 2, 6 |
| | AMZ-BRY008144 - AMZ-BRY008194 | HR Guide to Conducting Effective Investigations | SFT K. Phillips to E. Cox | 19 (B-1-1CRDMIN) | 2, 6 |

**GC Exhibit 118**

| Bates Begin | Bates End | Date | Description | No. | Recipient |
|---|---|---|---|---|---|
| AMZ-BHY008185 | AMZ-BHY008187 | | Onsite Medical Representative Job Listing | 23 | SF f K. Phillips to E. Coo |
| AMZ-BHY008188 | AMZ-BHY008191 | | Senior EHS Manager Job Listing | 23 | SF f K. Phillips to E. Coo |
| AMZ-BHY008192 | AMZ-BHY008195 | | Site WHS Manager Job Listing | 23 | SF f K. Phillips to E. Coo |
| AMZ-BHY008196 | AMZ-BHY008197 | | Waste Coordinator Job Listing | 23 | SF f K. Phillips to E. Coo |
| AMZ-BHY008198 | AMZ-BHY008201 | | WHS Specialist Job Listing | 23 | SF f K. Phillips to E. Coo |
| AMZ-BHY008202 | AMZ-BHY008216 | | Mitchell, Jahnye JKSB Investigative File | 18 | SF f K. Phillips to E. Coo |
| AMZ-BHY008217 | AMZ-BHY008217 | 5/21/2021 | Scout Distancing Policy | 7 | SF f K. Phillips to E. Coo |
| AMZ-BHY008218 | AMZ-BHY008219 | | Rachael Lighty Email: RRT Issue: NY attorney general: Amazon's protections | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008220 | AMZ-BHY008221 | | Rachael Lighty Email: RRT Issue: Amazon Warehouse Safety 'inadequate' | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008222 | AMZ-BHY008225 | | Kelly Cheeseman Email: RRT Issue: 'They don't give a damn about people' | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008226 | AMZ-BHY008232 | | Kelly Cheeseman Email: RRT Issue: 'They don't give a damn about people' | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008231 | AMZ-BHY008237 | | 3.31.20 Kate Kudrna Email: PR Update COVID | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008239 | AMZ-BHY008240 | | 3.29.20 Brooke Glatz Email: NBC News/TODAY Show | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008241 | AMZ-BHY008243 | | 4.21.20 Felix Getdendelberr Email: RRT Issue 'We can do better' | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008244 | AMZ-BHY008246 | | 4.21.20 Rachael Lighty Email: Urgent Heads Up, Upcoming Webinar | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008246 | AMZ-BHY008247 | | 4.20.20 Rachael Lighty Email: Heather/Rachael News media inquiry | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008248 | | | 4.1.20 Av Zammit Email: Correction: Coronavirus is only making Jeff Bezos more | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008249 | AMZ-BHY008250 | | 4.1.20 Kelly Cheeseman Email: RRT Issue: Amazon Workers: Go on Strike | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008251 | AMZ-BHY008253 | | 4.19.20 Josiah Byers Email: RRT Issue: Exclusive: Amazon deploys thermal camera | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008254 | AMZ-BHY008258 | | 4.8.20 Josiah Byers Email: RRT Issue: U.S. Senators question Amazon CEO | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008259 | AMZ-BHY008260 | | 4.8.20 Josiah Byers Email: RRT Issue: U.S. Senators question Amazon CEO | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008262 | AMZ-BHY008264 | | 4.1.20 Jack Evans Email: EBR Issue: Amazon Won't Close Its Facilities | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008265 | AMZ-BHY008275 | | 4.21.20 Rachael Lighty Email: Urgent Heads Up and Review Draft Athena/Protest | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008280 | AMZ-BHY008280 | | 4.29.20 Rachel Malsin Email: Comment on May 1 action? | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008275 | AMZ-BHY008280 | | 4.28.20 Kristin Kish Email: All Team - RRT Issue: As Amazon, Walmart and Others | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008281 | AMZ-BHY008282 | | 3.31.20 Emily Horseman Email: FLAG: MSNBC All In With Chris Hayes | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008286 | AMZ-BHY008288 | | 3.31.20 Amanda Ib Email: NY1 Inquiry | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008289 | AMZ-BHY008293 | | 3.31.20 Mae Anderson Email: AP query | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008294 | AMZ-BHY008296 | | 3.29.20 Shannon Bond Email: comment on Staten Island warehouse strike? | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008297 | AMZ-BHY008301 | | 3.29.20 Charisse Jones Email: Inquiry from USA Today reporter Charisse Jones | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008307 | AMZ-BHY008308 | | 3.29.20 Kristin Kish Email: Kent warehouse - GeekWire story | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008309 | AMZ-BHY008332 | | 4.11.20 John Tagle Email: FLAG/Eat Check - The Verge, WAREHOUSE WORKERS | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008313 | AMZ-BHY008315 | | 4.10.20 Keri Bertolino Email: CNN Corrections/Statements | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008316 | AMZ-BHY008318 | | 4.10.20 Chris Ciaccia Email: Jeff Bezos makes visit to Amazon, Whole Foods | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008321 | AMZ-BHY008323 | | 4.10.20 Kristin Kish Email: Jeff Bezos makes visit to Amazon, Whole Foods | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008322 | AMZ-BHY008333 | | 4.9.20 Rachael Lighty Email: RRT Issue: Amazon said it fired a protesting worker | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008326 | AMZ-BHY008326 | | 4.8.20 Rachael Lighty Email: Request for comment on JFK8 story | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008327 | AMZ-BHY008328 | | 4.8.20 Av Zammit Email: IMR FLAG = CORRECTION NEEDED Reuters - U.S. Senators | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008331 | AMZ-BHY008331 | | 4.8.20 Rachael Lighty Email: Christian centre Amazon - La Presse | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008333 | AMZ-BHY008335 | | 4.2.20 Chris Oster Email: From CNN, Wider Amazon Story | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008339 | AMZ-BHY008343 | | 4.2.20 Rachael Lighty Email: AP query | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008344 | AMZ-BHY008346 | | 4.2.20 Av Zammit Email: FLAG: Facilities - Amazon Workers Who Was Fired After | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008349 | AMZ-BHY008394 | | 4.2.20 Chris Oster Email: From CNN, Wider Amazon Story | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008353 | AMZ-BHY008355 | | 4.1.20 Av Zammit Email: CORRECTION NEEDED CNET - Union leaders, NY lawmakers | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008356 | AMZ-BHY008361 | | 3.31.20 Kristin Kish Email: Alp - FW: AP query | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008367 | AMZ-BHY008367 | | 3.31.20 Av Zammit Email: Correction: Amazon Workers in New York Have Started | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008371 | AMZ-BHY008371 | | 3.31.20 Kristin Kish Email: Amazon worker strike - S&P Global Market | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008372 | AMZ-BHY008379 | | 3.31.20 Kristin Kish Email: Correction: Amazon Workers in New York Have Started | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008376 | AMZ-BHY008379 | | 3.31.20 Katie Arcieri Email: Amazon worker strike - S&P Global Market | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008381 | AMZ-BHY008381 | | 3.31.20 William Huschman Email: ABC News | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008385 | AMZ-BHY008385 | | 3.30.20 Kristin Kish Email: Correction: Amazon Workers in New York Have Started | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008386 | AMZ-BHY008389 | | 3.30.20 Kristin Kish Email: JFK8 walk-out planned | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008394 | AMZ-BHY008394 | | 3.30.20 Kristin Kish Email: Staten Island facility strike | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008395 | AMZ-BHY008395 | | 3.30.20 Andrew Ramos Email: Staten Island facility strike | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008398 | AMZ-BHY008400 | | 3.30.20 Av Zammit Email: CORRECTION NEEDED FLAG - TERMINATION Q | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008401 | AMZ-BHY008403 | | 3.30.20 Kristin Kish Email: Alp - FW: AP query | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008404 | AMZ-BHY008407 | | 3.31.20 Av Zammit Email: Correction: Amazon Workers in New York Have Started | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008409 | AMZ-BHY008419 | | 3.30.20 Ben Rubin Email: Amazon statements on JFK8 strike | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008424 | AMZ-BHY008426 | | 3.30.20 Alyssa Bronikowski Email: Comment on UFCW announcement regarding | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008427 | AMZ-BHY008431 | | 3.30.20 Kristin Kish Email: Staten Island walkout, for NYT story | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008432 | AMZ-BHY008442 | | 3.30.20 Kristin Kish Email: Tim FW: Staten Island walkout, for NYT story | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008433 | AMZ-BHY008437 | | 3.30.20 Kristin Kish Email: FC temperature checks | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008442 | AMZ-BHY008442 | | 3.30.20 Ashley Robinson Email: Staten Island walkout, for NYT story | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008443 | AMZ-BHY008445 | | 3.30.20 Ivan Falk Email: CNBC Inquiry - Staten Island demonstrations | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008450 | AMZ-BHY008450 | | 3.30.20 Kristin Kish Email: Statement | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008453 | AMZ-BHY008453 | | 3.30.20 Andrew Ramos Email: Staten Island facility strike | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008454 | AMZ-BHY008458 | | 3.30.20 Kristin Kish Email: FC temperature checks | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008459 | AMZ-BHY008461 | | 3.30.20 Matt Day Email: FC temperature checks | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008465 | AMZ-BHY008465 | | 3.30.20 Kristin Kish Email: FC temperature checks | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008466 | AMZ-BHY008470 | | 3.30.20 Kristin Kish Email: NY1 Inquiry | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008471 | AMZ-BHY008472 | | 3.30.20 Kristin Kish Email: Request for comment on JFK8 walkout | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008473 | AMZ-BHY008476 | | 3.30.20 Kristin Kish Email: JFK8 coronavirus confirmation | 4, 19(b) | SF f K. Phillips to E. Coo |
| AMZ-BHY008478 | AMZ-BHY008479 | | 3.30.20 Kristin Kish Email: FC temperature checks | 4, 19(b) | SF f K. Phillips to E. Coo |

# GC Exhibit 118

| Bates | Description | | | |
|---|---|---|---|---|
| AMZ-BHY008480 - AMZ-BHY008482 | 3.30.20 Jeffrey Dastin Email: Reuters <> Amazon JFK8 strike? | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008483 - AMZ-BHY008484 | 3.30.20 Kristen Kish Email: media inquiry - NBC News | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008485 - AMZ-BHY008486 | 3.30.20 Kristen Kish Email: New York Post media inquiry | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008487 - AMZ-BHY008490 | 3.30.20 Rachael Lighty Email: Staten Island walkout -- WSJ Inquiry | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008491 - AMZ-BHY008492 | 3.30.20 Erin Mulvaney Email: Strike at Amazon facility | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008493 - AMZ-BHY008494 | 3.30.20 Kristen Kish Email: Response to Staten Island workers strike? | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008495 - AMZ-BHY008496 | 3.30.20 Kristen Kish Email: AP query | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008497 - AMZ-BHY008501 | 3.30.20 Emily Peck Email: URGENT, HuffPost pubbing video from JFK8 | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008502 - AMZ-BHY008505 | 3.30.20 Kristen Kish Email: URGENT, HuffPost pubbing video from JFK8 | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008506 - AMZ-BHY008509 | 3.30.20 Kristen Kish Email: Request for comment - walkout on Staten Island | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008510 - AMZ-BHY008510 | 3.30.20 Ina Ivanova Email: CBS news request/ Staten Island | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008511 - AMZ-BHY008512 | 3.30.20 Kristen Kish Email: Amazon worker strike - S&P Global Market Intelligence | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008513 - AMZ-BHY008514 | 3.30.20 Kristen Kish Email: URGENT: LA Times story on Amazon walkout | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008515 - AMZ-BHY008522 | 3.30.20 Kristen Kish Email: Kent warehouse -- GeekWire Story | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008523 - AMZ-BHY008524 | 3.30.20 Kristen Kish Email: Amazon Strike | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008525 - AMZ-BHY008526 | 3.30.20 Sonia Rincon Email: From 1010 WINS | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008527 - AMZ-BHY008528 | 3.30.20 Kristen Kish Email: CBS new request/ Staten Island | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008529 - AMZ-BHY008531 | 3.30.20 Kristen Kish Email: Yahoo Finance request for comment on walkout at | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008532 - AMZ-BHY008536 | 3.30.20 Adam Bryce Cousins Email: WHNC NEWS INQUIRY | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008537 - AMZ-BHY008541 | 3.30.20 Zemmit Email: Amazon worker strike - S&P Global Market Intelligence | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008542 - AMZ-BHY008546 | 3.30.20 Zemmit Email: Inquiry from USA Today report Charisse Jones | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008547 - AMZ-BHY008549 | 3.30.20 Rachael Lighty Email: Top Priority: Staten Island FC monitoring | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008550 - AMZ-BHY008550 | 3.30.20 Kelly Cheeseman Email: Top Priority: Staten Island FC monitoring | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008551 - AMZ-BHY008552 | 3.29.20 Kristen Kish Email: comment on Statenisland warehouse strike? | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008553 - AMZ-BHY008554 | NPR logo | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008555 - AMZ-BHY008559 | 3.29.20 Kristen Kish Email: Press Inquiry | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008560 - AMZ-BHY008560 | 3.29.20 Kristen Kish Email: High Fri LA Request! JFK8 Protests | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008561 - AMZ-BHY008565 | 3.29.20 Adam Bryce Cousins Email: WHNC NEWS INQUIRY | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008566 - AMZ-BHY008568 | 3.29.20 Kristen Kish Email: NBC News / TODAY Show | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008569 - AMZ-BHY008570 | 3.29.20 Kristen Kish Email: On deadline request | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008571 - AMZ-BHY008573 | 3.29.20 Kristen Kish Email: JFK8 walk-out planned | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008574 - AMZ-BHY008577 | 3.29.20 Kristen Kish Email: Seeking comment for NBC News | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008578 - AMZ-BHY008579 | 3.29.20 Rachael Lighty Email: TN Tokyo; We would like to chat in the JFK8 - Amazon | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008580 - AMZ-BHY008582 | 3.29.20 Kristen Kish Email: NY1 Inquiry | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008583 - AMZ-BHY008585 | 3.29.20 Kristen Kish Email: Request for comment -- Bloomberg | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008586 - AMZ-BHY008588 | 3.29.20 Bruce Coustins Email: Fri LA Inquiry -- NBC News | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008589 - AMZ-BHY008591 | 4.30.20 Zemmit Email: Amazon worker activists vandalize the road | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008592 - AMZ-BHY008593 | 4.24.20 Haley Jones Email: RRT Issue: 'they don't give a damn about people' | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008594 - AMZ-BHY008595 | 4.23.20 Rachael Lighty Email: Seeking comment for Fast Company | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008596 - AMZ-BHY008597 | 4.23.20 Kristen Kish Email: Seeking comment for Fast Company | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008598 - AMZ-BHY008607 | 4.9.20 Rachael Lighty Email: RRT Issue: Amazon said it fired a protesting worker | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008608 - AMZ-BHY008608 | 4.7.20 Stasha Brooks Email: RRT Issue: Amazon tracks workers and could FIRE | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008609 - AMZ-BHY008613 | 3.31.20 Ava Zammit Email: Correction: Amazon Workers In New York Have Started | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008614 - AMZ-BHY008614 | 4.5.20 Ava Zammit Email: CORRECTED NEEDED: Common Dreams - Despite Threats | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008615 - AMZ-BHY008617 | 4.2.20 Stasha Brooks Email: Social Media Escalation: New Twitter post from C. | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008618 - AMZ-BHY008620 | 4.2.20 Haley Jones Email: RRT Issue: Amazon Worker Who Was Fired After Corp | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008621 - AMZ-BHY008625 | 4.2.20 Rachael Lighty Email: FLAG, NM Sales - Amazon Worker Who Was Fired After | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008626 - AMZ-BHY008627 | 4.2.20 Rachael Lighty Email: RRT Issue: Amazon Workers In New York Have Started | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008628 - AMZ-BHY008628 | 1.20 Rachael Lighty Email: FW: MEDIA REQUEST: Yahoo Lifestyle <> Amazon | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008629 - AMZ-BHY008613 | 3.31.20 Ava Zammit Email: Correction: Amazon Workers In New York Have Started | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008614 - AMZ-BHY008614 | 3.31.20 Rachael Lighty Email: BBC re: Christian Smalls | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008616 - AMZ-BHY008617 | 3.30.20 Share Email: Final Master Messaging Update _ March 30 Version | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008631 - AMZ-BHY008635 | 3.30.20 Max Zahn Email: Yahoo Finance request for comment on walkout at Staten | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008636 - AMZ-BHY008637 | 3.30.20 Kristen Kish Email: statement for FOX in NYC | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008638 - AMZ-BHY008688 | 3.30.20 Kristen Kish Email: Amazon warehouse and Whole Foods worker strikes | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008640 - AMZ-BHY008642 | 3.30.20 Kristen Kish Email: Media Request on deadline | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008643 - AMZ-BHY008644 | 3.30.20 Kelly Cheeseman Email: Possible Strike | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008645 - AMZ-BHY008646 | 3.30.20 William Hutchinson Email: ABC News | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008647 - AMZ-BHY008648 | Attachment: Q&As Announcement/COVID-19 Escalation Q&A Briefing - 3.30.20 | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008649 - AMZ-BHY008650 | 4.27.20 Dina Lusak Email: Staten Island warehouse query | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008651 - AMZ-BHY008651 | 4.10.20 Rachael Lighty Email: RRT Issue: COVID-19 Crisis: Amazon Workers Don't | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008651 - AMZ-BHY008651 | 4.6.20 Email: ABC News | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008652 - AMZ-BHY008652 | 3.30.20 Rachael Lighty Email: CNN Story Update | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008653 - AMZ-BHY008658 | Attachment: Operations Master External Messaging: Coronavirus - April 9, 2020 | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008659 - AMZ-BHY008678 | 4.9.20 Lauren Kellas Email: RRT Issue: Leaked Memo | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008681 - AMZ-BHY008688 | 4.2.20 Dan Perlet Email: Re: Amazon Won't Close Its Facilities, So Workers in | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008689 - AMZ-BHY008692 | 6.30.20 Dan Perlet Email: FW: Update COVID -- March 30 | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008693 - AMZ-BHY008693 | 4.8.20 Kelly Cheeseman Email: Readers - U.S. senators question Amazon CEO | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008693 - AMZ-BHY008693 | 3.30.20 Allison Leader Email: Jay Briefing Doc - Updated | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008694 - AMZ-BHY008703 | Attachment: Q&As Announcement/COVID-19 Escalation Q&A Briefing - 3.30.20 | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008705 - AMZ-BHY008723 | 4.21.20 Kelly Cheeseman Email: CNET: Amazon fires yet another warehouse | 4, 19(b) | SF T K. Phillips to E. Coo | 19(b) |
| AMZ-BHY008706 - AMZ-BHY008725 | Attachment: Operations Master External Messaging: Coronavirus april 21, 2020 | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008726 - AMZ-BHY008727 | 4.18.20 Drew Herdener Email: Stratfield piece has posted: As Amazon Rises, So | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008728 - AMZ-BHY008734 | 4.2.20 Kelly Cheeseman Email: Master Messaging Update _ April 2 Version | 4, 19(b) | SF T K. Phillips to E. Coo | |
| AMZ-BHY008735 - AMZ-BHY008735 | | 4, 19(b) | SF T K. Phillips to E. Coo | |

# GC Exhibit 118

| | | | |
|---|---|---|---|
| AMZ-BRY008736 - AMZ-BRY008750 | Attachment: Operations Master External Messaging: Coronavirus April 1, 2020 | SFT (K. Phillips to E. Cox) | 4, 19(b) |
| AMZ-BRY008751 - AMZ-BRY008752 | 3.31.20 Andrew Kozak Email: Reaching out from Vice News - JFK8 Walkout | SFT (K. Phillips to E. Cox) | 4, 19(b) |
| 5/27/2021 AMZ-BRY008753 - AMZ-BRY008759 | Christine Hernandez Email | Email (K. Phillips to E. Cox) | 19(b), 19(c) |

GC Exhibit 118

# EXHIBIT 16

GC Exhibit 118

## Phillips, Kelcey J.

| | |
|---|---|
| **From:** | Phillips, Kelcey J. |
| **Sent:** | Tuesday, May 11, 2021 9:38 AM |
| **To:** | Cox, Evamaria; Jackson, Matthew; Frank Kearl |
| **Cc:** | Buffalano, Nicole; Murphy, Christopher J.; Williams, Jennifer Mott |
| **Subject:** | RE: Amazon Case No. 29-CA-261755 |
| **Attachments:** | AMZ-BRY006843 - AMZ-BRY006915.pdf |

All,

As directed by Judge Green on May 10, the Workplace Incident Management guide, produced at Bates number AMZ-BRY006843 – AMZ-BRY006915, without redactions is attached.

Thanks,

**Kelcey J. Phillips***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members



**From:** Phillips, Kelcey J.
**Sent:** Sunday, May 9, 2021 6:14 PM
**To:** 'Cox, Evamaria' <Evamaria.Cox@nlrb.gov>; 'Jackson, Matthew' <Matthew.Jackson@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Williams, Jennifer Mott <jennifer.williams@morganlewis.com>
**Subject:** RE: Amazon Case No. 29-CA-261755

Ms. Cox and Mr. Jackson,

Attached please find a replacement for the WIM guide previously produced on May 7.

Thanks,

**Kelcey J. Phillips***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members



GC Exhibit 118

**From:** Phillips, Kelcey J.
**Sent:** Friday, May 7, 2021 11:15 AM
**To:** 'Cox, Evamaria' <Evamaria.Cox@nlrb.gov>; Jackson, Matthew <Matthew.Jackson@nlrb.gov>
**Cc:** Buffalano, Nicole <nicole.buffalano@morganlewis.com>; Murphy, Christopher J. <christopher.murphy@morganlewis.com>; Williams, Jennifer Mott <jennifer.williams@morganlewis.com>
**Subject:** Amazon Case No. 29-CA-261755

Ms. Cox and Mr. Jackson,

We have just sent, via Morgan Lewis's secure file transfer system, documents responsive to subpoena B-1-1BUGMIX and subpoena B-1-1CBQM1N.

Please let us know if you have any trouble accessing the documents.

Thanks,

**Kelcey J. Phillips***
**Morgan, Lewis & Bockius LLP**
1111 Pennsylvania Avenue, NW | Washington, DC 20004-2541
Direct: +1.202.739.5455 | Main: +1.202.739.3000 | Fax: +1.202.739.3001 | Mobile: +1.323.376.3589
kelcey.phillips@morganlewis.com | www.morganlewis.com
Assistant: Denise Ann Soo Hoo | +1.202.373.6616 | denise.soohoo@morganlewis.com
*Admitted in California only; Practice supervised by DC Bar members



# EXHIBIT 17

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 29**

| | |
|---|---|
| AMAZON.COM SERVICES LLC ) | |
| ) | |
| ) | |
| **and** ) | Case No. 29-CA-261755 |
| ) | |
| GERALD BRYSON, an Individual. ) | |
| ) | |

## DECLARATION OF LYNN FOLEY JEFFERSON

I, LYNN FOLEY JEFFERSON, hereby declare as follows:

1. I could and would testify competently to the matters set forth in this Declaration in a court of law if called upon as a witness based on personal knowledge and my review of records kept in the ordinary course of business.  I am over the age of 18.

2. I am a Practice Support Manager at Morgan, Lewis & Bockius LLP.  I have been working for Morgan Lewis for eighteen years.  In my current role, I am responsible for planning and managing all support for assigned cases, assigning staff to support the cases, and obtaining required resources.  Additionally, I facilitate communications between the legal team and clients.

3. As a part of this role, I am also a Paralegal for the Labor & Employment Law Group for Amazon.com Services LLC ("Amazon").  I have been working with Amazon for five years. In my current role, Amazon has granted me access to its internal systems, specifically the OnBase and EXACT databases.  I am frequently called upon to retrieve associates' disciplinary related files from the above platforms and have gained significant familiarity with the databases. I do not have access rights to Amazon's ADAPT database.

4. In order for me to obtain an associate's actual Associate Management Portal ("AMP") disciplinary forms, I am required to access the OnBase database, and search for the associate's

GC Exhibit 118

individual personnel file using either the associate's identification number ("EID") or the associate's name along with the 4-digit location code of the Amazon facility in which the associate works.  Then I would locate the associate's personnel file containing the AMP forms and save the file locally.  The OnBase system does not currently allow for mass exportation.

5.   The EXACT system is Amazon's Human Resources investigation case management system that helps Amazon receive, track, manage, document, and resolve Human Resources investigation cases in a carefully orchestrated manner.

6.   In order to obtain an EXACT file for an associate, this similarly requires accessing the EXACT platform and searching for specific file using one of three possible parameters: (1) the associate's EID; (2) the associate's name; or (3) the designated EXACT case number.  I then can extract the individual case file and save the file locally.  The EXACT system does not currently allow for mass exportation.  Therefore, if an associate has four separate EXACT files for four separate disciplinary investigations, each file requires its own manual extraction.

7.   I conducted the searches in the EXACT system for investigative files for the individual employees for whom files were requested.  During this process, I searched both Gerald Bryson and Dimitra "Demi"  Evans in the EXACT system.  Neither employee had a case file in EXACT.

I declare under the penalty and perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.


Executed on May 27, 2021

*Lynn Foley Jefferson*

_____

Lynn Foley Jefferson

# EXHIBIT 18

DocuSign Envelope ID: 365CE620-9164-4737-890E-13ACD15B57A1

GC Exhibit 118

## UNITED STATES OF AMERICA
## BEFORE THE NATIONAL LABOR RELATIONS BOARD
## REGION 29

|  |  |
|---|---|
| AMAZON.COM SERVICES LLC ) | |
| ) | |
| ) | |
| **and** ) | Case No. 29-CA-261755 |
| ) | |
| GERALD BRYSON, an Individual. ) | |
| ) | |

### DECLARATION OF TYLER GRABOWSKI

I, TYLER GRABOWSKI, hereby declare as follows:

1. I could and would testify competently to the matters set forth in this Declaration in a court of law if called upon as a witness based on personal knowledge and my review of records kept in the ordinary course of business.  I am over the age of 18.

2. I am a Senior Human Resources ("HR") Business Partner at Amazon.com Services LLC ("Amazon").  I have been working for Amazon for four years.  In my current role, I manage Senior HR assistants and oversee projects that impact the day-to-day operations of our HR team, including associate disciplines.

3. Amazon's Associate Development And Performance Tracking ("ADAPT") platform supports the management of associate disciplinary feedback across five performance dimensions: (1) Productivity; (2) Quality; (3) Attendance; (4) Safety; and (5) Behavioral.  My duties as a Senior HR Business Partner include inputting associate disciplinary feedback, both positive and constructive, into the ADAPT database.

4. The ADAPT database also stores the Associate Management Portal ("AMP") disciplinary forms.  In order to obtain an associate's AMP disciplinary form, I must search for the associate either by name, alias, or employee identification number ("EID").  From there, each

DocuSign Envelope ID: 365CE620-9164-4737-890E-13ACD15B57A1

GC Exhibit 118

AMP form must be downloaded individually as there is not an ability to mass download documents from the ADAPT database. Once an associate is terminated, the individual AMP forms are only housed in ADAPT for 13 months. At the expiration of the 13-month timeframe, the information can only be accessed and exported from ADAPT as an Excel feedback summary spreadsheet.

5. AMP disciplinary forms can be accessed beyond the 13-month timeframe through Amazon's OnBase database. OnBase houses associates' personnel files. After an associate receives disciplinary feedback, the AMP disciplinary form is delivered to the associate with the option to acknowledge or refuse to sign the disciplinary feedback. The AMP disciplinary form is automatically saved to the associate's personnel file in the OnBase database. In addition to the AMP disciplinary form, personnel files contain all documents an associate has acknowledged, signed, or refused to sign throughout his or her tenure with Amazon, including, but not limited to, policy acknowledgement forms and termination letters.

I declare under the penalty and perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on May 27, 2021

DocuSigned by:

*Tyler Grabowski*

75FD636D31DB478...

Tyler Grabowski

GC Exhibit 118

# EXHIBIT 19

DocuSign Envelope ID: A5BBCE34-048D-4663-B631-A8AD242BED7F

GC Exhibit 118

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 29**

| | | |
|---|---|---|
| AMAZON.COM SERVICES LLC | ) | |
| | ) | |
| | ) | |
| **and** | ) | Case No. 29-CA-261755 |
| | ) | |
| GERALD BRYSON, an Individual. | ) | |
| | ) | |

**<u>DECLARATION OF GEOFF GILBERT-DIFFER</u>**

I, GEOFF GILBERT-DIFFER, hereby declare as follows:

1.  I could and would testify competently to the matters set forth in this Declaration in a court of law if called upon as a witness based on personal knowledge and my review of records kept in the ordinary course of business.  I am over the age of 18.

2.  I am a Senior Regional Loss Prevention Manager for Amazon.com Services LLC ("Amazon").  I have been working for Amazon for 5 years.  In my current role, I am responsible for the investigation and mitigation of physical threats to the building, Amazon personnel, and employees, inventory security, and the physical security of Amazon facilities.

3.  During my investigation of the April 6, 2020 incident, which involved Charging Party Gerald Bryson and associate Dimitra Evans, I did not complete a separate WIM ("Workplace Incident Management") reporting form specific to Ms. Evans.  Instead, I created a WIM reporting form for the entire incident.  Moreover, I assessed only Mr. Bryson's misconduct as a potential workplace violence incident as his behavior fell within the scope of misconduct described by the WIM Guide, as Ms. Evans' conduct did not.

DocuSign Envelope ID: A5BBCE34-048D-4663-B631-A8AD242BED7F

GC Exhibit 118

4.   On May 4, 2021, I received a request from Human Resources Manager Neha Viswanath for WIM reports referencing bullying or harassment at JFK8 from May 1, 2019 through April 30, 2020.

5.   The same day that I received this request, I searched Amazon's Case Management System for the reports.  The Case Management System houses reports created by Loss Prevention following an investigation, including reports of Workplace Incident Management events.

6.   I found four WIM reports from JFK8 that referenced harass, harassed, or harassment. I did not find any WIM reports from JFK8 that references bully, bullying, or bullied during the relevant time period.  I then transmitted these reports to Morgan Lewis Counsel.

I declare under the penalty and perjury under the laws of the United States of America that the foregoing is true and correct to the best of my knowledge.

Executed on May 27, 2021.

DocuSigned by:

*Geoff Gilbert-Differ*

4D566EC496BA436...

Geoff Gilbert-Differ

# EXHIBIT 20

GC Exhibit 118

**Archived:** Sunday, May 23, 2021 6:04:20 PM
**From:** Cox, Evamaria
**Mail received time:** Tue, 20 Apr 2021 17:57:37
**Sent:** Tue, 20 Apr 2021 21:57:29
**To:** Murphy, Christopher J.  Buffalano, Nicole  Phillips, Kelcey J.
**Cc:** Jackson, Matthew  Gaston, David  Farmer, Tammy L.
**Subject:** Areas of Inquiry for Custodian of Records in 29-CA-261755 (Amazon.com Services LLC)
**Importance:** Normal
**Sensitivity:** None

---

[EXTERNAL EMAIL]
Good afternoon Counsel,

Please find below the subpoena paragraphs for which we plan on asking the custodian of records about the documents produced.  For each subpoena paragraph,
- Who was searched?;
- What systems, records, and locations were searched?;
- How the searches were conducted (e.g. Boolean, keyword, other)?; and
- When the searches were conducted?

Please make the person(s) who directed the searches on the below paragraphs available on Monday (4/26).  Thank you.

12. Documents (including but not limited to human resource memorandums, handwritten notes, investigation reports, written personnel statements, written communication with witnesses, communications between Respondent's supervisors and agents) showing investigations conducted by Respondent, including documents showing the identities of those who participated in the investigations, the substance of the investigations, and the investigatory findings, regarding the following employees for their conduct on April 6, 2020:
(a) Gerald Bryson
(b) Dimitra Evans

14. Documents, including but not limited to memoranda, notes memorializing conversations, electronic communication, emails, text messages and internal communications, by, between and among Respondent's managers, supervisors and agents discussing or pertaining to Respondent's deliberations regarding whether to issue discipline and if so, the type of discipline, to the following employees for their conduct on April 6, 2020:
(a) Gerald Bryson
(b) Dimitra Evans

16. During the period covered by this subpoena, documents showing disciplinary actions, including discharges, suspensions, written and oral warnings, issued to employees at Respondent's JFK 8 Facility and at its Regional facilities within which the JFK 8 Facility is located, for violations of the sections named below of Respondent's Standards of Conduct, for cursing, abusive, profane, harassing, or vulgar language, including on-and-off duty examples, together with the personnel file of each disciplined employee showing other discipline to that employee:
(a) Category 1

GC Exhibit 118

(b) Category 2

17. During the period covered by the subpoena, documents showing disciplinary actions, including discharges, suspensions, written and oral warnings, issued to employees at Respondent's JFK 8 Facility and at its Regional facilities within which the JFK 8 Facility is located, together with the personnel file of each disciplined employee showing other discipline to that employee.

19. For the time period from March 1, 2020 to April 30, 2020, documents mentioning, discussing or pertaining to the Charging Party's discussions with employees or discussions with Respondent's supervisors, managers or agents on behalf of employees regarding COVID-19 safety precautions including:
(a) Internal communications including but not limited to electronic communications, emails, text messages, notes, meeting minutes, meeting handouts, and investigative reports by, between and among Respondent's supervisors and/or agents regarding Bryson raising COVID-19 safety concerns at Respondent management meetings;
(b) Internal communications including but not limited to electronic communications, emails, text messages, notes, meeting minutes, meeting handouts, and investigative reports by, between and among Respondent's managers, supervisors and/or agents regarding media coverage of Bryson protesting;
(c) Internal communications including but not limited to electronic communications, emails, text messages, notes, meeting minutes, meeting handouts, and investigative reports by, between and among Respondent's supervisors and/or agents regarding Bryson's participation in protests outside of Respondent's JFK8 Facility regarding COVID-19 safety concerns; and

Very truly yours,

**Evamaria Cox** | Field Attorney
National Labor Relations Board, Region 29
Two MetroTech Center, Suite 5100
Brooklyn, NY  11201
Phone:  718.765.6172
Cell:  202.702.7499
Fax:  718.330.7579
evamaria.cox@nlrb.gov

**The NLRB now requires e-filing for most documents.**
See GC 20-01 and Frequently Asked Questions

**CONFIDENTIALITY NOTICE—OFFICIAL GOVERNMENT BUSINESS**
This communication may contain Privacy Act Data/Sensitive Data which is intended only for the use of the individual to which it is addressed. It may contain information that is privileged, confidential or otherwise protected from disclosure under applicable law . If the reader of this communication is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication may be strictly prohibited. If you have received this communication in error, please notify this office immediately by telephone call at the above number for instructions regarding its return or destruction. Thank you.

GC Exhibit 118

# EXHIBIT 21

GC Exhibit 118

# Morgan Lewis

**Kelcey J. Phillips**
Associate
+1.202.739.5455
kelcey.phillips@morganlewis.com

April 15, 2021

**Via Secure File Transfer**
Evamaria Cox
Field Attorney
National Labor Relations Board, Region 29
Two Metro Tech Center, Suite 5100
Brooklyn, NY 11201

Re:     Amazon.com Services LLC Case 29-CA-261755

Dear Ms. Cox:

As you know, this firm represents Amazon.com Services LLC in the above-reference matter. Attached hereto please find documents bearing Bates Stamp number "AMZ-BRY000216" through "AMZ-BRY000415," which are being produced in response to the Counsel for the Acting General Counsel's subpoena *duces tecum*.  Further, below is a listing that identifies the subpoena paragraph to which each produced document is responsive.

- **Paragraph 7:**
  - AMZ-BRY000216 - AMZ-BRY000243

- **Paragraph 16:**

  - AMZ-BRY000244 – AMZ-BRY000264
  - AMZ-BRY000265 – AMZ-BRY000327

- **Paragraph 17**
  - AMZ-BRY000328 – AMZ-BRY000415

Please contact me should you have any questions.

Sincerely,

*/s/ Kelcey J. Phillips*
Kelcey J. Phillips

cc: Nicole Buffalano, Esq.
Christopher J. Murphy, Esq.
Matthew Jackson, Esq.

**Morgan, Lewis & Bockius** LLP

1111 Pennsylvania Avenue, NW
Washington, DC  20004
United States
**T** +1.202.739.3000
**F** +1.202.739.3001

GC Exhibit 118

# EXHIBIT 22

9

1   we discuss when -- our answer to the amendment that comes from
2   the General Counsel just offered without an objection, what --
3   when -- when we need to file that?
4       JUDGE GREEN:  Just file within 14 days.
5       MR. MURPHY:  Okay.  Thank you.
6       JUDGE GREEN:  Okay.  So anything other than -- anything
7   else, other than the subpoena matter?
8       MS. COX:  Nothing from General Counsel.
9       JUDGE GREEN:  Okay.  So I just want to get an update on --
10  on how we're doing with the subpoenaed records, and we've
11  reached some agreements on -- on the outstanding requests.
12  Well, for -- for instance, how's it going to work?
13      Let me ask the General Counsel.  Do you have any kind of
14  time deadline set, or is this just going to be production of
15  documents on a rolling basis as Amazon reviews the -- you're
16  not mute.
17      MS. COX:  Sorry about that.
18      JUDGE GREEN:  That's all right.  You can keep it off.
19  Each -- each party should have one of their attorney -- I mean,
20  Mr. Kearl can do whatever he wants, but the General Counsel and
21  Respondent should have one person off mute.
22      MS. COX:  I'll just ask everybody to ignore my background
23  noise from my apartment.
24      JUDGE GREEN:  Okay.
25      MS. COX:  So as I was saying, I propose a subpoena



11

1   through 15 by April 5th, and -- and we believe that we can get
2   a substantial amount of those responsive documents into the
3   hands of the counsel for the General Counsel by the end of the
4   day on Wednesday.  That -- that --
5       MS. COX:  Your Honor --
6       JUDGE GREEN:  Okay.
7       MR. MURPHY:  Okay.  And -- and then with respect to the
8   other, the dates more remote, what -- what we would prefer to
9   do is to -- is to address the -- the production related to
10  paragraphs 16 through 18, which generally have to do with the
11  disciplines before going to the -- the documents that -- that
12  may be responsive to paragraph 19.
13      In other words, we'd like to swap the order of those.  And
14  with respect to the discipline documents, the 16th or 18th,
15  counsel for the General Counsel provided a discrete set of
16  search terms, which we are prepared to use to apply to, you
17  know, those documents.  And -- and -- and our-- our expectation
18  is, as we've said to you previously, that-- that, given that we
19  relied only on-- on documentation from -- from JFK8 in -- in
20  making the decisions that are at issue, we would hope that
21  those documents, when provided to counsel for the General
22  Counsel, will -- will satisfy us.
23      And -- and so I guess what our -- what our suggestion is,
24  is we prefer to do this in an incremental way, and only -- and
25  only do a monumental task if -- if it's unavoidable.



10

1   paragraphs 1, 7, and 8 to be produced by April 5th, 2020 (sic).
2   Respondents agreed to this date.  I -- I propose April 17th,
3   2020 (sic) as the date for subpoena paragraph 19.  Respondent
4   did not agree.  And I proposed April 26, 2021 for the
5   production of paragraph 16, 17 and 18.  And Respondent did not
6   agree.  And also, Respondent did not produce any documents
7   today in agreement with our agreement to produce paragraphs 9
8   through 15 of the subpoena.
9       JUDGE GREEN:  Okay.  So I'm sorry, it was April 7th was --
10  was -- was which -- which paragraphs?
11      MS. COX:  April 5th.
12      JUDGE GREEN:  April 5th.
13      MS. COX:  Paragraphs 1, 7, and 8.
14      JUDGE GREEN:  Okay.  And that's the one they may have an
15  agreements on?
16      MS. COX:  Yes.
17      JUDGE GREEN:  Okay.  So let's look now at the documents.
18  There are 15.
19      MR. MURPHY:  I'm having a little trouble -- I'm having a
20  little trouble hearing you, Judge, you're --
21      JUDGE GREEN:  Am I coming in and out?
22      MR. MURPHY:  Yeah.  You're -- you're better now.
23      JUDGE GREEN:  All right.  Yeah, go ahead.
24      MR. MURPHY:  Yeah.  So we -- we are -- we're prepared to
25  produce the document responses to paragraphs 1, 7, 8, and 9



12

1       JUDGE GREEN:  All right.  So I actually understood the
2   agreement to be that the documents would be produced on a
3   rolling basis as the -- as the Respondent would view them.  So
4   I was really kind of expecting that the documents would be
5   produced kind of on a weekly basis to the extent that they were
6   available, and -- and hoping that at some point, you know, if
7   you -- it -- the earlier they're -- they're produced, the
8   earlier you get to the point where the General Counsel can say,
9   I don't need any.  And particularly starting with the documents
10  at JFK8, and hoping that that's enough.  And it -- does that
11  not work for you all?
12      MR. MURPHY:  It works for us.
13      MS. COX:  Your Honor, if I may?  I just want to go back a
14  moment to something Mr. Murphy said.  He mischaracterized our
15  position.  We did not provide search terms for paragraph 16.
16  Paragraph 16 has specific terms related to the discipline.
17  So --
18      JUDGE GREEN:  You want to use those terms?  For 16, you --
19  you asked for documents related to a specific type of --
20      MS. COX:  Exactly.
21      JUDGE GREEN:  Okay.  So I mean, those are -- so that's --
22  I mean, those are the terms.
23      MS. COX:  Right.  And yes, it was our understanding that
24  documents would be produced on a weekly basis, today being the
25  start of the production, then April 5th, we -- I explained to



# GC Exhibit 118

1   Mr. Murphy we were skipping April 19 -- I'm sorry, April 12th,
2   because it was burdensome for Respondent, and we would continue
3   on April 19th and then continue again on April 26th.  We have
4   no issue in swapping the April -- the production of
5   disciplinary documents, 16, 17 and 18 for April 19th and
6   paragraph 19 for April 26th.
7       JUDGE GREEN:  Okay.  You know, if I remember correctly --
8   sorry, that's why we do this by -- by video rather than in
9   person.  If it was in person, you'd all be diving for the exits
10  while I cough.  So am I correct that 1 is looking at
11  organizational charts, and 7, we're looking at the owner's
12  manual?  So this shouldn't take a long time to produce and a
13  long time to review, right?
14      MR. MURPHY:  Correct.
15      JUDGE GREEN:  Okay.
16      MR. MURPHY:  And -- and Your Honor, we're -- we're
17  agreeing to produce those documents no later than April 5th,
18  and -- and we expect, you know, by -- by the middle of the
19  week, right?  And I would also thank counsel for the acting
20  General Counsel for acknowledging the burden of -- of this
21  production and review on -- on Amazon.  So yeah, we're --
22  we're -- I think we're well poised to -- meet every, you
23  know, expectation --
24      JUDGE GREEN:  Okay.
25      MR. MURPHY:  -- that counsel for the acting General

1   Counsel has.
2       JUDGE GREEN:  Okay.  Okay.  I think -- I think we're
3   situated to go forward.  If you run into problems, we have a
4   month and you can contact me.  Just reach out to me by email if
5   we have to, you know, if we have to deal with anything by
6   conference call, we -- we can do it again.  Again, you know,
7   start -- start with JFK8, and, youknow, the sooner you get --
8   you produce, the sooner the Respondent produces it, the sooner
9   the General Counsel can say that's enough.
10      MS. COX:  Correct.  But Your Honor, if I may, today was
11  supposed to be the production of paragraphs 9 through 15.
12  Yesterday, Respondent decided unilaterally that those documents
13  would be produced April 5th.  And it's a blatant breach of our
14  agreement and it's an attempt to thwart and delay this process.
15  Those documents should have been produced today.  That was the
16  agreement that we have verballyand inwriting, that Respondent
17  wrote on March 6th -- 16th on an email, on which you were
18  copied.  They're saying that they were in agreement --
19      JUDGE GREEN:  They understand, but --
20      MS. COX:  -- to opening the record today for the
21  production of documents that are not at issue.
22      JUDGE GREEN:  Okay.  Let me just ask the Respondent.
23  So what's the status of those documents?
24      MR. MURPHY:  Well, so frankly, there was a subsequent
25  email from -- from Ms. Cox, indicating that documents would be

1   produced on April 5th, and we interpreted that as applying to
2   all the documents that we're -- that we're talking about.  If
3   Ms. Cox has a different interpretation of that, then we're
4   prepared to produce those in a couple of days, Judge, and --
5   and it's, frankly a tempest in a teapot.
6       JUDGE GREEN:  Right.  No, I agree.  So it's -- so you can
7   get it in a couple of days.  Do it in a couple of days.
8   There's no -- that's -- there's not going to be any remedy here
9   other than that.
10      And what -- what do you want?  Sanctions?  This is -- this
11  is -- if they can get it to you in a couple of days, that's --
12  that's going to have to do.
13      MS. COX:  No, Your Honor.  I think there should be some
14  consequence here for their bad faith.
15      MR. MURPHY:  Oh, come on.
16      MS. COX:  Refusing to --
17      JUDGE GREEN:  I don't know that we have bad faith here.
18  And what would be a consequence to you?
19      MS. COX:  The consequence would be either produce all the
20  documents by the end of the week, and agree to a call with our
21  technology counsel, which we've been asking to discuss search
22  terms in accordance with your order, and Respondent is
23  refusing.
24      JUDGE GREEN:  Okay.  Well, that's an entirely different
25  subject.



1       MR. MURPHY:  Judge, that's --
2       JUDGE GREEN:  Yeah.  So 9 through 15, just produce it
3   in -- if you can do it in a couple of days.
4       MR. MURPHY:  Okay.
5       JUDGE GREEN:  Is there some kind of issue -- you should be
6   consulting regarding search terms, including the IT, you know,
7   the Board IT.  Is there any problem with that?
8       MR. MURPHY:  We -- well, so we're happy for the counsel
9   for -- the counsel for the acting General Counsel to propose
10  search terms for us to consider.  We're not -- we don't think
11  it's our position to propose search terms, then counsel for the
12  General Counsel telling her what we think might be there or
13  what words might be useful to search on.  They should propose
14  them to us, Judge.
15      With respect to paragraph 16, the terms that they want us
16  to look at, we're going to look at.  And we would be reasonable
17  and flexible with respect to the other paragraphs, as well.
18  And as I said in writing to Ms. Cox, if it becomes necessary
19  for one e-discovery attorney to talk to another e-discovery
20  attorney, we're happy to have those conversations.  We just
21  don't see the need for it at this point when search terms
22  haven't even been provided.
23      MS. COX:  Your Honor, if I may.  Federal Rules of Civil
24  Procedure 26(f) and the Sedona Principles require that
25  Respondent have a conversation with General Counsel regarding




1    JUDGE GREEN:  It will just require an identification of
2    the disciplinary form.
3        MS. COX:  But Judge, your order -- my reading of it is
4    that we're required to consult over the search terms in
5    paragraph 17.
6        JUDGE GREEN:  I understand.  I'm telling you -- I'm
7    telling you, you don't.
8        MS. COX:  Okay.
9        JUDGE GREEN:  You don't.  As far as I understand Mr. --
10   you know, Mr. Murphy's going to go back and see if they can
11   identify all the disciplines at JFK8, and then you'll wait and
12   see if -- and then maybe they'll do the same thing -- they'll
13   do the same thing with regard to the other two facilities, if
14   that turns out to be necessary.
15       MS. COX:  Okay.  And Your Honor, I just want to request,
16   again, that to the extent that you can, that you would order
17   Respondent to consult with technology counsel before the end of
18   this week to come up with whatever search terms we need to
19   discuss, if any at all.
20       JUDGE GREEN:  You can have whoever you want on that
21   call -- call, calls, whichever.  I mean, I assume the substance
22   of -- I mean, the substance of the search terms is going to be
23   something that you and Mr. Jackson come up with.  I'm not
24   really sure what IT has to contribute, but if you want them on
25   the call, you can have them on the calls.



1        JUDGE GREEN:  I can't tell you how to do that.
2        MS. COX:  -- I understand, but this company is
3    sophisticated and has way more technical expertise than any of
4    us.
5        JUDGE GREEN:  It's a -- we're talking about word searches.
6    It's not --
7        MS. COX:  Correct.
8        JUDGE GREEN:  -- I don't know that it's a technical issue.
9    It's an issue of coming up with identifying documents like
10   you're doing a Boolean Westlaw search.
11       MS. COX:  Exactly.
12       JUDGE GREEN:  Except for the factual documents.  And yeah,
13   if you want -- you should have -- yes, you should have a
14   dialogue with the Respondent, but really, that is going to come
15   from you.  I mean, you have to think about what, you know, what
16   words you think will best target Mr. Bryson's PCA.  And that's
17   your job.  Okay.  Anything else?
18       MR. MURPHY:  Your Honor, I just have one thing, and I
19   think I might even classify it as a housekeeping issue.  But
20   when we do go on the record with testimony, there's likely to
21   be a fair amount of words that a fair number of people, if not
22   almost everybody, find to be highly offensive in one way or
23   another.  And our plan is not to use the words as such, but to
24   use --
25       JUDGE GREEN:  Okay.

34

1        MS. COX:  Well, Your Honor, with regard to paragraph 19,
2    we -- I mean, quite frankly, it's regarding Bryson's PCA, like,
3    we don't know what is it that -- what kind of -- we'll do our
4    best to discuss, but you know, this is information that's -- we
5    are prepared to discuss paragraph 19.  Our position is there's
6    really not much to discuss regarding paragraph 18.
7        JUDGE GREEN:  That's great.
8        MS. COX:  But with regard to paragraph 19, it's, you know,
9    it's a very specific interview, so it's difficult to, you know,
10   come on.
11       JUDGE GREEN:  Well, it's specific, but listen, you would
12   agree, I take it, that the vast majority of documents that
13   could contain documents that are relevant and responsive to 19,
14   that the vast majority of those documents are not going to
15   contain any relevant material.
16       It's going to be a gazillion emails and other documents
17   that contain nothing of use.  And so we want to target the
18   documents that contain something about the protected concerted
19   activity, if any, of Bryson.  And so if you're dealing with a
20   large company, it's -- you know, it makes it not entirely easy.
21   You're going to have lots and lots of documents, and you have
22   to come up with some way of targeting the documents that your
23   client that you want relevant -- you know, that are -- you want
24   and that are going to be relevant.
25       MS. COX:  Your Honor --

36

1        MS. COX:  Yeah.  I don't know if you have a preference or
2    a practice with respect to that?
3        JUDGE GREEN:  Yes.  I don't have any problem with using N
4    word.
5        MR. MURPHY:  Okay.
6        JUDGE GREEN:  You know, if that's the word, you can use N
7    word.
8        MS. COX:  Okay.  Thank you.
9        JUDGE GREEN:  So May 4th, I still technically have a trial
10   date on May 4th in another matter.  I still expect it to
11   settle.  I'm going to give them another week or so to see if it
12   settles.  If it doesn't, you know, I might have to -- we might
13   have to be off on May 4th, which would mean May 3rd and then
14   continuing May 5th.  I'll give you as much notice as possible
15   if that's going to be the case.
16       Do you want to make opening statements now?  Or do you
17   want to make opening statements later?
18       MS. COX:  Later.
19       JUDGE GREEN:  Okay.  And I take it same from Mr. Murphy?
20       MR. MURPHY:  Yes.
21       JUDGE GREEN:  You don't have to, but let me tell you that
22   you can submit opening statements in writing if you would like.
23   Do you know whether there's going to be a sequestration order
24   request?
25       MS. COX:  I'd say yes, Your Honor.



GC Exhibit 118

1    document that was --

2        JUDGE GREEN:  So the owner's manual should have been

3    produced in its entirety.  Was it not?

4        MS. COX:  It was produced in its entirety.

5        JUDGE GREEN:  Okay.  I'm sorry -- so what's the -- what's

6    the issue?

7        MS. COX:  I don't know if there are any other documents

8    responsive to this paragraph.

9        JUDGE GREEN:  All right.  Okay.  Okay.

10       MS. COX:  So I'm -- I'm --

11       JUDGE GREEN:  I -- it was my understand that there wasn't.

12   I -- I -- but, you know, that's fine.

13       MS. COX:  Well, Your Honor --

14       JUDGE GREEN:  So you don't know if there's something else

15   that's responsive to 7?

16       MS. COX:  I don't -- I don't and perhaps a custodian can

17   answer that question for me or Respondent can tell me what

18   Bates stamps are responsive to paragraph 7, if anything other

19   than the owner's manual.

20       JUDGE GREEN:  Okay.

21       MS. COX:  Paragraph 8, documents showing Respondent

22   distributed to its employees including Gerald Bryson and

23   Dimitra Evans, if they received Respondent's work rules, work

24   guidelines, terms and conditions of employment.  I don't know

25   what -- what documents are responsive to paragraph 8.



Page 105

1 document set. And then the terms can be run against the
2 document set.
3 Q Were you given those terms to search in the dtSearch
4 index?
5 A I was.
6 Q Who gave you the terms to search in the dtSearch index?
7 A Temple (phonetic).
8 Q Do you recall which counsel gave you the terms to search?
9 A It would have been in the same email that the process
10 started with. So it would have been the same counsel who we're
11 discussing in the earlier question.
12 Q Okay. Do you recall what term you searched or were in
13 those -- that email to search?
14 A Not specifically, no.
15 Q Okay. So from what you've told me, I'm gathering that you
16 did not conduct the original search, correct? From -- you got
17 documents from Amazon. They conducted a search. You received
18 those documents, correct?
19 A I -- I received the document --
20 MS. WILLIAMS: Objection. Mischaracterizing the prior
21 testimony. But go ahead.
22 MS. COX: I'm trying to understand, Ms. Williams.
23 JUDGE GREEN: I mean, it's she -- okay. So it's
24 overruled, I actually had the same question.
25 A So I searched the documents that I received. But I

Page 106

1 cannot -- I can't tell you how it is that the documents --
2 whether there was previous searching or otherwise, I'm just not
3 aware.
4 Q Okay.
5 MS. COX: Your Honor, I'm not sure that Ms. Volk is the
6 custodian that we are looking for. We're looking for the
7 person who collected the documents at Amazon from the start.
8 JUDGE GREEN: Okay. I -- I think she's probably one of
9 the people, but she might not be all of the people.
10 So let me just ask you, Ms. Volk, real quick. So you
11 received a data set, basically, correct? And then you -- you
12 did word searches on that data set; am I right about that?.
13 THE WITNESS: That's correct.
14 JUDGE GREEN: And off the top of your head, you don't
15 recall which words --- which words you used to search that data
16 set?
17 THE WITNESS: Off the top of my head, no.
18 JUDGE GREEN: Okay. But would that be in a document
19 somewhere or would we have access to that somewhere? Would
20 you -- more correctly, would you have access to it?
21 THE WITNESS: Certainly.
22 JUDGE GREEN: Okay. So. Is that something you could
23 access quickly as of now or no?
24 THE WITNESS: Probably. Yes. I have one wrinkle, though.
25 JUDGE GREEN: Okay.

Page 107

1 THE WITNESS: I am not -- I'm not on my VPN.
2 JUDGE GREEN: Okay.
3 THE WITNESS: And because my VPN and --
4 JUDGE GREEN: Okay.
5 THE WITNESS: -- Zoom don't always work well together, so
6 I would need someone to pull it for me who can get on to it.
7 We are -- we have secure systems. So I'm not able to pull it
8 when I'm not on VPN. Does that make sense?
9 JUDGE GREEN: Yes.
10 MS. COX: Your --
11 JUDGE GREEN: Ms. -- Ms. Cox, do want -- do want that
12 or -- I don't want to step on your toes here. Do you want
13 that, or do you not?
14 MS. COX: I do, Your Honor.
15 JUDGE GREEN: Okay.
16 MS. WILLIAMS: Your -- Your Honor, and -- and to the
17 extent it helps, I believe that shortly before this, because we
18 figured this might be the case, it would be hard for Ms. Volk
19 to remember all these terms, I believe my cocounsel actually
20 forwarded the letter to Ms. Cox --
21 JUDGE GREEN: Okay.
22 MS. WILLIAMS: -- and to you that would list the search
23 terms so that that could be something that everyone could refer
24 to.
25 JUDGE GREEN: Let me -- I just got that. My internet was

Page 108

1 down this morning, so I'm --- I'm a little bit behind. But
2 that's the memorandum summarizing Respondent's response to
3 counsel for the acting General Counsel's subpoena duces tecum;
4 is that the document we're talking about?
5 MS. WILLIAMS: Yes, Your Honor.
6 JUDGE GREEN: And Ms. Cox, have you had an
7 opportunity to see that memo or no?
8 MS. COX: Barely, Your Honor.
9 JUDGE GREEN: Okay.
10 MS. COX: But I do have a question for Ms. Volk. I just
11 want to go back one moment.
12 Q BY MS. COX: Mr. Brainerd, is he an employee of Amazon
13 or -- is he an employee of Amazon, to your knowledge?
14 A He is not. He --
15 Q Okay. Go ahead.
16 A He is a Consilio employee.
17 Q So the email you're referring to that you got directions
18 from is from counsel at Morgan Lewis right?
19 A That's correct.
20 Q Okay. And -- I'm sorry. Can you remind me again what Mr.
21 Brainerd's -- he just gave you the files, the FTP or the
22 drives; is that right?
23 A That's correct.
24 Q Okay. Thank you. Do you know where Mr. Brainerd got
25 those files from -- I'm sorry -- who he got those fires --

Page 141

1    MS. REIBSTEIN:  But they have not, Your Honor.  The
2  subpoena was served --
3    JUDGE GREEN:  Okay.  I understand.
4    MS. REIBSTEIN:  The subpoena was served on March 1st.
5  They have not, as of this date, the 26th of April, produced a
6  privilege log.  And there is ample Board law that holds that
7  they have waived any claim to privilege by failing to timely
8  produce a privilege log.
9    That -- that -- that ship has sailed.  There's -- there's
10  a lot of Board law holding that by not -- they've had months,
11  and withholding these documents, unilaterally deciding on their
12  own, it -- it's -- it's not believable that there was one
13  document responsive to this paragraph about their deliberations
14  to terminate -- to terminate Mr. Bryson and how they discipline
15  Ms. Evans.  And they -- they've waived any claim to privilege
16  at this point.
17    JUDGE GREEN:  Okay.  So -- so --
18    MS. WILLIAMS:  Your Honor, if I may respond?
19    JUDGE GREEN:  So yes, you -- you can, but here's the
20  thing -- I'm going to allow you to respond.  But what I really
21  want to do today, what I real -- there's -- there's time for
22  arguments about that.  And that's argument.  What I really want
23  to do today is get on and off the record with -- and -- and
24  have whatever custodians we need to testify, testify.
25    I want to create a record, to the extent we need it, which

Page 142

1  will allow me to determine whether there has been a -- a proper
2  compliance with the subpoena.  And I'm going to allow you to do
3  it.  But please, let's keep this to a minimum for now so we
4  can -- we can build the record, the factual record.  Okay.  So
5  with that said, would Respondent like to replay?
6    MS. WILLIAMS:  Yes, Your Honor.  I will keep this brief.
7  First of all, when we refer to the initial search, I think
8  there may be some confusion between the parties as to that.
9  And the reason I say that is, when we refer to search and the
10  e-discovery context, we are referring to the DT searching, the
11  actual application of search terms, which is what Ms. Volk did
12  and why she is here.
13    Typically, when we're talking about what Mr. Brainerd did,
14  that is what we typically refer to as collection and in the
15  e-discovery process that we do a parallel.  And so I think
16  there may be some confusion there; the identification
17  collection, as opposed to the actual search.
18    So that is why Ms. Volk is here testifying on search
19  because she is the one who actually ran the searches.  And I'm
20  happy to discuss with her how this typically worked.  But if
21  that is not going to be helpful, we -- we can -- we'll go to
22  that line of questioning, Your Honor.
23    MR. KEARL:  Your Honor --
24    MS. WILLIAMS:  As far as -- as far as unilateral
25  withholding, I would tend to disagree with that.  I think

Page 143

1  that's what happens all the time.  Parties are allowed to
2  unilaterally withhold something if it is privileged, whether it
3  is work product or attorney-client.  There is a privilege log
4  that is being prepared.  I believe that my -- my colleague,
5  Nicole, mentioned that earlier, that that was forthcoming to
6  the Government.
7    But I think the idea that this is going to be an
8  instantaneous thing is part of the issue here, because it is
9  not something instantaneous or dealing with the kind of records
10  and the kind of volume that we're dealing with here being
11  requested and with how much information that there can be as
12  far as requests like this.  And so I -- I will leave it at that
13  because I believe both counsel wanted to speak.
14    MS. REIBSTEIN:  Okay.  But you know, the subpoena was
15  issued to --
16    JUDGE GREEN:  So let me just -- let me just stop you.  Let
17  me just stop you.  Just -- first of all, it is correct that --
18  that -- that the subpoenaed party gets to unilaterally decide
19  which documents privileged; that is true.  And they -- they're
20  required to put it into a privilege log.  And there is a legal
21  procedure for dealing with privilege logs.
22    Part of the problem may be that this -- this whole
23  concept, which is we've done this and it's not common, as Ms.
24  Buffalano mentioned.  The idea that we were going to go on the
25  record and trigger the production of documents on a rolling

Page 144

1  basis was perhaps ill defined by me, including the -- including
2  the -- the time deadlines for the production of -- of privilege
3  log.
4    You know, I think what we discussed, what I had in mind,
5  and I think I've mentioned this on the record, was that the,
6  you know, the Employer, on a weekly basis, would produce those
7  subpoenaed documents, which it had found that week and with it
8  a privilege log.  That's what I had -- I had in mind.  I don't
9  think that that's what actually happened, and I'm not sure I
10  articulated it as well as I could have in giving the party's
11  guidance in how this should proceed.
12    But, that -- that -- so here's where we are, having said
13  that, I'd like to move on to any additional testimony
14  regarding -- from -- from the custodian, over custodians of
15  records that we -- we need.  And let's knock that out, and if
16  we need to have additional argument on what the legal
17  consequences of that are, we could do it after.  So with that,
18  I actually interrupted people.
19    Ms. Cox, I think was done with her questioning of Ms.
20  Volk.
21    Does Mr. Kearl have any questions from Ms. Volk?
22    MR. KEARL:  Not at this time, Your Honor.
23    JUDGE GREEN:  Okay.
24    Does the Respondent have any additional questions for Ms.
25  Volk?

| Page 145 | Page 147 |
|---|---|
| 1   MS. WILLIAMS:  (Audio interference) -- | 1   or would -- would the Government accept a stipulation as to the |
| 2   RECROSS-EXAMINATION | 2   number of documents, rather than producing the full processing |
| 3 **Q   BY MS. WILLIAMS:  Ms. Volk, I just wanted to clarify a** | 3   log? |
| 4 **couple of things that I think testified about earlier.  I know** | 4 **Q   BY MS. COX:  How long is the processing log?** |
| 5 **you mentioned that information is processed in Nuix.  Do search** | 5   A   It is -- it's a pretty detailed log about everything that |
| 6 **terms typically get run before information is processed in** | 6   was processed, probably two, three pages.  I'm -- I'm not sure |
| 7 **Nuix?** | 7   off the top of my head. |
| 8   A   No, not typically. | 8 **Q   We would like the --** |
| 9 **Q   How long have you been in the e-discovery industry doing** | 9   A   It can be quite -- it could be quite lengthy. |
| 10 **this for clients?** | 10   MS. COX:  All right. |
| 11   A   Ten years. | 11   JUDGE GREEN:  Well, let me ask that -- |
| 12 **Q   And is Amazon the only client that you do this for?** | 12   MS. COX:  To the incentive, it is not long.  We would like |
| 13   A   No. | 13   the document produced. |
| 14 **Q   And was there anything about this process, based upon your** | 14   JUDGE GREEN:  Okay. |
| 15 **experience, that seemed abnormal or unusual as far as the** | 15   MS. WILLIAMS:  And Your Honor, we'd object to the extent |
| 16 **processing and searching?** | 16   we may request the ability to redact that document. |
| 17   A   No.  This is completely typical. | 17   JUDGE GREEN:  You do.  You have it.  Yes, you have. |
| 18   MS. WILLIAMS:  Thank you, Your Honor.  We have no other | 18   MS. COX:  I'm sorry, I don't understand. |
| 19   questions of the witness. | 19   JUDGE GREEN:  It's going to be redacted to the extent |
| 20   JUDGE GREEN:  Okay.  And would -- Okay.  So Ms. Cox, what | 20   necessary. |
| 21   would you like to do now? | 21   MS. COX:  Okay.  And the same with the email to Ms. Volk, |
| 22   MS. COX:  I just, I'm not sure that Ms. Volk answered my | 22   with the instructions to commence the search. |
| 23   questions earlier; that seemed to be that there was some | 23 **Q   BY MS. COX:  Okay.  Ms. Volk, so when did you get your** |
| 24   confusion. | 24 **second instructions after the documents were out of relativity;** |
| 25   FURTHER REDIRECT EXAMINATION | 25 **do you recall?** |

| Page 146 | Page 148 |
|---|---|
| 1 **Q   BY MS. COX:  So I just want to just make clear that I was** | 1   A   The second instruction was March 18th. |
| 2 **asking when she got her initial instructions to conduct the** | 2 **Q   Okay.  And how did you receive that instruction?  Was it** |
| 3 **search.** | 3 **by email?  Do you know?** |
| 4   A   March 15th. | 4   MS. COX:  Judge, we'd like that email produced as well, |
| 5 **Q   Okay.  When did you put the documents in relativity?** | 5   redacted to the extent necessary. |
| 6   A   I do not recall. | 6   JUDGE GREEN:  Okay.  So please produce that as well. |
| 7 **Q   How many documents did you put in relativity?** | 7   MS. COX:  And I believe those are the extent of our |
| 8   A   I don't recall off the top of my head. | 8   questions, Judge. |
| 9 **Q   And is there a document that would help refresh your** | 9   JUDGE GREEN:  Okay.  Thank you very much, Ms. Volt. |
| 10 **recollection?** | 10   We're -- you're -- you're free to go. |
| 11   A   Certainly. | 11   Let's go off the record. |
| 12 **Q   What is that document?** | 12   (Off the record at 12:48 p.m.) |
| 13   JUDGE GREEN:  Hold on.  It's not whether it would refresh | 13   JUDGE GREEN:  And Mr. Grabowski, can you hear me?  Can |
| 14   the recollection, it's just whether there's a document which | 14   you -- can you start your video feed?  There you are.  There |
| 15   shows that. | 15   you are. |
| 16 **Q   BY MS. COX:  Okay.  What is the document?** | 16   Okay.  So Ms. Cox, you're calling Mr. -- Mr. Grabowski. |
| 17   A   Probably a processing export summary. | 17   Mr. Grabowski -- we're back -- back -- are we back on the |
| 18   JUDGE GREEN:  Okay. | 18   record? |
| 19 **Q   BY MS. COX:  You have it handy?** | 19   THE COURT REPORTER:  Yes, we are. |
| 20   A   I don't.  I can't pull it without being on my GPS. | 20   JUDGE GREEN:  Okay.  So raise your right hand. |
| 21   JUDGE GREEN:  Okay.  So I'd -- I'd ask the Respondent to | 21   Whereupon, |
| 22   produce that document to the extent, you know, any redacted, | 22   TYLER GRABOWSKI |
| 23   that's fine, but produce that document to the General Counsel. | 23   having been duly sworn, was called as a witness herein and was |
| 24   MS. COX:  And -- | 24   examined and testified, telephonically as follows: |
| 25   MS. WILLIAMS:  Your Honor, would -- would counsel be able, | 25   JUDGE GREEN:  Okay.  Thank you.  And are you alone in the |

Page 213

1  And -- and -- and we hope that you'll see fit to grant it.
2      MS. COX:  Your Honor, may I (indiscernible/simultaneous
3  speech).
4      JUDGE GREEN:  I -- I don't -- I really don't -- if --
5  if -- if the General Counsel wanted to put the case off pending
6  the receipt of subpoenaed documents, you know, I would
7  certainly grant that.  But that's really for the -- the General
8  Counsel to decide.  You know, it's not something that can be
9  imposed on the General Counsel, strategically.
10     If they want to go forward in the absence of -- of the
11  subpoenaed records, and without assurance that there's going to
12  be any other remedy for noncompliance, or you know, not full
13  compliance -- not full production, I should say, I'm just not
14  going to impose that on the -- on the General Counsel.
15     You know, I'm -- I'm inclined to -- I really -- I'm -- I'm
16  strongly inclined to keep this -- the trial schedule, which has
17  been which in -- in -- which has been on the calendar for a
18  long time.  Again, I -- I -- I think that, you know, you may
19  want to file a special appeal.  I have no problem with that.
20     And I certainly think you would want to get back in touch
21  with Region 10, because I simply don't -- I simply don't
22  understand the -- I -- the -- the concept that the -- that the
23  Union Petitioner is -- is willing to go on the 17th, and
24  they're insisting on going on the 7th, despite that it
25  conflicts with this case.  That just doesn't make sense to me.

Page 214

1      MS. COX:  Well, Judge, I want to ask Mr. Murphy if Region
2  10 knows about our case.  They may not know.  Mr. Murphy, have
3  you --
4      JUDGE GREEN:  Well --
5      MS. COX:  -- let Region 10 know about this case?
6      JUDGE GREEN:  -- I mean, I would expect some -- you know,
7  I know we just got this.  I would expect some coordination
8  on -- actually, on the -- on the GC side.  You know, I do think
9  that it's worth a call from the -- you know, from Region 29 to
10  Region 10, potentially involving the -- the acting GC, to find
11  out what the -- what the acting GC's priorities are in this
12  situation.
13     MS. COX:  Your Honor, I'm happy to call the Region.  But
14  you know, it's not clear that Mr. Murphy, or anyone, notified
15  Region 10, hey, we've had this complaint out since December,
16  and this trial date, please schedule --
17     JUDGE GREEN:  I understand.
18     MS. COX:  -- please -- please schedule around that
19  (indiscernible, simultaneous speech).
20     JUDGE GREEN:  Well, then -- I'm keeping -- I'm keeping the
21  trial date, and I'm -- I'm denying the motion respectfully.
22     MS. COX:  Thank you, Your Honor.
23     JUDGE GREEN:  And that's where we're -- that's where we're
24  at right now.  You know, if something -- if you -- if you deal
25  with Region 10, if you deal with the acting GC, and -- and you

Page 215

1  want -- you know, some development happens, which you think
2  changes the dynamic, then -- then let me know.
3      In the meantime, I would like to move on.  And it sounds
4  like we don't have -- we don't have Mr. Brainerd, and it sounds
5  like the GC doesn't have anything more that they want to do
6  today as far as putting the case on the -- on the record,
7  putting the custodian -- custodian -- or custodians of -- of
8  the records --
9      MS. COX:  That's correct, Judge.  Yes.
10     JUDGE GREEN:  -- on the stand.  Okay.  So I just have a
11  couple of questions about the -- the Charging Party subpoena.
12     MS. COX:  Judge, could I just take one step back?  So I
13  know we're talking about Mr. --  we've talked about Mr.
14  Brainerd, do we know when he will be available?
15     JUDGE GREEN:  Do we know when he will be available?
16     MS. WILLIAMS:  I'm sorry, Your Honor.  This -- I'm trying
17  to get back off -- on.  No, Your Honor, at this point, we are
18  not sure.  We need to check with Consilio and see when we can
19  get him and make him available.
20     JUDGE GREEN:  Am I right that this -- Ms. Cox, it's
21  unlikely to be too long an examination with -- with -- Mr.
22  Brainerd?
23     MS. COX:  Judge, if he's the right person, I don't -- I
24  don't think it would be too long.  It sounds like he is, but I
25  can't tell until I call him.

Page 216

1      JUDGE GREEN:  Okay.  So I sort -- I have a conflict,
2  basically, the rest of the week.  So there's really not much I
3  can do, except for tomorrow.  And it doesn't sound like we have
4  him for tomorrow, which means that that's probably going to be
5  what we're going to have to deal with first thing on May 3rd.
6  Yeah, I don't -- I don't see any other way around that.
7      MR. MURPHY:  Excuse me, Your Honor.  Just somewhat
8  relatedly.  You had -- or you had, several weeks ago, indicated
9  that you had a conflict -- or potential conflict on May 4th.
10     JUDGE GREEN:  I do not.  I -- that's true.  I do not.
11  That is resolved.  And so --
12     MR. MURPHY:  Okay.
13     JUDGE GREEN:  -- yeah.  So Mr. -- Mr. Kearl, can
14  you -- can you help me out with this -- five -- you know,
15  your -- your most recent subpoena, I believe the contested
16  paragraphs are 5, 9, 11 through 14, and 19(b) and (c); 5 and
17  19, I -- I -- I kind of -- I -- you know, I -- I understand
18  them on the -- on the -- on the papers.
19     I guess I'm a little confused about 9 and 11 through 14.
20  You know, generally, when you're looking at disparate
21  treatment, you're looking to compare peop -- you know,
22  the -- the -- just the alleged discriminatee who allegedly
23  engaged in protected concerted activity, and people who have
24  not engaged in protected concerted activity.
25     And when you're looking at people who -- when you're

<br>

Page 229

1 those documents for the -- for the trial.
2     But I think that that -- I think that that type of
3 protective order is probably appropriate here. You know, with
4 regard to 9 through 14, you know -- you know, it's -- it's a
5 broad discovery standard. And you know, the -- the -- the
6 bottom line is, is that in -- in all -- I mean, I'm -- I'm
7 going to think about it, actually, before I issue the order.
8     But it's hard to say that these documents are not -- are
9 not relevant, although I don't think documents regarding
10 transfers and promotions are relevant. But the documents are
11 probably relevant within -- you know, within the framework of
12 our standard as it pertains to subpoenaed records.
13     And so I don't know -- you know, I don't really think that
14 I'm in a position to deny that on the grounds of -- of rele --
15 relevance. I -- I am loathed to effectively have a trial
16 regarding two additional employees. But you know, with regard
17 to the petition to revoke, that's probably -- comes within
18 the -- within the gamut of -- of relevance, those documents.
19     You know, and I understand that the Respondent has,
20 essentially, made yet -- you know, yet another request for a
21 postponement. But I'm -- I'm not -- I'm not going to grant
22 that request on the basis of the request for information
23 related to Mr. Smalls and Mr. Palmer.
24     That's where we're at. I'm going to issue an order, and
25 I'm going to try to issue an order tomorrow. And I -- you

Page 231

1 the Respondent shows up, and not every document has been
2 produced, that there's necessarily going to be inferences, that
3 there's going to be Bannon-Mills remedies.
4     That's not at all necessarily the case. We're going to
5 have to deal with that as it moves forward. And that's
6 something that the General Counsel should consider in
7 determine -- in their determination as to whether they want to
8 go forward.
9     You know, I'm not -- all I can tell you is I haven't --
10 you know, I haven't granted any Bannon-Mills remedies. And you
11 know, that's something that's -- that's a different issue
12 than -- than the -- the revocation issue, and we'll deal with
13 that as the time comes. Is there anything else we have to do
14 on the record today?
15     MS. BUFFALANO: We have one off the record item, but
16 nothing more, nothing more for on the record.
17     MS. COX: Nothing from the General Counsel.
18     JUDGE GREEN: All right. So let's go off the record.
19 (Whereupon, the hearing in the above-entitled matter was
20 recessed at 4:47 p.m. until Monday, May 3, 2021 at 10:00 a.m.)
21
22
23
24
25

Page 230

1 know, I would just suggest to you that to the extent you want
2 to do anything on the motion to postpone, try -- you know, if
3 there's a special appeal, try to do it as soon as possible.
4     MR. MURPHY: And Judge, so assuming you're going to do
5 what you said you're going to do, and -- we proceed on the 3rd,
6 what -- how -- what -- what is your expectation in terms of us
7 producing any documents that -- that -- that might be covered
8 by the subpoena? And don't forget, the counsel for the General
9 Counsel has -- has a -- I think a 99 paragraph, and some
10 paragraph request, in the queue right behind this.
11     JUDGE GREEN: So -- okay. You know, I can address that a
12 little bit. The petition to revoke, and -- and a request for
13 sanctions for nonproduction are two completely different
14 things. So we have a broad standard of discovery. And it's
15 hard -- it's hard to establish the documents are -- are overly
16 broad and burdensome for purposes of subpoena revocation.
17     That doesn't necessarily mean that if the Respondent
18 doesn't show up with the documents that the General Counsel, or
19 subpoenaed -- subpoenaing party is necessarily entitled to some
20 form of sanctions. You know, there are other factors. There
21 are -- there's willfulness. There's whether the search has
22 been reasonable or unreasonable, whether it's in good faith or
23 bad faith, whether there's prejudice.
24     And you know, the -- the General Counsel should be mindful
25 that. It's not like -- you know, it's not as though if -- if

Page 232

1     C E R T I F I C A T I O N
2 This is to certify that the attached proceedings, via Zoom
3 videoconference, before the National Labor Relations Board
4 (NLRB), Region 29, Case Number 29-CA-261755, Amazon.com
5 Services LLC and Gerald Bryson, held at the National Labor
6 Relations Board, Region 29, Two Metro Tech Center, 5th Floor,
7 Brooklyn, New York 11201, on April 26, 2021, at 11:04 a.m. was
8 held according to the record, and that this is the original,
9 complete, and true and accurate transcript that has been
10 compared to the reporting or recording, accomplished at the
11 hearing, that the exhibit files have been checked for
12 completeness and no exhibits received in evidence or in the
13 rejected exhibit files are missing.
14
15
16
17 _____
    BARRINGTON MOXIE
18
    Official Reporter
19
20
21
22
23
24
25

Page 337

1    THE WITNESS: Can you please repeat the question?
2  Q    BY MR. JACKSON: Yes. What is the matter that you
3  testified previously to that you had run PowerShell scripts for
4  in 2020 that related to this matter?
5    MS. WILLIAMS: Same objection, Your Honor.
6    JUDGE GREEN: Okay. Overruled.
7    THE WITNESS: It was the NYAG matter.
8  Q    BY MR. JACKSON: Is that the New York Attorney General?
9  A    In our records, we titled it as NYAG.
10 Q    Do you know that that stands for New York Attorney
11 General?
12 A    I do now.
13 Q    I see. All right. And just can you help me understand,
14 what it re -- what is involved in running a PowerShell script?
15 What exactly do you do?
16 A    I create a text file. And the text file contains name,
17 comma, destination, comma, and whether or not we're requesting
18 Chimes. And then below that, we put the custodian names with
19 the destination folder and we put yes or no to indicate whether
20 or not we'll be using IT to assist us in the collection of
21 Chimes. We put the same -- put the name and we can do -- run
22 simul -- we can run multiple scans at the same time. And that
23 is what we did here. We put the name of the six custodians
24 first, put the destination, we designated all of them as no
25 because we were -- because I was running collections for the

Page 338

1  Chimes myself.
2  Q    Okay. And once you do that, then the server does the rest
3  of the work?
4  A    The PowerShell script does the work.
5  Q    I understand. Okay.
6    MR. JACKSON: One -- one moment, Your Honor.
7  Q    BY MR. JACKSON: Okay. Mr. Brainerd, you said that the
8  scripts that you ran following the directions you received on
9  March 26th took one week. Is that correct?
10 A    That's not what I said.
11 Q    Okay.
12 A    I said we received the collection request on March 26th,
13 2021. I submitted the request that same day. We delivered
14 both the Chimes and PSTs that following Monday.
15 Q    How long did it take for the PowerShell script to complete
16 in that instance?
17 A    It was received on a Friday and we delivered it on a
18 Monday. So about one business day.
19 Q    Okay. Now what about the -- you said that there was a
20 direction you received on April 6th to run additional
21 custodians. Did you run the PowerShell script on April 6th?
22 A    I did.
23 Q    Can you tell us how long it took to run the scripts for
24 those additional custodians on April 6th?
25 A    I do not recall.

Page 339

1  Q    Okay. Do you recall the next time that you received a
2  subsequent set of custodians to run PowerShell scripts for, how
3  long it took to complete those PowerShell scripts?
4  A    On this collect rec -- request, we submitted them the same
5  day we received them and then there were two collections that
6  required further escalation, which took a few days longer.
7  Q    Okay. So for the two that didn't require the escalation,
8  how long did those take?
9  A    I do -- I do not recall.
10 Q    And --
11 A    One to -- one to two business days.
12 Q    I see. Thank you. And for the ones that required
13 additional assistance, how long did that take?
14 A    It was more -- more than two business days.
15 Q    Okay. Is the PowerShell script you use in connection with
16 this case? Or was this specific to the -- the collection of
17 documents in response to the subpoena?
18    MS. WILLIAMS: Objection, Your Honor. I think that that's
19 a vague question.
20    JUDGE GREEN: So I guess I kind of have an idea as to what
21 the assumption is. The respondent -- if that -- excuse me. So
22 if Mr. Brainerd can answer it. Do you understand the question?
23    THE WITNESS: Can you please clarify what you're asking?
24 Q    BY MR. JACKSON: Okay. Do you run the same PowerShell
25 script whenever you're collecting data? Or do you design one

Page 340

1  specifically for each collection that you undertake?
2  A    We create a new text file --
3    MS. WILLIAMS: Your Honor, I believe that exceeds the
4  scope of the area of the inquiry that we were asking about.
5    JUDGE GREEN: Overruled.
6    THE WITNESS: Can you please repeat it one more time?
7  Q    BY MR. JACKSON: Yes. So again, the overall question is,
8  did the searches -- PowerShell scripts you ran for this case,
9  were they generic or were the specifically designed for this
10 case? And you said you didn't understand that question, so I
11 asked instead, do you design a PowerShell script for each
12 collection that you undertake?
13    MS. WILLIAMS: Same objection.
14    JUDGE GREEN: Overruled.
15    THE WITNESS: No, we do not create a new PowerShell script
16 every time. We create a new text file which we then run with
17 the PowerShell, specific to that custodian, specific to that
18 destination.
19 Q    BY MR. JACKSON: Was the PowerShell script you ran in
20 connection with this subpoena designed or created in 2019?
21 A    I was initially created in 2019.
22 Q    But none of these events happened in 2019. How could
23 something that was created in 2019 be used for -- how could
24 something be -- created in 2019 for events that didn't occur
25 yet?

917

```
 1        MS. COX:  Judge, we reserve the right to use the video
 2   when -- as we see fit.
 3        JUDGE GREEN:  Okay.  So at some point, arrangements are
 4   probably going to be made to -- to get that video.
 5        Mr. Murphy, would you like a subpoena?
 6        MR. MURPHY:  I would like a subpoena.
 7        JUDGE GREEN:  Okay.  You're authorized to issue a subpoena
 8   duces tecum.  Please when you -- when you serve it, send me the
 9   date and the number.  But having said that -- having said that,
10   this video is obviously relevant.  And it should be produced.
11   And I -- I would ask that the General Counsel work with the
12   Respondent to produce it quickly so we don't have even more
13   delay in this case --
14        MR. MURPHY:  Yes.
15        JUDGE GREEN:  -- than we absolutely have to.
16        MS. COX:  Judge Green --
17        MR. MURPHY:  Your Honor -- Your Honor, I did -- I did ask
18   Ms. Cox to produce or provide any -- any video evidence in the
19   Region's possession.
20        JUDGE GREEN:  I assume it's not in the Region's possession
21   though, right?  It's not -- you don't -- it's just on Facebook.
22   Am I right about that?
23        MS. COX:  Judge Green, we don't have any obligation to
24   turn over anything.
25        JUDGE GREEN:  You do.  It's Jencks.  It's Jencks if you --
```

918

```
 1   if you have it.
 2        MS. COX:  Well --
 3        JUDGE GREEN:  Do you have it?
 4        MS. COX:  I do, Your Honor.
 5        JUDGE GREEN:  Okay.  Then, it's supposed to be turned over
 6   as Jencks material.  Hold on.  Hold -- hold on just one minute.
 7   Off -- off the record.
 8   (Off the record at 2:11 p.m.)
 9        JUDGE GREEN:  So back on the record.  So -- so I'm -- I'm
10   wrong.
11        MR. MURPHY:  Yeah.
12        JUDGE GREEN:  The -- the video is not -- is not Jencks
13   material.
14        MS. COX:  Thank you, Judge.
15        JUDGE GREEN:  So listen.  It's not -- it's not going to be
16   produced right now.  That -- that's the truth.  So I guess we
17   should move on and we'll deal with the production of the video
18   after -- you know, after we're done with Ms. Velasco.
19        MR. MURPHY:  Your Honor, I don't know that -- how I can
20   complete the cross-examination of the -- of this witness
21   without having the video.  She -- she -- she took it.
22        MR. KEARL:  Judge, we've been forced -- we've been forced
23   to get into this case, had subpoenaed Respondent, and
24   Respondent continues to refuse to deliver the documents.
25        JUDGE GREEN:  That's irrelevant to this particular issue.
```

919

```
 1   This is -- this --
 2        MR. KEARL:  Judge, I was -- I was served a subpoena on
 3   Monday of last week asking for information.
 4        JUDGE GREEN:  About -- why is that relevant to this issue
 5   of the -- of the -- of the video?
 6        MR. KEARL:  Be -- because Amazon, Respondent, could have
 7   subpoenaed this information to -- from other parties --
 8        MR. MURPHY:  I mean, we had --
 9        MR. KEARL:  -- starting December 24th.
10        MR. MURPHY:  -- Judge, we had no idea who -- who --
11   whether video existed or who took it.
12        JUDGE GREEN:  Okay.
13        MR. KEARL:  That's not true, Your Honor.
14        MS. COX:  But --
15        JUDGE GREEN:  So here's the -- here's the bottom line:
16   We're not going to be done with this case without this video
17   being -- being entered into evidence if one of the parties
18   wants to enter it into evidence.  That's just the truth of the
19   situation.  So listen.  It's not going to happen now.
20        MR. MURPHY:  Your -- Your Honor, if -- if I may, may we
21   take -- may we -- may we go off the record for a few minutes?
22   We may -- now -- now that we know that it's on Facebook,
23   we're -- we're going to make an effort to locate it.  And if we
24   can locate it, we're going to play it.
25        JUDGE GREEN:  I don't think you're going to be able to do
```

920

```
 1   that.  Ms. Velasco, I take it that the -- the video would not
 2   be viewable from somebody who's not your friend on Facebook?
 3        THE WITNESS:  No, anyone could view the video.  It's a
 4   Live video.
 5        JUDGE GREEN:  Oh, okay.
 6        THE WITNESS:  It has viewers from all around the world.
 7        JUDGE GREEN:  Okay.  Off the record.
 8   (Off the record at 2:15 p.m.)
 9        JUDGE GREEN:  Okay.  So let's go back on the record.  And
10   Mr. Murphy is going to have some additional questions for you,
11   Ms. Velasco.
12        THE WITNESS:  Okay.
13                     RESUMED CROSS-EXAMINATION
14   Q    BY MR. MURPHY:  Okay, Ms. Velasco.  Earlier in your cross-
15   examination, I asked you what video the NLRB had shown you in
16   prep.  And I -- I just want to make sure that --
17        MR. KEARL:  Objection, mis -- mischaracterization of the
18   question.  The question was:  What -- what video did you
19   review?
20        JUDGE GREEN:  Okay.
21   Q    BY MR. MURPHY:  Okay.  What -- I asked you earlier what
22   video you had reviewed.  Do you recall that question?
23   A    Yeah.
24   Q    And -- and I think that you indicated that you had
25   reviewed the video that you were shown in your direct
```



GC Exhibit 118

1    JUDGE GREEN:  Okay.
2    MS. COX:  One being that we addressed earlier, and I
3    didn't -- didn't remember to raise another redaction issue.
4    I'm showing my screen.  We received this -- this document
5    that's heavily redacted, as you can see.  I'll -- do you see my
6    screen Judge Green?
7    JUDGE GREEN:  Yes.
8    MS. COX:  Okay.  And we're asking that this document be
9    unredacted and produced.
10   JUDGE GREEN:  This is the owner's manual?
11   MS. COX:  No, Judge.  This is the workplace incident
12   standard that we've requested in our second subpoena, pursuant
13   to paragraph 15, if I'm recalling correctly.
14   JUDGE GREEN:  Okay, and why was it redacted?
15   MS. BUFFALANO:  Yeah, now what --
16   MR. MURPHY:  We -- go ahead, Nicole.  Go ahead.
17   MS. BUFFALANO:  What we produced was what was relevant to
18   this proceeding, so this guide and document deals with all
19   differing levels and types of threats and the potential
20   responses by those who are responsible for the -- dealing with
21   those threats.  We excluded things that didn't matter here,
22   like active shooter issues, right?  Things that are not
23   relevant to this proceeding.  So we -- what we left is level 4
24   threats, which is what this case was -- and I'll tell you, Ms.
25   Cox, that we are -- were re-redacting -- I saw this email last



1    JUDGE GREEN:  Okay, so, if it's -- if it's responsive to
2    paragraph 15, and I did not revoke it, then it has to be
3    produced, and it -- it shouldn't be redacted.
4    MR. JACKSON:  Your Honor, this is illustrative --
5    JUDGE GREEN:  The boundaries --
6    MR. JACKSON:  -- of Respondent's treatment of Your Honor's
7    ruling.  Time and again, your -- the Respondent is showing
8    themselves to disregard and flout your rulings and just
9    unilaterally decide what it deems is relevant and what should
10   be produced.  That's not how this works, and Respondent should
11   face sanctions for it.
12   JUDGE GREEN:  Yeah, I mean --
13   MS. BUFFALANO:  If he --
14   JUDGE GREEN:  Okay.  You keep mentioning sanctions.  You
15   don't say what sanctions you want, and -- and as far as I'm
16   concerned, this -- the remedy here should be to un-redact the
17   document.
18   MR. KEARL:  Your Honor, this document also seems like it
19   is very responsive to paragraph 2 of my subpoena, but I have
20   not been given this document or anything else responsive to
21   paragraph 2, for that matter.
22   MS. BUFFALANO:  As far as I know, you've gotten everything
23   the General Counsel has gotten, but -- but, Your Honor.  This
24   is not a question --
25   MR. KEARL:  I should've gotten --



1    night -- to include -- it's -- it's called severity level.  So
2    severity levels 3 and 4, because those could potentially cover
3    this incident.  But severity levels 1 and 2 are not related to
4    this, so the process in terms of Amazon's response when there
5    is an incident that is severity level 1 or 2 just isn't
6    relevant to this proceeding, and it's not -- you know, there's
7    just no reason for it to be in the record.
8    MR. KEARL:  Judge --
9    MS. COX:  Judge --
10   MR. KEARL:  -- if I may be heard --
11   JUDGE GREEN:  Let me ask -- let me ask, is it -- is it the
12   Respondent's position that the unredacted portions are not
13   responsive to -- to the subpoena?
14   MS. BUFFALANO:  It's just -- they're not related to
15   this -- this proceeding at all.
16   JUDGE GREEN:  That's --
17   MS. BUFFALANO:  What was being --
18   JUDGE GREEN:  -- a different issue.  What I'm asking is --
19   is did I --
20   MS. BUFFALANO:  You know --
21   JUDGE GREEN:  -- rule on it?  I don't even know -- I don't
22   know what paragraph we're talking about and whether I ruled on
23   it.
24   MS. COX:  You did, Judge.  It's paragraph 15 of the second
25   subpoena.  I can read it, if you permit.



1    MS. BUFFALANO:  -- of us making decisions about what is
2    responsive and what isn't responsive.  This is a -- this is a
3    confidential document related to Amazon's response to threats
4    on site.  It could -- it is -- it -- this is a safety-related
5    issue for Amazon.  This contains confidential information.  We
6    are absolutely willing to share --
7    JUDGE GREEN:  That wasn't raised in the petition to
8    revoke, if I remember correctly.  It really -- if -- if you
9    were going to raise, you should've wrote -- raised it in the
10   position -- petition to revoke, and perhaps I would've revoked
11   it.  But I -- I didn't.
12   MS. BUFFALANO:  I -- I don't -- I don't know that --
13   whether or not that's the case, Your Honor.  But I mean, we're
14   happy to show it to you and have you say I agree that it is or
15   isn't relevant.  And I don't know that we knew what document
16   was being requested at the time that we looked at the subpoena
17   or understood what was being requested.
18   MR. JACKSON:  So you petitioned to revoke without
19   reviewing the subpoena?
20   JUDGE GREEN:  So Mr. Jackson, that's you?  You're not
21   on -- I couldn't hear you talking, because --
22   MR. JACKSON:  I know.  You -- you blocked.  You blocked
23   me, Judge.
24   JUDGE GREEN:  Oh, I -- okay.  Hold on.
25   I didn't know that that was possible.



GC Exhibit 118

1077

1   Q    BY MR. MURPHY:  Okay.  Mr. -- Mr. Bryson, at the meeting
2   on March 25th that you testified to on your direct in the
3   manager's office at JFK8 --
4   A    Yes.
5   Q    -- isn't it true that the managers advised you and your
6   coworkers to maintain social distancing while you were in that
7   office?
8        MR. JACKSON:  Your Honor, I'm going to object.
9        MR. MURPHY:  Wait, does Mr. -- Mr. Jackson and Ms. Cox
10  are -- are both objecting here for counsel for the General
11  Counsel?  I mean, it's enough that they're going -- one of
12  them's going to object to every question, Judge.  Why -- how
13  about if we --
14       JUDGE GREEN:  Yeah, I -- I really --
15       MR. MURPHY:  -- just pick one?
16       JUDGE GREEN:  -- I -- I want one attorney dealing with
17  each witness unless there's really some strong reason for it.
18  Is there some reason why -- why you're interjecting?  Isn't Ms.
19  Cox handling this witness?
20       MR. JACKSON:  Understood.  I'll allow Ms. Cox, then.
21       MS. COX:  Judge Green, we object.  Respondent should be
22  precluded from asking these questions.  They never provided the
23  COVID-19 social distancing policy.
24       JUDGE GREEN:  Okay.
25       MR. MURPHY:  Your -- Your Honor, I -- I don't -- I don't

1079

1   for --
2        MR. MURPHY:  Yeah, well -- well -- well, Judge, I'm -- I'm
3   reading between the lines that -- that you don't think it's --
4   it -- it's relevant to the issue in dispute, and if -- and if
5   that's --
6        JUDGE GREEN:  Correct.
7        MR. MURPHY:  -- your position --
8        JUDGE GREEN:  I don't.
9        MR. MURPHY:  -- then --
10       JUDGE GREEN:  I mean, I -- I think that the caselaw is
11  really quite clear.
12       MR. MURPHY:  Okay, then I -- I -- I think that there are
13  certain elements of my cross-examination that I can
14  eliminate --
15       JUDGE GREEN:  Okay.
16       MR. MURPHY:  -- and if you'd -- and if you give me five
17  minutes just to make sure that I'm squared away --
18       JUDGE GREEN:  Okay.
19       MR. MURPHY:  -- I -- I think we can save more than that,
20  and I would appreciate --
21       JUDGE GREEN:  Okay, off --
22       MR. MURPHY:  -- that.
23       JUDGE GREEN:  -- the record.
24       MS. COX:  Judge Green?
25       JUDGE GREEN:  What?  What do you want?  Go ahead.  Do you

1078

1   think that that policy was -- was covered by any of the
2   subpoena paragraphs, the -- the many subpoena paragraphs in --
3   in -- in this case.
4        MS. COX:  Judge Green, it was covered by paragraph 7, work
5   rules, of subpoena 1 issued on March 1st, 2021.  So --
6        JUDGE GREEN:  Could I ask the parties a question, okay?
7   The Respondent's policies and practices with regard to COVID
8   safety or not at issue in this case.  They're not at issue.
9   Whether Mr. Bryson had a mistaken belief regarding what the
10  policies are or whether the protesters were hypocritical in how
11  they functioned, it is not going to impact whether they engaged
12  in protected concerted activity, and frankly, I thought that
13  the Respondent said er -- fairly early on in this case that it
14  was uncontested that the -- that the -- Charging Party
15  engaged in protected concerted activity.  And so I'm wondering
16  why we care --
17       MS. COX:  Judge --
18       JUDGE GREEN:  -- other than -- and -- and I'm addressing
19  this really -- it's the Respondent now, but I'm addressing it
20  to both parties because I understand, I completely understand,
21  that the General Counsel has put on a very significant amount
22  of evidence in this regard, but that's -- that's a sunk cost.
23  We're -- we're never going to get that time back.  The question
24  is whether we should compound it by having additional testimony
25  on it.  So that's for Respondent, and I'm asking Respondent now

1080

1   want to say something?
2        MS. COX:  Are we on the record?
3        JUDGE GREEN:  We are.
4        MS. COX:  Yes.  Judge Green, the disciplines that have
5   been produced show that employees were disciplined pursuant to
6   the COVID-19 policy, and so in as far as we have disparate
7   treatment arguments to make, we believe that the policy
8   should've been produced.
9        MR. MURPHY:  Judge, the -- the subpoena requested work
10  rules, right?  The COVID policy is not a work rule at -- at
11  any --
12       MS. COX:  But if an employee -- if an employee violates
13  it, they get disciplined, right?
14       MR. MURPHY:  But it's not a work rule.  It wasn't covered
15  by the subpoena, and -- and the -- and the Judge --
16       JUDGE GREEN:  So you're --
17       MR. MURPHY:  -- and -- and -- and --
18       JUDGE GREEN:  -- so --
19       MR. MURPHY:  -- and -- and --
20       JUDGE GREEN:  Okay.  So let me just ask the -- the General
21  Counsel:  This re -- this concerns the discipline of Mr. Smalls
22  and Mr. Palmer, so we're litigating Mr. Smalls and Mr. Palmer
23  who are -- who are not charging parties, and you're trying to
24  establish that the -- that the adverse employment actions as it
25  pertained to them were pretextual and therefore it demonstrates

