| | |
|---|---|
| UNITED STATES GOVERNMENT<br>**NATIONAL LABOR RELATIONS BOARD**<br>REGION 29<br>TWO METRO TECH CENTER STE 5100<br>FL 5<br>BROOKLYN, NY 11201-3838 | Agency Website: www.nlrb.gov<br>Telephone: (718)330-7713<br>Fax: (718)330-7579 |

March 18, 2022

*VIA ECF FILING*

Hon. Diane Gujarati
United States District Judge
United States District Court, Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

                Drew-King vs. Amazon.com Services LLC
                Case No. 1:22-cv-01479

Dear Judge Gujarati:

      Petitioner Kathy Drew-King (Petitioner) in the above-captioned case hereby opposes the request of Respondent Amazon.com Services LLC (Respondent) for an extension of time to March 17, 2022 Order requiring Respondent to file a response to Petitioner's Petition for Temporary Injunction by 3:00 p.m. today, March 18, 2022.

      In its request, Respondent disingenuously suggests that it was unaware that Petitioner would be filing for the injunctive relief sought in this case until this morning.  That is simply untrue.  Respondent has known that Petitioner was going to file the instant Petition since no later than March 10, 2022, when the undersigned Counsel for Petitioner provided notice of the anticipated filing to Respondent's attorneys telephonically.  Moreover, on March 16, Counsel for Petitioner notified Respondent's attorneys in writing that the Petition would be filed on March 17, absent settlement, which it was.  Counsel for Petitioner then duly served the Petition and related filings upon Respondent's attorneys immediately after the filings were made in the District Court on March 17.  Respondent's suggestion that this action and Your Honor's Order has somehow caught Respondent by surprise is plainly false, as Respondent has known the Petition would be filed for over one week at this point.

      Respondent does not require more time to prepare and file a response to the Petition.  The facts of this case are well known to Respondent, as its representatives and attorneys participated in numerous hearing days during the administrative trial of this matter, and Respondent on March 4, 2022, extensively briefed the National Labor Relations Board Administrative Law Judge presiding over the matter on the facts and the law as applied to this case. Respondent is thus intimately familiar with the vast majority of the matters raised in Petitioner's filings, including the administrative record.  The only materials that Petitioner has put before the Court that were not included in the administrative record with which Respondent is quite familiar are the four witness affidavits attesting to facts establishing that injunctive relief is just and proper in this case.  These affidavits are each eight (8) pages or less, and Respondent is well equipped to devote resources to reviewing these materials and preparing an appropriate response to Petition

Drew-King v. Amazon.com Services LLC     - 2 -     March 18, 2022
Case No. 1:22-cv-01479

in the time allotted by the Court, especially considering that Respondent has proclaimed, during the administrative trial, that it retains "a veritable army of lawyers" and others to work on this case. *See* Tr. 246.

       On the other hand, granting the up to two-week extension of time that Respondent seeks to respond to the Petition would severely prejudice the interests of the Petitioner. As noted in the Petition at paragraph 7(d), a representation election among Respondent's employees at the "JFK8 Facility" involved in this matter will proceed under the auspices of the Petitioner beginning on March 25 and ending on March 30, 2022. Petitioner seeks injunctive relief in this case in order to reinforce employees' right to engage in protected concerted activity and union activity in advance of this election so that Respondent does not benefit in the election from the coercive effects of its unfair labor practices at issue in this case. Respondent conveniently seeks to postpone the Court's consideration of the merits of the Petition until after the election has transpired. This must not be permitted, as it is imperative for employees to be reassured of their rights under the National Labor Relations Act before the representation election has closed.

       Petitioner, therefore, respectfully urges Your Honor to deny Respondent's request for an extension of time and reiterate the Court's Order that Respondent promptly submit a response to the Petition without further delay.

       Very truly yours,

Matthew A. Jackson
Counsel for Petitioner
National Labor Relations Board, Region 29