**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| KATHY DREW KING,<br>Regional Director of Region 29<br>Of the National Labor Relations<br>Board for and on behalf of the<br>National Labor Relations Board**,**<br><br>                Petitioner,<br><br>   v.<br><br>AMAZON.COM SERVICES LLC,<br><br>                Respondent. | Case No.: 1:22-cv-01479-DG-SJB |

## ANSWER AND DEFENSES OF RESPONDENT AMAZON.COM SERVICES LLC TO PETITIONER'S PETITION FOR TEMPORARY INJUNCTION UNDER SECTION 10(J) OF THE NATIONAL LABOR RELATIONS ACT

Respondent Amazon.com Services LLC ("Amazon" or "Respondent"), through its undersigned counsel, hereby answers the Petition for Temporary Injunction Under Section 10(j) of the National Labor Relations Act (the "Petition").

Amazon denies that it has engaged in any acts or conduct in violation of the National Labor Relations Act ("NLRA" or the "Act"), including without limitation those before the National Labor Relations Board ("the Board") on the December 22, 2020 Complaint and Notice of Hearing of the General Counsel of the Board in Case No. 29-CA-261755, and further denies that Petitioner is entitled to any type of remedy or relief requested in the introductory paragraph of the Petition. By way of further answer, 23 months after Mr. Bryson's termination for his vile, offensive, and disparaging verbal attack on a female co-worker, Petitioner has now filed this untimely Petition for two illegitimate purposes: (1) to try to circumvent the legal standard that ALJ Green has held will apply to his consideration of Gerald Bryson's egregious workplace

1

misconduct in the fully-briefed underlying proceeding and (2) to abuse the Board's statutory authority and the auspices of this Honorable Court to improperly influence the outcome of a union representation election scheduled to take place at Respondent's JFK8 facility in Staten Island, New York, beginning just four days from now between March 25-26, 28-30, 2022.

Amazon further answers the allegations set forth in the numbered paragraphs of the Petition, as follows:

1.     Admitted.

2.     The allegations of paragraph 2 are conclusions of law to which no responsive pleading is required.

3.     Except as to the date of filing – June 17, 2020 – which is admitted, the allegations of paragraph 3 of the Petition purport to characterize a writing that speaks for itself and to which no responsive pleading is required.  Insofar as the characterization of that writing misstates any of the writing or takes statements in that writing out of context, said allegations are expressly denied.

4.     Except as to the date of issuance by Petitioner – December 22, 2020 – which is admitted, the allegations of paragraph 3 of the Petition purport to characterize a writing that speaks for itself and to which no responsive pleading is required.  Insofar as the characterization of that writing misstates any of the writing or takes statements in that writing out of context, said allegations are expressly denied.

5.     (a) Admitted.

       (b) Admitted.

6.     Denied.  To the contrary, Respondent terminated Bryson's employment, and declined to reinstate him, because of his vile, offensive, and disparaging verbal attack on a

female co-worker that no employer ever would—or should—tolerate or accept in a civilized workplace.

(a) Admitted.

(b) Admitted.

(c) Admitted.

(d) Admitted.

(e) Denied as stated. Respondent admits only that on or about March 25, 2020, during Respondent's morning managers meeting, Bryson engaged in protected concerted activity by advocating, with a group of coworkers, for greater COVID-19 protections and by raising concerns about potential COVID-19 exposure. The remaining allegations of this paragraph are denied. By way of further answer, Bryson's protected concerted activity did not immunize him from discipline, up to and including termination of employment, for his vile, offensive, and disparaging verbal attack on a female co-worker that no employer ever would—or should—tolerate or accept in a civilized workplace.

(f) Admitted. By way of further answer, Bryson's protected concerted activity did not immunize him from discipline, up to and including termination of employment, for engaging in his vile, offensive, and disparaging verbal attack on a female co-worker that no employer ever would—or should—tolerate or accept in a civilized workplace.

(g) Admitted. By way of further answer, the United States Supreme Court has long held that advocacy such as Bryson's cannot immunize him from discipline, up to and including termination of employment, for engaging in misconduct like his vile, offensive, and disparaging verbal attack on a female co-worker that no employer ever would—or should—tolerate or accept in a civilized workplace. *See NLRB v. Burnup & Sims*, 379 U.S. 21 (1964).

(h) Admitted.  By way of further answer, Amazon avers that its suspension of Bryson was a non-disciplinary, procedural action taken in connection with its investigation into his misconduct on April 6, 2020.

(i) Admitted.  By way of further answer, Respondent terminated Bryson's employment because of his vile, offensive, and disparaging verbal attack on a female co-worker that no employer ever would—or should—tolerate or accept in a civilized workplace.

(j) Admitted.  By way of further answer, Respondent declined to reinstate Bryson because of his vile, offensive, and disparaging verbal attack on a female co-worker that no employer ever would—or should—tolerate or accept in a civilized workplace.

(k) Denied.  By way of further answer, after a full administrative hearing taking place over 16 hearing days, and as submitted to National Labor Relations Board ("NLRB") Administrative Law Judge Benjamin Green ("ALJ Green") in its post-hearing brief filed on March 4, 2022, Amazon terminated Bryson's employment because of his vile, offensive, and disparaging verbal attack on a female co-worker, a legitimate and lawful reason.

(l) The allegations of paragraph 6(l) of the Petition are conclusions of law to which no responsive pleading is required.  By way of further answer, Section 7 of the National Labor Relations Act does not require any employer to tolerate or accept Bryson's vile, offensive, and disparaging verbal attack on a female co-worker.

(m) The allegations of paragraph 6(m) are conclusions of law to which no responsive pleading is required.  To the extent an answer is required, Respondent denies the allegations contained in paragraph 6(m).

7. (a) Denied.  The allegation of paragraph 7(a) is vague insofar as it fails to identify what the "public face of the organizing movement" means, but there is no evidence of record—

4

or otherwise—that supports the allegations of paragraph 7(a) and, therefore, Respondent denies said allegations.

(b) Admitted in part, denied in part.  By way of further answer, the Amazon Labor Union (Union) did not exist at the time of Bryson's termination and, to the best of Amazon's knowledge, it was not formed until April 2021, a full year after his termination.  As to whether "the Amazon Labor Union (Union), and certain employees, including Bryson, have engaged in protected union activity," Amazon expressly denies all other allegations contained in this paragraph 7(b) and further states Amazon does not have knowledge of every activity conducted by the Union and certain Employees.

(c) Admitted in part, denied in part.  Respondent admits that the Union filed a petition for a representation election in Case No. 29-RC-285057 on October 25, 2021, and that the petition speaks for itself.  Respondent is without knowledge or information sufficient to form a belief as to why the Union withdrew that petition and, therefore, denies that allegation.

(d) Admitted.

8. Denied.  By way of further answer, the Union, which is not a party to this action or the underlying unfair labor practice trial, has been conducting—and will continue to conduct—a robust union organizing campaign leading up to the representation election scheduled to begin on March 25, 2022.  Moreover, there is no competent evidence in the administrative record or in the non-record affidavits (which are rife with hearsay) submitted by Petitioner to support the contention that Bryson's termination from employment in April 2020—23 months ago, and *12 months before the Union existed*—has had any negative influence on the JFK8 associates' organizing efforts.  This untimely Petition is nothing more than an openly acknowledged attempt by Petitioner to improperly influence the outcome of this week's representation election in the favor of the Union.

9. The allegations of paragraph 9 of the Petition are conclusions of law to which no responsive pleading is required. By way of further answer, there is nothing just, proper or appropriate about the requested relief sought herein. To the contrary, this Petition violates Petitioner's statutory obligations of neutrality in representation elections.

10. Denied. To the contrary, Petitioner has fully-litigated this cause, including the submission of post-hearing briefs, before ALJ Green, who is currently considering Petitioner's Complaint. By way of further answer, ALJ Green previously expressly rejected the legal theory on which Petitioner's bases its claim for relief herein and determined that much of the evidence on which Petitioner relies herein was "useless." Therefore, it appears not only that Petitioner cannot demonstrate the requisite reasonable cause to believe that the National Labor Relations Act has been violated, but also that Petitioner is improperly using this Petition to bypass ALJ Green's prior holdings in an improper effort to influence in the Union's favor the upcoming Representation election.

Any factual allegations not specifically addressed in the foregoing paragraphs are denied.

## **SEPARATE DEFENSES[1]**

1. Petitioner's Petition fails to state a claim upon which relief can be granted.

2. Petitioner's Petition fails to adequately allege, under the legal standard adopted by ALJ Green, that there is reasonable cause to believe that Respondent has violated the Act.

3. Petitioner's Petition fails to adequately allege, even under the legal standard advanced by Petitioner and rejected by ALJ Green, that there is reasonable cause to believe that Respondent has violated the Act.

---

[1] Amazon includes all defenses below. By doing so, it does not intend to shift any burden of proof from Petitioner, which bears the burden of proving its claims.

4. Petitioner's Petition fails to adequately allege that the relief sought herein is "just and proper" in that such relief is not necessary to prevent irreparable harm or to preserve the status quo.

5. Petitioner's Petition fails to adequately allege that the relief sought herein is "just and proper" because at the time of Bryson's termination, there was no union organizing activity at JFK8.

6. Petitioner's Petition fails to adequately allege that the relief sought herein is "just and proper" because since the time of Bryson's termination, the Union has engaged, and continues to engage in, a robust organizing campaign at JFK8 and other Amazon facilities, as established by the upcoming representation election at JFK8 and its sister facility, LDJ5, where an election is scheduled to take place on April 25, 27-29, 2022.

7. The relief sought by Petitioner herein is precluded by their extraordinary and indefensible delay in seeking injunctive under Section 10(j) of the Act.

8. The relief sought by Petitioner herein is precluded by their unclean hands and laches, as reflected in their improper, extraordinary and indefensible delay in seeking injunctive under Section 10(j) of the Act.

**WHEREFORE**, Respondent respectfully requests that this Honorable Court issue an Order denying Petition for Temporary Injunction and, should Petitioner continue to seek preliminary injunctive relief, enter an Order that allows Respondent to take discovery to address the additional evidence upon which Petitioner relies beyond the NLRB Administrative Record.

Dated: March 21, 2022

Respectfully submitted,

By: */s/ Douglas T. Schwarz*
Douglas T. Schwarz
MORGAN, LEWIS & BOCKIUS LLP
101 Park Avenue
New York, NY 10178

Phone: 212-309-6000
Fax: 212-309-6001
douglas.schwarz@morganlewis.com

-and-

Richard G. Rosenblatt (*pro hac vice* pending)
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6289
Phone: 609-919-6600
Fax: 608-919-6701

Christopher J. Murphy (*admitted pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
Phone: 215-963-5000
Fax: 215-963-5001

-and-

Kelcey J. Phillips (*pro hac vice* forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Phone: 202-739-3000
Fax: 202-739-3001

*Attorneys for Respondent*

Phone: 212-309-6000
Fax: 212-309-6001
douglas.schwarz@morganlewis.com

-and-

Richard G. Rosenblatt (*pro hac vice* pending)
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, NJ 08540-6289
Phone: 609-919-6600
Fax: 608-919-6701

Christopher J. Murphy (*admitted pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
1701 Market Street
Philadelphia, Pennsylvania 19103-2921
Phone: 215-963-5000
Fax: 215-963-5001

-and-

Kelcey J. Phillips (*pro hac vice* forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Phone: 202-739-3000
Fax: 202-739-3001

*Attorneys for Respondent*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 21 day of March, 2022, a true and correct copy of the foregoing ANSWER AND DEFENSES OF RESPONDENT AMAZON.COM SERVICES LLC TO PETITIONER'S PETITION FOR TEMPORARY INJUNCTION UNDER SECTION 10(J) OF THE NATIONAL LABOR RELATIONS ACT was served via the Court's ECF filing system upon all counsel of record.

                                                         */s/ Douglas T. Schwarz*
                                                         Douglas T. Schwarz