UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHY DREW KING, Regional Director of Region 29 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD<br><br>  Petitioner<br><br>v.<br><br>AMAZON.COM SERVICES LLC<br><br>  Respondent | JOINT DISCOVERY LETTER<br><br>Case No. 1:22-cv-01479-DG-SJB |

# PARTIES' JOINT LETTER WITH DISCOVERY PROPOSALS

## I. Joint Statement

Kathy Drew King, Regional Director of Region 29 (Petitioner), of the National Labor Relations Board (the Board) through her undersigned counsel, and Amazon.com Services LLC (Respondent), through its undersigned counsel, submits this joint letter with the parties' respective discovery proposals.

The parties met and conferred on March 28–29, 2022. The parties were unable to agree on the scope or schedule of discovery. The parties submit the following competing discovery proposals.

## II. Petitioner's Discovery Proposal

This proceeding is brought under Section 10(j) of the National Labor Relations Act (the Act), 29 U.S.C. § 160(j) by the Petitioner on behalf of the Board, for temporary injunctive relief to enjoin the Respondent from certain unfair labor practices pending the Board's resolution of an

1

administrative complaint. It is Petitioner's position that Respondent's unfair labor practices are chilling employees from openly supporting the Amazon Labor Union and openly engaging in protected concerted activities, as is their right under Section 7 of the Act. The Petitioner's position is based on the affidavits submitted by Gerald Bryson, Derrick Palmer, Tristan Martinez, and Christian Smalls, which are part of the record in this case. Respondent's request for discovery appears to seek the opportunity to cross examine these four individuals on the contents of their affidavits and ask related follow-up questions. *See* ECF Doc. No. 27, Murphy Decl. ¶44, ¶45, ¶46.

Recognizing the need for expeditious consideration of a Section 10(j) injunction, Judge Gujarati proceeded with a prompt schedule of briefings and oral arguments between March 18–23, 2022. The limited discovery, ordered by Judge Gujarati on March 24, and only as to whether the injunctive relief sought by Petitioner is "just and proper," should proceed with similar haste. "[I]njunctive relief under § 10(j) is just and proper when it is necessary to prevent irreparable harm or to preserve the status quo. The principal purpose of a § 10(j) injunction is to guard against harm to the collective bargaining rights of employees. *Paulsen v. Remington Lodging & Hosp., LLC*, 773 F.3d 462, 469 (2d Cir. 2014) (internal quotations and citations omitted).

A. <u>A Single Evidentiary Hearing is Sufficient for Discovery of Relevant Information</u>

Petitioner proposes that the entirety of discovery be encompassed in a single evidentiary hearing to elicit the testimony of Gerald Bryson, Derrick Palmer, Tristan Martinez, and Christian Smalls, limited in scope to the statements found in their affidavits before the Court as well as related follow-up questions on the contents of their affidavits. Such a hearing would expeditiously allow Respondent to cross examine the affiants of record in this case, as it seeks. Petitioner anticipates that the hearing would take 1–2 days, on dates set by Magistrate Bulsara. The record

developed at said hearing would then be submitted to Judge Gujarati for her consideration. No other discovery beyond the hearing would be permitted.

B.  In the Alternative, Limited Discovery by Deposition Only

In the alternative, Petitioner proposes that the Respondent depose only Gerald Bryson, Derrick Palmer, Tristan Martinez, and Christian Smalls, limited in scope to the statements found in their affidavits before the Court as well as related follow-up questions on the contents of their affidavits. All attendant costs would be borne by Respondent. The schedule would be as follows: April 1–6, 2022, Respondent serves subpoenas; April 19–22, 2022, conduct depositions; April 27, 2022, status conference. No further discovery would be permitted.

Petitioner opposes Respondent seeking information or documents regarding the Board's deliberative processes. *See* ECF Doc. No. 27, Murphy Decl. ¶48. Such information is either subject to Petitioner's deliberative process privilege, attorney-client privilege, attorney work product privilege, or are not subject to discovery under Rule 26(b) of the Federal Rules of Civil Procedure because they concern matters not germane to the limited issues properly to be considered by the Court under Section 10(j).

Petitioner opposes any depositions of the Regional Director and/or other Board personnel as the material Respondent seeks through these depositions is not relevant to any issue properly before the Court, is protected by the deliberative process, and/or other privileges.

Because Respondent is alleged to have retaliated against employees for exercising their Section 7 rights, the Petitioner would seek protective orders where necessary.

For all the foregoing reasons, Petitioner respectfully submits that the Court should accept its proposal for a discovery schedule.

### III.    Respondent's Discovery Proposal

<u>April 1, 2022</u>: Serve requests to produce documents and notices of deposition on Petitioner.

<u>April 1-6, 2022</u>: Attempt to serve subpoenas on affiants and Amazon Labor Union (ALU) requiring each of them to produce documents and to appear for deposition, if service is not accepted by Petitioner.

<u>April 11, 2022</u>: Deadline for presentation of objections to requests to produce, deposition notices and subpoenas.

<u>April 14, 2022</u>: Production of documents in response to requests to produce or subpoenas.

<u>April 15, 2022</u>: Status conference to address evidentiary objections, if any.

<u>April 19-22, 2022</u>: Conduct initial depositions, subject to service of subpoenas.

<u>April 27, 2022</u>: Status conference regarding discovery issues, additional discovery, if any, conduct of an evidentiary hearing and/or supplemental briefing, if any.

The Court's Order was clear. Amazon is entitled to discovery on whether Petitioner's request for an injunction reinstating Gerald Bryson on an interim basis is "just and proper" within the meaning of Section 10(j) of the National Labor Relations Act. Petitioner contends that Bryson's interim reinstatement is necessary (almost 2 years after his termination) because his termination has somehow now stifled support for the union seeking to represent Amazon's employees at JFK8, where Bryson worked. Notably, a union election is about to be completed at JFK8. In discovery, Amazon is not only entitled to evidence that Petitioner believes supports their position that extraordinary relief is just and proper, but also evidence that contradicts that strained contention. Consistent with its briefing, the issue of whether Petitioner can establish that their action is "just and proper" encompasses both evidence of alleged suppression of union support on the JFK8 union election and that the extraordinary delay was (allegedly) justified and consistent with NLRB precedence and procedure. *See* ECF Nos. 18, 20, and 27. That is the scope of discovery the Court has allowed and that is what Amazon intends to seek.

4

Judge Gujarati's Order did not specify that discovery be expedited and given that the JFK8 union election is almost complete, that manufactured emergency no longer justifies expedited proceedings. That said, Amazon stands by its request for expedited and limited discovery, so long as it is realistic and adequate, which Petitioner's proposal is not. By contrast, Amazon's proposed plan presents an expedited, realistic schedule that would be completed within one month, allows for document discovery from Petitioner and the five non-parties (the four affiants on whom Petitioner relies and the ALU, the labor organization whose support was allegedly suppressed). Amazon would initiate its discovery within two days by serving requests to produce documents on Petitioner and subpoenas on the third parties both for documents and testimony. If Petitioner can accept service of those subpoenas or facilitate it, that will expedite the entire process. Amazon next provides time for objections to the discovery requests, a Court conference to address objections, and a short period of time for the production of documents, followed by the five depositions. Thereafter, the parties will meet with the Magistrate Judge to discuss any open discovery disputes and whether any additional discovery would be appropriate and, if so, a schedule for that. Finally, depending upon Judge Gujarati's preferences, the parties will proceed to an evidentiary hearing or supplemental briefing. This proposal is in line with Judge Gujarati's Order directing discovery, as well as Section 10(j) proceedings generally.

Petitioner's proposed schedule defies Judge Gujarati's Order by seeking to preclude the ordered discovery in favor of a "single evidentiary hearing," by unilaterally limiting the scope of the discovery permitted and by imposing the costs thereof on Amazon. With all due respect, a "single evidentiary hearing" before Your Honor is not a substitute for the discovery ordered by the Court. Further, neither Judge Gujarati's Order not the Rules of Civil Procedure limit Amazon to deposing the affiants only on the "statements found in their affidavits" and "related follow up

5

questions." Similarly, Amazon cannot be prevented, at the threshold, from seeking discovery from Petitioner. If Petitioner disputes any discovery sought, they can object or seek a protective order. Moreover, Petitioner cannot unilaterally declare that "[n]o information or documents regarding the Agency's deliberative processes will be provided" based on several privileges and/or relevance, particularly without even seeing the requests. Petitioner can assert any applicable objections and privileges in response to document requests and provide an appropriate privilege log. The Court can then determine the appropriateness of those objections and the application of any assertions of privilege(s). While the discovery limits Petitioner unilaterally seeks to impose might be standard in their own agency proceedings where there is no discovery and new evidence can be admitted against a party at a hearing with no advance notice, they initiated this case in federal court and must abide by the Court's Orders and the rules relating to discovery. For all the foregoing reasons, Amazon respectfully submits that the Court should accept its proposal for a discovery schedule.

Dated: March 29, 2022.

    /s/ Evamaria Cox
Evamaria Cox
Matthew A. Jackson
Attorneys for Petitioner
National Labor Relations Board
Two MetroTech Center, Suite 5100
Brooklyn, NY 11201
Telephone: (718) 765-6172
Email: Evamaria.Cox@nlrb.gov