

March 29, 2022

**VIA ECF**

Hon. Diane Gujarati, U.S.D.J.
United States District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Re:   Kathy Drew-King vs. Amazon.com Services LLC; 1:22-cv-01479

Dear Judge Gujarati:

Make the Road New York ("MRNY") represents Mr. Gerald Bryson, Charging Party in the National Labor Relations Board proceedings that precipitated the above-referenced matter (NLRB Case No. 29-CA-261755). We hereby move for leave to participate in this action as *amicus curiae* and to file the accompanying proposed exhibits and memorandum of law in support of Petitioner's motion for a temporary injunction, ECF No. 5.

Make the Road New York ("MRNY") is a nonprofit, membership-based community organization that integrates adult and youth education, legal and survival services, and community and civic engagement, in a holistic approach to help low-income New Yorkers improve their lives and neighborhoods. MRNY has over 200 staff, over 24,000 members, and five offices spread throughout New York City, Long Island, and Westchester County. MRNY is at the forefront of numerous initiatives to analyze, improve, and expand civil and human rights for immigrant communities, including issues related to improving workplace justice conditions and strengthening protections for low-wage workers.

BROOKLYN
301 GROVE STREET
BROOKLYN, NY 11237
718 418 7690

QUEENS
92-10 ROOSEVELT AVENUE
JACKSON HEIGHTS, NY 11372
718 565 8500

STATEN ISLAND
161 PORT RICHMOND AVENUE
STATEN ISLAND, NY 10302
718 727 1222

LONG ISLAND
1090 SUFFOLK AVENUE
BRENTWOOD, NY 11717
631 231 2220

WESTCHESTER
46 WALLER AVENUE
WHITE PLAINS, NY 10605
914 948 8466

WWW.MAKETHEROADNY.ORG

MRNY's Workplace Justice team represents hundreds of low-wage workers each year to enforce their rights under workplace laws.  We represent workers to recover unpaid wages and benefits they were denied by exploitative employers and to remedy unlawful workplace discrimination and terminations.  MRNY has developed expertise in enforcement mechanisms and legislative reform to enhance protection for workers under city, state and federal law.  Our experience has shown the overwhelming need for strong enforcement agencies with the tools to effectively remedy and prevent workplace violations.

MRNY initiated the underlying case before the Board by filing unfair labor practice charges on behalf of Mr. Bryson against Respondent Amazon.  Mr. Bryson alleges that Respondent unlawfully terminated him for engaging in concerted activities, protected under Section 7 of the National Labor Relations Act.  Mr. Bryson engaged in concerted protected activity by organizing with his fellow workers to protest unsafe working conditions at the outset of the COVID-19 pandemic.  Through our representation of Mr. Bryson on this matter, and because of MRNY's extensive knowledge of the facts upon which the unfair labor practices are based and its perspective on the impact these unfair labor practices have had on subsequent organizing efforts, we believe we can aid the Court in its evaluation of the Board's petition.  Specifically, our proposed submission should give additional insight into the "just and proper" standard currently being investigated and, we hope, will provide an important perspective to these proceedings.

No rule in the Eastern District of New York sets forth standards for deciding whether a request to participate as *amicus curiae* should be granted.  See *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 392, 394 (E.D.N.Y. 2011) (Wexler, J.).  "[T]he district court has broad discretion to permit or deny such participation.  Participation will be granted where the proposed submission assists the court by, inter alia, providing a point of view that may not be available from the parties." *Id*. (citations omitted); *see also In re HSBC Bank, USA, N A., Debit Card Overdraft Fee Litig.*, 14 F. Supp. 3d 99, 103 (E.D.N.Y. 2014).

District courts have previously granted *amicus curiae* status in proceedings brought by the NLRB for injunctive relief under Section 10(j) of the Act.  In *Dunbar v. Landis Plastics Inc.*, 996 F. Supp. 174, 179-180 (N.D.N.Y. 1998), *remanded on other grounds* 152 F.3d 917 (2d Cir. 1998), the court rejected respondent's argument that it was "the intent of Congress to exclude charging parties… from any form of participation in §10(j) actions." Instead, it granted the union as *amicus curiae* because they added a legal and factual perspective that the court found helpful based on their relationship with the respondent's employees.  *Id*.  *See also, Fernbach ex rel. N.L.R.B. v. Sprain Brook Manor Rehab, LLC*, 91 F. Supp. 3d 531 (S.D.N.Y. 2015); *Dunbar v. Onyx Precision Services Inc.*,129 F. Supp. 2d 230 (W.D.N.Y. 2000); *D'Amico v. United States Service Industries, Inc*., 867 F. Supp. 1075, 1079 (D. D.C. 1994); *NLRB v. Ona Corp.*, 605 F. Supp. 874, 876 (N.D. Ala. 1985).

The NLRB also encourages the participation of charging parties in Section 10(j) proceedings. The Board's General Counsel has specifically directed regional offices to support *amicus* status for charging parties. NLRB Office of the General Counsel, Section 10(j) Manual (2014); Gen. Cous. Mem. 99-4 (June 3, 1999).

We respectfully request the Court's permission to file the enclosed *amicus* brief. In the

alternative, we request a pre-motion conference with the Court for leave to file such a brief.

                                  Respectfully submitted,

                                  _____
                                  Frank Rankin Kearl


                                  Make the Road New York
                                  161 Port Richmond Ave.
                                  Staten Island, NY 10302


cc: All counsel of record (via ECF)