# Morgan Lewis

**Christopher J. Murphy**
Senior Attorney
+1.215.963.5601
christopher.murphy@morganlewis.com

April 4, 2022

**VIA ECF**

The Hon. Diane Gujarati
U.S. District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
Courtroom: 4B South

Re:  *Kathy Drew King, Regional Director of Region 29 of the National Labor Relations Board for and on behalf of National Labor Relations Board v. Amazon.com Services LLC*, 1:22-cv-01479-DG-SJB (E.D.N.Y.)

Dear Judge Gujarati:

Respondent Amazon.com Services LLC ("Amazon") opposes the request from Make the Road New York ("MRNY") to file an amicus brief and supplemental exhibits in support of Petitioner's motion for a temporary injunction.  ECF No. 30.  MRNY's proposed brief reveals that it brings no unique perspective that will assist the Court, but rather seeks merely to co-counsel with the Petitioner and/or to use this Court's judicial processes to further publicize this matter in aid of union organizing efforts at Amazon facilities.  Whatever their motive, their filing, which effectively is a motion to intervene, is not the proper role of an amicus.  The Court should reject MRNY's request for leave to file a lengthy brief on top of the already overlength brief filed by Petitioner.

There is no rule of civil procedure authorizing the filing of amicus briefs in district courts, but the touchstone for MRNY's request is whether its submission will "provide the Court with neutral assistance in analyzing the issues before it."  *In re Baldwin-United Corp. (Single Premium Deferred Annuities Ins. Litig.)*, 607 F. Supp. 1312, 1327 (S.D.N.Y. 1985) (citing *Sony Corp. v. Universal City Studios, Inc.*, 464 U.S. 417, 434 n. 16 (1984)). In contrast, when an amicus seeks to "come as an advocate for one side," it "does the court, itself and fundamental notions of fairness a disservice." *United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991).  A true "amicus cannot assume a fully adversarial position, and is precluded from engaging in adversarial activities."  *Russell v. Bd. of Plumbing Examiners of Cty. of Westchester*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999).

MRNY unabashedly seeks to supplement the role of advocate for the Petitioner.  In its proposed brief, MRNY explicitly asks the Court to "reconsider" the Court's prior decision granting Amazon discovery to respond to the Petition.  ECF No. 30-1 ("MRNY Br.") at 1, 11.  But if Petitioner believed a request for reconsideration was appropriate, that is Petitioner's call.

**Morgan, Lewis & Bockius LLP**

1701 Market Street
Philadelphia, PA  19103-2921    ☎ +1.215.963.5000
United States                              📠 +1.215.963.5001

Hon. Diane Gujarati
April 4, 2022
Page 2

In reality, MRNY effectively seeks to *intervene*. This is improper. Charging parties or unions (let alone an organization representing them) are not permitted to intervene in Section 10(j) injunction proceedings. *See, e.g., Amalgamated Clothing Workers of Am. v. Richman Bros.*, 348 U.S. 511, 517 (1955) (The Board has "exclusive authority" for seeking 10(j) injunctions); NLRB Office of the General Counsel, *Section 10(j) Manual* § 7.2 ("Board counsel should oppose any effort by the charging party to intervene.").[1] MRNY cannot use a request for leave to file an amicus brief as a disguised attempt to intervene, let alone to relitigate evidentiary disputes that are the province of the Administrative Law Judge hearing the underlying unfair labor practice trial. Further, it is self-evidently inappropriate for MRNY to abuse the civil litigation process to lodge attacks against a party with an eye toward obtaining publicity for its cause.

Even aside from its improper effort to effectively intervene and misuse this Court's process, MRNY's brief would not be helpful to the Court. An amicus may aid the court if it "provid[es] a point of view that may not be available from the parties." *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 392, 394 (E.D.N.Y. 2011)(rejecting leave to file amicus brief because amicus "present neither a perspective that is unique nor helpful to the court as to the issues raised."); *United States v. El-Gabrowny*, 844 F. Supp. 955, 957 (S.D.N.Y. 1994) (rejecting amicus submissions because they did not offer "any argument or point of view not available from the parties themselves"). But MRNY does not even pretend to offer a perspective or any expertise that the Board cannot provide. In fact, in their post-hearing brief in support of the underlying charging party (Gerald Bryson) before the Administrative Law Judge, MRNY stated: "Counsel for the Charging Party relies on Counsel for the General Counsel's superior knowledge of the case law, and Region 29's superior resources, to lay out the legal arguments for why specifically Your Honor should find that Amazon violated the Act when terminating Gerald Bryson in April of 2020."[2] MRNY argues that the National Labor Relations Board's "remedial process" and "adjudicatory machinery" will be irreparably harmed if an injunction is not issued. *Id.* at 7–9. But Petitioner, the representative of the agency that enforces the NLRA, is the party best qualified to make arguments for itself regarding these topics, and it already has. *See, e.g.*, ECF No. 7 ("Pet. Br.") at 3 ("Section 10(j) was intended to prevent the potential frustration or nullification of the Board's remedial authority"); *id.* at 40 ("interim reinstatement is necessary now to erase the chill before it is too late to prevent remedial failure."). Nothing in MRNY's brief addresses points Petitioner cannot address (or has not addressed).

At bottom, MRNY seeks to file a supplemental brief favoring the Petitioner. MRNY's submission does not seek to add any special perspective, but rather seeks to pile on additional arguments outside the usual deliberative, adversarial process designed to give each side a fair shot at presenting their arguments. *Cf. Corson & Gruman Co. v. N.L.R.B.*, 899 F.2d 47, 50 n.4 (D.C. Cir. 1990) ("page limits are important to maintain judicial efficiency and ensure fairness to opposing parties"). That's not a legitimate basis to serve as an amicus, and the Court should deny MRNY's request for leave to file its brief.[3]

---

[1] The 10(j) Manual is publicly available at
https://www.nlrb.gov/sites/default/files/attachments/basic-page/node-1727/MASTER%20REVISED%202013%2010(J)%20MANUAL.pdf

[2] MRNY filed the brief subject to a protective order. If the Court would like a copy of the brief, Amazon can make arrangements to submit a copy for the Court's review.

[3] In the event the Court grants the request for leave, Amazon requests adequate time and space to respond to the arguments presented by MRNY.

Hon. Diane Gujarati
April 4, 2022
Page 3

Thank you for your consideration.


Respectfully submitted,

Christopher J. Murphy

CJM

cc: All counsel of record (via ECF)