

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD
REGION 29
Two Metro Tech Center
Suite 5100
Brooklyn, NY 11201-3838

Agency Website: www.nlrb.gov
Telephone: (718)330-7713
Fax: (718)330-7579

April 20, 2022

The Honorable Diane Gujarati
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                Re:    Drew-King v. Amazon.com Services LLC
                       Case No. 1:22-cv-01479-DG-SJB

Dear Judge Gujarati:

      Enclosed please find a copy of the Decision and Recommended Oder of the Administrative Law Judge of the National Labor Relations Board (the Board) issued in Case No. 29-CA-261755 (Decision).[1]

      On March 17, 2022, the Petitioner filed the instant Petition for Injunctive Relief pursuant to Section 10(j)[2] of the National Labor Relations Act (the Act) with the Court, which is currently pending before the Court.

      On April 18, 2022, Administrative Law Judge (ALJ) Benjamin W. Green issued his Decision in the underlying administrative unfair labor practice proceeding finding that Amazon.com Services LLC (Respondent) unlawfully discharged[3] Gerald Bryson in

---

[1] Copies of the Decision have been served on the parties by the Board's Division of Judges.

[2] 29 U.S.C. 160(j).

[3] ALJ Green found it unnecessary to rule on the allegation that Respondent unlawfully suspended Bryson in violation of the Act and thus, ordered no remedy related to the suspension allegation (ALJ Decision p. 20). In accordance with ALJ Green's Decision regarding the suspension allegation, Petitioner hereby withdraws the proposed remedies related to Bryson's suspension which are set forth in paragraphs 1(b) and 2(b) of the Proposed Order. (ECF No. 1 at p. 6-7). Judge Green's decision to not make a finding on the suspension allegation does not in any way weaken Petitioner's contention that there is reasonable cause to believe that Bryson's discharge is unlawful. Although related in so far as they arise out of the same underlying incident, the Judge analyzed the suspension and discharge allegations independently. In that regard, the Judge found ample evidence of an unlawful discharge independent from the suspension, relying on his credibility determinations, the implausibility of Respondent's defense and the overwhelming evidence of disparate

retaliation for his protected concerted activity in violation of Section 8(a)(1) of the Act (29. U.S.C. 158(a)(1)).[4]

To remedy Respondent's violation of the Act, ALJ Green ordered that Respondent cease and desist from discharging employees because of their protected concerted activity, offer Bryson reinstatement to his former position and make Bryson whole, including by compensating him for any loss of earnings or other benefits resulting from Respondent's unlawful discriminatory discharge of Bryson.[5]

Judge Green's finding that Respondent unlawfully discharged Gerald Bryson strongly supports the first prong of the 10(j) analysis that is before the Court, namely that Petitioner has reasonable cause to believe that Respondent violated the Act.[6] In concluding that Respondent harbored discriminatory motive, ALJ Green made credibility determinations in favor of Petitioner, relied on considerable record evidence showing that Respondent disparately treated Bryson and failed to conduct a good-faith investigation into the incident underlying his discharge. Accordingly, Petitioner respectfully requests that Your Honor consider Judge Green's Decision as additional persuasive evidence that Petitioner has reasonable cause to believe that Respondent violated the Act by discharging Bryson, satisfying the first prong in the injunctive relief analysis.

Injunctive relief is still imperative despite Judge Green's favorable Decision in the underlying administrative unfair labor practice case because the Judge's Decision is a recommended order to the full Board and as such, has no final force or effect.[7] Many stages in the administrative proceeding remain before it is final, including the filing of exceptions, response briefs and reply briefs. Furthermore, Respondent's representative Kelly Nantel has represented in the Washington Post that Respondent intends to appeal the ALJ's Decision to the Board. Thus, there is an ongoing need for injunctive relief.[8]

Based on the above, as it is likely that the Board will require a considerable period of time to review the extensive administrative record, analyze the ALJ's Decision, consider any exceptions to the ALJ's findings, and issue its final Order, injunctive relief remains

---

treatment. Ultimately, the Judge declined to rule on the suspension allegation because it "would add little to the remedy." Thus, the ALJ's treatment of the suspension allegation has no effect on Petitioner having satisfied her burden under the first prong in the injunctive relief analysis as it relates to the discharge allegation.

[4] ALJ Decision, p. 20.

[5] ALJ Decision, pp. 21-23.

[6] *Hoffman v. Inn Credible Caterers, Ltd.*, 247 F.3d 360, 367 (2d Cir. 2001); *Silverman v. J.R.L. Food Corp.*, 196 F.3d 334, 337-38 (2d Cir. 1999); *Seeler v. Trading Port, Inc.*, 517 F.2d 33, 37, n.7 (2d Cir. 1975).

[7] *See*, *Schaub v. West Michigan Plumbing & Heating, Inc.*, 250 F.3d 962, 968 (6th Cir. 2001); *Sharp v. Webco Indus.*, 225 F.3d 1130, 1136 (10th Cir. 2000).

[8] *Hoffman v. Inn Credible Caterers, Ltd.*, 247 F.3d 360, 365 (2d Cir. 2001) ("injunctive relief is appropriate "until the Board renders its final determination").

imperative. A final Board Order is months or, more likely, years away. Accordingly, absent prompt injunctive relief, a final Board Order would be rendered meaningless, and Amazon would benefit from the harm done to employees' statutory rights, which at that point will be irreparable.

Very truly yours,

__/s/ Evamaria Cox__
Evamaria Cox
Matthew A. Jackson
Attorneys for Petitioner
National Labor Relations Board
Two MetroTech Center, Suite 5100
Brooklyn, NY 11201
Telephone: (718) 765-6172
Email: Evamaria.Cox@nlrb.gov

cc: All counsel of record (via ECF)