UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHY DREW KING, Regional Director of Region 29 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD<br><br>     Petitioner<br><br>v.<br><br>AMAZON.COM SERVICES LLC<br><br>     Respondent | **JOINT STATUS LETTER**<br><br>**Case No. 1:22-cv-01479-DG-SJB** |

## PARTIES' JOINT STATUS LETTER

**I. Joint Statement**

Pursuant to Court's May 31, 2022, Scheduling Order, the parties met and conferred on June 8, 2022, regarding the status of the above-captioned matter. Kathy Drew King, Regional Director of Region 29 (Petitioner), of the National Labor Relations Board (the Board) through her undersigned counsel, and Amazon.com Services LLC (Respondent), through its undersigned counsel, submit this joint discovery status letter.

**II. Discovery:**

The Parties agree that no additional discovery is needed in this proceeding.

**III. Evidentiary Hearing**

Petitioner avers that an evidentiary hearing is not needed in this proceeding, as the Court has before it all evidence necessary to consider injunctive relief. In that regard, Petitioner has submitted all relevant evidence.

While Respondent likely will not seek an evidentiary hearing, it has only recently received the transcripts of the depositions taken in this matter and has not had an opportunity to fully

1

evaluate them. Therefore, Respondent respectfully requests the opportunity to supplement its position on this issue not later than 5:00 pm on June 23, 2022, the day before the scheduled Status Conference.

V. **Oral Argument**

The Parties agree that oral argument to Your Honor to present Petitioner's and Respondent's final arguments is appropriate.

IV. **Briefing**

During the meet and confer, Respondent proposed the following briefing schedule: simultaneous briefs submitted on July 22nd, simultaneous reply-briefs submitted on August 5th and simultaneous sur-reply briefs submitted on August 12th. Petitioner believes that Respondent's proposed briefing schedule is excessive, both because of the very narrow scope of discovery and because the petition for injunctive relief is to be considered on an expedited basis.

Petitioner avers that for several reasons, briefing is not needed in this matter. First, the Court narrowly limited the scope of discovery to the "just and proper" issue and further circumscribed discovery exclude third-party discovery, exclude a deposition of Petitioner, and only limited discovery to those documents mentioned and relied on in the deponents' affidavits so that Respondent would have the opportunity to cross-examine the witnesses regarding their affidavits. Furthermore, the Judge already has all the evidence that Petitioner believes the Court needs to determine that injunctive relief is just and proper. Because the Parties agree that oral argument before Your Honor is appropriate, Respondent will have the opportunity to present to the Court any relevant evidence adduced from the depositions that supports its position.

Should briefing be ordered by the Court, Petitioner respectfully believes Respondent's proposed schedule to be excessive. Given the statutory mandate for expedited consideration of this Section 10(j) injunction and the limited scope of the issues before this Court – namely, whether injunctive relief is just and proper, briefing is not appropriate. Under 28 U.S.C. § 1657(a), the District Court is required to expedite consideration of a request for temporary injunctive relief[1] and proceedings for preliminary injunctive relief are to be streamlined.[2] Based on the foregoing, Respondent's request for briefs, reply-briefs and sur-reply briefs would cause unnecessary and undue delay in what should be an expedited process to protect employee rights under the NLRA.

Respondent disagrees with Petitioner's position and believes that pre-argument briefing is essential, as it would facilitate the presentation of the facts developed in discovery to the Court. Without pre-hearing briefing, the parties' attempts to present recently developed facts and

---

[1] 28 U.S.C. § 1657(a) provides, in pertinent part, "[n]otwithstanding any other provision of law, each court of the United States shall determine the order in which civil actions are heard and determined, except that the court shall expedite the consideration of any action brought under chapter 153 or section 1826 of this title, <u>any action for temporary or preliminary injunctive relief</u>,. . . ." (emphasis added).

[2] E.g., <u>South Yuba River Citizens League v. National Marine Fisheries Service</u>, 257 F.R.D. 609, _ (E.D. Cal. 2009) (citation omitted).

arguments at oral argument would be cumbersome and, since the Court would not have advance notice thereof, the Court's ability to question the parties could be impaired. Respondent further suggests that the Court's consideration of this matter would be aided by the parties' pre-argument briefing. Respondent is cognizant of the need to proceed expeditiously here. However, if the proposed briefing schedule is adopted, this matter would be ripe for disposition within five months of the filing of the case.

## VI. Confidentiality of Deposition Transcripts

During the meet and confer, Petitioner proposed that each of the four deposition transcripts and documents be treated as confidential and filed under seal. Confidentiality of the deposition testimony and documents is imperative, as Petitioner believes that because much of the deposition questioning went beyond the limited scope of discovery into matters pertaining to pending cases before the NLRB, including an upcoming hearing in which Respondent is challenging the Amazon Labor Union's election victory and much of the questioning infringed on employees' Section 7 rights. Respondent responded that it was as not prepared at that time to agree with Petitioner's request, as these issues had not previously been raised. Discussions between the Parties are ongoing with respect to this issue and the Parties respectfully request the opportunity to supplement their position on this issue not later than 5:00 pm on June 23, 2022, the day before the scheduled Status Conference.

Dated June 9, 2022

Respectfully submitted,

*/s/ Christopher J. Murphy*
Christopher J. Murphy
Richard G. Rosenblatt
Counsel for Respondent
Amazon.com Services LLC
Morgan, Lewis & Bockius LLP
1701 Market Street
Philadelphia, PA 19103
Email:christopher.murphy@morganlewis.com

*/s/ Evamaria Cox*
Evamaria Cox
Matthew A. Jackson
Attorneys for Petitioner
National Labor Relations Board
Two MetroTech Center, Suite 5100
Brooklyn, NY 11201
Telephone: (718) 765-6172
Email:Evamaria.Cox@nlrb.gov