UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATHY DREW KING, Regional Director of Region 29 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>     Petitioner,<br><br>v.<br><br>AMAZON.COM SERVICES LLC,<br><br>     Respondent. | MOTION FOR PROTECTIVE ORDER TO LIMIT USE OF EVIDENCE OBTAINED IN DISCOVERY AND PLACE DEPOSITION TRANSCRIPTS UNDER SEAL<br><br>1:22-cv-01479-DG-SJB |

  Comes now counsel for the Petitioner, Kathy Drew King, Regional Director for Region 29 of the National Labor Relations Board (NLRB), and pursuant to the Rule 26(c)(1) of the Federal Rules of Civil Procedure, moves the Court for a Protective Order, prohibiting, outside of this Section 10(j) proceeding, the use of evidence obtained in discovery by the Respondent, Amazon.com Services LLC, and placing the deposition transcript(s) under seal, as needed. In support of this Motion, counsel for the Petitioner states the following:

  1. On March 17, 2022, the Petitioner filed a Petition for Temporary Injunctive Relief and a Motion to try the Petition on the Administrative Record and Affidavits pursuant to Section 10(j) of the National Labor Relations Act, as amended (the Act), 29 U.S.C. Section 160(j).

  2. On March 23, 2022, District Court Judge Diane Gujarati heard oral arguments on behalf of Petitioner and Respondent.

3. By Order dated March 24, 2022, the Court ordered discovery limited to the issue of whether the injunctive relief sought by Petitioner is just and proper and referred the parties to Magistrate Sanket J. Bulsara for discovery management.

4. On March 30, 2022, at an in-person status conference, Magistrate Judge Bulsara ordered circumscribed discovery limited to documents "cited to or relied upon" by the Affiants in their affidavits and prohibited third-party discovery from the Amazon Labor Union as well as discovery from Petitioner. Magistrate Judge Bulsara further ordered that all discovery to be completed by May 2, 2022.

5. On April 6, 2022, Respondent issued its Request(s) to Produce Documents to the Affiants. *See* ECF 34 at Exhs. A, B, C, and D.

6. On April 8, 2022, Respondent and Petitioner filed a joint letter detailing their discovery disputes to Magistrate Judge Bulsara. ECF 34.

7. On April 18, 2022, at an in-person status conference, Magistrate Judge Bulsara, denied Respondent's Request(s) to Produce Documents, with the exception of one spreadsheet, because the documents sought by Respondent were outside the scope of Magistrate Judge Bulsara's order limiting discovery of documents to those cited by the Affiants. Magistrate Judge Bulsara extended the date to complete discovery to May 25, 2022.

8. On May 14, 2022, Respondent issued its deposition notices to Affiants Derrick Palmer, Gerald Bryson, Tristan Martinez, and Christian Smalls, whose depositions were completed by May 25, 2022, in accordance with Magistrate Judge Bulsara's order.

9. Petitioner avers that Respondent did not limit its questioning of each deponent to the just and proper inquiry, as the Court had clearly ordered. Instead, Respondent posed questions to each deponent to elicit testimonial evidence pertaining to matters unrelated to the Court's

discovery order limited to the just and proper evidence and went far beyond Magistrate Judge Bulsara's order, which prohibited, among other things, third-party discovery.

10. Deposition questions sought evidence related to the litigation in the NLRB administrative proceeding, which commenced on June 13, 2022, regarding Respondent's objections to the outcome of the election in Representation Case No. 29-RC-288020. A copy of the Order Rescheduling Hearing on Objections and a copy of Respondent's objections are attached hereto as Exhibit 1 and 2, respectively.

(a) In support of paragraph 10, Petitioner submits that Respondent questioned Smalls about whether the Amazon Labor Union distributed marijuana in return for employee support in the election. Smalls deposition at pgs. 154-156. Respondent's question is not related to the just and proper inquiry whatsoever, but instead seeks evidence in connection to Respondent's Objection 22. *See* Exhibit 2 at page 15.

(b) In support of paragraph 10, Petitioner submits that Respondent questioned deponents about filings that Amazon Labor Union were required to file under Title II of the Labor Management Reporting and Disclosure Act (LMRDA) of 1959, as amended, 29 U.S.C. §§ 401-531. Palmer deposition at 108-109. Respondent's questions went beyond the just and proper inquiry and solely relate to Respondent's Objections 14, 18, 21. *See* Exhibit 2 at page 10-11, 13, 15.

11. During the depositions, Respondent sought evidence related to likely future NLRB administrative proceedings in the underlying administrative case. Administrative Law Judge Benjamin Green found in his April 18, 2022, Decision that Respondent unlawfully discharged Bryson in retaliation for his protected concerted activity, in violation the Act, and ordered that Respondent make Bryson whole by, among other things, paying Bryson for lost wages. *See* ECF

35. Respondent appealed the ALJ's Decision to the Board. In addition, Respondent's questioning elicited evidence that Respondent would not have otherwise obtained to use in settlement discussions, as Bryson awaits Respondent's long-awaited counter-proposal.

(a) In support of paragraph 11, Petitioner submits that Respondent questioned Bryson at the deposition about his efforts to search for work. Bryson deposition at pgs. 305-311. Respondent's questioning directly relates to evidence relevant to a potential future NLRB compliance proceeding, and not the instant limited discovery regarding just and proper.

12. Respondent asked Smalls, Palmer, Martinez and Bryson questions that constituted prohibited third-party discovery from the Amazon Labor Union about internal Union matters.

(a) In support of paragraph 12, Petitioner submits that Respondent questioned deponents regarding their communications with Amazon Labor Union Counsels Eric Milner and Seth Goldstein who were not present to assert any privilege objections. Smalls deposition at pgs. 121, 238; Palmer deposition at pgs. 251-252; Bryson deposition at pgs. 50-51.

(b) In support of paragraph 12, Petitioner submits that Respondent questioned the deponents regarding the inner workings and organizing strategy of the Amazon Labor Union such as its financial information and locations and discussions at Union meetings. Palmer deposition at 107-109; Smalls deposition at pg. 64; Bryson deposition at pg. 282 (questions regarding the ALU's finances); *See also*, Bryson deposition at pg. 69; Smalls deposition at pgs. 244-245 (questions related to Union meetings).

(c) In support of paragraph 12, Petitioner submits that Respondent asked deponents to identify the custodian of records for the documentary being filmed about Amazon Labor Union's organizing efforts. Bryson deposition at pgs. 271-273; Palmer deposition at pg. 136.

(d) In support of paragraph 12, Petitioner submits that Respondent questioned deponents about Amazon Labor Union's constitution and by-laws. Palmer deposition at pgs. 110-111; Smalls deposition at pgs. 197-199; Martinez deposition at pgs. 172-173.

(e) In support of paragraph 12, Petitioner submits that Respondent asked deponents to identify workers by name in videos obtained by Respondent from the Amazon Labor Union's social media accounts. *See e.g.*, Bryson deposition at pgs. 299-302.

14. Petitioner asserts that the aforementioned evidence obtained—in contravention of the Court's limited discovery order—would undermine future NLRB proceedings, and undermine the Amazon Labor Union's interests and ability to organize.

15. I certify that on June 8, 2022, Petitioner initially conferred with Respondent in an effort to resolve the dispute without court action. Due to Respondent's vacation schedule the parties have been unable to confer since June 8th. Because the Representation Case No. 29-RC-288020 commenced on June 13, 2022, the need for the instant Protective Order has ripened. If Respondent were to use the evidence obtained at the depositions in the Representation Case, Amazon Labor Union—who is not a party to the injunction proceedings, and was unrepresented during the depositions—would be prejudiced as NLRB proceedings do not afford the parties discovery.

16. For the foregoing reasons, Petitioner respectfully requests that an Order be entered instructing Respondent enter into a protective order keeping the deposition transcript confidential, limiting the use of deposition evidence only to this injunction proceeding , and, if filed, to file the deposition transcripts under seal, as the case may be. A proposed protected order is attached hereto.

17. Respondent has stated an intent to file deposition transcripts, which contain out-of-scope evidence, as attachments to its proposed briefing before the Court.  Accordingly, Petitioner requests that the depositions be placed under seal only in the event that Respondent files the depositions, or portions thereof, as evidence in its Court filings.

Dated June 16, 2022

Respectfully submitted,

\_\_/s/ Evamaria Cox_____
Evamaria Cox
Matthew A. Jackson
Counsel for Petitioner
National Labor Relations Board
Two MetroTech Center, Suite 5100
Brooklyn, NY 11201
Telephone: (718) 765-6172
Email: Evamaria.Cox@nlrb.gov