# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

KATHY DREW KING, Regional Director
of Region 29 of the National Labor Relations
Board, for and on behalf of the NATIONAL
LABOR RELATIONS BOARD

                Petitioner

v.

AMAZON.COM SERVICES LLC

                Respondent

AMENDED PETITION FOR
TEMPORARY INJUNCTION
UNDER SECTION 10(J) OF THE
NATIONAL LABOR
RELATIONS ACT

22--CV--01479

To the Honorable Judge Diane Gujarati of the United States District Court for the Eastern District of New York:

Comes now Kathy Drew King, Regional Director for Region 29 of the National Labor Relations Board (the Board), and petitions this Court for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended (the Act), (29 U.S.C. § 160(j)), for appropriate injunctive relief pending the disposition of the matters involved herein before the Board on the Complaint and Notice of Hearing of the General Counsel of the Board in Case No. 29-CA-261755, alleging that Amazon.com Services LLC (Respondent) has engaged in unfair labor practices in violation of Section 8(a)(1) of the Act (29 U.S.C. §158(a)(1)).

In support of her Petition, Petitioner respectfully shows as follows:

1.      Petitioner, the Regional Director of Region 29 of the Board, an agency of the United States Government, files this petition for and on behalf of the Board.

2.      Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act. (29 U.S.C. § 160(j)).

3.      On June 17, 2020, the Charging Party, Gerald Bryson (Bryson) filed an unfair labor practice charge with the Board in Case No. 29-CA-261755, alleging that Respondent suspended and subsequently discharged Bryson in violation of Section 8(a)(1) of the Act.  A copy of the charge and corresponding affidavit of service is attached as Exhibit A.

4.      On December 22, 2020, Petitioner issued a Complaint and Notice of Hearing (the Complaint) in Case No. 29-CA-261755, alleging that Respondent engaged in unfair labor practices within the meaning of Section 8(a)(1) of the Act.  A copy of the Complaint and corresponding affidavit of service is attached as Exhibit B.

5.      (a)      A trial on the allegations contained in the Complaint in Case No. 29-CA-261755 was held before Administrative Law Judge Benjamin Green on various dates beginning March 29, 2021, and including May 4-5, May 10-11, May 13-14, May 17 and May 24-27, 2021, on which dates witness testimony on the merits was taken.

(b)      On March 29, 2021, the Administrative Law Judge granted the General Counsel of the Board, by Petitioner's, oral motion to amend the Complaint.

6.      On April 18, 2022 the Administrative Law Judge issued his Decision in Case No. 29-CA-261755 finding, *inter alia*, that Bryson was unlawfully terminated for engaging in protected concerted activity protected by the Act. A copy of the Administrative Law Judge's Decision is attached to Document No. 35 entered into the docket in this case.

7.      There is reasonable cause to believe that the allegations set forth in the Complaint in Case No. 29-CA-261755, as amended, are true and that Respondent engaged in the unfair labor practices affecting commerce within the meaning of Section 8(a)(1) of the Act, as alleged therein. Specifically, there is reasonable cause to believe that Respondent discharged and has been failing and refusing to reinstate Bryson, or offering to reinstate Bryson to his former position of

employment in violation of Section 8(a)(1) of the Act.  As such, Respondent is currently and actively depriving an employee of his rights guaranteed in Section 7 of the Act, such that injunctive relief is necessary.  In support of this request for relief, Petitioner will show as follows:

(a)   At all material times, Respondent, a Delaware limited liability company with a Fulfillment Center in Staten Island, New York (JFK8 Facility) has been engaged in providing online retail sales throughout the United States.

(b)   During the past twelve-month period, which period is representative of its operations in general, Respondent, in conducting its business operations described above in subparagraph 5(a), derived gross revenues in excess of $500,000 and purchased and received at its JFK8 Facility goods valued in excess of $5,000 directly from points outside the State of New York.

(c)   At all material times, Respondent has been an employment engaged in commerce within the meaning of Sections 2(2), (6), and (7) of the Act.

(d)   At all material times, Tyler Grabowski held the position of Respondent's Human Resources Business Partner and has been a supervisor of Respondent within the meaning of Section 2(11) of the Act and an agent of Respondent within the meaning of Section 2(13) of the Act.

(e)   On or about March 25, 2020, during Respondent's morning managers meeting, Bryson engaged in protected concerted activity by advocating, with his coworkers, for workplace health and safety protections in light of the COVID-19 pandemic and by protesting with his coworkers Respondent's failure to provide greater COVID-19 safety protections to employees.

(f)   On or about March 30, 2020, during a demonstration at the JFK8 Facility, Bryson engaged in protected concerted activity by protesting with his coworkers Respondent's failure to provide greater COVID-19 safety protections to employees.

(g)  On or about April 6, 2020, during a demonstration at the JFK8 Facility, Bryson engaged in protected concerted activity by protesting with coworkers Respondent's failure to provide greater COVID-19 safety protections to employees.

(h)  On or about April 17, 2020, Respondent discharged Bryson.

(i)  Since on or about April 17, 2020, Respondent has failed and refused to reinstate, or offer to reinstate, Bryson to his former position of employment.

(j)  Respondent engaged in the conduct described above in paragraphs 7(h) and 7(i) because Bryson engaged in the conduct described above in paragraphs 7(e), 7(f), and 7(g), and to discourage employees from engaging in these or other concerted activities.

(l)  By the conduct described above in paragraphs 7(h) and 7(i), Respondent has been interfering with, restraining and coercing employees in the exercise of rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

(m)  The unfair labor practices of Respondent, described above, affect commerce within the meaning of Sections 2(6) and (7) of the Act.

8.  (a)  At the employee demonstration on March 30, 2020, Bryson became the public face of the organizing movement for improved COVID-19 health and safety practices at the JFK8 Facility.

(b)  In the time since Bryson's termination in April 2020, Respondent's employees have formed a union, the Amazon Labor Union (Union), and certain employees, including Bryson, engaged in protected union organizing activity among Respondent's employees.

(c)  On October 25, 2021, the Union filed with Region 29 of the Board a petition for a representation election in Case No. 29-RC-285057 to determine whether employees at Respondent's four Staten Island, New York facilities wished to be represented by the Union for

4

the purposes of collective bargaining.  The Union withdrew this petition on November 12, 2021, because it did not have a sufficient showing of interest to support the processing of the petition.  A copy of the petition in in Case No. 29-RC-285057 and the Order Approving Withdrawal of the Petition Without Prejudice is attached as Exhibit C.

(d)  On December 22, 2021, the Union filed with Region 29 of the Board a second petition in Case No. 29-RC-288020 for a representation election to determine whether employees at a single Respondent facility in Staten Island, known as JFK8, wished to be represented by the Union.  Pursuant to a stipulated election agreement entered between the Parties in Case No. 29-RC-288020 and approved by the undersigned Regional Director, an election is scheduled to be conducted by the Board on March 25 and 26 and March 28 through 30, 2022.  A copy of the petition in Case No. 29-RC-288020 and the approved stipulated election agreement are attached as Exhibit D.

(e)  On April 1, 2022 Region 29 tallied the ballots in the aforementioned election, determining that the Amazon Labor Union had received a majority of the ballots cast. A copy of the Tally of Ballots is attached as Exhibit E.

(f)  Respondent has filed with the Board objections to the conduct of the aforementioned election, and the General Counsel of the Board has transferred the matter to the Regional Director for Region 28 of the Board.  On April 29, 2022, the Regional Director for Region 28 of the Board issued an Order Directing Hearing and Notice of Hearing on Respondent's Objections to the conduct of the election.  A copy of the Order Directing Hearing and Notice of Hearing is attached as Exhibit F.  The hearing commenced on June 13, 2022 and continues to date.

9.  Upon information and belief, unless the aforesaid flagrant unfair labor practices are immediately enjoined, Respondent's serious flouting of the Act will continue unchecked, with the

result that enforcement of important provisions of the Act and of public policy will be thwarted before Respondent can be placed under legal restraint through the regular procedures of the Board. Unless the injunctive relief is granted, it may be fairly anticipated Respondent will continue its unlawful conduct during the proceedings before the Board by continuing to unlawfully refuse to reinstate Bryson to his former position.  Consequently, Respondent's employees will inevitably conclude that the Board cannot effectively protect their rights under Section 7 of the Act to engage in protected concerted activities with coworkers to improve their terms and conditions of employment, to form, join or assist labor organizations, to bargain collectively through representatives of their own choosing, or to refrain from any and all such activities, gravely undermining the Board's remedial power.  It may be further fairly anticipated that by the time a Board Order can be obtained against Respondent, it will not be possible to restore the status quo that existed before Respondent's unfair labor practices.

10. Upon information and belief, to avoid the serious consequences set forth above in paragraph 9, it is just, proper and appropriate for purposes of effectuating the policies of the Act, to avoid substantial irreparable and immediate harm to the national policy protecting workers' right to band together, and to avoid irreparable harm to the rights of Respondent's employees and to the public interest, in accordance with the purposes of 10(j) of the Act that Respondent be enjoined and restrained pending final disposition of the matters herein before the Board, as herein prayed.

11. No previous application, outside of this case before the Court, has been made for the relief requested herein.

**WHEREFORE,** Petitioner prays:

That the Court issue an Order directing Respondent to appear before this Court, at a time and place fixed by the Court, and to show case, if any, why a temporary injunction should not issue enjoining and restraining Respondent, their officers, agents, representatives, employees, attorneys, successors, and assigns, and all persons acting in concert or participation with them, pending the final disposition of the matters by the Board, as follows:

1.    Cease and desist from:

    (a)    Discharging employees because they engaged in protected concerted activity;

    (b)    In any like or related manner interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them by Section 7 of the Act.

2.    Take the following affirmative action designed to effectuate the polices of the Act:

    (a)    Within five (5) days from the date of the District Court's Order, offer, in writing, Gerald Bryson immediate reinstatement to his former position, or, if his position no longer exists, to a substantially equivalent position without prejudice to his seniority or any other rights and privileges previously enjoyed, and displacing, if necessary, any employee who has been hired or reassigned to replace him;

    (b)    Immediately rescind the unlawful discharge issued to Gerald Bryson, on an interim basis expunge the adverse employment action from his employment records, and refrain from relying on the discharge in assessing any future disciplinary actions while this injunction order is in effect;

(c)     Within seven (7) days from the date of the District Court's Order, the Employer shall:

i.   Post a physical copy of the District Court's Order, including a Spanish-language version, the translation of which is to be paid for by the Employer and approved by the Regional Director of Region 29, in all breakrooms, bathrooms, and bathroom stalls at the Employer's JFK8 Facility, along the "Green Mile" corridor located at the Employer's JFK8 Facility, and in all other places where the Employer typically posts notices to its employees at the JFK8 Facility; and, grant to agents of the Board reasonable access to its worksites to monitor compliance with this posting requirement;

ii.   Distribute electronic copies, in English and Spanish, of the District Court's injunctive Order to all employees employed at the Employer's JFK8 Facility via the "Amazon A to Z" website and web application, the "Voice of Associates Board" displayed at the JFK8 Facility, Amazon Hub, and all other intranet or internet sites or apps that the Employer uses to communicate with employees; and

iii.   (A) Hold one or more mandatory employee meetings, on working time and at times when the Employer customarily holds employee meetings, and scheduled to ensure the widest possible employee attendance, albeit with proper physical distancing

measures due to the COVID-19 pandemic, at which the Order will be read to hourly employees by a responsible Employer official in the presence of a Board agent or, at the Employer's option, by a Board agent in the presence of a responsible Employer official; at the Region's option, the Board agent's presence may be by video conference; (B) announce the meeting(s) for the Order reading in the same manner the Employer would customarily announce a meeting of employees; and (C) require that all hourly employees attend the meeting(s). The Order shall be read in both English and Spanish.

(d)     Within twenty (20) days of the issuance of this Order, file with the District Court and serve a copy upon the Regional Director of Region 29 of the Board, a sworn affidavit from a responsible Respondent official that describes with specificity how Respondent has complied with the terms of this decree, including the exact locations where Respondent has posted the materials required under this Order.

Dated on July 8, 2022.

Kathy Drew King
Regional Director, Region 29
National Labor Relations Board
Two MetroTech Center, Suite 5100
Brooklyn, New York 11201

9

# Exhibit A

FORM EXEMPT UNDER 44 U.S.C 3512

INTERNET
FORM NLRB-501
(2-08)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case 29-CA-261755 | Date Filed 6/17/2020 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a.  Name of Employer | | b.  Tel. No. (888) 892-7180 |
|---|---|---|
| Amazon.com Services LLC | | c.  Cell No. |
| | | f.  Fax No. |
| d.  Address *(Street, city, state, and ZIP code)* | e.  Employer Representative | g.  e-Mail |
| 546 Gulf Ave NY Staten Island 10314-____ | | h.  Number of workers employed 5000 |
| i.  Type of Establishment *(factory, mine, wholesaler, etc.)* Others | j.  Identify principal product or service E-commerce shipping logistics | |

k. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and *(list subsections)* of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are unfair practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2.  Basis of the Charge *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

--See additional page--

3.  Full name of party filing charge *(if labor organization, give full name, including local name and number)*
Gerald Bryson                              Title:

| 4a.  Address *(Street and number, city, state, and ZIP code)* | 4b.  Tel. No. (347) 893-3271 |
|---|---|
| 1950 Clove Rd. Apt. 543 NY Staten Island 10304-____ | 4c.  Cell No. |
| | 4d.  Fax No. |
| | 4e.  e-Mail  jcream1963@gmail.com |

5.  Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*

| 6.  DECLARATION I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | Tel. No. (929) 265-7692 |
|---|---|
| By  Frank Kearl               Title: Frank Kearl  Staff Attorney | Office, if any, Cell No. |
| *(signature of representative or person making charge)*      *(Print/type name and title or office, if any)* | Fax No. |
| 161 Port Richmond Ave. Address  Staten Island NY 10302-____        06/16/2020 17:33:41  *(date)* | e-Mail  frank.kearl@maketheroadny.org |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses of the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

# Basis of the Charge

**8(a)(1)**

Within the previous six months, the Employer discharged an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, discussing wages and/or other terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

| Name of employee discharged | Approximate date of discharge |
|---|---|
| Gerald Bryson | 04/18/2020 |

**8(a)(1)**

Within the previous six months, the Employer discharged an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, protesting terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

| Name of employee discharged | Approximate date of discharge |
|---|---|
| Gerald Bryson | 04/18/2020 |

**8(a)(1)**

Within the previous six months, the Employer disciplined or retaliated against an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, discussing wages, hours, or other terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

| Name of employee disciplined/retaliated against | Type of discipline/retaliation | Approximate date of discipline/retaliation |
|---|---|---|
| Gerald Bryson | Suspended | 04/10/2020 |

**8(a)(1)**

Within the previous six months, the Employer disciplined or retaliated against an employee(s) because the employee(s) engaged in protected concerted activities by, inter alia, protesting terms and conditions of employment and in order to discourage employees from engaging in protected concerted activities.

| Name of employee disciplined/retaliated against | Type of discipline/retaliation | Approximate date of discipline/retaliation |
|---|---|---|
| Gerald Bryson | Suspended | 04/10/2020 |

## UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

| | |
|---|---|
| **AMAZON.COM SERVICES LLC**<br><br>    Charged Party<br><br>    and<br><br>**GERALD BRYSON**<br><br>    Charging Party | **Case 29-CA-261755** |

**AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER**

I, the undersigned employee of the National Labor Relations Board, state under oath that on June 17, 2020**,** I served the above-entitled document(s) by post-paid regular mail upon the following persons, addressed to them at the following addresses:

Amazon.com Services LLC
546 Gulf Ave
Staten Island, NY 10314-_____

June 17, 2020

FREDA DEVONSHIRE, Designated
Agent of NLRB

_____          _____
           Date                                                        Name

                                  /S/
                                  Signature

**Exhibit B**

FORM NLRB 4338
(6-90)

# UNITED STATES OF AMERICA
## BEFORE THE NATIONAL LABOR RELATIONS BOARD
## REGION 29

**AMAZON.COM SERVICES LLC**

    **And**                                         **Case No.  29-CA-261755**

**GERALD BRYSON, AN INDIVIDUAL**

## COMPLAINT AND NOTICE OF HEARING

This Complaint and Notice of Hearing is based on a charge filed by Gerald Bryson (Bryson or the Charging Party).  It is issued pursuant to Section 10(b) of the National Labor Relations Act (the Act), 29 U.S.C. § 151 et seq., and Section 102.15 of the Rules and Regulations of the National Labor Relations Board (the Board) and alleges that Amazon.com Services LLC (Respondent) has violated the Act as described below.

1.      The charge in this proceeding was filed by the Charging Party on June 17, 2020, and a copy was served on Respondent by U.S. mail on June 17, 2020.

2.      (a)      At all material times, Respondent, a Delaware limited liability company with a Fulfillment Center in Staten Island, New York (JFK8 Facility) has been engaged in providing online retail sales throughout the United States.

      (b)      During the past twelve-month period, which period is representative of its operations in general, Respondent, in conducting its business operations described above in subparagraph 2(a), derived gross revenues in excess of $500,000 and purchased and received at its JFK8 Facility goods valued in excess of $5,000 directly from points outside the State of New York.

3.      At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

4.      At all material times, Tyler Grabowski held the position of Respondent's Human Resources Business Partner and has been a supervisor of Respondent within the meaning of Section 2(11) of the Act and an agent of Respondent within the meaning of Section 2(13) of the Act.

5.      On or about April 6, 2020, during a demonstration at the JFK8 Facility, Bryson engaged in protected concerted activity by protesting Respondent's failure to provide greater COVID-19 safety protections to employees.

6.      (a)      On or about April 10, 2020, Respondent suspended Bryson.

        (b)      On or about April 17, 2020, Respondent discharged Bryson.

        (c)      Since on or about April 10, 2020, Respondent has failed and refused to reinstate, or offer to reinstate, Bryson to his former position of employment.

7.      Respondent engaged in the conduct described above in paragraph 6 because Bryson engaged in the conduct described above in paragraph 5, and to discourage employees from engaging in these or other concerted activities.

8.      By the conduct described above in paragraphs 6 and 7, Respondent has been interfering with, restraining and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

9.      The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

        As part of the remedy for the unfair labor practices alleged above in paragraphs 6 and 7, the General Counsel seeks an Order requiring Respondent to submit to the Regional Director a copy of the IRS form W-2 reflecting backpay paid to Gerald Bryson.

        The General Counsel also seeks, as part of the remedy for the allegations in paragraphs 6 and 7, an Order requiring Respondent to physically post and to electronically distribute the Notice

to Employees by Respondent's intranet application "Amazon A to Z" and by its "JFK8 inSites" e-mail, in Spanish in addition to English.

The General Counsel further seeks all other relief as may be just and proper to remedy the unfair labor practices alleged.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the Complaint.  The answer must be **received by this office on or before January 5, 2021 or postmarked on or before January 4, 2021**.  Respondent also must serve a copy of the answer on each of the other parties.

The answer must be filed electronically through the Agency's website.  To file electronically, go to www.nlrb.gov, click on **E-File Documents,** enter the NLRB Case Number, and follow the detailed instructions.  Responsibility for the receipt and usability of the answer rests exclusively upon the sender.  Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason.  The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented.  See Section 102.21.  If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office.  However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within

three (3) business days after the date of electronic filing.  Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations.  The answer may not be filed by facsimile transmission.  If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the Complaint are true.

Any request for an extension of time to file an answer must, pursuant to Sections 102.22 and 102.2 of the Board's Rules and Regulations, be filed electronically by the close of business on **January 5, 2021.** The request should be in writing and addressed to the Regional Director of Region 29.

## <u>NOTICE OF HEARING</u>

PLEASE TAKE NOTICE THAT on **March 29, 2021**, **at 9:30 AM,** and on consecutive days thereafter until concluded, a hearing will be conducted before an administrative law judge of the National Labor Relations Board by videoconference, or in a manner and at a location otherwise ordered by the Administrative Law Judge.  At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this Complaint.  The procedures to be followed at the hearing are described in the attached Form NLRB-4668. The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated:  December 22, 2020

KATHY DREW-KING
REGIONAL DIRECTOR
NATIONAL LABOR RELATIONS BOARD
REGION 29
Two Metro Tech Center
Suite 5100
Brooklyn, NY 11201-3838

Attachments

# UNITED STATES GOVERNMENT
## NATIONAL LABOR RELATIONS BOARD
### NOTICE

Case 29-CA-261755

The issuance of the notice of formal hearing in this case does not mean that the matter cannot be disposed of by agreement of the parties.  On the contrary, it is the policy of this office to encourage voluntary adjustments.  The examiner or attorney assigned to the case will be pleased to receive and to act promptly upon your suggestions or comments to this end.

An agreement between the parties, approved by the Regional Director, would serve to cancel the hearing.  However, unless otherwise specifically ordered, the hearing will be held at the date, hour, and place indicated.  Postponements **will not be granted** unless good and sufficient grounds are shown **and** the following requirements are met:

(1) The request must be in writing. An original and two copies must be filed with the Regional Director when appropriate under 29 CFR 102.16(a) or with the Division of Judges when appropriate under 29 CFR 102.16(b).

(2) Grounds must be set forth in **detail**;

(3) Alternative dates for any rescheduled hearing must be given;

(4) The positions of all other parties must be ascertained in advance by the requesting party and set forth in the request; and

(5) Copies must be simultaneously served on all other parties (listed below), and that fact must be noted on the request.

Except under the most extreme conditions, no request for postponement will be granted during the three days immediately preceding the date of hearing.

Ross H. Friedman , Counsel for Commonwealth
   Edison Company
Morgan, Lewis & Bockius LLP
77 W Wacker Dr Fl 5
Chicago, IL 60601-1671

Amazon.com Services LLC
546 Gulf Ave
Staten Island, NY 10314

Gerald Bryson
1950 Clove Rd.
Apt. 543
Staten Island, NY 10304

Frank Kearl , Staff Attorney
Make the Road New York
161 Port Richmond Ave.
Staten Island, NY 10302

# Procedures in NLRB Unfair Labor Practice Hearings

The attached complaint has scheduled a hearing that will be conducted by an administrative law judge (ALJ) of the National Labor Relations Board who will be an independent, impartial finder of facts and applicable law. **You may be represented at this hearing by an attorney or other representative**. If you are not currently represented by an attorney, and wish to have one represent you at the hearing, you should make such arrangements as soon as possible. A more complete description of the hearing process and the ALJ's role may be found at Sections 102.34, 102.35, and 102.45 of the Board's Rules and Regulations. The Board's Rules and regulations are available at the following link: www.nlrb.gov/sites/default/files/attachments/basic-page/node-1717/rules_and_regs_part_102.pdf.

The NLRB allows you to file certain documents electronically and you are encouraged to do so because it ensures that your government resources are used efficiently. To e-file go to the NLRB's website at www.nlrb.gov, click on "e-file documents," enter the 10-digit case number on the complaint (the first number if there is more than one), and follow the prompts. You will receive a confirmation number and an e-mail notification that the documents were successfully filed.

**Although this matter is set for trial, this does not mean that this matter cannot be resolved through a settlement agreement**. The NLRB recognizes that adjustments or settlements consistent with the policies of the National Labor Relations Act reduce government expenditures and promote amity in labor relations and encourages the parties to engage in settlement efforts.

## I.     BEFORE THE HEARING

The rules pertaining to the Board's pre-hearing procedures, including rules concerning filing an answer, requesting a postponement, filing other motions, and obtaining subpoenas to compel the attendance of witnesses and production of documents from other parties, may be found at Sections 102.20 through 102.32 of the Board's Rules and Regulations. In addition, you should be aware of the following:

- **Special Needs:** If you or any of the witnesses you wish to have testify at the hearing have special needs and require auxiliary aids to participate in the hearing, you should notify the Regional Director as soon as possible and request the necessary assistance. Assistance will be provided to persons who have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.603.

- **Pre-hearing Conference:** One or more weeks before the hearing, the ALJ may conduct a telephonic prehearing conference with the parties. During the conference, the ALJ will explore whether the case may be settled, discuss the issues to be litigated and any logistical issues related to the hearing, and attempt to resolve or narrow outstanding issues, such as disputes relating to subpoenaed witnesses and documents. This conference is usually not recorded, but during the hearing the ALJ or the parties sometimes refer to discussions at the pre-hearing conference. You do not have to wait until the prehearing conference to meet with the other parties to discuss settling this case or any other issues.

## II.     DURING THE HEARING

The rules pertaining to the Board's hearing procedures are found at Sections 102.34 through 102.43 of the Board's Rules and Regulations. Please note in particular the following:

- **Witnesses and Evidence**: At the hearing, you will have the right to call, examine, and cross-examine witnesses and to introduce into the record documents and other evidence.

- **Exhibits:** **Each exhibit offered in evidence must be provided in duplicate to the court reporter and a copy of each of each exhibit should be supplied to the ALJ and each party when the exhibit is offered in evidence.** If a copy of any exhibit is not available when the original is received, it will be the responsibility of the party offering such exhibit to submit the copy to the ALJ before the close of hearing. If a copy is not

submitted, and the filing has not been waived by the ALJ, any ruling receiving the exhibit may be rescinded and the exhibit rejected.

- **Transcripts**:  An official court reporter will make the only official transcript of the proceedings, and all citations in briefs and arguments must refer to the official record. The Board will not certify any transcript other than the official transcript for use in any court litigation.  Proposed corrections of the transcript should be submitted, either by way of stipulation or motion, to the ALJ for approval.  Everything said at the hearing while the hearing is in session will be recorded by the official reporter unless the ALJ specifically directs off-the-record discussion.  If any party wishes to make off-the-record statements, a request to go off the record should be directed to the ALJ.

- **Oral Argument:**  You are entitled, on request, to a reasonable period of time at the close of the hearing for oral argument, which shall be included in the transcript of the hearing.  Alternatively, the ALJ may ask for oral argument if, at the close of the hearing, if it is believed that such argument would be beneficial to the understanding of the contentions of the parties and the factual issues involved.

- **Date for Filing Post-Hearing Brief**:  Before the hearing closes, you may request to file a written brief or proposed findings and conclusions, or both, with the ALJ.  The ALJ has the discretion to grant this request and to will set a deadline for filing, up to 35 days.

## III.   **AFTER THE HEARING**

The Rules pertaining to filing post-hearing briefs and the procedures after the ALJ issues a decision are found at Sections 102.42 through 102.48 of the Board's Rules and Regulations.  Please note in particular the following:

- **Extension of Time for Filing Brief with the ALJ:**  If you need an extension of time to file a post-hearing brief, you must follow Section 102.42 of the Board's Rules and Regulations, which requires you to file a request with the appropriate chief or associate chief administrative law judge, depending on where the trial occurred.  You must immediately serve a copy of any request for an extension of time on all other parties and furnish proof of that service with your request.  You are encouraged to seek the agreement of the other parties and state their positions in your request.

- **ALJ's Decision:**  In due course, the ALJ will prepare and file with the Board a decision in this matter.  Upon receipt of this decision, the Board will enter an order transferring the case to the Board and specifying when exceptions are due to the ALJ's decision.  The Board will serve copies of that order and the ALJ's decision on all parties.

- **Exceptions to the ALJ's Decision**:  The procedure to be followed with respect to appealing all or any part of the ALJ's decision (by filing exceptions with the Board), submitting briefs, requests for oral argument before the Board, and related matters is set forth in the Board's Rules and Regulations, particularly in Section 102.46 and following sections.  A summary of the more pertinent of these provisions will be provided to the parties with the order transferring the matter to the Board.

**UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 29**

**AMAZON.COM SERVICES LLC**

     **and**                                           **Case 29-CA-261755**

**GERALD BRYSON, an Individual**

**AFFIDAVIT OF SERVICE OF: Complaint and Notice of Hearing (with forms NLRB-4338 and NLRB-4668 attached)**

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on , I served the above-entitled document(s) by **e-issuance,** as noted below, upon the following persons, addressed to them at the following addresses:

Ross H. Friedman , Counsel for
  Commonwealth Edison Company
Morgan, Lewis & Bockius LLP
77 W Wacker Dr Fl 5
Chicago, IL 60601-1671

Amazon.com Services LLC
546 Gulf Ave
Staten Island, NY 10314

Gerald Bryson
1950 Clove Rd.
Apt. 543
Staten Island, NY 10304

Frank Kearl , Staff Attorney
Make the Road New York
161 Port Richmond Ave.
Staten Island, NY 10302

December 22, 2020

| | Tasha V. Fred , Designated Agent of NLRB |
|---|---|
| Date | **Name** |
| | /s/ *Tasha V. Fred* |
| | Signature |

# Exhibit C

FORM NLRB-502 (RC)
(4-15)

UNITED STATES GOVERNMENT
NATIONAL LABOR RELATIONS BOARD
**R C  P E T I T I O N**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case No. 29-RC-285057 | Date Filed 10/25/2021 |

**INSTRUCTIONS:** *Unless e-Filed using the Agency's website,* www.nlrb.gov, *submit an original of this Petition to an NLRB office in the Region in which the employer concerned is located. The petition must be accompanied by both a showing of interest (see 6b below) and a certificate of service showing service on the employer and all other parties named in the petition of: (1) the petition; (2) Statement of Position form (Form NLRB-505); and (3) Description of Representation Case Procedures (Form NLRB 4812). The showing of interest should only be filed with the NLRB and should not be served on the employer or any other party.*

**1. PURPOSE OF THIS PETITION: RC-CERTIFICATION OF REPRESENTATIVE** - A substantial number of employees wish to be represented for purposes of collective bargaining by Petitioner and Petitioner desires to be certified as representative of the employees. **The Petitioner alleges that the following circumstances exist and requests that the National Labor Relations Board proceed under its proper authority pursuant to Section 9 of the National Labor Relations Act.**

| **2a. Name of Employer** | **2b. Address(es) of Establishment(s) involved** *(Street and number, city, State, ZIP code)* | | |
|---|---|---|---|
| Amazon.com, Inc. | 1200 12th Avenue South Suite 1200 WA Seattle 98144 | | |

| **3a. Employer Representative** – Name and Title | **3b.  Address (If same as 2b – state same)** 546 Gulf Avenue NY Staten Island 10314 | | | |
|---|---|---|---|---|
| **3c. Tel. No.** (206) 266-2335 | **3d. Cell No.** | **3e. Fax No.** (206) 266-7010 | | **3f. E-Mail Address** |

| **4a. Type of Establishment** *(Factory, mine, wholesaler, etc.)* Consumer Goods | **4b. Principal product or service** E-Commerce | **5a.** *City and State where unit is located:* Staten Island, NY |
|---|---|---|

| **5b. Description of Unit Involved** | **6a.** No. of Employees in Unit: 5500 |
|---|---|
| **Included:** _____ | **6b.** Do a substantial number (30% or more) of the employees in the unit wish to be represented by the Petitioner?  Yes [ ● ]  No [    ] |
| **Excluded:** _____ | |

**Check One:**  ○ 7a.  Request for recognition as Bargaining Representative was made on (Date) _____ and Employer declined recognition on or about _____ (Date) *(If no reply received, so state).*

○ 7b.  Petitioner is currently recognized as Bargaining Representative and desires certification under the Act.

| **8a. Name of Recognized or Certified Bargaining Agent (If none, so state).** | **8b. Address** |
|---|---|

| **8c. Tel No.** | **8d Cell No.** | **8e. Fax No.** | **8f. E-Mail Address** |
|---|---|---|---|

| **8g. Affiliation, if any** | **8h. Date of Recognition or Certification** | **8i.** Expiration Date of Current or Most Recent Contract, if any *(Month, Day, Year)* |
|---|---|---|

9. Is there now a strike or picketing at the Employer's establishment(s) involved? No   If so, approximately how many employees are participating? _____

*(Name of labor organization)* _____, has picketed the Employer since *(Month, Day, Year)* _____.

10. Organizations or individuals other than Petitioner and those named in items 8 and 9, which have claimed recognition as representatives and other organizations and individuals known to have a representative interest in any employees in the unit described in item 5b above. *(If none, so state)*

| **10a. Name** | **10b. Address** | **10c. Tel. No.** | **10d. Cell No.** |
|---|---|---|---|
| | | **10e. Fax No.** | **10f. E-Mail Address** |

| **11. Election Details:**  If the NLRB conducts an election in this matter, state your position with respect to any such election. | **11a.** Election Type: ____ Manual ____ Mail ● Mixed Manual/Mail |
|---|---|
| **11b.** Election Date(s): March 30, 2022 | **11c.** Election Time(s): 12AM - 11:59 p.m. | **11d.** Election Location(s): Employee Cafeteria |

| **12a. Full Name of Petitioner (including local name and number)** Chris Smalls Amazon Labor Union | **12b.** Address *(street and number, city, state, and ZIP code)* 67 Redford St. NY Staten Island 10314 |
|---|---|

**12c.** Full name of national or international labor organization of which Petitioner is an affiliate or constituent *(if none, so state)*
None

| **12d.** Tel. No. (201) 283-6658 | **12e.** Cell No. | **12f.** Fax No. | **12g.** E-Mail Address chrismalls21@gmail.com |
|---|---|---|---|

**13. Representative of the Petitioner who will accept service of all papers for purposes of the representation proceeding.**

| **13a.** Name and Title Eric Milner Attorney Simon & Milner | **13b.** Address *(street and number, city, state, and ZIP code)* 99 W. Hawthorne Ave. Suite 308 NY Valley Stream 11580 |
|---|---|
| **13c.** Tel. No. (516) 561-6622 | **13d.** Cell No. | **13e.** Fax No. (516) 561-6828 | **13f.** E-Mail Address emilner@simonandmilner.com |

I declare that I have read the above petition and that the statements are true to the best of my knowledge and belief.

| Name *(Print)* Eric Milner | Signature  Eric Milner | Title Attorney | Date 10/25/2021 09:50:03 AM |
|---|---|---|---|

**WILLFUL FALSE STATEMENTS ON THIS PETITION CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

Attachment

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |

Employees Included

All hourly full-time and regular part time fulfillment associates, process assistants, sortation associates and transportation associates employed at the Employer's Gulf Avenue, Staten Island, NY Facility

 Employees Excluded

Truck drivers, delivery associates, information technology employees, maintenance employees, engineering employees, security guards, loss prevention employees, on-site medical employees, office clerical employees, managerial employees, guards and supervisors as defined by the Act.

**UNITED STATES OF AMERICA**

**BEFORE THE NATIONAL LABOR RELATIONS BOARD**

**REGION 29**


**AMAZON.COM SERVICES, LLC.**

**Employer**

  **and**                                                            **Case 29-RC-285057**

**AMAZON LABOR UNION**

**Petitioner**


**<u>ORDER APPROVING WITHDRAWAL OF PETITION WITHOUT PREJUDICE</u>**
**<u>AND CANCELLING HEARING</u>**


On October 25, 2021, Amazon Labor Union, herein called the Petitioner, filed a petition under Section 9(c) of the National Labor Relations Act, seeking to represent a unit of certain employees employed by Amazon.Com Services, LLC.

On October 25, 2021, the undersigned issued a Notice of Representation Hearing setting a hearing for November 15, 2021.  The Order provided that the Employer's Statement of Position was due on November 4, 2021, and that the Petitioner's Responsive Statement of Position was due on November 9, 2021.

On November 3, 2021, the undersigned issued an Order Rescheduling Hearing and Extending Time to File Statement of Position, which rescheduled the hearing to November 17, 2021, and extended the Employer's time to file a Statement of Position to November 8, 2021, and the Petitioner's time to file a Responsive Statement of Position to November 12, 2021.

On November 8, 2021, the undersigned issued a second Order Rescheduling Hearing and Extending Time to File Statement of Position, which rescheduled the hearing to November 22, 2021, and extended the Employer's time to file a Statement of Position to November 16, 2021, and the Petitioner's time to file a Responsive Statement of Position to November 18, 2021.

On November 12, 2021, the Petitioner requested permission to withdraw its petition.  The Employer does not object to the Petitioner's request to withdraw its petition.

I hereby approve the Petitioner's request to withdraw the petition in Amazon.com Services LLC, 29-RC-285057, without prejudice.  Accordingly,

**IT IS HEREBY ORDERED** that the hearing in the above-entitled matter scheduled for November 22, 2021 is **cancelled**.


Dated:  November 12, 2021



KATHY DREW-KING
REGIONAL DIRECTOR
NATIONAL LABOR RELATIONS BOARD
REGION 29
Two Metro Tech Center
Suite 5100
Brooklyn, NY 11201-3838

# Exhibit D

FORM NLRB-502 (RC)
(4-15)

| UNITED STATES GOVERNMENT<br>NATIONAL LABOR RELATIONS BOARD<br>**R C   P E T I T I O N** | DO NOT WRITE IN THIS SPACE | |
|---|---|---|
| | Case No.<br>29-RC-288020 | Date Filed<br>12/22/2021 |

**INSTRUCTIONS:** *Unless e-Filed using the Agency's website, www.nlrb.gov, submit an original of this Petition to an NLRB office in the Region in which the employer concerned is located. The petition must be accompanied by both a showing of interest (see 6b below) and a certificate of service showing service on the employer and all other parties named in the petition of: (1) the petition; (2) Statement of Position form (Form NLRB-505); and (3) Description of Representation Case Procedures (Form NLRB 4812). The showing of interest should only be filed with the NLRB and should not be served on the employer or any other party.*

1. **PURPOSE OF THIS PETITION: RC-CERTIFICATION OF REPRESENTATIVE** - A substantial number of employees wish to be represented for purposes of collective bargaining by Petitioner and Petitioner desires to be certified as representative of the employees. **The Petitioner alleges that the following circumstances exist and requests that the National Labor Relations Board proceed under its proper authority pursuant to Section 9 of the National Labor Relations Act.**

| 2a. Name of Employer<br>Amazon.com Services LLC | 2b. Address(es) of Establishment(s) involved *(Street and number, city, State, ZIP code)*<br>410 Terry Avenue N.<br>WA Seattle 98109 | | |
|---|---|---|---|
| 3a. Employer Representative – Name and Title<br>Amber Rogers Esq. | 3b. Address (If same as 2b – state same)<br>1445 Ross Avenue Suite 3700<br>TX Dallas 75202 | | |
| 3c. Tel. No.<br>(214) 468-3308 | 3d. Cell No. | 3e. Fax No. | 3f. E-Mail Address<br>arogers@hunton.com |
| 4a. Type of Establishment *(Factory, mine, wholesaler, etc.)*<br>Consumer Goods | 4b. Principal product or service<br>E-Commerce | | 5a. City and State where unit is located:<br>Staten Island, NY |

| 5b. Description of Unit Involved<br>**Included:**<br><br>**Excluded:** | 6a. No. of Employees in Unit:<br>5000 |
|---|---|
| | 6b. Do a substantial number (30% or more) of the employees in the unit wish to be represented by the Petitioner?  Yes [ ● ]  No [    ] |

**Check One:**  ○ 7a.  Request for recognition as Bargaining Representative was made on (Date) _____ and Employer declined recognition on or about _____ (Date) *(If no reply received, so state).*

○ 7b.  Petitioner is currently recognized as Bargaining Representative and desires certification under the Act.

| 8a. Name of Recognized or Certified Bargaining Agent *(If none, so state).* | 8b. Address | |
|---|---|---|
| 8c. Tel. No. | 8d Cell No. | 8e. Fax No. | 8f. E-Mail Address |
| 8g. Affiliation, if any | 8h. Date of Recognition or Certification | 8i. Expiration Date of Current or Most Recent Contract, if any *(Month, Day, Year)* |

9. Is there now a strike or picketing at the Employer's establishment(s) involved? No    If so, approximately how many employees are participating? _____

*(Name of labor organization)* _____, has picketed the Employer since *(Month, Day, Year)* _____.

10. Organizations or individuals other than Petitioner and those named in items 8 and 9, which have claimed recognition as representatives and other organizations and individuals known to have a representative interest in any employees in the unit described in item 5b above. *(If none, so state)*

| 10a. Name | 10b. Address | 10c. Tel. No. | 10d. Cell No. |
|---|---|---|---|
| | | 10e. Fax No. | 10f. E-Mail Address |

| 11. **Election Details:** If the NLRB conducts an election in this matter, state your position with respect to any such election. | 11a. Election Type: ____ Manual ____ Mail  ● Mixed Manual/Mail |
|---|---|
| 11b. Election Date(s):<br>March 30, 2022 | 11c. Election Time(s):<br>12AM - 11:59PM | 11d. Election Location(s):<br>Employee Cafeteria |

| 12a. Full Name of Petitioner *(including local name and number)*<br>Chris  Smalls<br>Amazon Labor Union | 12b. Address *(street and number, city, state, and ZIP code)*<br>67 Redford St.<br>NY Staten Island 10314 |
|---|---|
| 12c. Full name of national or international labor organization of which Petitioner is an affiliate or constituent *(if none, so state)*<br>None | |
| 12d. Tel No.<br>(201) 283-6658 | 12e. Cell No. | 12f. Fax No. | 12g. E-Mail Address<br>chrismalls21@gmail.com |

13. **Representative of the Petitioner who will accept service of all papers for purposes of the representation proceeding.**

| 13a. Name and Title<br>Eric Milner Esq. Attorney<br>Simon & Milner, Esqs. | 13b. Address *(street and number, city, state, and ZIP code)*<br>99 W. Hawthorne Ave. Suite 308<br>NY Valley Stream 11580 |
|---|---|
| 13c. Tel. No.<br>(516) 561-6622 | 13d. Cell No. | 13e. Fax No.<br>(516) 561-6828 | 13f. E-Mail Address<br>emilner@simonandmilner.com |

I declare that I have read the above petition and that the statements are true to the best of my knowledge and belief.

| Name *(Print)*<br>Eric Milner Esq. | Signature  *Eric Milner* | Title<br>Attorney | Date<br>12/22/2021 11:52:29 AM |
|---|---|---|---|

**WILLFUL FALSE STATEMENTS ON THIS PETITION CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

Attachment

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |

Employees Included

All hourly full-time and regular part-time fulfillment center associates employed at the JFK8 Building located at 546 Gulf Avenue, Staten Island, NY 10314.

Employees Excluded

Truck drivers, seasonal employees, temporary employees, clerical employees, professional employees, managerial employees, engineering employees, maintenance employees, robotics employees, information technology employees, delivery associates, security guards, loss prevention employees, on-site medical employees, guard and supervisors as defined by the Act.

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
## STIPULATED ELECTION AGREEMENT

**Amazon.com Services LLC**                                **Case 29-RC-288020**

The parties **AGREE AS FOLLOWS:**

 **1.  PROCEDURAL MATTERS.**  The parties waive their right to a hearing and agree that any notice of hearing previously issued in this matter is withdrawn, that the petition is amended to conform to this Agreement, and that the record of this case shall include this Agreement and be governed by the Board's Rules and Regulations.

 **2.  COMMERCE.**  Amazon.com Services LLC, herein called the Employer is engaged in commerce within the meaning of Section 2(6) and (7) of the National Labor Relations Act and a question affecting commerce has arisen concerning the representation of employees within the meaning of Section 9(c).

 The Employer, a Delaware limited liability company with a Fulfillment Center located at 546 Gulf Avenue, Staten Island, New York, herein called the JFK8 Facility, has been engaged in the retail sale of consumer products throughout the United States. During the past 12-month period, the Employer, in conducting its business operations, derived gross revenues in excess of $500,000 and purchased and received at its JFK8 Facility goods and supplies valued in excess of $5,000 directly from enterprises located outside the State of New York.

 **3.  LABOR ORGANIZATION.**  Amazon Labor Union, herein called the Petitioner, is an organization in which employees participate, and which exists for the purpose, in whole or in part, of dealing with employers concerning grievances, labor disputes, wages, rates of pay, hours of employment, or conditions of work and is a labor organization within the meaning of Section 2(5) of the Act.

 **4.  ELECTION.** A secret-ballot election under the Board's Rules and Regulations shall be held under the supervision of the Regional Director on the date and at the hours and places specified below.

   **DATE:** **Friday, March 25, 2022;**
       **Saturday, March 26, 2022;**
       **Monday, March 28, 2022;**
       **Tuesday, March 29, 2022; and**
       **Wednesday, March 30, 2022**

   **HOURS:** **8:00AM to 1:00PM and 8:00PM to 1:00AM**

   **PLACE:** **In a tent located in the parking area of the Employer's facility at 546 Gulf Avenue**, Staten Island, NY

In addition, the election will be conducted consistent with the following safety protocols:

 (i) Provide a spacious polling area, sufficient to accommodate six (6) foot distancing, which will be marked on the floor with tape to insure separation for observers, Board Agents and voters;

Initials: _____

(ii) Have separate tables spaced six (6) feet apart so Board Agent, observers, ballot booth and ballot box are at least six (6) feet apart;

(iii) Place markings on the floor to remind/enforce social distancing;

(iv) Provide sufficient disposable pencils without erasers for each voter to mark their ballot;

(v) Provide tape to seal challenge ballot envelopes;

(vi) Provide plexiglass barriers of sufficient size to protect the observers and Board Agent and to separate observers and the Board Agent from voters and each other, pre-election conference and ballot count attendees, as well as masks, hand sanitizer, gloves and wipes for observers;

(vii) Allow for an inspection of the polling area by video conference or in person, on **March 22, 2022, at 11:00AM**, or at least 24 hours prior to the election, so that the Board Agent and parties can view the polling area. A representative of Amazon Labor Union will be present during the walkthrough;

(viii) Ensure that, in accordance with CDC guidance, all voters, observers, party representatives, and other participants will wear CDC conforming masks in all phases of the election. The Employer will post signs in or immediately adjacent to the Notice of Election to notify voters, observers, party representatives and other participants of this requirement;

(ix) Provide the Region with required certification pre and post-vote regarding positive COVID-19 tests, if any.

(x) Prior to the date of the manual ballot election, the Regional Director may reassess the COVID-19 infection rates in Richmond County, NY. The Regional Director may, in accordance with guidance set forth in *Apsirus Keweenaw*, 370 NLRB No. 45 (2020), determine that the scheduled, manual ballot election cannot be safely conducted and the Regional Director may cancel, postpone, or order a mail ballot election. If the election is postponed or canceled, the Regional Director, in his or her discretion, may reschedule the date, time, place of the election, or method of the election.

   **5. UNIT AND ELIGIBLE VOTERS.** The following unit is appropriate for the purposes of collective bargaining within the meaning of Section 9(b) of the Act:

   Included: All hourly full-time and regular-part time fulfillment center associates employed at the Employer's JFK8 building located at 546 Gulf Avenue, Staten Island, New York.

   Excluded: Truck drivers, seasonal employees, temporary employees, clerical employees, professional employees, managerial employees, engineering employees, maintenance employees, robotics employees, information technology employees, delivery associates, loss prevention employees, on-site medical employees, guards and supervisors as defined by the Act.

Employees will be called to vote according to a Release Schedule to be approved by the Regional Director. The Employer will post the Release Schedule alongside the Notice of Election. The parties understand that the Board agent conducting the election will not police the release schedule. The Board agent will allow any voter who is in line during the polling period to vote, regardless of whether they are voting according to the release schedule.

Initials: _____

Those eligible to vote in the election are employees in the above unit who were employed during the **payroll period ending February 12, 2022**, including employees who did not work during that period because they were ill, on vacation, or were temporarily laid off.

Also eligible to vote are all employees in the unit who have worked an average of four (4) hours or more per week during the 13 weeks immediately preceding the eligibility date for the election.

Employees engaged in any economic strike, who have retained their status as strikers and who have not been permanently replaced are also eligible to vote. In addition, employees engaged in an economic strike which commenced less than 12 months before the election date, who have retained their status as strikers but who have been permanently replaced, as well as their replacements are eligible to vote. Employees who are otherwise eligible but who are in the military services of the United States may vote if they appear in person at the polls.

Ineligible to vote are (1) employees who have quit or been discharged for cause after the designated payroll period for eligibility, (2) employees engaged in a strike who have been discharged for cause since the commencement thereof and who have not been rehired or reinstated before the election date, and (3) employees engaged in an economic strike which began more than 12 months before the election date who have been permanently replaced.

      **6.   VOTER LIST.**   Within 2 business days after the Regional Director has approved this Agreement, the Employer must provide to the Regional Director and all of the other parties a voter list of the full names, work locations, shifts, job classifications, and contact information (including home addresses, available personal email addresses, and available personal home and cellular telephone numbers) of all eligible voters. The Employer must also include, in a separate section of that list, the same information for those individuals whom the parties have agreed should be permitted to vote subject to challenge. The list must be filed in common, everyday electronic file formats that can be searched. Unless otherwise agreed to by the parties, the list must be provided in a table in a Microsoft Word file (.doc or docx) or a file that is compatible with Microsoft Word (.doc or docx). The first column of the list must begin with each employee's last name and the list must be alphabetized (overall or by department) by last name. The font size of the list must be the equivalent of Times New Roman 10 or larger. That font does not need to be used but the font must be that size or larger. When feasible, the list must be filed electronically with the Regional Director and served electronically on the parties. The Employer must file with the Regional Director a certificate of service of the list on all parties.

      **7.   THE BALLOT.**   The ballots will be in English and Spanish and the Regional Director, in her discretion, will decide any other additional language(s) to be used on the election ballot. All parties should notify the Region as soon as possible of the need to have the Notice of Election and/or ballots translated.

The question on the ballot will be "Do you wish to be represented for purposes of collective bargaining by Amazon Labor Union?" The choices on the ballot will be "Yes" or "No".

      **8.   NOTICE OF ELECTION.**   The Notice of Election will be in English and Spanish, and the Regional Director, in her discretion, will decide any additional the language(s) to be used on the Notice of Election. The Employer must post copies of the Notice of Election in conspicuous places, including all places where notices to employees in the unit are customarily posted, including, but not limited to, on the Employer's bulletin boards, the Employer's Notification tab of AtoZ (to be re-posted at the beginning of March 22, 23, and 24, 2022) and on no fewer than five (5) of the Employer's electronic video displays, at least three (3) full working days prior to 12:01 a.m. of the day of the election. The Employer must also distribute the Notice of Election electronically, if the Employer customarily communicates with employees in the unit electronically. Failure to post or distribute the Notice of Election as required may be grounds for setting aside the election whenever proper and timely objections are filed.

Initials: _____

**9.   NOTICE OF ELECTION ONSITE REPRESENTATIVE.**  The following individual will serve as the Employer's designated Notice of Election onsite representative: Felipe Santos, General Manager; P: 347-215-3436; 546 Gulf Avenue, Staten Island, NY.

**10. ACCOMMODATIONS REQUIRED.**   All parties should notify the Region as soon as possible of any voters, potential voters, or other participants in this election who have handicaps falling within the provisions of Section 504 of the Rehabilitation Act of 1973, as amended, and 29 C.F.R. 100.503, and who in order to participate in the election need appropriate auxiliary aids, as defined in 29 C.F.R. 100.503, and request the necessary assistance.

**11. OBSERVERS.**   Each party may station three (3) authorized, nonsupervisory-employee observers at the polling places to assist in the election, to challenge the eligibility of voters, and to verify the tally.

**12. SHOWING OF IDENTIFICATION.** The parties have agreed that voters will be required to show identification, employer or government issued (i.e. driver's license) or any identification showing a picture and the full name of the individual, upon voting. If a voter fails to present identification, they will vote subject to challenge.

**13. TALLY OF BALLOTS.** The ballot count will be conducted on **Thursday, March 31, 2022,** at 10:00AM, and on consecutive days until the count is completed, at a Region 29 hearing room located at 2 MetroTech Center, Brooklyn, New York. All ballots cast will be comingled and counted, and a tally of ballots prepared and immediately made available to the parties.

**14. POSTELECTION AND RUNOFF PROCEDURES.**   All procedures after the ballots are counted shall conform with the Board's Rules and Regulations.

|                                                         |                                                         |
| ------------------------------------------------------- | ------------------------------------------------------- |
| **Amazon.com Services LLC**                             | **Amazon Labor Union**                                  |
| (Employer)                                              | (Petitioner)                                            |

**By:**    /s/ Amber M. Rogers 2/16/2022          **By:**    /s/ Eric M. Milner   02/16/2022

            (Signature)          (Date)                    (Signature)          (Date)

**Print Name:** _____    **Print Name:** _____

**Recommended:**    /s/ Ioulia Fedorova    2/17/2022

                    IOULIA FEDOROVA, Field Examiner  (Date)

**Date approved:**    2/17/2022 _____

_[signature]_

_____
**Regional Director, Region 29**
**National Labor Relations Board**

# Exhibit E

FORM NLRB-760
(7-10)

UNITED STATES OF AMERICA
**NATIONAL LABOR RELATIONS BOARD**

| | |
|---|---|
| AMAZON.COM SERVICES LLC | Date Filed: December 22, 2021 |
| Employer | Case No.   29-RC-288020 |
| and | Date Issued   April 1, 2022 |
| AMAZON LABOR UNION | City   Brooklyn     State   NY |
| Petitioner | *(If applicable check either or both:)* |

**Type of Election:**
*(Check one:)*

[X] Stipulation
☐ Board Direction
☐ Consent Agreement
☐ RD Direction Incumbent Union (Code)

☐ 8(b) (7)
☐ Mail Ballot

# TALLY OF BALLOTS

The undersigned agent of the Regional Director certifies that the results of tabulation of ballots case in the election held in the above case, and concluded on the date indicated above, were as follows:

| | | |
|---|---|---|
| 1. | Approximate number of eligible voters | 8325 |
| 2. | Number of Void ballots | 17 |
| 3. | Number of Votes cast for   AMAZON LABOR UNION | 2654 |
| 4. | Number of Votes cast for | |
| 5. | Number of Votes cast for | |
| 6. | Number of Votes cast against participating labor organization(s) | 2131 |
| 7. | Number of Valid votes counted (sum 3, 4, 5, and 6) | 4785 |
| 8. | Number of challenged ballots | 67 |
| 9. | Number of Valid votes counted plus challenged ballots (sum of 7 and 8) | 4852 |
| 10. | Challenges are (not) sufficient in number to affect the results of the election. | |
| 11. | A majority of the valid votes counted plus challenged ballots (Item 9) has been cast for | *Amazon Labor Union* |

For the Regional Director     *Fedrw     Ioulia Fedorova*

---

The undersigned acted as authorized observers in the counting and tabulating of ballots indicated above. We hereby certify that the counting and tabulating were fairly and accurately done, that the secrecy of the ballots was maintained, and that the results were as indicated above. We also acknowledge service of this tally.

For Employer     *Amber M Rogers*

For Petitioner     *Christian Smalls*

For _____