# Morgan Lewis

**Christopher J. Murphy**
Senior Attorney
+1.215.963.5601
christopher.murphy@morganlewis.com

August 26, 2022

**VIA ECF**

The Hon. Diane Gujarati
U.S. District Court Judge
U.S. District Court for the Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201
Courtroom 4B South

Re:   *Drew-King v. Amazon.com Services LLC*, No. 1:22-cv-01479-DG-SJB (E.D.N.Y.)

Dear Judge Gujarati:

On behalf of Respondent Amazon.com Services LLC, we write to oppose the Amazon Labor Union's ("ALU") belated request to submit, via letter-motion, to file an amicus brief in support of the amended petition for a Section 10(j) injunction. ECF No. 53. The ALU's request is procedurally improper[1] and unreasonably tardy. The ALU has been aware of and actively following this case since its inception: its interim president and other officers provided affidavits relied upon by the Board in support of its petition and sat for depositions in this case. Yet, despite lodging a plethora of objections during the depositions that it wasn't a party to this case, the ALU still took no action to participate in this case in any fashion until after the record closed and the Court held argument. The ALU offers no explanation for its delay – because there is none. The ALU waited more than 5 months after the original petition was filed to make its eleventh-hour request. For these reasons, and those outlined below, the ALU's request is improper and should be denied.

As the ALU concedes, it has no basis in which to intervene in this case. ECF No. 53-1 at 2; *see, e.g.*, *Amalgamated Clothing Workers v. Richman Bros.,* 348 U.S. 511, 517 (1955) (authority to seek Section 10(j) injunction is "exclusive" to the NLRB). Through its proposed amicus filing and submission of additional exhibits as "evidence," the ALU seeks to end-run this rule by casting itself as an amicus curiae. That is improper.

Indeed, leave to participate as an amicus curiae is reserved for those who will "provide the Court with *neutral* assistance in analyzing the issues before it." *In re Baldwin-United Corp.*, 607 F. Supp. 1312, 1327 (S.D.N.Y. 1985) (emphasis added). Where a putative amicus, however, "come[s] as an advocate for one side," it "does the court, itself and fundamental notions of fairness a disservice."

---

[1] A letter-motion is not permitted for such filings, *see* Local Civ. R. 7.1(d), which is reason alone to deny the ALU's request.

Morgan, Lewis & Bockius LLP

1701 Market Street
Philadelphia, PA  19103-2921       T +1.215.963.5000
United States                      F +1.215.963.5001

Hon. Diane Gujarati
August 26, 2022
Page 2

*United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991).  A true "amicus cannot assume a fully adversarial position, and is precluded from engaging in adversarial activities."  *Russell v. Bd. of Plumbing Examr's*, 74 F. Supp. 2d 349, 351 (S.D.N.Y. 1999).

The ALU indisputably seeks to participate as an advocate and co-petitioner; there is nothing neutral about its submission.  The ALU seeks to "supply[] the Court with information not to their [sic] knowledge presently in the record.  ECF No. 53-1 at 2.  In other words, the ALU wants to supplement the *closed* record in Petitioner's favor in an effort to help Petitioner satisfy its burden of proof.  That is not what an amicus does.   Petitioner was acutely aware of the *allegations* of which the ALU seeks to make the Court aware as the prosecutor in both cases, and had the opportunity to submit them itself.  Petitioner, quite rightly, chose not to present those unsubstantiated and vigorously contested allegations as "evidence."

The ALU's exhibits are not evidence. They are hearsay allegations that have nothing to do with this case—nothing to do with whether Petitioner has carried its burden to demonstrate that an injunction is "just and proper" or supported by "reasonable cause."  The ALU's request should therefore be rejected.  But in the event the Court elects to consider them, due process requires that Amazon be granted an appropriate opportunity to respond to respond to the ALU's submissions.

Thank you for your consideration.


Respectfully submitted,

*/s/*

Christopher J. Murphy


cc: All counsel of record